FILED

2017 AUG 11   AM 10: 20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY LAW

1  Billie Rene' Frances Lillian Powers
   P.O. Box 1501
2  Newport Beach, California [92659]
   949-374-4052
3  *Plaintiff pro per*

4  The Wolf Firm, A Law Corporation
5  2955 Main Street, 2nd Floor
   Irvine, California 92614
6  Phone 949-720-9200
   Fax 949-608-0131
7  Kayo Manson-Tompkins, SBN 136476 &
   Parnaz Parto, SBN 276874.
8  *Attorneys for Defendants*,
   THE BANK OF NEW YORK MELLON, F/K/A
9  THE BANK OF NEW YORK, AS TRUSTEE,
   ON BEHALF OF THE HOLDERS OF
   THE ALTERNATIVE LOAN TRUST 2007-HY9,
10 MORTAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9

11

12        THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

13  Billie Rene' Frances Lillian Powers,    )  Case No. **SACV17-01386 JVS (KESx)**
                                            )
14        **Plaintiff**                     )     **VERIFIED CLAIM FOR DAMAGES:**
                                            )
15        vs.                               )  **1. BREACH OF CONTRACT;**
                                            )  **2. 18 USC 1028A/AGGRAVATED**
16  THE BANK OF NEW YORK MELLON             )  **IDENTITY THEFT;**
                                            )  **3. FEDERAL FAIR CREDIT REPORTING**
17  FKA THE BANK OF NEW YORK; THE           )  **ACT. (FCRA)**
                                            )  **4. FDCPA;**
18  BANK OF NEW YORK MELLON, F/K/A          )  **5. 28 U.S.C. § 1652;**
                                            )  **6. LANDLOCKED TITLE POLICY;**
19  THE BANK OF NEW YORK, AS                )  **7. LAW OF VOIDS;**
                                            )  **8. 15 U.S.C. §§ 1692e, 1692f. ;**
20  TRUSTEE, ON BEHALF OF THE               )  **9. RESCISSION BASED ON VIOLATION**
                                            )  **OF  SECTION 1632 OF CAL. CIVIL**
21  HOLDERS OF THE ALTERNATIVE              )  **CODE;**
                                            )  **10.  RESCISSION BASED ON FRAUD;**
22  LOAN TRUST 2007-HY9, MORTAGE            )  **11.  UNFAIR DEBT COLLECTION**
                                            )  **PRACTICES;**
23  PASS-THROUGH CERTIFICATES               )  **12. UNFAIR BUSINESS PRACTICES;**
                                            )  **13. BREACH OF FIDUCIARY DUTY;**
24  SERIES 2007-HY9; THE BANK OF NEW        )  **14. BREACH OF COVENANT OF GOOD**
                                               **FAITH AND FAIR DEALING;**
                                               **15. BREACH OF DUTIES UNDER 18 US**
                                               **CODE 4;**

- 1 -
VERIFIED CLAIM FOR DAMAGES

**YORK MELLON FKA THE BANK OF**

**NEW YORK, AS TRUSTEE, FOR THE**

**CERTIFICATE HOLDERS CWALT INC.,**

**ALTERNATIVE LOAN TRUST 2007-HY9**

**MORTGAGE PASS THROUGH**

**CERTIFICATES, SERIES 2007-HY9;**

**BANK OF AMERICA;**

**COMMONWEALTH LAND TITLE**

**INSURANCE; ALTERNATIVE LOAN**

**TRUST 2007-HY9; THE WOLF FIRM, A**

**LAW CORPORATION; QUALITY LOAN**

**SERVICING CORPORATION; SELECT**

**PORTFOLIO SERVICING INC.; Jon**

**Secrist**

**DOES 1-1000**

DEFENDANTS

_____

**16. 18 USC 241 & 242;**
**17. GRAND THEFT LARCENY;**
**18. CALIFORNIA HOME OWNER BILL OF RIGHTS (HOBR);**
**19. SLANDER OF TITLE;**
**20. TREBLE DAMAGES;**
**21. ATTORNEY FEES;**
**22. CANCELLATION OF TRUSTEES DEED UPON SALE;**
**23. NOTARY FRAUD;**
**24. CA PENAL CODE 115;**
**25. QUIET TITLE;**
**26. DECLATORY AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

**DATE:**
**TIME:**
**DEPT:**

**PLAINTIFF**, Powers, Billie Rene' Frances Lillian, (hereinafter known as **Claimant/libellant**,) allege as follows;

## PARTIES

**1.** At all times mentioned herein, Claimant/libellant was and is the woman domiciled on the land know as San Juan Capistrano Unincorporated, County of Orange, and the owner in possession of the

subject real property known as APN 125-120-27 and described as in the Unincorporated County of Orange, California state (hereinafter "SUBJECT PROPERTY")

Claimant/libellant is the Executrix, Heir Apparent and Sole Power of Attorney of the estate, dba BILLIE RENE POWERS.

**Claimant/libellant makes this claim and stands on her paperwork. Nothing may proceed without a jury of her peers present.**

2. At all times mentioned herein, defendant **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK :** A Financial institution in the State of NEW YORK. (Known herein after as BONYM) On July 1, 2007 The Bank of New York became known as THE BANK OF NEW YORK MELLON. BONYM is governed under the laws of New York and registered to do business in California, but GOVERNED under New York Law . California registered agent: C T CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017 ;  mailing address: 225 LIBERTY STREET
NEW YORK NY 10286

3. At all times mentioned herein, defendant, **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS CWALT INC., ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-HY9, a trust formed under NEW YORK TRUST LAW** (known herein after as CWALT 2007-HY9) Although not showing on the California Secretary of State records Claimant/libellant will serve BONYM at their California Registered Agent: C T

- 3 -
VERIFIED CLAIM FOR DAMAGES

CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017 ;  mailing

address: 225 LIBERTY STREET, NEW YORK, NY 10286

**4.** At all times mentioned herein, defendant **THE BANK OF  NEW YORK MELLON,F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9.** (known herein after as "BNY/CWALT FRAUDULENT TRUST NAME") Is a fraudulent name,  not the name associated in VOID assignment. As this name is a fraud upon the court Claimant/libellant is not sure of what address to use for service other than the attorneys claiming to be the attorneys of record,  THE WOLF FIRM,  A LAW CORPORATION. address: 2955 Main Street, 2n Floor, Irvine, CA 92614 phone: 949-720-9200 Fax: 949-608-0131. Kayo Manson-Tompkins, SBN 136476 & Parnaz Parto, SBN 276874.


**5.** At all times mentioned herein, defendant,  **BANK OF AMERICA, NA**:  An FDIC insured Banking corporation...(known herein after as BofA) California Registered Agent: C T CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017 ;  mailing address: 225 LIBERTY STREET, NEW YORK, NY 10286  with a mailing address of : 150 N COLLEGE ST, NC1-028-17-06, CHARLOTTE NC 28255


6. At all times mentioned herein, defendant,

**COMMONWEALTH LAND TITLE INSURANCE COMPANY:**

 Commonwealth Land Title Insurance Company. At the time of title issuance it was said to be a Richmond, Virginia based company and a member of the LandAmerica family of title insurance underwriters. California Registered Agent: C T CORPORATION SYSTEM 818 W 7TH ST STE

930, LOS ANGELES CA. 90017. California address of 3210 El Camino Real, Irvine California 92602

**7.** At all times mentioned herein, defendant, **ALTERNATIVE LOAN TRUST 2007-HY9:   c/o BONYM** California Registered Agent: C T CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017 ;  mailing address: 225 LIBERTY STREET, NEW YORK, NY 10286

A common law trust formed under the laws of the State of New York, not registered with the California Secretary of State.                Will serve BONYM at their California Registered Agent: C T CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017


**8.** At all times mentioned herein, defendant, **"MERS" Mortgage Electronic Registration Systems, Inc.:** Organized and existing under the laws of **Delaware** and as Beneficiary of the Security (only) (Security is the Deed of Trust)  and  at the time of alleged Deed of Trust recorded July 2, 2007, with an address of P.O. Box 2026, Flint Michigan 48501-2026. MERS organized and existing under the laws of Delaware has never been registered at the California Secretary of State. At all times the "MERS" is misrepresented as the trademark is missing. There is no Registered Agent of Service in California for **"MERS" Mortgage Electronic Registration Systems, Inc. out of Delaware, nor has there been.** MERSCORP HOLDING, INC. as the parent company will be served due to the fact there is no registered agent. Registered Agent for MERSCORP HOLDINGS INC is C T CORPORATION SYSTEM 818 W 7TH ST STE 930, LOS ANGELES CA. 90017. The information on National Headquarters states that MERS Mortgage Electronic Registration Systems, Inc. must be referred to by name properly, as such Claimant/libellant is confused as to who to really serve as there is no registered agent of service in California. The info given is to send to 1818 Liberty Street, Suite

300. Reston Virginia 20190. This is the same address for MERSCORP HOLDINGS INC, therefore they will be served at the address for their registered agent noted here above.

**9.** At all times mentioned herein, defendant, **THE WOLF FIRM, A LAW CORPORATION:** 2955 Main Street, 2n Floor, Irvine, CA 92614

phone: 949-720-9200 Fax: 949-608-0131. Kayo Manson-Tompkins, SBN 136476 & Parnaz Parto, SBN 276874. Have not proven standing or presented a Power of Attorney with any lawful contract for standing. Alleged Law Firm of record for unlawful detainer by fraudulent named Trust: THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9.

**10.** At all times mentioned herein, defendant, **QUALITY LOAN SERVICING CORPORATION (QLS): Between April 26, 2102 and May 9, 2016 QLS of California had no registered agent as required; agent for service is: BOUNLET LOUVAN 411 Ivy Street San Diego, California 92101 acting as foreclosure trustee hired by SELECT PORTFOLIO SERVICING, INC. (SEE EXHIBIT "59")** (Under California Corporate Code 1505, all business entities registered in California are required to maintain a registered agent for service of process.)

