## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Billie Rene Francies Lillian Powers, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV 17-1386-JVS (KESx) |
| v. The Bank of New York Mellon, et al. | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

[X] Inadequate showing of indigency        [ ] District Court lacks jurisdiction

[ ] Legally and/or factually patently frivolous        [ ] Immunity as to _____

[X] Other:   Fails to plead facts sufficient to state a
             federal claim

Comments:

Please see attached recommending dismissal with
leave to amend both IFP application and
Complaint.

_____8/14/17_____          *[signature] Karen E. Scott*
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

[ ] GRANTED

[X] DENIED (see comments above).  IT IS FURTHER ORDERED that:   with leave as indicated

    [ ] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

    [ ] This case is hereby DISMISSED immediately.

    [ ] This case is hereby REMANDED to state court.

___August 17, 2017___          *[signature] James V. Selna*
Date                                              United States District Judge

CV-73 (08/16)          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE RENÉ FRANCES LILLIAN POWERS, | Case No. SACV17-01386-JVS-KESx |
| Plaintiff, | ATTACHMENT TO ORDER RECOMMENDING DENIAL OF APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| BANK OF NEW YORK MELLON, et al., | |
| Defendants. | |

**I.**

**SCREENING AUTHORITY**

On August 11, 2017, Ms. Powers ("Plaintiff") filed a *pro se* complaint accompanied by an application to proceed In Forma Pauperis ("IFP"). (Dkt. 1 "Complaint;" Dkt. 3.) Before granting an application to proceed IFP, the Court is required to screen the Complaint to determine if the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203

F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

For the reasons stated below, Plaintiff's Complaint fails to state a claim. The Court therefore recommends that Plaintiff's IFP application be denied and her Complaint dismissed, but with leave to amend both.

## II.

## SUMMARY OF LEGAL CLAIMS

The Complaint's caption lists twenty-six legal theories and/or remedies under which Plaintiff seeks relief.  Most (including breach of contract, fraud, and unfair business practices) are state law claims, and this Court declines to exercise supplemental jurisdiction over those claims.

Claim nos. 2 (identity theft under 18 U.S.C. § 1028A), 15 (misprision of felony under 18 U.S.C. § 4), and 16 (conspiracy under 18 U.S.C. §§ 241 and 242) are based on criminal statutes.  Private individuals lack standing to assert claims for relief based on criminal statutes.  See Linda R.S. v. Linda D., 410 U.S. 614, 619 (1973) ("[I]n American Jurisprudence … a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).

Claim no. 5 attempts to state a cause of action based on 28 U.S.C. § 1652, a procedural code section which provides, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."  28 U.S.C. § 1652. This law does not confer a private cause of action.

Plaintiff's potential remaining federal claims are no. 3 (violations of the Fair Credit Reporting Act ["FCRA"] at 15 U.S.C. §§ 1681–1681x), and nos. 4 and 8 (violations of the Fair Debt Collections Practices Act ["FDCPA"] at 15

U.S.C. § 1692 <u>et</u> <u>seq</u>.)

### III.

### SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that in 2007, she purchased a parcel of real property in an unincorporated area of Orange County known as Assessor's Parcel Number ("APN") 125-120-27. (Complaint at 3, 8.)  Plaintiff, along with co-borrowers Louis and Jacqueline Hanson (the "Hansons," Plaintiff's brother-in-law and sister) obtained a first mortgage from Countrywide Home Loans in the amount of $1,190,000 (the "First Mortgage"). (<u>Id.</u> at 11.)  Plaintiff also obtained a second loan, a home equity line of credit (the "HELOC") for $170,000. (<u>Id.</u>) Plaintiff paid off the HELOC in November 2007. (<u>Id.</u>)

Plaintiff alleges that a grant deed was created and notarized reflecting the conveyance of the property from the seller to Plaintiff as sole title holder. (<u>Id.</u> at 8.)  The grant deed that was recorded, however, was a "counterfeit document" that showed title conveyed to both Plaintiff and the Hansons. (<u>Id.</u>)

In January 2008, Plaintiff contacted Countrywide about "problems" with the loan, and representatives advised her to let the loan go delinquent for 90 days before seeking a modification. (<u>Id.</u> at 12.)  Plaintiff made her "last payment under duress" in November 2008. (<u>Id.</u>)  From Spring of 2008 through 2010, numerous foreclosure documents were issued against the property, but rescinded. (<u>Id.</u> at 13.)

