FILED

2017 SEP 20  PM 2:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

1   Billie Rene' Frances Lillian Powers
2   POST OFFICE BOX NO. 1501
    NEWPORT BEACH, CALIFORNIA   92659
3   TELEPHONE NO.:  (949) 374-4052
    E – MAIL ADDRESS: powersbillie@yahoo.com
4
5   Plaintiff Files This Complaint For Damages
    *In Pro Se*
6

7              UNITED STATES DISTRICT COURT FOR THE

8          CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

9   Billie Rene' Frances Lillian Powers,        Case No.: SACV17-01386 DOC (KES)

10                                              Plaintiffs First Amended
            Plaintiff pro Se
11                                              PLAINTIFF'S COMPLAINT FOR DAMAGES AND
                                                REQUEST FOR RESCISSION OF DEED OF TRUST
12     vs.                                      ALLEGING FRAUD UPON THE PLAINTIFF BY
                                                THE DEFENDANT TO UNLAWFULLY TRANFER
13   COUNTRYWIDE HOME LOANS,                    OWNERSHIP OF THE PLAINTIFF'S REAL
     INC.;COUNTRYWIDE BANK,                     PROPERTY CITING THE FOLLOWING:
14   FSB;COMMONWEALTH LAND
     TITLE INSURANCE COMPANY;                   1  INJUNCTIVE RELIEF
15   MORTGAGE ELECTRONIC                        2  CONSPIRACY
     REGISTRATION SYSTEMS, INC.                 3  UNJUST ENRICHMENT
16   "MERS";                                    4  RICO VIOLATIONS OF RESPA
     BANK OF AMERICA, N.A.;                     5  RICO VIOLATIONS
17   RECONTRUST COMPANY,  N.A.;BAC              6  MATERIAL MISREPRESENTATIONS
     HOME LOANS SERVICING, LP;                  7  WRONGFUL FORECLOSURE
18   QUALITY LOAN SERVICING                     8  FRAUD, DECEPTION, CONCEALMENT
     CORPORATION; SELECT PORTFOLIO              9  BREACH OF SECURITY INSTRUMENT
19   SERVICING, INC.;                           10 DECLARATORY JUDGMENT
     THE BANK OF NEW YORK                       11 BREACH OF DUTY OF GOOD FAITH
20   MELLON F/K/A THE BANK OF                   12 VIOLATIONS OF MODIFICATION
     NEW YORK, AS TRUSTEE, ON                   13 SLANDER OF TITLE
21   BEHALF OF THE HOLDERS OF                   14 CONVERSION
     THE ALTERNATIVE LOAN                       15 DECLARATORY RELIEF
22   TRUST 2007-HY9, MORTGAGE                   16 VIOLATION OF 15 U.S.C. § 1692
     PASS-THROUGH                               17 JUDICIAL ESTOPPLE
23   CERTIFICATES SERIES 2007-                  18 FRAUDULENT CONVEYANCE
     HY9;  THE BANK OF NEW YORK
24   MELLON FKA THE BANK OF NEW                 THIS ACTION CONTAINS MULTIPLE
     YORK, AS TRUSTEE, FOR THE                  DECLARATORY ACTIONS
25   CERTIFICATE HOLDERS,              ,
     ALTERNATIVE LOAN TRUST 2007-HY9            FIRST AMENDED COMPLAINT

                                   -1-
          COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION
                          OF DEED OF TRUST

| | |
|---|---|
| 1 | MORTGAGE PASS THROUGH | [JURY TRIAL DEMANDED] |
| 2 | CERTIFICATES, SERIES 2007-HY9; Jon Secrist; | |
| 3 | AND DOES 1 TO 10 | FORMAL RESCISSION OF DEED OF TRUST |
| 4 | Defendant. | JURY TRIAL REQUESTED |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND
REQUEST FOR RESCISSION OF DEED OF TRUST  ALLEGING FRAUD UPON THE
PLAINTIFF BY DEFENDANT TO UNLAWFULLY TRANSFER OWNERSHIP OF
PLAINTIFF'S REAL PROPERTY**

-2-

COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION
OF DEED OF TRUST

**COMES NOW, the woman, Billie Rene' Frances Lillian Powers**(hereinafter the "Plaintiff") regarding this Plaintiff's Complaint For Damages And Request For Rescission Of Deed Of Trust Alleging Fraud Upon The Plaintiff By The Defendant To Unlawfully Transfer Ownership Of Plaintiff's Real Property (the "Plaintiff's Complaint" and/or "Complaint For Damages").

<u>**PARTIES TO THIS ACTION**</u>

1.    For the sake of order and decorum, again the Plaintiff avers that she is currently living on the County Orange and San Juan Capistrano unincorporated , California state and that the Plaintiff's property address has been lawfully removed in 2013, but is addressed previously as 40701 Ortega Highway, San Juan Capistrano unincorporated, California    92675(the "Real Property"). Defendant Countrywide Bank, FSB ("CBFSB") facilitated the purported mortgage loan secured by the Plaintiff's Real Property.  The Plaintiff alleges that CBFSB, which is listed as the "Lender" in association with ReconTrust Company, NA ("RTCNA"), which is listed as the "Trustee" and Mortgage Electronic Registration Systems, Inc. ("MERS"), which is listed as the Lender's "Beneficiary" and/or "Nominee," acted in conspiracy with several other Defendants ("DOE Defendants") as the so-called "Kingpin(s)," "Mastermind(s)" and/or "Supervisor(s)" in furtherance of articulating and executing an Artificed Fraudulent Scheme for the enrichment of Defendant CBFSB, RTCNA, MERS and Bank of America, N.A. ("BOA") as the Successor of CBFSB and others, to the detriment of the Plaintiff (hereinafter CBFSB, RTCNA, MERS and BOA, BONYM, SPS, QLSC. RECONTRUST COMPANY NA/RECONTRUST COMPANY, shall be referred to as the "Defendant" or "Defendants").  In so doing, the Plaintiff hereby substantiates and supports the allegations and charges that Defendants received substantial financial benefit to the detriment of the Plaintiff.

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

2. Defendants are either the principals of the Plaintiff's purported mortgage Loan or they acted in conspiracy with one another in accordance and pursuant to the meaning envisioned by enactment of Title 18 U.S.C. § 371, and who together collectively comprise the Defendant, conducted and engaged in business and commerce in the State of California, County of Orange and San Juan Capistrano unincorporated.  Albeit Recontrust Company, NA  was named as the Trustee of the Plaintiff's Deed of Trust and Promissory Note, Defendant RTCNA and RTCNA's successor ReconTrust Company. ("RTC"), did not act as a "True Neutral Party" and did not properly function as a Trustee from the inception of the execution of the Deed of Trust and Promissory Note, thereby rendering the aforementioned Deed of Trust and Promissory Note to be a fraudulent "unenforceable contract."

3. CBFSB and its successor BOA have also claimed to be either the beneficiary or the loan-servicing agent (hereinafter CBFSB and BOA shall individually and/or collectively be referred to as the "Defendant").  It was the fiduciary duty of RTCNA and its successor RTC to keep the Plaintiff informed of any and all activities that could potentially compromised the Plaintiff's equity in the Real Property, i.e. the Trustee was deficient to protect and enforce the rights of the Plaintiff.  A mortgage Loan Trustee's duty and function in the State of California is to hold and maintain a Real Property title for the Borrower and the Lender for the duration of the loan.  It is the Trustee who retains factual ownership and control of the Real Property in question, not the Lender. Accordingly, RTCNA and its successor RTC failed to carry out the Trustee's fiduciary duty as a neutral third party.  The Trustee is obligated to remain neutral and disinterested at all times and must refrain from acting in bias toward either the Lender or the Borrower. The trustee is charged with administering the terms of the deed of trust for both parties as defined within the document, which is why neutrality is so crucial. At the end of the loan, when (and assuming if) the Borrower

-4-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

pays back the Lender back in full, the Trustee is responsible for conveying interest in the title back to the Borrower.  The Lender has no part of the transfer process beyond notifying the Trustee that the Borrower completed repayment.   RTCNA and its successor RTC breached its fiduciary duty in this regard concerning the Plaintiff's Purported mortgage Loan.

4.    The Lender and the Borrower together designate who will act as the Trustee; both parties must agree with the decision before finalizing the Deed of Trust.  Lenders may use a trustee with whom they are acquainted so long they are not affiliated.  The trustee must also agree to the designation.

## JURISDICTION AND VENUE

5.    The United States District Court for the Central District of California (Southern  Division) (this "Court") has Original Jurisdiction over this claim because this action, which is based upon violations of Title 18 U.S.C.  §§ 371, 1021, 1021 1331, 1332, 1341, 1343, 1344, 1951, 1961– 68and 2202, Title 15 U.S.C § 1692, Title 12 U.S.C § 2605, Title 15 U.S.C 130(a) the "Truth in Lending Act," Title 15 U.S.C. 1640(a) and Title 42 U.S.C. § 131(f) or (g) for the economic deprivation that the Defendant enacted upon the Plaintiff.

6.    The Plaintiff further avers that this Court possesses Supplemental Jurisdiction over pendant State of California claims in accordance and pursuant to Article III of the United States Constitution, which is further reinforced and supported by the enactment Title 19 U.S.C. § 1337.

