1  Steven M. Dailey #163857
   Rebecca L. Wilson #257613
2  KUTAK ROCK LLP
   Suite 1500
3  5 Park Plaza
   Irvine, CA  92614-8595
4  Telephone: (949) 417-0999
   Facsimile:  (949) 417-5394
5  Email:    steven.dailey@kutakrock.com
   Email:    Rebecca.wilson@kutakrock.com
6
7  Attorneys for Defendants SELECT PORTFOLIO
   SERVICING, INC.; THE BANK OF NEW YORK
   MELLON, F/K/A THE BANK OF NEW YORK, AS
8  TRUSTEE, ON BEHALF OF THE HOLDERS OF THE
   ALTERNATIVE LOAN TRUST 2007-HY9,
9  MORTGAGE PASS-THROUGH CERTIFICATES
   SERIES 2007-HY9 [erroneously sued as "THE BANK OF
10 NEW YORK MELLON F/K/A THE BANK OF NEW
   YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS
11 OF THE ALTERNATIVE LOAN TRUST 2007-HY9,
   MORTGAGE PASS-THROUGH CERTIFICATES
12 SERIES 2007-HY9" and "THE BANK OF NEW YORK
   MELLON FKA THE BANK OF NEW YORK, AS
13 TRUSTEE, FOR THE CERTIFICATE HOLDERS,
   ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE
14 PASS TRHOUGH CERTIFICATES, SERIES 2007-
   HY9"]: MORTGAGE ELECTRONIC REGISTRATION
15 SYSTEMS, INC.

16          **UNITED STATES DISTRICT COURT**

17     **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18          **SOUTHERN DIVISION – SANTA ANA**

19
   BILLIE RENE FRANCES LILIAN          Case No.  8:17-CV-01386-DOC-KES
20 POWERS,
                                       Assigned to
21          Plaintiff,                 District Judge:  Hon. David O. Carter
                                       Courtroom: 9D
22     v.
                                       Assigned Discovery
23 COUNTRYWIDE HOME LOANS,             Magistrate Judge:  Hon. Karen E. Scott
   INC.; COUNTRYWIDE BANK,
24 FSB; COMMONWEALTH LAND              **NOTICE OF MOTION AND**
   TITLE INSURANCE COMPANY;            **MOTION TO DISMISS**
25 MORTGAGE ELECTRONIC                 **PLAINTIFF'S FIRST AMENDED**
   REGISTRATION SYSTEMS, INC.          **COMPLAINT; MEMORANDUM**
26 "MERS"; BANK OF AMERICA,            **OF POINTS AND AUTHORITIES**
   N.A.; RECONTRUST COMPANY,           **IN SUPPORT THEREOF**
27 N.A.; BAC HOME LOANS
   SERVICING, LP; QUALITY              [Federal Rule of Civil Procedure, Rules
28 LOAN SERVICING                      12(b)(6), 12(b)(7)]

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
                          - 1 -              17-cv-01386-DOC-KES
          MOTION TO DISMISS FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | CORPORATION; SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES 2007-HY9; JON SECRIST; AND DOES 1 TO 10 |

Filed and served concurrently with:

1. Motion to Strike
2. Request for Judicial Notice

Date:      November 13, 2017
Time:      8:30 a.m.
Ctrm.:     9D

Date Filed:        August 11, 2017

                  Defendants.

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2017 at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D, of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"],  [collectively "Loan Defendants"] will and hereby do move this Court to dismiss the First Amended Complaint against them in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire First Amended Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against SPS, and Rule 12(b)(7) for failure to name a necessary party.

Specifically:

1.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to name necessary parties.

2.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted.

3.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff lacks standing to prosecute certain claims which were the property of her Chapter 7 bankruptcy estate.

4.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff is judicially estopped from asserting claims not disclosed in her bankruptcies.

5.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because the trustee's sale is presumed valid.

6.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's inability to tender is a complete bar to each cause of action attacking foreclosure.

7.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's claims attacking the assignment and authority to foreclose fail.

8.   Loan Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    a claim upon which relief can be granted because Plaintiff's claims of fraudulent

2    documents or robo signing fail to state a claim.

3        9.      Loan Defendants move to dismiss Plaintiff's Cause of Action for

4    "Injunctive Relief for Violation of California Civil Code § 2923.5" on the basis that

5    Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff

6    fails to allege any irregularity with particularity, B) Plaintiff fails to allege

7    substantial prejudice due to any defect, C) "injunction" is a remedy and not a cause

8    of action, D) injunctive relief is not supported by any viable cause of action, E)

9    Plaintiff fails to plead specific facts indicating any instrument was invalid, F)

10   Plaintiff fails to plead a violation of section 2923.5, and G) Plaintiff fails to allege

11   the existence of an actual controversy.

12       10.     Loan Defendants move to dismiss Plaintiff's Cause of Action for

13   "Violation of RESPA" on the basis that Plaintiff fails to state a claim upon which

14   relief can be granted because A) Plaintiff fails to allege violation of RESPA, and B)

15   Plaintiff has not demonstrated recoverable damages under RESPA.

16       11.     Loan Defendants move to dismiss Plaintiff's Cause of Action for

17   "RICO Supported by the Defendant's Violations of California Civil Code §§17200

18   & 17210 and Fraud Pursuant to the Common Laws of California and RESPA" on

19   the basis that Plaintiff fails to state a claim upon which relief can be granted

20   because A) Plaintiff fails to specifically plead any racketeering activity, B) Plaintiff

21   fails to specifically plead a pattern of racketeering.

22       12.     Loan Defendants move to dismiss Plaintiff's Cause of Action for

23   "RICO Conspiracy – RESPA" on the basis that Plaintiff fails to state a claim upon

24   which relief can be granted because A) Plaintiff fails to specifically plead any

25   racketeering activity, B) Plaintiff fails to specifically plead a pattern of

26   racketeering.

27       13.     Loan Defendants move to dismiss Plaintiff's Cause of Action for

28   "RICO Supported by Defendant's, Modification, Violation of California Civil Code

§§ 17200 & 17210, Fraud and RESPA" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to specifically plead any racketeering activity, B) Plaintiff fails to specifically plead a pattern of racketeering.

14.    Loan Defendants move to dismiss Plaintiff's Cause of Action for "Breach of Security Instrument" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege any irregularity with particularity, B) Plaintiff fails to allege substantial prejudice due to any defect, C) "injunction" is a remedy and not a cause of action, D) injunctive relief is not supported by any viable cause of action, E) Plaintiff fails to plead specific facts indicating any instrument was invalid, F) Plaintiff fails to plead a violation of section 2923.5, and G) Plaintiff fails to allege the existence of an actual controversy.

15.    Loan Defendants move to dismiss Plaintiff's Cause of Action for "Declaratory Judgment Quiet Title" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) outstanding debts must be paid prior to seeking quieted title, B) Plaintiff fails to allege superior title to the Property, and C) Plaintiff fails to allege all adverse claims to the Property.

16.    Loan Defendants move to dismiss Plaintiff's Cause of Action for "Defendant's Violations of Home Affordable Modification and Program – Slander of Title" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) the recording of the nonjudicial foreclosure documents is privileged, B) Plaintiff cannot allege knowledge of falsity, C) Plaintiff cannot allege Loan Defendants acted with malice, and D) HAMP cannot support Plaintiff's claims.

17.    Loan Defendants move to dismiss Plaintiff's Cause of Action for "Conversion – Declaratory Relief: to Determine Status of Defendants' Claims" on the basis that Plaintiff fails to state a claim upon which relief can be granted

because A) Plaintiff fails to allege interference with Plaintiff's possession of personal property and B) real property is not a proper subject of a conversion claim.

18.   Loan Defendants move to dismiss Plaintiff's Cause of Action for "Violation of 15 U.S.C. § 1692, et seq." on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Loan Defendants were not "debt collectors" under the FDCPA, B) foreclosure pursuant to a mortgage does not constitute "debt collection" pursuant to the FDCPA, and C) Plaintiff cannot rely on legal conclusions.

19.   Loan Defendants move to dismiss Plaintiff's Cause of Action for "Judicial Estoppel – Defendant Is Not the Beneficial Owner of the Note" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege any irregularity with particularity, B) Plaintiff fails to allege substantial prejudice due to any defect, C) "injunction" is a remedy and not a cause of action, D) injunctive relief is not supported by any viable cause of action, E) Plaintiff fails to plead specific facts indicating any instrument was invalid, F) Plaintiff fails to plead a violation of section 2923.5, and G) Plaintiff fails to allege the existence of an actual controversy.

20.   Loan Defendants move to dismiss Plaintiff's Cause of Action for "Declaratory Judgment – the Bank Defendants Do Not Own the Note" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege any irregularity with particularity, B) Plaintiff fails to allege substantial prejudice due to any defect, C) "injunction" is a remedy and not a cause of action, D) injunctive relief is not supported by any viable cause of action, E) Plaintiff fails to plead specific facts indicating any instrument was invalid, F) Plaintiff fails to plead a violation of section 2923.5, and G) Plaintiff fails to allege the existence of an actual controversy.

21.   Loan Defendants move to dismiss Plaintiff's Cause of Action for "Violation of the Uniform Fraudulent Conveyance Act" on the basis that Plaintiff

1  fails to state a claim upon which relief can be granted because A) this claim fails
2  under *Twombly*, and B) Plaintiff fails to allege a violation of the Uniform
3  Fraudulent Transfer Act.

4      22.  Loan Defendants move to dismiss Plaintiff's Cause of Action for
5  "Unjust Enrichment" on the basis that Plaintiff fails to state a claim upon which
6  relief can be granted because A) Plaintiff fails to allege unjust enrichment, and B) a
7  clam for "unjust enrichment" cannot exist in the presence of an express binding
8  agreement.

