1  Steven M. Dailey #163857
   Rebecca L. Wilson #257613
2  KUTAK ROCK LLP
   Suite 1500
3  5 Park Plaza
   Irvine, CA  92614-8595
4  Telephone: (949) 417-0999
   Facsimile:  (949) 417-5394
5  Email:     steven.dailey@kutakrock.com
   Email:     Rebecca.wilson@kutakrock.com
6
   Attorneys for Defendants SELECT PORTFOLIO
7  SERVICING, INC.; THE BANK OF NEW YORK
   MELLON, F/K/A THE BANK OF NEW YORK, AS
8  TRUSTEE, ON BEHALF OF THE HOLDERS OF THE
   ALTERNATIVE LOAN TRUST 2007-HY9,
9  MORTGAGE PASS-THROUGH CERTIFICATES
   SERIES 2007-HY9 [erroneously sued as "THE BANK OF
10 NEW YORK MELLON F/K/A THE BANK OF NEW
   YORK, AS TRUSTEE, ON BEHALF OF THE
11 HOLDERS OF THE ALTERNATIVE LOAN TRUST
   2007-HY9, MORTGAGE PASS-THROUGH
12 CERTIFICATES SERIES 2007-HY9" and "THE BANK
   OF NEW YORK MELLON FKA THE BANK OF NEW
13 YORK, AS TRUSTEE, FOR THE CERTIFICATE
   HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9
14 MORTGAGE PASS TRHOUGH CERTIFICATES,
   SERIES 2007-HY9"]: MORTGAGE ELECTRONIC
15 REGISTRATION SYSTEMS, INC.

16              **UNITED STATES DISTRICT COURT**

17        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18              **SOUTHERN DIVISION – SANTA ANA**

19
   BILLIE RENE FRANCES          | Case No.  8:17-CV-01386-DOC-KES
20 LILIAN POWERS,               |
                                | Assigned to
21          Plaintiff,          | District Judge:  Hon. David O. Carter
                                | Courtroom: 9D
22     v.                       |
                                | Assigned Discovery
23 COUNTRYWIDE HOME             | Magistrate Judge:  Hon. Karen E. Scott
   LOANS, INC.; COUNTRYWIDE     |
24 BANK, FSB;                   | **NOTICE OF MOTION AND**
   COMMONWEALTH LAND            | **MOTION TO STRIKE PORTIONS**
25 TITLE INSURANCE              | **OF PLAINTIFF'S FIRST AMENDED**
   COMPANY; MORTGAGE            | **COMPLAINT; MEMORANDUM IN**
26 ELECTRONIC REGISTRATION      | **SUPPORT**
   SYSTEMS, INC. "MERS";        |
27 BANK OF AMERICA, N.A.;       | [Federal Rule of Civil Procedure, Rules
   RECONTRUST COMPANY,          | 12(f)]
28 N.A. ; BAC HOME LOANS        |

SERVICING, LP; QUALITY
LOAN SERVICING
CORPORATION; SELECT
PORTFOLIO SERVICING, INC.;
THE BANK OF NEW YORK
MELLON F/K/A THE BANK OF
NEW YORK, AS TRUSTEE, ON
BEHALF OF THE HOLDERS
OF THE ALTERNATIVE LOAN
TRUST 2007-HY9, MORTGAGE
PASS-THROUGH
CERTIFICATES SERIES 2007-
HY9; THE BANK OF NEW
YORK MELLON FKA THE
BANK OF NEW YORK, AS
TRUSTEE, FOR THE
CERTIFICATE HOLDERS,
ALTERNATIVE LOAN TRUST
2007-HY9 MORTGAGE PASS
TRHOUGH CERTIFICATES,
SERIES 2007-HY9; JON
SECRIST; AND DOES 1 TO 10

                Defendants.

