# EXHIBIT "A"

RECORDING REQUESTED BY:
**EQUITY TITLE COMPANY**

AND WHEN RECORDED MAIL TO:
**Billie Rene Powers**
**40701 Ortega Highway**
**Area of Lake Elsinore , CA 92530**

Order No.: OR0750981
Escrow No.: IR-15391-SK
A.P.N.: 125-120-27

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

**32.00**

**2007000417170** 12:51pm 07/02/07

105 27 G02 3

935.00 935.00 20.00 0.00 6.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS **$1,870.00**          CITY TRANSFER TAX IS $.00
[  X  ]          computed on full value of property conveyed, or
[     ]          computed on full value less value of liens or encumbrances remaining at time of sale.
[     ]          unincorporated area     [  X  ] City of **San Juan Capistrano** AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Roger Lee Delong, a single man**

hereby GRANT(S) to   **Billie Rene Powers, An Unmarried Woman, and Louise J. Hanson, and Jacqueline M. Hanson, Husband and Wife as joint tenants**

the following described real property in the County of **Orange**, State of California:
    See Exhibit "A" attached hereto and made a part hereof for complete legal description.

Dated:  **April 24, 2007**

STATE OF CALIFORNIA
COUNTY OF __RIVERSIDE__          } ss.
On APRIL 26, 2007                              before me
__NANCY FRYE GANZON    NOTARY PUBLIC__
Notary Public, personally appeared
__ROGER LEE DELONG__

personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies) and that
by his/her/their signature(s) on the instrument the
person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ , NOTARY PUBLIC
                    Signature of Notary
Commission Expiration Date: ___11/5/2010___

_Roger Lee Delong_
**Roger Lee Delong**

NANCY FRYE GANZON
COMM. #1703328
NOTARY PUBLIC • CALIFORNIA
RIVERSIDE COUNTY
Comm. Exp. NOV. 5, 2010

(This area for official notarial seal)

MAIL TAX STATEMENTS TO:  Billie Rene Powers, 40701 Ortega Highway , Area of Lake Elsinore , CA 92530

 **Equity Title Company**

2112 E. 4th Street, Suite 100
Santa Ana, CA 92705
(714) 972-4200 Phone
(714) 972-4253 Fax

## Government Code 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: *Nancy Frye Ganzon*

Commission Number: *1703328*

County Where Bond is Filed: *Riverside*

Date Commission Expires: *11-5-10*

Vendor Number: *MGCI*

Place of Execution: SANTA ANA, CA.

Date: *7-2-07*

Signature: _____

I CERTIFY UNDER PENALTY OF PERJURY THAT THE ILLEGIBLE PORTION OF THIS DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

PLACE OF EXECUTION:   SANTA ANA, CA              DATE:_____

EQUITY TITLE COMPANY/SIGNATURE

EXHIBIT "A"

BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION 17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33° 22' EAST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING AT THE SOUTHEASTERLY CORNER OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0° 03' 19" WEST, TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND MALVINA CRISTIN; THENCE SOUTH 88° 50' EAST, ALONG THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, A DISTANCE OF 487.03 FEET; THENCE SOUTH 0° 03' 09" EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE; THENCE SOUTH 33° 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

# EXHIBIT "B"

RECORDING REQUESTED BY
EQUITY TITLE COMPANY

Recording Requested By:
D. PEREZ

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||   **75.00**

**2007000417171 12:51pm 07/02/07**

105 27 D11 24

0.00 0.00 0.00 0.00 69.00 0.00 0.00 0.00

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
ELIZABETH SANTILLAN

125-120-27

_____ [Space Above This Line For Recording Data] _____

IR-15391-SK                          00017102637806007
[Escrow/Closing #]                      [Doc ID #]

# DEED OF TRUST
MIN 1001337-0002241128-7

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated   JUNE 27, 2007          , together with all Riders to this document.

**(B) "Borrower"** is
BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS

**CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 16



VMP®-6A(CA) (0207)      CHL (08/05)(d)      VMP Mortgage Solutions, Inc. (800)521-7291          **Form 3005  1/01**
CONV/VA

* 2 3 9 9 1 *

* 1 7 1 0 2 6 3 7 8 0 0 0 0 0 1 0 0 6 A *

DOC ID #: 00017102637806007

Borrower's address is
40701 ORTEGA HWY, SAN JUAN CAPISTRANO, CA 92530
Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is
Countrywide Bank, FSB.
Lender is a FED SVGS BANK
organized and existing under the laws of THE UNITED STATES
Lender's address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
**(D) "Trustee"** is
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRIVE, MSN:TO-02, THOUSAND OAKS, CA 91360
**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated JUNE 27, 2007     . The Note states that Borrower owes Lender
ONE MILLION ONE HUNDRED NINETY THOUSAND and 00/100

Dollars (U.S. $ 1,190,000.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   JULY 01, 2037           .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(M) "Escrow Items"** means those items that are described in Section 3.
**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

DOC ID #: 00017102637806007

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY          of          ORANGE          :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 125-120-27                    which currently has the address of
              40701 ORTEGA HIGHWAY, SAN JUAN CAPISTRANO                    ,
                        [Street/City]

California     92530     ("Property Address"):
           [Zip Code]

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

DOC ID #: 00017102637806007

but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

DOC ID #: 00017102637806007

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

18

DOC ID #: 00017102637806007

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

DOC ID #: 00017102637806007

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

DOC ID #: 00017102637806007

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

DOC ID #: 00017102637806007

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

DOC ID #: 00017102637806007

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

DOC ID #: 00017102637806007

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

-6A(CA) (0207)          CHL (08/05)          Page 11 of 16          Form 3005  1/01

DOC ID #: 00017102637806007

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

DOC ID #: 00017102637806007

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

DOC ID #: 00017102637806007

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

DOC ID #: 00017102637806007

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
BILLIE RENE POWERS                    -Borrower

_____ (Seal)
LOUIS J. HANSON                        -Borrower

_____ (Seal)
JACQUELINE M. HANSON                   -Borrower

_____ (Seal)
                                       -Borrower

-6A(CA) (0207)        CHL (08/05)        Page 15 of 16                    Form 3005  1/01

DOC ID #: 00017102637806007

**State of California**
**County of** Orange                                } ss.

On June 27, 2007 before me, Sheila Knight, Notary Public
personally appeared

Billie Rene Powers

_____ , personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Sheila Knight                    (Seal)

SHEILA KNIGHT
Commission # 1446233
Notary Public - California
San Diego County
My Comm. Expires Oct 20, 2007

-6A(CA) (0207)        CHL (08/05)            Page 16 of 16              Form 3005  1/01

LOAN #: 171026378

# FIXED/ADJUSTABLE RATE RIDER

(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this TWENTY-SEVENTH day of JUNE, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to Countrywide Bank, FSB.

("Lender") of the same date and covering the property described in the Security Instrument and located at:

40701 ORTEGA HIGHWAY
SAN JUAN CAPISTRANO, CA 92530-_____
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.  ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of 7.000 %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4.  ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of JULY, 2012 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)(d)                     Page 1 of 5





LOAN #: 171026378

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO & ONE-QUART percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month for the unpaid principal at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.000 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 12.000 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                              Page 2 of 5

31

LOAN #: 171026378

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B.1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                Page 3 of 5

LOAN #: 171026378

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                     Page 4 of 5

LOAN #: 171026378

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_Billie Rene Powers_ _____ (Seal)
BILLIE RENE POWERS                                      -Borrower

_Louis J Hanson by Billie Rene Powers his attorney in full_ _____ (Seal)
LOUIS J. HANSON                                         -Borrower

_Jacquline M. Hanson by Billie Rene Powers her attorney in fact_ ___ (Seal)
JACQUELINE M. HANSON                                    -Borrower

_____ (Seal)
                                                       -Borrower

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                  Page 5 of 5



**Equity Title Company**

2112 E. 4ᵗʰ Street, Suite 100
Santa Ana, CA 92705
(714) 972-4200  Phone
(714) 972-4253  Fax

### *Government Code 27361.7*

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: *Sheila Knight*

Commission Number: *1446233*

County Where Bond is Filed: *Orange*

Date Commission Expires: *10-20-07*

Vendor Number: *NNA1*

Place of Execution: _____ SANTA ANA, CA.

Date: *7-2-07*

Signature: _____

I CERTIFY UNDER PENALTY OF PERJURY THAT THE ILLEGIBLE PORTION OF THIS DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

PLACE OF EXECUTION: ___SANTA ANA, CA___        DATE:_____

_____
EQUITY TITLE COMPANY/SIGNATURE

Prepared by: ELIZABETH SANTILLAN

**Countrywide Bank, FSB.**

DATE:         06/27/2007
CASE #:
DOC ID #:    00017102637806007
BORROWER: BILLIE RENE POWERS
PROPERTY ADDRESS: 40701 ORTEGA HIGHWAY
                  SAN JUAN CAPISTRANO, CA 92530-____

Branch #: 0000100
2500 E IMPERIAL HWY , STE 198
BREA, CA 92821
Phone: (714)255-8300
Br Fax No.: (714)255-8495

## LEGAL DESCRIPTION EXHIBIT A

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)





EXHIBIT "A"


BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION 17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33° 22' EAST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING AT THE SOUTHEASTERLY CORNER OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0° 03' 19" WEST, TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND MALVINA CRISTIN; THENCE SOUTH 88° 50' EAST, ALONG THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, A DISTANCE OF 487.03 FEET; THENCE SOUTH 0° 03' 09" EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE; THENCE SOUTH 33° 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

# EXHIBIT "C"

RECORDING REQUESTED BY
Billie Rene Powers
40701 Ortega Highway
San Juan Capistrano, CA 92530

AND WHEN RECORDED MAIL TO
Ms. Billie Rene Powers

40701 Ortega Highway

San Juan Capistrano, CA 92530

APN:   125-120-27

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

32.00

2007000431113 12:13pm 07/10/07
111 200 G02  3
0.00  0.00  20.00  0.00  6.00  0.00  0.00  0.00

Space above line for Recorder's Use
NO TAX DUE

# GRANT DEED

Documentary transfer tax is None. "This conveyance transfers the grantors' interest to a California limited liability company formed by one of the grantors"

Unincorporated area of Orange County X incorporated area of City of San Juan Capistrano, Orange County, California.

Mail tax statements to:  same address as above.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, GRANTORS Billie Rene Powers, Louis J. Hanson and Jacqueline M. Hanson, Husband and Wife hereby GRANT TO Rancho Sonata, LLC as to that real property located in the City of San Juan Capistrano, County of Orange, State of California, located at 40701 Ortega Highway, San Juan Capistrano, California 92530, and more fully described in Exhibit A, attached hereto and incorporated by reference.

Dated: _7-10-07_____

_____
Billie Rene Powers

_____
Louis J. Hanson

_____
Jacqueline M. Hanson

39

EXHIBIT  A

Beginning at the intersection of the West Line of the East one-half of Section 17, township 6 South, Range 5 West, San Bernardino Base and meridian, and the Riverside and Orange County boundary line, as per F.B. 113, Page 114, Records of Riverside County, California, thence North 33 degrees 22' East, along said boundary line a distance of 1,533.47 feet, more or less, to true point of beginning, being at the Southeasterly corner of land conveyed to Marcel and Malvina Cristin by deed on file in Book 2089 page 99 of official records; thence North 0° 03' 19" West, to a point on the North line of said East one-half of said section 17, being at the Northeast corner of said land conveyed to said parcel and Malvina Cristin; thence South 88° 50' East, along the north line of said East one-half of said section 17, a distance of 487.03 feet; thence South 0° 03'09" East to the intersection with the said Riverside and Orange County boundary line; thence South 33° 22" West, along said boundary line, a distance of 884.03 feet, more or less, to the true point of beginning.

ss

County of Orange

On 7|10|07 before me, Matthew Martinez, a notary public in and for the State of California, personally appeared Billie Rene Powers proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and by her signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)

State of California



ss

County of Orange

On 7|10|07 before me, Tiffany M Johnson a notary public in and for the State of California, personally appeared Louis J. Hanson proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)

State of California



ss

County of Orange

On 7|10|07 before me, Matthew Martinez, a notary public in and for the State of California, personally appeared Jacqueline J. Hanson proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and by her signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)

# EXHIBIT "D"

*2*

LANDSAFE TITLE

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

RECORDING REQUESTED BY:
DPS
ON BEHALF OF: LST

Attn:  Irene Trujillo
TS No.  08-57196
Title Order No. 08-8-212147

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

**9.00**

**2008000268379 08:00am 06/05/08**
104 28 N16 2

0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is  **$37,255.83**, as of 06/03/2008 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**[Page 1 of 2 ]**                                                   *Form nod (09/01)*

TS No. 08-57196

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O Countrywide Home Loans, Inc
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA   93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, is acting as an agent for the Beneficiary under a Deed of Trust dated 06/27/2007, executed by BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 07/02/2007, as Instrument No. 2007000417171 (or Book , Page ) of Official Records in the Office of the County Recorder of Orange County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 1,190,000.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :  FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST  WHICH BECAME DUE ON 02/01/2008  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION,  THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 07/01/2037 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY such deed of trust and all documents evidencing obligations secured  thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: June 03, 2008
RECONTRUST COMPANY, as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact

By _____

STACEY KERSHBERG

[Page 2 of 2 ]

*Form nod (09/01)*

44

# EXHIBIT "E"

LANDSAFE TITLE

RECORDING REQUESTED BY:
RECONTRUST COMPANY

**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

ATTN: Dolores Romo-Carabajal
TS No. 08-57196

TSG No. 08-8-212147

Recorded In Official Records, Orange County

Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||  **6.00**

**2008000505648 08:00am 11/05/08**

105 49 S15 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

*(left margin, rotated)* RECORDING REQUESTED BY: DPS ON BEHALF OF: LST

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

WHEREAS, BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS was the original Trustor, RECON TRUST COMPANY, N.A. was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 06/27/2007 recorded on 07/02/2007 as Instrument No. 2007000417171 in Book  Page  of Official Records of  Riverside County, California;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and
WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW THEREFORE, the undersigned hereby substitutes  RECONTRUST COMPANY, WHOSE ADDRESS IS: 1757 TAPO CANYON ROAD, SVW-88 SIMI VALLEY, CA  93063, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED: June 03, 2008

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

State of:  California      )

County of:  Ventura       )

BY: _____
Elisavet Meza, Assistant Secretary

On  JUN 0 3 2008  before me, Lucy Mansourian, notary public, personally appeared Elisavet Meza,  who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  Lucy Mansourian _____ (Seal)

LUCY MANSOURIAN
COMM #1775098
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. Oct 22, 2011

*Form sub (08/03)*

46

# EXHIBIT "F"

LANDSAFE TITLE

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

TS No. 08-0057196
Title Order No. 08-8-212147

RECORDING REQUESTED BY:
DPS
ON BEHALF OF: LST

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖   9.00

2008000505649 08:00am 11/05/08

105 49 N34 2

0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

APN No. ~~125-120-127~~
125-120-27

## NOTICE OF TRUSTEE'S SALE

## YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 06/27/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Notice is hereby given that RECONTRUST COMPANY, as duly appointed trustee pursuant to the Deed of Trust executed by BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS, dated 06/27/2007 and recorded 07/02/2007, as Instrument No. 2007000417171, in Book , Page  of Official Records in the office of the County Recorder of ORANGE County, State of California, will sell on 10/02/2008 at 02:00 PM, At the North front entrance to the County Courthouse, 700 Civic Center Drive West, Santa Ana, CA.

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust.  The street address and other common designation, if any, of the real property described above is purported to be:  40701 ORTEGA HIGHWAY, SAN JUAN CAPISTRANO, CA 92530.  The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $1,249,962.49.  It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

DATED:  September 11, 2008
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: _____
     K Warner,   Team Member
RECONTRUST COMPANY is a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.

