| | |
|---|---|
| 1 | Steven M. Dailey #163857 |
| 2 | Rebecca L. Wilson #257613 |
|   | KUTAK ROCK LLP |
| 3 | Suite 1500 |
|   | 5 Park Plaza |
| 4 | Irvine, CA  92614-8595 |
|   | Telephone: (949) 417-0999 |
| 5 | Facsimile:  (949) 417-5394 |
|   | Email:      steven.dailey@kutakrock.com |
| 6 | Email:      Rebecca.wilson@kutakrock.com |

Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 [erroneously sued as "THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9" and "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES 2007-HY9"]: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| BILLIE RENE FRANCES LILIAN POWERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; COMMONWEALTH LAND TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS"; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A. ; BAC HOME LOANS SERVICING, LP; QUALITY LOAN SERVICING | Case No.  8:17-CV-01386-DOC-KES<br><br>Assigned to<br>District Judge:  Hon. David O. Carter<br>Courtroom: 9D<br><br>Assigned Discovery<br>Magistrate Judge:  Hon. Karen E. Scott<br><br>**OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Filed and served concurrently with:<br>(1) Request for Judicial Notice<br>(2) Lodged Proposed Order |

4836-6221-1667.1                                    - 1 -                         17-cv-01386-DOC-KES

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER

| | | |
|---|---|---|
| CORPORATION; SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES 2007-HY9; JON SECRIST; AND DOES 1 TO 10 | Date: | November 2, 2017 |
| | Time: | 8:30 a.m. |
| | Ctrm.: | 9D |
| | Date Filed: | August 11, 2017 |

Defendants.

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"] hereby submit their Opposition to Plaintiff's Application for Temporary Restraining Order.

**1.    INTRODUCTION/STATEMENT OF FACTS.**

Plaintiff BILLIE RENE FRANCES LILIAN POWERS ["Plaintiff"] seeks an Order, among other things, to "enjoin the above-named defendants and their agents from moving to evict or evicting Plaintiff…." from the Property at 40701 Ortega Highway, San Juan Capistrano, California 92530 ["Property"]. [Application, Page 2, Lines 7-8; Page 3, Lines 8-9.] Plaintiff admits the Property sold at a foreclosure sale on August 8, 2016. [Application, Page 7, Lines 5-6.] The Trustee's Deed Upon Sale was recorded on August 16, 2016, indicating the Property sold on

4836-6221-1667.1                                     - 2 -                              17-cv-01386-DOC-KES

OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1  August 8, 2016 to The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates, Series 2007-HY9 for $1,784,069.98. [See copy of Trustee's Deed Upon Sale attached as Exhibit "A" to Request for Judicial Notice.]

The Application for Temporary Restraining Order and for Order to Show Cause re Preliminary Injunction ["Application"] should be denied because the Court lacks authority to interfere with any state court judicial process, such as an unlawful detainer proceeding and Plaintiff has not met her burden of demonstrating irreparable harm. In the alternative, if the Court is inclined to grant a Temporary Restraining Order, Loan Defendants request a briefing schedule that provides Loan Defendants a fair opportunity to marshal and present evidence demonstrating that Plaintiff is not likely to succeed on the merits, and an order requiring Plaintiff to post bond as set forth below.

## 2. **THIS COURT LACKS THE AUTHORITY TO INTERFERE WITH ANY STATE JUDICIAL PROCESS.**

Under the Anti-Injunction Act, a federal court may not enjoin proceedings in state court "except where expressly authorized by an Act of Congress, or where necessary in and of its jurisdiction or to protect its judgments." [28 U.S.C. 2283.] "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts with relief, if any, through the state appellate courts and ultimately this Court." [*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers* (1970) 398 U.S. 281, 287.] "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." [*Id.* at 297.] Accordingly, this Court may not enter any injunction which would interfere with the entry or execution of Writ of Possession entered in state court.

4836-6221-1667.1 - 3 - 17-cv-01386-DOC-KES
OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1  The *Rooker-Feldman* doctrine is derived from 28 U.S.C. Section 1257 which provides federal review of state court judgments can be obtained only in the United States Supreme Court. Where a plaintiff requests a federal court review a determination already made in state court, the federal court lacks jurisdiction. [*See Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858-59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments."); *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").]

The *Rooker-Feldman* doctrine is derived from 28 U.S.C. Section 1257 which provides federal review of state court judgments can be obtained only in the United States Supreme Court. Where a plaintiff requests a federal court review of a determination already made in state court, the federal court lacks jurisdiction. [*See Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858-59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments."); *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").] Accordingly, this Court lacks the authority to interfere with the procession of any eviction proceeding in state court.

### 3. PLAINTIFF FAILS TO DEMONSTRATE IRREPARABLE HARM.

To obtain a preliminary injunction, a plaintiff must establish, (A) "that he is likely to succeed on the merits", (B) "that he is likely to suffer irreparable harm in the absence of preliminary relief", (C) "that the balance of equities tips in his favor"; and (D) "that an injunction is in the public interest." [*Winter*, *supra*, 555 U.S. at 20.] A plaintiff "must demonstrate that it meets all four of the elements of

4836-6221-1667.1 - 4 - 17-cv-01386-DOC-KES
OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1  the preliminary injunction test established by *Winter*." [*DISH Network Corp. v. Federal Communications Comm'n* (9th Cir. 2011) 653 F.3d 771, 776.] The party seeking a preliminary injunction carries the burden of proof of demonstrating that he or she is likely to succeed on the merits. [*Gonzalez v. O'Centro Esprita Beneficiente Uniao* (2006) 546 U.S. 418, 429.]

