Case 8:17-cv-01386-DOC-KES Document 30 Filed 11/20/17 Page 1 of 16 Page ID #:924
8:17-CV-1397-DOC - 11/2/2017 - Item No. 3

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

| | |
|---|---|
| BILLIE RENE FRANCES LILLIAN POWERS, ) ) ) Plaintiff, ) ) vs. ) THE BANK OF NEW YORK MELLON, et al, ) ) Defendants. ) _____) | **CERTIFIED** No. 8:17-CV-1397-DOC Item No. 3 |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Hearing on Application for TRO

Santa Ana, California

Thursday, November 2, 2017

Debbie Gale, CSR 9472, RPR, CCRR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR PLAINTIFF BILLIE RENE FRANCES LILLIAN POWERS:

 4       Richard William Snyder
         LAW OFFICE OF RICHARD W. SNYDER
 5       131 North Tustin Avenue
         Suite 200
 6       Tustin, California 92780
         714-505-7585
 7       rwsatty@yahoo.com

 8

 9   FOR DEFENDANT THE BANK OF NEW YORK MELLON, ET AL.:

10       Steven M. Dailey
         KUTAK ROCK LLP
11       5 Park Plaza
         Suite 1500
12       Irvine, California 92614
         949-417-0999
13       steven.dailey@kutakrock.com

