1   Steven M. Dailey #163857
    Rebecca L. Wilson #257613
2   KUTAK ROCK LLP
    5 Park Plaza, Suite 1500
3   Irvine, CA  92614-8595
    Telephone:  (949) 417-0999
4   Facsimile:  (949) 417-5394
    Email:      steven.dailey@kutakrock.com
5   Email:      Rebecca.wilson@kutakrock.com

6   Attorneys for Defendants SELECT PORTFOLIO SERVICING,
    INC.; THE BANK OF NEW YORK MELLON, F/K/A THE
7   BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF
    THE HOLDERS OF THE ALTERNATIVE LOAN TRUST
8   2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES
    SERIES 2007-HY9 [erroneously sued as "THE BANK OF
9   NEW YORK MELLON F/K/A THE BANK OF NEW YORK,
    AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE
10  ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE
    PASS-THROUGH CERTIFICATES SERIES 2007-HY9" and
11  "THE BANK OF NEW YORK MELLON FKA THE BANK
    OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE
12  HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9
    MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES
13  2007-HY9"]: MORTGAGE ELECTRONIC REGISTRATION
    SYSTEMS, INC.
14
                    UNITED STATES DISTRICT COURT
15
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
                  SOUTHERN DIVISION – SANTA ANA
17

18  BILLIE RENE FRANCES LILIAN          Case No.  8:17-CV-01386-DOC-
    POWERS,                             KES
19
              Plaintiff,               Assigned to
20                                     District Judge:  Hon. David O. Carter
         v.                            Courtroom: 9D
21
    COUNTRYWIDE HOME LOANS,            Assigned Discovery
22  INC.; COUNTRYWIDE BANK, FSB;       Magistrate Judge:  Hon. Karen E.
    COMMONWEALTH LAND TITLE            Scott
23  INSURANCE COMPANY;
    MORTGAGE ELECTRONIC                NOTICE OF MOTION AND
24  REGISTRATION SYSTEMS, INC.         MOTION TO DISMISS
    "MERS"; BANK OF AMERICA,           PLAINTIFF'S SECOND
25  N.A.; RECONTRUST COMPANY,          AMENDED
    N.A.; BAC HOME LOANS               COMPLAINT;
26  SERVICING, LP; QUALITY LOAN        MEMORANDUM OF POINTS
    SERVICING CORPORATION;             AND AUTHORITIES IN
27  SELECT PORTFOLIO SERVICING,        SUPPORT THEREOF;
    INC.; THE BANK OF NEW YORK         DECLARATION OF STEVEN M.
28  MELLON F/K/A THE BANK OF           DAILEY

| | |
|---|---|
| NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-HY9; JON SECRIST; AND DOES 1 TO 10 | [Federal Rule of Civil Procedure, Rules 12(b)(6), 12(b)(7)] <br><br> Filed and served concurrently with: <br><br> 1. Motion to Strike <br> 2. Request for Judicial Notice <br><br> Date:     February 5, 2018 <br> Time:    8:30 a.m. <br> Ctrm.:   9D <br><br> Date Filed:        August 11, 2017 |
| Defendants. | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2018 at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D, of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"] will and hereby do move this Court to dismiss the Second Amended Complaint against them in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire Second Amended Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against SPS, and Rule 12(b)(7) for failure to name a necessary party. Specifically:

1.     Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to name necessary parties.

1      2.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff fails to state
a claim upon which relief can be granted.

3.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff lacks
standing to prosecute certain claims which were the property of her Chapter 7
bankruptcy estate.

4.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff is judicially
estopped from asserting claims not disclosed in her bankruptcies.

5.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff is not the
real party in interest to assert these claims because she did not own the Property
when it sold at the non-judicial foreclosure sale.

6.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff fails to state
a claim upon which relief can be granted because the trustee's sale is presumed
valid.

7.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff fails to state
a claim upon which relief can be granted because Plaintiff's inability to tender is a
complete bar to each cause of action attacking foreclosure.

8.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff fails to state
a claim upon which relief can be granted because Plaintiff's reference to the statute
of limitations from the California Commercial Code is misplaced.

9.    Loan Defendants move to dismiss Plaintiff's Second Amended
Complaint, and each claim contained therein, on the basis that Plaintiff fails to state

a claim upon which relief can be granted because Plaintiff's claims attacking the Grant Deed or Deed of Trust are time barred.

10.    Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because the alleged post-execution alteration of the Grant Deed does not void the transfer of title to Plaintiff.

11.    Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's claims attacking the Deed of Trust fail as Plaintiff fails to restore the loan proceeds.

12.    Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's allegations attacking securitization do not support a cause of action.

13.    Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's assertions of an improperly signed assignment fail to state a claim.

14.    Loan Defendants move to dismiss Plaintiff's Second of Action for "Cancellation of Instruments" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege an irregularity with particular facts, B) Plaintiff fails to allege substantial prejudice due to any defect, and C) Plaintiff fails to plead specific facts indicating any instrument was invalid.

15.    Loan Defendants move to dismiss Plaintiff's Third of Action for "Wrongful Foreclosure" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege an irregularity with particular facts, B) Plaintiff fails to allege substantial prejudice due to any defect, and C) Plaintiff fails to plead specific facts indicating any instrument was invalid.

1   This Motion is made following several attempts to meet and confer with

2 Plaintiff's counsel pursuant to Local Rule 7-3. [Declaration of Steven M. Dailey.]

3   This Motion is based on this Notice of Motion, the attached Memorandum of

4 Points and Authorities, the Request for Judicial Notice, the pleadings and records

5 on file herein, and upon such oral and documentary evidence as may be presented

6 by the parties at the hearing.

7  Dated: December 28, 2017   KUTAK ROCK LLP

8

9             By:  /s/ *Steven M. Dailey*
                 Steven M. Dailey

10               Attorneys for Defendants
                SELECT PORTFOLIO SERVICING,

11               INC., THE BANK OF NEW YORK
                MELLON, F/K/A THE BANK OF NEW

12               YORK, AS TRUSTEE, ON BEHALF OF
                THE HOLDERS OF THE

13               ALTERNATIVE LOAN TRUST 2007-
                HY9, MORTGAGE PASS-THROUGH

14               CERTIFICATES SERIES 2007-HY9 and
                MORTGAGE ELECTRONIC

15               REGISTRATION SYSTEMS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION AND STATEMENT OF FACTS. ................................... 1

2. FACTUAL BACKGROUND ............................................................... 2

3. PLAINTIFF'S PREVIOUS LITIGATION AND RELATED BANKRUPTCY ACTIONS ............................................................... 5

    A. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK ............... 5

    B. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-22500-RK ............... 5

    C. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK ............... 5

    D. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK ............... 6

    E. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK ............... 6

    F. Billie Rene Powers, aka Rancho Sonata, LLC v. Val-Chris Investments, Inc., et al., Superior Court of California, County of Orange, Case No. 30-2012-00538867 ........................................... 7

    G. Thomas F. Peppers, Trustee of the Thomas F. Peppers Trust, UDT and or Its Successors, and/or Assignees in Interest v. Rancho Sonata LLC, Superior Court of California, County of Orange, Case No. 30-2011-00519650-CL-UD-HNB ........................... 7

    H. In Re Billie Rene Powers, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB ............... 8

4. THIS COURT DENIED PLAINTIFF'S EX PARTE APPLICATION RELATING TO POSSESSION OF THE PROPERTY ................................. 8

5. THE COMPLAINT FAILS UNDER RULE 12(B)(7) AS PLAINTIFF FAILS TO JOIN INDISPENSABLE PARTIES ........................................ 8

6. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..................................................................... 10

7. PLAINTIFF LACKS STANDING TO PROSECUTE CERTAIN CLAIMS ASSERTED IN THE SAC ................................................... 10

8. PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING CLAIMS NOT ON HER BANKRUPTCY SCHEDULES ............................................................................ 12

