1  Steven M. Dailey #163857
   Rebecca L. Wilson #257613
2  KUTAK ROCK LLP
   5 Park Plaza, Suite 1500
3  Irvine, CA  92614-8595
   Telephone: (949) 417-0999
4  Facsimile:  (949) 417-5394
   Email:      steven.dailey@kutakrock.com
5  Email:      Rebecca.wilson@kutakrock.com

6  Attorneys for Defendants SELECT PORTFOLIO SERVICING,
   INC.; THE BANK OF NEW YORK MELLON, F/K/A THE
7  BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE
   HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9,
8  MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-
   HY9 [erroneously sued as "THE BANK OF NEW YORK
9  MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE,
   ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE
10 LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH
   CERTIFICATES SERIES 2007-HY9" and "THE BANK OF NEW
11 YORK MELLON FKA THE BANK OF NEW YORK, AS
   TRUSTEE, FOR THE CERTIFICATE HOLDERS,
12 ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS
   TRHOUGH CERTIFICATES, SERIES 2007-HY9"];
13 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

14                  **UNITED STATES DISTRICT COURT**

15              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                 **SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| BILLIE RENE FRANCES LILIAN POWERS, | Case No.  8:17-CV-01386-DOC-KES |
| Plaintiff, | Assigned to<br>District Judge:  Hon. David O. Carter<br>Courtroom: 10C |
| v. | Assigned Discovery<br>Magistrate Judge:  Hon. Karen E. Scott |
| COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; COMMONWEALTH LAND TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS"; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A. ; BAC HOME LOANS SERVICING, LP; QUALITY LOAN SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON | **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUHORITIES IN SUPPORT THEREOF; DECLARATION OF STEVEN M. DAILEY**<br><br>[Federal Rule of Civil Procedure, Rules 12(f)] |

| | |
|---|---|
| BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES 2007-HY9; JON SECRIST; AND DOES 1 TO 10<br><br>Defendants. | Filed and served concurrently with:<br>1. Motion to Dismiss<br>2. Request for Judicial Notice<br><br>Date:   February 5, 2018<br>Time:   8:30 a.m.<br>Ctrm.:   9D<br><br>Date Filed:   August 11, 2017 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2018, at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D, of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"] will and hereby do move this Court for an order striking the below paragraphs and lines from Plaintiff's Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Loan Defendants will move this Court for an order striking the following language from the Second Amended Complaint:

**ALLEGATIONS REGARDING PUNITIVE DAMAGES**

This request is based on Plaintiff's failure to allege specific facts indicating "fraud, malice or oppression" and Plaintiff's failure to allege specific facts

indicating that Loan Defendants authorized or ratified any acts indicating "fraud, malice or oppression."

1. The words "In addition Plaintiff asks the court to award her punitive damages in the sum of 9 times the amount of compensatory damages as allowed by the United States Supreme Court in the case of <u>State Farm Mutual Automobile Ins. Campbell, 123 S. Ct. 1513 (2003)</u>," appearing at page 10, paragraph 55.

2. The words "For punitive damages in the sum of $63,000,000.00," appearing at page 11, paragraph 4 of the Prayer.

### ALLEGATIONS REGARDING EMOTIONAL DISTRESS

This request is based on Plaintiff's failure to identify any physical impact or physical injury in the Second Amended Complaint.

3. The words "In addition, Plaintiff has suffered severe emotional distress in a sum according to proof but not less than $5,000,000.00 arising from the stress, strains, distress and feelings of hopelessness of having her $2,000,000.00 home non-judicially foreclosed by an entity that had no ownership interest in the home but who wanted to effectively steal her home by being a substantially better financed adversary," appearing at page 10, paragraph 55.

### ALLEGATIONS REGARDING ATTORNEYS' FEES

This request is based on the fact that Plaintiff fails to plead a statutory or contractual basis for an award of fees.

4. The words "For reasonable attorney's fees," appearing at page 11, paragraph 4 of the Prayer.

### ALLEGATIONS REGARDING CREDIT IMPAIRMENT DAMAGES

Plaintiff's claim for damages for credit impairment is improper because those claims are preempted by federal law.

5. The words "such as the costs associated with the diminished credit rating resulting from foreclosure," appearing at page 10, paragraph 55.

