ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
STEPHEN D. BRITT (State Bar No. 279793)
sxb@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
BANK OF AMERICA, N.A., successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (erroneously sued as Countrywide Bank, FSB)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION

| | |
|---|---|
| Billie Rene' Frances Lillian Powers,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9; AND ROGER LEE DELONG<br><br>　　　　　Defendants. | Case No. 8:17-cv-01386-DOC-KES<br>Hon. David O. Carter<br>Ctrm. 9D<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:　　February 5, 2018<br>Time:　　8:30 a.m.<br>Crtrm.:　9D<br><br>Action Filed:　September 20, 2017<br>Trial Date:　　None Set |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...............................................................................1

II.  STATEMENT OF FACTS ..................................................................2

III. APPLICABLE STANDARD OF REVIEW .......................................3

IV.  PLAINTIFF'S CANCELLATION OF INSTRUMENTS CLAIM FAILS ON MULTIPLE GROUNDS ..............................................4

    A.   Plaintiff's Claim Is Long Time-Barred ...................................5

    B.   Plaintiff Cannot Cancel The Instruments In Light Of Her Failure To Tender Her Outstanding Loan Obligation .........................6

    C.   Plaintiff Cannot Establish Any Prejudice Or Harm ...............7

V.   PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE ..............................................................................8

    A.   The Trustee's Sale Was Not Fraudulent ..................................8

    B.   Plaintiff Cannot Establish Any Prejudice Or Harm ...............9

    C.   Plaintiff Has Not Tendered The Debt ....................................10

    D.   Plaintiff's Commercial Code Section §3118 Theory Is Inapposite ......10

VI.  CONCLUSION ................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alicea v. GE Money Bank*,
  2009 WL 2136969 (N.D.Cal. 2009) ...................................................................... 10

*April Enterprises, Inc. v. KTTV*,
  147 Cal.App.3d 805 (1983) ................................................................................ 5, 6

*Arnolds Mgmt Corp. v. Eischen*,
  158 Cal.App.3d 575 (1984) ................................................................................ 6, 7

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ............................................................................................ 4

*Associated Gen. Contractors v. Metro. Water Dist.*,
  159 F.3d 1178 (9th Cir. 1998) (*citation omitted*) .................................................. 4

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) ................................................................................. 3

*Bell Atlantic Co. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Flack v. Boland*,
  11 Cal.2d, 103, 106 (1938). Civil .................................................................. 11, 12

*Fogarty v. Sawyer*,
  17 Cal.589 (1861) .................................................................................................. 7

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal.4th 797 (2005) ........................................................................................ 5, 6

*Gutierrez v. Mofid*,
  39 Cal.3d 892 (1985) ............................................................................................. 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.2d 1542 (9th Cir. 1989) ............................................................................... 3

*Hughes v. Beekley*,
  85 Cal.App. 313 (1927) ......................................................................................... 4

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013).................................................................................10

*Kaichen's Metal Mart, Inc. v. Ferro Cast Co.*,
  33 Cal.App.4th 8 (1995) ...............................................................................11, 12

*Kelley v. Mortg. Electronic Registration Systems, Inc.*,
  642 F.Supp.2d 1048 (N.D.Cal.2009)..................................................................6, 7

*Lesley v. Fay Serv., LLC*,
  2016 WL 3556601 (C.D.Cal.2016) .........................................................................7

*Miles v. Deutsche Bank Nat'l Trust Co.*,
  236 Cal.App.4th 394 (2015)...............................................................................8, 9

*Miller v. Bechtel Corp.*,
  33 Cal.3d 868 (1983) .........................................................................................5, 12

*Miller v. Provost*,
  26 Cal.App.4th 1703 (1995)..................................................................................11

*Moran v. GMAC Mortg., LLC*,
  2014 WL 3853833 (N.D.Cal. 2014) ........................................................................9

*Muktarian v. Barmby*,
  63 Cal.2d 558 (1965) .............................................................................................5

