# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's SAC asserts two causes of action challenging the trustee's sale of the subject property, based on her whimsical theory that no valid lien interest was created securing her $1.19 million loan against the subject property. Plaintiff contends that the Grant Deed which transferred her an interest in subject property was somehow tampered with by an unspecified party, who removed her name and added the names of the co-borrowers to the document. Based on this alleged scrivener's error, Plaintiff asserts she never had any property interest to secure her loan against the subject property. Plaintiff concludes that the Court should therefore cancel the deed of trust—and all subsequent documents in the recorded chain of title—without requiring her to repay a penny of her obligation.

Plaintiff's claims, however, are doomed by her own SAC admissions, the judicially noticeable documents, and all applicable legal authorities. A basic review of the Grant Deed reveals that it actually *did* grant Plaintiff a property interest, which she admits was provided to Countywide Bank, FSB, as security for her loan. Plaintiff thus provides absolutely no valid basis for asserting the lien interest was somehow "invalid" or "void." Plaintiff's SAC also admits: (a) she received the loan proceeds; (b) she defaulted on the loan; and (c) she never repaid the loan obligation before the trustee's sale. Plaintiff is thus entirely unable to establish any resulting injury from the alleged Grant Deed alterations. The law simply does not allow Plaintiff to collect and retain the loan proceeds, unwind the trustee's sale of the property, and strip the now foreclosed upon deed of trust from the property (without repaying her debt)—all based on her unfounded conclusions. Nor should it. To make matters even worse, both of Plaintiff's claims are barred by the applicable statutes of limitations.

Given the impossibility of curing any of the aforementioned fatal defects through further amendment, Defendant BANA respectfully requests the Court dismiss Plaintiff's two remaining causes of action asserted against it *with* prejudice.

1  II.   STATEMENT OF FACTS

Plaintiff alleges in 2007, she purchased the real property located at 40701 Ortega Highway, San Juan Capistrano, CA 92530 (the "Property") from Defendant Roger Lee Delong ("Delong") for $1,700,000. (SAC, ¶11.) To purchase the Property, Plaintiff obtained a $1,190,000 loan ("Loan") from Countrywide Bank, FSB ("Countrywide"), secured by a Deed of Trust ("DOT") recorded against the Property on July 2, 2007. (Request for Judicial Notice ("RJN"), Ex. A; SAC, ¶22.) Because Plaintiff did not independently qualify for this Loan, Louis J. Hanson and Jacqueline M. Hanson (collectively, "Co-Borrowers") co-signed on her behalf. (SAC, ¶20.) Plaintiff asserts that after the Loan funds were provided to her to purchase the Property, the Grant Deed conveying her property interest was "altered" by an unspecified party, who she claims added Co-Borrowers' names. (SAC, ¶21.) On July 2, 2007, a Grant Deed was recorded, reflecting that Delong had transferred the Property to Plaintiff and Co-Borrowers, as "joint tenants." (RJN, Ex. B.) Plaintiff took possession of the Property on July 2, 2007. (SAC, ¶24.)

On November 5, 2008, a Substitution of Trustee was recorded, reflecting that ReconTrust Company, N.A. ("ReconTrust") was the substituted trustee of record for the DOT. (RJN, Ex. C.) On May 19, 2010, the an assignment of the DOT was recorded, reflecting that the beneficial interest in the DOT had been assigned to The Bank of New York Mellon, fka Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2007-HY9 Mortgage Pass-Through Certificates, Series 2007-HY9 ("BONY"). (RJN, Ex. D; SAC, ¶27.)

Plaintiff admits that she ceased making any required Loan payments on January 1, 2010, and has not made any payments since. (SAC, ¶25.) As a result, on May 6, 2010, ReconTrust recorded a Notice of Default against the Property. (SAC, ¶26; RJN, Ex. E.)

On February 28, 2014, a second Substitution of Trustee was recorded, substituting Quality Loan Service Corporation ("Quality") as the DOT trustee of

record. (RJN, Ex. F; SAC, ¶30.) On September 25, 2014, Quality recorded a Notice of Default, reflecting that Plaintiff was approximately $356,429.14 in default on the Loan. (RJN, Ex. G; SAC, ¶31.) On September 30, 2015, Quality caused a Notice of Trustee's Sale to be recorded against the Property, reflecting an unpaid balance of approximately $1,719,511.24. (RJN, Ex. H; SAC, ¶32.) On August 8, 2016, the Property was sold at a trustee's sale, wherein it reverted to BONY. (SAC, ¶33, 34; RJN, Ex. I.) On August 16, 2016, a Trustee's Deed Upon Sale was recorded, reflecting the results of this sale. (RJN, Ex. I; SAC, ¶34.)