**11. SELECT PORTFOLIO SERVICING INC. alleged Mortgage Servicer for BONYM. and alleged Lender for insurance declaration.** California Registered Agent of Service: CSC Lawyers Incorporating Service 2710 Gateway Oaks Dr., Ste 150N Sacramento, CA 95833

**12. JON SECRIST: An individual residing in the County of Ventura California, Bank of America employee, as the notary on the VOID assignment dated on or about October 2010.** (He also filed a lawsuit against Bank of America NA regarding a claim for Assault Libel & Slander and more. in a case # CV-16-67-GW (JCx) known as: Jon Secrist vs. Bank of America NA et. al. The

original filing is not available and Claimant/libellant is not aware how the suit ended, but it seems to have ended quickly, in a few short weeks). Address for service; 12316 Willow Forrest Drive, Moorpark California, 93021. phone (805) 680-8144

---

## FACTS

**Claimant/libellant, as one with firsthand knowledge of these facts, claims in fact and as truth through years of unrebutted affidavits and notices, (recorded in county records and through certified/registered mailings and insurance claims) to Defendants, that the alleged contract uttered by the Defendants is VOID ab initio. A Void Assignment of Deed of Trust, a Forged Grant Deed are sufficient for finding in Claimant/libellants favor, and the numerous actions of fraud that pre/post date them create the extensive malicious damages against Claimant/libellant requiring remedy to be directed by this court to be given her.**

**Claimant/libellant makes this claim and stands on her paperwork. Nothing may proceed without a jury of her peers present in an equitable court.**

*Claimant/libellant has been forced into commercial intercourse and apologizes to the court for having to take it's time for this matter that would have ended years ago had there been any honor and remedy returned by Defendants as law requires...*

**1. FORGED GRANT DEED:**

On or about April 2017 Claimant/libellant entered into an offer to purchase the SUBJECT

PROPERTY it was accepted by the seller, ROGER DELONG (known hereinafter as "SELLER") and

on April 24, 2007 a Grant Deed was created and notarized on April 26, 2007, by Nancy Gaznon as

notary, granting title from SELLER to Billie Rene Powers as sole title holder.

**2. On or about June 1, 2007** the brother in law and sister of Claimant/libellant, Louis J. Hanson &

Jaqueline M. Hanson (known hereinafter as "Hansons", became co-borrowers, by way of Power of

Attorney issued to Billie Rene Powers to what all parties believed was a mortgage loan through

Countrywide Home Loans. The Grant Deed should have been done again and notarized again, but it

was not.

The recorded Grant Deed was created as a counterfeit document and the notary, Nancy Gaznon, gives

an affidavit verifying the document known as instrument #2007000417170 is a forgery. The forged

Grant Deed references two additional names, "Louis(e)" J. Hanson and Jaqueline M. Hanson.

Claimant/libellant gave notice of this fact to all Defendants. At no time have Defendants rebutted the

affidavits of this fact.

The California Department of Real Estate is clear on steps to follow when there is title fraud, as is the

Orange County Recorder, Claimant/libellant followed the directions. It took Claimant/libellant

months to get an accusation of crimes against her title to be entered into the Sheriffs files. Sheriff

report was given.

out of date sequence, though this information is key to

**3. VOID ASSIGNMENT OF DEED OF TRUST:**

On or about October 26, 2010 a void assignment of Deed of Trust was caused to be recorded by accommodation only. This assignment is 3 years past the cut-off date of the Pooling and Servicing Agreement (also known herein as the "PSA") and Prospectus requirements of the alleged Trust fraudulently attached to the estate. This document was post foreclosure actions already filed and rescinded without standing on a VOID contract. Assignment was proving void through a notary bond claim won on or about February 2013 by Claimant/. This trust is attached to Pooling and Servicing Agreement, "Prospectus Supplement" and as such required by PSA, and NEW YORK TRUST LAW, to be assigned to the said trust with a 90 day window. Final origination, cutoff date of July 1, 2007. The use of the date of autographing the alleged "Deed of Trust" is not the date it originated, the recordation date is the date of funding and the date of July 1, 2017 is an impossibility as to exist in any trust at cutoff date the origination would have had to be completed and funding done. In the Trust PSA and Prospectus all facts remain that the assignment cannot be created 3 years after the required timeframe. The closing date of the trust is also the startup date.

BNYM is the alleged trustee, or indenture trustee, for the trust corresponding to void Assignment of Deed of Trust residential mortgage-backed securitizations fail when not assigned in the demanded timeframe under NEW YORK TRUST LAW. The Trust name is invalid throughout for misrepresentation and fraud upon the court in an attempt to trick the readers into believing the names are one and the same, though they are not. "For Certificate Holders vs. On Behalf Of...

The use of this Trust name is a BREACH OF CONTRACT and a VOID of Contract.  SUBJECT PROPERTY did not close escrow until JULY 2, 2007, as such there is no authority or standing for this TRUST. The threats of foreclosure and retaliation by DEBT COLLECTORS prior to the VOID assignment done in 2010 are all done with unclean hands and other known, unknown criminal actions. Numerous NOD's and NOTS were threatened and rescinded prior to the VOID assignment.

all mentioned herein the documents are included and enjoined in the 1-1000 DOES. (An Affidavit and Ratification & Audit Of Records And Affidavit of Truth of records was done on or about March 2014, these document was given to the BONYM, all Defendants at that time and also throughout the last 3 plus years to include, CFPB, OCC, FTC, Treasury, FDIC, OIG, Orange County Recorder's Office, Board of Supervisors, County Counsel, DOJ, DOD, The Vatican, The Hague, other representatives and assigns.

"THE ESSENCE OF A TRUST IS NOT THE TRUST DOCUMENT. THE ESSENCE IS THE EXISTENCE OF TRUST PROPERTY."
Like legal standing, there must be some THING that is involved or the court has no jurisdiction. If you look up any source on the definition or elements of a legal trust, **there is no "Trust" if no THING (property) has been conveyed to the intended Trustee to hold in "Trust."** Without a THING, property in the Trust instrument is both nonexistent and irrelevant and does not create a legal "person" in any court in any state. Trusts of all types do not exist unless and until property is entrusted to the Trustee.

Out of Timeline sequence:

**4. LANDLOCKED TITLE POLICY:**

On or about 2012 Claimant/libellant came to know that there was an additional breach of contract as she bought her property without legal easement/access for ingress-egress through a public road, all entries are without easement of adjoining properties and have caused great harm to Claimant/libellant. Title insurance should not have been issued without this fact disclosed.

**Commonwealth Land Title Insurance Company**, through their assigns, **First National Fidelity** (known herein as FNF) hired legal counsel for Claimant/libellant to gain lawful access, but due to theft of title the case was closed. FNF would not represent the Claimant/libellant for the forged grant deed or void contract via void assignment, although Claimant/libellant gave proof the title policy must cover them. Claimant/libellant was told to hire counsel other than FNF for the forged grant deed and fraudulent assignment. The reason given is that FNF is not able to represent actions against

their own client. This fact gave Claimant/libellant knowledge that the forged grand deed and landlocked title policy are both a void of contract and breach of contract, fiduciary duties and fraud upon the file, making property unmarketable, more known and unknown creating void.

Out of timeline sequence:

## 5. CALIFORNIA DECLARATION OF COMPLIANCE:

There is a fraudulent California declaration of Compliance (CAL.CIV.CODE 2923.55(c), dated April 3, 2013, signed by a woman as document control officer, DENISE WESTON, of SELECT PORTFOLIO SERVICING, INC., claiming the SUBJECT PROPERTY is not lived on by owner, Claimant/libellant, stating no requirements to follow protocol for CAL.CIV.CODE 2923.55(c). This fact was/is disputed and made known to Defendants as false. Defendants uttered the same documents of fraud throughout the illegal foreclosure process, uttering false claims of contract. Defendants never made rebuttal of affidavits of facts given to Defendants by Claimant/libellant regarding Defendants false claims and VOID. Third party servicers and representatives lack sophisticated knowledge of the business records.

The alleged terms of the loan was a Conventional Uninsured NC ARM LIBR 5/1 EC 10y IO 525, with a 70/30 loan to value ratio, requiring $510,000.00 down into equity by Billie Rene Powers and Hanson's for a first of $1,190,000.00. A HELOC 2nd trust deed was used as 10% of the 70% down, $170,000.00, dated the day before the first and satisfied as agreed November 2017. This second trust deed by way of VOID is due Claimant/libellant in monetary damages. Claimant/libellant settled the Heloc in November of 2007, also settled a second TD by another firm for $400,000.00 dollars on or around 2012. Claimant/libellant has equity in excess of $1 million in EQUITY stolen by Defendants.

**6. On July 2, 2007** the alleged mortgage loan closed and was recorded.

**7. On July 10, 2007** a quit claim deed was issued to remove any interest in the property and give sole title to "RANCHO SONATA LLC", a California Corporation holding company with Billie Rene Powers owner.

**8. On or about January 2008 COUNTRYWIDE** representatives were contacted regarding problems with the alleged loan and were told to go 90 days late before any discussions of modification or issues related to the file to be considered. In March 2008 they issued a Notice of Default.

**9. On or about January 9 2009 BANK OF AMERICA** reported the alleged mortgage as paid The information on the credit reports were to fall off in March of 2015. Credit report was disputed for fraud, non lender, regarding Select Portfolio Servicing, inc. it was removed from the credit report. In 2010 Claimant/libellant contacted Bank of America to verify their lack of standing to foreclose and was told they had no standing and would not be pursuing one further.

Last payment under duress paid by Claimant/libellant on or about November 2008. Time barring any debt collections on merit of fact though contract is VOID ab initio. Bank of America represented this obligation unforeclosable. Claimant/libellant gave time barred claim to Defendants for their unsecured false claims.

**10. On or about the Spring of 2008- 2010**, numerous foreclosure documents were issued against the "SUBJECT PROPERTY", then rescinded. These documents all create damages due to the attempts to foreclose without any assignment of deed of trust in record, at that time a breach of contract was created and as a VOID contract no standing existed, evidenced by the bank in 2010.

Repeated for timeline:

**11. On or about October 26, 2010 a void assignment of Deed of Trust** was caused to be recorded by accommodation only. See Fact #3. **VOID ASSIGNMENT OF DEED OF TRUST**

**12. On or about April 2012 Select Portfolio Servicing Inc.** came into the picture and began sending notices of payments due to them allegedly by Claimant/libellant. Requests for verification of standing to collect were demanded, numerous QWR's sent and twice in office meetings were set to view the alleged original documents were attended with no documents presented. The Defendants did not prove any standing and as all documents created by this action of alleged transfer are mute due to VOID. The PSA for the Trust uttered on documents is clear regarding default loans inside the pools, they cannot transfer or sell when in default. In this case, was there a default?

Claimant/libellant claims there is/was no default as Servicers continued to pay the fictitious obligation and billed monthly to include those amounts, building fees and escrows as owed when in fact Claimant/libellant never entered into any contract with Defendants related to paying any alleged obligations for her. As this is fact how can any default of the uttered obligation be valid?

Claimant/libellant alleges these false claims of default to be fraud upon the court. **Claimant/libellant deems all credits/payments issued to any entity on her behalf must be returned in TREBLE damages.**

**13. On or about 2012 Claimant/libellant** issues a RESCISSION OF DEED OF TRUST and gave notice to Defendants of lawful reason and procedure.