In 2009 (after Bank of America ["BoA"] had taken over Countrywide), Plaintiff disputed certain entries on her credit report with BoA. (<u>Id.</u> at 12.)  In 2010, she contacted BoA and was advised that they would not pursue foreclosure because they lacked "standing" to do so. (<u>Id.</u>)

On October 26, 2010, BoA recorded an assignment of the First Mortgage's deed of trust to Bank of New York Mellon ("BNYM") as trustee for the certificate holders of a trust called the Cwalt Inc. Alternative Loan Trust 2007-

3

HY9 Mortgage Pass Through Certificates, Series 2007-HY9, a trust formed under New York trust law (the "Cwalt Trust"). (Id. at 9, 13.) The BoA notary who notarized the assignment was Jon Secrist. (Id. at 6.) Mr. Secrist was a plaintiff in an earlier Central District lawsuit against BoA, case no. CV-16-67-GW (JCx).[1] (Id.)

Plaintiff contends that the assignment of the deed of trust is void for several reasons. She contends that the assignment was executed after that date authorized by either New York trust law (90 days) or the Pooling and Servicing Agreement ("PSA") under which her mortgage was securitized (3 years). (Id. at 9.) She claims that there is no "authority or standing" for the Cwalt Trust to exist, because her property did not close escrow until July 2, 2007, an apparent argument that a trust which does not own any property does not exist. (Id.) She contends that the Cwalt Trust's name is invalid; it is an attempt to "trick the readers" because "for certificate holders" and "on behalf of" are not the same thing. (Id.)

Plaintiff alleges that in 2012, she satisfied a second trust deed in the amount of $400,000. (Id. at 11.) It is unclear which lender held the second trust deed.

In April 2012, Select Portfolio Servicing, Inc. ("Select") began servicing Plaintiff's loan(s). (Id. at 13.) Plaintiff complains that she cannot be considered in "default" on her First Mortgage if the servicers took it upon themselves to pay

---

[1] In that lawsuit, after BoA settled litigation involving allegations of notary fraud and "robo-signing," Mr. Secrist sued BoA alleging that it defamed him by not litigating the claims and giving him an opportunity to clear his name. BoA filed a motion to strike the complaint as a strategic lawsuit against public participation ("SLAPP") suit. The motion was granted with leave to amend. When Mr. Secrist failed to file an amended complaint, the court dismissed the lawsuit for lack of prosecution.

4

certain obligations (possibly property tax or insurance) when Plaintiff never contracted with them to do so. (Id.) In July 2013, Plaintiff sent an authorized representative to Select's office in Utah to view original wet ink signatures on documents pertaining to her loan. (Id. at 16.) None were produced. (Id.)

In July 2014, a representative of BoA told Plaintiff that BoA should have filed a satisfaction of mortgage and advised Plaintiff to contact BoA's records department. According to Plaintiff, BoA's records reflect the loan was satisfied in January 2009. (Id. at 17.)

In November 2014, Plaintiff changed her name because she thought that changing her name would "protect the estate from further pirating …." (Id. at 23-24.) She claims that her "autograph" was the lenders' collateral, not her real property. (Id. at 24.)

After various notices of default, Plaintiff's lender(s) recorded a notice of trustee sale on September 30, 2015. (Id. at 19.) Plaintiff alleges that on October 7, 2015, the property was "illegally swat teamed by the Orange County Sheriff's Department." (Id. at 20.) The officer in charge told Plaintiff that the property had been foreclosed and was owned by the bank. (Id.) Plaintiff reported this "trespass" to the County Board of Supervisors and District Attorney, but they "ignored the crimes" and did not investigate. (Id. at 21.)