## VIOLATION OF RESPA

9.    The Plaintiff states that she sent out Written Demands to Defendants  and to the Federal Department Of Insurance Corporation ("FDIC") demanding certain forms, balance sheets, prospectus and other purported mortgage loan related materials and a Qualified Written Request ("QWR") to every named Bank Defendant and Servicer in this action.  To date, not one of the Defendants has/have properly responded to the Demands and/or the QWRs.  Nonetheless, the

-5-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

Plaintiff is entitled to have a response to the Demands and more details regarding what was requested in the aforementioned QWRs.  The Defendant has ignored its required responsibilities to answer said FDIC Demands and QWRs and as of a result are in violation of the Real Estates Settlement Procedures Act ("RESPA").  RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related and/or regulated purported mortgage loan.  Note – The FDIC Demands also contain a provision for a timely response within twenty days of receipt and that failure to respond would be consent for the "Rescission of the Plaintiff's Deed of Trust and Promissory Note," again noting that the Defendant NEVER answered the aforementioned Demands nor rebutted any affidavits of facts and did not rebut the Notice of Default they received from Plaintiff. See *Jesinoski Et Ux v. Countrywide Home Loans, Inc.*                                                                                                      NO

Plaintiff defaulted the Defendants through lawful process of default due to not responding to QWR/TILA REQUEST and caused the Notice of Default to be recorded July 13, 2015 in the land records office of Orange County California, #2015000362976, in the amount of 15.3 million dollar tort.

10.     The Plaintiff in accordance and pursuant to RESPA sent TILA Demands the Defendant NEVER answered and a QWR written request for information related to the servicing of such loan as per the requirements of Title 12 U.S.C. § 2605(e)(1)(A) that included a statement of the reasons for the belief of the Borrower, to the extent applicable, that the account is in error and to provide sufficient details to the servicer regarding other information sought by the borrower. See Id. 12 § 2605(e)(1)(B).  The FDIC Demands and the QWRs also requested that the answer include the name and account of the borrower.  Accordingly, as previously referenced above, the Plaintiff has not received a single answer from any of the named Defendants.  The Plaintiff avers that the

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

QWR letter explained that the Plaintiff was concerned about the sales and transfers of purported mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices that may have also negatively affected any credit rating, purported mortgage account and/or the debt or payments that the Plaintiff may/may not be obligated to pay.   The Plaintiff has been damaged by the repeated pattern of practice of violating the statute and has sustained actual damages caused by the asserted violation including having credit destroyed, continued identity theft and trespass on title, the estate and land by Defendants and or their representatives/associates. Plaintiff has also suffered harassment leading to health and financial loss due to losing the ability to continue working as she fights this unlawful foreclosusure.  See Title 12 U.S.C. § 2605(f).  See Uniform Deceptive Trade Practices Act of 1964. WHAT ABOUT THE NOD BEING MENTIONED HERE

## VIOLATIONS COMPRISING CAUSE OF ACTION

11.     Plaintiff avers that Defendant RTCNA and its successor RTC, (followed by alleged Trustee Quality Loan Servicing Corporation (QLSC) as a trustee of the Plaintiff's Deed of Trust, had a duty of good faith towards the Borrower and Grantor on the Deed of Trust, as well as to the beneficiary. When the Plaintiff asked why The Bank of New York Mellon, did not cancel the aforementioned foreclosure sale, BONYM indicated they had no authority to foreclose or not to foreclose as they would not be foreclosing. When BOA was asked about foreclosure in 2010 Plaintiff was told due to the Discharged Plaintiff filed they could not foreclose if they wanted to. Consequently, Defendants committed unfair and deceptive acts and violated its/their fiduciary duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales.  Those failures include:

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

a.   Failing to identify the actual owner of the Promissory Note in the Notice of Default And Election To Sell Under Deed Of Trust;

b.   Failing to obtain proof that the Beneficial Ownership Interest was conveyed to BONYM as the Beneficiary-Owner of the Promissory Note secured by the Deed of Trust;

c.   Creating or using documents essential to a valid Trustee's Sale or for a Reconveyance of the Deed of Trust that have been improperly executed, notarized or sworn to, including: i) documents that were not signed in front of a Notary Public, ii) documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the Notary Public, iii) using signatories who simultaneously claim to be officers of the beneficiary of the Defendant and a servicer all while actually being employees of the Defendant, iv)  executing documents without direct knowledge of the facts contained therein, and v) Conducting joint prosecution and/or defense of legal claims with the Beneficiary or its agent on matters related to its duty of good faith to the borrower.

d.   Defendants allegedly engaged Select Portfolio Servicing, Inc. ("SPS"), a servicing company in Salt Lake City, Utah, who in turn provided spurious and falsified "Collateral Documents" to the Plaintiff to justify the monies allegedly owed by the Plaintiff. Plaitiff had 3 appointments in house with SPS to produce documents and SPS never did. SPS representatives stated only electronic copies are available, no originals were known.

12.  Defendant further failed to properly itemize and/or has misrepresented the reinstatement amount by, including, however, not limited to, overcharging for recording fees, posting fees and mailing fees.  By demanding inaccurate amounts and failing to properly itemize amounts, the Defendant has prevented the Plaintiff from determining whether the  fees are reasonable and in essence has

-8-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

overcharged the Plaintiff and has prevented the Plaintiff from curing Plaintiff's alleged default within the statutory guidelines for reinstatement in violation of the Dodd-Frank Act also known as the 2010 Home Owner's Bill Of Rights. Defendant failed to act in good faith to prove their standing and honor the void assignment and void Grant Deed used against the property recorded July 2, 2017. The collateral documents provided by Defendant SPS were spurious. In fact SPS agreed to a settlement negotiation and in February 2016 an escrow was opened with a third party to help settle the matters between the parties and SPS failed to correspond or honor their commitment to settling the account.

13.   In the Notice of Defaults recorded before the assignments of Deed of Trust on 10/26/2010, RTC as the successor RTCNA alluded that the Plaintiff's Deed of Trust secures an obligation in favor of Defendant CBFSB and its successor BOA, as Beneficiary, when RTCNA and its successor RTC knew or should have known that Defendant CBFSB as predecessor of BOA is not the party to whom the obligation is owed, i.e. a "Broken Chain Of Title" and more than sufficient grounds for a the Rescission of the Deed of Trust and Promissory Note.   Accordingly, in spite of lack of standing to foreclose by Defendants the Plaintiff's Real Property that was known and understood by RTCNA and its successor RTC/QLSC, Defendant claimed that the Plaintiff's Promissory Note was executed in favor of BOA then BONYM as the Successor of CBFSB. Thus there is evidence to support a violation of Title 18 USC § 1001 "False Statements."   False Statements holds:

> "(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> > (1)   Falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> >
> > (2)   Makes any materially false, fictitious, or fraudulent statement or

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

representation; or

(3)   Makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry."

In this process, the Plaintiff alleges that there is evidence of questionable and/or spurious activities, likened to a violation of Title 18 USC § 1001 – "False Statement Or Entries."

14.   In the course of conducting its business, Defendants made numerous misrepresentations and failed to disclose material terms as alleged in above enumerated paragraphs as an act of subterfuge to cloak and mask the truth, and to cover up the unenforceability and the illegal and unlawful fraudulent contract (the "Non-Judicial Deed Of Trust And Promissory Note").   The Plaintiff avers that such conduct constitutes unfair or deceptive acts or practices in trade or commerce and/or unfair methods of competition.

15.   In the course of conducting its business Defendants engaged in numerous unfair acts and practices that are contrary to the public interest, and is not reasonable in relation to the development and preservation of business.

16.   RTCNA and its successor RTC, QLSC regularly acted as trustee for Deeds of Trust secured by residential Real Property located in the State of California, County of Orange and San Juan Capistrano Unincorporated.   Accordingly, RTCNA and its successor RTC, QLSC had a fiduciary duty of good faith towards the borrower and grantor on the Deed of Trust as well as to the beneficiary.   Defendants have committed unfair and deceptive acts and violated its/their duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales.   Those failures include:

a.   Failing to identify the actual owner of the Promissory Note in the Notice of Default;

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

b.   Failing to obtain proof that the Beneficiary is the owner of the Promissory Note secured by the Deed of Trust;

c.   Creating or using spurious documents essential to a valid Trustee's Sale or to a Reconveyance of the Deed of Trust that are improperly executed, notarized or sworn to, including:

   i)   Documents that were not signed before a Notary Public;

   ii)   Documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the Notary Public, a violation of Title 18 USC § 1001 – "False Statements And Entries" and Title 18 USC 495 – "Forgery."

   iii)   Failure to properly serve the Notices Of Default And Election To Sell Under Deed Of Trust and Notice Of Trustee's Sale upon the Plaintiff.  See *Gilbert v. United States*, 370 U.S. 650 (1961); also see *United States v. Hill*, 579 F.2d 480 (8th Cir. 1978), supporting the premise that "under common law forgery, it was incumbent on the prosecution to establish an intent to defraud."

   iv)   Using signatories who simultaneously claim to be officers of the beneficiary, Defendants CHL, BONYM, RTCNA, MERS, BOA, RTC, BAC, BFSBS, SPS, QLSCC or an unauthorized servicer, all while actually being employees of Defendant CBFSB, COUNTRYWIDE BANK FSB as the listed Lender on the Deed of Trust, amounting to a violation of Title 18 USC § 2 – "Aiding And Abetting The Commission Of A Crime;  and