9      This Motion is made following the conference of counsel pursuant to Local
10  Rule 7-3 which took place on October 3, 2017.

11      This Motion is based on this Notice of Motion, the attached Memorandum of
12  Points and Authorities, the Request for Judicial Notice, the pleadings and records
13  on file herein, and upon such oral and documentary evidence as may be presented
14  by the parties at the hearing.

15  Dated:  October 10, 2017          KUTAK ROCK LLP

16

17                                   By:  /s/ *Steven M. Dailey*
                                     Steven M. Dailey
18                                   Attorneys for Defendants
                                     SELECT PORTFOLIO SERVICING,
19                                   INC., THE BANK OF NEW YORK
                                     MELLON, F/K/A THE BANK OF NEW
20                                   YORK, AS TRUSTEE, ON BEHALF OF
                                     THE HOLDERS OF THE
21                                   ALTERNATIVE LOAN TRUST 2007-
                                     HY9, MORTGAGE PASS-THROUGH
22                                   CERTIFICATES SERIES 2007-HY9 and
                                     MORTGAGE ELECTRONIC
23                                   REGISTRATION SYSTEMS, INC.

24
25
26
27
28

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION AND STATEMENT OF FACTS. ...................................1
2. FACTUAL BACKGROUND ........................................................................2
3. PLAINTIFF'S PREVIOUS LITIGATION AND RELATED BANKRUPTCY ACTIONS ................................................................3
   A. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK..............3
   B. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-22500-RK..............4
   C. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK..............4
   D. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK..............4
   E. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK..............4
   F. Billie Rene Powers, aka Rancho Sonata, LLC v. Val-Chris Investments, Inc., et al., Superior Court of California, County of Orange, Case No. 30-2012-00538867 .............................................5
   G. Thomas F. Peppers, Trustee of the Thomas F. Peppers Trust, UDT and or Its Successors, and/or Assignees in Interest v. Rancho Sonata LLC, Superior Court of California, County of Orange, Case No. 30-2011-00519650-CL-UD-HNB .............................6
   H. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB..............6
4. PLAINTIFF FAILS TO JOIN INDISPENSABLE PARTIES ......................6
5. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .................................................................................8
6. PLAINTIFF LACKS STANDING TO PROSECUTE CERTAIN CLAIMS ASSERTED IN THE COMPLAINT. ..........................................8
7. PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING CLAIMS NOT ON HER BANKRUPTCY SCHEDULES .........................................................................................9
8. THE TRUSTEE'S SALE IS PRESUMED VALID ...................................11
9. PLAINTIFF DOES NOT ALLEGE TENDER OF ALL AMOUNTS DUE UNDER THE NOTE AND TRUST DEED. .......................................11
10. PLAINTIFF'S CLAIMS ATTACKING THE ASSIGNMENT AND AUTHORITY TO FORECLOSE FAIL .....................................................12
11. PLAINTIFF'S ASSERTIONS OF FRAUDULENT DOCUMENTS OR "ROBO-SIGNING" FAIL TO STATE A CLAIM ...............................14

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**
(continued)

Page

12.  THE CAUSE OF ACTION FOR "INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5 AND OTHER ISSUES WITHIN THIS COMPLAINT", CLAIM FOR "BREACH OF SECURITY INSTRUMENT," CLAIM FOR "JUDICIAL ESTOPPEL," AND CLAIM FOR "DECLARATORY JUDGMENT" MUST FAIL ............................................................... 15

    A.  Plaintiff Fails to Allege any Irregularity With Particularity. .............. 15

    B.  Plaintiff Fails to Allege Substantial Prejudice Due to any Defect. .... 16

    C.  "Injunction" is a Remedy and Not a Cause of Action ...................... 17

    D.  Injunctive Relief Is Not Supported by Any Viable Cause of Action ............................................................................................... 17

    E.  Plaintiff Fails to Plead Specific Facts Indicating Any Instrument Was Invalid. ................................................................................. 17

    F.  Plaintiff Fails to Plead a Violation of Civil Code Section 2923.5 ...... 17

    G.  Plaintiff Fails to Allege the Existence of an Actual Controversy ....... 18

13.  THE CLAIM FOR "VIOLATION OF RESPA" MUST FAIL. ................... 18

    A.  Plaintiff Fails to Allege a Violation of RESPA ................................. 18

    B.  Plaintiff Has Not Demonstrated Recoverable Damages Under RESPA ........................................................................................ 18

14.  THE CLAIM FOR "RICO SUPPORTED BY THE DEFENDANT'S VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 17200 & 17210 AND FRAUD," CLAIM FOR "RICO CONSPIRACY–RESPA," AND CLAIM FOR "RICO SUPPORTED BY DEFENDANT'S MODIFICATION, VIOLATION OF CALIFORNIA CIVIL CODE §§ 17200 & 17210, FRAUD AND RESPA" MUST FAIL. ............................. 19

    A.  Plaintiff Fails to Specifically Plead any "Racketeering Activity." ..... 19

    B.  Plaintiff Fails to Specifically Plead a Pattern of Racketeering. .......... 20

15.  THE CLAIM FOR "DECLARATORY JUDGMENT QUIET TITLE" MUST FAIL ................................................................................................. 20

    A.  Outstanding Debts Must Be Paid Prior to Seeking Quieted Title. ..... 20

    B.  Plaintiff Fails to Allege Superior Title to the Property ...................... 20

    C.  Plaintiff Fails to Allege All Adverse Claims to the Property. ............ 20

16.  THE CLAIM FOR "DEFENDANT'S VIOLATIONS OF HOME AFFORDABLE MODIFICATION AND PROGRAM – SLANDER OF TITLE" MUST FAIL ................................................................................ 21

    A.  Recording of Nonjudicial Foreclosure Documents Is Privileged ...... 21

    B.  Plaintiff Cannot Allege Knowledge of Falsity ................................. 21

    C.  Plaintiff Cannot Allege Loan Defendants Acted with Malice ........... 21

    D.  HAMP Cannot Support Plaintiff's Claims ....................................... 22

**TABLE OF CONTENTS**
(continued)

Page

17.   THE CLAIM FOR "CONVERSION – DECLARATORY RELIEF," MUST FAIL. ........................................................................... 22

   A.   Plaintiff Fails to Allege Interference with Plaintiff's Possession of Personal Property ........................................................ 22

   B.   Real Property is Not a Proper Subject of a Conversion Claim .......... 23

18.   THE CLAIM FOR "VIOLATION OF 15 U.S.C. § 1692," MUST FAIL. .................................................................................. 23

   A.   Loan Defendants Were Not "Debt Collectors" under the FDCPA .... 23

   B.   Foreclosure Pursuant to a Mortgage Does Not Constitute "Debt Collection" Pursuant to the FDCPA. ........................................ 23

   C.   Plaintiff Cannot Rely On Legal Conclusions. .......................... 24

19.   THE CAUSE OF ACTION FOR "VIOLATION OF THE UNIFORM FRAUDULENT CONVEYANCE ACT," MUST FAIL. ............................ 24

   A.   This Claim Fails Under Twombly ........................................ 24

   B.   Plaintiff Fails to Allege a Violation of the Uniform Fraudulent Transfer Act ........................................................... 24

20.   THE CLAIM FOR "UNJUST ENRICHMENT" MUST FAIL. ................. 24

   A.   Plaintiff Fails to Allege Unjust Enrichment ............................ 24

   B.   A Claim for "Unjust Enrichment" Cannot Exist in the Presence of an Express Binding Agreement ....................................... 25

21.   CONCLUSION. ............................................................. 25

1
2

# TABLE OF AUTHORITIES

**Page**

3

**Federal Cases**

4

*An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)*
5
   308 B.R. 448 (9th Cir. BAP 2004) ...................................................................... 10
6

*Ballistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990) ............................................................................... 8
7

*Beliveau v. Caras,*
8
   873 F. Supp. 1393 (C.D. Cal. 1995) .................................................................... 8
9

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................... 8, 15, 18, 24
10

*Biagro W. Sales Inc. v. Helena Chem. Co.,*
11
   160 F.Supp.2d 1136 (E.D. Cal. 2001) ................................................................ 7
12

*Bogosian v. CR Title Services, Inc.,*
   2011 WL 2039368 (C.D. Cal. 2011) ................................................................. 14
13

*In re Bronner,*
14
   135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) ...................................................... 9
15

*Cerecedes v. U.S. Bankcorp,*
16
   2011 WL 2711071 (C.D. Cal. July 11, 2011) ................................................... 15
17

*Currey v. Homecomings Fin., LLC,*
   2009 WL 1227010 (N.D. Cal. May 1, 2009) .................................................... 17
18

*Curtis v. Option One Mortgage Corp.,*
19
   2010 WL 1729770 (E.D. Cal. 2010) ................................................................. 17
20

*Davidson v. Countrywide Home Loans, Inc.,*
   2011 WL 1157569 (S.D. Cal. March 29, 2011) ................................................ 18
21

*Dunmore v. U.S.,*
22
   358 F.3d 1107 (9th Cir. 2004) ....................................................................... 9, 11
23

*Durland v. Fieldstone Mortg. Co.,*
24
   2011 WL 805924 (S.D. Cal. March 1, 2011) .................................................... 18
25

*Escalante v. FNMA,*
   2016 WL 4160956 (E.D. Cal. Aug. 5, 2016) .................................................... 10
26

*Fuentes v. Deutsche Bank,*
27
   2009 WL 1971610 (S.D. Cal. July 8, 2009) ..................................................... 23

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Gil v. Wells Fargo Bank*,

4

2016 WL 3742372 (N.D. Cal. July 13, 2016) ...................................................... 10

5

*Guerpo v. Amresco Residential Mortgage Corp.*,
13 Fed. Appx. 649 (9th Cir. 2001) ...................................................... 9