Filed and served concurrently with:

1. Motion to Dismiss
2. Request for Judicial Notice

Date:      November 13, 2017
Time:     8:30 a.m.
Ctrm.:    9D

Date Filed:     August 11, 2017

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2017 at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D, of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"],  [collectively "Loan Defendants"] will and hereby do move this Court for an order striking the below paragraphs and lines from Plaintiff's First Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Loan Defendants will move this Court for an order striking the following language from the First Amended Complaint:

## ALLEGATIONS REGARDING PUNITIVE DAMAGES

This request is based on Plaintiff's failure to allege specific facts indicating "fraud, malice or oppression" and Plaintiff's failure to allege specific facts indicating that Loan Defendants authorized or ratified any acts indicating "fraud, malice or oppression."

1. The words "punitive damages," appearing at page 24, paragraph 31.

2. The words "punitive damages," appearing at page 25, paragraph 32.

3. The words "punitive damages," appearing at page 28, paragraph 34.

4. The words "The Plaintiff states that the slander of the subject Real Property by the Defendant was intentional, fraudulent, malicious, oppressive and burdensome and deserving the imposition of punitive damages in an amount sufficient enough that such conduct will not be repeated again by the Defendant," appearing at page 34, paragraph 55.

5. The words "The Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial," appearing at page 42, paragraph 71.

6. The words "The Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial," appearing at page 43, paragraph 72.

7. The words "An award of Punitive and exemplary damages in an amount to be determined at trial in addition to actual damages," appearing at page 44, paragraph 5 of the Prayer.

8. The words "punitive damages," appearing at page 45, paragraph 20 of the Prayer.

## ALLEGATIONS REGARDING ATTORNEYS' FEES

This request is based on the fact that Plaintiff is *in pro per.*

9. The words "attorney's fees," appearing at page 19, paragraph 26.

10. The words "attorneys' fees," appearing at page 24, paragraph 31.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -            17-cv-01386-DOC-KES

1    11.    The words "attorneys' fees," appearing at page 28, paragraph 34.

2    12.    The words "attorneys' fees," appearing at page 25, paragraph 32.

3    13.    The words "including attorney's fees," appearing at page 33,
4    paragraph 52.

5    14.    The words "including attorney's fees charged in excess of the
6    amount(s) that the Defendants actually incurred," appearing at page 34, paragraph
7    53.

8    15.    The words "attorneys' fees and," appearing at page 39, paragraph 64.

9    16.    The words "An award of reasonable attorneys' fees to the Plaintiff,"
10   appearing at page 44, paragraph 7 of the Prayer.

11   17.    The words "Plaintiff counsel and," appearing at page 45, paragraph 14
12   of the Prayer.

13   This Motion is made following the conference of counsel pursuant to Local
14   Rule 7-3 which took place on October 3, 2017.

15   This Motion is based on this Notice of Motion, the attached Memorandum of
16   Points and Authorities, the Request for Judicial Notice, the pleadings and records
17   on file herein, and upon such oral and documentary evidence as may be presented
18   by the parties at the hearing.

19   Dated:  October 10, 2017          KUTAK ROCK LLP

20

21                                     By:  /s/ *Steven M. Dailey*
                                       Steven M. Dailey
22                                     Attorneys for Defendants
                                       SELECT PORTFOLIO SERVICING,
23                                     INC., THE BANK OF NEW YORK
                                       MELLON, F/K/A THE BANK OF NEW
24                                     YORK, AS TRUSTEE, ON BEHALF OF
                                       THE HOLDERS OF THE
25                                     ALTERNATIVE LOAN TRUST 2007-
                                       HY9, MORTGAGE PASS-THROUGH
26                                     CERTIFICATES SERIES 2007-HY9 and
                                       MORTGAGE ELECTRONIC
27                                     REGISTRATION SYSTEMS, INC.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"], hereby submit this Memorandum of Points and Authorities in Support of their Motion to Strike.