48

*Form nos (07/01)*

# EXHIBIT "G"

SANDCASTLE TITLE

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

BILLIE RENE POWERS
40701 ORTEGA HIGHWAY
SAN JUAN CAPISTRANO, CA 92530

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||   6.00

2009000017396 08:00am 01/15/09

117 91 N27 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

TS No. 08-0057196

Title Order No. 08-8-212147

RECORDING REQUESTED BY:
            DPS
ON BEHALF OF:  LS-SV

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF RESCISSION OF DECLARATION OF DEFAULT
## AND DEMAND FOR SALE AND OF NOTICE OF DEFAULT

NOTICE IS HEREBY GIVEN:  That RECONTRUST COMPANY, is acting as an agent for the Beneficiary under a Deed of Trust dated 06/27/2007, executed by BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, recorded  07/02/2007 as Instrument No. 2007000417171 in Book  Page , of Official Records in the Office of the Recorder of Orange County, California describing land therein  as more fully described on the above referenced deed of trust.

said obligations including one note for the sum of $1,190,000.00.

Whereas, the current beneficiary under that certain Deed of Trust hereinabove described,, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas Notice was heretofore given of the breach of obligations for which said Deed of Trust is security, and of election to cause to be sold the property therein described; and Whereas a Notice of Default was recorded on 06/05/2008 in the office of the Recorder of Orange County, California,  Instrument No. 08-268379, in Book _____, Page _____, of Official Records.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN  that the current Trustee, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Default and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future--under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

RECONTRUST COMPANY CORPORATION, AS AGENT FOR THE
BENEFICIARY

Dated: January 09, 2009                By: _____

Darlene R. Gomez,  Team Member

*Form rescind (03/01)*

# EXHIBIT "H"

LANDSAFE TITLE

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||   **18.00**

**2010000213610 08:00am 05/06/10**

66 406 N15 4

0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

RECORDING REQUESTED BY:
WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: T. Sevillano
TS No. 10-0055173
Title Order No. 10-8-223463

_Recording Requested By: DPS_
_On Behalf Of:_
**"LS-SV"**

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is $42,112.31, as of 05/04/2010 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

52

TS No. 10-0055173

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 06/27/2007, executed by BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 07/02/2007, as Instrument No. 2007000417171 (or Book , Page ) of Official Records in the Office of the County Recorder of Orange County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 1,190,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON  11/01/2009  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  07/01/2037  AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

TS No.  10-0055173

That by reason thereof, the present beneficiary under such deed of trust has executed and
delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents
evidencing obligations secured  thereby, and has declared and does hereby declare all sums
secured thereby immediately due and payable  and has elected and does hereby elect to
cause the trust property to be sold to satisfy the obligations secured thereby.

If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration
from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default
duly recorded with the appropriate County Recorder's office.

Dated: May 04, 2010

RECONTRUST COMPANY, N.A., as agent for the Beneficiary

By _____

BETTY JO LIVINGSTON

*Form dotnodfax (12/09)*

54

**Bank of America**
**Home Loans**

**Notice Date:** April 15, 2010

TS# 10-0055173

Billie Rene Powers & Louis J Hanson
40701 Ortega Hwy
Lake Elsinore, CA 92530

**Property Address:**
40701 Ortega Highway
San Juan Capistrano, CA 92530

## CALIFORNIA DECLARATION

I, _Annette Simmons_ , MLO-Loan Svcs Specialist of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

Bank of America Home Loans

☒has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure,

☐ tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐verified that the borrower has surrendered the property.

☐ has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because

_4/15/10_                     **Fort Worth, TX**
Date and Place

_T·A· Simmons_
Name of Signor

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

CA-DECLARATIONS 8638/9508 08/27/2008

55

# EXHIBIT "I"

2

**LANDSAFE TITLE**

RECORDING REQUESTED BY:
RECONTRUST COMPANY
**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063

Recording Requested By: DTS
On Behalf Of: " LS—SV "

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

**9.00**

**2010000234975 08:00am 05/19/10**

66 406 A32 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

TS No.  10-0055173

10-8-223463

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/~~MORTGAGE~~

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/27/2007, EXECUTED BY: BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS,TRUSTOR: TO RECONTRUST COMPANY, N.A., TRUSTEE AND RECORDED AS INSTRUMENT NO. 2007000417171 ON 07/02/2007, OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF ORANGE  COUNTY, IN THE STATE OF CALIFORNIA.

DESCRIBING THE LAND THEREIN:  AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED: May 4, 2010              **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

State of: **CALIFORNIA**     )
County of: **VENTURA**     )        BY: _____
                                      T. Sevillano, Assistant Secretary

On **MAY 1 0 2010** before me, _____**AHMAD AFZAL**_____ , notary public, personally appeared
_____**T.SEVILLANO**_____ , who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _____ (Seal)
              AHMAD AFZAL.

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

*Form asgnmnt (01/09)*

# EXHIBIT "J"

LANDSAFE TITLE

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**
BILLIE RENE POWERS
40701 ORTEGA HIGHWAY
SAN JUAN CAPISTRANO, CA 92530

Recording Requested By: DPS
On Behalf Of:
" **L S — S V** "

TS No. 10-0055173
Title Order No. 10-8-223463

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖     **9.00**

**2010000256892 08:00am 06/02/10**
37 402 N38 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF RESCISSION OF DECLARATION OF DEFAULT
## AND DEMAND FOR SALE AND OF NOTICE OF DEFAULT

NOTICE IS HEREBY GIVEN: That RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 06/27/2007, executed by BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE M HANSON, HUSBAND AND WIFE AS JOINT TENANTS, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, recorded  07/02/2007 as Instrument No. 2007000417171 in Book  Page , of Official Records in the Office of the Recorder of Orange County, California describing land therein  as more fully described on the above referenced deed of trust.

said obligations including one note for the sum of $1,190,000.00.

Whereas, the current beneficiary under that certain Deed of Trust hereinabove described,, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas Notice was heretofore given of the breach of obligations for which said Deed of Trust is security, and of election to cause to be sold the property therein described; and Whereas a Notice of Default was recorded on 05/06/2010 in the office of the Recorder of Orange County, California,  Instrument No. 2010-213610, in Book _____, Page _____, of Official Records.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN  that the current Trustee, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Default and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future--under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.


RECONTRUST COMPANY, N.A. CORPORATION, AS AGENT FOR THE
BENEFICIARY


Dated: May 27, 2010                    By _____

Miriam J. Paez,  Team Leader

*Form rescind (03/01)*

# EXHIBIT "K"

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY
Recording requested by:
MORTGAGE ELECTRONIS REGISTRATION SYSTEMS, INC. (MERS)

**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**

BAC HOME LOANS SERVICING, LP (CWF)
400 NATIONAL WAY, MS SV-46
SIMI VALLEY, CA  93065

10-03190
APN: 125-120-27

469382

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

9.00

2010000564031 04:30pm 10/26/10

37 402 A32 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/~~MORTGAGE~~

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFERS TO:

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR
THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY9
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/27/2007, EXECUTED BY:
BILLIE RENE POWERS AND LOUIS J. HANSON AND JACQUELINE M. HANSON, TRUSTOR: TO RECONTRUST
COMPANY, N.A., TRUSTEE AND RECORDED ON 07/02/2007 UNDER INSTRUMENT NO. 2007000417171, OF
OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF ORANGE COUNTY, IN THE STATE OF
CALIFORNIA. **APN: 125-120-27**

DESCRIBING THE LAND THEREIN:  AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST/~~MORTGAGE~~.

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO
BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED
OF TRUST/MORTGAGE.

DATED:  **OCT 1 9 2010**

**MORTGAGE ELECTRONIS REGISTRATION SYSTEMS, INC.
(MERS)**

State of:  **California**          )          BY:

County of:  **Ventura**          )

**Nichole Clavadetscher
Certifying Officer**

On **OCT 1 9 2010** before me, **Jon Secrist**, notary public, personally appeared **Nichole Clavadetscher**,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of **California** that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JON SECRIST
Commission # 1893947
Notary Public - California
Ventura County
My Comm. Expires Jul 24, 2014

# EXHIBIT "L"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

*$R00062960025$*

2013000609851 4:09 pm 10/31/13
93 406 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

---

TS No.: CA-13-548432-VF
Order No.: 130074861-CA-MAI
APN No.: 125-120-27

Space above this line for Recorder's use

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property.  No sale date may be set until approximately 90 days
from the date this Notice of Default may be recorded (which date of recordation appears on this
notice).  This amount is **$296,356.74** as of **10/30/2013** and will increase until your account
becomes current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing.  In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization
of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in

TS No.: **CA-13-548432-VF**

writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9**
**C/O Quality Loan Service Corporation**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **6/27/2007**, executed by **BILLIE RENE POWERS , AN UNMARRIED WOMAN, AND LOUIS J HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS,** as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB.,** as beneficiary, recorded **7/2/2007**, as Instrument No. **2007000417171,** of Official Records in the Office of the Recorder of **ORANGE** County, **California** describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including **1** NOTE(S) FOR THE ORIGINAL sum of **$1,190,000.00,** that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 11/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums**

TS No.: **CA-13-548432-VF**

**that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: *10-30-2013*          **Quality Loan Service Corp., Trustee**

By: Dorian Bradley, Assistant Secretary

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL.CIV.CODE § 2923.55(c))

Loan Number:     0013002803

Borrower Name:   BILLIE POWERS

Address:         40701 ORTEGA, LAKE ELSINORE, CA  92530

Beneficiary:     The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

1) ☐   On            contact was made with the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2).

2) ☐   On            the due diligence efforts were satisfied. No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code § 2923.55(f).

3) ☐   The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee pursuant to California Civil Code §2920.5(c).

4) ☐   The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case pursuant to California Civil Code §2920.5(c).

5) ☒   The provisions of California Civil Code §2923.55 do not apply because the property is not owner occupied as defined by California Civil Code §2924.15.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code §2923.5.

Dated:  APR 0 3 2013

By:  _____        Denise Weston, Document Control Officer

Select Portfolio Servicing, Inc. as authorized agent of Beneficiary

# EXHIBIT "M"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

*$R0006368580$*

2013000661629 12:21 pm 12/06/13
19 405 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

---

TS No.: **CA-13-548432-VF**
Order No.: **130074861-CA-MAI**
APN No.: **125-120-27**

Space above this line for Recorder's use

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is **$304,305.74** as of **12/5/2013** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in

68

TS No.: **CA-13-548432-VF**

writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9**
**C/O Quality Loan Service Corporation**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **6/27/2007**, executed by **BILLIE RENE  POWERS , AN UNMARRIED WOMAN, AND LOUIS J  HANSON , AND JACQUELINE M  HANSON , HUSBAND AND WIFE AS JOINT TENANTS**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB.**, as beneficiary, recorded 7/2/2007, as Instrument No. **2007000417171**,     of Official Records in the Office of the Recorder of **ORANGE** County, **California** describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including **1 NOTE(S) FOR THE ORIGINAL** sum of **$1,190,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 11/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums**

TS No.: **CA-13-548432-VF**

**that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: *12 - 5 - 2013*                    **Quality Loan Service Corp., Trustee**

*Dorian Bradley*

By:  Dorian Bradley, Assistant Secretary

70

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL.CIV.CODE § 2923.55(c))

| | |
|---|---|
| Loan Number: | 0013002803 |
| Borrower Name: | BILLIE POWERS |
| Address: | 40701 ORTEGA, LAKE ELSINORE, CA 92530 |
| Beneficiary: | The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9 |

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

1) ☐ On _____ contact was made with the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2).

2) ☐ On _____ the due diligence efforts were satisfied. No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code § 2923.55(f).

3) ☐ The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee pursuant to California Civil Code §2920.5(c).

4) ☐ The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case pursuant to California Civil Code §2920.5(c).

5) ☒ The provisions of California Civil Code §2923.55 do not apply because the property is not owner occupied as defined by California Civil Code §2924.15.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code §2923.5.

Dated: _____ **APR 0 3 2013** _____

By: _____  Denise Weston, Document Control Officer

Select Portfolio Servicing, Inc. as authorized agent of Beneficiary

# EXHIBIT "N"

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder



18.00

\* \$ R 0 0 0 6 9 9 1 5 8 9 \$ \*

2014000390481 4:10 pm 09/25/14
105 409 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

---

TS No.: **CA-14-615928-HL**
Order No.: **140052960-CA-API**
APN No.: **125-120-27**

Space above this line for Recorder's use

## IMPORTANT NOTICE
## <u>NOTICE OF DEFAULT AND ELECTION TO SELL</u>
## <u>UNDER DEED OF TRUST</u>

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property.  No sale date may be set until approximately 90 days
from the date this Notice of Default may be recorded (which date of recordation appears on this
notice).   This amount is **$356,429.14** as of **9/23/2014** and will increase until your account
becomes current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing.  In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization
of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the

TS No.: **CA-14-615928-HL**

time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9**
**C/O Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **6/27/2007**, executed by **BILLIE RENE POWERS , AN UNMARRIED WOMAN, AND LOUIS J HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB.**, as beneficiary, recorded **7/2/2007**, as Instrument No. **2007000417171**, of Official Records in the Office of the Recorder of **ORANGE** County, **California** describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of **$1,190,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 11/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security,**

TS No.: **CA-14-615928-HL**

**all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: 9/23/14                     **Quality Loan Service Corp., Trustee**

By: Ellene Barnett, Assistant Secretary

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL.CIV.CODE § 2923.55(c))

Loan Number:      0013002803
Borrower Name:   BILLIE POWERS
Address:              40701 ORTEGA, LAKE ELSINORE, CA  92530
Beneficiary:          The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

1) ☐    On _____ contact was made with the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2).

2) ☐    On _____ the due diligence efforts were satisfied. No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code § 2923.55(f).

3) ☐    The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee pursuant to California Civil Code §2920.5(c).

4) ☐    The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case pursuant to California Civil Code §2920.5(c).

5) ☒    The provisions of California Civil Code §2923.55 do not apply because the property is not owner occupied as defined by California Civil Code §2924.15.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code §2923.5.

Dated: _____ APR 0 3 2013 _____

By: _____      Denise Weston, Document Control Officer

Select Portfolio Servicing, Inc. as authorized agent of Beneficiary

# EXHIBIT "O"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

| | 12.00 |

*$R00078663647$*
**2015000499008 10:22 am 09/30/15**
37 422 N34 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

TS No.  **CA-14-615928-HL**
Order No.: **140052960-CA-VOI**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 6/27/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):   **BILLIE RENE  POWERS , AN UNMARRIED WOMAN, AND LOUIS J  HANSON , AND JACQUELINE M  HANSON , HUSBAND AND WIFE AS JOINT TENANTS**
Recorded:   7/2/2007 as Instrument No. 2007000417171     of Official Records in the office of the Recorder of **ORANGE** County, California;

Date of Sale:   **10/23/2015 at 1:30PM**
Place of Sale:   **At the North front entrance to the County Courthouse located at 700 Civic Center Drive West, Santa Ana, CA 92701**
Amount of unpaid balance and other charges: **$1,719,511.24**
The purported property address is:   **40701  ORTEGA HIGHWAY, SAN JUAN CAPISTRANO, CA 92530**
Assessor's Parcel No.: **125-120-27**

TS No.:  **CA-14-615928-HL**

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **916.939.0772** for information regarding the trustee's sale or visit this Internet Web site **http://www.qualityloan.com**, using the file number assigned to this foreclosure by the Trustee: **CA-14-615928-HL.** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid.  The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.**

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Date: 09|18|2015

**Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711 For NON SALE information only**
**Sale Line: 916.939.0772**
**Or Login to: http://www.qualityloan.com**
**Reinstatement Line: (866) 645-7711 Ext 5318**

_Daisy Rios_

Quality Loan Service Corp. by: Daisy Rios, as Authorized Agent.