Plaintiff does not meet her burden of showing irreparable harm. An unexplained delay in seeking a preliminary injunction undercuts any claims of "irreparable injury." [*Apple, Inc. v. Samsung Electronics Co., Ltd.* 6678 F.3d 1314, 1325-6(Fed. Cir. 2012); *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.* 762 F.2d 1374, 1377 (9th Cir. 1985) (TRO may be denied on grounds of laches if applicant could have sought relief by earlier motion for preliminary injunction.)] In *Tough Traveler, Ltd. v. Outbound Products* 60 F.3d 964, 969 (2nd Cir. 1995), a manufacturer delayed nine months after allegedly infringing product before suing for unfair competition and an additional four months before seeking a preliminary injunction. The Court held that the manufacturer's delay negated the presumption of irreparable injury arising from the high probability of confusion between the products. In this case, Plaintiff waited a year and three months after the trustee's sale before seeking injunctive relief. [Request for Judicial Notice, Ex. "A".]

## 4. ALTERNATIVELY, LOAN DEFENDANTS REQUEST THE COURT SET A BRIEFING SCHEDULE AND REQUIRE PLAINTIFF TO POST BOND

If the Court is inclined to grant the Application, Loan Defendants respectfully request the Court set a briefing schedule that will allow Loan Defendants the opportunity to marshal and present additional evidence in opposition to Plaintiff's Application for Preliminary Injunction, i.e. that any hearing on Preliminary Injunction be scheduled for any date after January 1, 2018.

In addition, Loan Defendants request that any order for temporary restraining order be conditioned on Plaintiff's posting of a bond. No party may be granted a temporary restraining order or preliminary injunction without first posting security "in such sum as the court deems proper for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined." [*Fed. Rules Civ. Proc.*, Rule 65(c).] A court's decision not to require a bond upon issuing injunctive relief is reversible error. [*Hoeschst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 421 (4th Cir. 1999).] The purpose of requiring a bond is to provide our wrongfully-enjoined party a source from which it may readily collect damages without further litigation and without regard to the moving party's solvency. [*Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.,* 16 F.3d 1032, 1037 (9th Cir. 1994).]

The amount paid at the Trustee's Sale for the Property was $1,784,069.68. [RJN, Ex. "A".] The applicable interest rate set by the Legislature is 10% per year. [*Code Civ. Proc.*, § 685.010, subd. (a).] In the event that the Court is, for any reason inclined to grant a preliminary injunction, Loan Defendants respectfully request that Plaintiff be required to post bond in the amount of $178,469.00 within ten days and make rental payments in the amount of $5,000.00 per month to Loan Defendants beginning December 1, 2017 and due each month thereafter on the first day of the month while litigation is pending.

**5. CONCLUSION.**

For the foregoing reasons, Loan Defendants respectfully request the Court *deny* Plaintiff's Request for Preliminary Injunction. Alternatively, Loan Defendants request that this Court condition any injunction on Plaintiff's posting of a bond in the amount of $178,469.00 and order her to make regular rental payments in the amount of $5,000 per month starting December 1, 2017 and every month

4836-6221-1667.1 - 6 - 17-cv-01386-DOC-KES
OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1   thereafter on the first day of each month until litigation is concluded.

2

3   Dated: November 1, 2017       KUTAK ROCK LLP

4

5                                            By: /s/ *Steven M. Dailey*
                                               Steven M. Dailey

6                                                Rebecca L. Wilson
                                               Attorneys for Defendants

7                                                SELECT PORTFOLIO SERVICING,
                                               INC., THE BANK OF NEW YORK

8                                                MELLON, F/K/A THE BANK OF
                                               NEW YORK, AS TRUSTEE, ON

9                                                BEHALF OF THE HOLDERS OF
                                             THE ALTERNATIVE LOAN TRUST

10                                            2007-HY9, MORTGAGE PASS-
                                           THROUGH CERTIFICATES SERIES

11                                            2007-HY9 and MORTGAGE
                                           ELECTRONIC REGISTRATION

12                                            SYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4836-6221-1667.1                                - 7 -                    17-cv-01386-DOC-KES
OPPOSITION TO PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

## PROOF OF SERVICE

*POWERS v. COUNTRYWIDE HOME LOANS, INC., et al.*
United States District Court of California – Southern District
Case No. 8:17-CV-01386-DOC-KES

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Suite 1500, 5 Park Plaza, Irvine, California 92614. On **November 1, 2017**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; [PROPOSED] ORDER**

| | |
|---|---|
| [X] | **(BY NOTICE OF ELECTRONIC FILING)** Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D). |
| [X] | **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

*Service List*

| | |
|---|---|
| **Billie Rene Frances Lillian Powers**<br>PO Box 1501<br>Newport Beach, CA 92659 | In Pro Per |
| **Richard Schneider** | Courtesy copy via email<br><br>RWSATTY@Yahoo.com |

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made. Executed on **November 1, 2017**, at Irvine, California.

*/s/ Michelle West*
Michelle West

4835-7876-4625.1
830902-193

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

PROOF OF SERVICE