14

15

16   ALSO PRESENT:

17      Billie Rene Frances Lillian Powers, plaintiff

18

19

20

21

22

23

24

25
```

|   |                          |      |
|---|--------------------------|------|
| 1 | **I N D E X**            |      |
| 2 | **PROCEEDINGS**          | **PAGE** |
| 3 | Appearances              | 4    |
| 4 | Argument by Mr. Dailey   | 5    |
| 5 | Inquiry by the Court     | 6    |
| 6 | Ruling of the Court      | 14   |

|       |    |                                                                  |
|-------|----|------------------------------------------------------------------|
|       | 1  | **SANTA ANA, CALIFORNIA, THURSDAY, NOVEMBER 2, 2017**             |
|       | 2  | **Item No. 3**                                                    |
|       | 3  | (9:01 a.m.)                                                       |
|       | 4  | THE COURT:  Billie Powers v. The Bank of New York                 |
|       | 5  | Mellon.                                                           |
| 09:01 | 6  | **APPEARANCES**                                                   |
| 09:01 | 7  | MR. SNYDER:  Good morning, Your Honor.  Richard                   |
|       | 8  | Snyder on behalf of the plaintiff.                                |
| 09:01 | 9  | PLAINTIFF POWERS:  Good morning, Your Honor.                      |
|       | 10 | Billie Rene Frances Lillian Powers.  Thank you for your           |
|       | 11 | time.                                                             |
| 09:01 | 12 | THE COURT:  You're the plaintiff.                                 |
| 09:01 | 13 | PLAINTIFF POWERS:  Yes, Your Honor.                               |
| 09:01 | 14 | THE COURT:  Okay.  Thank you.                                     |
| 09:01 | 15 | And the Bank?                                                     |
| 09:01 | 16 | MR. DAILEY:  Good morning, Your Honor.  Steve                     |
|       | 17 | Dailey of Kutak Rock, here on behalf of Defendant Select          |
|       | 18 | Portfolio --                                                      |
| 09:02 | 19 | THE COURT:  All right.  Thank you.                                |
| 09:02 | 20 | How would you like to proceed today, Counsel?                     |
|       | 21 | Would you like to call a witness?  Present any additional         |
|       | 22 | evidence?  I've read the documentation.  I'm at your              |
|       | 23 | disposal.                                                         |
| 09:02 | 24 | MR. SNYDER:  Well, Your Honor, um, the -- I think                 |
|       | 25 | everything's pretty well detailed in the -- in the moving         |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | papers.                                                      |
| 09:02 | 2  | THE COURT: All right.                                        |
| 09:02 | 3  | MR. SNYDER: You know, the --                                 |
| 09:02 | 4  | THE COURT: Well, I'm asking you now: How would               |
|       | 5  | you like to proceed? I've read the documents, but I'm        |
|       | 6  | not -- there's no chilling effect if you'd like to present   |
|       | 7  | evidence today on either party's part.                       |
| 09:02 | 8  | If you would like to -- you'd like to submit on              |
|       | 9  | the papers, I just need to know that.                        |
| 09:02 | 10 | MR. SNYDER: Um, I think we'd like to submit on               |
|       | 11 | the papers, Your Honor.                                      |
| 09:02 | 12 | THE COURT: Okay.                                             |
| 09:02 | 13 | Counsel, how would you like to proceed today?                |
| 09:02 | 14 | MR. DAILEY: I'd like to be heard, Your Honor.                |
| 09:02 | 15 | THE COURT: Okay. Please.                                     |
| 09:02 | 16 | Now, Counsel, we're gonna move quickly now. I                |
|       | 17 | wanna hear your argument.                                    |
| 09:02 | 18 | **ARGUMENT BY MR. DAILEY**                                   |
| 09:02 | 19 | MR. DAILEY: So, Your Honor, the first thing I                |
|       | 20 | wanna say is there's no basis for exigent relief. There's    |
|       | 21 | no emergency. We only received a day's notice or couple      |
|       | 22 | day's notice of this, and we really didn't have time to put  |
|       | 23 | together a comprehensive opposition.                         |
| 09:03 | 24 | THE COURT: Well, the most concerning thing are               |
|       | 25 | the allegations of fraud, of course. That strikes to the     |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       |  1 | heart of the process, and I don't know if those are true or          |
|       |  2 | not.                                                                 |
| 09:03 |  3 | But what ramifications do we have?  They're here                     |
|       |  4 | on a TRO to stop, I believe, a sale?                                 |
| 09:03 |  5 | MR. DAILEY:  Well, that's the thing.  I couldn't                     |
|       |  6 | tell.  I looked at their paperwork and they asked for --             |
| 09:03 |  7 | THE COURT:  Well, why don't you ask them.                            |
| 09:03 |  8 | MR. DAILEY:  The sale's already occurred.                            |
| 09:03 |  9 | THE COURT:  Okay.                                                    |
| 09:03 | 10 | MR. DAILEY:  So their TRO asked for, um -- a TRO                     |
|       | 11 | to prevent eviction, prevent sale of the property, but they          |
|       | 12 | don't --                                                             |
| 09:03 | 13 | THE COURT:  Just a moment.                                           |
| 09:03 | 14 | **INQUIRY BY THE COURT**                                             |
| 09:03 | 15 | THE COURT:  Is your client still in the house,                       |
|       | 16 | Counsel?                                                             |
| 09:03 | 17 | MR. SNYDER:  No, she's not in the house,                             |
|       | 18 | Your Honor.                                                          |
| 09:03 | 19 | THE COURT:  So counsel raises a good point.  You                     |
|       | 20 | may have merit concerning the damages that you may have              |
|       | 21 | accruing -- I don't know yet -- especially if there's fraud          |
|       | 22 | here.  But if she's not in the house and the sale's                  |
|       | 23 | occurred, I have a hard time understanding why you're here           |
|       | 24 | on a temporary restraining order.                                    |
| 09:04 | 25 | I can understand the merits of this eventually, if                   |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | we get to the merits.  I have a hard time understanding a            |
|       | 2  | TRO.                                                                 |
| 09:04 | 3  |       MR. SNYDER:  Well, the reason why she's not in the |
|       | 4  | house, Your Honor -- there was a, um -- there was a -- what          |
|       | 5  | we considered an unlawful foreclosure sale.                          |
| 09:04 | 6  |       THE COURT:  No.  I understand that.                |
| 09:04 | 7  |       Has the house been sold, though?                   |
| 09:04 | 8  |       MR. SNYDER:  It was sold -- it was taken back by   |
|       | 9  | the foreclosing party.                                               |
| 09:04 | 10 |       THE COURT:  Okay.                                  |
| 09:04 | 11 |       MR. SNYDER:  So it has been sold --                |
| 09:04 | 12 |     *(Court reporter requests clarification for the*               |
|       | 13 |   *record.)*                                                |
| 09:04 | 14 |       MR. SNYDER:  Has not been sold to a third party.   |
| 09:04 | 15 |       We're concerned that the plaintiff -- excuse me -- |
|       | 16 | the defendant is going to run out and sell it to a third             |
|       | 17 | party to try and interject a bona fide purchaser.                    |
| 09:04 | 18 |       My client has been in this property for -- since   |
|       | 19 | 2007.  That was her home.  Her belongings are there.  She            |
|       | 20 | was forced out of the property and has been -- is required           |
|       | 21 | to live, um, on the generosity of friends, um, putting her           |
|       | 22 | up, and her -- and her minor child, a 13-year-old girl.              |
| 09:05 | 23 |       It -- the exigent circumstances is that -- that    |
|       | 24 | she doesn't have a house.  And this house is sitting empty           |
|       | 25 | and, um, so the -- um, the harm -- the relative harm weighs          |