9. PLAINTIFF IS NOT THE REAL PARTY IN INTEREST TO ASSERT THESE CLAIM BECAUSE SHE DID NOT OWN THE PROPERTY AT THE TIME OF THE FORECLOSURE SALE ................. 14

10. THE TRUSTEE'S SALE IS PRESUMED VALID ................................. 14

11. PLAINTIFF DOES NOT ALLEGE TENDER OF ALL AMOUNTS DUE UNDER THE NOTE AND TRUST DEED. ....................................... 15

**TABLE OF CONTENTS**
(continued)

Page

12. PLAINTIFF'S REFERENCE TO THE STATUTE OF LIMITATIONS FROM THE COMMERCIAL CODE IS MISPLACED ................................................................ 16

13. PLAINTIFF'S CLAIMS ATTACKING THE GRANT DEED OR DEED OF TRUST ARE TIME BARRED ................................... 16

14. THE ALLEGED POST-EXECUTION ALTERATION OF THE GRANT DEED DOES NOT VOID THE TRANSFER OF TITLE TO PLAINTIFF ......................................................... 17

15. PLAINTIFF'S CLAIMS ATTACKING THE DEED OF TRUST FAIL AS PLAINTIFF FAILS TO RESTORE THE LOAN PROCEEDS ............ 18

16. PLAINTIFF'S ALLEGATIONS RELATING TO SECURITIZATION DO NOT SUPPORT A CAUSE OF ACTION .............................. 18

17. PLAINTIFF'S ASSERTIONS OF AN IMPROPERLY SIGNED ASSIGNMENT FAIL TO STATE A CLAIM ................................ 19

18. THE SECOND CAUSE OF ACTION FOR "CANCELLATION OF INSTRUMENTS" AND THIRD CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" MUST FAIL ............................ 20

   A. Plaintiff Fails to Allege any Irregularity With Particularity. .............. 21

   B. Plaintiff Fails to Allege Substantial Prejudice Due to any Defect. ..... 22

   C. Plaintiff Fails to Plead Specific Facts Indicating Any Instrument Was Invalid. ................................... 23

19. CONCLUSION. ................................... 23

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5

*An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)*
    308 B.R. 448 (9th Cir. BAP 2004) ........................................................ 13

6

7

*Ballistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990) .............................................................. 10

8

9

*Bascos v. FHLMC,*
    2011 WL 315706 (C.D. Cal. 2011) ..................................................... 19

10

11

*Beliveau v. Caras,*
    873 F. Supp. 1393 (C.D. Cal. 1995) ................................................... 10

12

13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................... 10, 21

14

15

*Biagro W. Sales Inc. v. Helena Chem. Co.,*
    160 F.Supp.2d 1136 (E.D. Cal. 2001) ................................................... 9

16

*In re Bronner,*
    135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) ........................................ 11

17

18

*Butner v. United States,*
    440 U.S. 48 (1979) ........................................................................ 11

19

20

*Cerecedes v. U.S. Bankcorp,*
    2011 WL 2711071 (C.D. Cal. July 11, 2011) ...................................... 20

21

22

*Cusano v. Klein,*
    264 F.3d 936 (9th Cir. 2001) ........................................................ 11, 12

23

24

*Dunmore v. U.S.,*
    358 F.3d 1107 (9th Cir.2004) ....................................................... 11, 14

25

26

*Escalante v. FNMA,*
    2016 WL 4160956 (E.D. Cal. Aug. 5, 2016) ....................................... 13

27

*Estrada v. Servis One, Inc.,*
    2016 WL 1450719 (S.D. Cal. Apr. 13, 2016) ...................................... 14

28

*Gaitan v. MERS*
  2009 WL 3244729 (C.D. Cal. 2009) ................................................................. 16

*Gil v. Wells Fargo Bank*,
  2016 WL 3742372 (N.D. Cal. July 13, 2016) .................................................... 13

*Guerpo v. Amresco Residential Mortgage Corp.*,
  13 Fed. Appx. 649 (9th Cir. 2001) .................................................................... 12

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
  652 F.Supp.2d 1039 (N.D. Cal. 2009) ............................................................... 18

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) ............................................................................. 13

*Hay v. First Interstate Bank of Kalispell, N.A.*,
  978 F.2d. 555 (9th Cir. 1992) ........................................................................... 14

*Javaheri v. JPMorgan Chase Bank, N.A.*
  (C.D. Cal. Aug. 13, 2012) 2012 WL 3426278 ................................................... 20

*Javaid v. Allied-Barton Sec. Services*,
  2008 WL 1925233 (E.D. Cal. 2008) .................................................................. 12

*Jones v. Countrywide Homeloan*,
  2011 WL 2462845 (E.D. Cal. 2011) .................................................................. 18

*Karimi v. GMAC Mortg.*,
  2011 WL 5914006 (N.D. Cal. 2011) .................................................................. 19

*Logvinov v. Wells Fargo Bank*,
  2011 WL 6140995 (N.D. Cal. 2011) .................................................................. 18

*Medrano v. Caliber Home Loans, Inc.*,
  2014 WL 7236925 (C.D. Cal. Dec. 19, 2014) ..................................................... 9

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
  2010 WL 2618729 (S.D. Cal. June 25, 2010) .................................................... 19

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
  2010 WL 392312 (S.D. Cal. 2010) .................................................................... 16

*Rowland v. Novus Financial Corp.*,
  949 F. Supp. 1447 (D. Haw. 1996) .................................................................... 12

- ii -                          17-cv-01386-DOC-KES

MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
   672 F.3d 1176 (9th Cir. 2012) ................................................................. 9, 17, 18

*In re Segerstrom*
   247 F.3d 218 (5th Cir. 2001) ............................................................................ 11

*Shermoen v. United States*,
   982 F.2d 1312 (9th Cir. 1992) ............................................................................ 9

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
   793 F.2d 1034 (9th Cir. 1986) .......................................................................... 14

*Uzoebo v. Ocwen Loan Servicing LLC*,
   2013 WL 6018067 (C.D. Cal. Nov. 12, 2013) ..................................................... 9

*Zinnel v. CitiMortgage, Inc.*,
   2010 WL 3715079 (E.D. Sept. 16, 2010) ......................................................... 19

**State Cases**

*Abdallah v. United Sav. Bank*,
   43 Cal.App.4th 1001 (1996) .............................................................................. 15

*Anderson v. Heart Federal Savings and Loan Assn.*,
   208 Cal.App.3d 202 (1989) ............................................................................... 21

*Arnold Mgmt. Corp. v. Eischen*,
   158 Cal.App.3d 575 (1985) ............................................................................... 15

*Aspen Enterprises, Inc. v. Bodge*
   (1995) 37 Cal.App.4th 1811 .............................................................................. 16

*Brown v. Southern Calif. Edison Co.*,
   12 Cal.App.102 (1932) ...................................................................................... 10

*Cloud v. Northrop Grumman Corp.*,
   67 Cal.App.4th 995 (1998) ................................................................................ 11

*Curtis v. Kellogg & Andelson*,
   73 Cal.App.4th 492 (1999) ................................................................................ 11

*Fontenot v. Wells Fargo Bank, N.A.*,
   198 Cal.App.4th 256 (2011) .............................................................................. 22

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS SECOND AMENDED COMPLAINT

*FPCI REHAB 01 v. E & G Investments, Ltd.*,
  207 Cal.App.3d 1018 (1989) ....................................................................... 11, 15

*Hamilton v. Greenwich Investors XXVI, LLC*,
  195 Cal.App.4th 1602 (2011) ............................................................................. 13

*Hatch v. Collins*,
  225 Cal.App.3d 1104 (1990) .............................................................................. 15

*Jenkins v. JP Morgan Chase Bank, N.A.*
  (2013) 216 Cal.App.4th 497 .............................................................................. 21

*Karlsen v. Gibralter Sav. & Loan Assn.*,
  15 Cal.App.3d 112 (1974) .................................................................................. 15

*King v. Mortimer*,
  37 Cal.2d 430 (1951) .......................................................................................... 18