1   This Motion is made following several attempts to meet and confer with
2   Plaintiff's counsel pursuant to Local Rule 7-3. [Declaration of Steven M. Dailey.]
3   This Motion is based on this Notice of Motion, the attached Memorandum of
4   Points and Authorities, the Request for Judicial Notice, the pleadings and records
5   on file herein, and upon such oral and documentary evidence as may be presented
6   by the parties at the hearing.

7   Dated: December 28, 2017        KUTAK ROCK LLP

                                    By: /s/ *Steven M. Dailey*
                                        Steven M. Dailey
                                        Attorneys for Defendants
                                        SELECT PORTFOLIO SERVICING,
                                        INC., THE BANK OF NEW YORK
                                        MELLON, F/K/A THE BANK OF NEW
                                        YORK, AS TRUSTEE, ON BEHALF OF
                                        THE HOLDERS OF THE
                                        ALTERNATIVE LOAN TRUST 2007-
                                        HY9, MORTGAGE PASS-THROUGH
                                        CERTIFICATES SERIES 2007-HY9 and
                                        MORTGAGE ELECTRONIC
                                        REGISTRATION SYSTEMS, INC.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"], hereby submit this Memorandum of Points and Authorities in Support of their Motion to Strike.

### **1.      INTRODUCTION AND STATEMENT OF FACTS.**

The facts are stated more thoroughly in the attendant Motion.  Briefly, however, Plaintiff BILLIE RENE FRANCIS LILLIAN POWERS ["Plaintiff"] filed this case attacking a foreclosure sale that occurred following her admitted refusal to make payments on her mortgage loan since 2010.  The Second Amended Complaint ["SAC"] fails to state a claim as against Loan Defendants. Preliminarily, Plaintiff lacks standing to assert claims relating to the Grant Deed or the Assignment due to her many bankruptcy proceedings, and she is judicially estopped from raising claims not disclosed on her bankruptcy schedules.  Plaintiff's attack on an alleged alteration of a Grant Deed recorded in 2007 fails, as those claims are time barred.  Further, the Grant Deed, which was alleged to be altered to add other borrowers, is not void as to Plaintiff.  She admits it was properly executed to convey title to her, and California case law dictates that the Grant Deed remained valid as to the intended grantee.  Beyond this, she suggests the loan should be rescinded, but she has not allege restoration of the loan proceeds.  Her wrongful foreclosure claim fails for lack of a procedural irregularity, and any attack on the presumptively valid sale also fails absent tender.  Her request to overturn the sale also fails as she does not name as parties the co-borrowers on the Deed of Trust, the party to whom she transferred title of the Property in 2007, and the person who purchased the Property in 2009 at a foreclosure sale under a junior lien.  Her failure

to include these parties subjects the pleading to dismissal under Rule 12(b)(7). The alleged facts and judicially noticeable documents reflect Plaintiff received the benefit of the loan proceeds, she defaulted under the loan, and foreclosure is permitted under the express language of the Deed of Trust.

First, Plaintiff's claim for punitive damages must be stricken. Plaintiff's allegations do not reflect any malicious intent or desire to cause Plaintiff any harm. Additionally, Plaintiff's SAC is devoid of any allegations indicating that any "officer, director or managing agent" of Loan Defendants committed any act of "fraud, malice or oppression."

Second, Plaintiff cannot recover emotional distress related damages based on the facts alleged in the SAC. In *Erlich v. Menezes*, 21 Cal.4th 543 (1999), the California Supreme Court definitively ruled that, except in certain narrow classes of cases, emotional distress is not available without a showing of physical impact or injury. Third, Plaintiff's request for attorneys' fees must fail as Plaintiff fails to plead a contractual or statutory basis for any award of fees. Fourth, Plaintiff's claims for damages for credit impairment are improper because those claims are preempted.

Accordingly, Loan Defendants respectfully request that this Court grant this Motion to Strike references to Plaintiff's claims for punitive damages, emotional distress related damages, attorneys' fees, and credit impairment damages, without leave to amend.

**2.      THIS COURT IS AUTHORIZED TO STRIKE "ANY REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATTERS.**

Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." [*LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)] "[T]he

function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." [*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1993).] An "immaterial" matter "has no essential or important relationship to the claim for relief." [*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).] An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." [*Id*. at 1527.] "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." [*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).]