*Rockridge Trust v. Wells Fargo, N.A.*,
  985 F.Supp.2d 1110 (N.D.Cal. 2013)...................................................................10

*Service by Medallion v. Clorox Co.*,
  44 Cal.App.4th 1807 (1996)...................................................................................8

*Shimpones v. Stickney*,
  219 Cal. 637 (1934) ...........................................................................................6, 7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)............................................................................4, 12

*Stebley v. Litton Loan Serv., LLP*,
  202 Cal.App.4th 522 (2011).................................................................................10

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007).................................................................................3

*Ung v. Koehler*,
   135 Cal.App.4th 186 (2005) .................................................................................. 11, 12

*Van Buskirk v. Cable News Network, Inc.*,
   284 F.3d 977 (9th Cir. 2002) .............................................................................................. 3

*York v. Huerta-Garcia*,
   36 F.Supp.2d 1231 (S.D. Cal. 1998) ................................................................................. 4

*Yvanova v. New Century Mortg. Corp.*,
   62 Cal.4th 919 (2016) ...................................................................................................... 10

**Statutes**

Cal. Civ. Code §§291, 882.020 .............................................................................................. 12

CAL. CIV. CODE § 882.020 ..................................................................................................... 11

CAL. CIV. CODE § 2924(a) ....................................................................................................... 7

CAL. CODE CIV. PROC. §337 ................................................................................................... 5

California Civil Code section 2911 ...................................................................................... 11

California Civil Code sections 2911 and 882.020 ............................................................... 11

California Commercial Code section 3118 .................................................................... 10, 11

California Commercial Code Section 3118(a) .................................................................... 11

Civil Code section ............................................................................................................ 4, 11

Civil Code section 3412 .......................................................................................................... 4

Commercial Code Section §3118 ......................................................................................... 10

**Other Authorities**

4 Witkin, Cal. Procedure (5th ed. 2010) ................................................................................. 4

Federal Rules of Civil Procedure, Rule 8(a) .......................................................................... 3

### NOTICE OF HEARING ON MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on February 5, 2018, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above entitled Court, located at 411 W. 4th Street, Santa Ana, CA 92701 BANK OF AMERICA, N.A., successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (erroneously sued as Countrywide Bank, FSB) ("BANA")[1] will and hereby does move to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Billie Rene' Frances Lillian Powers ("Plaintiff"), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and is based on the grounds that the Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant and/or fails to state sufficient facts "to provide the grounds of [their] entitlement to relief."

This motion is made following counsel for BANA's attempts to telephonically meet and confer with counsel for Plaintiff on December 22, 2017, pursuant to L.R. 7-3 to discuss the instant motion. Because counsel for BANA was unable to get a hold of Plaintiff's counsel despite several attempts, the parties have been unable to reach a resolution which eliminates the necessity for a hearing.

This motion is timely noticed and filed pursuant to L.R. 6-1 because it is filed and served via ECF at least thirty-one (31) days before the motion day designated in this notice.

---

[1] It should be noted that Plaintiff no longer asserts any causes of action against Countrywide Bank, FSB, or ReconTrust Company, N.A. (See, SAC, generally.) As a result, these parties should be dismissed from the suit <u>with</u> prejudice.

1   This motion is based on this notice of motion and motion, the accompanying
2 memorandum of points and authorities, the Second Amended Complaint, all
3 pleadings and records on file in any and all related actions, all other records on file
4 in this action, and upon such other argument as may be presented at the hearing on
5 this motion.

7 DATED: December 28, 2017        SEVERSON & WERSON
                                  A Professional Corporation

                                  By: ___*/s/ Stephen D. Britt*___
                                          Stephen D. Britt

                                  Attorneys for Defendants
                                  BANK OF AMERICA, N.A., successor by
                                  April 27, 2009 de jure merger with Countrywide
                                  Bank, FSB (erroneously sued as Countrywide
                                  Bank, FSB)