Thereafter, BONY obtained an unlawful detainer judgment and writ of execution against Plaintiff. The SAC alleges Plaintiff was evicted from the Property on or about September 20, 2017. (SAC, ¶¶24, 35.)

### III. APPLICABLE STANDARD OF REVIEW

Under Federal Rules of Civil Procedure, Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547 (2007). "[This] requires more than labels and conclusions. . . . [A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (*citation omitted*).

A Motion to Dismiss under Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. Dismissal is appropriate when a complaint fails to state a cognizable legal theory or where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In deciding such a motion, the Court can look to the face of the complaint, to documents attached thereto, and to those documents that are judicially noticeable. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

Although facts properly alleged must be construed most favorably to Plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (*citation omitted*). "Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation." *York v. Huerta-Garcia*, 36 F.Supp.2d 1231, 1234 (S.D. Cal. 1998), *citing North Star Intern v. Arizona Corp. Comm'n.*, 720 F.2d 578, 583 (9th Cir. 1983). "The court need not…accept as true allegations that contradict matters…by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* A court should first discard conclusory allegations and then determine whether the well-pled facts support a plausible inference of the underlying misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he mere possibility of misconduct" is insufficient. *Id.*, at 1950.

## IV. PLAINTIFF'S CANCELLATION OF INSTRUMENTS CLAIM FAILS ON MULTIPLE GROUNDS

Plaintiff's second cause of action is for cancellation of instruments. (SAC, ¶38-47.) Civil Code section 3412 provides: "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." "The action under [Civil Code section] 3412 to cancel a void or voidable instrument that clouds a title is a form of quiet title action, wholly different from the former action to rescind a contract." 4 Witkin, Cal. Procedure (5th ed. 2010) Pleading, § 543. An action under Civil Code section 3412 requires that the plaintiff plead facts showing that the instrument is either void or voidable. *Hughes v. Beekley*, 85 Cal.App. 313, 316 (1927).

In support of her cancellation requests, Plaintiff asserts conclusory allegations that the inclusion of Co-Borrowers on the Grant Deed caused it to be rendered "void" as a matter of law. (SAC, ¶39.) Plaintiff contends that the DOT must therefore be

"void," since she had no property interest to transfer to Countrywide as security for her $1.19 million Loan. (SAC, ¶40.) Plaintiff theorizes that with no genuine security interest having been created at the time of the execution of the DOT, any subsequent instruments related to the DOT were also "void" as a matter of law. (SAC, ¶¶41-46.) Plaintiff's theory is incurably defective for a number of reasons.

### A. Plaintiff's Claim Is Long Time-Barred

The statute of limitations period of a cancellation of instruments claim is not precisely defined, and generally depends on the underlying theory of recovery. See, *Muktarian v. Barmby*, 63 Cal.2d 558, 560 (1965). However, whether sounding in tort or contract or otherwise based on a written instrument, the limitations period does not any longer than four years. CAL. CODE CIV. PROC. §337.

Here, Plaintiff alleges fraudulent activity in the recording of the Grant Deed in 2007. She states "sometime between April 26, 2007 and July 2, 2007, the Grant Deed was materially altered…." (SAC, ¶39.) Plaintiff, however, did not initiate this lawsuit until 2017. Therefore her claim is time-barred by approximately 6 years. CAL. CODE CIV. PROC. §337.

It is anticipated that Plaintiff may attempt to rely on the "delayed discovery rule" in an attempt to toll the statute of limitations for this claim. To do so, Plaintiff was required to specifically plead facts on the face of the SAC, demonstrating: (1) the time and manner of discovery; and (2) her inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005). Courts construe the delayed discovery requirements strictly to discourage filing stale claims. See, *Miller v. Bechtel Corp.*, 33 Cal.3d 868, 874-76 (1983). It is thus a plaintiff's burden to establish facts showing they were not negligent in failing to make the discovery sooner and they had no actual or presumptive knowledge of facts sufficient to put them on notice. *April Enterprises, Inc. v. KTTV*, 147 Cal.App.3d 805, 833 (1983). A plaintiff cannot rely upon the delayed discovery rule when they have knowledge of information or circumstances to put a reasonable person on

inquiry, or if they have the opportunity to obtain knowledge from sources open to investigation. *Gutierrez v. Mofid*, 39 Cal.3d 892, 896-97 (1985). In such circumstances, the plaintiff is charged with presumptive knowledge of the injury. *Id*.