**14. On or about 2012 the Bureau of Land Management** (known herein after as "BLM") put the SUBJECT PROPERTY into a conservancy due to a weed. There was no notice of this action given to the Claimant/libellant and she is unsure as to how much this was used in the backside deals with Defendants, or how it affects their illegal actions. Claimant/libellant did not become aware of this fact until 2015. On or about September 2016 claimant was told that the SUBJECT PROPERTY was a "ghost property" under the guise of the government sites by an anonymous source. This is something that Claimant/libellant will want further disclosure of through trial. Is the BLM also involved in these illegal actions as a DOE?

Repeated for timeline:

**15. On or about 2012 Claimant/libellant found** that there was an additional breach of contract as she bought her property without legal easement/access for ingress-egress. Title insurance should not have been issued without this fact disclosed. **Commonwealth Land Title Insurance Company**, through their assigns, **First National Fidelity** (known herein as FNF) hired legal counsel for Claimant/libellant to gain lawful access, but due to theft of title the case was closed.

Claimant/libellant was told to hire counsel other than FNF. The reason given is that FNF is not able to represent actions against their own client. This fact gave Claimant/libellant knowledge that the forged grand deed and landlocked title policy are both a void of contract and breach of contract,

fiduciary duties and fraud upon the file, making property unmarketable, more known and unknown creating void.

**16. On or about October 2013 Claimant/libellant became aware of a taking of some of the SUBJECT PROPERTY by the County of Orange California.** It was found that the property was taken without a variance in 2009, and without the knowledge of Claimant/libellant and as such created cloud on the title and false claims by the county. Claimant/libellant found the property description was no longer known as agriculture. Claimant/libellant met with the county land division, permits Ron Tippets, with another friend unnamed at this time but available as witness, and was assured had she not caught this that it would have gone as a prescriptive easement in 2016. The county mapping employee/supervisor, William Ngyuen, assisted Claimant/libellant at the county level. The survey department was also met with, the head of the department Anna, gave Claimant/libellant evidence of moved property markers and fraud upon the records by a surveyor named DAN GARCIA. **DAN GARCIA** moved markers, which was reported to the attorneys of "FNF" due to title insurance believed by Claimant/libellant to be accountable. The taking of land was directly over the SUBJECT PROPERTY'S water (well) source and in relation to a possible utility easement for a neighboring development. Claimant filed a Notice of Default against Orange County known as # 2015000373167 in Orange County, California state on July 17, 2015. Claimant/libellant also sought an insurance claim to settle this matter and the county has yet to settle this default continuing to tell Claimant/libellant she must redo the claim, though never offering what she had to redo. (On or about this time Claimant/libellants animals began mysteriously dying, her chickens were found in a circle and one with its leg ripped off, taken as a threat by Claimant/libellant and she feared further harm, having notified Sheriff Sandra Hutchens, among other Offices/departments.

Claimant/libellant believes Defendants may have been involved in the poisoning or killing of many of her animals.)

**17. On or about March 2013 Claimant/libellant** was part of a group of homeowners who had their cases sent to the California Attorney General's office, AG KAMALA HARRIS, for a full investigation. The group of homeowners were named "THE CALIFORNIA 18". These homeowners uncovered mass fraud upon the court and reasons for "law of void" to be the foundation for ending all the illegal foreclosures.

**18. On or about July 2013 a third party authorized went to SELECT PORTFOLIO SERVICING INC offices in Utah to view what was alleged to be the original wet ink signature. They were not produced.  QWR's and DEBT VALIDATIONS WENT UNANSWERED.**

**18. On or about January 2014 Claimant/libellant was given evidence of further fraud upon the title** committed by the Cell Tower Company, CROWN CASTLE COMMUNICATIONS, on the SUBJECT PROPERTY. A fraudulent contract for easement was recorded in May 2007. The document/contract was recorded in the Los Angeles County Land Records, hidden from knowledge of the Title Company and Claimant/libellant. This is the timeframe, April - June 2007 while Claimant/libellant and "SELLER" were in active escrow. This is evidence of Claimant/libellants VERIFIED CLAIM FOR DAMAGES. The document was recorded in the Los Angeles County Land Records, hidden from knowledge of the Title Company and Claimant/libellant. COMMONWEALTH LAND TITLE INSURANCE, through their counsel, MATT SEMPLE of "FNF" refused to represent this claim in full as title insurance required.

**19. On or about February 2014 Quality Loan Servicing Corporation entered the picture as alleged Trustee** for foreclosure and participated in fraudulent documents to be recorded in multiple counties, Orange County and Riverside County California with false claims.

**20. On or about March 2014 an Audit and Reconciliation of Records was created**. It, and Claimant/libellants proof of identity theft were attempted to be recorded by Claimant/libellant. She was refused the recording and was attacked in the land records office by members of the "ORANGE COUNTY SHERIFFS SECURITY BUREAU" as she sought a Sheriff's report for the recordation and other crimes against "SUBJECT PROPERTY". Claimant/libellant asserts that though the recorder employee, Rosa, would not stamp it as recorded, she copied it and as such it is accepted in the record. She had another employee issue a refusal to record.

**21. On or about July 2014 Bank of America representative, Mr. Loras,** told Charles Koppa-Title Expert, a third party calling on behalf of Claimant/libellant, she was on the phone listening to the call, that there should have been a satisfaction of mortgage filed by Bank of America. Another "private party" was also on the call. The call is recorded and available for playing upon trial as needed. The representative further told Charles Koppa to contact the department of records in Bank of America to request a copy of the Satisfaction of Mortgage for filing into the land records. The call was made to the records department, emails too and Bank of America refused the document. An ASR400 Report was explained as evidence the alleged lien was paid. It also reflects false statements. Bank of America reported the account satisfied as of January 2009.

**22. On or about November 2014 Claimant/libellant, as Creditor, caused a new Deed of Trust to be recorded against SUBJECT PROPERTY.** A UCC-1 Filing is attached to the filing known as #2014000511460, recorded in the county of Orange California state land records on November 26, 2014. Filing includes affidavits of facts.

**23. On or about November 2014 a Sheriff's report was taken by the Orange County Sheriffs, case # DR14-222674.** Claimant/libellant was not able to obtain investigation information. Claimant/libellant called the county to inquire and was told the investigator retired, they had no idea if it had been referred to the District Attorney, though it was believed it had been. The case was never equitably finalized for Claimant/libellant to be protected and given remedy as Law of Void requires.

**24. On or about April 2015 Claimant/libellant caused a legal publication to run for 3 weeks.** This legal notice was sent to Defendants.

**25. On or about 2015 Claimant/libellant gave notice to the County Tax Assessors Office of removal of address.** Although notice had been previously given Claimant/libellant went into the office and filled out documents to show removal of Situs. At that same time she gave notice not to allow SPS to pay the property taxes and the clerk at the Tax Assessors entered the information into the notes of the account. Any alleged obligation paid by anyone else is still for the benefit of the alleged obligor, as such Claimant/libellant was adamant with the Department of Tax Assessors that the property taxes paid on her behalf do not give anyone paying them the authority to control her estate. The Department head, Patricia, agreed with Claimant/libellant.

**26. On or about July 2015 a "Notice of Default"** was caused to be filed by Claimant/libellant known as instrument #2015000362976, in the County of Orange, California state. This Notice of Default is against the Defendants as BONYM et al. This notice of default is in affidavit form and never rebutted by Defendants. This was issued for damages through Defendants failing to stop false claims and fraudulent collections. All parties were notified and sent the information. On August 13, 2015 a UCC 1 was filed against the Defendants to secure the Notice of Default as they defaulted, did not respond.

**27. On or about July 2015 a Notice of Default was filed against CROWN CASTLE COMMUNICATIONS.** This was sent to parties and without answer of rebuttal. Recording #2015000362975, in the County of Orange, California state.

**28. On or about September 2014 and in October 2013, December 2013 Notice of Defaults were filed by DEBT COLLECTORS,,.** into the county of Orange California against the SUBJECT PROPERTY. The employee Daisy Rios signed the Notice of Trustee sale #2015000499008 recorded on 9/30/2015. Claimant/libellant gave immediate notice to CEASE AND DESIST and false claims seeking proof of claim by DEBT COLLECTORS, giving affidavits of facts not rebutted stand as fact. A Waiver of Tort was issued to Heather and Renee at NATIONWIDE POSTING & PUBLICATIONS, a company not registered in California to do business.

Repeated for timeline:

**29. There is a fraudulent California declaration of Compliance (CAL.CIV.CODE 2923.55(c), dated April 3, 2013,** signed by a woman as document control officer, DENISE WESTON, of

SELECT PORTFOLIO SERVICING, INC., claiming the SUBJECT PROPERTY is not lived on by owner, Claimant/libellant, stating no requirements to follow protocol for CAL.CIV.CODE 2923.55(c). This fact was/is disputed and made known to Defendants as false. Defendants uttered the same documents of fraud throughout the illegal foreclosure process, uttering false claims of contract. Defendants never made rebuttal of affidavits of facts given to Defendants by Claimant/libellant regarding Defendants false claims and VOID.

**30. On or about October 7, 2015** the SUBJECT PROPERTY was illegally swat teamed by the Orange County Sheriff's department. At that time the officer in charge claimed to have seen that the property was already foreclosed upon and owned by the bank. There was no warrant and no warning and the Sheriffs had this militarized action listed as a "keeping the peace call" in order to bring a "phone company" employee onto the SUBJECT PROPERTY. The team was large, militarized and included a helicopter that a deputy shouted orders from to the neighborhood. Claimant/libellant made claims to the county and it was never finalized or accounted for to Claimant/libellant. The easement Claimant/libellant is being forced to give entry too is not owned by Claimant/libellant and the Sheriff's swat team and parties they brought upon the property committed criminal trespass. The electric lines were also unlawfully cut. This relates to the fraudulent contract secretly recorded in May 2007 by "CROWN CASTLE" in Los Angeles California while SUBJECT PROPERTY was in escrow.

**31. On November 17, 2015 at an Orange County Board of Supervisors meeting the chair TODD SPITZER gave a promise of investigation** into the Claimant/libellants accusations and evidence of fraud upon the SUBJECT PROPERTY. Claims involved fraudulently recorded

documents and VOID contract. (This meeting is archived in the county records of Board of

Supervisors Meeting)  Claimant/libellant accepted the Oaths of Office and Bonds of all board

memebers present and Todd Spitzer contracted to have an investigation, naming MEGAN WAGNER

of the OCDA REAL ESTATE FRAUD DIVISION, giving county counsel the directive to make sure

the case was given the full attention needed. The District Attorney Real Estate Fraud Division, and

District Attorney Tony Rackauckas (all known herein as "DOES" and "DEBT COLLECTORS" all

enjoined in ignoring the crimes and not investigating.