Plaintiff alleges that a fraudulent foreclosure sale took place on August 8, 2016. (Id. at 22-23.) In June 8, 2017, Plaintiff received a notice of eviction by the Wolf Law Firm. (Id. at 25.) Plaintiff does not allege the case number or status of any underlying unlawful detainer action.

It is unclear if Plaintiff alleges that the foreclosure of her property was fraudulent because she had paid off her First Mortgage in 2009, but Countrywide/BoA's records were so sloppy that they failed to memorialize her payments, or for some other reason(s). Even to the extent Plaintiff alleges she paid off her First Mortgage, it is further unclear if she means that she and her

co-borrowers made the loan payments, or if she means that her loan should be considered repaid because of wrongdoing in the mortgage industry.   For example, Plaintiff alleges that the 2008 "Bank Bail Out paid off all outstanding alleged mortgages within these VOID tranches," suggesting that the bank bailout paid off her First Mortgage.  (Id. at 26.)

## III.

## PLEADING DEFECTS

Regarding the FDCPA, Plaintiff alleges that debt collectors made false, deceptive or misleading representations to her in connection with debt collection efforts.  (Id. at 34.)  She does not identify what statements, made by whom, she contends violated the FDCPA.  Moreover, although the Ninth Circuit has not yet decided whether the FDCPA applies to non-judicial foreclosure proceedings, district courts within this circuit have concluded that they do not constitute "debt collection" under the FDCPA.  See, e.g., Aniel v. EMC Mortg. Corp., 2011 WL 835879, at *5 (N.D. Cal. Mar. 4, 2011); Hanaway v. JP Morgan Chase Bank, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest in the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Hiladgo v. Aurora Loan Servs. LLC, 2013 WL 4647550, at *4 (S.D. Cal. Aug 29, 2013) ("[A]n unlawful detainer action regarding holdover tenants after foreclosure does not qualify as a collection of debt within the meaning of the FDCPA.").

Regarding the FCRA, Plaintiff's only allegations concern credit report entries in 2009.  (Id. at 12.)  Plaintiff fails to explain clearly (1) what false information was posted in her credit report, (2) by whom, (3) why she believes it was false, (4) what happened when she disputed it, and (5) when it was removed.  To the extent this claim arises out of events that occurred in 2009, Plaintiff fails to allege any basis for tolling the two-year statute of limitations.  28 U.S.C. § 1681p(1).

## IV.

## INADEQUATE SHOWING OF INDIGENCY

Plaintiff failed to complete the declaration in support of her IFP application.  She left Question 2 blank rather than stating her wages.  While she may have meant to indicate that she does not currently receive any wages, she wrote "N/A" in response to other questions that did not apply.

In response to Question 3, she indicates that she receives $1,275 collectively from two tenants, presumably monthly.  In response to Question 5, however, she fails to identify the real property that she is renting to these tenants – unless she meant to indicate that they are renting the property in dispute.

## V.

## DISPOSITION

While the current Complaint fails to allege facts sufficient to state a timely claim under the FCRA or FDCPA, the Court cannot conclude that leave to amend would be futile.  Similarly, Plaintiff's failure to show that she cannot afford the filing fee could potentially be cured by amendment.

Plaintiff is encouraged to call (714) 541-1010 (extension 222) to make an appointment to receive free assistance from the federal pro se clinic at the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055. Santa Ana, CA.  The volunteer attorneys who staff the clinic may be able to help Plaintiff decide what matters should be raised in any state legal proceedings involving the foreclosure and/or unlawful detainer, versus what federal claims, if any, Plaintiff may have.

For these reasons, the Court recommends that Plaintiff's IFP application be denied, but with leave to amend.

Dated: August 16, 2017        _Karen E. Scott_____

KAREN E. SCOTT
United States Magistrate Judge