-11-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

Defendants CBFSB and BOA, BONYM (hereinafter CBFSB, BOA and TBNYM – TBNY – ALT -2007-HY9 shall be referred to as the "Bank Defendant's") could not legally execute any of the documentation in question in the State of California. The Defendant banks and employees, notary publics and officers who were signing the documentation in question on behalf of the Bank Defendants. Upon request by the Bank Defendants, Defendants formal corporate documentation designating one or more of Defendants' employees chosen as the "certifying officers" of the Bank Defendants. In essence Defendants authorized certain employees of the note holder or, more commonly, the note holder's servicing agent(s) to execute assignments on their behalf. These employees (Bank Defendants and Defendants were deputized at their own election as either "vice presidents" or "assistant secretaries" of Defendants and the actions that they took as their agents are contained in the Bank Defendants corporate documentation. Bank Defendants would enter the names of their selected employees into formal corporate documentation and in turn would immediately produce a quasi-certifying resolution" of sorts. The deputized employees then were free to use certain titles and powers assigned to the individuals who became the Bank Defendants' certifying officers, which is confounding, given the fact that these individuals are not actually connected to the Bank Defendants in any way. Accordingly, the Defendant Banks and other Defendants did not have the legal authority to sign on the Bank Defendants' behalf. Even though acts of a misdemeanor can or could be ratified, criminal acts cannot. See *United Medical Management Ltd. v. Gatto* 49 Cal.App.4th 1732 (1996). Also see *Perlas v. Purported mortgage Elec. Registration Systems, Inc.,* 2010 WL 3079262 * 7, an unpublished case as of 10/18/2010. Citing:

> "A nonqualified corporation subject to a misdemeanor prosecution and on conviction to a heavy fine for doing business without complying with the law, is permitted to qualify, be restored to full legal competency and have its prior transactions given full effect."

-13-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
**OF DEED OF TRUST**

See *Tucker v. Cave Springs Min. Corp.* (1934) 139 Cal. App. 213, 217 [33 P.2d 871].

**19.** Accordingly, every signature by the Defendant through a Corporate Resolution could not be legally performed because Bank Defendants lacked the Statutory Authority to do so. In so executing said documents relative to Notice Of Defaults ("NODs"), Notice Of Trustee's Sale ("NOTS") and any other issues that were filed by individuals representing themselves to be employees of the Bank Defendants and were executed by a signatory that did not possess the legal statutory authority. One court decision concurs that "if a contract is made in another state, with a view to its execution here, there is no doubt that the parties will be charged with the laws of this state and the maxi ignorant legs nominee excusal will apply." See *Merchants Bank v. Spalding*, 12 Barbour, p.3. Also see, *Lambert v. California*, 355 U.S. 225 (1957). **Jon Secrist as notary and employee of Bank of America, used his notary to execute a false document known as the Corporate Assignment of Deed of Trust #2010000564031 dated October 26, 2010 and found to be a false document and awarding Plaintiff the Defendant Jon Secrist's Notary Bond in payment for the false document, rendering it void of standing to use for foreclosure action.**

### PRUDENTIAL STANDING

20. Even though the Defendant may meet the "State Of California Constitutional Minimal For Standing" in claiming that the Defendant owns the Notes pursuant to California Civil Code of Procedure § 2923.5, when the Defendant does not, the above clearly shows that this determination does not end the inquiry. The Defendant must also show that the Defendant has standing under various prudential limitations on access to Federal Courts. Prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" See *Sprint*, 554 U.S. at 289 (quoting *Elk Grove*, 542 U.S. at 11); See also *County of Kern*, 581 F.3d at 845. The Defendant

-14-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
**OF DEED OF TRUST**

cannot demonstrate "Prudential Standing."In this case, one component of Prudential Standing is particularly applicable. It is the doctrine that a party must assert its own legal rights and may not assert the legal rights of others. See *Sprint*, 554 U.S. at 289; See also *Warth*, 422 U.S. at 499; See also *Oregon vs Legal Servs, Corp.*, 552 F.3d 966-971 (9th Cir). Here the Plaintiff affirmatively states that the Defendant cannot show that the Defendant had any interest in the Note or any right to be paid by the Plaintiff, i.e. the Defendant is not the REMIC. The Defendant cannot seek to invoke Prudential Standing principles, which generally provides that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it, is not a "Real Party In Interest." See *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

21. Real Party In Interest Status and Its Policies in accordance and pursuant toFederal Rules of Civil Procedure, Rule 17(a)(1) starts simply: "An action must be prosecuted in the name of the real party in interest." Although the exact definition a Real Party In Interest may defy articulation, its function and purpose are well understood. As stated in the Advisory Committee Notes for Federal Rules of Civil Procedure, Rule 17, in its origin, the Rule concerning the Real Party In Interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the Rule in its negative aspect is simply to protect the Plaintiff against a subsequent action by the party actually entitled to recover and to insure generally that the judgment will have its proper effect as res judicata. The modern function of the rule . . . is "simply to protect the defendant against a subsequent action by the party actually entitled to recover and to insure generally that the judgment will have its proper effect as res judicata." (Quoting Advisory Committee Notes to the 1966 amendment of Civil Rule 17). Article III Standing is ordinarily regarded as a jurisdictional question that turns on the nature of

-15-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

the Plaintiff's personal stake in the outcome of the case. Largely overlooked in both the case law and scholarship about standing is the fact that defendants must have standing, too. Article III restricts who may defend in much the same way that it restricts who may sue. The significance of "Defendant Standing" has been largely overlooked because – in most cases – the Standing of the Defendant is apparent: any Defendant against whom the Plaintiff seeks a remedy will have a personalized interest in defending against Plaintiff's claim.

22.     With respect to the Notes at issue, the Defendant, as will be seen, does not own such and accordingly, does not have standing to defend and to pursue action for such Notes. See SHREWSBURY vs. BONYM where the Delaware Supreme Court ruled that the assignment must meet the requirements of the Pooling and Servicing agreement and the New York Trust Laws to be valid, if not it is void. See *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("Standing to defend on appeal in the place of an original defendant, no less than standing to sue, demands that the litigant possess 'a direct stake in the outcome'"). In a number of cases the Court has dismissed for lack of Article III Jurisdiction where the defendant lacked a sufficient personal stake. See, e.g., *Diamond v. Charles*, 476 U.S. 54, 69 (1986). With respect to the Plaintiff's Notes, the Plaintiff avers that the Defendant does not have such a personal state. The United States Supreme Court voided an Alabama deed of trust instrument where the purported mortgagee was not licensed to do business in Alabama. See *Chattanooga Nat'l Bldg. & Loan Ass 'n. v. Denson,* 189 U.S. 408, 23 S. Ct. 630 (1903); See alsoComplaint in *California v.ReconTrust Company, N.A.,* King County Superior Court No. 11-2-26867- 5, at [-r 2.5, 4.2-4.3 (filed Aug. 4, 2011) (available at: http://www.atg.wa.gov/pressrelease.aspx(brought for high volume Trustee's chronic failures to follow strict procedures of the Act).

**WRONGFUL NOTICE OF FORECLOSURE**

-16-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION
OF DEED OF TRUST**

23.    The Defendant's foreclosure notice action was wrongful.  Foreclosure of the Deed of Trust is not enforceable due to that lack of ownership of the Note by the Defendant and if such lawful owner of the indebtedness was to prove up a proper Note, bifurcation of the Note and the security instrument has been proved by an assignment of the purported mortgage by an intrusive non-party that was not the "Holder in Due Course."  A foreclosure action is merely a collection action on a negotiable instrument, namely the Original Promissory Note.  A Deed of Trust acts as a security instrument for the Original Promissory Note.  A foreclosure action is a collection on the Original Promissory Note, not on the Deed of Trust.  The California Business and Commerce Code states that only a "Holder" of a negotiable instrument is entitled to enforce the negotiable instrument.  However, if such security instrument is invalid, then the "Holder" can only pursue the indebtedness of the actual "Note."  Despite of the Defendant's knowledge of the dispute regarding Defendant's right to foreclose by the Plaintiff, the Defendant pursued the foreclosure sale of the subject Real Property under the use of a nullified Deed of Trust.  To date, the Defendant has failed to demonstrate and cannot demonstrate proper transfers and assignments affixed to the Note permanently and irrevocably as that which is required to show a "Proper Chain of Endorsements" on the face of the Note supported by the "Chain of Title" filed with Public Records.

**FRAUD, DECEPTION AND CONCEALMENT BY DEFENDANT**

24.    The common facts herein include facts set forth in this Plaintiff's Complaint For Damages.  Under California Code of Civil Procedure § 1709, it is unlawful to willfully deceive another "with intent to induce him to alter his position to his injury or risk."  Under California Code of Civil Procedure § 1710, it is "deceit" to do any one or more of the following:

(a) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

-17-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

(b) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

(c) The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

(d) A promise, made without any intention of performing the promise.