6

*H.J., Inc. v. Northwestern Bell*

7

(1989) 492 U.S. 229 ...................................................... 20

8

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ...................................................... 10

9

*Hay v. First Interstate Bank of Kalispell, N.A.*,

10

978 F.2d 555 (9th Cir. 1992) ...................................................... 11

11

*Hoffman v. Bank of Am.*,

12

2010 WL 2635773 (N.D. Cal. June 30, 2010) ...................................................... 22

13

*Izenberg v. ETS Servs.*,
LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008) ...................................................... 23

14

*Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial*

15

*Trustee*,

16

2011 WL 2784126 (S.D. Cal. Apr. 4, 2011) ...................................................... 21

17

*Javaheri v. JPMorgan Chase Bank, N.A.*
(C.D. Cal. Aug. 13, 2012) 2012 WL 3426278 ...................................................... 15

18

*Javaid v. Allied-Barton Sec. Services*,

19

2008 WL 1925233 (E.D. Cal. 2008) ...................................................... 9

20

*Lal v. Am. Home Serv., Inc.*,
680 F.Supp.2d 1218 (E.D. Cal. 2010) ...................................................... 18, 23

21

*Medrano v. Caliber Home Loans, Inc.*,

22

2014 WL 7236925 (C.D. Cal. Dec. 19, 2014) ...................................................... 7

23

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
2010 WL 2618729 (S.D. Cal. June 25, 2010) ...................................................... 15

24

*Reyes v. Wells Fargo Bank, N.A.*,

25

2011 WL 30759 (N.D. Cal. Jan. 3, 2011) ...................................................... 23

26

*Robinson v. Managed Accounts Receivables Corp.*

27

(C.D. Cal. 2009) 654 F.Supp.2d 1051 ...................................................... 24

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Rowland v. Novus Financial Corp.*,
    949 F. Supp. 1447 (D. Haw. 1996) .......................................................... 9

*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
    672 F.3d 1176 (9th Cir. 2012) ................................................................. 6

*Sedima S.P.R.L. v. Imrex Co., Inc.*,
    473 U.S. 479 (1985) ....................................................................... 19, 20

*Shermoen v. United States*,
    982 F.2d 1312 (9th Cir. 1992) ................................................................. 7

*Uzoebo v. Ocwen Loan Servicing LLC*,
    2013 WL 6018067 (C.D. Cal. Nov. 12, 2013) ................................... 7, 13

*Wienke v. Indymac Bank FSB*,
    2011 WL 2565370 (N.D. Cal. June 29, 2011) ....................................... 17

*Winter v. Natural Res. Def. Council, Inc.*,
    129 S. Ct. 365 (2008) ........................................................................... 17

*Wright v. Bank of America, N.A.*,
    2010 WL 2889117 (N.D. Cal. July 22, 2010) ....................................... 22

*Zinnel v. CitiMortgage, Inc.*,
    2010 WL 3715079 (E.D. Sept. 16, 2010) .............................................. 14

**State Cases**

*Abdallah v. United Sav. Bank*,
    43 Cal.App.4th 1001 (1996) ................................................................. 11

*Aguilar v. Bocci*,
    39 Cal.App.3d 475 (1992) .................................................................... 20

*Arnold Mgmt. Corp. v. Eischen*,
    158 Cal.App.3d 575 (1985) .................................................................. 12

*Brown v. Southern Calif. Edison Co.*,
    12 Cal.App.102 (1932) .......................................................................... 8

*Cal. Med. Assn., Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
    94 Cal.App.4th 151 (2001) ................................................................... 25

*Calvo v. HSBC Bank USA, N.A.*,
    199 Cal.App.4th 118 (2011) ................................................................. 13

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Fletcher v. Western National Life Ins. Co.,*

4

10 Cal.App.3d 376 (1970) ........................................................................... 21

5

*Fontenot v. Wells Fargo Bank, N.A.,*
198 Cal.App.4th 256 (2011) ................................................................. 13, 16

6

*FPCI REHAB 01 v. E & G Investments, Ltd.,*

7

207 Cal.App.3d 1018 (1989) .............................................. 3, 9, 12, 14

8

*Gomes v. Countrywide Home Loans, Inc.,*
192 Cal.App.4th 1149 (2011) ............................................................. 12, 13

9

*Gudger v. Manton,*

10

21 Cal.2d 537 (1943) ................................................................................. 21

11

*Hamilton v. Greenwich Investors XXVI, LLC,*

12

195 Cal.App.4th 1602 (2011) ..................................................................... 10

13

*Hatch v. Collins,*
225 Cal.App.3d 1104 (1990) ...................................................................... 11

14

*Haynes v. EMC Mortg. Corp.,*

15

205 Cal.App.4th 329 (2012) ....................................................................... 13

16

*Hirsch v. Bank of America,*
107 Cal.App.4th 708 (2003) ....................................................................... 24

17

*Howard v. Schaniel,*

18

113 Cal.App.3d 256 (1980) ........................................................................ 21

19

*Igauye v. Howard,*
114 Cal.App.2d 122 (1952) ........................................................................ 22

20

*Intel Corp. v. Hamidi,*

21

30 Cal.4th 1342 (2003) .............................................................................. 22

22

*Kachlon v. Markowitz,*

23

168 Cal.App.4th 316 (2008) ....................................................................... 21

24

*Karlsen v. Gibralter Sav. & Loan Assn.,*
15 Cal.App.3d 112 (1974) .......................................................................... 11

25

*Lueras v. BAC Home Loans Servicing, LP,*

26

163 Cal. Rptr. 3d 804 (2013) ...................................................................... 20

27

*M & M Foods, Inc. v. Pacific American Fish Co., Inc.,*
196 Cal.App.4th 554 (2011) ......................................................................... 9

28

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4

*McMartin v. Children's Institute International*,
   212 Cal.App.3d 1393 (1990) ................................................................. 19

5

*Melendrez v. D&I Investment, Inc.*,
   127 Cal.App.4th 1238 (2005) ................................................................ 16

6

7

*Munger v. Moore*,
   11 Cal.App.3d 1 (1970) ......................................................................... 23

8

*Perdue v. Crocker National Bank*,
   38 Cal.3d 913 (1985) ............................................................................... 8

9

10

*Peterson v. Cellco Partnership*,
   164 Cal.App.4th 1583 (2008) ................................................................ 24

11

12

*Raedkle v. Gibralter Sav. & Loan Assn.*,
   10 Cal.3d 665 (1975) ............................................................................. 11

13

*Saterbak v. JPMorgan Chase Bank, N.A.*,
   245 Cal.App.4th 808 (2016) ....................................................... 12, 13, 14

14

15

*Stock v. Meek*,
   35 Cal.2d 809 (1950) ............................................................................. 17

16

*Taliaferro v. Crola*,
   152 Cal.App.2d 448 (1957) ................................................................... 11

17

18

*Twain Harte Homeowners Ass'n v. Patterson*,
   193 Cal.App.3d 184 (1987) ................................................................... 20

19

20

*Whitman v. Transtate Title Co.*,
   165 Cal.App.3d 312 (1985) ................................................................... 11

21

*Wolfe v. Lipsy*,
   163 Cal.App.3d 633 (1985) .............................................................. 11, 17

22

23

*Wood v. Metzenbaum*,
   107 Cal.App.2d 727 (1950) ................................................................... 17

24

*Yhudai v. Impac Funding Corp.*,
   1 Cal.App.5th 1252, 1256-60 (2016) .................................................... 14

25

*Yvanova v. New Century Mortgage Corp.*,
   62 Cal.4th 919 (2016)...................................................................... 13, 14

26

27

28

**TABLE OF AUTHORITIES**
(continued)

Page

**Federal Statutes**

11 U.S.C. § 541..................................................................................8, 9
11 U.S.C. § 541(a)..................................................................................8
11 U.S.C. § 554(c)..............................................................................9, 11
11 U.S.C. § 554(d)..............................................................................9, 11
11 U.S.C. § 704(a)..................................................................................9
12 U.S.C. § 2605(e)(1)(A).........................................................................18
12 U.S.C. § 2605(f)................................................................................18
15 U.S.C. § 1692a(6)(A)...........................................................................23
18 U.S.C. § 1961(5)...............................................................................20
18 U.S.C. § 1961(a)...............................................................................19
18 U.S.C. § 1961(a)(1)............................................................................19
28 U.S.C. § 2201..................................................................................18

**State Statutes**

Civil Code
§ 2923.5...................................................................................15, 16, 17
§ 2924.........................................................................................11
§ 2924(d)......................................................................................21
§ 2934a........................................................................................16
§ 2934a(b).....................................................................................16
§ 2934a(d).....................................................................................16

Code of Civil Procedure
§ 761.020(b)...................................................................................20
§ 761.020(c)...................................................................................20

**Rules**

Fed. R. Civ. P. 19(a) (1)(A).......................................................................7
Fed. R. Civ. P. 19(a)(1)(B)........................................................................7

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- ix -                    17-cv-01386-JVS-KES

MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"],   [collectively "Loan Defendants"] submit the following in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(7).