## 1.   INTRODUCTION AND STATEMENT OF FACTS.

The facts are stated more thoroughly in the attendant Motion. Briefly, however, Plaintiff BILLIE RENE FRANCIS LILLIAN POWERS ["Plaintiff"] filed this case with confusing scattered allegations attacking authority to foreclose and vaguely referencing a multitude of civil and criminal statutes. The First Amended Complaint ["FAC"] is poorly pleaded and fails to state any particular cause of action as against Loan Defendants. Preliminarily, Plaintiff lacks standing to assert claims relating to the Grant Deed or the Assignment due to her many bankruptcy proceedings, and she is judicially estopped from raising claims not disclosed on her bankruptcy schedules. Plaintiff's attack on authority to foreclose fails, as no void Assignment, or any other document, is implicated. Any attack on the presumptively valid sale also fails absent tender. Plaintiff's request to quiet title fails absent a superior basis for title, and she has not alleged satisfaction of the lien. She further fails to name as parties the co-borrowers on the Deed of Trust, the party to whom she transferred title of the Property in 2007, and the party who purchased the Property at a trustee's sale under a junior lien. Her failure to include these parties subjects the pleading to dismissal under Rule 12(b)(7). The alleged facts and judicially noticeable documents reflect Plaintiff received the benefit of the loan proceeds, she defaulted under the loan, and foreclosure is permitted under the express language of the Deed of Trust.

First, Plaintiff's claim for punitive damages must be stricken. Plaintiff's allegations do not reflect any malicious intent or desire to cause Plaintiff any harm. Additionally, Plaintiff's FAC is devoid of any allegations indicating that any "officer, director or managing agent" of Loan Defendants committed any act of "fraud, malice or oppression."

Second, Plaintiff's request for attorneys' fees must fail as Plaintiff is *in pro per*.

Accordingly, Loan Defendants respectfully request that this Court grant this Motion to Strike references to Plaintiff's claims for punitive damages, and attorneys' fees without leave to amend.

## 2. THIS COURT IS AUTHORIZED TO STRIKE "ANY REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATTERS.

Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." [*LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)] "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." [*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1993).] An "immaterial" matter "has no essential or important relationship to the claim for relief." [*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994).] An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." [*Id.* at 1527.] "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." [*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).]

3.      **PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE STRICKEN.**

    A.      **Plaintiff Fails to Specifically Allege Wrongful Conduct Amounting to "Fraud, Malice or Oppression."**

        In determining whether punitive damages are available to a plaintiff, federal courts apply the substantive law embodied in California Civil Code section 3294. [*Jackson v. East Bay Hosp*., 980 F. Supp. 1341, 1353 (N.D. Cal. 1997).]   Civil Code section 3294 codifies the long recognized principle that the law does not favor punitive damages and that they should be allowed only with the greatest of caution. [*Dyna-Med, Inc. v. Fair Employment and Housing Corn.*, 43 Cal.3d 1379, 1388 (1987); *Henderson v. Security National Bank*, 72 Cal.App.3d 764, 771 (1977).] Section 3294 specifies that a plaintiff may only recover punitive damages in an action for breach of an obligation where it is allegedly proven by that the defendant committed acts of ***malice, oppression,*** or ***fraud.***   Section 3294 defines malice, oppression and fraud as follows:

    (c) As used in this section, the following definitions shall apply:

        (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

        (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

        (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to a defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

        The requirement of proving "despicable" conduct was added in 1987 by the California Legislature in an attempt to further limit claims for punitive damages. Despicable conduct is defined to mean conduct "which is so vile, base, contemptible, miserable, retched or loathsome that it would be looked down upon and despised by ordinary, decent people."  [BAJI, 8th Ed., 1471.]

In *Ebaugh v. Rahkin*, 22 Cal.App.3d 891 (1972), the court reviewed the requirements of section 3294:

> [I]n order to warrant the allowance of punitive damages, the act complained of must not only be willful in the sense of intentional, but it must also be accompanied by aggravating circumstances, amounting to malice. The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. ***There must be an intent to vex, annoy or injure.*** Mere spite or ill will is not sufficient; and mere negligence, ***even gross negligence is not sufficient to justify an award of punitive damages.***
>
> The cases also point out that the only form of malice contemplated by Code of Civil Procedure section 3294 which creates the right to exemplary damages, is malice in fact [Citations]. Under general definition, malice in fact denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it. In ultimate analysis, malice in fact is malice of evil motive." [*Ebaugh* 22 Cal.App.3d at 894 (Emphasis in original).]