# EXHIBIT "P"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

15.00

* $ R 0 0 0 8 6 0 9 8 5 0 $ *

2016000386939 3:31 pm 08/16/16
47 NC-5 T09 F13   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

Recording requested by:

And when recorded mail to:

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

Forward tax statements to the address given above

---

TS No.: CA-14-615928-HL
Order No.: 140052960-CA-VOI

Space above this line for recorders use

# Trustee's Deed Upon Sale

A.P.N.: **125-120-27**

**Exempt pursuant to Cal Rev and Tax Code §11926**

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

THE UNDERSIGNED GRANTOR DECLARES:
  The Grantee Herein **IS** the Foreclosing Beneficiary
The amount of the unpaid debt together with costs was:                      **$1,785,001.79**
The amount paid by the grantee at the trustee sale was:                      **$1,784,069.68**
The documentary transfer tax is:                                                              NONE
Said property is in the City of:  **SAN JUAN CAPISTRANO**, County of **ORANGE**

**QUALITY LOAN SERVICE CORPORATION** , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **ORANGE**, State of California, described as follows:

**BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION 17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33 22' EAST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING AT THE SOUTHEASTERLY CORNER OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0 03' 19" WEST,**

**TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND MALVINA CRISTIN; THENCE SOUTH 88 50' EAST, ALONG THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, A DISTANCE OF 487.03 FEET; THENCE SOUTH 0 03' 09" EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE; THENCE SOUTH 33 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **BILLIE RENE POWERS , AN UNMARRIED WOMAN, AND LOUIS J HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS,** as trustor, dated **6/27/2007,** and recorded on **7/2/2007** as instrument number **2007000417171** of Official Records in the office of the Recorder of **ORANGE,** California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on **9/25/2014,** instrument no **2014000390481,** Book xx, Page xx, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **8/8/2016** at the place named in the Notice of Sale, in the County of **ORANGE,** California, in which the property is situated. The foreclosing beneficiary, being the higgest at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$1,784,069.68** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: CA-14-615928-HL

Date: 8|15|2016

**QUALITY LOAN SERVICE CORPORATION**

By: Nicole Fuentes, Assistant Vice President

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**)

County of: **San Diego**)

On _____ **AUG 1 5 2016** _____ before me, _____ **Brenda A. Gonzalez** _____ a notary public, personally appeared _____ **Nicole Fuentes** _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____ **Brenda A. Gonzalez** _____

**BRENDA A. GONZALEZ**
Commission No. 2116627
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 21, 2019

# EXHIBIT "Q"

CLOSED

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:09-bk-11245-RK

*Date filed:* 02/17/2009
*Date terminated:* 07/16/2009
*Debtor discharged:* 06/23/2009
*341 meeting:* 05/07/2009
*Deadline for objecting to discharge:* 06/01/2009

*Assigned to:* Robert N. Kwan
Chapter 7
Voluntary
No asset

*Debtor disposition:*  Standard Discharge

**Debtor**
**Billie Rene Powers**
40701 Ortega Hwy
Lake Elsinore, CA 92530-6515
ORANGE-CA
SSN / ITIN: xxx-xx-6401

represented by **Walter Scott**
411 N Central Ave #605
Glendale, CA 91203
818-956-0227
Fax : 818-956-3240
Email: wscottatty@aol.com

*Trustee*
**Weneta M Kosmala (TR)**
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
(714) 708-8190

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 02/17/2009 | <u>1</u><br>(64 pgs) | Chapter 7 Voluntary Petition . Receipt Number o, Fee Amount $299 Filed by Billie Rene Powers (Shimizu, Tina) (Entered: 02/17/2009) |
| 02/17/2009 | <u>2</u><br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 04/02/2009 at 09:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Objections for Discharge due by 06/01/2009. (Shimizu, Tina) (Entered: 02/17/2009) |
| 02/17/2009 | <u>3</u> | Statement of Social Security Number(s) Form B21 Filed by Debtor Billie Rene Powers . (Shimizu, Tina) (Entered: 02/17/2009) |
| 02/17/2009 | <u>4</u><br>(3 pgs) | Certificate of Credit Counseling , Exhibit D Filed by Debtor Billie Rene Powers . (Shimizu, Tina) (Entered: 02/17/2009) |
| 02/17/2009 | <u>5</u><br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Shimizu, Tina) (Entered: 02/17/2009) |
| 02/17/2009 | | |

| | | |
|---|---|---|
| | | Receipt of Chapter 7 Filing Fee - $299.00 by 12. Receipt Number 80018411. (admin) (Entered: 02/18/2009) |
| 02/19/2009 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s)2 , Meeting (Chapter 7)) No. of Notices: 30. Service Date 02/19/2009. (Admin.) (Entered: 02/20/2009) |
| 02/19/2009 | 7 (4 pgs) | BNC Certificate of Notice (RE: related document(s)5 , Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 4. Service Date 02/19/2009. (Admin.) (Entered: 02/20/2009) |
| 03/12/2009 | 8 (42 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 445 Island Avenue #331, San Diego, CA 92101 . Fee Amount $150, Filed by Creditor INDYMAC FEDERAL BANK, FSB (Attachments: 1 Legal Description2 Exhibit) (Hahn, Kevin) (Entered: 03/12/2009) |
| 03/12/2009 | | Receipt of Motion for Relief from Stay - Real Property(8:09-bk-11245-RK) [motion,nmrp] ( 150.00) Filing Fee. Receipt number 8568785. Fee amount 150.00. (U.S. Treasury) (Entered: 03/12/2009) |
| 03/12/2009 | | Hearing Set (RE: related document(s)8 Motion for Relief from Stay - Real Property filed by Creditor INDYMAC FEDERAL BANK, FSB) The Hearing date is set for 4/7/2009 at 10:30 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Robert N. Kwan (Kent, Susan) (Entered: 03/17/2009) |
| 04/07/2009 | 9 | Debtor(s) DID NOT Appear. 341 Meeting of Creditors scheduled on 5/7/2009 at 04:01 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701 (Kosmala, Weneta) (Entered: 04/07/2009) |
| 04/07/2009 | 10 | Hearing Held - Motion Granted per Tentative (cr: mcca) (Bk Motion) (RE: related document(s) 8 Motion for Relief from Stay - Real Property)(Kent, Susan) (Entered: 04/07/2009) |
| 04/16/2009 | 11 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Weneta M Kosmala. (Kosmala, Weneta) (Entered: 04/16/2009) |
| 04/22/2009 | 12 (5 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 8) Signed on 4/22/2009 (Kent, Susan) (Entered: 04/22/2009) |
| 04/24/2009 | 13 (6 pgs) | BNC Certificate of Service - PDF Document. (RE: related document(s)12 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 6. Service Date 04/24/2009. (Admin.) (Entered: 04/25/2009) |
| 05/07/2009 | 14 (11 pgs) | Amended Statement of related cases , Amended Statement of Financial Affairs with proof of service. Filed by Debtor Billie Rene Powers . (Nguyen, Vi) (Entered: 05/11/2009) |
| 05/12/2009 | 15 | Chapter 7 Trustee's Report of No Distribution: I, Weneta M Kosmala, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on |

account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned: $ 1645940.00, Assets Exempt: Not Available, Claims Scheduled: $ 2972352.65, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 2972352.65. (Kosmala, Weneta) (Entered: 05/12/2009)

| 06/16/2009 | 16<br>(3 pgs) | Financial Management Course Certificate Filed Filed by Debtor Billie Rene Powers . (Gonsales, Otoniel) (Entered: 06/18/2009) |
| 06/23/2009 | 17<br>(2 pgs) | DISCHARGE OF DEBTOR(S): Debtor (BNC) (RE: related document(s)2 Meeting (Chapter 7)) (Beezer, Cynthia) (Entered: 06/23/2009) |
| 06/25/2009 | 18<br>(4 pgs) | BNC Certificate of Service (RE: related document(s)17 DISCHARGE OF DEBTOR - Chapter 7 (BNC)) No. of Notices: 32. Service Date 06/25/2009. (Admin.) (Entered: 06/25/2009) |
| 07/16/2009 | 19<br>(1 pg) | Bankruptcy Case Closed - DISCHARGE (Bolte, Nickie) (Entered: 07/16/2009) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 08/24/2017 09:40:25 | | |
| PACER Login: | elena.beckmann:4983634:4231717 | Client Code: | 830902-193/5908 |
| Description: | Docket Report | Search Criteria: | 8:09-bk-11245-RK Fil or Ent: filed From: 5/26/2000 To: 8/24/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT "R"

Form B1 (Official Form 1) (1/08)
Case 8:09-bk-14245-RK    Doc 1    Filed 02/17/09    Entered 02/17/09 14:02:45    Desc Main
Document    Page 1 of 64

| United State Bankruptcy Court | | |
|---|---|---|
| **United State Bankruptcy Court**<br>**Central District of California** | | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Powers, Billie, Rene** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6401** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**40701 Ortega Hwy**<br>**San Juan Capistrano, CA**<br>ZIP CODE **92676** | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Orange** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**40701 Ortega Hwy**<br>**Lake Elsinore, CA**<br>ZIP CODE **92530-6515** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7   ☐ Chapter 11   ☐ Chapter 15 Petition for<br>☐ Chapter 9    ☐ Chapter 12      Recognition of a Foreign<br>                  ☐ Chapter 13      Main Proceeding<br>                                   ☐ Chapter 15 Petition for<br>                                      Recognition of a Foreign<br>                                      Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Nature of Debts**
(Check one box)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☐ Debts are primarily business debts.

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

FILED
FEB 17 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Form B1 (Official Form 1) (1/08)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Billie Rene Powers** | FORM B1, Page 2 |
|---|---|---|

| Location<br>Where Filed:  **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____   2/17/09<br>Signature of Attorney for Debtor(s)   Date<br>**Walter Scott**   47129 |

| **Exhibit C** | **Exhibit D** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☑   No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br>If this is a joint petition:<br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| Voluntary Petition | Name of Debtor(s): | FORM B1, Page 3 |
|---|---|---|
| *(This page must be completed and filed in every case)* | Billie Rene Powers | |

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ___Billie Rene Powers___
Signature of Debtor   **Billie Rene Powers**

X **Not Applicable**
(Signature of Foreign Representative)

X **Not Applicable**
Signature of Joint Debtor

(Printed Name of Foreign Representative)

Telephone Number (If not represented by attorney)
___2/17/2009___
Date

Date

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|

X _____
Signature of Attorney for Debtor(s)

**Walter Scott**
Printed Name of Attorney for Debtor(s)

**Law Offices of Walter Scott**
Firm Name

**411 N. Central Ave. #605 Glendale, CA 91203**
Address

**(818) 956-0227        (818) 956-3240**
Telephone Number
___2/17/09___
Date

47129
Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**

_____
Date

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

Official Form 1- Exhibit D (Rev. 12/.., page 1                                    ... USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT | |
| :--- | :--- |
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| In re  **Billie Rene Powers** | CHAPTER:  7 |
| Debtor. | CASE NO.: |

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

Case 8:09-bk-11245-RK    Doc 1    Filed 02/17/09    Entered 02/17/09 14:02:45    Desc
Main Document    Page 5 of 64

Official Form 1- Exhibit D (Rev. 12/0_, page 2                                        2_ _ USBC, Central District of California

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   _Billie Rene Powell_

**Billie Rene Powers**

Date:   _2-17-09_

Certificate Number: 00478-CAC-CC-005012289

# CERTIFICATE OF COUNSELING

I CERTIFY that on September 27, 2008 , at 11:28 o'clock AM PDT ,

Billie Powers received from

Springboard Nonprofit Consumer Credit Management, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Central District of California , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone .

Date: September 27, 2008

By    /s/Susan M Cusack

Name   Susan M Cusack

Title   Operations Manager

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

**STATEMENT OF RELATED CASES**

**INFORMATION REQUIRED BY LOCAL RULE 1015-2**

**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at   __Glendale_____ , California   _____
                                                            Debtor

Dated:   ___2-17-09_____

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                95                                F 1015-2.1

B201 - Notice of Available Chapters (Rev. 04/06)                                     USBC, Central District of California

Name: **Walter Scott**
Address: **Law Offices of Walter Scott**
**411 N. Central Ave. #605**
**Glendale, CA 91203**

Telephone: **(818) 956-0227**          Fax:     **(818) 956-3240**

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

---

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Billie Rene Powers** | Case No.: <br><br> # NOTICE OF AVAILABLE CHAPTERS <br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |
|---|---|

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1. **Services Available from Credit Counseling Agencies**

   With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

   In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

2. **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**
   **Chapter 7:  Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

   1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

B201 - Notice of Available Chapters (Rev. 04/06)                    USBC, Central District of California

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

**Walter Scott**
Printed Name of Attorney                    Signature of Attorney                    Date

Address:

**Law Offices of Walter Scott**
**411 N. Central Ave. #605**
**Glendale, CA 91203**

**(818) 956-0227**

B201 - Notice of Available Chapters (Rev. 04/06)                                          USBC, Central District of California

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Billie Rene Powers**                                X _____

Printed Name(s) of Debtor                            **Billie Rene Powers**
                                                     Signature of Debtor                          Date

Case No. (If known)   _____

Form B6 - Summary (12/07)                                                    2007 USBC, Central District of California

## United States Bankruptcy Court
## Central District of California

| In re  **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|---|
| A - | Real Property | YES | 1 | $ 1,630,000.00 | | |
| B - | Personal Property | YES | 2 | $ 15,940.00 | | |
| C - | Property Claimed as Exempt | YES | 1 | | | |
| D - | Creditors Holding Secured Claims | YES | 1 | | $ 2,348,000.00 | |
| E - | Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - | Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $ 624,352.65 | |
| G - | Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - | Codebtors | YES | 1 | | | |
| I - | Current Income of Individual Debtor(s) | YES | 2 | | | $ 7,280.00 |
| J - | Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 7,765.00 |
| | TOTAL | | 18 | $ 1,645,940.00 | $ 2,972,352.65 | |

Official Form B6 - Statistical Summary (12/u.,)                                          2007 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re **Billie Rene Powers**      Debtor. | CHAPTER:   **7** <br> CASE NO.: |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $ |
| TOTAL | $ 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 7,280.00 |
| Average Expenses (from Schedule J, Line 18) | $ 7,765.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 7,280.00 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $30,000.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $624,352.65 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $654,352.65 |

Form B6A - (12/07)                                                                    2007 USBC, Central District of California

| In re  **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **40701 Ortega Highway**<br>**Lake Elsinore, CA 92530** | | | $ 930,000.00 | $1,475,000.00 |
| **445 Island Avenue, # 723**<br>**San Diego, CA 92101** | | | $ 300,000.00 | $ 435,000.00 |
| **445 Island Avenue, Unit 331**<br>**San Diego, CA 92101** | | | $ 400,000.00 | $ 519,000.00 |

Total    ➤    | $1,630,000.00 |

(Report also on Summary of Schedules.)