```
         1   dramatically in my client's favor.
09:05    2                The bank has the house --
09:05    3                THE COURT:  I don't know what you're asking for.
         4   So let me just ask you a couple questions.  Okay?
09:05    5                On October 10th, defendants filed a Motion to
         6   Dismiss and a Motion to Strike, which are Dockets 14 and 15.
09:05    7                And on October 30th, plaintiff, you filed
         8   opposition in which you concede that many of the claims in
         9   the First Amended Complaint failed to meet the pleading
        10   standard for stating a claim.  And I think we both agree
        11   about that.
09:05   12                Thus, my first question would be, on what
        13   remaining theory of relief are you seeking this TRO?  And
        14   we're going around that issue, apparently.
09:06   15                Second, you're claiming that because the
        16   fraudulent conveyances occurred, neither plaintiff nor the
        17   lender has any interest in the property.
09:06   18                Well, if that's the case, how do you have standing
        19   to bring claims that require your client to be the owner of
        20   the property?  And have you produced a true Grant Deed --
        21   which I've never received -- or delivered in any of your
        22   papers?
09:06   23                For the defendants, I have a very practical
        24   concern; and that is, since plaintiff filed the First
        25   Amended Complaint, *pro se,* before she retained counsel, it
```

|   |   |
|---|---|
|  | 1   put her in a difficult position.  And even if plaintiff's |
|  | 2   counsel has conceded that the First Amended Complaint is |
|  | 3   very poorly pled, it is missing required facts.  It is, by |
|  | 4   and large, not pled with the particularity that's required. |
|  | 5   So it's difficult to determine exactly the merits or |
|  | 6   demerits of the causes of action.  And at times remedies are |
|  | 7   pled as causes of action. |
| 09:07 | 8             So one thing that you might consider, just to save |
|  | 9   your client a lot of time, is potentially stipulating to |
|  | 10  allow plaintiff's counsel to file a Second Amended |
|  | 11  Complaint, mooting the instant Motion to Dismiss, in order |
|  | 12  to save your resources -- on both parties -- and the Court's |
|  | 13  resources. |
| 09:07 | 14            Otherwise, what I would have to do is I'd have to |
|  | 15  wade through the First Amended Complaint and attempt to |
|  | 16  parse plaintiff's claims in order to rule on defendant's |
|  | 17  motion.  Yet, at the end of this rather time-consuming |
|  | 18  process, and a costly process for both of you, if I decided |
|  | 19  that dismissal was warranted, I would almost certainly give |
|  | 20  plaintiff's counsel and plaintiff leave to amend anyway.  In |
|  | 21  other words, you're coming right back here. |
| 09:07 | 22            So, thus stipulating to a Second Amended Complaint |
|  | 23  would save everyone time.  I mean, it would save a lot of |
|  | 24  resources.  So I'm kind of somewhat encouraging that to |
|  | 25  speed this along.  Right now this TRO does not seem |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | appropriate.  This seems to be compensable, quite frankly.           |
|       | 2  | This seems to be something that could be recovered,                  |
|       | 3  | especially in terms of fraud.  And this would give you a             |
|       | 4  | time to look into this affidavit signed by this person.              |
| 09:08 | 5  | So why don't you two talk for just a moment.                         |
|       | 6  | Sometimes wisdom prevails and sometimes it doesn't.  And if          |
|       | 7  | it doesn't, I'll resolve this matter quickly.  That means,           |
|       | 8  | Counsel, get up out of your seat.                                    |
| 09:08 | 9  | Counsel, talk to your other counsel.  That's an                      |
|       | 10 | order.  That's not a request now.                                    |
| 09:08 | 11 | MR. SNYDER:  Yes, Your Honor.                                        |
| 09:08 | 12 | MR. DAILEY:  Would you like us to go in the hall                     |
|       | 13 | now, Your Honor?                                                     |
| 09:08 | 14 | THE COURT:  Yeah.  Go talk quickly now.                              |
| 09:08 | 15 | Trying to save your client some money, frankly --                    |
|       | 16 | both of you.                                                         |
| 09:08 | 17 | PLAINTIFF POWERS:  Thank you so much.                                |
| 09:08 | 18 | *(Pause in the proceedings at 9:08 a.m.)*                            |
| 09:10 | 19 | *(Proceedings resumed at 9:10 a.m.)*                                 |
| 09:10 | 20 | THE COURT:  Counsel, your thoughts and wisdom?                       |
| 09:10 | 21 | MR. DAILEY:  Your Honor, we're amenable to                           |
|       | 22 | stipulating to a Second Amended Complaint.                           |
| 09:10 | 23 | THE COURT:  I think that would be wise.  It'll                       |
|       | 24 | save a lot of time and effort and expense on both of your            |
|       | 25 | parts.  Let's -- I'm going to note that a stipulation is             |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | entered as to a Second Amended Complaint.  And we're going           |
|       | 2  | to get rid of this Motion to Dismiss at the time.                    |
| 09:10 | 3  | It's very poorly written, frankly.  I'm glad                         |
|       | 4  | you've got a lawyer.  This would've been kicked out --               |
| 09:10 | 5  | PLAINTIFF POWERS:  Yes, I'm --                                       |
| 09:10 | 6  | THE COURT:  I'm not speaking to you now.  I'm                        |
|       | 7  | speaking to counsel, and you're listening.                           |
| 09:11 | 8  | What disturbs me the most is, if these allegations                   |
|       | 9  | of fraud are not appropriate, be careful with this Court.            |
|       | 10 | But if they are, you've just met a sledgehammer.                     |
| 09:11 | 11 | MR. DAILEY:  Your Honor --                                           |
| 09:11 | 12 | THE COURT:  No, no.  I'm speaking.  You're                           |
|       | 13 | listening now.  You're listening to me.  You've met a                |
|       | 14 | sledgehammer.  I will come down on these parties like you            |
|       | 15 | haven't seen, including recommending a criminal indictment.          |
| 09:11 | 16 | That will give you two time to talk this through.                    |
|       | 17 | It'll give you time to look at this see if this has any              |
|       | 18 | substance.  If it's meritless, maybe you can work out a              |
|       | 19 | resolution quickly and avoid me.  If it does have merit,             |
|       | 20 | then I'm encouraging you to proceed forward.  Okay?                  |
| 09:11 | 21 | So I look forward to your Second Amended                             |
|       | 22 | Complaint.  When would that be filed, counsel?                       |
| 09:11 | 23 | MR. SNYDER:  May I?                                                  |
| 09:11 | 24 | THE COURT:  Give time -- give yourself enough time                   |
|       | 25 | also to just discuss the matter of whether this alleged              |

|       |    |                                                                              |
|-------|----|------------------------------------------------------------------------------|
|       | 1  | fraud is meritorious.  In other words, it doesn't have to be                 |
|       | 2  | filed within two weeks.  I want to give you time to sort                     |
|       | 3  | this out before I do.  Okay?                                                 |
| 09:12 | 4  | So give me a time on your schedule.  That means                              |
|       | 5  | talk to your opposing counsel.  He's right over there.                       |
| 09:12 | 6  | MR. DAILEY:  Yeah.  Whenever you can file it, it's                           |
|       | 7  | fine with me.                                                                |
| 09:12 | 8  | MR. SNYDER:  Four weeks?                                                     |
| 09:12 | 9  | MR. DAILEY:  Four weeks is fine.                                             |
| 09:12 | 10 | THE COURT:  Well, you need time also, don't you,                             |
|       | 11 | to look at these documents?  In other words, before he files                 |
|       | 12 | this, this may get easily resolved between the two of you                    |
|       | 13 | very quickly.                                                                |
| 09:12 | 14 | But let me repeat:  If these are fraudulent                                  |
|       | 15 | documents, watch out.  Because this will go far beyond a                     |
|       | 16 | civil matter.  I'll refer it over to the U.S. Attorney's                     |
|       | 17 | Office.  Okay?                                                               |
| 09:12 | 18 | Just give me a date.  Quit looking at me and give                            |
|       | 19 | me a date now, something convenient for you.  Normally,                      |
|       | 20 | courts tell you a date.  I'm being courteous and asking you                  |
|       | 21 | two to agree on a date.  That requires you to talk to him.                   |
|       | 22 | Thank you.                                                                   |
| 09:12 | 23 | MR. SNYDER:  Four weeks, Your Honor.                                         |
| 09:12 | 24 | THE COURT:  Four weeks.  Okay.                                               |
| 09:12 | 25 | Then let's take the date of --                                               |

| | | |
|---|---|---|
| 09:12 | 1 | *(To the clerk:)* Deb, four weeks? |
| 09:12 | 2 | THE CLERK:  November 30th. |
| 09:12 | 3 | THE COURT:  November 30th, Counsel. |
| 09:12 | 4 | Well, that catches you right after the holiday. |
| | 5 | Give 'em another week. |
| 09:13 | 6 | THE CLERK:  December 7th. |
| 09:13 | 7 | THE COURT:  December 7th.  That way you've got |
| | 8 | more time.  It gives you more time to talk to each other and |
| | 9 | see if there's any merit concerning these fraud allegations |
| | 10 | or not, independently.  If there's not, then you should |
| | 11 | proceed, of course.  If there is, maybe you can resolve it |
| | 12 | quickly between the two of you and avoid me. |
| 09:13 | 13 | MR. DAILEY:  Your Honor, actually, could we do it |
| | 14 | December 14th? |
| 09:13 | 15 | THE COURT:  Absolutely.  December 14th. |
| 09:13 | 16 | MR. DAILEY:  We have -- we're gone. |
| 09:13 | 17 | THE COURT:  That's okay.  If you've got a vacation |
| | 18 | or another matter, there's no rush. |
| 09:13 | 19 | I just want some settlement discussions quietly |
| | 20 | between the two of you to see if you can reach a resolution. |
| | 21 | If you can't, that's fine. |
| 09:13 | 22 | But when these kinds of allegations are made, this |
| | 23 | isn't something that's just going to pass through the civil |
| | 24 | side.  Trust me. |
| 09:13 | 25 | Okay.  Thank you very much. |