*Lee v. Lee*,
  175 Cal.App. 4th 1553 (2009) ................................................................. 17, 18, 21

*M & M Foods, Inc. v. Pacific American Fish Co., Inc.*,
  196 Cal.App.4th 554 (2011) ............................................................................... 12

*Melendrez v. D&I Investment, Inc.*,
  127 Cal.App.4th 1238 (2005) ............................................................................. 22

*Perdue v. Crocker National Bank*,
  38 Cal.3d 913 (1985) .......................................................................................... 10

*Raedkle v. Gibralter Sav. & Loan Assn.*,
  10 Cal.3d 665 (1975) .......................................................................................... 15

*Robertson v. Sup. Court*,
  90 Cal.App.4th 1319 (2001) ............................................................................... 17

*Stock v. Meek*,
  35 Cal.2d 809 (1950) .......................................................................................... 23

*Taliaferro v. Crola*,
  152 Cal.App.2d 448 (1957) ................................................................................ 15

*Whitman v. Transtate Title Co.*,
  165 Cal.App.3d 312 (1985) ................................................................................ 15

- iv -                                    17-cv-01386-DOC-KES

MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Wolfe v. Lipsy*,
   163 Cal.App.3d 633 (1985) ................................................................ 14, 23

*Wood v. Metzenbaum*,
   107 Cal.App.2d 727 (1950) .................................................................... 23

*Zakaessian v. Zakaessian*,
   70 Cal.App.2d 721 (1945) ...................................................................... 17

**Federal Statutes**

11 U.S.C. § 521 (1) ..................................................................................... 11

11 U.S.C. § 541 ..................................................................................... 11, 12

11 U.S.C. § 541(a) ..................................................................................... 10

11 U.S.C. § 554(c) ..................................................................................... 14

11 U.S.C. § 554(d) ..................................................................................... 14

11 U.S.C. § 704(a) ..................................................................................... 12

**State Statutes**

Cal. U. Com. Code § 3118(a) ........................................................... 5, 16, 21

Civ. Code § 882.020 ............................................................................ 16, 22

Civ. Code § 1691(b) ..................................................................................... 18

Civ. Code § 2924 ......................................................................................... 22

Civ. Code § 2924(a) ..................................................................................... 22

Civ. Code § 2934a ....................................................................................... 22

Civ. Code § 2934a(b) ................................................................................... 22

Civ. Code § 2934a(c) ................................................................................... 22

Civ. Code § 2934a(d) ................................................................................... 22

Code Civ. Proc. § 343 ................................................................................. 17

Code Civ. Proc. § 338(4) ............................................................................. 17

1

**Rules**

Fed. Rules Civ.Proc, rule 12(b) .................................................................. 10

Fed. Rules Civ.Proc, rule 12(b)(6) ............................................................. 10

Fed. Rules Civ.Proc, rule 12(b)(7) ........................................................... 8, 9

Fed. Rules Civ.Proc, rule 19(a)(1)(A) ......................................................... 9

Fed. Rules Civ.Proc, rule 19(a)(1)(B) ......................................................... 9

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"],  [collectively "Loan Defendants"] submit the following in support of their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(7).

## 1.     INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff BILLIE RENE FRANCIS LILLIAN POWERS ["Plaintiff"] filed this case attacking a foreclosure sale that occurred following her admitted refusal to make payments on her mortgage loan since 2010.   The Second Amended Complaint ["SAC"] fails to state a claim as against Loan Defendants. Preliminarily, Plaintiff lacks standing to assert claims relating to the Grant Deed or the Assignment due to her many bankruptcy proceedings, and she is judicially estopped from raising claims not disclosed on her bankruptcy schedules.  Plaintiff's attack on an alleged alteration of a Grant Deed recorded in 2007 fails, as those claims are time barred.  Further, the Grant Deed, which was alleged to be altered to add other borrowers, is not void as to Plaintiff.  She admits it was properly executed to convey title to her, and California case law dictates that the Grant Deed remains valid as to the intended grantee.  Beyond this, she suggests the loan should be rescinded, but she has not allege restoration of the loan proceeds.  Her wrongful foreclosure claim fails for lack of a procedural irregularity, and any attack on the presumptively valid sale also fails absent tender.  Her request to overturn the sale also fails as she does not name as parties the co-borrowers on the Deed of Trust, the party to whom she transferred title of the Property in 2007, and the person who purchased the Property in 2009 at a foreclosure sale under a junior lien.  The failure

to include these parties subjects the pleading to dismissal under Rule 12(b)(7), and demonstrates she is not the real party in interest to assert these claims. The alleged facts and judicially noticeable documents reflect Plaintiff received the benefit of the loan proceeds, she defaulted under the loan, and foreclosure is permitted under the express language of the Deed of Trust.

## 2.  **FACTUAL BACKGROUND.**

Plaintiff alleges she "was and is" the owner of the real property located at 40701 Ortega Highway, San Juan Capistrano ["Property"]. [SAC, par. 1.] Plaintiff alleges on or before April 13, 2007, she "began the process of purchasing the Property from" Defendant ROGER LEE DELONG. [SAC, par. 11.] Plaintiff states she and DELONG opened an escrow account, and Plaintiff sought financing from Countrywide Bank. [SAC, pars. 12-13]. Plaintiff alleges she executed a Residential Purchase Agreement and Joint Escrow Instructions relating to her proposed purchase of the Property. [SAC, par. 14.] Plaintiff states preliminarily she was to be the sole purchaser, and that was reflected in a document entitled Additional Escrow Instructions. [SAC, pars. 15, 16.]

Plaintiff alleges on April 26, 2007, DELONG executed a Grant Deed naming only Plaintiff as the only grantee of title to the Property. [SAC, par. 17.] Plaintiff alleges in June 2007, however, she was advised by her lender that she "no longer qualified for the prospective loans and that she needed to have a co-signor." [SAC, par. 20.] Plaintiff alleges her sister and her brother-in-law, Jacqueline M. Hanson and Louis K. Hanson, agreed to cosign on the secured loan. [SAC, par. 20.]

Plaintiff states that on June 27, 2007, she, Louis J. Hanson, and Jacqueline M. Hanson executed a Note and Deed of Trust. [SAC, par. 22.] On July 2, 2007, a Grant Deed was recorded reflecting the Property transferred to Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson. [Request for Judicial Notice ("RJN"), Ex. "A".] Plaintiff alleges, however, that the recorded Grant Deed was the one she had initially executed, and that it was improperly altered post-notarization, by the

addition of the names of Louis J. Hanson, and Jacqueline M. Hanson.  [SAC, par. 21.]  Also on July 2, 2007, the Deed of Trust was recorded reflecting Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson obtained the $1,190,000.00 loan from Countrywide Bank, FSB, that was secured by the Property ["Deed of Trust"].  [RJN, Ex. "B"; FAC, par. 1.]  MERS was the original beneficiary and the original trustee was Recontrust Company, N.A.  [RJN, Ex. "B".]

On July 10, 2007, a Grant Deed was recorded reflecting transfer of title of the Property to Rancho Sonata, LLC.  [RJN, Ex. "C"; *see also* Complaint, p. 12:4-7, par. 7 (stating "On July 10, 2007 a quit claim deed was issued to remove any interest in the property and give sole title to "RANCHO SONATA LLC", a California Corporation holding company.")]

On June 5, 2008, a Notice of Default was recorded on the Property due to borrowers' default under the loan secured by the Deed of Trust.  [RJN, Ex. "D".]  On November 5, 2008, a Substitution of Trustee was recorded reflecting Recontrust Company was substituted as successor trustee.  [RJN, Ex. "E".]  A Notice of Trustee's Sale was also recorded on November 5, 2008.  [RJN, Ex. "F".]  On January 15, 2009, a Notice of Rescission of Declaration of Default was recorded rescinding the May 6, 2008 Notice of Default.  [RJN, Ex. "G".]