### 3. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE STRICKEN.

#### A. Plaintiff Fails to Specifically Allege Wrongful Conduct Amounting to "Fraud, Malice or Oppression."

In determining whether punitive damages are available to a plaintiff, federal courts apply the substantive law embodied in California Civil Code section 3294. [*Jackson v. East Bay Hosp*., 980 F. Supp. 1341, 1353 (N.D. Cal. 1997).] Civil Code section 3294 codifies the long recognized principle that the law does not favor punitive damages and that they should be allowed only with the greatest of caution. [*Dyna-Med, Inc. v. Fair Employment and Housing Corn.*, 43 Cal.3d 1379, 1388 (1987); *Henderson v. Security National Bank*, 72 Cal.App.3d 764, 771 (1977).] Section 3294 specifies that a plaintiff may only recover punitive damages in an action for breach of an obligation where it is allegedly proven by that the defendant committed acts of ***malice, oppression,*** or ***fraud.*** Section 3294 defines malice, oppression and fraud as follows:

> (c) As used in this section, the following definitions shall apply:
>> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a

> willful and conscious disregard of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to a defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

The requirement of proving "despicable" conduct was added in 1987 by the California Legislature in an attempt to further limit claims for punitive damages. Despicable conduct is defined to mean conduct "which is so vile, base, contemptible, miserable, retched or loathsome that it would be looked down upon and despised by ordinary, decent people." [BAJI, 8th Ed., 1471.]

In *Ebaugh v. Rahkin*, 22 Cal.App.3d 891 (1972), the court reviewed the requirements of section 3294:

> [I]n order to warrant the allowance of punitive damages, the act complained of must not only be willful in the sense of intentional, but it must also be accompanied by aggravating circumstances, amounting to malice. The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. ***There must be an intent to vex, annoy or injure.*** Mere spite or ill will is not sufficient; and mere negligence, ***even gross negligence is not sufficient to justify an award of punitive damages.***
>
> The cases also point out that the only form of malice contemplated by Code of Civil Procedure section 3294 which creates the right to exemplary damages, is malice in fact [Citations]. Under general definition, malice in fact denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it. In ultimate analysis, malice in fact is malice of evil motive." [*Ebaugh* 22 Cal.App.3d at 894 (Emphasis in original).]

A plaintiff must allege, with specificity, the facts which constitute malice, oppression, and fraud. Conclusory allegations are insufficient to establish a claim for punitive damage. [*G.D. Searle & Co. v. Sup. Ct.*, 49 Cal.App.3d 22, 28-29 (1975).] Merely using the terms "fraudulent, oppressive and malicious" have uniformly been held to be inadequate to support a prayer for punitive damages.

[*Walton* v. *Anderson*, 6 Cal.App.3d 1003, 1009-1010 (1970); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973).]

Plaintiff does not allege a fraud claim as against Loan Defendants. Additionally, Plaintiff fails to plead specific facts indicating that Loan Defendants harbored any ill will or malice toward Plaintiff. Plaintiff does not contend that Loan Defendants' representatives threatened him in any manner. Accordingly, Plaintiff fails to plead specific facts indicating "fraud, malice or oppression."

**B.     Plaintiff Fails to Allege Wrongful Conduct by a Corporate Officer, Director or Managing Agent of Loan Defendants.**

Subdivision (b) of Civil Code section 3294 provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, ***unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct*** for which the damages are awarded or was personally guilty of oppression, fraud, or malice. (emphasis added)

In *Grieves v. Sup. Ct.*, 157 Cal.App.3d 159 (1984), the Court of Appeal affirmed the sustaining of a demurrer in favor of a corporate defendant. Addressing the claim for punitive damages against the corporate defendant, the court stated:

> [W]e fail to see how any of those allegations sets forth facts to show [corporate defendant's] advance knowledge, authorization or ratification. Also, absent from the Complaint is any assertion an officer, director, managing agent of corporate defendant] was personally responsible for any of the acts allegedly performed by [corporate defendant]. [*See Grieves* 157 Cal.App.3d at 168.]