Here, Plaintiff fails to plead any facts related to the date and manner of discovery of the alleged Grant Deed defects, as required to rely on the delayed discovery rule. *Fox*, 35 Cal.4th at 808; SAC, generally. Nor can she, since she acquired the Loan and executed the DOT at essentially the same time the Grant Deed was recorded. (SAC, ¶¶21-23.) And, since the Grant Deed was a publicly recorded in the Official Records of Orange County on July 2, 2007 (SAC, ¶23), Plaintiff is charged with presumptive knowledge of any alleged defects as of that date. *Gutierrez*, 39 Cal.3d at 896-97. Plaintiff is thus precluded from salvaging her time-barred claim by relying on the delayed discovery rule. *Id*.; *April Enterprises, Inc.*, 147 Cal.App.3d at 833.

### B. Plaintiff Cannot Cancel The Instruments In Light Of Her Failure To Tender Her Outstanding Loan Obligation

In California, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); see also, *Arnolds Mgmt Corp. v. Eischen*, 158 Cal.App.3d 575, 577 (1984). Thus, to state a claim for quiet title, one must plead willingness and ability to tender the full amount of his indebtedness. *Kelley v. Mortg. Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009).

Here, Plaintiff does not allege that she has tendered the outstanding Loan obligation. (See, SAC, ¶¶25-34.) Nor can she, in light of the August 8, 2016 trustee's sale of the Property. (*Id.*) Instead, Plaintiff admits that: (a) she obtained and used the Loan proceeds to purchase the Property; (b) used the Property as collateral to obtain the Loan; and (c) did not make a single Loan payment between January 1, 2010 and the trustee's sale of the Property over six years later. (SAC, ¶¶21, 33, 34.) Plaintiff cannot have her cake and eat it too. Even assuming the Loan was tainted during its

origination (which it was not), Plaintiff would still not be able to keep the loan proceeds as recompense. *Shimpones*, 219 Cal. at 649; *Arnolds Mgmt Corp.*, 158 Cal.App.3d at 577; *Kelley*, 642 F.Supp.2d at 1057. Plaintiff would not be able to keep the benefit of the bargain while denying the benefit to the BANA and/or BONY; she must tender the loan balance if she seeks to invalidate the lien. *Id.*

"Because the foreclosure sale here [h]as already [been] completed, the tender rule applies and Plaintiff fails to state a claim" for cancellation of instruments. *Lesley v. Fay Serv., LLC*, 2016 WL 3556601, at *5 (C.D.Cal.2016).

### C. Plaintiff Cannot Establish Any Prejudice Or Harm

While the Property has been foreclosed upon and sold at trustee's auction, Plaintiff is unable to establish that this injury was caused by BANA. This is because: (a) Plaintiff admits she obtained an interest in the Property through the Grant Deed; and (b) Plaintiff explicitly admits she intentionally stopped making payments for almost seven years before the inevitable resulting trustee's sale of the Property. (SAC, ¶¶21, 25.) Foreclosure of property in the event of such extreme default is commonplace, and fully within the contractual rights and contemplation of the parties. Indeed, there is simply nothing wrongful or tortious about the exercise of the power of sale clause pursuant to a deed of trust, that is a principle of law that has been settled for quite some time. See, CAL. CIV. CODE § 2924(a); *Fogarty v. Sawyer*, 17 Cal.589 (1861) ("A mortgagor in this State may invest the mortgagee with a power to sell the premises upon default in the payment of the debt secured; and when the sale is conducted in accordance with the conditions of the power, and is fairly made, a good title will pass to the purchaser upon its consummation by a conveyance.")