**32. On or about February 2016 Claimant/libellant continued to seek remedy without a court**

**action.** She had a third party representative attend an in office meeting with Select Portfolio

Servicing Inc. representatives, this was a meeting to produce what they claimed was the "original wet

ink signature note". The "note" was not produced and upon that happening the SPS attorney "Scott

Hansen" told the third party representative to have the Claimant/libellant have her counsel contact

him for settlement. Claimant/libellant opened escrow with SELECT PORTFOLIO SERVICING INC.

(SPS) as the additional parties to the escrow for settlement. The escrow was opened to give witness to

the action of settling, and any negotiation of final settlement, the alleged debt collection as approved

and suggested by SPS attorney Scott Hanson.  Scott Hanson said to have Claimant/libellants counsel

contact him for further settlement, Claimant/libellant sought counsel of escrow and found that to be a

less intrusive or expensive means to settle the Notice of Default and false claims of

Defendants/DEBT COLLECTORS. SPS, Scott Hanson, ignored the escrow and continued with false

claims and illegal foreclosure. This escrow was noticed to other agencies and authorities and believed

by Claimant/libellant to be a good way to hold all fiduciary duties responsible to honorable dealings.

**33. On or about June 3, 2016 Claimant/libellant wrote a handwritten letter** to the Department of Justice regarding the BANK OF NEW YORK TRUST COMPANY and it's employee Michael Costello

**34. On August 8, 2016 a fraudulent credit bid** was created through a fraudulent foreclosure sale. There were no true bidders at sale and the Defendant, DEBT COLLECTOR recognized as a DOE herein as "NATIONWIDE POSTING & PUBLICATION" is a suspended California company that is a subsidiary of another Defendant, DEBT COLLECTOR, named herein as a DOE, FIRST AMERICAN TITLE COMPANY. The notice of Sale was done by accommodation only and through false name, fraud upon the court as "BNY/CWALT FRAUDULENT TRUST NAME". The Notice alleges that Quality Loan Servicing as Foreclosing Trustee is granting the Deed to BONYM, how is that possible? The Foreclosing Trustee then states they are the beneficiary? As the Foreclosing Trustee they are the Beneficiary too? VOID. Be it known that the property tax bill was sent to Claimant/libellant on or about September 23, 2016, evidencing there was no recording done as required on or before 15 days after the sale.

*The Trustee Sale document states it is selling a [alleged] lien and not the property, yet Defendants caused to be recorded the documents falsely into the land records against the SUBJECT PROPERTY and are threatening to take the property through illegal eviction. Defendants have also caused documents to be recorded into adjoining counties, also unrebutted fact. This is a criminal action. Taking that which you have no right to take is a felony, grand theft.*

*NOTICE SAYS:*
*" If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself."*

*(the credit bid on SUBJECT PROPERTY constitutes grand theft, slander of title and more. The document must give notice of what the lien is, who is to be paid, address of alleged parties to the lien and yet the document is void of this information. Although it is an unrecordable document the county recorders continue to record them without returning to the parties attempting to record), notice to Orange County District Attorney Tony Rackauckas,*

*Their Phantom Investment lien, "sold" by a "Foreclosing Trustee" without Standing or Personal Interest, cannot make Claimant/libellant a TENANT to an unknown, empty Wall Street Investment TRUST. A "Financial Trustee" was unidentified in the Original Deed of Trust/Note confirming so where is the confirmation of obligation to an alleged Trust, one that has already shown no assignment taken for Claimant/libellants SUBJECT PROPERTY.*

**35. NOTICE OF TRUSTEE DEED UPON SALE**:

On or about August 16, 2016 an ACCOMMODATION ONLY of NOTICE OF TRUTEES DEED UPON SALE was allegedly placed into the county records. Claimant/libellant alleges that this document was not put into the record on that date and gave notice to the District Attorney of the fact she had received her property tax bill in October 2016, questioning the title slander. (SEE EXHIBIT "48"). per Notice of Trustee Sale statement of bidding only on a lien, this taking of title is grand theft, slander of title and more.

*"This Document has been recorded as an Accommodation only, it has not be reviewed as to its accuracy or its effect on title."*

**Accommodation Recording**
The recording of documents with the county recorder by a submitter, without liability (no insurance) on the part of the company, but merely as a convenience to a customer. These documents cannot be assumed or presumed as true.

**36. On and about October 2015** through August 2016 Claimant/libellant issued notices of CEASE AND DESIST to all debt collectors and parties known, unknown. She further issued cease and desist in 2017 upon false claims of unlawful detainer.

**37. On or about November 2014** Claimant/libellant was forced to separate from the name BILLIE RENE POWERS and correct her status as the woman and given name known as Billie Rene' Frances Lillian Powers. This was done in what Claimant/libellant was taught would protect the estate from

further pirating and Claimant/libellant from further abuses, harassment, false claims, trespass, identity theft and further of pirating of her estate. It was also done as Claimant/libellant learned that her autograph on all the documents was used as collateral to access credits that she was not aware existed at the time through the Fed window. Her autograph is the collateral not the SUBJECT PROPERTY. Discovery of all transactions of all books held by Defendants will prove that there was no mortgage, only book entries and credit swaps using identity theft and fraud upon the court and the Treasury of the United States. Discovery will further prove insurance payments and bailout funds were fraudulently gained by Defendants and that the alleged Trusts do not exist but on paper. All Defendants have violated **15 USC 1&2** to the fullest extent, uttered false claims and now through illegal trustee sale have stolen title by GRAND LARCENY among other criminal acts known and unknown by Claimant/libellant and none unknown may be removed from accountability just because Claimant/libellant is not a sophisticated legal expert of law.

*"Claimant/libellant seeks assistance by those who have the duty to stop crimes and prosecute the criminals, Claimant/libellant brings forth these claims as to hold those who have committed the false claims against the estate of Claimant/libellant to be held to the law by those who have the duty to uphold it. Claimant/libellant seeks the honorable court's findings of crimes by Defendants seen herein to be referred to the District Attorney all other departments of justice that are applicable for indictments and prosecution as required."*

**Claimant/libellant asserts the fact that the Statutes of Limitations have continued to toll as the fraudulent documents continue to be uttered and as the Law of Void requires damages. As of this day the uttering of false claims in use of documents, and others maybe unknown to Claimant/libellant, within the estate of this SUBJECT PROPERTY continue.**

**38. On or about August 2016 - January 2017, not to exclude all done prior to those dates,** Claimant/libellant issued notice of crimes committed to Sheriff Sandra Hutchens, District Attorney Tony Rackauckas, Board of Supervisors Todd Spitzer and Supervisor Lisa Bartlett, among others known and unknown. Claimant/libellant begged Sheriff Hutchens to protect her and she was refused meetings and protection.

**39. On or about January 8 2017** a real estate company committed trespass and harassment of Claimant/libellant, Claimant/libellant issued a cease and desist.

**40. On or about June 8, 2017** a document was taped to a Riverside gate on the other side of Claimant/libellants property. On or about this time THE WOLF FIRM allegedly began false claims of eviction against the SUBJECT PROPERTY. Claimant/libellant gave notice to THE WOLF LAW FIRM, among others, of the false claims and to CEASE AND DESIST any further actions, it was also noticed to THE WOLF FIRM that the name being used as the "BNY/CWALT FRAUDULENT TRUST NAME" was being uttered under fraud and has no affiliation whatsoever with the SUBJECT PROPERTY or Claimant/libellant. Claimant/libellant assumes and presumes under law that the Unlawful Detainer (UD) action is mute and this action cannot be heard inside a UD action as there MUST be duly perfected title and standing for such, neither of which any Defendants legally, or lawfully, have. Claimant/libellant was never served and gave correct address and sought to have proof of who Wolf Law Firm actually was as the name alleging as lender does not exist. The Wolf Law Firm was sending mail to a non existent address and did not respond.

*Claimant/libellant asserts that information contained are in FACT without rebuttal and Claimant/libellant has hundreds of pages further that may be produced as needed, further she asserts that her case has been claimed in honor and without rebuttal by Defendants, no rebuttal may now be heard or written.*

---

LEGAL  ARGUMENT

*"Claimant/libellant seeks monetary damages, punitive damages and remedy offered her to the fullest extent of the law, return of title free of clouds and no further trespass by Defendants. Claimant/libellant does not have the authority to prosecute for these crimes, though prays the claims herein will be fully investigated by the District Attorney, Securities and Exchange Commission and other Offices/Departments that have the authority to do so and they must understand their duties and seek indictments against the Defendants"*

**1. 2008 Bank Bail Out** paid off all outstanding alleged mortgages within these VOID tranches.

## 2. Delaware Supreme Court rules Holder must prove it owns Note: Shrewsbury v. The Bank of NY Mellon: (see Deed of Trust (See EXHIBIT "16") under the MERS definition as it clearly states: "ORGANIZED AND EXISTING UNDER THE LAWS OF DELAWARE."

No. 306, 2016 (Del. Apr. 17, 2017), the Delaware Supreme Court ruled that a mortgage assignee must be entitled to enforce the underlying obligation that the mortgage secures in order to foreclose on the mortgage.
The decision enforces that the mortgage holder in a foreclosure action must also prove that it owns the underlying note. The majority opinion held that best practice for plaintiff's counsel in a foreclosure action where a mortgage has been assigned would be to include an averment that the note, as well as the mortgage, was assigned to the plaintiff.

Miami judgment clear on Trust Law.

**HSBC v Buset, Case # 12-38811 CA 01 Decided 4/26/16 Hon Beatrice Butchko** : 'This Court finds the AOM [assignment of mortgage] created in 2012 does not document a transaction that occurred in 2005, as Plaintiff suggests. The transaction described in the AOM never legally occurred. *There was never a transaction between MERS and/or Freemont Investment and Loan that sold Defendant's loan directly to the Trust. Not in 2012, not in 2005, not ever.' (e.s.)*

Claimant/libellant has proven without a doubt that the alleged assignment to the Trust uttered never happened, that the documents used to create the allusion were by accommodation only and VOID ab initio, and she has proven that she is the only party with secured possession, equity, title and standing to the SUBJECT PROPERTY.