25.     Under California Code of Civil Procedure § 1572, the party to a contract further engages in fraud by committing "any other act fitted to deceive." Therefore this case also is a Civil R.I.C.O. ("Racketeer Influenced and Corrupt Organizations Act" – Title 18 U.S.C. §§ 1961-1968) action, warranting an award of triple actual damages, punitive damages and attorney's fees in favor of the Plaintiff. Along with Civil R.I.C.O. there is Continuing Criminal Enterprise ("CCE"), Money Laundry and Income Tax Evasion, all very serious crimes that must not be over looked in today's fast pace trending society. Defendant deceived the Plaintiff at the time when the Plaintiff's Deed of Trust and Promissory Note were executed by making the Plaintiff believe that RTC as successor of RTCNA was the Trustee for the Deed of Trust and Promissory Note, which, albeit, RTCNA as predecessor of RTC was listed as the Trustee of the Deed of Trust, RTCNA and its successor RTC NEVER protected the rights and remedies of the Plaintiff as a "True Neutral Third Party" to the detriment of the Plaintiff.

**INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA CIVIL CODE §**

**2923.5 AND OTHER ISSUES WITHIN THIS COMPLAINT (AGAINST DEFENDANT)**

26.     The Plaintiff is entitled to relief as is set forth in this Plaintiff's Complaint For Damages and such further relief as set forth below in the section captioned Prayer for Relief, which is by this reference incorporated herein. California Code of Civil Procedure § 2923.5 requires that each purported mortgagee, trustee, beneficiary or authorized agent may not file a Notice of Default

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

pursuant to California Code of Civil Procedure § 2924 until 30 days after initial contact is made as required therein or 30 days after satisfying the due diligence requirements to contact the purported mortgagee described therein. RTCNA as predecessor of RTC had a fiduciary duty to timely notify the Plaintiff pursuant to the above mentioned and referenced California Code Of Civil Procedure § 2924, however, RTCNA as predecessor of RTC and later QLSC failed to make "initial contact" with the Plaintiff as required, i.e. RTCNA as predecessor of RTC violated the foregoing by causing a Notice of Default to be filed against the Plaintiff's Real Property without the mandatory notice, let alone the "initial contact" with the Plaintiff. The Defendant did not diligently endeavor to contact the Plaintiff as required by California Code of Civil Procedure § 2923.5(g) and thereby also violated California Code of Civil Procedure §§ 2923.5 and 2924. Included in the noncompliance, RTCNA as predecessor RTC and later SPS and QLSCC caused false declarations to be recorded in the public records in furtherance of the RTCNA's and/or RTC's and/or SPS's and/or QLSCC's unlawful foreclosure proceedings in violation of California Code of Civil Procedure § 2923.5 and other California laws precluding the filing of false statements in addition to several Federal Laws in articulating and execution an Artificed Fraudulent Scheme designed to enrich the Defendant at the expense and detriment of the Plaintiff. As a result of the foregoing unlawful conduct, the Plaintiff suffered further injury, monetary and property loss due to the Defendant filing of a Notice of Default without standing to do such. Such injuries and loss could potentially include diminished credit scores with a concomitant increase in borrowing costs and diminished access to credit, fees and costs, including, without limitation, attorneys' fees and costs with respect to wrongful notices of default and loss of some or all benefits appurtenant to the ownership and possession of the Plaintiff's Real Property. Accordingly, the Plaintiff is entitled to such relief as is set forth in this Plaintiff's Complaint For

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

Damages and such further relief as is set forth below in the section captioned Prayer for Relief, which is made a part hereof by this reference incorporated herein.

## **VIOLATION OF RESPA**

27.   The Plaintiff avers that she sent several written requests to the Defendants CHL, CBFSB, BOA,, BONYM and TBNYM – TBNY – ALT -2007-HY9 based upon obtaining information relative to the Plaintiff's Real Property, Deed of Trust and Promissory Note. Defendants CHL, CBFSB, BOA BONYM and TBNYM – TBNY – ALT -2007-HY9 did not answer and/or just gave partial answers to the Plaintiff.  The Plaintiff avers that Bank Defendants knowingly and willing did not respond to such information because the information would have prevented foreclosure.  Bank Defendants used the "foreclosure mill" process to process thousands of cases throughout the Courts of California each year, using the same racketeering scheme that has been used by RTCNA as predecessor of RTS and then SPS and QLSCC on behalf of Bank Defendants in association with Defendants RTCNA, RTC, SPS and QLSC against the Plaintiff, i.e. the Defendant's conspiracy, as alleged, detailed and explained by the Plaintiff in this action.  This is another reason why the Bank Defendants did not provide said information.  The Plaintiff's Loan(s) is/are a Federally Regulated Purported mortgage Loan(s) and is/are subject to the Real Estate Settlement Procedures Act ("RESPA") of 1978 and RESPA's implementing regulation, Regulation X and the Dodd-Frank Act. The Plaintiff's TILA Demands contained information to enable the Bank Defendants to identify the Plaintiff's Loan(s), including, however, not limited to the borrower's name, loan number and property address. Also, the Plaintiff's TILA Demands and QWRs contained requests for information of the loan, specifically the identity and contact information of the creditor of the Plaintiffs' Note(s), a complete loan history, accumulated late fees and charges and requested information to verify the validity of the purported debt owed to

-20-
## **COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
## **OF DEED OF TRUST**

the Bank Defendants.  Accordingly, the Plaintiff prays for a judgment in the Plaintiff's favor and against the Defendant and the Defendant's co-conspirators, jointly and severally.

### R.I.C.O. SUPPORTED BY THE DEFENDANT'S

### VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 17200 & 17210 AND FRAUD

### PURSUANT TO THE COMMON LAWS OF CALIFORNIA AND RESPA

28.     The United States Racketeer Influenced Corrupt Organization ("R.I.C.O.") Statute in accordance and pursuant to Title 18 U.S.C. § 1961 provides, in relevant part, the following:

(1) [R]acketeering activity "means . . . any act which is indictable under any of the provisions of title 18, United  States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud) . . . section   1951 (relating to interference with commerce or extortion), section 1952 (relating to racketeering), . . .  section 1956 (relating to the laundering of  monetary instruments) . . . , [and] sections 2314 and 2315 (relating to interstate transportation of stolen property) . . . . § 1962." Prohibited Conduct:

"(a) It shall be unlawful for any person who has received any income derived . . . from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest . . . any part of such income . . . in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in . . . commerce.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain . . . any interest in or control of any enterprise which is engaged in . . . commerce.

-21-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
**OF DEED OF TRUST**

(c)  It shall be unlawful for any person employed by or associated with any enterprise engaged in . . . commerce, to conduct or participate . . . in the conduct of such enterprises affairs through a pattern of racketeering activity or collection of unlawful debt.

(d)  It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.  Title 18 U.S.C. § 1964 – Civil Remedies.

(e)  Any person injured in his business or property by reason of a violation of § 1962 of this chapter may sue therefore in any appropriate United States District court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorneys' fees. . . ."

29.   At all relevant times, the Plaintiff was a "person" for the purposes of the R.I.C.O. Act – Title 18 U.S.C. § 1964(c).  At all relevant times, the Defendant was a "person" for the purposes of the R.I.C.O. Act – Title 18 U.S.C. § 1962.   At all relevant times, the Defendant formed an association-in-fact for the purpose of bifurcating purported mortgages, selling them off and then filing fraudulent mortgage foreclosures intended to conceal the unlawful bifurcations.   This association-in-fact is an "enterprise" within the meaning of R.I.C.O. – Title 18 U.S.C. §§ 1961(4) and 1962.   At all relevant times, the Defendants engaged in activities that affected interstate and foreign commerce within the meaning of R.I.C.O. – Title 18 U.S.C. § 1962.   At all relevant times, the Defendant engaged in "racketeering activity" within the meaning of Title 18 U.S.C. § 1961(1) in the acts set forth as referenced above included the collection of unlawful debts.  These acts constitute a violation of one or more of the following sections of Title 18 U.S.C. § 1341 (relating to mail fraud), Title 18 USC § 1343 (relating to wire fraud), Title 18 USC § 1344 (relating to financial institution fraud), Title 18 USC § 1951 (relating to interference with

**-22-**

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

commerce or extortion), Title 18 USC § 1952 (relating to racketeering), Title 18 USC § 1956 (relating to the laundering of monetary instruments) and Title 18 USC §§ 2314 and 2315 (relating to interstate transportation of stolen property).  The acts alleged were related to each other by virtue of common participants, common victims (the courts, the homeowners, the junior purported mortgagees, the buyers of foreclosed homes and the title companies), a common method of commission and the common purpose and common result of defrauding the victims, including, however, not limited to enriching the Defendant at the expense of such victims.

30.   Upon information researched and obtained and the belief of the Plaintiff, the fraudulent scheme has continued for at least the past ten years and threatens to continue for longer.  The Defendant committed and/or aided and abetted the commission of hundreds of thousands of acts of racketeering activities in a dense pattern of fraud and deceit over a period of ten years.  See Continuing Criminal Enterprise, which states, in part:

"(c)"**Continuing criminal enterprise" defined**

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) He violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) Such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) Which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) From which such person obtains substantial income or resources."