## 1.   INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff BILLIE RENE FRANCIS LILLIAN POWERS ["Plaintiff"] filed this case with confusing scattered allegations attacking authority to foreclose and vaguely referencing a multitude of civil and criminal statutes.  The First Amended Complaint ["FAC"] is poorly pleaded and fails to state any particular cause of action as against Loan Defendants.  Preliminarily, Plaintiff lacks standing to assert claims relating to the Grant Deed or the Assignment due to her many bankruptcy proceedings, and she is judicially estopped from raising claims not disclosed on her bankruptcy schedules.  Plaintiff's attack on authority to foreclose fails, as no void Assignment, or any other document, is implicated.   Any attack on the presumptively valid sale also fails absent tender.  Plaintiff's request to quiet title fails absent a superior basis for title, and she has not alleged satisfaction of the lien. She further fails to name as parties the co-borrowers on the Deed of Trust, the party to whom she transferred title of the Property in 2007, and the party who purchased the Property at a trustee's sale under a junior lien.  Her failure to include these parties subjects the pleading to dismissal under Rule 12(b)(7).  The alleged facts and judicially noticeable documents reflect Plaintiff received the benefit of the loan proceeds, she defaulted under the loan, and foreclosure is permitted under the express language of the Deed of Trust.

## 2.    FACTUAL BACKGROUND.

Plaintiff alleges she was the owner of the real property located at 40701 Ortega Highway, San Juan Capistrano ["Property"].  [FAC, par. 1.]  On July 2, 2007, a Grant Deed was recorded reflecting the Property transferred to Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson.   [Request for Judicial Notice ("RJN"), Ex. "A".]  Also on July 2, 2007, a Deed of Trust was recorded reflecting Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson obtained a $1,190,000.00 loan from Countrywide Bank, FSB, that was secured by the Property ["Deed of Trust"].  [RJN, Ex. "B"; FAC, par. 1.]  MERS was the original beneficiary and the original trustee was Recontrust Company, N.A.  [RJN, Ex. "B".]  On July 10, 2007, a Grant Deed was recorded reflecting transfer of title of the Property to Rancho Sonata, LLC.  [RJN, Ex. "C"; *see also* Complaint, p. 12:4-7.]

On May 6, 2008, a Notice of Default was recorded on the Property due to borrowers' default under the loan secured by the Deed of Trust.  [RJN, Ex. "D".]  On November 5, 2008, a Substitution of Trustee was recorded reflecting Recontrust Company was substituted as successor trustee.  [RJN, Ex. "E".]  A Notice of Trustee's Sale was also recorded on November 5, 2008.  [RJN, Ex. "F".]  On January 15, 2009, a Notice of Rescission of Declaration of Default was recorded rescinding the May 6, 2008 Notice of Default.  [RJN, Ex. "G".]  Another Notice of Default was recorded on May 6, 2010.  [RJN, Ex. "H".]  On May 19, 2010 a Corporation Assignment of Deed of Trust was recorded reflecting assignment of the Deed of Trust to BNYM.  [RJN, Ex. "I"; FAC, par. 19.]  On June 2, 2010 a Notice of Rescission of Declaration of Default was recorded rescinding the May 6, 2010 Notice of Default.  [RJN, Ex. "J".]  On October 26, 2010, another Corporation Assignment of Deed of Trust was recorded reflecting assignment to BNYM.  [RJN, Ex. "K"; FAC, p. 13.]

Plaintiff claims she sent a Qualified Written Request "to every named Bank Defendant and Servicer in this action" and that she attached it to the pleading;

however, no such "QWR" is attached to the Complaint.  [FAC, par. 9.]  Plaintiff claims "Defendant" has not properly responded.  [FAC, pars. 9-10.]

Further Notices of Default were recorded on October 31, 2013, December 6, 2013, and September 25, 2014.  [RJN, Exs. "L", "M", "N".]  The September 25, 2014 Notice of Default reflects that as of September 23, 2014, Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson, were in default in the amount of $356,429.14. [RJN, Ex. "N".]  Plaintiff states that she recorded a "Notice of Default" in July 2015, to which "Defendants" did not "respond".  [FAC, par. 9.]  On September 30, 2015 a Notice of Trustee's Sale was recorded.  [RJN, Ex. "O".]  On August 16, 2016, a Trustee's Deed Upon Sale was recorded reflecting the Property sold on August 6, 2016 to BNYM.  [RJN, Ex. "P".]

Through her FAC, Plaintiff claims Loan Defendants were not authorized to foreclose because they allegedly were not the "actual owner" of the Note, because securitization purportedly made the Deed of Trust unsecured, and because assignment to the securitized trust allegedly occurred after the trust's cut off dates. [*See, e.g.,* FAC, pars. 11, 13, 16-17, 20-23, 35-36, 50-52, 59, 67-68.]  Plaintiff further claims certain documents have been "improperly executed, notarized, or sworn to" or "robo signed" relating to the nonjudicial foreclosure and that they should be declared void.  [*See, e.g.,* FAC, pars. 11, 16-19.]  Plaintiff further claims a violation of RESPA [FAC, pars. 9-10, 27], RICO [FAC, pars. 28-34], the FDCPA [FAC, pars. 61-65], the Uniform Fraudulent Conveyance Act  [FAC, pars. 70-71], and Civil Code section 2923.5 [FAC, par. 26].

## 3.   PLAINTIFF'S   PREVIOUS   LITIGATION   AND   RELATED BANKRUPTCY ACTIONS.

### A.   *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK.

On February 17, 2009, Plaintiff filed a Bankruptcy petition under Chapter 7. [Docket, RJN, Ex. "Q"; Petition and Schedules, RJN, Ex. "R".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant action. [RJN, Ex. "R".]  On June 23, 2009, she obtained a discharge.  [RJN, Ex. "S".]

**B.** *In Re Billie Rene Powers,* **United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-22500-RK.**

On November 11, 2009, Plaintiff filed a Chapter 13 Bankruptcy petition. [Docket, RJN, Ex. "T"; Petition and Schedules, RJN, Ex. "U".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant action. [RJN, Ex. "U".]  On December 17, 2009, the Bankruptcy case was dismissed for Plaintiff's failure to file her schedules, statements or plan.  [RJN, Ex. "T".]

**C.** *In Re Billie Rene Powers,* **United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK.**

On December 28, 2009, Plaintiff filed another Chapter 13 Bankruptcy petition.  [Docket, RJN, Ex. "V"; Petition and Schedules, RJN, Ex. "W".]  She again did not identify in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Ex. "W".]  She also did not identify the subject Property as a secured asset for any creditor.  [RJN, Ex. "W".]  The matter was dismissed on for Plaintiff's failure to file her schedules, statements or plan.  [RJN, Ex. "V".]

**D.** *In Re Billie Rene Powers*, **United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.**

On February 10, 2010, Plaintiff filed a Bankruptcy proceeding under Chapter 11.  [Docket, RJN, Ex. "X"; Petition and Schedules, RJN, Ex. "Y"; Amended Schedules, RJN, Ex. "Z".]  She again did not identify in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Exs. "Y", "Z".]  On May 3, 2010, the Bankruptcy Trustee filed a Motion to Dismiss the bankruptcy case on the grounds that Plaintiff had filed it in bad faith and there had been four prior bankruptcies filed serially by Plaintiff.  [Motion to Dismiss, RJN, Ex. "AA".]  On June 2, 2010, the Motion to Dismiss was granted and the order of Dismissal entered on June 16, 2010.  [Order of Dismissal, RJN, Ex. "BB"; RJN Ex. "X".]

**E.** *In Re Billie Rene Powers,* **United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK.**

On July 14, 2010, Plaintiff filed a Bankruptcy proceeding under Chapter 11. [Docket, RJN, Ex. "CC"; Petition and Schedules, RJN, Ex. "DD".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant

action.  [RJN, Ex. "DD".]  On August 20, 2010, the Bankruptcy Trustee filed a Motion to Dismiss the bankruptcy case on the grounds that Plaintiff had filed it in bad faith and there had been five prior bankruptcies filed by Plaintiff using the same attorney.  [RJN, Ex. "CC".]  On September 29, 2010, the current beneficiary (The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2007-HY9 Mortgage Pass –Through Certificates, Series 2007-HY9) filed a Joinder to the Motion to Dismiss.  [RJN, Ex. "CC".]  The Motion to Dismiss was granted on October 13, 2010, and the Order of Dismissal entered on November 4, 2010.  [RJN, Ex. "CC"; Order Dismissing Case, RJN, Ex. "EE".]

   **F.    *Billie Rene Powers, aka Rancho Sonata, LLC v. Val-Chris Investments, Inc., et al.,* Superior Court of California, County of Orange, Case No. 30-2012-00538867**

   On January 20, 2012, Plaintiff filed a Verified Complaint against Val-Chris Investments, Inc., Chris Boulter, Thomas F. Peppers, trustee of the Thomas F. Peppers Trust, and Ress Financial Corporation in connection with the Property.  [Docket, RJN, Ex. "FF"; Verified Complaint, RJN, Ex. "GG".]   In her Verified Complaint, Plaintiff identified the same first position loan at issue in the instant case as being from Countrywide Home Loans, but later in the Verified Complaint she referenced the first position loan as one for $1,300,000 from Bank of America which had "taken over the loan from Countrywide".  [RJN, Ex. "GG", pars. 3, 15.]  In the Verified Complaint, Plaintiff also states she obtained a $170,000 loan from Countrywide concurrent with obtaining the first loan in 2006.  [RJN, Ex. "GG", par. 3.]  Plaintiff alleged in her Verified Complaint that she refinanced that second loan with a new $400,000 loan from Val-Chris, on which she defaulted. [RJN, Ex. "GG", pars. 3-5.]  She stated the Property sold to Thomas Peppers at an October 15, 2009 trustee's sale due to her default on the second lien.  [RJN, Ex. "GG", par. 17.]

   The crux of the case was Plaintiff's contention Val-Chris should not have given her the $400,000.00 loan given the economic conditions at the time, and it should not have sold the Property to Thomas Peppers because she did not have

proper notice of the sale. [RJN, Ex. "GG".] The Court sustained a Demurrer without leave to amend on November 26, 2012 in part because Plaintiff had failed to disclose the existence of her claims in her three bankruptcy proceedings filed February 17, 2009, February 10, 2009, and July 2010 and because the alleged "wrongful foreclosure" occurred prior to the bankruptcies. [RJN, Ex. "HH".]