A plaintiff must allege, with specificity, the facts which constitute malice, oppression, and fraud. Conclusory allegations are insufficient to establish a claim for punitive damage. [*G.D. Searle & Co. v. Sup. Ct.*, 49 Cal.App.3d 22, 28-29 (1975).] Merely using the terms "fraudulent, oppressive and malicious" have uniformly been held to be inadequate to support a prayer for punitive damages. [*Walton* v. *Anderson*, 6 Cal.App.3d 1003, 1009-1010 (1970); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973).]

Plaintiff does not allege a fraud claim as against Loan Defendants. Additionally, Plaintiff fails to plead specific facts indicating that Loan Defendants harbored any ill will or malice toward Plaintiff. Plaintiff does not contend that Loan Defendants' representatives threatened him in any manner. Accordingly, Plaintiff fails to plead specific facts indicating "fraud, malice or oppression."

**B.     Plaintiff Fails to Allege Wrongful Conduct by a Corporate Officer, Director or Managing Agent of Loan Defendants.**

Subdivision (b) of Civil Code section 3294 provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, ***unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious***

1
2
3

*disregard of the rights or safety of others or authorized or ratified the wrongful conduct* for which the damages are awarded or was personally guilty of oppression, fraud, or malice. (emphasis added)

4

In *Grieves v. Sup. Ct.*, 157 Cal.App.3d 159 (1984), the Court of Appeal

5

affirmed the sustaining of a demurrer in favor of a corporate defendant. Addressing

6

the claim for punitive damages against the corporate defendant, the court stated:

7
8
9

[W]e fail to see how any of those allegations sets forth facts to show [corporate defendant's] advance knowledge, authorization or ratification. Also, absent from the Complaint is any assertion an officer, director, managing agent of corporate defendant] was personally responsible for any of the acts allegedly performed by [corporate defendant]. [*See Grieves* 157 Cal.App.3d at 168.]

10
11

Further, the court in *J. R. Norton Co. v. General Teamsters, Warehousemen and Helpers Union*, 208 Cal.App.3d 430, 445 (1989) noted,

12
13
14

A corporation may be held liable for punitive damages for the acts of its agents and employees when the act is motivated by actual malice or done under circumstances amounting to oppression providing that the act is done with the knowledge or under the direction of corporate officials having the power to bind the corporation.

15

Like fraud, actions for punitive damages must be specifically pleaded. [*G.D.*

16

*Searle & Co., supra,* 49 Cal.App.3d at p. 29.] Plaintiff fails to allege specific facts

17

indicating that any officer, director or managing agent of Loan Defendants directed

18

any conduct amounting to "fraud, malice or oppression" so as to hold Loan

19

Defendants liable for any punitive damages.

20

**4.    PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES SHOULD BE STRICKEN AS SHE IS *IN PRO PER*.**

21
22

"In an action involving state law claims, [federal courts] apply the law of the

23

forum state to determine whether a party is entitled to attorneys' fees." [*MRO Communs., Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).] In California,

24

a party representing him or herself in litigation may not recover attorneys' fees.

25

[*Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 629 (1996); *Troupe v. Katz,* 11 Cal.4th

26

274 (1995).] Plaintiff here is *in pro per*, and thus cannot recover fees in this action.

27

The fee-related allegations should be stricken.

28

**5.      CONCLUSION.**

Accordingly, Loan Defendants respectfully request that this Court grant this Motion to Strike references to Plaintiff's claims for punitive damages, and attorneys' fees without leave to amend.

Dated:  October 10, 2017          KUTAK ROCK LLP


By: /s/ *Steven M. Dailey*
Steven M. Dailey
Attorneys for Defendants
SELECT PORTFOLIO SERVICING,
INC., THE BANK OF NEW YORK
MELLON, F/K/A THE BANK OF
NEW YORK, AS TRUSTEE, ON
BEHALF OF THE HOLDERS OF
THE ALTERNATIVE LOAN TRUST
2007-HY9, MORTGAGE PASS-
THROUGH CERTIFICATES SERIES
2007-HY9 and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.