Form B6B - (12/07)                                                    2007 USBC, Central District of California

| In re  **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on Hand** | | 40.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking** **Health Asso. Federal Credit Union** | | 150.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Furnishings** | | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | | 750.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |

Form B6B - (12/07)                                                      2007 USBC, Central District of California

| In re **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | '07 PT Cruiser | | 14,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____1_____   continuation sheets attached          $  15,940.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**Form B6C - (12/07)**                                                                 2007 USBC, Central District of California

| In re  **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| '07 PT Cruiser | C.C.P. § 704.730(a)(1) | 14,000.00 | 14,000.00 |
| 40701 Ortega Highway Lake Elsinore, CA 92530 | C.C.P. § 704.730(a)(1) | 0.00 | 930,000.00 |
| 445 Island Avenue, Unit 331 San Diego, CA 92101 | C.C.P. § 704.730(a)(1) | 0.00 | 400,000.00 |
| Cash on Hand | C.C.P. § 704.730(a)(1) | 40.00 | 40.00 |
| Checking Health Asso. Federal Credit Union | C.C.P. § 704.730(a)(1) | 150.00 | 150.00 |
| Clothing | C.C.P. § 704.730(a)(1) | 750.00 | 750.00 |
| Household Furnishings | C.C.P. § 704.730(a)(1) | 1,000.00 | 1,000.00 |

Form B6D - (12/07)                                                    2007 USBC, Central District of California

| In re | **Billie Rene Powers** | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   9349 **Bayview Loan Servicing, LLC** P.O. Box 3042 Milwaukee, WI 53201-3042 | | | **Mortgage** 445 Island Avenue, # 723 San Diego, CA 92101 <br> Value $300,000.00 | | X | | 30,000.00 | 30,000.00 |
| Last four digits of ACCOUNT NO.   6378 **Countrywide Home Loans** 4500 Amon Carter Boulevard Fort Worth, TX 76155 | | | **Deed of Trust** 40701 Ortega Highway Lake Elsinore, CA 92530 <br> Value $930,000.00 | | X | | 1,275,000.00 | 170,000.00 |
| Last four digits of ACCOUNT NO.   5730 **Fremont INvestment & Loan** P.O. Box 25100 Santa Ana, CA 92799-5100 | | | **Deed of Trust** 445 Island Avenue, # 723 San Diego, CA 92101 <br> Value $300,000.00 | | X | | 349,000.00 | 49,000.00 |
| Last four digits of ACCOUNT NO.   4811 **Indymac Bank** P.O. Box 78826 Phoenix, AZ 85062-8826 | | | **Deed of Trust** 445 Island Avenue, Unit 331 San Diego, CA 92101 <br> Value $400,000.00 | | X | | 519,000.00 | 119,000.00 |
| Last four digits of ACCOUNT NO.   H-4782 **Val-Chris Investments, Inc.** 2601 Main Street, Suite 280 Irvine, CA 92614 | | | **Second Lien on Residence** 40701 Ortega Highway Lake Elsinore, CA 92530 <br> Value $0.00 | | X | | 175,000.00 | 0.00 |

0 continuation sheets attached

| | | | |
|---|---|---|---|
| | Subtotal (Total of this page) ➤ | $ 2,348,000.00 | $ 368,000.00 |
| | Total (Use only on last page) ➤ | $ 2,348,000.00 | $ 368,000.00 |
| | | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Case 8:09-bk-11245-RK    Doc 1    Filed 02/17/09    Entered 02/17/09 14:02:45    Desc
Main Document      Page 18 of 64

Form B6E- (Rev. 12/07)                                                                  2007 USBC, Central District of California

| In re | Billie Rene Powers | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑  **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑  **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑  **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑  **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑  **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑  **Deposits by individuals:** Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑  **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑  **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑  **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  continuation sheets attached

Form B6E- (Rev. 12/07)                                                                2007 USBC, Central District of California

| In re | Billie Rene Powers | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | | | | | | | $0.00 |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ➤
(Totals of this page)

Total ➤
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

Total ➤
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )



| $ | 0.00 | $ | 0.00 | $ | 0.00 |
|---|---|---|---|---|---|
| $ | 0.00 | | | | |
| | | | | $ | 0.00 | $ | 0.00 |

Form B6F (Official Form 6F) - (Rev. 12/07)                                                 2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   065205<br>Amber Air Conditioning Co., Inc.<br>29885 Second Street, Unit A & B<br>Lake Elsinore, CA 92532 | | | Service | | X | | 621.45 |
| Last four digits of ACCOUNT NO.   0450<br>Bank of America<br>Business Card<br>P.O. Box 15710<br>Wilmington, DE 19886-5710 | | | 05/01/2008<br>Credit Card | | X | | 6,781.00 |
| Last four digits of ACCOUNT NO.   2037<br>Capital One<br>P.O. Box 70886<br>Charlotte, NC  28272-9903 | | | 07/01/2008<br>Credit Cards Ending in 2037; 8090 | | X | | 694.00 |
| Last four digits of ACCOUNT NO.   6836<br>Chase<br>Cardmember Service<br>P.O. Box 15548<br>Wilmington, DE 19886-5548 | | | Credit Card | | X | | 7,000.00 |
| Last four digits of ACCOUNT NO.   0009<br>City of Newport Beach<br>Revenue Division<br>3300 Newport Boulevard<br>P.O. Box 1768<br>Newport Beach, CA 92658-8915 | | | Service | | X | | 610.00 |

    5   Continuation sheets attached

| | Subtotal ➤ | $ | 15,706.45 |
|---|---|---|---|
| | Total ➤ | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                                                    2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   9306 Countrywide Home Loans 4500 Amon Carter Blvd. Fort Worth, TX 65155 | | | Loan on a property foreclosed on 11/10/2008 located at 445 Island Avenue, Suite 725 San Diego, CA 921101 | | X | | 0.00 |
| Last four digits of ACCOUNT NO.   2935787 Encore Receivable Management, Inc. 400 N Rogers Road P.O. Box 3330 Olathe, KS  66063-3330 | | | 01/01/2008 Creditor: GE Money Bank Store Card: Lowe's Business Account ending in 9669 | | X | | 0.00 |
| Last four digits of ACCOUNT NO.   0958 Gaslamp City Square POA c/o N.N. Jaeschke, Inc. P.O. Box 30990 Los Angeles, CA 90030-0990 | | | 10/01/2008 Service | | X | | 20,000.00 |
| Last four digits of ACCOUNT NO.   5226 GMAC  Mortgage P.O. Box 79135 Phoenix, AZ  85062-9135 | | | 10/01/2008 Loan on a property foreclosed on 10/14/2008 located at 445 Island Avenue, Unit 721 San Diego, CA 92101 | | X | | 83,378.00 |
| Last four digits of ACCOUNT NO.   4436 Hoag Memorial Hospital, CCC One Hoag Drive, Building 45 Newport Beach, CA 92663 | | | 12/01/2007 Medical Service | | X | | 1,500.00 |

Sheet no. _1_ of _5_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal >  | $ | 104,878.00

Total >  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                                                 2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.  **6636**<br>Home Depot Credit Services<br>P.O. Box 6925<br>The Lakes, NV  88901-6925 | | | 09/01/2008<br><br>Credit Cards ending in 6636; 1958; and 1980 | | X | | 8,540.00 |
| Last four digits of ACCOUNT NO.  **4423**<br>HSBC<br>P.O. Box 80053<br>Salinas, CA 93912-0053 | | | 11/01/2008<br><br>Credit Card | | X | | 531.20 |
| Last four digits of ACCOUNT NO.  **1381**<br>Indymac Bank<br>P.O. Box 78826<br>Phoenix, AZ 85062-8826 | | | 10/14/2008<br><br>Foreclosed property located at 445 Island Avenue, # 725<br>San Diego, CA 92101 | | X | | 110,000.00 |
| Last four digits of ACCOUNT NO.<br>Louis & Jackie Hanson<br>413 E. Maple<br>Orange, CA 92866 | | | <br>Loan | | X | | 329,420.00 |
| Last four digits of ACCOUNT NO.  **9669**<br>Lowe's Business Account<br>P.O. Box 530970<br>Atlanta, GA 30353-0970 | | | 01/01/2008<br><br>Credit Card | | X | | 2,250.00 |

Sheet no. _2_ of _5_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 450,741.20

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.  **4020**<br>Macy's<br>9111 Duke Boulevard<br>Mason, OH 45040 | | | 05/01/2008<br><br>Credit Card | | X | | 882.00 |
| Last four digits of ACCOUNT NO.  **37-2008-00047105**<br>Michael M. Le, Esq.<br>Miles, Bauer, Bergstrom & Winters<br>1665 Scenic Avenue, Suite 200<br>Costa Mesa, CA 92626 | | | 11/10/2008<br><br>Deutsche Bank National Trust Company vs. Billie Renee Powers | | X | | 0.00 |
| Last four digits of ACCOUNT NO.  **0408**<br>North Shore Agency, Inc.<br>P.O. Box 8969<br>Westbury, NY 11590-8969 | | | 09/01/2008<br><br>Collection for Verizon<br>Acct. No.: 012571118034410408 | | X | | 278.00 |
| Last four digits of ACCOUNT NO.  **1801**<br>Ocwen Loan Servicing<br>P.O. Box 785056<br>Orlando, FL 32878-5056 | | | Loan on a property foreclosed on 10/14/2008 located at 445 Island Avenue, # 721<br>San Diego, CA 92101 | | X | | 0.00 |
| Last four digits of ACCOUNT NO.  **98HS05112**<br>Rohn Crowe<br>P.O. Box 6428<br>Los Osos, CA 93412 | | | Crowe v. Powers | | X | | 0.00 |

Sheet no. _3_ of _5_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➢   $                1,160.00

Total ➢   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

111

Case 8:09-bk-11245-RK   Doc 1   Filed 02/17/09   Entered 02/17/09 14:02:45   Desc
Main Document     Page 24 of 64

Form B6F (Official Form 6F) - (Rev. 12/07)                                          2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.  2-30-603-7722<br>**Southern California Edison**<br>P.O. Box 600<br>Rosemead, CA 91771-0001 | | | 12/01/2007<br>**Utility** | | X | | 1,115.00 |
| Last four digits of ACCOUNT NO.  5979<br>**Southern California Edison**<br>P.O. Box 600<br>Rosemead, CA 91771-0001 | | | 11/01/2008<br>**Utility**<br>Acct. No.: 2-30-730-5979 | | X | | 2,666.00 |
| Last four digits of ACCOUNT NO.  9327<br>**Southern California Edison**<br>P.O. Box 600<br>Rosemead, CA 91771-0001 | | | 11/01/2008<br>**Utility**<br>Acct. NO.: 2-29-584-9327 | | X | | 117.00 |
| Last four digits of ACCOUNT NO.  660<br>**Target National Bank**<br>P.O. Box 59317<br>Minneapolis, MN  55459-0317 | | | 04/01/2008<br>**Target Card** | | X | | 370.00 |
| Last four digits of ACCOUNT NO.  8052<br>**Timothy J. Silverman, Esq.**<br>Solomon, Grindle, Silverman<br>12651 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | | | **Arrowhead Credit Union v. Billie Powers**<br>Case No.: 30-2008-00108052<br><br>**Disputed** | | | X | 45,000.00 |

Sheet no. 4 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

| | Subtotal ➤ | $ | 49,268.00 |
|---|---|---|---|
| | Total ➤ | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Case 8:09-bk-11245-RK    Doc 1    Filed 02/17/09    Entered 02/17/09 14:02:45    Desc
Main Document      Page 25 of 64

Form B6F (Official Form 6F) - (Rev. 12/07)                                    2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. **T-Mobile** | | | **Service** | | X | | 2,000.00 |
| Last four digits of ACCOUNT NO. 30-2008-00094575 **Topping Investigations, Inc.** P.O. Box 773 **Lake Forest, CA 92609** | | | 08/22/2008 **Topping INvestigations, Inc. v. Renee Powers** | | X | | 599.00 |
| Last four digits of ACCOUNT NO. 6687 **Wasserman Kornheiser LLP** Craig L. Combs, Esq. 7955 Raytheon Road **San Diego, CA 92111** | | | **Gslamp City Square Property Owners Asso. vs. Billie Rene Powers** Case No.: 37-2008-000966687-CL-OR-CTL | | X | | 0.00 |

Sheet no. 5 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

| | Subtotal > | $ | 2,599.00 |
|---|---|---|---|
| | Total > | $ | 624,352.65 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6D - (12/07)                                                                          2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑      Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.      **9349** **Bayview Loan Servicing, LLC** P.O. Box 3042 Milwaukee, WI 53201-3042 | | | **Mortgage** 445 Island Avenue, # 723 San Diego, CA 92101 _____ Value **$300,000.00** | | | X | 30,000.00 | 30,000.00 |
| Last four digits of ACCOUNT NO.      **6378** **Countrywide Home Loans** 4500 Amon Carter Boulevard Fort Worth, TX 76155 | | | **Deed of Trust** 40701 Ortega Highway Lake Elsinore, CA 92530 _____ Value **$930,000.00** | | | X | 1,275,000.00 | 0.00 |
| Last four digits of ACCOUNT NO.      **5730** **Fremont INvestment & Loan** P.O. Box 25100 Santa Ana, CA 92799-5100 | | | **Deed of Trust** 445 Island Avenue, # 723 San Diego, CA 92101 _____ Value **$300,000.00** | | | X | 349,000.00 | 0.00 |
| Last four digits of ACCOUNT NO.      **4811** **Indymac Bank** P.O. Box 78826 Phoenix, AZ 85062-8826 | | | **Deed of Trust** 445 Island Avenue, Unit 331 San Diego, CA 92101 _____ Value **$400,000.00** | | | X | 519,000.00 | 0.00 |
| Last four digits of ACCOUNT NO.      **H-4782** **Val-Chris Investments, Inc.** 2601 Main Street, Suite 280 Irvine, CA 92614 | | | **Second Lien on Residence** 40701 Ortega Highway Lake Elsinore, CA 92530 _____ Value **$0.00** | | | X | 175,000.00 | 0.00 |

0 continuation sheets attached

|  | | |
|---|---|---|
| Subtotal (Total of this page) ➤ | $ 2,348,000.00 | $ 30,000.00 |
| Total (Use only on last page) ➤ | $ 2,348,000.00 | $ 30,000.00 |
| | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6G - (12/07)                                                    2007 USBC, Central District of California

| In re   **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H - (12/07)                                                          2007 USBC, Central District of California

| In re | **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form B6I  - (Rev. 12/07)                                                2007 USBC, Central District of California

| In re   **Billie Rene Powers** | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:   **Divorced** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |
| | Daughter | 14 |
| | Son | 12 |
| | Daughter | 4 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Loan Modification Specialist** | |
| Name of Employer | **Self-employed** | |
| How long employed | | |
| Address of Employer | **40701 Ortega Hwy
Lake Elsinore, CA 92530** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 0.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (specify) | $ 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 6,000.00 | $ |
| 8. Income from real property | $ 0.00 | $ |
| 9. Interest and dividends | $ 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 1,280.00 | $ |
| 11. Social security or other government assistance (Specify) | $ 0.00 | $ |
| 12. Pension or retirement income | $ 0.00 | $ |
| 13. Other monthly income (Specify) | $ 0.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 7,280.00 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 7,280.00 | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 7,280.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

Form B6I  - (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re  **Billie Rene Powers** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

Form B6J - (Rev. 12/07)                                                                 2007 USBC, Central District of California

| In re  **Billie Rene Powers** | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 5,875.00 |
|    a. Are real estate taxes included?  Yes _____  No ✓ | | |
|    b. Is property insurance included?  Yes _____  No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 200.00 |
|    b. Water and sewer | $ | 75.00 |
|    c. Telephone | $ | 45.00 |
|    d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 750.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 150.00 |
|    b. Life | $ | 0.00 |
|    c. Health | $ | 0.00 |
|    d. Auto | $ | 120.00 |
|    e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 0.00 |
|    b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 7,765.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 7,280.00 |
|    b. Average monthly expenses from Line 18 above | $ | 7,765.00 |
|    c. Monthly net income (a. minus b.) | $ | -485.00 |

Form B6 - Declaration(Rev. 12/07)                                                                2007 USBC, Central District of California

| In re  Billie Rene Powers | Case No.: |
|---|---|
| Debtor. | (If known) |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**20**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: ___2-17-09___                    Signature: _____
                                                      **Billie Rene Powers**
                                                                          Debtor
                                                   [If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP
(NOT APPLICABLE)

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 12/07)                    2007 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re | **Billie Rene Powers** | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **9,750.00** | **Self-employment** | **YTD** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 12/07)          2007 USBC, Central District of California

None  b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90**
☑  **days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is
affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that
were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a
plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13
must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None  c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the
☑  benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the
☐  filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Opping Investigations, Inc. v. Billie Rene Powers 30-2008-00094575-SC-SC-HLH | Collection | Harbor Justice Center 23141 Moulton Pkwy Laguna Hills, CA 92653 | Open |
| Deutsche Bank National Trust Co. vs. Billie Rene Powers 37-2008-0004710S-CL-UD-CTL | Unlawful Detainer | Superior Court of California 202 West Broadway San Diego, CA 92101 | |
| Arrowhead Credit Union vs. Billie Rene Powers 30-2008-00108052 | Breah of Contract | Superior Court of California 700 Civic Center Dr. Santa Ana, CA 92702 | Entry of Default |
| Gaslamp City Square Property owners Asso. vs. Billie R. Powers 37-2008-00096687-CL-OR-CTL | Breach of Covenants | Superior Court of California 330 West Broadway San Diego, CA 92101 | Open |
| Rohn Crowe v. Rene Powers-Lyons 98HS05112 | | Superior Court of California 23141 Moulton Pkwy Laguna Hills, CA 92653-1251 | Open |

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year**
☑  immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 12/07)                    2007 USBC, Central District of California

## 5. Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Countrywide Home Loans 4500 Amon Carter Boulevard Fort Worth, TX 76155 | 11/10/2008 | 445 Island Avenue # 425 San Diego, CA 92101 |
| GMAC Mortgage P.O. Box 79135 Phoenix, AZ 85062-9135 | 10/14/2008 | 445 Island Avenue # 721 San Diego, CA 92101 |
| Indymac Bank P.O. Box 78826 Phoenix, AZ 85062-7826 | | 445 Island Avenue # 725 San Diego, CA 92101 |
| Ocwen Loan Servicing P.O. Box 785056 Orlando, FL 32878-5056 | | 445 Island Ave., # 721 San Diego, CA 92101 |

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

123

Statement of Financial Affairs (Form 7) - Page 4 • (Rev. 12/07)            2007 USBC, Central District of California

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Walter Scott<br>411 N. Central Avenue<br>Suite 605<br>Glendale, CA 91203 | 02/17/2009 | $1500 |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

124

Statement of Financial Affairs (Form 7) - Page 5 - (Rev. 12/07)                           2007 USBC, Central District of California

## 12. Safe deposit boxes

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 12/07)                 2007 USBC, Central District of California

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 12/07)                                    2007 USBC, Central District of California

## 18. Nature, location and name of business

None  a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
☑     and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
      executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
      other activity either full- or part-time within the **six years** immediately preceding the commencement of this case,
      or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately
      preceding the commencement of this case.