```
09:13   1               MR. DAILEY:  Appreciate your time, Your Honor.
09:13   2               THE COURT:  My pleasure.
09:13   3               Sorry I'm so abrupt today, but I'm not gonna waste
        4    time with it.  We've got other matters now.
09:13   5               MR. DAILEY:  And just to be clear, the TRO is
        6    denied?
09:13   7               THE COURT:  Well, the TRO is withdrawn at this
        8    point, Counsel.  He's going to file.
09:14   9               Is that correct?
09:14   10              MR. SNYDER:  I'm going to file a Second Amended
        11   Complaint.
09:14   12              THE COURT:  Yeah.  You're going to withdraw the
        13   TRO on today's date; is that correct?
09:14   14              MR. SNYDER:  I would like to have my client
        15   restored the possession of the property.
09:14   16                        RULING OF THE COURT
09:14   17              THE COURT:  I'm gonna deny that at the present
        18   time.  This is compensable.
09:14   19              MR. SNYDER:  Yes, Your Honor.
09:14   20              THE COURT:  The property isn't in her possession
        21   right now.  There's no further harm.  I'm going to deny your
        22   TRO.  Now, you can bring that back to me.  Okay?  The door's
        23   not closed.  But at this time, I don't see anything here
        24   that isn't compensable by money.
09:14   25              Thank you very much, Counsel.
```

**Certified for the U.S. District Court**
**Debbie Gale, CSR 9472, RPR, CCRR**
**Federal Official Court Reporter**