On October 15, 2009, a Trustee's Deed Upon Sale was recorded reflecting the Property sold to Thomas Peppers at a foreclosure sale due to Plaintiff's default on a loan secured by a lien junior to the Deed of Trust.  [RJN, Ex. "NN".]

Plaintiff alleges after "January 1, 2010, the Plaintiff has made no payments on the Note to anyone."  [SAC, par. 25.]  Another Notice of Default was recorded on May 6, 2010.  [RJN, Ex. "H"; SAC, par. 26.]

On May 19, 2010 a Corporation Assignment of Deed of Trust was recorded reflecting assignment of the Deed of Trust to BNYM.  [RJN, Ex. "I".]  On June 2, 2010 a Notice of Rescission of Declaration of Default was recorded rescinding the May 6, 2010 Notice of Default.  [RJN, Ex. "J".]  On October 26, 2010, another

1    Corporation Assignment of Deed of Trust was recorded reflecting assignment to

2    BNYM.  [RJN, Ex. "K"; SAC, par. 27.]

3        Further Notices of Default were recorded on October 31, 2013, and

4    December 6, 2013.  [RJN, Exs. "L", "M"; SAC, pars. 28, 29.]  Plaintiff claims that

5    these Notices of Default, recorded by Quality Loan Service Corporation

6    ["Quality"], were improper because a Substitution of Trustee was not recorded until

7    February 28, 2014.  [SAC, pars. 28-30.]

8        Another Notice of Default was recorded on September 25, 2014.  [RJN, Ex.

9    "N"; SAC, pars. 31.]  The September 25, 2014 Notice of Default reflects as of

10   September 23, 2014, Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson, were

11   in default in the amount of $356,429.14.  [RJN, Ex. "N".]  Despite the admitted fact

12   that Plaintiff had not made a payment since at least January 1, 2010, Plaintiff claims

13   this amount was "false".  [SAC, pars. 25, 31.]

14       On September 30, 2015 a Notice of Trustee's Sale was recorded.  [SAC, par.

15   32; RJN, Ex. "O".]  On August 16, 2016, a Trustee's Deed Upon Sale was recorded

16   reflecting the Property sold on August 6, 2016 to BNYM.  [RJN, Ex. "P"; SAC,

17   par. 33.]

18       Through the Second Cause of Action in the SAC, for Cancellation of

19   Instruments, Plaintiff claims the July 2, 2007 Grant Deed was improperly altered to

20   add the names of her co-signers, and thus "could not and did not convey anything to

21   the Plaintiff."  [SAC, par. 39.]  She also claims the Deed of Trust was thus void

22   because it was premised on the Grant Deed and she purportedly had no interest in

23   the Property to convey.  [SAC, pars. 39-40.]  Plaintiff alleges the subsequent

24   Assignment, Substitution of Trustee, Notices of Default, Notices of Trustee's Sale,

25   and the Trustee's Deed Upon Sale were consequently void and should be cancelled.

26   [SAC, pars. 40-47.]  She also claims the Assignment was "forged" and should thus

27   be cancelled on that basis.  [SAC, pars. 41, 47.]

28   ///

Through the Third Cause of Action in the SAC for Wrongful Foreclosure, Plaintiff claims the foreclosure sale was wrongful, as it was based on the purportedly invalid Grant Deed and Deed of Trust.  [SAC, par. 50.]  She also contends the sale was "performed after the expiration of the applicable statute of limitations," which was purportedly six years pursuant to California Commercial Code Section 3118(a).  [SAC, pars. 26, 51.]  She further claims the foreclosure was improper due to the investor purportedly being paid by the "master servicer".  [SAC, pars. 52-53.]  These two causes of action asserted against Loan Defendants fail to state a claim, as discussed further herein.

## 3. PLAINTIFF'S PREVIOUS LITIGATION AND RELATED BANKRUPTCY ACTIONS.

### A. *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK.

On February 17, 2009, Plaintiff filed a Bankruptcy petition under Chapter 7.  [Docket, RJN, Ex. "Q"; Petition and Schedules, RJN, Ex. "R".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Ex. "R".]  On June 23, 2009, she obtained a discharge.  [RJN, Ex. "S".]

### B. *In Re Billie Rene Powers,* United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-22500-RK.

On November 11, 2009, Plaintiff filed a Chapter 13 Bankruptcy petition.  [Docket, RJN, Ex. "T"; Petition and Schedules, RJN, Ex. "U".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Ex. "U".]  On December 17, 2009, the Bankruptcy case was dismissed for Plaintiff's failure to file her schedules, statements or plan.  [RJN, Ex. "T".]

### C. *In Re Billie Rene Powers,* United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK.

On December 28, 2009, Plaintiff filed another Chapter 13 Bankruptcy petition.  [Docket, RJN, Ex. "V"; Petition and Schedules, RJN, Ex. "W".]  She again did not identify in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Ex. "W".]  She also did not identify the subject Property

as a secured asset for any creditor.  [RJN, Ex. "W".]  The matter was dismissed on for Plaintiff's failure to file her schedules, statements or plan.  [RJN, Ex. "V".]

**D.    _In Re Billie Rene Powers_, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.**

On February 10, 2010, Plaintiff filed a Bankruptcy proceeding under Chapter 11.  [Docket, RJN, Ex. "X"; Petition and Schedules, RJN, Ex. "Y"; Amended Schedules, RJN, Ex. "Z".]  She again did not identify in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Exs. "Y", "Z".]  On May 3, 2010, the Bankruptcy Trustee filed a Motion to Dismiss the bankruptcy case on the grounds that Plaintiff had filed it in bad faith and there had been four prior bankruptcies filed serially by Plaintiff.  [Motion to Dismiss, RJN, Ex. "AA".]  On June 2, 2010, the Motion to Dismiss was granted and the order of Dismissal entered on June 16, 2010.  [Order of Dismissal, RJN, Ex. "BB"; RJN Ex. "X".]

**E.    _In Re Billie Rene Powers_, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK.**

On July 14, 2010, Plaintiff filed a Bankruptcy proceeding under Chapter 11.  [Docket, RJN, Ex. "CC"; Petition and Schedules, RJN, Ex. "DD".]  She did not include in her bankruptcy schedules any of the claims she asserts in the instant action.  [RJN, Ex. "DD".]  On August 20, 2010, the Bankruptcy Trustee filed a Motion to Dismiss the bankruptcy case on the grounds that Plaintiff had filed it in bad faith and there had been five prior bankruptcies filed by Plaintiff using the same attorney.  [RJN, Ex. "CC".]  On September 29, 2010, the current beneficiary (The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2007-HY9 Mortgage Pass –Through Certificates, Series 2007-HY9) filed a Joinder to the Motion to Dismiss. [RJN, Ex. "CC".]  The Motion to Dismiss was granted on October 13, 2010, and the Order of Dismissal entered on November 4, 2010.  [RJN, Ex. "CC"; Order Dismissing Case, RJN, Ex. "EE".]

F.  ***Billie Rene Powers, aka Rancho Sonata, LLC v. Val-Chris Investments, Inc., et al.,*** **Superior Court of California, County of Orange, Case No. 30-2012-00538867**

On January 20, 2012, Plaintiff filed a Verified Complaint against Val-Chris Investments, Inc., Chris Boulter, Thomas F. Peppers, trustee of the Thomas F. Peppers Trust, and Ress Financial Corporation in connection with the Property. [Docket, RJN, Ex. "FF"; Verified Complaint, RJN, Ex. "GG".]   In her Verified Complaint, Plaintiff identified the same first position loan at issue in the instant case as being from Countrywide Home Loans, but later in the Verified Complaint she referenced the first position loan as one for $1,300,000 from Bank of America which had "taken over the loan from Countrywide".  [RJN, Ex. "GG", pars. 3, 15.] In the Verified Complaint, Plaintiff also states she obtained a $170,000 loan from Countrywide concurrent with obtaining the first loan in 2006.  [RJN, Ex. "GG", par. 3.]  Plaintiff alleged in her Verified Complaint that she refinanced that second loan with a new $400,000 loan from Val-Chris, on which she defaulted. [RJN, Ex. "GG", pars. 3-5.]  She stated the Property sold to Thomas Peppers at an October 15, 2009 trustee's sale due to her default on the second lien.  [RJN, Ex. "GG", par. 17.]