Further, the court in *J. R. Norton Co. v. General Teamsters, Warehousemen and Helpers Union*, 208 Cal.App.3d 430, 445 (1989) noted,

> A corporation may be held liable for punitive damages for the acts of its agents and employees when the act is motivated by actual malice or done under circumstances amounting to oppression providing that the act is done with the knowledge or under the direction of corporate officials having the power to bind the corporation.

Like fraud, actions for punitive damages must be specifically pleaded. [*G.D. Searle & Co., supra,* 49 Cal.App.3d at p. 29.] Plaintiff fails to allege specific facts

indicating that any officer, director or managing agent of Loan Defendants directed any conduct amounting to "fraud, malice or oppression" so as to hold Loan Defendants liable for any punitive damages.

### 4. PLAINTIFF'S CLAIM FOR EMOTIONAL DISTRESS DAMAGES SHOULD BE STRICKEN.

Plaintiff seeks damages for emotional distress. However, Plaintiff appears to claim only economic loss. Plaintiff does not allege that she suffered any physical impact or physical injury. While "actual damages" may encompass certain categories damages, Plaintiffs allege only "pain and suffering" in general terms in a list of purported actual damages. [*See* Complaint, par. 146.] The Court in *Dewi v. Wells Fargo Bank, et al.,* 2012 WL 10423239, *9 (C.D. Cal. Aug. 8, 2012), found similar allegations to be insufficient. In *Dewi,* the court stated Plaintiff "alleges neither physical nor emotional injury; she merely identifies the category of 'pain and suffering' in a laundry list of categories of damages." The court stated, however, that "a plaintiff must support her claim for pain and suffering 'with something more than [her] own conclusory allegations,' such as specific claims of genuine injury." [*Dewi*, 2012 WL 10423239, at *9.] Plaintiff's general allegations were thus "insufficient to state a plausible entitlement to these damages" and the court granted a motion to strike the damages." [*Id.*]

Furthermore, under California law, the California Supreme Court in *Erlich v. Menezes*, 21 Cal.4th 543 (1999), definitively ruled that, except in certain narrow classes of cases, emotional distress is not available without a showing of physical impact or injury. In *Erlich*, homeowners filed an action against their contractor for breach of contract, fraud, negligent misrepresentation, and negligent construction. The plaintiffs claimed that they suffered emotional distress because of negligent construction and because the contractors had invasively and ineffectually attempted to repair it.

The California Supreme Court found that, because a plaintiff could not establish she suffered physical impact or injury, that plaintiff could not recover for emotional distress. The Court noted that not every negligence cause of action supports a claim for emotional distress. [*Erlich,* 21 Cal.4th 544 (citing *Smith v. Superior Ct.*, 153 Cal.App.3d 1008, 1012 (1984)).] The Court held, "a pre-existing contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff." [*Erlich,* 21 Cal.4th at 544.] Noting that the primary claim was for property damage, *Erlich* noted that emotional distress claims are not permitted in legal malpractice actions because "the foreseeability of serious emotional harm to the client and the degree of certainty that the client suffered such injury by loss of an economic claim are tenuous." [*Erlich,* 21 Cal.4th at 555.]

Prior to *Erlich*, recovery of emotional distress damage had been allowed, absent impact or physical injury, in certain specialized classes of cases. Where the negligence is of a type which will cause highly unusual as well as predictable emotional distress, recovery has been allowed. [*Allen v. Jones*, 104 Cal.App.3d 207, 215 (1980) (mishandling of the cremated remains of the plaintiff's brother); *Molien v. Kaiser Foundation Hosps.*, 27 Cal.3d 916, 930 (1980) (negligent advice to patient that she suffered from syphilis, resulting in severe distress to her husband).] Recovery has also been allowed when negligence arises in the case of bad faith refusal to pay insurance proceeds. [*Jarchova v. Transamerica Title Ins. Co.*, 48 Cal.App.3d 917, 946 (1975).] Additionally, emotional distress has been allowed through the witnessing of an injury to a close relative. [*Dillon v. Legg*, 68 Cal.2d 728, 740-741 (1968); *Thing v. La Chusa*, 48 Cal.3d 644, 669 (1989).]