Furthermore, Plaintiff's allegation that the "Grant Deed could not and did not convey anything to the Plaintiff" is verifiably false. Plaintiff's name appears in clear letters on the Grant Deed, as Plaintiff herself pleads. (See, RJN, Ex. B; SAC, ¶21.) Plaintiff avers "the Grant Deed was materially altered by the removal of Plaintiff as the sole grantee and the **insertion of the Plaintiff's name** and [the names of Co-

Borrowers]." (SAC, ¶39.) Plaintiff thus very clearly did have ownership of the Property, albeit shared with Co-Borrowers. (*Id.*; RJN, Ex. B.) Even if the inclusion of Co-Borrowers' names was fraudulent, that is of no legal significance to any claim brought by Plaintiff against BANA, since "[d]eception without resulting loss is not actionable fraud." *Service by Medallion v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996).

There is simply no harm where a property owner: (a) chooses to obtain a loan and simultaneously encumber the property with the granting of a lien interest, (b) default on the contractual obligation to repay the loan, and (c) permit the mortgagee to exercise the power of sale attendant to that lien interest. Plaintiff simply cannot establish any harm based on the alleged Grant Deed alterations, and her cancellation of instruments claim thus fails as a matter of law.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE

Plaintiff's third cause of action is for wrongful foreclosure. (SAC, ¶48-55.) The basic elements of a tort cause of action for wrongful foreclosure track the elements of an equitable cause of action to set aside a foreclosure sale. They are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal.App.4th 394, 408 (2015), citing *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (2011). Plaintiff here cannot establish any of the requisite elements to support her wrongful foreclosure claim.

### A. The Trustee's Sale Was Not Fraudulent

Like her cancellation of instruments claim, Plaintiff's wrongful foreclosure

cause of action is entirely based upon her failed theory that there was a "material alteration of the Grant Deed," which rendered both it and the DOT void as a matter of law. (See, SAC, ¶¶49-55.) As previously discussed, however, Plaintiff has failed to set forth any credible basis for challenging the legitimacy of the Grant Deed, which is she claims taints all of the title activity subsequent to its recording. Plaintiff also does not plead any factual or legal basis which would allow her to invalidate the DOT, keep the Loan proceeds, refuse to make a single loan payment for almost ten years. (See, SAC, ¶25, generally.) Nothing pleaded in the SAC would allow Plaintiff to demonstrate the trustee's sale of the Property was in any way illegal, fraudulent, or willfully oppressive, as required to state a viable claim. *Miles*, 236 Cal.App.4th at 408.

### B.     Plaintiff Cannot Establish Any Prejudice Or Harm

"In the context of home mortgages, neither the case law nor any statute creates a cause of action for individuals who have not suffered a distinct injury due to failures in the transfer of title." *Moran v. GMAC Mortg., LLC*, 2014 WL 3853833, at *5 (N.D.Cal. 2014). As set forth above, Plaintiff here fails to plead any facts which would establish any recognizable harm suffered as a result of the alleged alterations in the Grant Deed. Plaintiff cannot establish the DOT was invalid on the basis of not having been in possession of a valid interest in the property to offer as security, since Plaintiff's own SAC admissions reveal this simply is not true. In fact, she took title to the Property as a result of the Grant Deed recorded simultaneously with the DOT. (See, SAC, ¶¶21, 39; RJN, Exs. A, B.)

Furthermore, Plaintiff admits that her own refusal to make Loan payments for nearly ten years was what caused the nonjudicial foreclosure of the Property—not any claimed defect in the Grant Deed. (See, SAC, ¶21.) Plaintiff "admits in […] her SAC" that she obtained a $1.19 million loan, secured against the Property by the DOT, and "that she defaulted on her loan." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216

Cal.App.4th 497, 523 (2013) disapproved of on other grounds by *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919 (2016). Moreover:

> "It is also indisputable [Plaintiff's] default triggered the lawful enforcement of the power of sale clause in the deed of trust, and it was the triggering of the power of sale clause that subjected [Plaintiff's] home to nonjudicial foreclosure. As [Plaintiff's] home was subject to nonjudicial foreclosure because of [Plaintiff's] default on her loan […] [Plaintiff] cannot assert the [completed] foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions."

*Id*. Thus, since Plaintiff has "pled no facts indicating that the foreclosure sale, which has already occurred, would have been averted but for the alleged deficiencies in the foreclosure process," she cannot establish the element of prejudice required to state a valid wrongful foreclosure claim. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1148 (N.D.Cal. 2013).