**3. MERSCORP: of Mortgage Electronics Registration Systems INC. (MERS) VOID assignment created in 2010, Deed of Trust recorded July 2, 2007. There is no Secretary of State Filing for Mortgage Electronic Registration System, MERS, originated out of Delaware and existing under the laws of Delaware registered in California, all shadow names to appear as such originate under California and Nevada, never under Delaware as explained in the (void) Deed of Trust. (See EXHIBIT "53").** Per MERSCORPS own outlines - these alleged loans, contracts, nod's etc. are all generated "through" the MERS "system" and NEVER designed to hold the note - meaning game over. MERS is the trademark system under MERSCORP of Delaware. MERS claims to only be the beneficiary of the Security interest and as such note/deed of trust are separated at beginning, VOID ab initio. MERSCORP's rules of membership (2009), which Robert M. Janes' "SHELLGAME MERS, Contrived Confusion" spells out in detail, indicates that MERS has no

members and the contractual rights given to the so-called "members" are in conjunction with MERSCORP Holdings, Inc., who can choose to ignore MERSCORP rules anytime they wish.

**March 2015 MERS Litigation -- Brief Of Amicus Curiae The Legal Services Center of Harvard Law School And Law Professors in Support of The Appellee, Montgomery County, Pennsylvania, Recorder Of Deeds, No. 14-4315**

**From the Harvard Amicus Brief:** "MERS is recorded as the mortgage holder in traditional county records, as a "nominee" for the holder of the mortgage note. Meanwhile, the promissory note Case: 14-4315 Document: 003111912092 Page: 10 Date Filed: 03/23/2015 3 secured by the mortgage is pooled, securitized, and transferred multiple times, but MERS does not require that its members enter these transfers into its database. MERS is a system that is "grafted" onto the traditional recording system and could not exist without it, but it usurps the function of county recorders and eviscerates the system recorders are charged with maintaining."

*4. "CA SUPREME COURT UNANIMOUSLY HOLDS THAT A MORTGAGE LOAN BORROWER HAS STANDING TO SUE FOR WRONGFUL FORECLOSURE DUE TO ALLEGEDLY VOID ASSIGNMENTS"* the California Supreme Court supported Glaski *and issued a narrow holding that, post-foreclosure, borrowers have standing to assert wrongful foreclosure based on allegations that an underlying assignment is void.*

*5. Tsvetana Yvanova v. New Century Mortgage Corp. et al.,* **Case No. S218973 (Cal. Feb. 18, 2016)** The court reasoned that the foreclosure itself is sufficient prejudice for standing purposes. (See EXHIBIT "54")

**6. SALDIVAR VS. CHASE et. al.**

***Texas USBC: Order DENYING M-T-D . . . Debtor's Objections to Creditor's Standing – JP MORGAN CHASE whipped by SECURITIZATION FAIL***

This case validates and necessitates the assignment of Deed of Trust must meet the burden of NEW YORK TRUST LAW or the contract is VOID, not voidable but VOID.

..."**Under New York Estates Powers and Trusts Law § 7-2.1(c),** property must be registered in the name of the trustee for a particular trust in order for transfer to the trustee to be effective.

... Based on the Erobobo decision and the plain language of N.Y. Est. Powers & Trusts Law § 7-2.4, the Court finds that under New York law, assignment of the Saldivars' Note after the start up day is void ab initio. As such, none of the Saldivars' claims will be dismissed for lack of standing."

Under 28 U.S.C. § 1652, this Court has the duty to apply New York law in accordance with the controlling decision of the highest state court. Royal Bank of Canada v. Trentham Corp., 665 F.2d 515, 516 (5th Cir. 1981). While the Court finds no applicable New York Court of Appeals decision, a recent New York Supreme Court decision is factually similar to the case before the Court. See Wells Fargo Bank, N.A. v. Erobobo, et al., 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013). In Erobobo, defendants argued that plaintiff (a REMIC trust) was not the owner of the note because plaintiff obtained the note and mortgage after the trust had closed in violation of the terms of the PSA governing the trust, rendering plaintiff's acquisition of the note void. Id. at *2. The Erobobo court held that under § 7-2.4, any conveyance in contravention of the PSA is void; this meant that acceptance of the note and mortgage by the trustee after the date the trust closed rendered the transfer void. Id. at 8.

**Claimant/libellant asserts that her claims cannot be dismissed for lack of standing as she has proven in fact and truth there is no assignment as Defendants claim use of for their dastardly deeds of fraud.**

**7. AMICUS BRIEF BY CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS IN SUPPORT OF YVANOVA.**

**8. OATHS UNDER PENALTY OF PERJURY:**

Cal. Civ. Proc. Code §2015.5. Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. The certification or declaration may be in substantially the following form:

(a) If executed within this state:

"I certify (or declare) under penalty of perjury that the foregoing is true and correct":

_____ _____
(Date and Place)(Signature)

(b) If executed at any place, within or without this state:

"I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct":

_____ _____
(Date)(Signature)

*(Amended by Stats. 1980, Ch. 889, Sec. 1. Operative July 1, 1981, by Sec. 6 of Ch. 889.)* [A Process server takes an oath to the truth of their service and when it can be proven there is perjury the service is void.]

**9. BREACHES OF REPRESENTATIONS AND WARRANTIESS:**

*A representation* is a statement of fact that induces a party to enter into the contract. The statement, made before or at the time of making the contract, regards a past fact or existing circumstance related to the contract which influences such party to enter the contract.

Upon a *false representation (or misrepresentation)*, however, the defrauded party may elect to void the entire contract, and recover any sums paid. When a *breach of warranty* occurs, the damages recoverable are the difference in the value as warranted (*i.e.,* how they should have been) and the value as received. This is because "representations" should be statements made by a party after investigation and with a belief that such statements are true.

**10. CALIFORNIA CIVIL CODE - CIV DIVISION 4. GENERAL PROVISIONS [3274 - 9566]** *( Heading of Division 4 amended by Stats. 1988, Ch. 160, Sec. 16. )* **PART 1. RELIEF [3274 - 3428]**(*Part 1 enacted 1872. )* **TITLE 2. COMPENSATORY RELIEF [3281 - 3360** *( Title 2 enacted 1872. )* **CHAPTER 2. Measure of Damages [[3300.] - 3360]** *( Chapter 2 enacted 1872. )* **ARTICLE 1. Damages for Breach of Contract [[3300.] - 3322]** *( Article 1 enacted 1872. )*

**11. CA PENAL CODE SECTION 115(a):** It is a felony to knowingly file a forged or false document with any public office. Defendants knowingly filed false and erroneous documents with the court, has a pattern of filing fraudulent documents uttering false claims.

**12. LAW OF VOIDS: VOID = DAMAGES**

California
Motions to vacate void judgments may be made at any time after judgment. {County of Ventura v. Tillett,
supra, 133 Cal. App. 3d 105, 110.).

A judgment is void on its face if the trial court exceeded its jurisdiction by granting relief that it had no power to grant. Jurisdiction cannot be conferred on a trial court by the consent of the parties.

{Summers v. Superior Court (1959) 53 Cal. 2d 295, 298 [1 Cal. Rptr. 324, 347 P.2d 668]; Roberts v. Roberts (1966) 241 Cal. App. 2d 93, 101 [50 Cal. Rptr. 408].)

The court may ... on motion of either party after notice to the other party, set aside any void judgment or order.' (For a discussion of the 1933 amendments to section 473 see Estate of Estrem, 16 Cal. 2d 563, 572 [107].

"Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud. [Citations.]" (7 Within, Cal. Procedure, supra.

Judgment, § 286, p. 828.).

Section 437, subdivision (d) of U.S. Code, provides that a court, on noticed motion, may set aside void judgments and orders. Courts also have inherent power to set aside a void judgment. {Reid v. Baiter (1 993) 1 4 Cal.App.4th 1 1 86, 1 1 94.)

It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order. [Citations.]' [Citations.]"  (Ibid; accord Plotitsa

V. Superior Court {^983) 140 Cal.App.3d 755, 761

"[A] court may set aside a void order at any time. An appeal will not prevent the court from at any time lopping off what has been termed a dead limb on the judicial tree -- a void order." {MacMillan Petroleum Corp. V. Griffin (1950) 99 Cal. App. 2d 523, 533 [222 P.2d 69]; accord: People v. West Coast Shows, Inc. (1970) 10 Cal. App. 3d 462, 467 [89 Cal. Rptr. 290]; Svistunoff v. Svistunoff {^52) 108 Cal. App. 2d 638, 641-642 [239 P.2d 650]; and see: 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal. § 7, pp. 4024-4025.)

A "final" but void order can have no preclusive effect. "'A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' [Citation.]" ( Bennett v. Wilson (1898) 122 Cal. 509, 513-514 [55 P. 390].) (Ibid

"Motions to vacate void Judgments may be made at any time after judgment." {County of Ventura v. Tillett, supra, 133 Cal. App. 3d 105, 110.)

"A judgment is void on its face if the trial court exceeded its jurisdiction by granting relief that it had no power to grant. Jurisdiction cannot be conferred on a trial court by the consent of the parties. "(Summers v. Superior Court 53 Cal. 2d 295, 298 [1 Cal. Rptr. 324, 347 P.2d 668]; Roberts v. Roberts (1966) 241 Cal. App. 2d 93, 101 [50 Cal. Rptr. 408].)

"Thus, the fact that a judgment is entered pursuant to stipulation does not insulate the judgment from attack on the ground that it is void." In People v. One 1941 Chrysler Sedan (1947) 81 Cal. App. 2d 18, 21- 22 [183 P.2d 368]

"Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud." (7 Witkin, Cal. Procedure, supra. Judgment, § 286, p. 828.). Section 437, subdivision (d), provides that a court, on noticed motion, may set aside void judgments and orders. Courts also have inherent power to set aside a void judgment. (Reid v. Sa/fer (1993) 14 Cal.App.4th 1186, 1194.).

"It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order." (Ibid; accord Plotitsa v. Superior Court (1983) 140 Cal.App.3d 755, 761

"[A] court may set aside a void order at any time. An appeal will not prevent the court from at any time lopping off what has been termed a dead limb on the judicial tree - a void order." {MacMillan Petroleum Corp. v. Griffin (1950) 99 Cal. App. 2d 523, 533 [222 P.2d 69]; accord: People v. West Coast Shows, Inc. (1970) 10 Cal. App. 3d 462, 467 [89 Cal. Rptr. 290]; Svistunoff v. Svistunoff (^ 952) 108 Cal. App. 2d 638, 641-642 [239 P.2d 650]; and see: 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 7, pp. 4024-4025.)

Time limitation does not apply where the judgment is based on a fraudulent return. ( Washko v. Stewart, supra, p. 318; Richert v. Benson Lbr. Co., supra, p. 677.).