-23-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

At all relevant times, the Defendant received income derived from a pattern of racketeering activities or through collection of unlawful debts in which the Defendant participated as a principal and used part of this unlawful income to acquire an interest in and to establish or operate the association-in-fact that engaged in interstate commerce in order to control that enterprise. These unlawful and spurious acts are prohibited according to Title 18 U.S.C. § 1962(a).  At all relevant times, the Defendant, through a pattern of racketeering activities and through collection of unlawful debts, acquired or maintained an interest in or control of the association-in-fact that is an enterprise engaged in interstate commerce, which are prohibited by Title 18 U.S.C. §1962(b).

31.   At all relevant times, the Defendant was employed by or participated in the association-in-fact and engaged in interstate commerce and conducted or participated that enterprise's affairs through a pattern of racketeering activity or collection of unlawful debts, which is prohibited by Title 18 U.S.C. § 1962(c).  As a result of the Defendant's violation of the R.I.C.O. Act, the Plaintiff has lost a large sum of money in an amount to be determined at trial.  As a result of their misconduct, the Defendant is liable to the Plaintiff for the Plaintiff's losses in an amount to be determined at trial.  In accordance and pursuant to Title 18 U.S.C. § 1964(c), the Plaintiff is entitled to recover three times its actual damages, plus punitive damages, costs and attorneys' fees from the Defendant due to the presence of R.I.C.O. violations enacted by the Defendant upon the Plaintiff – victim.  Accordingly, the Plaintiff prays for a judgment against the conspirators, jointly and severally.

### R.I.C.O. CONSPIRACY – RESPA (ALL DEFENDANT BANKS, TRUSTEES, BENEFICIARIES, NOTARIES, SERVICERS AND EMPLOYEES INTERNALLY)

32.   At all times, relevant with regard to this matter, the Plaintiff was a "person" within the meaning of Title 18 U.S.C. §§ 1961(3) & 1964(c).  At all times, the Defendant was a "person" within the

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

meaning of Title 18 U.S.C. §§ 1961(3) and 1962(d).  At all times, the Defendant's association-in-fact was an enterprise engaged in and affecting interstate and foreign commerce as defined by Title 18 U.S.C. § 1962(c).  The Defendant conspired to associate in fact and to combine or confederate, directly or indirectly, to conduct the affairs of the association-in-fact through a "pattern of racketeering activity" defined by of Title 18 U.S.C. § 1961(5) in violation of Title 18 U.S.C. §§ 1962(c) and 1962(d) a "pattern of continuing criminal activity" defined by Title 21 U.S.C § 848.   The Defendant (the Conspirator") was associated with the association-in-fact and agreed and conspired to violate Title 18 U.S.C. § 1962(c) and committed a series of overt acts in furtherance of the object thereof, to swindle the Plaintiff for the personal gain and enrichment of the Defendant to the detriment of the Plaintiff.  As a result of the violation of Title 18 U.S.C. §1962(d), the Plaintiff has suffered Monetary loses of approximately $3 Million – the value of the Plaintiff's Real Property at the time of the unlawful foreclosure sale and the Plaintiff was forced to incur substantial legal and professional costs to defend her Real Property, acts by the Defendant that injured the Plaintiff in an amount to be determined at trial as per Title 18 U.S.C. § 1964(c) and is entitled to recover three times actual damages, plus punitive damages, costs and attorneys' fees in an amount to be determined at the time of trial.  Note – Whenever and wherever the Plaintiff refers to multiple Defendants acting in conspiracy with one another that include the employees of the Defendant.  The Plaintiff asks this Court to keep in mind that the Plaintiff is not inferring that receptionist employees, filing clerks and other types of employee were involved in the furtherance of carrying out the Artificed Fraudulent Scheme as articulated in this Plaintiff's Complaint For Damages and that the term "Employee(s)" used in such context by the Plaintiff is limited to certain key employees who either conspired or aided and abetted the Defendant in order to carry out the aforementioned Artificed Fraudulent Scheme.

-25-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

## R.I.C.O. SUPPORTED BY DEFENDANT'S MODIFICATION, VIOLATION OF CALIFORNIA CIVIL CODE §§ 17200 & 17210, FRAUD AND RESPA (AS TO EACH INDIVIDUAL BANK AND THEIR TRUSTEE, BENEFICIARY NOTARY, SERVICERS AND EMPLOYEES INTERNALLY)

33.   The R.I.C.O. Act Statute as per the Title 18 U.S.C. § 1961 definition quoted and annunciated above applies here as well.  Here again at all relevant times, the Plaintiff was a "person" for the purposes of Title 18 U.S.C. § 1964(c) and at all relevant times the Defendant was a "person" for the purposes of Title 18 U.S.C. § 1962.  At all relevant times, the Defendant formed an association-in-fact for the purpose of bifurcating purported mortgages, selling them off and then filing fraudulent purported mortgage foreclosures intended to conceal the bifurcations.  The Defendant did this to the Plaintiff's Deed of Trust and Promissory Note.  This association-in-fact is an "enterprise" within the meaning of Title 18 U.S.C. §§ 1961(4) and 1962.  At all relevant times, the Defendant was engaged in activities that affected, interstate and foreign commerce within the meaning of Title 18 U.S.C. § 1962.  At all relevant times, the Defendant was engaged in "racketeering activity" within the meaning of Title 18 U.S.C. § 1961(1) by engaging in the acts set forth herein, including the collection of unlawful debts.  The acts set forth above constitute a violation of one or more of the following:  Title 18 U.S.C. § 1341 (relating to mail fraud), Title 18 U.S.C. § 1343 (relating to wire fraud), Title 18 U.S.C.§ 1344 (relating to financial institution fraud), Title 18 U.S.C. § 1951 (relating to interference with commerce or extortion), Title 18 U.S.C. § 1952 (relating to racketeering), Title 18 U.S.C. § 1956 (relating to the laundering of monetary instruments) and Title 18 U.S.C. §§ 2314 and 2315 (relating to interstate transportation of stolen property).  The acts alleged herein were related to each other by virtue of common participants, common victims (the courts, homeowners, junior purported mortgagees, buyers of

-26-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

foreclosed homes and title companies), a common method of commission and the common purpose and common result of defrauding the victims and enriching the Defendant at the expense of the aforementioned victims.   Upon information researched and obtained and the Plaintiff's belief(s), the Artificed Fraudulent Scheme untaken by the Defendant has continued for the past ten years and continues at this present time.   The Defendant committed and/or aided and abetted the commission of tens of thousands of acts of racketeering in a dense pattern over a period spanning the course of the past ten years.

34.   At all relevant times, the Bank Defendants received income derived from a pattern of racketeering activity or through collection of unlawful debts in which the Defendant participated as a principal and used part of this unlawful income to acquire an interest in and to establish and/or operate the association-in-fact that is engaged in interstate commerce in order to control that enterprise. These acts are prohibited in accordance and pursuant to Title 18 U.S.C. § 1962(a).   At all relevant times, Defendant, through a pattern of racketeering and through the collection of unlawful debts, acquired or maintained an interest in or control of the association-in-fact, which is an enterprise that engaged in interstate commerce.   These acts are prohibited by Title 18 U.S.C. § 962(b).   At all relevant times, the Defendant was employed by or participated in the association-in-fact and was engaged in interstate commerce and conducted and/or participated that enterprise's affairs through a pattern of racketeering activities and/or the collection of several unlawful debts.   These acts are prohibited in accordance and pursuant to Title 18 U.S.C. § 1962(c).   As a result of the Defendant's violation of the Racketeer Influenced Corrupt Organizations ("R.I.C.O.") Act.   The Plaintiff has lost a large sum of money in an amount to be determined at trial, though her recorded NOD against the defendants stand as fact and should be relied on to be included.   As a result of the unlawful misconduct, i.e. the unlawful enrichment to the detriment of the Plaintiff, the

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

Defendant is liable to the Plaintiff for Plaintiff's losses in an amount to be determined at trial. According to Title 18 U.S.C. § 1964(c), the Plaintiff is entitled to recover three times its actual damages plus punitive damages, costs and reasonable attorneys' fees from the Defendant.  At all times material hereto, the Defendant has been involved in a conspiracy with the intent to cause monetary injury and harm to the Plaintiff.  Accordingly, the Plaintiff prays for a judgment against the Defendant and the Defendant's conspirators, jointly and severally.

### BREACH OF SECURITY INSTRUMENT (AS TO DEFENDANT)

35.   The Deed of Trust is the document that allows a non-judicial foreclosure to proceed and gives Power of Sale to the duly appointed Trustee.   As per the Deed of Trust, only the Lender/Beneficiary can invoke the foreclosure.  As per the Deed of Trust, the Lender may appoint a trustee.  The Substitution of Trustee in this case is void due to fraud and was not executed in compliance with California Civil Code § 2934(a), again noting that RTCNAas predecessor of RTCwas listed as the Original Trustee on the Plaintiff's Deed of Trust and Promissory Note and that  RTCNA failed it duty as a Trustee thereby compromising the integrity of the "contract" between the Plaintiff and Defendant, i.e. the "Non-Judicial Deed Of Trust And Promissory Note" are a spurious fraudulent, unenforceable and non-binding agreement-contract. The Substitution of Trustee is invalid also because the Lender, as required, did not execute the document in accordance and pursuant to the terms and conditions of the Deed of Trust.  Defendant was never effectively substituted as the Trustee. Notice of Defaults were recorded PRIOR to the assignment, which if it were the true holder-in-due-course, it would be mandatory to obtain beneficial interest in the Deed of Trust prior to invoking foreclosure.  In the case of a mortgage with a power of sale, an assignee can only enforce the power of sale if the assignment is recorded legally to allow the assignee the authority to conduct the sale and must also provide express authority to conduct the

-28-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
**OF DEED OF TRUST**

sale must appear in the public records.  In this case, the fraudulent assignment of the Plaintiff's Note(s) and Deed(s) of Trust was/were recorded AFTER the Notice of Default, after the required time within the Pooling and Servicing agreement and under New York York Trust law then the late assignment is void.  which proves that the Notice of Default was void at its inception at the time of recording.  A non-judicial foreclosure sale under the power-of-sale in a Deed of Trust must be conducted in strict compliance within the provisions of the applicable statutory law.  A trustee's powers and rights are limited to those set forth in the Deed of Trust and the laws applicable thereto.