**G.** ***Thomas F. Peppers, Trustee of the Thomas F. Peppers Trust, UDT and or Its Successors, and/or Assignees in Interest v. Rancho Sonata LLC*, Superior Court of California, County of Orange, Case No. 30-2011-00519650-CL-UD-HNB.**

On November 2, 2011, the purchaser of the Property from Plaintiff's default on a second position loan, Thomas Peppers, filed an unlawful detainer action against Plaintiff as to possession of the same Property at issue in this case. [Docket, RJN, Ex. "II".] According to the docket, Judgment was entered in favor of the third-party purchaser on January 30, 2012, a writ of possession was entered on February 3, 2012, and the unlawful detainer action was dismissed on February 15, 2012, despite Plaintiff's efforts to vacate the judgment. [RJN, Ex. "II".]

**H.** ***In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB.**

On August 4, 2017, Plaintiff filed a Bankruptcy proceeding under Chapter 13. [Docket, RJN, Ex. "JJ"; Petition, RJN, Ex. "KK".] In her Petition, Plaintiff check-marked "NO" to the question "Have you filed for bankruptcy within the last 8 years?", and she did not disclose the existence of any of the claims asserted in the instant action or the fact that she had even filed the instant action. [RJN, Ex. "JJ".] The matter was dismissed on August 23, 2017. [RJN, Ex. "KK".]

**4.    PLAINTIFF FAILS TO JOIN INDISPENSABLE PARTIES.**

A party may move to dismiss a case for "failure to join a party under Rule 19." [Fed. R. Civ. P. 12(b)(7).] There is a three-step inquiry on a 12(b)(7) motion: "(1) is the absent party required (or "necessary") within the meaning of Rule 19(a)?, (2) is joinder of the absent party "feasible," under Rule 19(a)?, and (3) if joinder is not feasible, is the absent party indispensable, such that the action must be dismissed?" [*Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672

F.3d 1176, 1179 (9th Cir. 2012).]  The Ninth Circuit held a court should grant a 12(b)(7) motion to dismiss "if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable."  [*Biagro W. Sales Inc. v. Helena Chem. Co*., 160 F.Supp.2d 1136, 1141 (E.D. Cal. 2001) (*citing Shermoen v. United States*, 982 F.2d 1312, 1317–18 (9th Cir. 1992)).]

A party is indispensable either if in its absence, "the court cannot accord complete relief among the existing parties," [Fed. R. Civ. P. 19(a) (1)(A)], or if the absent party "claims an interest relating to the subject of the action."  [Fed. R. Civ. P. 19(a)(1)(B), and one of two other conditions is met. [*Medrano v. Caliber Home Loans, Inc*., 2014 WL 7236925, \*5 (C.D. Cal. Dec. 19, 2014).]  The court in *Uzoebo v. Ocwen Loan Servicing LLC,* 2013 WL 6018067, \*6 (C.D. Cal. Nov. 12, 2013) determined a "current owner of the property in dispute, is required to be joined in [] litigation because the Court could not accord complete relief without its intervention."

Plaintiff fails to name as a party the entity to whom she transferred title.  On July 10, 2007, a Grant Deed was recorded reflecting transfer of title of the Property to Rancho Sonata, LLC.  [RJN, Ex. "C".]  She also fails to name as parties the co-borrowers on the loan, Louise J. Hanson, and Jacqueline M. Hanson, who co-signed the Note and Deed of Trust.  [RJN, Ex. "A"; *see also* Complaint, p. 8:7-23.]  They share with Plaintiff the rights and obligations under the loan contract.  She further fails to name Thomas Peppers, who purchased the Property in 2009 at a foreclosure sale under a junior lien.  [RJN, Ex. HH", par. 17.]  The interests of Thomas Peppers, Louise J. Hanson, Jacqueline M. Hanson, and Rancho Sonata, LLC are necessarily implicated, and failure to join them warrants dismissal under Rule 12(b)(7).

///

///

///

///

**5.**     **THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .

    (6)  failure to state a claim upon which relief can be granted,. . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  [*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).] Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy.  [*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).]  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).]  To base an action on violation of statute, the relevant terms of the statute must be alleged.  [*Brown v. Southern Calif. Edison Co.,* 12 Cal.App.102, 104 (1932).]   A party claiming conduct violated statutes must allege with "reasonable particularity" facts supporting the statutory elements of the violations. [*Perdue v. Crocker National Bank,* 38 Cal.3d 913, 929 (1985).]  The FAC is subject to dismissal for failure to state a claim under Rule 12(b)(6).

**6.**     **PLAINTIFF LACKS STANDING TO PROSECUTE CERTAIN CLAIMS ASSERTED IN THE COMPLAINT.**

Upon the commencement of the Debtor/Plaintiff's bankruptcy case, a bankruptcy estate was created that is a new and distinct entity from the Debtor. [11 U.S.C. § 541(a).]   The bankruptcy estate includes all legal and equitable interests of the Debtor in property as of the commencement of the case.  [*Id.*]  The scope of § 541 is broad and includes as property of the estate lawsuits or causes of

actions that accrued to the debtor prior to the Petition Date.  [*See, e.g., In re Bronner*, 135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) (debtor's bad-faith lawsuit became property of the estate at the time the petition was filed).]  Certain of Plaintiff's claims or causes of actions against the Defendants in this case constitute property of the bankruptcy estate.  [*See Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Haw. 1996) ("courts have long held that the definition of 'property' [in 11 U.S.C. § 541] extends to causes of action, including TILA claims").]  Only the chapter 7 trustee, not the Debtor, is authorized to take action on behalf of the estate.  [*See* 11 U.S.C. § 704(a); *see Guerpo v. Amresco Residential Mortgage Corp.*, 13 Fed. Appx. 649, 650 (9th Cir. 2001) (unpublished).]  "By operation of statute, assets that [debtor] failed to schedule remained the bankruptcy estate's property, even after the court discharged his debt."  [*Dunmore v. U.S.,* 358 F.3d 1107, 1112 (9th Cir. 2004) (citing 11 U.S.C. §554(c),(d)).]

In *Rowland v. Novus Financial Corp.*, the District Court set forth two exceptions to the general rule that a debtor lacks standing to bring a cause of action after appointment of a trustee, abandonment or exemption.  [949 F. Supp. at 1453.]  In the instant case, neither exception applies.  "Property not formally scheduled in the bankruptcy proceeding is not abandoned at the close of the bankruptcy proceeding, even if the trustee was aware of the existence of the property."  [*M & M Foods, Inc. v. Pacific American Fish Co., Inc*., 196 Cal.App.4th 554, 563 (2011).]  Plaintiff's claims that existed at the time of Plaintiff's first bankruptcy, in which she obtained a discharge in 2009, must be brought, if at all, by the chapter 7 trustee of Plaintiff's bankruptcy estate.

7.  **PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING CLAIMS NOT ON HER BANKRUPTCY SCHEDULES.**

Courts have uniformly recognized the goal of the equitable doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  [*Javaid v. Allied-Barton Sec. Services,* 2008 WL 1925233, * 7 (E.D.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

Cal. 2008).]  "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  [*Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).]  "The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and liquidated claims. The debtors' duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."  [*Id.*]  In *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602 (2011), the court sustained defendant's demurrer to a wrongful foreclosure case on the basis that the borrower did not disclose their claims against the lender on the Chapter 13 Bankruptcy Schedules.

A discharge may qualify as acceptance of the accuracy of schedules for judicial estoppel purposes.  [*See An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)* 308 B.R. 448, 453-54 (9th Cir. BAP 2004).]  Also, a debtor receives a benefit from the automatic stay in a bankruptcy proceeding, and obtaining that stay is thus a bar to later asserting unidentified claims.  [*Gil v. Wells Fargo Bank,* 2016 WL 3742372, *3 (N.D. Cal. July 13, 2016) (granting a motion to dismiss based on plaintiff's failure to disclose claims in a bankruptcy proceeding, and stating "the Bankruptcy Court 'accepted' Plaintiff's position by granting her an automatic stay, and [] Plaintiff would obtain an unfair advantage in this proceeding were it to proceed.").]  A debtor also receives a benefit because the creditors, the trustee, and the court, rely on the schedules in assessing their response to the bankruptcy.  [*See Escalante v. FNMA,* 2016 WL 4160956, *5-*6 (E.D. Cal. Aug. 5, 2016) (granting a motion to dismiss plaintiffs' claims based on judicial estoppel and stating "Because a bankruptcy court evaluates a debtor's potential assets, omitting such claims deceives the bankruptcy court and a debtor's creditors.").]

Here, Plaintiff was required to disclose all potential claims in her several bankruptcies, but she failed to disclose the claims raised here.  [*See* RJN, Exs. "R", "U", "W", "Y", "Z", "EE", "KK".]  Plaintiff took advantage of the protections and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

benefits afforded by the bankruptcy law and proceedings, and obtained the benefit of a discharge in 2009, and the automatic stay on several occasions.  As stated above, "assets that [debtor] failed to schedule remain[] the bankruptcy estate's property, even after the court discharged his debt." [*Dunmore, supra,* (citing 11 U.S.C. §554(c),(d)).]   As these claims were not disclosed as assets in the bankruptcy, Plaintiff should be judicially estopped, from asserting them here. [*See Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d. 555, 557 (9th Cir. 1992).]