      *If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
      and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
      the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

      *If the debtor is a corporation,* list the names, addresses,  taxpayer identification numbers, nature of the business, and
      beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or
      equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None  b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
☑     U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

· · · · · · · · ·

Statement of Financial Affairs (Form 7) - Page 8 - (Rev. 12/07)                    2007 USBC, Central District of California

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____2-17-09_____          Signature          _____
                                of Debtor          **Billie Rene Powers**

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar No.        FOR COURT USE ONLY

**Walter Scott**
411 N. Central Avenue
Suite 605
Glendale, CA 91203

*Attorney for* **Debtor**

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

**Billie Rene Powers**

| | |
|---|---|
| CHAPTER | **7** |
| CASE NUMBER | |

Debtor.                    (No Hearing Required)

### DECLARATION RE:  LIMITED SCOPE OF APPEARANCE
### PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.  I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.  On *(specify date)* __02/17/2009__ , I agreed with the Debtor that for a fee of __$1,500.00__ , I would provide only the following services:

    a.  ☑  Prepare and file the Petition and Schedules

    b.  ☑  Represent the Debtor at the 341(a) Hearing

    c.  ☐  Represent the Debtor in any relief from stay actions

    d.  ☐  Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to
        11 U.S.C. § 727

    e.  ☐  Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under
        11 U.S.C. § 523

    f.  ☐  Other *(specify):*

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated: 2/17/2009

I HEREBY APPROVE THE ABOVE:

*Billie Rene Powers, Signature of Debtor*

**Law Offices of Walter Scott**
*Law Firm Name*

By:

Name:   **Walter Scott**
        *Attorney for Debtor*

*Rev. 1/01* This form is optional. It has been approved by the United States Bankruptcy Court for the Central District of California.        **F 2090-1.1**

129

F 2090-1.1

| In re:<br>**Billie Rene Powers**<br><br>Debtor. | CHAPTER   **7**<br>CASE NUMBER |

### PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF _____

I am employed in the County of  State of California.
I am over the age of 18 and not a party to the within action.  My business address is as follows:


On _____, I served the foregoing document described as:  DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1 on the interested parties at their last known address by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____
California, addressed as follows:


❑   Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:


_____
*Type Name*

_____
*Signature*

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                                    1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br><br>**Billie Rene Powers**<br><br><br>Debtor. | Case No.:<br><br>**DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .                          $            1,500.00

   Prior to the filing of this statement I have received                  $            1,500.00

   Balance Due                                                            $                0.00

2. The source of compensation paid to me was:

   ☒ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor                    ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)  [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
   **None**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____2/17/2009_____                    _____
*Date*                                      *Signature of Attorney*

                                            **Law Offices of Walter Scott**
                                            *Name of Law Firm*

Form B8 (Official Form 8) - (Rev. 12/08)                                                                2008 USBC, Central District of California

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re | Billie Rene Powers | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | Chapter: | 7 |

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** -- Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Bayview Loan Servicing, LLC** | **Describe Property Securing Debt:**<br>445 Island Avenue, # 723<br>San Diego, CA 92101 |

Property will be *(check one)*:
☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other. Explain **Under Loan Modification** (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☑ Claimed as exempt                    ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Countrywide Home Loans** | **Describe Property Securing Debt:**<br>40701 Ortega Highway<br>Lake Elsinore, CA 92530 |

Property will be *(check one)*:
☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other. Explain **Under Loan Modification** (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☑ Claimed as exempt                    ☐ Not claimed as exempt

Form B8 (Official Form 8)  - Continued - (Rev. 12/08)                                      2008 USBC, Central District of California

---

**Property No. 3**

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Fremont INvestment & Loan | 445 Island Avenue, # 723<br>San Diego, CA 92101 |

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain **Under Loan Modification** (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☑ Claimed as exempt          ☐ Not claimed as exempt

---

**Property No. 4**

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Indymac Bank | 445 Island Avenue, Unit 331<br>San Diego, CA 92101 |

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain **Under Loan Modification** (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☑ Claimed as exempt          ☐ Not claimed as exempt

---

**Property No. 5**

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Val-Chris Investments, Inc. | 40701 Ortega Highway<br>Lake Elsinore, CA 92530 |

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain **Under Loan Modification** (for example, avoid lien using 11 U.S.C. § 522(f))

133

Form B8 (Official Form 8) - Continued - (Rev. 12/08)                                        2008 USBC, Central District of California

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ YES     ☐ NO |

___0___   continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: __2-17-09__                          *Billie Rene Powers*
                                            **Billie Rene Powers**
                                            Signature of Debtor

| Attorney or Party Name, Address, Telephone and FAX Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Walter Scott**<br>411 N. Central Avenue<br>Suite 605<br>Glendale, CA 91203<br><br>*Attorney for* **Debtor** | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Billie Rene Powers**<br><br><div align=right>Debtor.</div> | CHAPTER   7<br>CASE NUMBER<br><br>(No Hearing Required) |
|---|---|

### DECLARATION RE: LIMITED SCOPE OF APPEARANCE
### PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned bankruptcy case.

2. On *(specify date)*   02/17/2009   , I agreed with the Debtor that for a fee of   **$1,500.00** , I would provide only the following services:

   a. ☑  Prepare and file the Petition and Schedules

   b. ☑  Represent the Debtor at the 341(a) Hearing

   c. ☐  Represent the Debtor in any relief from stay actions

   d. ☐  Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

   e. ☐  Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

   f. ☐  Other *(specify)*:

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated:   2/17/2009

I HEREBY APPROVE THE ABOVE:

*Billie Rene Powers, Signature of Debtor*

**Law Offices of Walter Scott**
*Law Firm Name*

By:

Name:   **Walter Scott**
*Attorney for Debtor*

*Rev. 1/01* This form is optional. It has been approved by the United States Bankruptcy Court for the Central District of California.   **F 2090-1.1**

135

F 2090-1.1

| In re:<br>**Billie Rene Powers** | CHAPTER   7 |
| --- | --- |
| Debtor. | CASE NUMBER |

### PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF _____

I am employed in the County of  State of California.
I am over the age of 18 and not a party to the within action.  My business address is as follows:

On _____, I served the foregoing document described as:  DECLARATION RE:
LIMITED SCOPE OF APPEARANCE PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1 on the interested parties
at their last known address by placing a true and correct copy thereof in a sealed envelope with postage
thereon fully prepaid in the United States Mail at _____
California, addressed as follows:

☐   Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____
*Type Name*

_____
*Signature*

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                     1998 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| **Billie Rene Powers** | **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |
| Debtor. | |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,500.00 |
| Prior to the filing of this statement I have received | $ | 1,500.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]
      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
      **None**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____
Date

_____
Signature of Attorney

**Law Offices of Walter Scott**
_____
Name of Law Firm

February 2006                                                      2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re **Billie Rene Powers** <br><br> Debtor. | CHAPTER:   7 <br><br> CASE NO.: |

## DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, **Billie Rene Powers** , the debtor in this case, declare under penalty
    *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☑   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, _____ , the debtor in this case, declare under penalty
        *(Print Name of Joint Debtor, if any)*

of perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date   **2-17-09**          Signature   *Billie Rene Powers*
                                            **Billie Rene Powers**
                                               *Debtor*

Date   _____      Signature   _____

                                    *Joint Debtor (if any)*

138

Form B22A (Chapter 7) (12/08)                         2008 USBC, Central District of California

| In re   **Billie Rene Powers** | Case No.: |
|---|---|
|                        Debtor. | (if known) |

| According to the calculations required by this statement: |
|---|
| ☐ **The presumption arises** |
| ☑ **The presumption does not arise** |
| ☐ **The presumption is temporarily inapplicable.** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

## STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
## FOR USE IN CHAPTER 7

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>         a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>            ☐ I remain on active duty /or/<br>            ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>         OR<br>         b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>            ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** |
|---|

Form B22A (Chapter 7) (12/08)                                                2008 USBC, Central District of California

| | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| 2 | a. ☒ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only Column A ("Debtor's Income") for Lines 3-11.<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.<br>d. ☐ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $0.00 | $ |
| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V.<br><br>a. Gross Receipts — $ 6,000.00<br>b. Ordinary and necessary business expenses — $ 0.00<br>c. Business income — Subtract Line b from Line a | $6,000.00 | $ |
| 5 | Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.<br><br>a. Gross Receipts — $ 0.00<br>b. Ordinary and necessary operating expenses — $ 0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $0.00 | $ |
| 6 | Interest, dividends, and royalties. | $0.00 | $ |
| 7 | Pension and retirement income. | $0.00 | $ |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $1,280.00 | $ |
| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $ | $ |
| 10 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____ $ _____ | | |

Form B22A (Chapter 7) (12/08)                                              2008 USBC, Central District of California

| | | | |
|---|---|---|---|
| | Total and enter on Line 10. | $0.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $7,280.00 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 7,280.00 | |

### Part III.  APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $87,360.00 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence:  **CA**          b. Enter debtor's household size:  **4** | $77,014.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.  ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.  ☑ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).

### Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $7,280.00 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a.                                          $ | |
| | Total and enter on Line 17 . | $ 0.00 |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $7,280.00 |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 1,370.00 |

Form B22A (Chapter 7) (12/08)                                    2008 USBC, Central District of California

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b1.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |
|---|---|---|

| Household members under 65 years of age | | | Household members 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 57.00 | a2. | Allowance per member | 144.00 |
| b1. | Number of members | 4.00 | b2. | Number of members | |
| c1. | Subtotal | 228.00 | c2. | Subtotal | |

$ 228.00

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 639.00 |
|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,773.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by home, if any, as stated in Line 42. | $ 5,875.00 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$ 0.00

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.  ☐ 0  ☑ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 261.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |
|---|---|---|

Form B22A (Chapter 7) (12/08)                                    **2008 USBC, Central District of California**

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☑ 1   ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | $ 489.00 |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 489.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42.</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a</td></tr></table> | | |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | $ 0.00 |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a</td></tr></table> | | |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | $ 0.00 |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | $ 0.00 |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | $ 0.00 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | | $ 0.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | | $ 0.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service— such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | | $ 2,987.00 |
| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | | |
| | | | |

Form B22A (Chapter 7) (12/08)                                    2008 USBC, Central District of California

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | | |
| | | a. | Health Insurance | $0.00 | |
| | | b. | Disability Insurance | $ | |
| | | c. | Health Savings Account | $ | |
| | Total and enter on Line 34 **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | | | | $ 0.00 |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ 0.00 |

| **Subpart C: Deductions for Debt Payment** |
|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. |

| 42 | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|---|
| | a. | Countrywide Home Loans | 40701 Ortega Highway, Lake Elsinore, CA 92530 | $ 5,000.00 | ☑ yes ☐ no | |
| | b. | Val-Chris Investments | 40701 Ortega Highway | $ 875.00 | ☐ yes ☑ no | |
| | | | | Total: Add Lines a, b and c | | $ 5,875.00 |

Form B22A (Chapter 7) (12/08)                                      2008 USBC, Central District of California

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | $ 0.00 |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines a, b and c |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | | $ 0.00 |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |

| | a. | Projected average monthly Chapter 13 plan payment. | $ | |
|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x  **10.00** | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ 0.00 |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ 5,875.00 |

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $8,862.00 |

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ 7,280.00 |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ 8,862.00 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ -1,582.00 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ -94,920.00 |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |

| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ 0.00 |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

Form B22A (Chapter 7) (12/08)                                    2008 USBC, Central District of California

| Part VII: ADDITIONAL EXPENSE CLAIMS | | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

|   | Expense Description | Monthly Amount |
|---|---|---|
| a. |  | $ |
|   | Total: Add Lines a, b, and c | $ 0.00 |

| Part VIII:  VERIFICATION | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* <br> Date: _____ 2-17-09    Signature: _Billie Rene Powers_ <br> **Billie Rene Powers**, (Debtor) |

146

Verification of Creditor Mailing List - (Rev. 10/05)                                           2003 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name       **Walter Scott**
Address    **Law Offices of Walter Scott**
           **411 N. Central Ave. #605**
           **Glendale, CA 91203**
Telephone  **(818) 956-0227**

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Billie Rene Powers** | Case No.: |
| | Chapter:        **7** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**5**_____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: _____2-17-09_____          _____
                                      Billie Rene Powers, Debtor

_____
Walter Scott, Attorney (if applicable)

Billie Rene Powers
40701 Ortega Hwy
Lake Elsinore, CA 92530-6515

Walter Scott
Law Offices of Walter Scott
411 N. Central Ave. #605
Glendale, CA 91203

..mber Air Conditioning Co., 1. ..
29885 Second Street, Unit A & B
Lake Elsinore, CA 92532

Bank of America
Business Card
P.O. Box 15710
Wilmington, DE 19886-5710

Bayview Loan Servicing, LLC
P.O. Box 3042
Milwaukee, WI 53201-3042

Capital One
P.O. Box 70886
Charlotte, NC  28272-9903

Chase
Cardmember Service
P.O. Box 15548
Wilmington, DE 19886-5548

City of Newport Beach
Revenue Division
3300 Newport Boulevard
P.O. Box 1768
Newport Beach, CA 92658-8915

Countrywide Home Loans
4500 Amon Carter Boulevard
Fort Worth, TX  76155

Countrywide Home Loans
4500 Amon Carter Blvd.
Fort Worth, TX 65155

Encore Receivable Management, Inc.
400 N Rogers Road
P.O. Box 3330
Olathe, KS  66063-3330

remont INvestment & Loan
P.O. Box 25100
Santa Ana, CA 92799-5100

Gaslamp City Square POA
c/o N.N. Jaeschke, Inc.
P.O. Box 30990
Los Angeles, CA 90030-0990

GMAC  Mortgage
P.O. Box 79135
Phoenix, AZ  85062-9135

Hoag Memorial Hospital, CCC
One Hoag Drive, Building 45
Newport Beach, CA 92663

Home Depot Credit Services
P.O. Box 6925
The Lakes, NV  88901-6925

HSBC
P.O. Box 80053
Salinas, CA 93912-0053

Indymac Bank
P.O. Box 78826
Phoenix, AZ  85062-8826

Indymac Bank
P.O. Box 78826
Phoenix, AZ 85062-8826

Louis & Jackie Hanson
413 E. Maple
Orange, CA 92866

Lowe's Business Account
P.O. Box 530970
Atlanta, GA 30353-0970

Macy's
9111 Duke Boulevard
Mason, OH 45040

Michael M. Le, Esq.
Miles, Bauer, Bergstrom & Winters
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