```
09:14   1           MR. DAILEY:  Thank you for your time, Your Honor.
09:14   2           THE COURT:  Thank you.
09:14   3           (Proceedings adjourned at 9:14 a.m.)
09:14   4                            -oOo-
09:14   5
        6
        7
        8
        9
       10
       11
       12
       13
       14
       15
       16
       17
       18
       19
       20
       21
       22
       23
       24
       25
```

```
09:14   1                          -oOo-
09:14   2
09:14   3                        CERTIFICATE
09:14   4
09:14   5         I hereby certify that pursuant to Section 753,
        6    Title 28, United States Code, the foregoing is a true and
        7    correct transcript of the stenographically reported
        8    proceedings held in the above-entitled matter and that the
        9    transcript page format is in conformance with the
       10    regulations of the Judicial Conference of the United States.
09:14  11
09:14  12    Date:  November 18, 2017
09:14  13
09:14   14
09:14                              /s/ Debbie Gale
09:14  15                        _____
09:14                            DEBBIE GALE, U.S. COURT REPORTER
09:14  16                        CSR NO. 9472, RPR, CCRR
09:14  17
       18
       19
       20
       21
       22
       23
       24
       25
```

**Certified for the U.S. District Court**
**Debbie Gale, CSR 9472, RPR, CCRR**
**Federal Official Court Reporter**