The crux of the case was Plaintiff's contention Val-Chris should not have given her the $400,000.00 loan given the economic conditions at the time, and it should not have sold the Property to Thomas Peppers because she did not have proper notice of the sale.  [RJN, Ex. "GG".]   The Court sustained a Demurrer without leave to amend on November 26, 2012 in part because Plaintiff had failed to disclose the existence of her claims in her three bankruptcy proceedings filed February 17, 2009, February 10, 2009, and July 2010 and because the alleged "wrongful foreclosure" occurred prior to the bankruptcies.  [RJN, Ex. "HH".]

G.  ***Thomas F. Peppers, Trustee of the Thomas F. Peppers Trust, UDT and or Its Successors, and/or Assignees in Interest v. Rancho Sonata LLC,*** **Superior Court of California, County of Orange, Case No. 30-2011-00519650-CL-UD-HNB.**

On November 2, 2011, the purchaser of the Property from Plaintiff's default

on a second position loan, Thomas Peppers, filed an unlawful detainer action against Plaintiff as to possession of the same Property at issue in this case. [Docket, RJN, Ex. "II".]  According to the docket, Judgment was entered in favor of the third-party purchaser on January 30, 2012, a writ of possession was entered on February 3, 2012, and the unlawful detainer action was dismissed on February 15, 2012, despite Plaintiff's efforts to vacate the judgment.  [RJN, Ex. "II".]

### H. *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB.

On August 4, 2017, Plaintiff filed a Bankruptcy proceeding under Chapter 13.  [Docket, RJN, Ex. "JJ"; Petition, RJN, Ex. "KK".]  In her Petition, Plaintiff check-marked "NO" to the question "Have you filed for bankruptcy within the last 8 years?", and she did not disclose the existence of any of the claims asserted in the instant action or the fact that she had even filed the instant action.   [RJN, Ex. "KK".]  The matter was dismissed on August 23, 2017.  [RJN, Ex. "JJ".]

### 4. THIS COURT DENIED PLAINTIFF'S EX PARTE APPLICATION RELATING TO POSSESSION OF THE PROPERTY.

On October 30, 2017, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued [Doc. No. 25], relating to possession of the Property.  [Ex Parte Application, RJN, Ex. "LL"; Exhibits, RJN, Ex. "MM".]  Plaintiff's Exhibits in support reflect that on February 25, 2014 she filed a Complaint Form with the Secretary of State, Notary Public Section, relating to the Grant Deed.  [RJN, Ex. "MM", Exs. "6", "7".]

### 5. THE COMPLAINT FAILS UNDER RULE 12(b)(7) AS PLAINTIFF FAILS TO JOIN INDISPENSABLE PARTIES.

A party may move to dismiss a case for "failure to join a party under Rule 19." [Fed. R. Civ. P. 12(b)(7).]  There is a three-step inquiry on a 12(b)(7) motion: "(1) is the absent party required (or "necessary") within the meaning of Rule 19(a)?, (2) is joinder of the absent party "feasible," under Rule 19(a)?, and (3) if

joinder is not feasible, is the absent party indispensable, such that the action must be dismissed?"  [*Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).]  The Ninth Circuit held a court should grant a 12(b)(7) motion to dismiss "if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable."  [*Biagro W. Sales Inc. v. Helena Chem. Co*., 160 F.Supp.2d 1136, 1141 (E.D. Cal. 2001) (*citing Shermoen v. United States*, 982 F.2d 1312, 1317–18 (9th Cir. 1992)).]

A party is indispensable either if in its absence, "the court cannot accord complete relief among the existing parties," [Fed. R. Civ. P. 19(a) (1)(A)], or if the absent party "claims an interest relating to the subject of the action."  [Fed. R. Civ. P. 19(a)(1)(B), and one of two other conditions is met.  [*Medrano v. Caliber Home Loans, Inc.*, 2014 WL 7236925, *5 (C.D. Cal. Dec. 19, 2014).]  The court in *Uzoebo v. Ocwen Loan Servicing LLC,* 2013 WL 6018067, *6 (C.D. Cal. Nov. 12, 2013) determined a "current owner of the property in dispute, is required to be joined in [] litigation because the Court could not accord complete relief without its intervention."

Plaintiff fails to name as a party the entity to whom she transferred title.  On July 10, 2007, a Grant Deed was recorded reflecting transfer of title of the Property to Rancho Sonata, LLC.  [RJN, Ex. "C".]  She also fails to name as parties the co-borrowers on the loan, Louise J. Hanson, and Jacqueline M. Hanson, who co-signed the Note and Deed of Trust.  [RJN, Ex. "A"; *see also* SAC, par. 21.]  And, she fails to name Thomas F. Peppers, the individual who purchased the Property at a foreclosure sale in 2009 under a junior lien.  [RJN, Ex. "II"; Trustee's Deed Upon Sale, RJN, Ex. "NN".]  They share with Plaintiff the rights and obligations under the loan contract.  The interests of Thomas F. Peppers, Louise J. Hanson, Jacqueline M. Hanson, and Rancho Sonata, LLC are necessarily implicated, and failure to join them warrants dismissal under Rule 12(b)(7).

**6.      THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .

(6)  failure to state a claim upon which relief can be granted,. . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  [*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).] Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. [*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).]  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).]  To base an action on violation of statute, the relevant terms of the statute must be alleged.  [*Brown v. Southern Calif. Edison Co.,* 12 Cal.App.102, 104 (1932).]   A party claiming conduct violated statutes must allege with "reasonable particularity" facts supporting the statutory elements of the violations. [*Perdue v. Crocker National Bank,* 38 Cal.3d 913, 929 (1985).]  The SAC is subject to dismissal for failure to state a claim under Rule 12(b)(6).

**7.      PLAINTIFF LACKS STANDING TO PROSECUTE CERTAIN CLAIMS ASSERTED IN THE SAC.**

Upon the commencement of the Debtor/Plaintiff's bankruptcy case, a bankruptcy estate was created that is a new and distinct entity from the Debtor. [11 U.S.C. § 541(a).]   The bankruptcy estate includes all legal and equitable interests of the Debtor in property as of the commencement of the case.  [*Id.*; *see*

1   *also Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001).]  The scope of § 541 is

2   broad and includes as property of the estate lawsuits or causes of actions that

3   accrued to the debtor prior to the Petition Date.  [*See, e.g., In re Bronner*, 135 B.R.

4   645 (1992) (B.A.P. 9th Cir. 1992) (debtor's bad-faith lawsuit became property of

5   the estate at the time the petition was filed).  A debtor's prepetition causes of action

6   and claims for relief are legal interests in property, includible in the bankruptcy

7   estate. [*See In re Segerstrom* 247 F.3d 218, 224 (5th Cir. 2001).]  A debtor's pre-

8   petition rights in property, such as a cause of action, are determined according to

9   state law.  [*See Butner v. United States*, 440 U.S. 48, 55 (1979).]

10      The Bankruptcy Code places an affirmative duty on debtors to schedule their

11   assets and liabilities under 11 USC §521 (1).  [*Cusano*, 264 F.3d at 945.]  If a

12   debtor fails to properly schedule an asset, including a cause of action, that asset

13   continues to belong to the bankruptcy estate and does not revert to the debtor upon

14   discharge. [*Id.*] As one court has explained, "By operation of statute, assets that

15   [debtor] failed to schedule remained the bankruptcy estate's property, even after the

16   court discharged his debt.  [*Dunmore v. U.S*., 358 F.3d 1107, 1112 (9th Cir.2004)

17   (plaintiff lacked standing to pursue claims for tax refunds from IRS where he failed

18   to include such claims on his bankruptcy schedule of assets).]