None of these narrow categories allowing recovery of emotional distress is present here. In fact, emotional distress is disallowed in cases involving only economic injury even when the plaintiff allegedly suffers health problems as a result of the emotional distress. In *Cooper v. Sup. Ct.*, 153 Cal.App.3d 1008

(1984), the plaintiff sued defendant excavating company for damages to her home after the defendant negligently permitted its tractor to crash into the plaintiff's home. [*Id.* at 1010.] The plaintiff claimed that she suffered headaches and intestinal disorders as a result of the stress. [*Ibid.*] The court held that these physical manifestations of stress did not constitute "physical injury" and that damages for emotional distress were unrecoverable. [*Id.* at 1012.] Accordingly, Plaintiff's claims for emotional distress related damages should be stricken from the Second Amended Complaint.

### 5. PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES SHOULD BE STRICKEN.

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees." [*MRO Communs., Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).] Under California law, a plaintiff cannot recover attorneys' fees in the absence of either a contractual or statutory provision authorizing their recovery. [Code Civ. Proc. § 1021.] Plaintiff fails to state any valid statutory or contractual claim supporting the recovery of attorneys' fees, and the request should be stricken.

### 6. PLAINTIFF'S CLAIMS REGARDING CREDIT REPORTING ARE PREEMPTED BY THE FCRA.

Plaintiff seeks damages relating to contentions surrounding negative credit reporting on credit reports related to alleged errors. [SAC, par. 55.] However, Plaintiff's claims for damages relating to improper credit reporting are preempted by the express terms of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which addresses the responsibilities of parties who provide credit information. Section 15 U.S.C. § 1681t(b)(1)(F) of the FCRA dictates that no state may impose requirements or prohibitions on persons who furnish information to consumer reporting agencies. Specifically, section 1681t(b)(1)(F) provides "[n]o requirement or prohibition may be imposed under the laws of any State-[¶] (1) with respect to any subject matter regulated under-[¶] (F) section 1681s-2 of this title,

relating to the responsibilities of persons who furnish information to consumer reporting agencies." Section 1681s-2 governs the duties of furnishers of information to consumer reporting agencies. [15 U.S.C. § 1681s-2.] Thus, the FCRA "strictly limit[s] the availability of consumer's state remedies against furnishers of credit information." [*Sanai v. Saltz,* 170 Cal.App.4th 746, 773 (2009).] "While furnishers may be liable to private litigants under 15 U.S.C. § 1681s-2(b) based on the information they provide to credit agencies, [citation], it appears that Congress intended the FCRA to be the sole remedy against these furnishers." [*Howard v. Blue Ridge Bank,* 371 F.Supp.2d 1139, 1143 (N.D. Cal. 2005).] So too here, Plaintiff's stated claims relating to any damages from reporting of purportedly erroneous information to credit reporting agencies are preempted by the FCRA.

Multiple courts have held state laws and claims relating to furnishers of information to consumer reporting agencies are preempted by the FCRA. [*See Woods v. Protection One Alarm Monitoring, Inc.,* 628 F.Supp.2d 1173, 1186 (E.D. Cal. 2007) (granting summary judgment in state law defamation action based on failure to provide accurate information to credit reporting agency due to preemption by the FCRA; *Pirouzian v. SLM Corp.*, 396 F.Supp.2d 1124, 1130 (S.D. Cal. 2005) (holding RFDCPA claims regarding a purported failure to correct erroneous reporting were preempted by the FCRA); *Howard, supra,* 371 F.Supp.2d at 1142-43 (finding California Business and Professions Code section 17200 claims, and other claims stemming from purported inaccurate credit reporting, were preempted by the FCRA); *Roybal v. Equifax,* 405 F.Supp.2d 1177, 1178 (E.D. Cal. 2005) (finding plaintiffs' state law claims for negligence, negligent misrepresentation, violations of section 17200, the CFDCPA, and the Consumer Legal Remedies Act relating to inaccurate in being furnished to and reported by consumer reporting agencies were preempted by the FCRA).] So too here, Plaintiff's stated claims

///

relating to damages for reporting of purportedly erroneous information to credit reporting agencies are preempted by FCRA.

### 7. CONCLUSION.

Accordingly, Loan Defendants respectfully request that this Court grant this Motion to Strike references to Plaintiff's claims for punitive damages, emotional distress related damages, attorneys' fees, and credit impairment damages, without leave to amend.

Dated: December 28, 2017   KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
Steven M. Dailey
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.