### C. Plaintiff Has Not Tendered The Debt

"A full tender must be made to set aside a foreclosure sale, based on equitable principles." *Stebley v. Litton Loan Serv., LLP*, 202 Cal.App.4th 522, 526 (2011); see also, *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D.Cal. 2009). Here, Plaintiff does not allege that she has tendered the full amount due under her Loan, or that she was excused from doing so. (See, SAC, generally.) Plaintiff cannot rescind the trustee's sale of the Property without repaying the outstanding debt obligation. *Stebley*, 202 Cal.App.4th at 526; *Alicea*, 2009 WL 2136969, at *3.

### D. Plaintiff's Commercial Code Section §3118 Theory Is Inapposite

Buried in Plaintiff's wrongful foreclosure claim is her theory that the foreclosure should be set aside because it transpired beyond the allegedly applicable six year statute of limitations period, pursuant to California Commercial Code section 3118. (See SAC, ¶¶26, 51.) Plaintiff claims that when the loan was accelerated in May of 2010, that commenced the six year statute of limitations period under section

3118(a). (SAC, ¶26.) She further avers "[BANA and BONY] had knowledge that the applicable statute of limitations had expired and that the enforcement of the note was time barred." (SAC, ¶51.)

Plaintiff's appeal to this code section is misplaced. California Commercial Code section 3118 provides:

> (a) Except as provided in subdivision (e), an **action** to enforce the obligation of a party to pay a note payable at a definite time shall be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

(*emphasis added*). California Commercial Code section 3118 does not apply here to bar the foreclosure, since the trustee's sale of the Property occurred as a result of a ***nonjudicial* foreclosure**; <u>*not*</u> a judicial action. The statute of limitations pertaining to nonjudicial foreclosure under power of sale clauses contained in deeds of trust are governed by California Civil Code sections 2911 and 882.020; not California Commercial Code Section 3118(a). See, *Ung v. Koehler*, 135 Cal.App.4th 186, 190 (2005).

California Civil Code section 2911, enacted in 1872, provides that a lien is extinguished by the lapse of time within which, under the Code of Civil Procedure, an action can be brought upon the principal obligation. However, the running of the statute of limitations does not extinguish a power of sale conferred on a trustee by a deed of trust. *Kaichen's Metal Mart, Inc. v. Ferro Cast Co.*, 33 Cal.App.4th 8, 13 (1995); *Flack v. Boland*, 11 Cal.2d, 103, 106 (1938). Civil Code section 882.020 was enacted in 1982, providing that non-judicial foreclosure of a deed of trust may proceed until ten years after the maturity date of the obligation as specified in the recorded deed of trust. *Ung*, 135 Cal.App.4th at 193; *Miller v. Provost*, 26 Cal.App.4th 1703, 1708–09 (1995); see also, CAL. CIV. CODE § 882.020.)

Here, it is mathematically impossible for the non-judicial foreclosure on August 8, 2016, to occur more than ten years beyond the maturity date of the Loan, since it originated in July of 2007. (See, SAC, ¶¶22, 33, 34.) At that point, the loan was only about nine years into its life cycle. Plaintiff's allegations that the power of sale clause contained in the DOT had been extinguished are thus entirely without legal or factual support, and should be disregarded in their entirety. Cal. Civ. Code §§291, 882.020; *Ung*, 135 Cal.App.4th at 193; *Kaichen's Metal Mart, Inc.*, 33 Cal.App.4th at 13; *Miller*, 26 Cal.App.4th at 1708–09; *Flack*, 11 Cal.2d. at 106; see also, *Sprewell*, 266 F.3d at 988 (the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

As a result of the foregoing, Plaintiff's wrongful foreclosure claim remains incurably defective, and should be dismissed against BANA *with* prejudice.

## VI.   CONCLUSION

Based upon the foregoing, BANA respectfully requests the Court grant its motion to dismiss both of Plaintiff's remaining claims asserted against it with prejudice, dismiss it from the instant suit, and grant judgment in its favor.

DATED: December 28, 2017               SEVERSON & WERSON
                                       A Professional Corporation


                                       By:   */s/ Stephen D. Britt*
                                               Stephen D. Britt

                                       Attorneys for Defendants
                                       BANK OF AMERICA, N.A., successor by April 27, 2009 de jure merger with Countrywide Bank, FSB (erroneously sued as Countrywide Bank, FSB)