It is true that the statute of limitations does not apply to a suit in equity to vacate a void judgment. [Cadenasso v. Bank of Italy, supra, p. 569; Estate of Pusey, 180 Cal. 368, 374 [181 P. 648].) This rule holds as to all void judgments, in two other cases, People v. Massengale and In re Sandel, the courts hearing the respective appeals confirmed the judicial power and responsibility to correct void judgments

- 33 -

(in excess of jurisdiction).

**13. FAIR DEBT COLLECTION PRACTICES-15 U.S.C. §§ 1692e, 1692f:**

The Fair Debt Collection Practices Act (FDCPA) prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt" and prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. ( **Time Barred** claims have been made and in fact all alleged debts by the Defendants are time barred) The FDCPA has been violated.

**Ariz. Rev. Stat. § 33-420 and** (led by U. S. Senior Judge James Teilborg, Arizona) A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner . . . of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

**14. GRAND THEFT:**

Theft is the unlawful taking of another's property, without their consent, with the intent to steal that property. The laws in California make a distinction between petty theft and grand theft.

> **CA Penal Code 489(b) -** felony (Grand Theft and grounds for) Pro Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal. App. 4th 579, 583 (2009) ("The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary.") A true trustee must provide for protection to both the homeowner and alleging foreclosing lender, it cannot be a bias party as a debt collector making a financial gain off of the action.

- 34 -
VERIFIED CLAIM FOR DAMAGES

The law on grand theft is codified in **California Penal Code Section 487**.

Depending on what is stolen and the circumstances surrounding the act, grand theft carries sentences that include both fines and jail time. Grand theft in California is a "wobbler offense," meaning that it can be charged as either a misdemeanor or a felony, depending on (1) the particular facts of the case and (2) the defendant's criminal history. If the grand theft is a misdemeanor, the defendant may be sentenced to up to one year in county jail. If convicted of a felony, the defendant may face up to three years in California State prison. Additionally, if the theft is of a firearm, it is an automatic felony and also counts as one strike on the defendant's record.

Grand theft also carries several enhancements. A sentence enhancement is additional, consecutive time, attached to a conviction if there are specific circumstances involved. The enhancements for grand theft are:

- An additional one year if the value of the property taken exceeds $65,000 *(per illegal credit bid this figure is exceeds this amount about 28 times = 28 additional years)*

- An additional two years if the value of the property taken exceeds $200,000 *(per illegal credit bid it exceeds this 7 times = 14 additional years)*

- An additional three years if the value of the property taken exceeds $1,300,000, and *(the credit bid was in excess of this amount = 3 additional years)*

- An additional four years if the value of the property taken exceeds $3,200,000 *(through insurance claims and passing of paper this case may exceed, upon discovery, well in excess of this figure = 4 years)*

- *by Claimant/libellants figures in this calculation the amount of years for the GRAND LARCENY is on or about 49 years per participant in this GRAND THEFT OF TITLE AND SUBJECT PROPERTY.*


**BREACHES OF 18 US CODE 4: 18 USC 4 Misprision of a Felony 18 USC Obstruction of**

**Justice and 18 USC 241 & 242 Conspiracy Against Rights and Under The Color Of Law.**

**MISPRISION OF A FELONY**

*Whoever, having knowledge of the actual commission of a felony cognizable by a court of the*

*United States, conceals and does not as soon as possible make known the same to some judge or*

*other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.*

Claimant/libellant has brought the crimes committed against her, the estate and SUBJECT PROPERTY to the best of her ability, to the agencies referred and to the DEFENDANTS/DEBT COLLECTORS to the best of her ability. She has attempted to have the authorities with jurisdiction of prosecutorial duties come forward and end these crimes. Claimant/libellant has been forced into commercial intercourse that she has done all she can to avoid.

The Claimant/libellant is not given the duty of prosecution and is violated and harmed by the fact the MISPRISION OF A FELONY have caused, continue to cause, her to have to bring these motions. Claimant/libellant has noticed all offices/departments with the authority of oversight and authority over Defendants.

**15. 15 USC 1&2**

**Chapter 1:** This chapter includes among other statutory provisions the Sherman Act, comprising sections 1 to 7 of this title, the Clayton Act, comprising sections 12, 13, 14 to 19, 20, 21, and 22 to 27 of this title and sections 52and 53 of Title 29, Labor, the Wilson Tariff Act, comprising sections 8 and 9 of this title, the Robinson-Patman Price Discrimination Act, comprising sections 13, 13a, 13b, and 21a of this title, the "Expediting Act", sections 28 and 29 of this title, and the "Hart-Scott-Rodino Antitrust Improvements Act of 1976", comprising sections 15c to 15h, 18a, and 66 of this title. For complete classification of the Hart-Scott-Rodino Act, see Short Title note under section 1 of this title.

**CHAPTER 2:** Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction

thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

**16. CA Law- pointing to the first sentence of 2924(a)** Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage. This means that Mortgage Loan Trusts do not qualify as mortgages. The deed of trust is neither a (i) mortgage with power of sale nor (ii) security as cited in CC 2920-2953. –These contracts were nothing more than a divestiture of the collateral obtained in exchange for certificates attached to the rigged LIBOR index in order to control the payouts to investors upon swapped out certifications under the rigged ISDA fix index which breached the value of the promissory note known as the US Dollar.

**17. Required under 17 CFR 339.1.** This alleged foreclosure is by the letter of the law – economic LOSS that did not qualify "Qualify" under traditional security requirements.

**18. To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s** pleading requirements. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In Ashcroft v. Iqbal, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the Plaintiffs' grounds for entitlement to relief—including factual allegations that when

assumed to be true raise a right to relief above the speculative level." Lormand v. US Unwired, Inc.,
565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

**19. UCC § 3-305(b)(1)(ii)(iii).** These proven events succeed in turning any contractual duty owned
utilized by these Defendants, unenforceable, null and void under UCC § 3-305(b)(1)(ii)(iii). Illegality
based in fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable
opportunity to learn of its character or its essential terms.

**20. CALIFORNIA HOMEOWNERS BILL OF RIGHTS:** The California Homeowner Bill of Rights
became law on January 1, 2013 to ensure fair lending and borrowing practices for California
homeowners. The laws are designed to guarantee basic fairness and transparency for homeowners in
the foreclosure process. Key provisions include:

- **Restriction on dual track foreclosure:** Mortgage servicers are restricted from advancing the foreclosure process if the homeowner is working on securing a loan modification. When a homeowner completes an application for a loan modification, the foreclosure process is essentially paused until the complete application has been fully reviewed.

- **Guaranteed single point of contact:** Homeowners are guaranteed a single point of contact as they navigate the system and try to keep their homes – a person or team at the bank who knows the facts of their case, has their paperwork and can get them a decision about their application for a loan modification. **(Claimant/libellant had numerous contacts who misstated their capacity/office)**

- **Verification of documents:** Lenders that record and file multiple unverified documents will be subject to a civil penalty of up to $7,500 per loan in an action brought by a civil prosecutor. Lenders who are in violation are also subject to enforcement by licensing agencies, including the Department of Business Oversight, the Bureau of Real Estate. **(Claimant/libellant gave complete and factual notice of fraud as she found and proved it, no rebuttal of affidavits of facts/claims were ever given in return)**

- **Enforceability: Borrowers will have authority to seek redress of "material" violations of the new foreclosure process protections. Injunctive relief will be available prior to a foreclosure sale and recovery of damages will be available following a sale. (AB 278, SB 900)**

- **Tenant rights:** Purchasers of foreclosed homes are required to give tenants at least 90 days before starting eviction proceedings. If the tenant has a fixed-term lease entered into before transfer of title at the foreclosure sale, the owner must honor the lease unless the owner can prove that exceptions intended to prevent fraudulent leases apply. (AB 2610) **(Claimant/libellant is not a tenant and is the Superior Principal Secured Creditor, Beneficiary)**

- **Tools to prosecute mortgage fraud:** The statute of limitations to prosecute mortgage-related crimes is extended from one to three years, allowing the Attorney General's office to investigate and prosecute complex mortgage fraud crimes. In addition, the Attorney General's office can use a statewide grand jury to investigate and indict the perpetrators of financial crimes involving victims in multiple counties. **(Claimant/libellant claims all continues to toll for continued uttering of fraud)** (AB 1950, SB 1474)

- **Tools to curb blight:** Local governments and receivers have additional tools to fight blight caused by multiple vacant homes in their neighborhoods, from more time to allow homeowners to remedy code violations to a means to compel the owners of foreclosed property to pay for upkeep. (AB 2314)

The California Homeowner Bill of Rights marked the third step in Attorney General Harris' response to the state's foreclosure and mortgage crisis. The Mortgage Fraud Strike Force was created in May 2011 to investigate and prosecute misconduct at all stages of the mortgage process. In February 2012, Attorney General Harris secured a commitment from the nation's five largest banks for up to $18 billion for California borrowers.

- **Mortgage Servicer Added.**

The Act broadens the scope of the coverage of the foreclosure protections by making them applicable to residential loan "mortgage servicers" in addition to lenders. The Act broadly defines "mortgager servicer" to include a person or entity who directly services a loan, or who is responsible for interacting with the borrower, managing the loan account on a daily basis either as the current owner of the promissory note or as the current owner's authorized agent to a master servicer by contract. (Civil Code §2920.5(a).) In most situations under the Act, the Act applies to "mortgage servicers" as well as to the mortgagee, trustee, beneficiary, or authorized agent thereof under a deed of trust or mortgage. Under the Act, a mortgage servicer does not include a trustee or a trustee's authorized agent acting under a power of sale in a deed of trust. (Civil Code §2920.5(a).) This is an important change because the proponents of the Act contended that some lenders were contracting with separate entities to manage and service their residential home loans who were thus outside of the scope of earlier foreclosure protection legislation.

- **Robo-Signing Eradicated. (Claimant/libellant gave notice of robo signed documents and was in belief that her giving the facts in affidavit form without any rebuttal as required by Defendants leaves no doubt that this section of the HOBR has been violated)**

  The Act seeks to do away with a prior lender bureaucratic necessity called "robo-signing." The Act provides that any declaration, notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded in a foreclosure on behalf of a mortgage servicer, or a declaration filed in a court relating to a foreclosure, must be accurate and complete and supported by reliable evidence. (Civil Code §2924.17(a).) In addition, before filing or recording any of these documents, the mortgage servicer shall have reviewed competent and reliable evidence that substantiates the borrower's default and the mortgage servicer's right to foreclose. (Civil Code §2924.17(b).) A court may hold a mortgage servicer liable for a civil penalty of $7,500 per mortgage for repeated violations of this requirement. (Civil Code §2924.17(c).) In addition, no entity shall initiate the foreclosure process or record a notice of default unless and until it is the holder of the beneficial interest under the mortgage or deed of trust, the original or substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. (Civil Code §2924(a)(6).) The Act does not define the term "designated agent." The Act goes on to provide that no agent of the holder of a beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under a deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of the authority designated by the holder of the beneficial interest. (Civil Code §2924(a)(6).)