36.  The notice of acceleration and notice to cure given to the borrower pursuant to the Plaintiff's Deed of Trust and notice of acceleration given to the borrower thereof shall be deemed to satisfy the notice and opportunity to take corrective action provisions as contained therein.  When there is an agreement between the Beneficiary and Trustor, such as the condition precedent contained in the Deed of Trust, a foreclosure cannot take place before the condition is satisfied.  If the beneficiary fails to carry out its obligation, a subsequent foreclosure is invalid.  The Defendant has not complied with any expressed provisions of the Deed of Trust and in essence has spuriously trespassed upon the Deed of Trust and the Plaintiff's Real Property, thereby warranting the full Rescission of the Deed of Trust and Promissory Note that the Plaintiff is seeking hereunder.  Therefore, the foreclosure and sale must be rendered void and rescinded under California Code of Civil Procedure § 3513.  Any one may waive the advantage of a law intended solely for their benefit, however a law established for a public reason cannot be contravened by a private agreement.  See California Code of Civil Procedure § 3514.  One must so use their own rights so as not to infringe upon the rights of another.  The Defendant has violated the provisions of California Code of Civil Procedure § 3514 and has severely impacted and infringed upon all of

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

the rights of the Plaintiff.  All the acts of the Defendant described herein are a breach of the security instrument, in this case the Deed of Trust.  The Plaintiff first learned of the actions of the Defendant, including the Defendant's failure to disclose the fraud committed upon the Plaintiff in July of 2014.  Any applicable statute of limitations should run from this date, as well as tolling as the false claims are uttered. Plaintiff filed a Notice of Rescission that was mailed to the Bank Defendants and which was NEVER addressed by the Bank Defendants within the twenty-day timeframe provided by the enactment of TILA.  See also Title 15 U.S.C. § 1635(g), Title 15 U.S.C. § 1641(c), 12 C.F.R. §226.33(a)(3), Regulation Z and TILA. Plaintiff subsequently filed a default notice in the legal news section of publication in the paper and following further default she caused a Notice of Default to be filed in the Orange County Recorders office in July 2015. Statutes of Limitations continued to toll due to the uttering of false claims and documents by Defendants.

### DECLARATORY JUDGMENT QUIET TITLE

### (TO ALL DEFENDANT BANKS AND DOE DEFENDANTS)

37.   The Plaintiff states that Title 28 USC § 2201(a) states:

> "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of the Free Tariff Act of 1930, as determined by the administering authority, any court of the United States, upon the filing of an a appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or  not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

38.   The Plaintiff further avers that Title 28 USC § 2202 states:

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse 4 party whose rights have been determined by such Judgment."

Accordingly, the Plaintiff states that Defendant Banks do not have a secured or unsecured legal equitable or pecuniary interest in the purported lien, which is further evidenced by the Plaintiff's Deed(s) of Trust that the Defendant Banks purported to have assigned, further noting that they have no value since the Plaintiff's Deed(s) of Trust is/are wholly unsecured.  The Defendant Banks claimed they were assigned the Plaintiff's Deed(s) of Trust and that they were transferred to a secured enforceable interest in the Plaintiff's Deed(s) of Trust and that the Defendant Banks perfected a lien procured by the Defendant Banks against the Plaintiff s Note(s), Deed(s) of Trust and Real Property. Though, the named trust on the assignment, **THE BANK OF YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-HY9** is not the same as the name uttered in documents presented by Defendants in the Trustee's deed upon sale, foreclosure, Default documents known as, **THE BANK OF  NEW YORK MELLON,F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9**. The two names are not matching and thus not the same entities used, which lends itself to further securities fraud as well. Thus, the competing allegations made by the Plaintiff and the Defendant establish that a real and actual controversy exists as to the respective rights of the parties hereto pertaining to the ownership of the Plaintiff's Real Property.  Consequently, the Plaintiff requests that the Court make a finding and issue appropriate orders stating that the named Defendant does not possess any right or interest in the Plaintiff's Note(s), Deed(s) of Trust or Real Property that

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

authorizes the named Defendant in fact or as a matter of law, to collect the Plaintiff's purported mortgage payments or to enforce the terms of the Note or Deed of Trust in any manner whatsoever.  The Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties hereto because:

    (a)  The Plaintiff will be denied the opportunity to identify the true and current creditor/lender and to negotiate with them;

    (b) The Plaintiff will be denied the right to conduct discovery and have the Defendant Banks claims verified by a custodian of records who has personal knowledge of the loans and all transactions related to it; and

    (c) The Plaintiff will be denied the opportunity to discover the true amount the Plaintiff still owes minus any illegal costs, fees and charges.

51.    The Plaintiff has sent or has caused to be sent notice of the Plaintiff's intent to rescind the subject loan transaction, however, the Plaintiff only sent out those notices to the entities that have been disclosed.  Hence, without this action, neither the rescission nor the re-conveyance that the Plaintiff is entitled to file (as attorney-in-fact for the originating lender) contemporaneously with this Plaintiff's Complaint For Damages gives the Plaintiff full and clear title to the Plaintiff's Real Property.  The Real Party in Interest on the lender's side may be the owner of the asset-backed security issued by the servicing and pooling vendor, the insurer through some claimed equitable interests or the Federal Government through the United States Department of the Treasury and/or the Federal Reserve.  The security is a "securitized" bond deriving its value from the underlying purported mortgages of which the Plaintiff's subject purported mortgage is allegedly one. Thus, the Plaintiff is entitled to a Quiet Title action against the Defendant, thereby clearing the title of the Plaintiff's purported subject purported mortgage encumbrance.

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

52.   The Plaintiff states that the Defendant Banks have unlawfully claimed an interest in the Plaintiff's Real Property.  However, the Defendant Banks claims are without merit and without any rights whatsoever and the Defendant Banks have no legal or equitable right, claim or interest in and to the Plaintiff's Real Property.  The Plaintiff therefore seeks a declaration and judgment that the title to the subject Real Property is vested in and to the Plaintiff alone and that the Defendant be declared to have no estate, right, title or interest in the subject Real Property and that the Defendant be forever enjoined from asserting any estate, right, title or interest in the subject Real Property adverse to the Plaintiff herein.  The Plaintiff first learned of the actions of the Defendant Banks, including their failure to disclose required information and the fraud committed upon the Plaintiff as previously mentioned in Late July of 2014, then in June 2017 Plaintiff found new evidence that different names of the CWALT Trust 2007-hy9 were being used  as false claims for standing.  Any applicable statute of limitations should run from this date.  Accordingly, the Defendant has a duty of good faith and fair dealing that is implied in each of the contracts with the Plaintiff, including the duty to charge no more than actual costs and expenses, including attorneys' fees in connection with enforcement and foreclosure proceedings as is specifically provided in the Purported mortgage Note entered into by the Plaintiff.

53.   The Defendant breached its duty of good faith and fair dealing, inter alia, directly or indirectly, through loan servicers, sub-servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers and investors and others and opted to pursue foreclosure enforcement proceedings.  Subsequently, the Defendant caused, directed or gave approval to its loan servicers, attorneys and other agents to seek costs and expenses including attorneys' fees from the Plaintiff in excess of amounts actually incurred or for which the Plaintiff was obligated to pay.  Based upon the foregoing, the Plaintiff is entitled to a

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

judgment that the Defendant has breached its duty of good faith and fair dealing implied in the Plaintiff's Purported mortgage Note(s).  As a result of the Defendant's breach, the Plaintiff has been damaged in an amount equal to any and all costs and expenses including attorneys' fees charged in excess of the amount(s) that the Defendant actually incurred.

## DEFENDANT'S VIOLATIONS OF HOME AFFORDABLE MODIFICATION
## AND PROGRAM – SLANDER OF TITLE (AGAINST ALL BANK DEFENDANTS)

54.   The Defendant has consistently violated the Plaintiff's right to have a foreclosure only upon the expiration of thirty days after a denial of a modification.  Accordingly, the Defendant has violated the Plaintiff's Home Affordable Modification Program ("HAMP") Rights to a modification as well as the Plaintiff's rights for such under any statutory scheme available.  Bank Defendants sent only the records that benefited their designated Trustee, Currently SPS and QLSC, and, before that RTC as successor of RTCNA, never verified the legitimacy of said records.