**8.**      **THE TRUSTEE'S SALE IS PRESUMED VALID.**

As a general rule of common law, there is presumption a trustee's sale has been conducted regularly and fairly. [*Wolfe v. Lipsy*, 163 Cal.App.3d 633, 639 (1985).] To overcome this presumption, facts indicating the sale was invalidly conducted must be pleaded and proved.  [*Hatch v. Collins*, 225 Cal.App.3d 1104, 1113 (1990).]   A presumption also arises from a recital in a trustee's deed that requirements for notices of default and sale have been satisfied. This presumption is prima facie evidence of compliance.  [Civ. Code § 2924; *Taliaferro v. Crola*, 152 Cal.App.2d 448, 449 (1957).]   The sale, coupled with the necessary recitals in the Trustee's Deed, establish a presumption of validity.

**9.**      **PLAINTIFF DOES NOT ALLEGE TENDER OF ALL AMOUNTS DUE UNDER THE NOTE AND TRUST DEED.**

An action attacking a trustee sale is an action in equity.  [*Raedkle v. Gibralter Sav. & Loan Assn.*, 10 Cal.3d 665, 671 (1975).]   Therefore, as a condition precedent to any action challenging a foreclosure, a plaintiff must pay or offer to pay the secured debt and ***before an action is commenced or in the complaint.*** [*Whitman v. Transtate Title Co.*, 165 Cal.App.3d 312, 322-323 (1985).]  Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action.  [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).] The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit.  [*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996) (affirming sustaining of demurrer

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

without leave to amend.)]  "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage."  [*Arnold Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1985).]  The tender requirement applies to any claim "implicitly integrated" with the foreclosure process.  [*Id*. at 579).]  The purpose of this is to save the Court from "order[ing] a useless act performed" where a plaintiff would be unable to prevent foreclosure if any irregularity in the procedure were resolved.  [*FPCI REHAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021-22 (1989).]

Plaintiff does not allege tender of all amounts due under the loan.  [FAC, *passim*.]  The September 25, 2014 Notice of Default reflects that as of September 23, 2014, Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson, were in default in the amount of $356,429.14.  [RJN, Ex. "N".]  Plaintiff's FAC is implicitly integrated with the nonjudicial foreclosure process and thus fails due to Plaintiff's failure to allege tender.

## 10.  PLAINTIFF'S CLAIMS ATTACKING THE ASSIGNMENT AND AUTHORITY TO FORECLOSE FAIL.

Through her FAC, Plaintiff alleges a multitude of vague and unintelligible causes of action attacking the authority of defendants to foreclose, and a variety of contractual, statutory, and tort claims related to loan servicing.  Preliminarily, Plaintiff's pre-foreclosure, preemptive attack on the authority of Loan Defendants to foreclose is unsupported by authority in California.  In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011), the court determined no pre-foreclosure cause of action exists for a claim challenging a foreclosing party's authority to foreclose by the owner of a promissory note based on speculative facts. The court stated "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delay[]."  [*Id.* at 1155; *see also Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 814 (2016)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

(finding courts in California "do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature'" and holding such a plaintiff "lacks standing to challenge the assignment.").]

To bring an action challenging whether foreclosure was authorized by the owner of the note, a plaintiff must allege a "factual basis" for the claim and must go further than a mere "speculative suit." [*Gomes,* 192 Cal.App.4th at 1156.] Given the presumption of regularity, if a plaintiff contends a sale is invalid because of a lack of authority to conduct a sale, the burden rests with plaintiff affirmatively to plead facts demonstrating the impropriety. [*Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 270 (2011); *Saterbak*, 245 CalApp.4th at 813-814 (As "the party seeking to cancel the assignment through this action, Saterbak 'must be able to demonstrate that . . . she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical'." (citation omitted).] It is Plaintiff's burden to prove invalid transfer of interest in the loan. [*Fontenot*, 198 Cal.App.4th at 269 ("MERS did not bear the burden of proving a valid assignment").]

Any effort on the part of Plaintiff to challenge an assignment would fail as recordation of assignments of deeds of trust is not required under California law. [*Haynes v. EMC Mortg. Corp.,* 205 Cal.App.4th 329, 336-337 (2012) ("where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded"); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 123 (2011) (assignments need not be recorded).] Instead, Plaintiff would have to allege that the party authorizing foreclosure, either itself or working through agents, never received an interest in the underlying *loan* "in any manner." [*Fontenot*, 198 Cal.App.4th at 271-72 ("assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded").] Plaintiff alleges no such facts.

The recent *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919 (2016) decision is in accord. The Court in *Yvanova* made a self-declared narrow holding

MOTION TO DISMISS FIRST AMENDED COMPLAINT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

that, in a post-foreclosure action for the wrongful, nonjudicial foreclosure of a deed of trust securing a home loan, a borrower has standing to challenge an assignment of a deed of trust based on defects allegedly rendering the assignment *void*. [*Id.* at 924.]   The Court in *Yvanova*, however, did not describe allegations that would constitute a void assignment.  [*See Saterbak*, 245 Cal.App.4th at 815 (stating the *Yvanova* Court "offers no opinion" on the void voidable question regarding the alleged timing of an assignment).]   The Court of Appeal for the Second District recently determined that an attack on the timing of the assignment, as being subsequent to a trust closing date, fails to state a claim.  [*Yhudai v. Impac Funding Corp.,* 1 Cal.App.5th 1252, 1256-60 (2016); *see also Saterbak*, 245 Cal.App.4th at 815 ("such an assignment is merely voidable.").]   Plaintiff here has only alleged in speculative language that Defendants are not authorized to foreclose, however, she has not carried her burden to demonstrate this with any facts.

## 11.   PLAINTIFF'S ASSERTIONS OF FRAUDULENT DOCUMENTS OR "ROBO-SIGNING" FAIL TO STATE A CLAIM.

Plaintiff contends certain documents have been "improperly executed, notarized, or sworn to" or "robo signed" relating to the nonjudicial foreclosure and that they should be declared void.  [*See, e.g.,* FAC, pars. 11, 16-19.]   But Plaintiff alleges no facts regarding such a conclusion, and does not identify *any* documents related to her loan that were purportedly false or misleading.   Plaintiff also does not allege any facts indicating that a party signing foreclosure documents were not authorized to do so and that they were not conferred the required authority.  [*See Bogosian v. CR Title Services, Inc.*, 2011 WL 2039368 at *1 (C.D. Cal. 2011)  ("to the extent Plaintiffs take issue with Markham's dual position, Plaintiffs have not identified relevant legal authority prohibiting such an arrangement").]

This Court need not accept a conclusory statement regarding persons' status to sign foreclosure documents.   Allegations regarding improperly or fraudulently signed documents must be based on some factual allegations made by Plaintiff based on personal knowledge of the events.  [*See Zinnel v. CitiMortgage, Inc.*, 2010

WL 3715079, *4 (E.D. Sept. 16, 2010); *see also Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL 2618729, *8-*9 (S.D. Cal. June 25, 2010) (dismissing the claim with prejudice finding, "Plaintiffs' allegations that the foreclosure was wrongful because Mr. Roger Stotts (who signed the assignment) did not have the authority to bind MERS are conclusory and not supported by any facts."]  In this case, Plaintiff does not allege any personal knowledge as to her belief regarding the authority of the signers of the documents.

Furthermore, whether documents were "robo-signed" is irrelevant as Plaintiff has not alleged facts disputing the documents and has not alleged what statute "robo-signing" violates or how she was prejudiced by it.  [*See Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071 at *5 (C.D. Cal. July 11, 2011).]  Indeed, Plaintiff does not identify any way in which the alleged robo-signing injured her, such as causing the foreclosure or preventing her from curing the default so as to avoid foreclosure. [*See Javaheri v. JPMorgan Chase Bank, N.A.* (C.D. Cal. Aug. 13, 2012) 2012 WL 3426278 at *6 ("the only injury [Plaintiff] alleges is the [] foreclosure on [her] home, which is the result of [her] default on [her] mortgage. The foreclosure would occur regardless of what entity was named as trustee").]

**12.  THE CAUSE OF ACTION FOR "INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5 AND OTHER ISSUES WITHIN THIS COMPLAINT", CLAIM FOR "BREACH OF SECURITY INSTRUMENT," CLAIM FOR "JUDICIAL ESTOPPLE," AND CLAIM FOR "DECLARATORY JUDGMENT" MUST FAIL.**

Plaintiff claims a violation of Civil Code section 2923.5 in that "Defendant" purportedly did not provide the requisite contact or notice prior to recording the Notice of Default.  [FAC, par. 26.] Plaintiff also contends the Substitution of Trustee is void due to fraud because it was purportedly not executed by the Lender, and it was recorded prior to an assignment.  [FAC, par. 35.]  Plaintiff further claims the loan became unsecured or Loan Defendants lacked the ability to foreclose based on alleged improper securitization.  [FAC, pars. 66-69.]

**A.  Plaintiff Fails to Allege any Irregularity With Particularity.**

As noted above, under *Twombly* and in order to challenge a trustee's sale

under California law, Plaintiff must allege any irregularity in the foreclosure process with particularity.   And, it is her burden to do so.   Plaintiff's claims attacking authority to foreclose based on alleged assignment of the Deed of Trust, or transfer of the loan, are unsupported by facts.   As to Plaintiff's claims regarding the Substitution of Trustee, they fail as a trustee may be substituted after a Notice of Default is recorded, so long as it is prior to the recording of a Notice of Trustee's Sale.   [Civ. Code § 2934a(b).]   Plaintiff identifies no statute or section of the Deed of Trust in claiming that the recording of the Notice of Default was improper.   And, as discussed above, the attack on the authority of the person signing the document must fail.   Finally, Civil Code section 2934a states that "[o]nce recorded, the substitution shall constitute ***conclusive evidence*** of the authority of the substituted trustee."   [Civ. Code § 2934a(d) (emphasis added).]   Thus, claims as to the Substitution of Trustee must fail.   Also, the claims as to alleged robo-signing are vague and fail as discussed further above.   Furthermore, the section 2923.5 claim is not alleged with particularity, as discussed below.   Overall, the entire attack on the nonjudicial foreclosure process is baseless, based on conclusory and sweeping vague allegations.   For the reasons discussed in this Motion to Dismiss, Plaintiff fails to allege any irregularity, or any violation with statute, sufficiently.