North Shore Agency, Inc.
P.O. Box 8969
Westbury, NY  11590-8969

Ocwen Loan Servicing
P.O. Box 785056
Orlando, FL  32878-5056

Rohn Crowe
P.O. Box 6428
Los Osos, CA 93412

Southern California Edison
P.O. Box 600
Rosemead, CA 91771-0001

Target National Bank
P.O. Box 59317
Minneapolis, MN  55459-0317

Timothy J. Silverman, Esq.
Solomon, Grindle, Silverman
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

ᴛ-Mobile

Topping Investigations, Inc.
P.O. Box 773
Lake Forest, CA 92609

Val-Chris Investments, Inc.
2601 Main Street, Suite 280
Irvine, CA 92614

Wasserman Kornheiser LLP
Craig L. Combs, Esq.
7955 Raytheon Road
San Diego, CA 92111

# EXHIBIT "S"

Case 8:17-cv-01386-DOC-KES   Document 16-1   Filed 10/10/17   Page 146 of 204   Page ID
#:339
Case 8:09-bk-11245-RK   Doc 17   Filed 06/23/09   Entered 06/23/09 14:19:23   Desc
Discharge of Debtor (Ch 7)   Page 1 of 2

B18 (Official Form 18)
Rev.(03/09)

# United States Bankruptcy Court
## Central District Of California

**411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593**

## DISCHARGE OF DEBTOR

**DEBTOR INFORMATION:**
Billie Rene Powers

**BANKRUPTCY NO.** 8:09-bk-11245-RK

**CHAPTER** 7

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-6401
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Discharge Date:** 6/23/09

**Address:**
40701 Ortega Hwy
Lake Elsinore, CA 92530-6515

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT,

Dated: June 23, 2009

**Jon D. Ceretto**
Clerk of the Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION**

*\* Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social-security numbers or individual taxpayer-identification numbers.*

(Form Rev. 03/09) VAN-30

17 - 2 / BEE

B18 (Official Form 18) Cont.
Rev.(03/09)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift savings Plan for federal employees for certain types of loads form these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

# EXHIBIT "T"

FeeDue, DISMISSED, Incomplete, PRVDISCH, CLOSED

## U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:09-bk-22500-RK

| | |
|---|---|
| | *Date filed:* 11/11/2009 |
| *Assigned to:* Robert N. Kwan | *Date terminated:* 04/28/2010 |
| Chapter 13 | *Debtor dismissed:* 12/17/2009 |
| Voluntary | *341 meeting:* 12/29/2009 |
| Asset | |

*Debtor disposition:* Dismissed for Failure to File Information

**Debtor**
**Billie Rene Powers**
40701 Ortega Hwy
Lake Elsinore, CA 92675
ORANGE-CA
SSN / ITIN: xxx-xx-6401

represented by **Michael A Younge**
180 N Riverview Dr Ste 210
Anaheim Hills, CA 92808
714-242-4027
Fax : 714-282-1401
Email: youngelaw@aol.com

**Trustee**
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 11/11/2009 | 1 (18 pgs) | Chapter 13 Voluntary Petition *Incomplete*. Fee Amount $274 Filed by Billie Rene Powers Section 316 Incomplete Filings due by 12/28/2009. Schedule A due 11/27/2009. Schedule B due 11/27/2009. Schedule C due 11/27/2009. Schedule F due 11/27/2009. Schedule G due 11/27/2009. Schedule H due 11/27/2009. Schedule I due 11/27/2009. Schedule J due 11/27/2009. Statement of Financial Affairs due 11/27/2009. Chapter 13 Plan due by 11/27/2009. Statement - Form 22C Due: 11/27/2009. Statistical Summary due 11/27/2009. Debtor Certification of Employment Income due by 11/27/2009. Incomplete Filings due by 11/27/2009. (Younge, Michael) CORRECTION: Statistical Information RE Schedules A,B,D,E,F,I, and J have been updated to reflect the PDF. Estimated Assets have been corrected from 0-50000 to 50000-100000 to reflect the PDF. Modified on 11/12/2009 (Sychiuco, John). (Entered: 11/11/2009) |
| 11/11/2009 | | Receipt of Voluntary Petition (Chapter 13)(8:09-bk-22500) [misc,volp13] ( 274.00) Filing Fee. Receipt number 11547601. Fee amount 274.00. (U.S. Treasury) (Entered: 11/11/2009) |
| 11/11/2009 | | |

| | 2<br>(3 pgs) | Certificate of Credit Counseling Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 11/11/2009) |
|---|---|---|
| 11/11/2009 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 11/11/2009) |
| 11/12/2009 | | Judge Robert N. Kwan added to case (Sychiuco, John) (Entered: 11/12/2009) |
| 11/12/2009 | 4<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 12/29/2009 at 11:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701.Objection 523 Complaint Due: 3/1/2010. Proofs of Claims due by 3/29/2010. Government Proof of Claim due by 5/10/2010. Confirmation hearing to be held on 2/10/2010 at 01:30 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. (Sychiuco, John) (Entered: 11/12/2009) |
| 11/12/2009 | 5<br>(2 pgs; 2 docs) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) , Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Billie Rene Powers) (Sychiuco, John) (Entered: 11/12/2009) |
| 11/14/2009 | 6<br>(5 pgs) | BNC Certificate of Service (RE: related document(s)4 Meeting of Creditors Chapter 13) No. of Notices: 8. Service Date 11/14/2009. (Admin.) (Entered: 11/14/2009) |
| 11/14/2009 | 7<br>(2 pgs) | BNC Certificate of Service (RE: related document(s)5 Case Commencement Deficiency Notice(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 3. Service Date 11/14/2009. (Admin.) (Entered: 11/14/2009) |
| 11/14/2009 | 8<br>(2 pgs) | BNC Certificate of Service (RE: related document(s)5 ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 3. Service Date 11/14/2009. (Admin.) (Entered: 11/14/2009) |
| 11/17/2009 | 9<br>(2 pgs) | Request for special notice Filed by Creditor Specialized Loan Servicing LLC. (Lozano, Joe) (Entered: 11/17/2009) |
| 12/11/2009 | 10<br>(2 pgs) | Trustee's Notice to the debtor(s) that the case may be dismiss or converted at the confirmation hearing (batch) . (Cohen, Amrane) (Entered: 12/11/2009) |
| 12/17/2009 | 11<br>(1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 12/17/2009. (Corona, Heidi) (Entered: 12/17/2009) |
| 12/19/2009 | 12<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)11 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 12. Service Date 12/19/2009. (Admin.) (Entered: 12/19/2009) |
| 12/21/2009 | 13<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 12/21/2009) |
| 01/08/2010 | 14<br>(5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen, Amrane) (Entered: 01/08/2010) |

| | | |
|---|---|---|
| 02/10/2010 | | Hearing Held on Confirmation of Plan - Case Dismissed 12/17/09 (cr: stei) (Kent, Susan) (Entered: 02/16/2010) |
| 02/23/2010 | 15 (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Amrane Cohen. (Cohen, Amrane) (Entered: 02/23/2010) |
| 02/23/2010 | 16 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Cohen, Amrane) (Entered: 02/23/2010) |
| 02/23/2010 | 17 (1 pg) | Proof of service Filed by Trustee Amrane Cohen (RE: related document(s) 16 Chapter 13 Trustee's Final Report and Account (batch)). (Cohen, Amrane) (Entered: 02/23/2010) |
| 02/24/2010 | 18 (1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 2/24/2010. (Steinberg, Elizabeth) (Entered: 03/03/2010) |
| 04/28/2010 | 19 (1 pg) | Bankruptcy Case Closed - DISMISSED (Allen, Gloria) (Entered: 04/28/2010) |
| 07/06/2012 | 20 (3 pgs) | Notice of Change of Address . (Younge, Michael) (Entered: 07/06/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/24/2017 09:34:34 | | | |
| **PACER Login:** | elena.beckmann:4983634:4231717 | **Client Code:** | 830902-193/5908 |
| **Description:** | Docket Report | **Search Criteria:** | 8:09-bk-22500-RK Fil or Ent: filed From: 5/26/2000 To: 8/24/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT "U"

Form B1 (Official Form 1) (04/10)    Case 8:09-bk-22500-RK   Doc 1   Filed 11/11/09   Entered 11/11/09 15:47:06   Desc
Main Document    Page 1 of 18

| **United States Bankruptcy Court**<br>**Central District of California** | | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**POWERS, BILLIE, RENE** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if<br>more than one, state all): **6401** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if<br>more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**40701 ORTEGA HWY**<br>**SAN JUAN CAPISTRANO, CA**<br>ZIP CODE   **92675** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**ORANGE** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7   ☐ Chapter 11   ☐ Chapter 15 Petition for<br>☐ Chapter 9   ☐ Chapter 12    Recognition of a Foreign<br>☑ Chapter 13    Main Proceeding<br>    ☐ Chapter 15 Petition for<br>     Recognition of a Foreign<br>     Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer   ☐ Debts are primarily<br>debts, defined in 11 U.S.C.    business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR<br>COURT USE ONLY** |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available<br>for distribution to unsecured creditors. | |

| Estimated Number of Creditors | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More<br>$1 billion |
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Liabilities | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | $100,000,001 to<br>$500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

161

Form B1 (Official Form 1) (Rev. 1/08)                                                                    2008 USBC, Central District of California

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **BILLIE RENE POWERS** | FORM B1, Page 2 |
|---|---|---|

| Location Where Filed:  **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>x /s/ Michael A. Younge        11-11-09<br>Signature of Attorney for Debtor(s)        Date<br>**MICHAEL A YOUNGE**        **170929** |

| **Exhibit C** | **Exhibit D** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br>☑  No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

---

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Form B1 (Official Form 1) (Rev. 1/08)                                                                 2008 USBC, Central District of California

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **BILLIE RENE POWERS** | FORM B1, Page 3 |
|---|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ___*Billie Rene Powers*___
Signature of Debtor   **BILLIE RENE POWERS**

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐  I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

X ___*Michael A Younge*___     Signature of Attorney
Signature of Attorney for Debtor(s)

**MICHAEL A YOUNGE**
Printed Name of Attorney for Debtor(s)

**THE LAW OFFICE OF MICHAEL A YOUNGE**
Firm Name

**8141 EAST KAISER BLVD SUITE 200**
Address

**ANAHEIM HILLS  CA 92808**

**714-685-1170**          **714-685-1172**
Telephone Number

*11-11-09*                 170929
Date                       Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LOCAL RULE 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**8:09-bk-11245-RK**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Anaheim_____ , California

Debtor

Dated: _11-11-09_____

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                164                                F 1015-2.1

Case 8:09-bk-22500-RK    Doc 1    Filed 11/11/09    Entered 11/11/09 15:47:06    Desc
Main Document        Page 5 of 18

Form B6 - Summary (12/07)                                               2007 USBC, Central District of California

## United States Bankruptcy Court
## Central District of California

| In re  **BILLIE RENE POWERS** | Case No.: |
|---|---|
| Debtor. | (if known) |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 0 | $    817,000.00 | | |
| B - Personal Property | YES | 0 | $      1,040.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $   898,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 0 | | $        0.00 | |
| G - Executory Contracts and Unexpired Leases | NO | | | | |
| H - Codebtors | NO | | | | |
| I - Current Income of Individual Debtor(s) | YES | 0 | | | $        0.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 0 | | | $        0.00 |
| TOTAL | | 3 | $    818,040.00 | $   898,000.00 | |

Form B6D - (12/07)                                                    2007 USBC, Central District of California

| In re | **BILLIE RENE POWERS** | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.    9349<br>**BAYVIEW LOAN SERVICING, LLC**<br>PO BOX 3042<br>MILWAUKEE, WI 53201-3042 | | | Second Lien on Residence<br>CONDO 445 ISLAND #723<br><br>Value $0.00 | | | | 30,000.00 | 300,000.00 |
| Last four digits of ACCOUNT NO.    5730<br>**FREMONT INVESTMENT & LOAN**<br>PO BOX 25100<br>SANTA ANA, CA 92799-5100 | | | First Lien on Residence<br>CONDO 445 ISLAND #723<br><br>Value $0.00 | | | | 349,000.00 | 300,000.00 |
| Last four digits of ACCOUNT NO.    4811<br>**INDY MAC BANK**<br>PO BOX 78826<br>PHOENIX, AZ 85062-8826 | | | First Lien on Residence<br>CONDO 445 ISLAND #331<br><br>Value $0.00 | | | | 519,000.00 | 119,000.00 |

<u>0</u> continuation sheets attached

| | | | |
|---|---|---|---|
| Subtotal<br>(Total of this page) | ➤ | $   898,000.00 | $   719,000.00 |
| Total<br>(Use only on last page) | ➤ | $   898,000.00 | $   719,000.00 |
| | | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

| Form B6E- (Rev. 12/07) | | 2007 USBC, Central District of California |
|---|---|---|
| In re   **BILLIE RENE POWERS** | | Case No.: |
| | Debtor. | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals:** Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

  * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  continuation sheets attached

Form B6E- (Rev. 12/07)      2007 USBC, Central District of California

| In re | BILLIE RENE POWERS | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims



| | | | |
|---|---|---|---|
| Subtotals▷ (Totals of this page) | $ 0.00 | $ 0.00 | $ 0.00 |
| Total ▷ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 0.00 | | |
| Total ▷ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 0.00 | $ 0.00 |

Form B6 - Declaration(Rev. 12/07)                                    2007 USBC, Central District of California

| In re   BILLIE RENE POWERS | Case No.: |
| | (If known) |
| Debtor. | |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____5_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:   _11-11-09_                                Signature: _Billie Rene Powers_
                                                               BILLIE RENE POWERS
                                                                        Debtor
                                                      [If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP
#### (NOT APPLICABLE)

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

169

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                        1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re **BILLIE RENE POWERS** | Case No.: |
| Debtor. | **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 3,500.00 |

2. The source of compensation paid to me was:

   ☐ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_11-11-09_ _____                    _Michael A Younge_ _____
Date                                                            Signature of Attorney

**THE LAW OFFICE OF MICHAEL A YOUNGE**
_Name of Law Firm_

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| MICHAEL A YOUNGE<br>THE LAW OFFICE OF MICHAEL A YOUNGE<br>8141 EAST KAISER BLVD<br>SUITE 200<br>ANAHEIM HILLS<br>CA 92808<br>Phone: 714-685-1170          Fax:  714-685-1172<br>California State Bar Number: 170929<br>❏  *Attorney for:* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re:<br>**BILLIE RENE POWERS**<br><br><div align="right">Debtor.</div> | CASE NO.:<br><br>CHAPTER:    **13**<br><br>ADV. NO.: |
|---|---|

<div align="center">

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

</div>

❏  Petition, statement of affairs, schedules or lists      Date Filed: _____

❏  Amendments to petition, statement of affairs, schedules or lists    Date Filed: _____

❏  Other: _____      Date Filed: _____

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

      I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed copy to my attorney.