19      Where a plaintiff files suit on a cause of action belonging to the bankruptcy

20   estate, the plaintiff debtor lacks standing to sue; the court may take judicial notice

21   of the bankruptcy proceedings and permit the trustee to be substituted in as the

22   plaintiff.  [*Cloud v. Northrop Grumman Corp*., 67 Cal.App.4th 995, 1002 (1998).]

23   All causes of action belonging to a bankrupt at the time of filing a Chapter 7

24   bankruptcy petition become part of the bankruptcy estate.   The trustee in

25   bankruptcy therefore is the real party in interest as to such causes of action.  [*Curtis

26   v. Kellogg & Andelson*, 73 Cal.App.4th 492, 505 (1999); *Cloud*, 67 Cal.App.4th at

27   1004.]

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 11 -         17-cv-01386-DOC-KES

MOTION TO DISMISS SECOND AMENDED COMPLAINT

Certain of Plaintiff's claims or causes of actions against the Defendants in this case constitute property of the bankruptcy estate.  [*See Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Haw. 1996) ("courts have long held that the definition of 'property' [in 11 U.S.C. § 541] extends to causes of action, including TILA claims").]  Only the chapter 7 trustee, not the Debtor, is authorized to take action on behalf of the estate.  [*See* 11 U.S.C. § 704(a); *see Guerpo v. Amresco Residential Mortgage Corp.*, 13 Fed. Appx. 649, 650 (9th Cir. 2001) (unpublished).]  As the Ninth Circuit stated in *Cusano*:

> The bankruptcy code placed an affirmative duty on [the debtor] to schedule his assets.  **If he failed to properly schedule an asset, that asset continues to belong to the bankruptcy estate and did not revert to [the debtor].**

[*Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001) (emphasis added).]

In *Rowland v. Novus Financial Corp.*, the District Court set forth two exceptions to the general rule that a debtor lacks standing to bring a cause of action after appointment of a trustee: abandonment or exemption.  [949 F. Supp. at 1453.]  In the instant case, neither exception applies.  "Property not formally scheduled in the bankruptcy proceeding is not abandoned at the close of the bankruptcy proceeding, even if the trustee was aware of the existence of the property."  [*M & M Foods, Inc. v. Pacific American Fish Co., Inc*., 196 Cal.App.4th 554, 563 (2011).]  Plaintiff's claims that existed at the time of Plaintiff's first bankruptcy, in which she obtained a discharge in 2009, must be brought, if at all, by the chapter 7 trustee of Plaintiff's bankruptcy estate.

## 8.   <u>PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING CLAIMS NOT ON HER BANKRUPTCY SCHEDULES.</u>

Courts have uniformly recognized the goal of the equitable doctrine of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  [*Javaid v. Allied-Barton Sec. Services,* 2008 WL 1925233, * 7 (E.D.

Cal. 2008).]  "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  [*Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).]  "The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and liquidated claims. The debtors' duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."  [*Id.*]  In *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602 (2011), the court sustained defendant's demurrer to a wrongful foreclosure case on the basis that the borrower did not disclose their claims against the lender on the Chapter 13 Bankruptcy Schedules.

A discharge may qualify as acceptance of the accuracy of schedules for judicial estoppel purposes.  [*See An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)* 308 B.R. 448, 453-54 (9th Cir. BAP 2004).]  Also, a debtor receives a benefit from the automatic stay in a bankruptcy proceeding, and obtaining that stay is thus a bar to later asserting unidentified claims.  [*Gil v. Wells Fargo Bank,* 2016 WL 3742372, *3 (N.D. Cal. July 13, 2016) (granting a motion to dismiss based on plaintiff's failure to disclose claims in a bankruptcy proceeding, and stating "the Bankruptcy Court 'accepted' Plaintiff's position by granting her an automatic stay, and [] Plaintiff would obtain an unfair advantage in this proceeding were it to proceed.").]  A debtor also receives a benefit because the creditors, the trustee, and the court, rely on the schedules in assessing their response to the bankruptcy.  [*See Escalante v. FNMA,* 2016 WL 4160956, *5-*6 (E.D. Cal. Aug. 5, 2016) (granting a motion to dismiss plaintiffs' claims based on judicial estoppel and stating "Because a bankruptcy court evaluates a debtor's potential assets, omitting such claims deceives the bankruptcy court and a debtor's creditors.").]

Here, Plaintiff was required to disclose all potential claims in her several bankruptcies, but she failed to disclose the claims raised here.  [*See* RJN, Exs. "R",

"U", "W", "Y", "Z", "EE", "KK".] Plaintiff took advantage of the protections and benefits afforded by the bankruptcy law and proceedings, and obtained the benefit of a discharge in 2009, and the automatic stay on several occasions. As stated above, "assets that [debtor] failed to schedule remain[] the bankruptcy estate's property, even after the court discharged his debt." [*Dunmore, supra,* (citing 11 U.S.C. §554(c),(d)).] As these claims were not disclosed as assets in the bankruptcy, Plaintiff should be judicially estopped, from asserting them here. [*See Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir. 1992).]

**9. PLAINTIFF IS NOT THE REAL PARTY IN INTEREST TO ASSERT THESE CLAIM BECAUSE SHE DID NOT OWN THE PROPERTY AT THE TIME OF THE FORECLOSURE SALE.**

"In general, it is the person holding title to the claim or property involved" who is the real party in interest. [*U-Haul Int'l, Inc. v. Jartran, Inc.,* 793 F.2d 1034, 1038 (9th Cir. 1986) .] In *Estrada v. Servis One, Inc.,* 2016 WL 1450719, *2 (S.D. Cal. Apr. 13, 2016), the court found a plaintiff lacked standing to pursue injunctive relief as to a foreclosure sale based on promissory estoppel, contract, and other claims, where she did not have title to the property. The court stated, "[a]s Plaintiff has not shown that she is the trustee or that she has legal title to the property, it appears that she lacks standing and is not the real party in interest." [*Estrada,* 2016 WL 1450719, at *2-*3.]

In this case, Plaintiff attacks the foreclosure sale of the Property; however, she did not have title of the Property when it sold. Thomas F. Peppers had title of the Property as he purchased it at a foreclosure sale in 2009 under a junior lien. [RJN, Ex. "II"; Trustee's Deed Upon Sale, RJN, Ex. "NN".] If reversed, Plaintiff would not regain title to the Property. She is thus not the real party in interest to assert these claims.

**10. THE TRUSTEE'S SALE IS PRESUMED VALID.**

As a general rule of common law, there is presumption a trustee's sale has been conducted regularly and fairly. [*Wolfe v. Lipsy,* 163 Cal.App.3d 633, 639

(1985).] To overcome this presumption, facts indicating the sale was invalidly conducted must be pleaded and proved. [*Hatch v. Collins*, 225 Cal.App.3d 1104, 1113 (1990).]   A presumption also arises from a recital in a trustee's deed that requirements for notices of default and sale have been satisfied. This presumption is prima facie evidence of compliance. [Civ. Code § 2924; *Taliaferro v. Crola*, 152 Cal.App.2d 448, 449 (1957).]   The sale, coupled with the necessary recitals in the Trustee's Deed, establish a presumption of validity.

## 11.    PLAINTIFF DOES NOT ALLEGE TENDER OF ALL AMOUNTS DUE UNDER THE NOTE AND TRUST DEED.

An action attacking a trustee sale is an action in equity. [*Raedkle v. Gibralter Sav. & Loan Assn.*, 10 Cal.3d 665, 671 (1975).]   Therefore, as a condition precedent to any action challenging a foreclosure, a plaintiff must pay or offer to pay the secured debt and ***before an action is commenced or in the complaint.*** [*Whitman v. Transtate Title Co.*, 165 Cal.App.3d 312, 322-323 (1985).]  Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action. [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).] The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit. [*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996) (affirming sustaining of demurrer without leave to amend.)]   "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage." [*Arnold Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1985).]   The tender requirement applies to any claim "implicitly integrated" with the foreclosure process.  [*Id*. at 579).]   The purpose of this is to save the Court from "order[ing] a useless act performed" where a plaintiff would be unable to prevent foreclosure if any irregularity in the procedure were resolved. [*FPCI REHAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021-22 (1989).]