- **Postponed Trustee's Sales. (Claimant/libellant was never issued notice of the postponed trustee sales, she did not get written notifications from Defendants at each postponement. Thus, violating the requirement as in the HOBR.)**

  The Act sets forth an additional notice requirement that benefits borrowers. Until January 18, 2018, whenever a trustee's sale is postponed for a period of at least 10 business days, a mortgagee, beneficiary, or authorized agent shall provide written notice to the borrower of the new sale date and time within five business days of the date of the postponement. (Civil Code §2924(a)(5).) The Act clarifies that a failure to comply with this new notice requirement does not invalidate an otherwise valid a trustee's sale conducted in violation of this provision.

- **Right to Sue Mortgage Servicers for Injunctive Relief, Damages, Treble Damages, and Right to Attorney's Fees. (Claimant/libellant claims these rights and in addition believes/presumes that as her own counsel at filing she will bill her time at $250.00 an hour and if counsel/attorney substitutes in the fee will alter depending on the counsels/attorneys fee schedule. TREBLE DAMAGES WILL BE BASED ON THE NOTICE OF DEFAULT CLAIMANT/LIBELLANT RECORDED ON OR ABOUT JULY 2015, THE AMOUNT OF $15. 3 MILLION DOLLARS AS FACT TO BE**

**TREBLE PER FORGED/ALTERED OR UTTERED FALSE CLAIM TO BE EQUAL TO $45.9 MILLION DOLLARS PER VIOLATION/DOCUMENT)**

One of the most important provisions of the Act from a lender's perspective is that it provides borrowers with the right to sue mortgage servicers for injunctive relief before the trustee's deed upon sale has recorded, or if it has already recorded, to sue for actual economic damages, if the mortgage servicer has not corrected any "material" violation of certain enumerated portions of the Act before the trustee's deed upon sale recorded. (Civil Code §2924.12(a).) In an area that will certainly open up a Pandora's Box of litigation, the Act does not define what constitutes a "material" violation of the Act. If a court finds that the violation was intentional, reckless or willful, the court can award the borrower the greater of treble (triple) damages or $50,000. (Civil Code §2924.12(b).) Furthermore, a violation of the enumerated provisions of the Act is also deemed to be a violation of the licensing laws if committed by a person licensed as a consumer or commercial finance lender or broker, a residential mortgage lender or servicer, or a licensed real estate broker or salesman. (Civil Code §2924.12(d).) Lastly, in a one-sided attorney's fee provision that only benefits borrowers, the court may award a borrower who obtains an injunction or receives an award of economic damages as a result of the violation of the Act their reasonable attorney's fees and costs as the prevailing party. (Civil Code §2924.12(i).) This provides all the more reason for lenders and mortgage servicers to comply with the terms of the Act. This provision for the recovery by only the borrower of their reasonable attorney's fees makes it more likely that borrowers will file litigation against mortgage lenders or servicers than they otherwise would. Compliance is the lender's or mortgage servicer's best defense to litigation under the Act.

- Significantly for lenders, as long as the mortgage servicer remedies the material violation of the Act before the trustee's deed upon sale has recorded, the Act specifically provides that the mortgage servicer shall not be liable under the Act for any violation or damages. (Civil Code §2924.12(b) & (c).) The Act also clarifies that signatories to the National Mortgage Settlement who are in compliance with the terms of that settlement, as they relate to the terms of the Act, will not face liability under the Act. (Civil Code §2924.12(g).)

- Dual Tracking for modification in process (an open escrow of settlement for the parties stood as a modification of what Select Portfolio Servicing, Inc. was claiming. As such they did not use good faith in dealings to seek settlement and then not respond in escrow of the settlement of the account for tender, without any agreement of an obligation owed the parties were to settle the account, which in itself is a modification to their claim. not foreclose. )

- *... other provisions of HOBR may apply...*

- [1] *Many of the provisions of the Act have sunset provisions for January 1, 2018. However, the Act also includes matching provisions for some of the sunsetting provisions that become operative on January 1, 2018.*

**21. AFFIDAVITS UNREBUTTED STAND AS FACT**: An Affidavit unrebutted stands as Truth.

affidavit uncontested unrebutted unanswered [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982]

"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." [Group v Finletter, 108 F. Supp. 327 Federal case of Group v Finletter, 108 F. Supp. 327]

"Indeed, no more than affidavits is necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]

AFFIDAVIT. A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am.St.Rep. 385; Hays v. Loomis, 84 Ill. 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and In re Breidt, 84 N.J.Eq. 222, 94 A. 214, 216.

affidavit uncontested unrebutted unanswered - [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982] "Indeed, no more than affidavits is necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]

affidavit uncontested unrebutted unanswered Morris v National Cash Register, 44 S.W. 2d 433 Morris v National Cash Register, 44 S.W. 2d 433, clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true."

affidavit uncontested unrebutted unanswered Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433: "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law."

Non Rebutted Affidavits are "Prima Facie Evidence in the Case,-- "United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);

"Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." -- Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982.

"Uncontested Affidavit taken as true in support of Summary Judgment." -- Seitzer v. Seitzer, 80 Cal. Rptr. 688

"Uncontested Affidavit taken as true in Opposition of Summary Judgment." -- Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984)

"Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately." -- U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

**22. "THE ESSENCE OF A TRUST IS NOT THE TRUST DOCUMENT. THE ESSENCE IS THE EXISTENCE OF TRUST PROPERTY." (Claimant/libellant claims the Trust does NOT exist.)**

Like legal standing, there must be some THING that is involved or the court has no jurisdiction. If you look up any source on the definition or elements of a legal trust, **there is no "Trust" if no THING (property) has been conveyed to the intended Trustee to hold in "Trust."** Without a THING, property in the Trust instrument is both nonexistent and irrelevant and does not create a legal "person" in any court in any state. Trusts of all types do not exist unless and until property is entrusted to the Trustee.

*"We now know both directly and indirectly that the REMIC Trust never received the proceeds of sale of certificates allegedly issued by the "Trust." So nothing was transferred to the Trustee to hold in Trust. We also now know that no purchase or transfer of assets or loans ever occurred thereafter. Hence the disclaimers in the Trust Instrument reducing the Trustee's obligations to zero. With no property entrusted to the named Trustee, the most basic element of the formation of a trust is missing. The legal "person" does not exist.*

*NO MONEY OR PROPERTY EVER TRANSFERRED TO THE ALLEGED REMIC TRUST.*

*Claimant/libellant demands a hearing in which the lawyers for the foreclosing/evicting party*

*"MUST" show a transaction in which money or property was ever transferred to the alleged REMIC*

*Trust."...* __*REMIC Trusts Do NOT Exist*__ *July 14, 2017 by Neil Garfield*

**The note and mortgage were fatally split; and the note itself was destroyed physically because its terms became irrelevant to the obligation owed to the real creditor. Hence it is impossible to be a holder in due course or a party entitled to enforce (HDC or PETE) on a mortgage loan that was either originated or "transferred" (always without consideration) within the context of a securitization scheme.**

**23. Internal Revenue Code §860 et seq. – Real Estate Mortgage Investment Conduits("REMICs")** (3) Qualified mortgage.

The term "qualified mortgage" means— (A) any obligation (including any participation or certificate of beneficial ownership therein) which is principally secured by an interest In real property and which— (i) is transferred to the REMIC on the startup day in exchange for regular or residual interests in the REMIC...(the assignment must be taken timely as required in the pooling and servicing agreement/prospectus. At no time was Claimant/libellants SUBJECT PROPERTY held by this manner in any Trust)

## 24. DEBT COLLECTOR:

The term "debt collector" under the FDCPA "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Claimant/libellant has stated, without rebuttal, the fact that the Defendants have acted as DEBT COLLECTORS and have had the notice of debt collections clearly stated upon their many false claims against her.

## 25. NOTARY CRIMES:

A notary public is liable for all damages caused by his or her errors, omissions, improper notarizations, or negligence in the performance of a notarial act even if such actions were made inadvertently.

Violations and unlawful acts of official misconduct create civil liability for the notary public. A notary is liable to the person involved for all damages caused by his or her notarial misconduct. If a notary's official negligence or misconduct is the proximate cause of a person's financial losses, such person may sue and recover damages from the notary public and his notary surety bond. Please consult with an attorney for legal advice.

A notary's official misconduct carries civil and criminal liability, which includes disciplinary action by the state's commissioning authority. If a notary's official negligence or misconduct is the proximate cause of a person's financial losses, such person may sue and recover damages from the notary public. The person may also file a claim against his/her notary surety bond if the notary has a bond.

violations of notary law and misconduct create civil and criminal liability for the notary public. The employer may also be held jointly and severally liable for damages if the notary was acting in the scope of his or her employment and the employer knew or should have known of the notary's official misconduct. The employer could face vicarious liability when the employer coerces a notary public to break notary laws or perform an illegal notarial act.

Making false statements to a notary

Anyone who induces a notary to make an improper notarization with regards to real property can be found guilty of a FELONY. This is the most serious type of fraud possible in the notary profession.

**Claimant/libellant claims that Jon Secrist as notary on the void Assignment of Deed of Trust, and his employer Bank of America and all Defendants, have used this document to commit fraud, slander, theft and all claims by Claimant/libellant against the SUBJECT PROPERTY are to be fully held liable. SEE FACT #3.**

**Claimant/libellant further claims that Defendants who have uttered the Forged Grant Deed, referred to in FACTS #1, are all guilty of uttering false documents and claims against the title.**

**26. REGISTERED AGENTS IN CALIFORNIA:** Under California Corporate Code 1505, all business entities registered in California are required to maintain a registered agent for service of process.

**Corporations**

Can file the amendment online but only if they are inside your normal filing period (California requires corporations to file a Statement of Information every year; if they filed formation documents in June, their normal filing period would be June and the five months prior to June, January to May). If they are not within the normal filing period, they must mail or hand-deliver the Amended Statement of Information.

Defendants have not maintained REGISTERED AGENTS as required to do business in California. Defendants known as "PARTIES" numbers 4, 7, 8, 9 and 11 have either gone without a registered agent for years, or as in the case of those without any records at all, they have never complied with California Corporate Codes and operated fraudulently.