55.   The Plaintiff states that the Defendant's fraudulent recordation of the relevant instruments without privilege, knowledge or consent of the Plaintiff rendered the Plaintiff's title to the subject Real Property unmarketable.  Accordingly, the Plaintiff states that she has suffered actual damages for the wrongful and fraudulent recordation of the Defendant's spurious documents at the Office of the Orange County Recorder.  The Plaintiff states that the slander of the subject Real Property by the Defendant was intentional, fraudulent, malicious, oppressive and burdensome and deserving the imposition of punitive damages in an amount sufficient enough that such conduct will not be repeated again by the Defendant.  Consequently, the Plaintiff prays for damages in the amount of Five Million Dollars (USD 5,000,000.00) as of a result of the aforementioned slander of title and R.I.C.O. violations and that the Defendant will also in addition be ordered to pay all compensatory damages suffered by the Plaintiff.

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

**CONVERSION – DECLARATORY RELIEF:  TO DETERMINE**

**STATUS OF DEFENDANTS' CLAIMS [TITLE 28 U.S.C. §§ 2201, 2202]**

**(AGAINST DEFENDANT BANKS AND DOE DEFENDANTS)**

56.   By means of wrongful foreclosure and by the use of fraudulent means, the Defendant has attempted to convert the Plaintiff's Real Property for the Defendant's own use against the true ownership thereof.  The Defendant interfered with the Plaintiff's right to control the subject Real Property that the converter is required to pay the other the full value of the subject Real Property as damages for the conversion.  The Defendant committed the three elements required to establish a cause of action for conversion:

     (a)   Interfered with the Plaintiff's right to possession of the subject Real Property at the time of the alleged conversion;

     (b)  The Defendant's conversion was perpetrated by a wrongful act or disposition of the Plaintiff's rights to the subject Real Property; and

     (c)   The Defendant's actions caused the Plaintiff substantial damages.  Prior to the unlawful conversion by the Defendant, the Plaintiff had possession of the subject Real Property.  The Defendant, by means of the use of fraud and similar methods has attempted to convert the Plaintiff's Real Property for the Defendant's own use and benefit.

57.   **Actual Substantial Interference With Possessory Or Ownership Interests In Property**:  To establish a conversion, the Plaintiff generally must prove an actual interference with his or her ownership or right to possess property.  The Defendant interfered with the Plaintiff's dominion over the subject Real Property in a manner inconsistent with or in denial of the Plaintiff's right to

-35-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION**
**OF DEED OF TRUST**

own or possess the subject Real Property.  The interference by the Defendant was substantial and deliberate.

58.  **Presumed Measure of Damages**:  Under California Civil Code of Procedure § 3336 there is a statutory presumption regarding the detriment caused by the wrongful conversion of personal property.  The measure of damages is presumed to be [California Civil Code of Procedure §3336].

59.  The Plaintiff states that the Defendant Banks do not have a secured or unsecured legal, equitable or pecuniary interest in the lien evidenced by the Plaintiff's Deed of Trust and that the Defendant Banks purported assignments have no value since the Plaintiff's Deed of Trust is wholly unsecured.  Accordingly, the Defendant Banks claimed they were assigned and transferred a secured enforceable interest in and perfected liens against the Plaintiff's Note(s), Deed(s) of Trust and Real Property.  Thus, the competing allegations made by the Plaintiff and the Defendant herein establish that a real and actual controversy exists as to the respective rights of the parties in this matter, including, however, not limited, to the ownership of the subject Real Property. Accordingly, the Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because:

(a) The Plaintiff will be denied the opportunity to identify the true andcurrent creditor/lender and to negotiate with them;

(b) The Plaintiff will be denied the right to conduct discovery and have the Defendant Banks claims verified by the custodian of record who has personal knowledge of the loan and all transactions related to it; and

(c) The Plaintiff will be denied the opportunity to discover the true amount the Plaintiff still owes, minus any costs, fees and charges.

-36-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

60.    The conduct of the Defendant Banks, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people. The Plaintiff is therefore entitled to punitive damages in an amount appropriate and in the best interests of justice to punish Defendants Banks and to deter others from engaging in similar conduct.

**VIOLATION OF 15 U.S.C. § 1692, ET SEQ**

**(AGAINST DEFENDANT BANKS)**

61.    Fair Debt Collection Practices Act ("FDCPA"). With regard to the meaning of term "debt collector," the Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein. The Defendant Banks have attempted to collect the Plaintiff's debt obligation. Thus, the Defendant is a "Debt Collector" pursuant to the Fair Debt Collection Practices Act ("FDCPA") and not the Beneficiary of the Plaintiff's Deed of Trust and Promissory Note. The term "Debt Collector" means any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts. "A debt collector is someone who regularly collects or attempts to collect, directly or indirectly, debts owed that are due or which are asserted to be owed or due." Title 15 U.S.C.§ 1692a(6). Federal law prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt [including] the false representation of ... the character, amount or legal status of any debt ... or [t]he threat to take any action that cannot legally be taken ...." Title15 U.S.C. §1692e (2) (A) (5).

62.    The Defendant Banks attempted to collect on the Note under false pretenses, namely that the Defendant Banks were assigned the Plaintiff's debt, as well as Time Barred. The Defendant Banks, acting as the Plaintiffs purported mortgage servicer, have been acting in a manner so as to mislead the Plaintiff into believing that Defendant Banks had the authority to demand payments

**-37-**

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

from the Plaintiff.  In so doing the Defendant Banks, acting as the Plaintiff's purported mortgage servicer, threatened to take action, namely engaging in collection activities that could not legally be taken.  As alleged herein, the Plaintiff's Note was not properly transferred to the Defendant Banks, who sought to cause the Defendant Banks purported authorized agent(s) to collect purported mortgage payments and engage in other unlawful collection practices.  The Defendants Banks do not have a perfected security interest in the Plaintiff's Note and therefore the Defendant cannot enforce the Plaintiff's obligation by collecting purported mortgage payment.  The Plaintiff alleges that the Defendant Banks falsely represented the status of the Plaintiff's debt and the Defendant's ability to enforce the Plaintiffs debt obligation, in which they have no pecuniary, equitable, or legal interest, i.e. lack of standing.

63.    The conduct described above by the Defendant Banks was malicious because the Defendant Banks knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Purported mortgage.  However, despite such knowledge, the Defendant Banks continued to demand and collect the Plaintiff's purported mortgage payments.  The Defendant Banks engaged in a pattern and practice of defrauding the Plaintiff during the entire life of the Plaintiff's purported mortgage, here noting that the Defendant Banks failed to properly credit payments made by the Plaintiff by incorrectly calculating interest on the account and by failing to accurately debit fees.

64.    The Defendant Banks had actual knowledge that the Plaintiff's account was not accurate, however, the Plaintiff would continue to make further purported mortgage payments to the Defendant Banks based on Defendant's inaccurate account.  The Plaintiff made payments based on these improper, inaccurate and fraudulent representations.  The foregoing acts and omissions of the Defendant and the Defendant's agents constitute numerous and multiple violations of the FDCPA, including, however, not limited to, the above-cited provisions of the FDCPA,Title 15 U.S.C. § 1692 et seq.,

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

with respect to the Plaintiff. Time Barred Debt Collections. The Plaintiff could not have reasonably known of the existence of a claim for violation of Title 15 U.S.C. § 1692(e) because the Defendant Banks fraudulently concealed the fact that they were not entitled to enforce the Plaintiff's debt obligation and that they were falsely representing to the Plaintiff that the character and amount of money that the Plaintiff still owed on the debt. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to Title 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to Title 15 U.S.C. § 1692k(a)(2)(A); reasonable attorneys' fees and costs pursuant to Title 15 U.S.C. § 1692k(a)(3); and declaratory relief from the Defendant Banks herein.

65. The Plaintiff relied on the Defendant Banks misrepresentations and has been damaged in the following ways:

    (a) Multiple parties may seek to enforce their debt obligations;

    (b) The title to the Plaintiff's home has been clouded and its sale ability has been rendered unmarketable as any potential buyer of the Plaintiff's subject Real Property would find itself in legal limbo unable to know whether they can safely buy the Plaintiff's subject Real Property or if they could obtain Real Property Title Insurance;

    (c) The Plaintiff had been paying the wrong party for an undetermined amount of time and overpaid interest that was over calculated;

    (d) The Plaintiff is unable to determine whether the Plaintiff sent her monthly purported mortgage payments to the right party;

    (e) The Plaintiff's credit and credit score has been damaged; and

    (f) The Plaintiff has expended significant funds to cover the cost of attorneys' fees and related costs.

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

(g) Plaintiff was sold a landlocked title policy by Commonwealth Land and Title, causing her property to be unmarketable.

**JUDICIAL ESTOPPLE – DEFENDANT IS NOT THE BENEFICIAL OWNER OF THE NOTE**

66. Due to the previous positions that the Defendant has taken and also prevailed, the Defendant is judicially estopped from taking any position inconsistent thereof. Accordingly, the Plaintiff is entitled to such relief as is set forth in this Plaintiff's Complaint For Damages And Request or Rescission Of Deed Of Trust that the Defendant be and is hereby estopped from taking any position contrary to positions in which it prevailed and such further relief as is set forth below in the section captioned Prayer for Relief, which is by this reference incorporated herein.