### B.      Plaintiff Fails to Allege Substantial Prejudice Due to any Defect.

To challenge a trustee's sale based on any claimed irregularity in the foreclosure process, a plaintiff must plead and prove substantial prejudice resulting from the alleged defect.   [*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1257 (2005).]   Plaintiff fails to allege any prejudice suffered as a result of any irregularity in the foreclosure process.   Plaintiff does not deny defaulting on the loan and does not allege actual tender of all amounts due.   Additionally, claims related to improper securitization or invalid assignments fail as they cannot support a claim for prejudice.   [*Fontenot*, 198 Cal.App.4th at 272 (finding no prejudice when "Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note…nor

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

that the original lender would have refrained from foreclosure under the circumstances presented.").]

### C.   "Injunction" is a Remedy and Not a Cause of Action.

"A request for injunctive relief by itself does not state a cause of action." [*Currey v. Homecomings Fin., LLC,* 2009 WL 1227010, *7 (N.D. Cal. May 1, 2009).]

### D.   Injunctive Relief Is Not Supported by Any Viable Cause of Action.

To obtain injunctive relief, Plaintiff must establish compliance with Federal Rule of Civil Procedure, Rule 65, and the claim must be premised on a viable cause of action.  [*See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365 (2008).] No viable claim supports a finding of an injunction as to the nonjudicial foreclosure process, nor any other conduct.

### E.   Plaintiff Fails to Plead Specific Facts Indicating Any Instrument Was Invalid.

To cancel any instrument, the facts showing actual invalidity of an apparently valid instrument must be specifically pleaded.  [*Wolfe v. Lipsy*, 163 Cal.App.3d 633, 638 (1985).]  The basis for rescission, either mistake, fraud or duress, must be pleaded with specificity.  [*Stock v. Meek*, 35 Cal.2d 809, 815 (1950); *Wood v. Metzenbaum*, 107 Cal.App.2d 727, 730 (1950).]  Plaintiff fails to plead a valid basis for cancellation.

### F.   Plaintiff Fails to Plead a Violation of Civil Code Section 2923.5.

Plaintiff's scantly alleged violation of the Civil Code Section 2923.5 fails. Notably, Plaintiff does not allege any facts that Loan Defendants did not attempt to comply with the statute with due diligence.  [*Curtis v. Option One Mortgage Corp.,* 2010 WL 1729770, at *7 (E.D. Cal. 2010) (dismissing section 2923.5 claim "in light of the [due diligence] statements in the Notices of Default and Plaintiff's lack of allegations to the contrary"); *Wienke v. Indymac Bank FSB,* 2011 WL 2565370 at *5 (N.D. Cal. June 29, 2011) (dismissing 2923.5 claim with prejudice in part for failure to plead that the lender did not comply with the "due diligence" provision).] ///

**G.      Plaintiff Fails to Allege the Existence of an Actual Controversy.**

The Declaratory Judgments Act, 28 U.S.C. section 2201, provides that:

In a case of ***actual controversy*** within its jurisdiction, . . . any court of the United States. . . ***may*** declare the rights and other legal relations of any interested party…. (emphasis added.)

As discussed in this Memorandum, Plaintiff fails to state an actual controversy.   Plaintiff's allegations reveal default under the loan, and no valid challenge to foreclosure is stated.

## 13.      THE CLAIM FOR "VIOLATION OF RESPA" MUST FAIL.

Plaintiff claims she sent a Qualified Written Request "to every named Bank Defendant and Servicer in this action" and that she attached it to the pleading; but, no such "QWR" is attached to the Complaint.   [FAC, par. 9.]   Plaintiff claims "Defendant" has not properly responded.   [FAC, pars. 9-10.]

**A.      Plaintiff Fails to Allege a Violation of RESPA.**

There are no facts alleged that indicate any QWR, that complied with the statute, was submitted to WELLS FARGO.   A QWR requests information relating to the servicing of a loan.   [12 U.S.C. § 2605(e)(1)(A).   Sufficient facts as to any particular request are lacking, as under *Twombly*.

**B.      Plaintiff Has Not Demonstrated Recoverable Damages Under RESPA.**

Plaintiff has not sufficiently demonstrated entitlement to recovery under RESPA, as she has not demonstrated that she suffered actual damages, or any entitlement to statutory damages.   [*See Davidson v. Countrywide Home Loans, Inc.,* 2011 WL 1157569, *4 (S.D. Cal. March 29, 2011).]   In *Durland v. Fieldstone Mortg. Co.*, 2011 WL 805924, *3 (S.D. Cal. March 1, 2011), the court stated, "At a minimum, this requires a borrower to establish a causal link between the alleged pecuniary losses and the servicer's failure to comply with RESPA."   Plaintiff does not suggest any damage resulted from an alleged failure to respond to the purported correspondence.   Plaintiff also does not state a claim for statutory damages, as she has not provided any facts Loan Defendants engaged in a pattern of noncompliance with RESPA.   [*See* 12 U.S.C. § 2605(f); *Lal v. Am. Home Serv., Inc.,* 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010).]

**14.   THE CLAIM FOR "RICO SUPPORTED BY THE DEFENDANT'S VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 17200 & 17210 AND FRAUD," CLAIM FOR "RICO CONSPIRACY–RESPA," AND CLAIM FOR "RICO SUPPORTED BY DEFENDANT'S MODIFICATION, VIOLATION OF CALIFORNIA CIVIL CODE §§ 17200 & 17210, FRAUD AND RESPA" MUST FAIL.**

Plaintiff claims Defendants violated RICO by allegedly "receiv[ing] income derived from a pattern of racketeering activities or through collection of unlawful debts." [FAC, pars. 30, 32, 34-36.]

**A.   Plaintiff Fails to Specifically Plead any "Racketeering Activity."**

To make a prima facie claim under Racketeer Influenced and Corrupt Organizations Act ("RICO"), the plaintiff must allege: 1) conduct, 2) of an enterprise, 3) through a pattern of, 4) racketeering activity, 5) causing injury. [*Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).]  Plaintiff fails to identify any "racketeering activity."  For an act or omission to be "racketeering activity", it must be included in the list of activities set forth in 18 U.S.C. § 1961(a)[1].  "Racketeering activity" does not include every criminal or civil wrong and excluded actions cannot qualify as racketeering activity.  [*McMartin v. Children's Institute International*, 212 Cal.App.3d 1393, 1406-1407 (1990).]  A common element of all actions included in the list of "racketeering activities" is a requirement the action be criminal in nature, that is, chargeable, indictable, or punishable as a crime.  [*Sedima*, 473 U.S. at 488.]  Plaintiff vaguely contends Loan Defendants are liable under the RICO statutes because of their role in the lending industry and due to references to other purported causes of action.  Plaintiff's claims, such as RESPA, "robo signing", etc., fail as discussed herein.  Overall, Plaintiff fails to specifically allege facts indicating any predicate act under 18 U.S.C. § 1961(a) so as to support any RICO claim.

---

[1]  Subdivision (1) provides an exhaustive list of predicate acts constituting 'racketeering activity.'  This list includes only serious crimes such as murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in narcotic or other dangerous drugs, bribery, embezzlement, wire fraud, obstructive of justice, retaliation against witnesses, unlawful paraphernalia, witness tampering, illegal gambling, money laundering, murder for hire, and narcotics sales, to name a few of the serious crimes identified in the RICO statutes.

**B.      Plaintiff Fails to Specifically Plead a Pattern of Racketeering.**

To state a RICO claim a plaintiff must allege a "pattern" of racketeering. [18 U.S.C. § 1961(5).]  Congress intended to require a minimum of two predicate acts but two is not necessarily sufficient.  [*Sedima,* 473 U.S. at 496.]  The predicate acts must have continuity, i.e., "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not events."  [*H.J., Inc. v. Northwestern Bell* (1989) 492 U.S. 229, 240.]  In this case Plaintiff's broad allegations do not constitute any acts of racketeering, let alone the two or more acts required by the RICO statute.

**15.      THE CLAIM FOR "DECLARATORY JUDGMENT QUIET TITLE" MUST FAIL.**

Plaintiff claims "Defendant Banks do not have a secured or unsecured legal or equitable or pecuniary interest in the lien," and she seeks to have title quieted in her name.  [FAC, pars. 38, 52.]

**A.      Outstanding Debts Must Be Paid Prior to Seeking Quieted Title.**

A plaintiff cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."  [*Aguilar v. Bocci,* 39 Cal.App.3d 475, 477 (1992); *see also Lueras v. BAC Home Loans Servicing, LP,* 163 Cal. Rptr. 3d 804, 835 (2013).]  Plaintiff has not alleged that he satisfied the lien.

**B.      Plaintiff Fails to Allege Superior Title to the Property.**

To state a quiet title cause of action, a plaintiff must state facts establishing that he or she has superior title to the real property in dispute.  [*Twain Harte Homeowners Ass'n v. Patterson,* 193 Cal.App.3d 184, 188 (1987); Cal. Code Civ. Proc. § 761.020(b).]  Plaintiff here has not alleged a basis for superior title.

**C.      Plaintiff Fails to Allege All Adverse Claims to the Property.**

To state a claim for quiet title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought."  [Code Civ. Proc. § 761.020(c).]  Plaintiff does not allege all adverse claims or that no others exist.