_____         11-11-09
Signature of Signing Party                    Date

**BILLIE RENE POWERS**
*Printed Name of Signing Party*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

      I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

---

<div align="center">This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.</div>

*November 2006*

_Michael A Young_         11-11-09

Signature of Attorney for Signing Party      Date

**MICHAEL A YOUNGE**

_Printed Name of Attorney for Signing Party_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

_November 2006_

172

B201 - Notice of Available Chapters (Rev. 04/06)                                    USBC, Central District of California

Name:   **MICHAEL A YOUNGE**
Address:  **THE LAW OFFICE OF MICHAEL A YOUNGE**
      **8141 EAST KAISER BLVD**
      **SUITE 200**
      **ANAHEIM HILLS**
      **CA 92808**

Telephone:  **714-685-1170**      Fax:   **714-685-1172**

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>BILLIE RENE POWERS | Case No.:<br><br>**NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1.  **Services Available from Credit Counseling Agencies**

  With limited exceptions, § 109(h) of the Bankruptcy Code requires that **all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

  **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

2.  **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

  **Chapter 7:** Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

  1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

B201 - Notice of Available Chapters (Rev. 04/06)                                                USBC, Central District of California

2.   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.   Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:** **Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.   Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.   Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed for you to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.   After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:** **Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** **Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

**MICHAEL A YOUNGE**                           *Michael A young*   11-11-09
Printed Name of Attorney                         Signature of Attorney              Date

Address:

**THE LAW OFFICE OF MICHAEL A YOUNGE**
**8141 EAST KAISER BLVD**
**SUITE 200**
**ANAHEIM HILLS**
**CA 92808**
**714-685-1170**

B201 - Notice of Available Chapters (Rev. 04/06)                                    USBC, Central District of California

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**BILLIE RENE POWERS** _____     X _____ 11-11-09

Printed Name(s) of Debtor                          BILLIE RENE POWERS
                                                   Signature of Debtor                    Date

Case No. (if known)   _____ _____

Verification of Creditor Mailing List - (Rev. 10/05)                    **2003 USBC, Central District of California**

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        **MICHAEL A YOUNGE**
Address     **THE LAW OFFICE OF MICHAEL A YOUNGE**
            **8141 EAST KAISER BLVD**
            **SUITE 200**
            **ANAHEIM HILLS**
            **CA 92808**
Telephone   **714-685-1170**
☒ Attorney for Debtor(s)
☐ Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**BILLIE RENE POWERS** | Case No.: |
| | Chapter:        **13** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____ **2** _____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  *11-11-09*

BILLIE RENE POWERS, Debtor

MICHAEL A YOUNGE, Attorney (if applicable)

BAYVIEW LOAN SERVICING, LLC
PO BOX 3042
MILWAUKEE, WI 53201-3042

FREMONT INVESTMENT & LOAN
PO BOX 25100
SANTA ANA, CA 92799-5100

INDY MAC BANK
PO BOX 78826
PHOENIX, AZ 85062-8826

```
BILLIE RENE POWERS
40701 ORTEGA HWY
SAN JUAN CAPISTRANO, CA 92676

MICHAEL A YOUNGE
THE LAW OFFICE OF MICHAEL A YOUNGE
8141 EAST KAISER BLVD
SUITE 200
ANAHEIM HILLS
```

# EXHIBIT "V"

PlnDue, Incomplete, PRVDISM, PRVDISCH, DISMISSED, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:09-bk-24448-RK

|  |  |
|---|---|
|  | *Date filed:* 12/28/2009 |
| *Assigned to:* Robert N. Kwan | *Date terminated:* 04/30/2010 |
| Chapter 13 | *Debtor dismissed:* 01/21/2010 |
| Voluntary | *341 meeting:* 02/11/2010 |
| Asset |  |

*Debtor disposition:* Dismissed for Failure to File Information

| | |
|---|---|
| **Debtor** | represented by **Michael A Younge** |
| **Billie Rene Powers** | 180 N Riverview Dr Ste 210 |
| 40701 Ortega Hwy | Anaheim Hills, CA 92808 |
| San Juan Capistrano, CA 92675 | 714-242-4027 |
| ORANGE-CA | Fax : 714-282-1401 |
| SSN / ITIN: xxx-xx-6401 | Email: youngelaw@aol.com |

**Trustee**
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 12/28/2009 | <u>1</u><br>(23 pgs; 3 docs) | Chapter 13 Voluntary Petition *Incomplete*. Fee Amount $274 Filed by Billie Rene Powers Schedule C due 01/11/2010. Schedule F due 01/11/2010. Schedule G due 01/11/2010. Schedule H due 01/11/2010. Schedule I due 01/11/2010. Schedule J due 01/11/2010. Statement of Financial Affairs due 01/11/2010. Chapter 13 Plan due by 01/11/2010. Atty Signature Petition due 01/11/2010. Statistical Summary due 01/11/2010. Incomplete Filings due by 01/11/2010. (Younge, Michael). CORRECTION: Deficient for missing Statement of Current Monthly Income and Disposable Income Calculation Form (Form 22C) due by 1/11/2010. Debtor's Certification of Employment Income due by 1/11/2010. Incomplete Filings due by 1/11/2010. Section 316 Incomplete Filings due by 2/11/2010. Modified on 12/29/2009 (Nguyen, Judy). (Entered: 12/28/2009) |
| 12/28/2009 |  | Receipt of Voluntary Petition (Chapter 13)(8:09-bk-24448) [misc,volp13] ( 274.00) Filing Fee. Receipt number 12151372. Fee amount 274.00. (U.S. Treasury) (Entered: 12/28/2009) |
| 12/28/2009 |  |  |

| | | |
|---|---|---|
| | 2<br>(3 pgs) | Certificate of Credit Counseling Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 12/28/2009) |
| 12/28/2009 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 12/28/2009) |
| 12/28/2009 | 4<br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 02/11/2010 at 09:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701. Confirmation hearing to be held on 03/23/2010 at 01:30 PM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 05/12/2010. (Younge, Michael) (Entered: 12/28/2009) |
| 12/31/2009 | 5<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)4 Meeting (AutoAssign Chapter 13)) No. of Notices: 8. Service Date 12/31/2009. (Admin.) (Entered: 12/31/2009) |
| 12/31/2009 | 6<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Billie Rene Powers) No. of Notices: 4. Service Date 12/31/2009. (Admin.) (Entered: 12/31/2009) |
| 12/31/2009 | 7<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Billie Rene Powers) No. of Notices: 4. Service Date 12/31/2009. (Admin.) (Entered: 12/31/2009) |
| 01/06/2010 | 8<br>(2 pgs) | Order Reassigning Bankruptcy Case from Judge Theodor C. Albert to Judge Robert N. Kwan pursuant to General Order 99-02 (Prior Related Case/Proceeding) - Signed on 1/6/2010. (Ngo, Kim) (Entered: 01/07/2010) |
| 01/07/2010 | | Judge Robert N. Kwan added to case. Involvement of Judge Theodor C. Albert Terminated (Ngo, Kim) (Entered: 01/07/2010) |
| 01/07/2010 | 9<br>(1 pg) | Notice of reassignment of case from Judge Theodor C. Albert to Judge Robert N. Kwan (BNC) (Ngo, Kim) (Entered: 01/07/2010) |
| 01/07/2010 | 10<br>(1 pg) | Notice to creditors re: Notice Rescheduling the Hearing for Confirmation of Plan; The hearing will now be held on 4/14/2010 at 1:30 p.m. in courtroom 5D (BNC-PDF) (Ngo, Kim) (Entered: 01/07/2010) |
| 01/09/2010 | 11<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)9 Notice of reassignment of case (BNC)) No. of Notices: 9. Service Date 01/09/2010. (Admin.) (Entered: 01/09/2010) |
| 01/09/2010 | 12<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)10 Notice to creditors (BNC-PDF)) No. of Notices: 9. Service Date 01/09/2010. (Admin.) (Entered: 01/09/2010) |
| 01/12/2010 | 13<br>(2 pgs) | Request for special notice Filed by Creditor Specialized Loan Servicing, LLC. (Lozano, Joe) (Entered: 01/12/2010) |
| 01/21/2010 | 14<br>(1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 1/21/2010. (Corona, Heidi) (Entered: 01/21/2010) |
| 01/23/2010 | | |

| | | |
|---|---|---|
| | 15<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)14 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 11. Service Date 01/23/2010. (Admin.) (Entered: 01/23/2010) |
| 02/04/2010 | 16<br>(5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen, Amrane) (Entered: 02/04/2010) |
| 02/06/2010 | 17<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 02/06/2010) |
| 03/24/2010 | 19<br>(1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 3/24/2010. (Mccall, Audrey) (Entered: 03/26/2010) |
| 03/25/2010 | 18<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Amrane Cohen. (Cohen, Amrane) (Entered: 03/25/2010) |
| 04/14/2010 | | Hearing Held On Confirmation Of Chapter 13 Plan - OFF CALENDAR - CASE DISMISSED 1-21-10 - (cr:stei) (Bolte, Nickie) (Entered: 04/16/2010) |
| 04/22/2010 | 20<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Cohen, Amrane) (Entered: 04/22/2010) |
| 04/26/2010 | 21<br>(1 pg) | Proof of service Filed by Trustee Amrane Cohen (RE: related document(s) 20 Chapter 13 Trustee's Final Report and Account (batch)). (Cohen, Amrane) (Entered: 04/26/2010) |
| 04/30/2010 | 22<br>(1 pg) | Bankruptcy Case Closed - DISMISSED (Allen, Gloria) (Entered: 04/30/2010) |
| 07/06/2012 | 23<br>(3 pgs) | Notice of Change of Address . (Younge, Michael) (Entered: 07/06/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/24/2017 09:29:33 | | |
| **PACER Login:** | elena.beckmann:4983634:4231717 | **Client Code:** | 830902-193/5908 |
| **Description:** | Docket Report | **Search Criteria:** | 8:09-bk-24448-RK Fil or Ent: filed From: 5/26/2000 To: 8/24/2017 Doc From: 0 Doc To: 99999999 Term: included |

|  |  |  | Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT "W"

Form B1 (Official Form 1) (Rev. 1/08)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**POWERS, BILLIE, RENE** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6401** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**40701 ORTEGA HWY**<br>**SAN JUAN CAPISTRANO, CA**　　ZIP CODE **92675** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**ORANGE** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 13
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Case 8:09-bk-24448-RK   Doc 1   Filed 12/28/09   Entered 12/28/09 18:38:40   Desc
Main Document   Page 2 of 21

Form B1 (Official Form 1) (Rev. 1/08)                                                    2008 USBC, Central District of California

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**BILLIE RENE POWERS** | **FORM B1, Page 2** |
| --- | --- | --- |

| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |
| --- | --- | --- |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| --- | --- | --- |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
| --- | --- |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br><br>❑   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>x *Michael A Young*   11-11-09<br>Signature of Attorney for Debtor(s)          Date<br>**MICHAEL A YOUNGE**          **170929** |

| **Exhibit C** | **Exhibit D** |
| --- | --- |
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>❑   Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒   No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>❑     Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>❑     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
| --- |
| ☒     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ❑     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ❑     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
| --- |
| ❑     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ❑     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ❑     Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ❑     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Form B1 (Official Form 1) (Rev. 1/08)                                                                                                                                                      2008 USBC, Central District of California

| Voluntary Petition | Name of Debtor(s): | FORM B1, Page 3 |
|---|---|---|
| *(This page must be completed and filed in every case)* | **BILLIE RENE POWERS** | |

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Billie Rene Powers_
Signature of Debtor   **BILLIE RENE POWERS**

X **Not Applicable**
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney**

X _Michael A Younge_
Signature of Attorney for Debtor(s)

**MICHAEL A YOUNGE**
Printed Name of Attorney for Debtor(s)

**THE LAW OFFICE OF MICHAEL A YOUNGE**
Firm Name

**8141 EAST KAISER BLVD SUITE 200**
Address

**ANAHEIM HILLS  CA 92808**

**714-685-1170            714-685-1172**
Telephone Number

_11-11-09_            **170929**
Date                    Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LOCAL RULE 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**8:09-bk-11245-RK**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Anaheim_ , California

Debtor

Dated: _11 - 11 - 09_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                      188                      F 1015-2.1

Case 8:09-bk-24448-RK    Doc 1    Filed 12/28/09    Entered 12/28/09 18:38:40    Desc
Main Document      Page 5 of 21

Form B6 - Summary (12/07)                                               2007 USBC, Central District of California

## United States Bankruptcy Court
## Central District of California

| In re **BILLIE RENE POWERS** | Case No.: |
|---|---|
| Debtor. | (if known) |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 0 | $ 817,000.00 | | |
| B - Personal Property | YES | 0 | $ 1,040.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 898,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 0 | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | NO | | | | |
| H - Codebtors | NO | | | | |
| I - Current Income of Individual Debtor(s) | YES | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 0 | | | $ 0.00 |
| TOTAL | | 3 | $ 818,040.00 | $ 898,000.00 | |

189

Case 8:09-bk-24448-RK    Doc 1    Filed 12/28/09    Entered 12/28/09 18:38:40    Desc
Main Document      Page 6 of 21

Form B6A - (12/07)                                                                2007 USBC, Central District of California

| In re  **BILLIE RENE POWERS**              Debtor. | Case No.:                          (If known) |
| --- | --- |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
| --- | --- | --- | --- | --- |
| **CONDO 445 ISLAND #331** | Fee Owner | | $ 468,000.00 | $ 519,000.00 |
| **CONDO 445 ISLAND #723** | Fee Owner | | $ 349,000.00 | $ 379,000.00 |

Total ➤  $ 817,000.00

(Report also on Summary of Schedules.)

190

Case 8:09-bk-24448-RK    Doc 1    Filed 12/28/09    Entered 12/28/09 18:38:40    Desc
Main Document    Page 7 of 21

Form B6B - (12/07)                                                        2007 USBC, Central District of California

| In re  **BILLIE RENE POWERS** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.Cash on hand | | | | 40.00 |
| 2.Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.Household goods and furnishings, including audio, video, and computer equipment. | | HOUSEHOLD FURNISHINGS | | 800.00 |
| 5.Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.Wearing apparel. | | CLOTHING | | 200.00 |
| 7.Furs and jewelry. | X | | | |
| 8.Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.Annuities.  Itemize and name each issuer. | X | | | |
| 11.Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14.Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.Accounts receivable. | X | | | |
| 17.Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18.Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |

Form B6B - (12/07)                                                        2007 USBC, Central District of California

| In re  **BILLIE RENE POWERS** | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19 Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20 Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21 Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22 Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23 Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25 Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26 Boats, motors, and accessories. | X | | | |
| 27 Aircraft and accessories. | X | | | |
| 28 Office equipment, furnishings, and supplies. | X | | | |
| 29 Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30 Inventory. | X | | | |
| 31 Animals. | X | | | |
| 32 Crops - growing or harvested. Give particulars. | X | | | |
| 33 Farming equipment and implements. | X | | | |
| 34 Farm supplies, chemicals, and feed. | X | | | |
| 35 Other personal property of any kind not already listed. Itemize. | X | | | |

_____1_____   continuation sheets attached                                    $  1,040.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Case 8:09-bk-24448-RK   Doc 1   Filed 12/28/09   Entered 12/28/09 18:38:40   Desc
Main Document       Page 9 of 21

Form B6D - (12/07)                                                    2007 USBC, Central District of California

| In re   **BILLIE RENE POWERS** | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   **9349**<br>**BAYVIEW LOAN SERVICING, LLC**<br>**PO BOX 3042**<br>**MILWAUKEE, WI 53201-3042** | | | **Second Lien on Residence**<br>**CONDO 445 ISLAND #723**<br><br>**Value  $0.00** | | | | 30,000.00 | 300,000.00 |
| Last four digits of ACCOUNT NO.   **5730**<br>**FREMONT INVESTMENT & LOAN**<br>**PO BOX 25100**<br>**SANTA ANA, CA 92799-5100** | | | **First Lien on Residence**<br>**CONDO 445 ISLAND #723**<br><br>**Value  $0.00** | | | | 349,000.00 | 300,000.00 |
| Last four digits of ACCOUNT NO.   **4811**<br>**INDY MAC BANK**<br>**PO BOX 78826**<br>**PHOENIX, AZ 85062-8826** | | | **First Lien on Residence**<br>**CONDO 445 ISLAND #331**<br><br>**Value  $0.00** | | | | 519,000.00 | 119,000.00 |

0 continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page)  ➤ | $  898,000.00 | $  719,000.00 |
| Total (Use only on last page)  ➤ | $  898,000.00 | $  719,000.00 |
| | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

| Form B6E- (Rev. 12/07) | 2007 USBC, Central District of California |
|---|---|

| In re   **BILLIE RENE POWERS** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals:** Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

  * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**1 continuation sheets attached**

Form B6E- (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re | BILLIE RENE POWERS | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals►
(Totals of this page)       $ 0.00    $ 0.00    $ 0.00

Total  ►
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)       $ 0.00

Total  ►
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )       $ 0.00    $ 0.00

Form B6 - Declaration(Rev. 12/07)                                          2007 USBC, Central District of California

| In re  BILLIE RENE POWERS | Case No.: |
|---|---|
| Debtor. | (If known) |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____5_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  _11-11-09_                          Signature: _[signature]_

                                           BILLIE RENE POWERS
                                                                Debtor
                                    [If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

196

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                    1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT |
| :---: |
| CENTRAL DISTRICT OF CALIFORNIA |

| In re | Case No.: |
| :--- | :--- |
| **BILLIE RENE POWERS** | **DISCLOSURE OF COMPENSATION** |
| | **OF ATTORNEY FOR DEBTOR** |
| Debtor. | |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
| :--- | :--- | ---: |
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 3,500.00 |