Plaintiff does not allege tender of all amounts due under the loan.   [SAC, *passim*.]   Plaintiff admits she has not made any payments on the loan since at least January 1, 2010.   [SAC, par. 24.]   The September 25, 2014 Notice of Default reflects that as of September 23, 2014, Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson, were in default in the amount of $356,429.14.   [RJN, Ex. "N".] Plaintiff's SAC is implicitly integrated with the nonjudicial foreclosure process and thus fails due to Plaintiff's failure to allege tender.

## 12.   <u>PLAINTIFF'S REFERENCE TO THE STATUTE OF LIMITATIONS FROM THE COMMERCIAL CODE IS MISPLACED.</u>

Plaintiff alleges the foreclosure sale was "performed after the expiration of the applicable statute of limitations," which was purportedly six years pursuant to California Commercial Code Section 3118(a).   [SAC, pars. 26, 51.]   Plaintiff's reliance on this Commercial Code Section is misplaced.

The Commercial Code does not apply to transactions involving real property. [*Aspen Enterprises, Inc. v. Bodge* (1995) 37 Cal.App.4th 1811, 1818.]   It does not control nonjudicial foreclosure under California law.   [*Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL 392312 at *6 (S.D. Cal. 2010); *Gaitan v. MERS* 2009 WL 3244729 at *10 (C.D. Cal. 2009).]   The applicable statute of limitations relating to the enforcement of deeds of trust is Civil Code Section 882.020.   Section 882.020 provides that a deed of trust has a statute of limitations of 60 years following the deed of trust's recording if the deed of trust neither includes a copy of an underlying promissory note, nor indicates the date the obligation matured. Otherwise, the statute of limitations is 10 years from the maturity date.   Facts are not pleaded to suggest enforcement of the Deed of Trust at issue in this case are barred by Section 882.020.

## 13.   <u>PLAINTIFF'S CLAIMS ATTACKING THE GRANT DEED OR DEED OF TRUST ARE TIME BARRED.</u>

Plaintiff claims the July 2, 2007 Grant Deed was improperly altered to add the names of her co-signers, and thus "could not and did not convey anything to the

Plaintiff." [SAC, par. 39.] She seeks to cancel the Grant Deed and the Deed of Trust. [SAC, pars. 39-46.] However, Plaintiff's claims attacking the alleged misconduct in 2007 are time barred.

The statute of limitations for a cause of action for cancellation of instruments in California is four years. [Code Civ. Pro. § 343; *Robertson v. Sup. Court,* 90 Cal.App.4th 1319, 1325-26 (2001).] Cancellation for fraud or mistake is governed by a three-year period established under Section 338(4). [*Zakaessian v. Zakaessian,* 70 Cal.App.2d 721, 725 (1945).] In this case, the alleged misconduct occurred in July 2, 2007. [*See* SAC, par. 39.] This Complaint was not filed until 2017. Thus, the claims are time barred.

## 14. THE ALLEGED POST-EXECUTION ALTERATION OF THE GRANT DEED DOES NOT VOID THE TRANSFER OF TITLE TO PLAINTIFF.

Plaintiff claims the July 2, 2007 Grant Deed was improperly altered to add the names of her co-signers, and thus "could not and did not convey anything to the Plaintiff." [SAC, par. 39.] Even if this allegations is construed as true for the purposes of this Motion, she is mistaken in her assumption that the Grant Deed would be deemed entirely void and of no effect.

The case of *Lee v. Lee,* 175 Cal.App. 4th 1553 (2009) is almost identical to Plaintiff's contentions and it demonstrates the Grant Deed, even though allegedly altered after executed, remained effective in its transfer of title to Plaintiff. In *Lee,* plaintiffs executed a grant deed and delivered it to the grantee. [175 Cal.App. 4th at 1557.] Appellants sent the grant deed for recording, but prior to it being recorded, "Someone other than [plaintiffs] or [grantee] added two additional grantees to the deed." [*Id.*] The trial court struck the additional grantees, but "held that the deed nevertheless validly transferred appellants' property interest to [the grantee]." [*Id.*] Plaintiffs appealed, arguing that the trial court "should have stricken the entire deed as void." [*Id.*] The Court of Appeal affirmed the trial court, finding "the deed of trust was executed and delivered to [grant deed] and thus vested title in [grantee]

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

before a third party altered the deed." [*Id*. at 1558.]   The court stated, "the alteration does not divest the original grantee of title." [*Id*.]

In this case, Plaintiff alleges on April 26, 2007, DELONG executed a Grant Deed naming only Plaintiff as the only grantee of title to the Property.  [SAC, par. 17.]   She alleges after execution, the Grant Deed was altered.  [SAC, par. 21.] However, as in *Lee*, the Grant Deed is not void as to the transfer to Plaintiff, only arguably could it be deemed void as to the added parties.  Plaintiff's allegations that the entire Grant Deed was void thus fail.

## 15.   <u>PLAINTIFF'S CLAIMS ATTACKING THE DEED OF TRUST FAIL AS PLAINTIFF FAILS TO RESTORE THE LOAN PROCEEDS.</u>

Plaintiff seeks to cancel the Deed of Trust and appears to suggest the loan should be rescinded.  A party seeking rescission must "restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable to or positively refuses to do so." [Civ. Code § 1691(b); *King v. Mortimer*, 37 Cal.2d 430, 433 (1951).]  Plaintiff does not allege this.

## 16.   <u>PLAINTIFF'S ALLEGATIONS RELATING TO SECURITIZATION DO NOT SUPPORT A CAUSE OF ACTION.</u>

Plaintiff claims the foreclosure was improper due to the investor purportedly being paid by the "master servicer".  [SAC, pars. 52-53.]   General challenges alleging that securitization stripped the ability to foreclose have been repeatedly rejected.  [*Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).]  "The argument that parties lose their interest in a loan when it is assigned to a trust pool…has been rejected by numerous courts." [*Logvinov v. Wells Fargo Bank*, 2011 WL 6140995 at *3 (N.D. Cal. 2011) (collecting cases).] The court in *Jones v. Countrywide Homeloan*, 2011 WL 2462845 at *5 (E.D. Cal. 2011), stated:

> It does not follow that any of the other entitlements of the lender of the Deeds of Trust, including the power to declare default, are transferred or lost because of the transfer or sale of the cash flow due from the

mortgage. Plaintiff cites no authority at all for the proposition that the sale or transfer or alienation of the promissory note changes, modifies, or eliminates the power of the designated beneficiary, here the lender. Given that the court can find no authority that supports Plaintiff's implicit legal proposition and can see good reason why the proffered legal proposition should be true, the court finds that the legal theory related to "securitization," to the extent it has been expressed at all, is completely without support.

And, as the court in *Bascos v. FHLMC*, 2011 WL 315706 at *6 (C.D. Cal. 2011) stated, "to the extent Plaintiff contends that defendants do not have the authority to foreclose because the loan was packaged and resold in the secondary market, this argument is rejected."   [citing *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. May 13, 2010).]   Additionally, "to the extent that Plaintiff's wrongful foreclosure claim is premised on the alleged securitization of the loan, "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action." [*Karimi v. GMAC Mortg.*, 2011 WL 5914006 at *5 (N.D. Cal. 2011).]   Plaintiff does not identify any facts indicating that any issue in securitization of the loan released her from obligations under it, or caused a wrongful foreclosure.

## 17.   **PLAINTIFF'S ASSERTIONS OF AN IMPROPERLY SIGNED ASSIGNMENT FAIL TO STATE A CLAIM.**

Plaintiff generally claims the Assignment was forged.  [SAC, par. 41].  But Plaintiff alleges no facts regarding such a conclusion.  This Court need not accept a conclusory statement regarding the signature.  Allegations regarding improperly or fraudulently signed documents must be based on some factual allegations made by Plaintiff based on personal knowledge of the events.  [*See Zinnel v. CitiMortgage, Inc.*, 2010 WL 3715079, *4 (E.D. Sept. 16, 2010); *see also Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL 2618729, *8-*9 (S.D. Cal. June 25, 2010) (dismissing the claim with prejudice finding, "Plaintiffs' allegations that the foreclosure was wrongful because Mr. Roger Stotts (who signed the assignment) did not have the authority to bind MERS are conclusory and not supported by any

facts."]  In this case, Plaintiff does not allege any personal knowledge as to her belief regarding the authority of the signers of the documents.

Furthermore, Plaintiff has not alleged facts disputing the Assignment and has not alleged what statute was purportedly violated or how she was prejudiced by it. [*See Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071 at \*5 (C.D. Cal. July 11, 2011).]  Indeed, Plaintiff does not identify any way in which the alleged execution of the Assignment injured her, such as causing the foreclosure or preventing her from curing the default so as to avoid foreclosure. [*See Javaheri v. JPMorgan Chase Bank, N.A.* (C.D. Cal. Aug. 13, 2012) 2012 WL 3426278 at \*6 ("the only injury [Plaintiff] alleges is the [] foreclosure on [her] home, which is the result of [her] default on [her] mortgage.  The foreclosure would occur regardless of what entity was named as trustee").]

## 18.    THE SECOND CAUSE OF ACTION FOR "CANCELLATION OF INSTRUMENTS" AND THIRD CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" MUST FAIL.

Through her second cause of action for Cancellation of Instruments, Plaintiff claims the July 2, 2007 Grant Deed was improperly altered to add the names of her co-signers, and thus "could not and did not convey anything to the Plaintiff." [SAC, par. 39.]  She also claims the Deed of Trust was thus void because it was premised on the Grant Deed and she purportedly had no interest in the Property to convey.   [SAC, pars. 39-40.]   Plaintiff alleges the subsequent Assignment, Substitution of Trustee, Notices of Default, Notices of Trustee's Sale, and the Trustee's Deed Upon Sale were consequently void and should be cancelled.  [SAC, pars. 40-47.]  She also claims the Assignment was "forged" and should thus be cancelled on that basis.  [SAC, pars. 41, 47.]

Through the Third Cause of Action for Wrongful Foreclosure, Plaintiff claims the foreclosure sale was wrongful, as it was based on the purportedly invalid Grant Deed and Deed of Trust.  [SAC, par. 50.]  She also contends the sale was "performed after the expiration of the applicable statute of limitations, which was

purportedly six years pursuant to California Commercial Code Section 3118(a). [SAC, pars. 26, 51.]  She further claims the foreclosure was improper due to the investor purportedly being purportedly paid by the "master servicer".  [SAC, pars. 52-53.]  For the reasons discussed above, and in this section, these causes of action are not supported by sufficient facts.

### A.      Plaintiff Fails to Allege any Irregularity With Particularity.

As noted above, under *Twombly* and in order to challenge a trustee's sale under California law, Plaintiff must allege any irregularity in the foreclosure process with particularity.  And, it is her burden to do so.  "The party seeking to set aside the sale has the burden of pleading and proof at trial of improper procedure and consequent prejudice."  [*Anderson v. Heart Federal Savings and Loan Assn.,* 208 Cal.App.3d 202, 209 (1989).]   Civil Code Section 2924(a) governs the commencement of the nonjudicial foreclosure process through the recording of a Notice of Default.  "Upon a trustor-debtor's default on a debt secured by a deed of trust, the beneficiary-creditor may elect to judicially or nonjudicially foreclose on the real property security."  [*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508.]   Plaintiff's allegations fail to demonstrate any basis to overturn the foreclosure sale.

As discussed above, any claim attacking foreclosure must demonstrate satisfaction of the tender requirement.  Tender is not alleged.

Beyond this, the claims attacking the Grant Deed and Deed of Trust are time barred, as they are based on purported conduct occurring in 2007.  And, the allegations as to the Grant Deed and post-execution alteration fail to support Plaintiff's claim, as the Grant Deed remained effective in its transfer of title to Plaintiff, as under *Lee v. Lee, supra.*  Plaintiff's claims attacking securitization of the loan, or an alleged issue in execution of the Assignment fail for lack of facts, as discussed herein.  Plaintiff's allegation that Commercial Code Section 3118(a) applies to time bar Loan Defendants' efforts in foreclosing, that contention fails as

1   that section is not applicable to deeds of trust.  The foreclosure sale here was within

2   the statutory period of Civil Code Section 882.020.

3           To the extent Plaintiff suggests the Notices of Default were improperly

4   recorded by Quality, those claims fail, as Quality was substituted as trustee prior to

5   the recording of the Notice of Trustee's Sale.  [*See* SAC, pars. 28-30.]  Civil Code

6   Section 2934a allows a notice of default to be recorded prior to a substitution of

7   trustee, as long as the substitution is recorded prior to a notice of trustee's sale.

8   [Civ. Code § 2934a(b), (c).]  Here, the Substitution of Trustee was recorded on

9   February 28, 2014 substituting Quality as successor trustee, and the Notice of

10  Trustee's Sale was not recorded until September 30, 2105.  [SAC, pars. 30, 32 and

11  RJN, Ex. "O".]  Civil Code Section 2934a states "[o]nce recorded, the substitution

12  shall constitute ***conclusive evidence*** of the authority of the substituted trustee."

13  [Civ. Code § 2934a(d) (emphasis added).]  Overall, no basis to overturn the

14  foreclosure sale is pleaded.

15          **B.      Plaintiff Fails to Allege Substantial Prejudice Due to any Defect.**

16          To challenge a trustee's sale based on any claimed irregularity in the

17  foreclosure process, a plaintiff must plead and prove substantial prejudice resulting

18  from the alleged defect.  [*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238,

19  1257 (2005).]  Plaintiff fails to allege any prejudice suffered as a result of any

20  irregularity in the foreclosure process.  Plaintiff does not deny defaulting on the

21  loan and does not allege actual tender of all amounts due.  Additionally, claims

22  related to improper securitization or invalid assignments fail as they cannot support

23  a claim for prejudice.  [*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256,

24  272 (2011) (finding no prejudice when "Plaintiff effectively concedes she was in

25  default, and she does not allege that the transfer to HSBC interfered in any manner

26  with her payment of the note...nor that the original lender would have refrained

27  from foreclosure under the circumstances presented.").]

28

### C.    Plaintiff Fails to Plead Specific Facts Indicating Any Instrument Was Invalid.

To cancel any instrument, the facts showing actual invalidity of an apparently valid instrument must be specifically pleaded.  [*Wolfe v. Lipsy*, 163 Cal.App.3d 633, 638 (1985).]  The basis for rescission, either mistake, fraud or duress, must be pleaded with specificity.  [*Stock v. Meek*, 35 Cal.2d 809, 815 (1950); *Wood v. Metzenbaum*, 107 Cal.App.2d 727, 730 (1950).]  Plaintiff fails to plead a valid basis for cancellation based on all the reasons discussed herein.

### 19.    CONCLUSION.

Loan Defendants respectfully requests this Court grant the Motion to Dismiss without leave to amend.

Dated:  December 28, 2017          KUTAK ROCK LLP


By: /s/ *Steven M. Dailey*
   Steven M. Dailey
   Attorneys for Defendants
   SELECT PORTFOLIO SERVICING,
   INC., THE BANK OF NEW YORK
   MELLON, F/K/A THE BANK OF
   NEW YORK, AS TRUSTEE, ON
   BEHALF OF THE HOLDERS OF
   THE ALTERNATIVE LOAN TRUST
   2007-HY9, MORTGAGE PASS-
   THROUGH CERTIFICATES SERIES
   2007-HY9 and MORTGAGE
   ELECTRONIC REGISTRATION
   SYSTEMS, INC.