**27. NOTES NEVER SENT TO THE TRUST: CASE FILE New Jersey Admissions in Testimony Notes Never Sent to Trusts: Kemp vs. Countrywide.**
In a deposition provided to a US Bankruptcy Court in the District of New Jersey, Linda DeMartini, a supervisor for Bank of America Home Loans , admitted the original notes never transferred from Countrywide into the trusts.

*"If the "Note" was securitized, the obligation to make payments has probably been satisfied. It doesn't make any difference if you paid it off, or investors on Wall Street paid it off, it's probably paid in full. You're not supposed to know this because it's a part of the Ponzi Scheme. You may be entitled to all the payments you've made from the date of securitization to the date of your last payment, plus punitive damages up to three times the original alleged loan."*

**28. VOID GRANT DEED: Deeds that are void and pass no title even in favor of a bona fide purchaser for value include: FORGED DEEDS (Meley v. Collins, 41 Cal. 663)**

**A NOTARY WHO HAS A DIRECT FINANCIAL INTEREST IN A TRANSACTION CAN NOT PERFORM ANY NOTARIAL ACT IN CONNNECTION THEREWITH. (Government Code Section 822)**
parties MUST be properly described.

## 29. CA PENAL CODE 115 FILING FALSE OR FORGED DOCUMENTS:

California Penal Code 115 PC makes it a crime to knowingly file, register or record a false or forged document with a government office in the state.[1]

Probably the most common form of this California fraud crime is the filing of false or forged real estate deeds or deeds of trust—a variation on the crime of real estate fraud.[2]

However, you may be accused of filing false documents for filing, recording or registering virtually any kind of false or forged document in a California public office.[3]

## Penalties

Filing false or forged documents is a California felony.[4]

The potential penalties include sixteen (16) months, two (2) years or three (3) years in California state prison, and/or a fine of up to ten thousand dollars ($10,000).[5]

You may also face an additional fine of up to seventy-five thousand dollars ($75,000) if the alleged false document affects title to or places an encumbrance or mortgage on a single-family residence.[6]

In addition, filing false or fraudulent documents could be considered a crime of moral turpitude—which means that a conviction for PC 115 may have immigration consequences for non-citizen defendants.[7]

## 30. AGGRAVATED IDENTITY THEFT:

18 USC 1028A provides that a person is guilty of **aggravated identity theft** where he or she commits a crime and also "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."

Claimant/libellant claims without rebuttal that her identity has been stolen in order to produce false documents and false claims, recording the false claims and thus committing AGGRAVATED IDENTITY THEFT.

**31. U.S. Bank N.A. v. Ibanez**, in which the Supreme Judicial Court voided two foreclosure sales where the foreclosing parties did not hold the mortgage.

## 32. CFPB AMICUS CURIAE IN SUPPORT OF APPELLANT AND REVERSAL VIEN-PHUONG THI HO, PLAINTIFF-APPELLANT vs. RECONTRUST COMPANY, NA ET AL.., Defendants

## 33. Rights Under the Fair Credit Reporting Act:

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA.

some of the requirements;

• You have the right to dispute incomplete or inaccurate information. If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.

• Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information. Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

• Consumer reporting agencies may not report outdated negative information. In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

**Claimant/libellant disputed and sent information to all CREDIT BUREAUS and SELECT PORTFOLIO SERVICING INC. has/continues to report themselves as the lender and with an account # of fraud, created through aggravated identity theft . BofA had the information of paid off account set to fall off in March 2015, per exhibit**

**34. 28 U.S.C. § 1652, as used in SALDIVAR VS. CHASE et. al.**

*The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.*

per SALDIVAR VS. CHASE et al decision,

**Under 28 U.S.C. § 1652,** this Court has the duty to apply New York law in accordance with the controlling decision of the highest state court. Royal Bank of Canada v. Trentham Corp., 665 F.2d 515, 516 (5th Cir. 1981). While the Court finds no applicable New York Court of Appeals decision, a recent New York Supreme Court decision is factually similar to the case before the Court. See Wells Fargo Bank, N.A. v. Erobobo, et al., 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013). In Erobobo, defendants argued that plaintiff (a REMIC trust) was not the owner of the note because plaintiff obtained the note and mortgage after the trust had closed in violation of the terms of the PSA governing the trust, rendering plaintiff's acquisition of the note void. Id. at *2. The Erobobo court held that under § 7-2.4, any conveyance in contravention of the PSA is void; this meant that acceptance of the note and mortgage by the trustee after the date the trust closed rendered the transfer void. Id. at 8.

Based on the Erobobo decision and the plain language of N.Y. Est. Powers & Trusts Law § 7-2.4, the Court finds that under New York law, assignment of the Saldivars' Note after the start up day is void ab initio. As such, none of the Saldivars' claims will be dismissed for lack of standing. The Court expresses no view on the effect of any subsequent ratification, if any. **It is sufficient that a claim has been stated.**

**35. GUILEX vs. PENNYMAC:** It is true that California Rule of Court 8.1115(a) states that an unpublished opinion cannot be cited. However it is also true that this conflicts with Evidence Code section 452(d)(1) which states that judicial notice may be taken as to the "[r]ecords of any court of this state." One California Court of Appeal recognized the conflict with Rule 8.1115(a), stating that "[a]lthough [a] Court of Appeal opinion . . . is not published, we may take judicial notice thereof as a court record pursuant to Evidence Code section 452, subdivision (d)(1)." Gilbert v. Master Washer & Stamping Co. (2001) 87 Cal. App. 4th 212, 218, n. 14 (taking judicial notice of an unpublished opinion of the California Court of Appeal to aid in the analysis of a subsequent appeal therefrom).

Another issue is that in deciding the conflict between Rules of Court, Rule 8.1115(a) and Evidence Code section 452(d)(1), the California Constitution suggests that the statutory evidence code must take precedence."

**35. QUIET TITLE:**

An action to quiet title is a lawsuit brought in a court having jurisdiction over property disputes, in order to establish a party's title to real property, or personal property having a title, of against anyone and everyone, and thus "quiet" any challenges or claims to the title. Claimant/libellant believes the court has the ability to quiet title based on the contract fraud and all facts claimed.

---

**Claimant/libellant claims, asserts and has given affidavits of facts enough to show reason and unrebuttable evidence quiet title must be granted.**

## CONCLUSION

Based on the above Claimant/libellant believes her motions should be granted with prejudice.

Claimant/libellant believes she has shown evidence of facts convincingly and with proof of all

claims. The forged Grant Deed and the proven void Assignment are enough prima fascie evidence of

VOID, though the evidence provided in totality gives solid foundational facts for Claimant/libellant

to be awarded her Claims. Claimant/libellant should not have to delve into the securitization any

further as the facts regarding void contract are strongly and clearly presented in fact of VOID. At no

time did Defendants give rebuttal to any affidavits or accusations by Claimant/libellant. She further

VERIFIED CLAIM FOR DAMAGES

believes that all defendants were given the opportunity to correct anything that was a false claim and yet Defendants have carried out the crimes/false claims against the Claimant/libellant with full intent to cause harm and steal Claimant/libellants estate and SUBJECT PROPERTY. The Defendants uttered claims as third parties and it is enough to challenge the assignment of the note (or lack of) and to attack the defendants who lacks sophisticated knowledge of the business records.

Had Claimant/libellant known of the identity theft and fraud used to secure her signature as collateral, and used to access her own beneficial credits at the fed window to her estate, she would not have entered into the contract without her status as Principal Secured Creditor taking center fact to any agreement of purchase.

Claimant/libellant did everything she knew to keep this matter out of the courts, she has stood on the law as best she knew it and with intent to stop the grand theft of her estate, EQUITY, home and life believing and assuming she has met the burden of plausible claim. She has felt all along the facts speak for themselves and the Defendants have acted intentionally with malice and without regard for the honor of law or the courts in order to unjustly enrich themselves as they stole the title of the estate. Her unalienable right to "life, liberty and property" cannot be ignored and must be upheld as she has done her best to stop the crimes and false claims against her, the estate and the SUBJECT PROPERTY.

Claimant/libellant cannot replace the last 10 years she has lost to these crimes against her, her family, her career, EQUITY, health, the estate and inheritance of her heirs and she seeks the honorable courts help to end this reign of terror and abuses by Defendants. Claimant/libellant claims, asserts and has given affidavits of facts enough to show reason and unrebuttable evidence quiet title must be

granted.

*"Claimant/libellant seeks Treble monetary damages, punitive damages and remedy offered her to the fullest extent of the law and return of her SUBJECT PROPERTY title free of clouds and with easements perfected for Claimant/libellant ingress-egress. (TREBLE DAMAGES SOUGHT WILL BE BASED ON THE NOTICE OF DEFAULT CLAIMANT/LIBELLANT RECORDED ON OR ABOUT JULY 2015, THE AMOUNT OF $15.3 MILLION DOLLARS AS FACT TO BE TREBBLE PER FORGED/ALTERED OR UTTERED FALSE CLAIM TO BE EQUAL TO $45.9 MILLION DOLLARS PER VIOLATION/DOCUMENT and TREBLE DAMAGES IN RELATION TO ANY AND ALL ADVANCES MADE BY OTHER PARTIES ON CLAIMANT/LIBELLANTS BEHALF WITHOUT HER PERMISSION OR CONTRACT) Claimant/libellant prays for this case to be settled with prejudice against all Defendants/Debt collectors. Claimant/libellant files this action pro se and is not a legalese expert. Claimant/libellant seeks leave to amend as may be deemed necessary by the honorable court."*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on ~~July~~ August 10, 2017, at

Costa Mesa _____, California.

Dated: Aug 10, 2017

_____
Plaintiff, Claimant/libellant
by, Billie Rene Frances Lillian Powers

**CALIFORNIA NOTARY**
**ACK. / JURAT ATTACHED**
8 / 10 / 2017

- 50 -
VERIFIED CLAIM FOR DAMAGES

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

s.s.

**County of** _Orange_

Subscribed and sworn to (or affirmed) before me on this _10th_ day of _August_,

20 _17_, by _Billie RFL Powers_ ~~and~~
<span style="font-size:smaller">Name of Signer (1)</span>

_____, proved to me on the basis of
<span style="font-size:smaller">Name of Signer (2)</span>

satisfactory evidence to be the person(s) who appeared before me.

_RhBadani_
<span style="font-size:smaller">Signature of Notary Public</span>

RAJESHREE H. BADANI
COMM...2151994
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. May 31, 2020

---

## OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

_Verified Claim For Damages_

containing _____ pages, and dated _8|10|17_

| **Additional Information** |
| --- |
| Method of Affiant Identification |

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____   Entry # _____

Notary contact: _____

Other
☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____