**DECLARATORY JUDGMENT – THE BANK DEFENDANTS DO**

**NOT OWN THE NOTE (TO ALL BANK DEFENDANTS)**

67. The Plaintiff states that the Defendant Banks do not have a secured or unsecured legal, equitable or pecuniary interest in the lien evidenced by the Deed of Trust and that the Defendant Banks' purported assignments have no value since the Plaintiff's Deed(s) of Trust is/are wholly unsecured. The Defendant Banks claim they were assigned and transferred a secured enforceable interest in and perfected liens against the Plaintiff's Promissory Note(s), Deed(s) of Trust and Real Property. Thus, the competing allegations made by the Plaintiff and the Defendants as contained herein establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including the ownership of the Real Property.  Accordingly, the Plaintiff requests that the Court make a finding and issue appropriate orders stating that none of the named Defendants have any right or interest in and to the Plaintiff's Promissory Note(s), Deed(s) of Trust or the Real Property that authorizes them in fact or as a matter of law, to collect the Plaintiff's purported mortgage payments or enforce the terms of the Promissory Note(s) or Deed(s) of Trust in any

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

manner whatsoever.  The Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the Parties hereto because:

    a.  The Plaintiff will be denied the opportunity to identify the true and current creditor/lender and negotiate with them;

    b. The Plaintiff will be denied the right to conduct discovery and have the Defendant Banks' claims verified by a custodian of records who has personal knowledge of the loans and all transactions related to it; and

    c.  The Plaintiff will be denied the opportunity to discover the true amount that the Plaintiff still owes minus any illegal costs, fees, and charges, if any.

68.    The Plaintiff states that the Defendant Banks do not own the Plaintiff's Promissory Note(s).  The real party in interest on the lender's side may be the owner of the asset backed security issued by the Servicing and Pooling vendor, the insurer through some claim equitable interests or the Federal Government through the United States Department of the Treasury or the Federal Reserve. The security is a "securitized" bond deriving its value from the underlying purported mortgages of which the subject purported mortgage is one.  Thus, the Plaintiff is entitled to the Defendant Banks having no purported mortgage encumbrance whatsoever secured by the Plaintiff's Real Property.  Accordingly, the Plaintiff states that the Defendant Banks' claim an interest in the subject Real Property.  However, the Defendant Banks' claims are without merit whatsoever meaning that the Defendant Banks have no legal or equitable rights, claim, or interest in the subject Real Property.

69.    The Plaintiff therefore seeks a declaration and judgment that the title to the subject Real Property is vested in the Plaintiff alone and that the Defendant Banks herein be declared to have no estate, right, title or interest in the subject and to the subject Real Property and that the said Defendant

-41-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

Banks be forever enjoined from asserting any estate, right, title or interest in the subject Real Property adverse to the Plaintiff. Accordingly, the Plaintiff prays for a judgment against the Conspirators for a Declaration in the Plaintiff's favor, jointly and severally.

## VIOLATION OF THE UNIFORM FRAUDULENT CONVEYANCE ACT

70. As delineated in this Plaintiff's Complaint For Damages, the Defendant repeatedly and fraudulently transferred various operative instruments pertaining to the subject Real Property (e.g. the Deed of Trust and the Note) to persons who were not entitled to receive negotiation in violation of the Uniform Fraudulent Conveyance Act. Each of these transfers was made with the intent to hinder, defraud and delay the Trust. For the record, the Defendant Banks operated the REMIC Trusts. The Plaintiff knew of some fraudulent conveyances; however, the Plaintiff did not know that all of the Defendant Banks' conveyances were fraudulent within the meaning of the Uniform Fraudulent Conveyance Act. See Chapter 242 "Uniform Fraudulent Conveyance Act" 242.06, Section 242.01(2). As a result of the Defendants' misconduct, the Plaintiff has suffered and will continue to suffer tremendous economic loss and other extreme and severe damages.

71. The aforementioned fraudulent acts of the Defendant were committed with malice and a calculated intent to defraud the Plaintiff. Accordingly, the Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial. As a result of the Defendants' misconduct, the Plaintiff is entitled to rescission, restitution and concomitant relief. Therefore, as a result of the Defendants' misconduct, the Plaintiff is entitled to injunctive relief forcing a return of the subject Real Property and making restitution for all sums of money that have been laundered or otherwise unlawfully taken by the Defendant.

### UNJUST ENRICHMENT

-42-

COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION
OF DEED OF TRUST

72. The Defendant received moneys and/or properties belonging to or provided by the Plaintiff. As such the Defendant benefited from the receipt of such moneys and/or the subject Real Property at the expense of the Plaintiff to the detriment of the Plaintiff. Under the principles of equity and good conscience, the Defendant should be required to repay to the Plaintiff the amount of the unjust enrichment – times three, i.e. "Treble Damages." As a result of the Defendant's misconduct, the Plaintiff has suffered and will continue to suffer tremendous economic loss and other extreme and severe damages. The aforementioned fraudulent acts of the Defendant were committed with malice and a calculated intent to defraud the Plaintiff. Accordingly, the Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial. As a result of the Defendant's misconduct, the Plaintiff is entitled to rescission, restitution and concomitant relief in addition to injunctive relief forcing the return of the subject Real Property and making restitution for all sums laundered or otherwise unlawfully taken by the Defendant. Based on Defendant's actions, a buyer purchased the Plaintiff's Real Property at a foreclosure sale that must be declared an unlawful foreclosure sale, i.e. the fruits of the unjust enrichment and/or the "Fruits of the Poisonous Tree," which must not be allowed.

## **PRAYER FOR RELIEF**

73. **WHEREFORE**, the Plaintiff prays for a judgment in Plaintiff's favor against in the Defendant(s), jointly and severally, as follows:

1. An Order granting a Temporary Restraining Order and a Preliminary Injunction Temporarily enjoining the Defendant – Conspirators from re-selling the Real Property of the Plaintiff pending the final resolution of this case before this Court;

-43-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

2. An Order permanently enjoining the Defendant Conspirators, jointly and severally, from future foreclosure attempts on the Plaintiff's Real Property with using broken chains of title, straw-man tactics and/or concealed bifurcated purported mortgages or without support of claim in the Official Records of the County Recorder's Office of the Deed of Trust;

3. An Order compelling the Defendant – Conspirators to provide an accounting of the Real Property that was taken or reduced in value by purported mortgage foreclosures brought by the Defendant – Conspirators while employing the use of broken chains of title, straw-man tactics and/or concealed bifurcated purported mortgages or without support of claim in the Official Records of the County Recorder's Office of the Deed of Trust;

4. An award of restitution and disgorgement to the Plaintiff to remedy Defendant – Conspirators' unjust enrichment, in an amount to be determined at trial;

5. An award of Punitive and exemplary damages in an amount to be determined at trial in addition to actual damages;

6. An award of Pre-and Post-Judgment Interest in a to be determined at trial;

7. An award of reasonable attorneys' fees to the Plaintiff;

8. Trial by jury for all legal claims so triable;

9. For all other legal and equitable remedies, available under the laws of the United States and of laws the States of California for the wrongs alleged herein;

10. A Stay of any unlawful detainer eviction

11. Any further relief this Court may find to be just or equitable;

12. Declaring that the Defendant was unjustly enriched resulting from the breach of contract due to Defendant's violation of the duty of good faith and fair dealing;

-44-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

13.  Awarding damages against the Defendant, in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

14.  To the extent that the Court finds any ambiguity used by the Defendant in provisions pertaining to the borrower's obligation to reimburse the Defendant, indirectly or indirectly, for its attorneys' fees, to Order the Defendant to redraft the same in a manner that fully and fairly describes the obligations of the borrower;

15.  Awarding the Plaintiff her costs and disbursements and reasonable allowances for the Plaintiff's counsel, costs of research and costs of expert fees and expenses;

16.  An order compelling the Defendant to transfer or release legal title and any alleged encumbrances thereon regarding possession of the subject Real Property to the Plaintiff herein;

17.  For a determination that the Plaintiff is the rightful holder of title to the Real Property and that the Defendant be declared to have no estate, right, title or interest in said Real Property;

18.  For a judgment forever enjoining the Defendant from claiming any estate, right to title, or interest in the subject Real Property;

19.  For a judgment that the foreclosure proceedings that have been commenced be deemed and declared illegal and void, thereby enjoining the Defendant from any further foreclosure and/or eviction proceedings;

20.  For actual, mandatory damages, compensatory damages , punitive damages and costs herein incurred;

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

21.  For the immediate rescission of the Plaintiff's Deed of Trust, Promissory Note and Purported mortgage Loan and the disgorgement of all monies paid by Plaintiff to Defendants CBFSB and BOA.

22.  For a monetary award of Five Million Dollars (USD 5,000,000.00) in favor of the Plaintiff in the event that the Plaintiff is not given back her subject Real Property.

23.  For such other further relief as the Court may deem just and proper.

DATED:  September 20, 2017

Respectfully Submitted:

Billie Rene Francis Lillian Powers –
*In Pro Se* And *In Persona Propria*

-46-
**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**

## <u>VERIFICATION</u>

I, Billie Rene Francis Lillian Powers, declare:

That, I, Billie Rene Francis Lillian Powers, am the Plaintiff in the above-entitled action and I hereby make this verification.

I have read the foregoing verified complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief and as to those matters that I believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DATE**:  September 20, 2017

Billie Rene Francis Lillian Powers
Pro Se

-47-

**COMPLAINT FOR DAMAGES AND REQUEST FOR RESCISSION OF DEED OF TRUST**