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

**16.   THE CLAIM FOR "DEFENDANT'S VIOLATIONS OF HOME AFFORDABLE MODIFICATION AND PROGRAM – SLANDER OF TITLE" MUST FAIL.**

Plaintiff claims Defendant has violated the Home Affordable Modification Program by some fraudulent recording of documents which purportedly slandered title. [FAC, pars. 54-55.]

**A.     Recording of Nonjudicial Foreclosure Documents Is Privileged.**

This tort claim is barred by the litigation privilege of Civil Code section 47, which is made applicable in non-judicial foreclosure proceedings by Civil Code Section 2924(d).   Section 2924(d) provides an absolute privilege as to: "[t]he mailing, publication, and delivery of notices as required by this section" and the [p]erformance of the procedures set forth in this article" are considered "privileged communications pursuant to [Cal. Civ. Code § 47]."   The effect of the litigation privilege is that it bars any tort action based on a protected communication.  [*See Kachlon v. Markowitz,* 168 Cal.App.4th 316, 333-34 (2008).]   Moreover, the assertion of an economic interest in good faith is privileged, even if it causes emotional distress.  [*Fletcher v. Western National Life Ins. Co.,* 10 Cal.App.3d 376, 395 (1970).]  Plaintiff's claims of slander of title based on recorded documents are barred by the privilege. [*See also Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee,* 2011 WL 2784126, at *9 (S.D. Cal. Apr. 4, 2011).]

**B.     Plaintiff Cannot Allege Knowledge of Falsity.**

The tort of slander of title requires a false statement be knowingly made about title to a property.  [*Howard v. Schaniel*, 113 Cal.App.3d 256, 264 (1980).] Plaintiff does allege any facts that Loan Defendants had knowledge of falsity when the recording of the purportedly slanderous documents occurred.

**C.     Plaintiff Cannot Allege Loan Defendants Acted with Malice.**

The cause of action for slander of title requires that the owner establish that the disparaging statement was made maliciously.  [*Gudger v. Manton*, 21 Cal.2d 537, 544 (1943).]  Whether a defendant acted with malice is a question of law. [*Gudger*, 21 Cal.2d at 543-544.]  Plaintiff here alleges no facts as to malice on the

1   part of Loan Defendants in recording any documents.

2   **D.     HAMP Cannot Support Plaintiff's Claims.**

3   Plaintiff vaguely relies on HAMP in support of this claim.  Loan Defendants
4   submit, however, that a lender is not required to provide a loan modification under
5   HAMP or other federal loan modification programs.  In *Hoffman v. Bank of Am.,*
6   2010 WL 2635773, *2-*3, *5 (N.D. Cal. June 30, 2010), the court stated HAMP
7   "does not actually require that the servicer modify all eligible loans" and "lenders
8   are not required to make loan modifications for borrowers that qualify under
9   HAMP."  Also, plaintiff there lacked standing to make such a claim. The court in
10  *Wright v. Bank of America, N.A*., 2010 WL 2889117, *4 (N.D. Cal. July 22, 2010),
11  determined a lender was not required to provide a loan modification under HAMP.
    Plaintiff's claims and causes of action based on this claim must fail.

12  **17.   THE  CLAIM  FOR  "CONVERSION – DECLARATORY  RELIEF,"
13          MUST FAIL.**

14  Plaintiff claims that through "wrongful foreclosure, using fraudulent means,
15  the Defendant converted the Plaintiff's Real Property for the Defendant's own use".
    [FAC, par. 56.]

16  **A.     Plaintiff Fails to Allege Interference with Plaintiff's Possession of
17          Personal Property.**

18  "Under California law, trespass to chattels 'lies where an intentional
19  interference with the possession of personal property has *proximately* caused
20  injury.'"  [*Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1350-1351 (2003).]  To claim
21  conversion, a plaintiff must assert facts indicating a defendant assumed control or
22  ownership inconsistent with plaintiff's possessory or ownership rights and facts
23  indicating that the defendant wrongfully exerted dominion.  [*Igauye v. Howard*,
24  114 Cal.App.2d 122, 126 (1952).]  Plaintiff does not identify any ownership or
25  possessory interest in assets created by the securitization of her loan.   Plaintiff
26  received the loan proceeds and the Deed of Trust specifically stated the loan could
27  be sold without consent or notice and does not confer any rights in Plaintiff with
28  respect to such sale.  [RJN, Ex. "A".]  Plaintiff has not identified any interference
    with interest in any personal property and such claim has been deemed frivolous.

**B.      Real Property is Not a Proper Subject of a Conversion Claim.**

Plaintiff alleges conversion related to her secured loan.  To the extent Plaintiff refers to a pending foreclosure, such a claim fails as real property cannot be the subject of a conversion claim.  "[I]t is generally acknowledged that conversion is a tort that may be committed only with relation to personal property and not real property."  [*Munger v. Moore*, 11 Cal.App.3d 1, 7 (1970).]

**18.   THE CLAIM FOR "VIOLATION OF 15 U.S.C. § 1692," MUST FAIL.**

Plaintiff claims a violation of the FDCPA where "Defendant Banks attempted to collect on the Note under false pretenses."  [FAC, par. 62.]

**A.      Loan Defendants Were Not "Debt Collectors" under the FDCPA.**

"Debt collectors" under the FDCPA are those entities that collect consumer debts owed to another.  Therefore, creditors (in their capacity as such) are not subject to the Federal FDCPA.  [15 U.S.C. § 1692a(6)(A).]  Mortgage servicing companies, are not debt collectors under the FDCPA.  [*See Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Lal v. American Home Servicing, Inc*., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (stating "The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.").]  As Loan Defendants are alleged to be the creditor, and mortgage servicer, they are not alleged to be "debt collectors" under the FDCPA.

**B.      Foreclosure Pursuant to a Mortgage Does Not Constitute "Debt Collection" Pursuant to the FDCPA.**

Foreclosure related activity cannot be the subject of a federal fair debt collections action. [*See Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, \*19 (N.D. Cal. Jan. 3, 2011) (concluding that the FDCPA does not apply to foreclosure proceedings unless the claim arises from activities "beyond the scope of the ordinary foreclosure process"); *Fuentes v. Deutsche Bank,* 2009 WL 1971610 (S.D. Cal. July 8, 2009), holding Section 1692 "only applies to consumer debts or

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

transactions" and "[r]esidential mortgages fall outside of this definition.").] Plaintiff's FDCPA claims based on foreclosure thus fail.

### C.     Plaintiff Cannot Rely On Legal Conclusions.

Under the FDCPA, "[T]here must be "sufficient factual averments show that the claimant may be entitled to some relief." [*Robinson v. Managed Accounts Receivables Corp.* (C.D. Cal. 2009) 654 F.Supp.2d 1051, 1058 (discussing the requisite specificity for pleading a FDCPA claim).] Plaintiff does not cite to any purportedly violated FDCPA section. Nor does she allege any violative conduct.

### 19.   THE CAUSE OF ACTION FOR "VIOLATION OF THE UNIFORM FRAUDULENT CONVEYANCE ACT," MUST FAIL.

Plaintiff claims "Defendant repeatedly and fraudulently transferred various operative instruments pertaining to the subject Real Property…to persons who were not entitled to receive negotiation," allegedly in violation of the Uniform Fraudulent Conveyance Act. [FAC, par. 70.]

### A.     This Claim Fails Under *Twombly*.

Plaintiff fails to allege any purportedly breached statutory provision, let alone any violative conduct. Thus, the claim is insufficiently pleaded under *Twombly*.

### B.     Plaintiff Fails to Allege a Violation of the Uniform Fraudulent Transfer Act.

To the extent Plaintiff attempts to implicate the Uniform Fraudulent Transfer Act at Civil Code Sections 3439 *et seq*., which relates to debtor and creditor related transfers, no such violation is present on the face of the pleading.

### 20.   THE CLAIM FOR "UNJUST ENRICHMENT" MUST FAIL.

Plaintiff asserts that "Defendant" collected payments it was not entitled to collect. [FAC, par. 72.]

### A.     Plaintiff Fails to Allege Unjust Enrichment.

The elements of unjust enrichment are receipt of a benefit and unjust retention of the benefit at another's expense. [*Hirsch v. Bank of America,* 107 Cal.App.4th 708, 717 (2003); *Peterson v. Cellco Partnership,* 164 Cal.App.4th 1583, 1593 (2008).] Plaintiff admits she financed the Property through the loan,

received the benefit of the loan proceeds, and she does not allege tender of amounts due.  Plaintiff's claim that Loan Defendants were not entitled to receive payments fails for all of the reasons discussed herein, particularly as Plaintiff's claims regarding securitization and the chain of title fail.

**B.     A Claim for "Unjust Enrichment" Cannot Exist in the Presence of an Express Binding Agreement.**

"[A]s a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights." [*Cal. Med. Assn., Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal.App.4th 151, 172 (2001).]  Plaintiff admits executing the note and Deed of Trust, and these contracts define the parties' rights.  Plaintiff does not deny owing payments under the agreement.  As such, those agreements define Plaintiff's duties.

**21.   CONCLUSION.**

Loan Defendants respectfully requests this Court grant the Motion to Dismiss without leave to amend.

Dated:  October 10, 2017            KUTAK ROCK LLP


By: /s/ *Steven M. Dailey*
        Steven M. Dailey
        Attorneys for Defendants
        SELECT PORTFOLIO SERVICING,
        INC., THE BANK OF NEW YORK
        MELLON, F/K/A THE BANK OF
        NEW YORK, AS TRUSTEE, ON
        BEHALF OF THE HOLDERS OF
        THE ALTERNATIVE LOAN TRUST
        2007-HY9, MORTGAGE PASS-
        THROUGH CERTIFICATES SERIES
        2007-HY9 and MORTGAGE
        ELECTRONIC REGISTRATION
        SYSTEMS, INC.