2. The source of compensation paid to me was:

    ☐ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☐ Debtor          ☐ Other (specify)

4.    ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]

     **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

     **None**

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_11-11-09_
Date

_Michael A Younge_ (signature)
Signature of Attorney

**THE LAW OFFICE OF MICHAEL A YOUNGE**
Name of Law Firm

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **MICHAEL A YOUNGE**<br>**THE LAW OFFICE OF MICHAEL A YOUNGE**<br>**8141 EAST KAISER BLVD**<br>**SUITE 200**<br>**ANAHEIM HILLS**<br>**CA 92808**<br>Phone: **714-685-1170**　　　　Fax: **714-685-1172**<br>California State Bar Number: **170929**<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>**BILLIE RENE POWERS**<br><br>　　　　　　　　　　　　　　　　　　Debtor. | CASE NO.:<br><br>CHAPTER:　　**13**<br><br>ADV. NO.: |
|---|---|

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☐  Petition, statement of affairs, schedules or lists　　　　　　Date Filed: _____

☐  Amendments to petition, statement of affairs, schedules or lists　Date Filed: _____

☐  Other: _____　　　　　Date Filed: _____

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

　　　　I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_Signature of Signing Party_　　　　　　　　　　　　　　11-11-09
　　　　　　　　　　　　　　　　　　　　　　　　　　　_Date_

**BILLIE RENE POWERS**
*Printed Name of Signing Party*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

　　　　I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*November 2006*

*Michael A Young*

_Signature of Attorney for Signing Party_

**MICHAEL A YOUNGE**

_Printed Name of Attorney for Signing Party_

11-11-09

_Date_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

199

B201 - Notice of Available Chapters (Rev. 04/06)                                          USBC, Central District of California

Name:      **MICHAEL A YOUNGE**
Address:   **THE LAW OFFICE OF MICHAEL A YOUNGE**
           **8141 EAST KAISER BLVD**
           **SUITE 200**
           **ANAHEIM HILLS**
           **CA 92808**

Telephone:  **714-685-1170**          Fax:   **714-685-1172**

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

---

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>BILLIE RENE POWERS | Case No.: |
|---|---|
| | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

---

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1. **Services Available from Credit Counseling Agencies**

   With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

   In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

2. **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**
   **Chapter 7:** Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

   1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

B201 - Notice of Available Chapters (Rev. 04/06)                                                                USBC, Central District of California

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to
    take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have
    committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and,
    if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still
    be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and
    property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which
    are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor
    vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from
    fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the
    debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39
administrative fee: Total fee $274)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of  their debts in installments
    over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in
    the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them,
    using your future earnings. The period allowed by the court to repay your debts may be three years or five years,
    depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support
    obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not
    properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long
    term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite
complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings
and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily
from a family-owned farm or commercial fishing operation.


3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either
orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by
a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of
the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department
of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your
creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this
information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the
local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

MICHAEL A YOUNGE                                          _Michael A young_  11-11-09
Printed Name of Attorney                             Signature of Attorney                Date

Address:

**THE LAW OFFICE OF MICHAEL A YOUNGE
8141 EAST KAISER BLVD
SUITE 200
ANAHEIM HILLS
CA 92808
714-685-1170**

B201 - Notice of Available Chapters (Rev. 04/06)                                                    USBC, Central District of California

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**BILLIE RENE POWERS**                                      X _Billie Rene Powers_ ___ 11-11-09

Printed Name(s) of Debtor                                      BILLIE RENE POWERS
                                                               Signature of Debtor                     Date

Case No. (if known)   _____

Verification of Creditor Mailing List - (Rev. 10/05)                    2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **MICHAEL A YOUNGE**
Address   **THE LAW OFFICE OF MICHAEL A YOUNGE**
          **8141 EAST KAISER BLVD**
          **SUITE 200**
          **ANAHEIM HILLS**
          **CA 92808**
Telephone **714-685-1170**

☒  Attorney for Debtor(s)
☐  Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
| --- | --- |
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>BILLIE RENE POWERS | Case No.: |
| | Chapter:          **13** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**2**_____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:   **11-11-09**                          _Billie Rene Powers_
                                              BILLIE RENE POWERS, Debtor

_Michael A Younge_
MICHAEL A YOUNGE, Attorney (if applicable)

```
BAYVIEW LOAN SERVICING, LLC
PO BOX 3042
MILWAUKEE, WI 53201-3042


FREMONT INVESTMENT & LOAN
PO BOX 25100
SANTA ANA, CA 92799-5100


INDY MAC BANK
PO BOX 78826
PHOENIX, AZ 85062-8826
```

BILLIE RENE POWERS
40701 ORTEGA HWY
SAN JUAN CAPISTRANO, CA 92676


MICHAEL A YOUNGE
THE LAW OFFICE OF MICHAEL A YOUNGE
8141 EAST KAISER BLVD
SUITE 200
ANAHEIM HILLS

Case 8:09-bk-24448-RK    Doc 1-1    Filed 12/28/09    Entered 12/28/09 18:38:40    Desc
Case Com Def Notice    Page 1 of 1

| United States Bankruptcy Court Central District Of California | |
|---|---|
| In re: Billie Rene Powers | CHAPTER NO.:  13 |
| | CASE NO.: 8:09−bk−24448−TA |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**
You must cure the following within 14 days from filing of your petition:

☑ Statistical Summary of Certain Liabilities
☑ Debtor's Certification of Employment Income

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

For all items above you must file the original and the following number of copies [Local Bankruptcy Rule 1002−1]:

    Chapter 13     1 Original and 1 Copy

**Please return the original or copy of this form with all required items to the following location:**

    411 West Fourth Street, Suite 2030, Santa Ana, CA 92701−4593

If you have any questions, please contact the below−referenced Deputy Clerk:

**JON D. CERETTO, CLERK OF COURT**

Dated: <u>December 28, 2009</u>

**By: <u>Judy Nguyen</u>**
**Deputy Clerk**

ccdn − Revised 12/2009

1 /

Case 8:09-bk-24448-RK    Doc 1-2    Filed 12/28/09    Entered 12/28/09 18:38:40    Desc
Ord to comply-BR1007/3015    Page 1 of 1

| United States Bankruptcy Court<br>Central District Of California | |
|---|---|
| In re:<br>Billie Rene Powers | CHAPTER NO.:  13 |
| | CASE NO.: 8:09−bk−24448−TA |

## ORDER TO COMPLY WITH BANKRUPTCY RULE 1007 and 3015(b) AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schedule F**
**Schedule G**
**Schedule H**
**Schedule C**
**Schedule I**
**Statement − Form 22C**
**Schedule J**
**Stmt. of Fin. Affairs**
**Chapter 13 Plan**

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to Bankruptcy Rules 1007(c) and 3015(b), <u>within 14 days after you filed the petition</u>, **YOU MUST EITHER:**

(1)     File the above−referenced documents and the proper number of copies [Local Bankruptcy Rule 1002−1]:

                    Chapter 13     1 Original and 1 Copy

**OR**

(2)     File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

**BY ORDER OF THE COURT**
Dated: <u>December 28, 2009</u>

JON D. CERETTO, CLERK OF COURT

**By: <u>Judy Nguyen</u>**
    **Deputy Clerk**

deforco − Revised 12/2009

1 /

# EXHIBIT "X"

**PlnDue, DsclsDue, PRVDISM, PRVDISCH, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:10-bk-11637-RK

|  |  |
|---|---|
| *Date filed:* | 02/10/2010 |
| *Date terminated:* | 07/27/2010 |
| *Debtor dismissed:* | 06/16/2010 |
| *341 meeting:* | 03/16/2010 |
| *Deadline for objecting to discharge:* | 05/17/2010 |

*Assigned to:* Robert N. Kwan
Chapter 11
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor**<br>**Billie Rene Powers**<br>40701 Ortega Hwy<br>San Juan Capistrano, CA 92675<br>ORANGE-CA<br>SSN / ITIN: xxx-xx-6401 | represented by **Michael A Younge**<br>180 N Riverview Dr Ste 210<br>Anaheim Hills, CA 92808<br>714-242-4027<br>Fax : 714-282-1401<br>Email: youngelaw@aol.com |
| **Petitioning Creditor**<br>**Bayview Loan Servicing, LLC**<br>c/o Edward G. Schloss<br>3637 Motor Avenue, Suite 220<br>Los Angeles, CA 90034<br>(310) 733-4488 | represented by **Edward G Schloss**<br>Edward G. Schloss Law Corporation<br>3637 Motor Ave Ste 220<br>Los Angeles, CA 90034<br>310-733-4488<br>Email: egs2@ix.netcom.com |
| **U.S. Trustee**<br>**United States Trustee (SA)**<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4593<br>(714) 338-3400 | represented by **Michael J Hauser**<br>411 W Fourth St Suite 7160<br>Santa Ana, CA 92701-4593<br>714-338-3417<br>Fax : 714-338-3421<br>Email: michael.hauser@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 02/10/2010 | 1<br>(19 pgs; 3 docs) | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Billie Rene Powers Schedule B due 02/24/2010. Schedule C due 02/24/2010. Schedule E due 02/24/2010. Schedule F due 02/24/2010. Schedule G due 02/24/2010. Schedule H due 02/24/2010. Schedule I due 02/24/2010. Schedule J due 02/24/2010. Statement of Financial Affairs due 02/24/2010. List of Equity Security Holders due 02/24/2010. Statement - Form 22B Due: 02/24/2010. Disclosure of Compensation of Attorney for Debtor due 02/24/2010. Statistical Summary due 02/24/2010. Debtor Certification of Employment Income due by 02/24/2010. Incomplete Filings due by 02/24/2010. (Younge, Michael) CORRECTION: Deficient for Section 316 Incomplete Filings due 2/24/2010. Modified on 2/11/2010 (Festejo, Henjie). (Entered: 02/10/2010) |
| 02/10/2010 | | Receipt of Voluntary Petition (Chapter 11)(8:10-bk-11637) [misc,volp11] (1039.00) Filing Fee. Receipt number 12761956. Fee amount 1039.00. (U.S. Treasury) (Entered: 02/10/2010) |

| Date | Doc | Description |
|---|---|---|
| 02/10/2010 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 02/10/2010) |
| 02/10/2010 | 3 (3 pgs) | Certificate of Credit Counseling Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 02/10/2010) |
| 02/16/2010 | 4 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/16/2010 at 11:00 AM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. Last day to oppose discharge or dischargeability is 5/17/2010. (Beezer, Cynthia) (Entered: 02/16/2010) |
| 02/18/2010 | 5 (5 pgs) | BNC Certificate of Notice (RE: related document(s)4 Meeting of Creditors Chapter 11 & 12) No. of Notices: 10. Service Date 02/18/2010. (Admin.) (Entered: 02/18/2010) |
| 02/20/2010 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Billie Rene Powers) No. of Notices: 4. Service Date 02/20/2010. (Admin.) (Entered: 02/20/2010) |
| 02/20/2010 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Billie Rene Powers) No. of Notices: 4. Service Date 02/20/2010. (Admin.) (Entered: 02/20/2010) |
| 02/23/2010 | | Receipt of Certification Fee - $27.00 by 10. Receipt Number 80027195. (admin) (Entered: 02/24/2010) |
| 02/23/2010 | | Receipt of Photocopies Fee - $6.00 by 10. Receipt Number 80027195. (admin) (Entered: 02/24/2010) |
| 02/24/2010 | 8 (36 pgs) | Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Statement of Financial Affairs , Chapter 11 Statement of Current Monthly Income (Form 22B), List of creditors holding 20 largest unsecured claims , Disclosure of Compensation of Attorney for Debtor , Summary of Schedules , Debtor's Certification of Employment Income Filed by Debtor Billie Rene Powers. (Younge, Michael)CORRECTION: New creditors on the matrix will not be uploaded until fee paid ($26.00). Attorney to re-file the matrix list and pay the fee. Modified on 4/22/2010 (Nguyen, Vi). (Entered: 02/24/2010) |
| 02/24/2010 | 9 (1 pg) | Statistical Summary of Certain Liabilities Filed by Debtor Billie Rene Powers. (Younge, Michael) (Entered: 02/24/2010) |
| 02/24/2010 | 10 (2 pgs) | Request for special notice Filed by Creditor Specialized Loan Servicing, LLC. (Lozano, Joe) (Entered: 02/24/2010) |
| 03/16/2010 | 11 (2 pgs) | Notice *of Debtor's Failure to Appear at 341(a) meeting and Notice of Continuance* Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s)4 Meeting of Creditors 341). (Hauser, Michael) (Entered: 03/16/2010) |
| 03/19/2010 | 12 (2 pgs) | Notice *of Change in Date and Time of 341(a) meeting* Filed by U.S. Trustee United States Trustee (SA). (Hauser, Michael) (Entered: 03/19/2010) |

| | | |
|---|---|---|
| 03/22/2010 | <u>13</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 03/22/2010) |
| 04/30/2010 | <u>14</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Edward G Schloss on behalf of Bayview Loan Servicing, LLC. (Schloss, Edward) (Entered: 04/30/2010) |
| 05/03/2010 | <u>15</u><br>(87 pgs; 3 docs) | Motion to Dismiss Case *Pursuant to 11 U.S.C. Section 1112(b); and Request for Judgment for Unpaid Quarterly Fees* Filed by U.S. Trustee United States Trustee (SA) (Attachments: <u>1</u> Exhibit A, B and C in part<u>2</u> Exhibit C cont., D, E and F) (Hauser, Michael) (Entered: 05/03/2010) |
| 05/11/2010 | | Hearing Set (RE: related document(s)<u>15</u> Motion to Dismiss Case filed by U.S. Trustee United States Trustee (SA)) The Hearing date is set for 6/2/2010 at 10:30 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Robert N. Kwan (Kent, Susan) (Entered: 05/11/2010) |
| 05/12/2010 | <u>16</u><br>(1 pg) | Notice to creditors (BNC-PDF) [U.S. Tr's Motion to Dismiss] (Kent, Susan) (Entered: 05/12/2010) |
| 05/14/2010 | <u>17</u><br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>16</u> Notice to creditors (BNC-PDF)) No. of Notices: 17. Service Date 05/14/2010. (Admin.) (Entered: 05/14/2010) |
| 06/02/2010 | | Hearing Held - Moton Granted per Tentative Ruling - Case Dismissed: Judgment for unpaid U. S. Trustee of $650. to be incorporated (cr: stei) (RE: related document(s)<u>15</u> Motion to Dismiss Case filed by U.S. Trustee United States Trustee (SA)) (Kent, Susan) (Entered: 06/07/2010) |
| 06/16/2010 | <u>18</u><br>(3 pgs) | Order Dismissing Case and Granting a Judgment for U. S. Trustee in the amount of $650.00 for U. S. Trustee quarterly fees due and owing - **Debtor** Dismissed. Signed on 6/16/2010. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Kent, Susan) (Entered: 06/16/2010) |
| 06/16/2010 | <u>19</u><br>(1 pg) | Notice of dismissal (BNC) (Kent, Susan) (Entered: 06/16/2010) |
| 06/18/2010 | <u>20</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>19</u> Notice of dismissal (BNC)) No. of Notices: 16. Service Date 06/18/2010. (Admin.) (Entered: 06/18/2010) |
| 07/27/2010 | <u>21</u><br>(1 pg) | Bankruptcy Case Closed - DISMISSED (Allen, Gloria) (Entered: 07/27/2010) |
| 07/06/2012 | <u>22</u><br>(3 pgs) | Notice of Change of Address . (Younge, Michael) (Entered: 07/06/2012) |

| PACER Service Center |
|---|

**Transaction Receipt**

| 08/24/2017 09:17:11 | | | |
|---|---|---|---|
| **PACER Login:** | elena.beckmann:4983634:4231717 | **Client Code:** | 830902-193/5908 |
| **Description:** | Docket Report | **Search Criteria:** | 8:10-bk-11637-RK Fil or Ent: filed From: 5/26/2000 To: 8/24/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |