# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01386-DOC-KES                    Date: February 9, 2018

Title:  Billie Rene Frances Lillian Powers v. The Bank of New York Mellon, et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

|  Jazmin Dorado  |  Not Present  |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **Order DENYING Without Prejudice Motion to Produce Christopher Warren (Dkt. 47)**

On February 2, 2018, Plaintiff Billie René Frances Lillian Powers ("Plaintiff") filed a document entitled "Motion to Produce Christopher Warren" (the "Motion").[1] (Dkt. 47.) Plaintiff states that "[i]n preparation for trial of this issue," she is "requesting the Court to begin scheduling notice and arrangements" for the "production" of an individual named Christopher Warren as a "[w]itness for the Plaintiff." (Id. at 2.) According to Plaintiff, Mr. Warren is a "federal inmate" at Folsom State Prison. (Id.) Plaintiff asserts that Mr. Warren "operated his own mortgage loan servicing agency from 2002 through 2010," and "may be able to shed unique and valuable testimony to our jury and insight into the generally accepted and common pattern and practice of the mortgage loan servicing industry …." (Id. at 2-3.)

It is unclear from the Motion whether Plaintiff seeks to (1) obtain deposition testimony from Mr. Warren through the pre-trial discovery process; or (2) secure his appearance at trial.

If Plaintiff seeks pre-trial deposition testimony from Mr. Warren, then she is advised that such discovery is permissible only if it is relevant. See Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401. Generally, relevant testimony may be obtained from (1) percipient witnesses, i.e., persons who actually participated in the events described in the operative complaint; or (2) expert witnesses,

---

[1]  Although Plaintiff addresses the Motion to District Judge David O. Carter, discovery-related matters have been referred to the Magistrate Judge. (See Dkt. 4 (citing General Order No. 05-07).)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01386-DOC-KES                                    Date: February 9, 2018
                                                                          Page 2

i.e., persons qualified by knowledge, skill, experience, training, or education to opine on the facts at issue.  See Fed. R. Evid. 702.  If a party intends to offer expert testimony at trial, then the identity of the expert must be timely disclosed.  Fed. R. Civ. P. 26(a)(2)(A).  Where an expert witness is (1) "retained or specially employed to provide expert testimony;" or (2) employed by a party and regularly gives expert testimony, the expert disclosure must be accompanied by a written report containing, among other things, a complete statement of all opinions the expert witness will express and the basis and reasons for them.  Fed. R. Civ. P. 26(a)(2)(B); see Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (a treating physician testifying beyond the scope of treatment rendered must comply with Rule 26(a)(2)(B)'s expert witness written report requirement).  Moreover, even as to unretained experts, parties have an obligation to disclose the subject matter of their expected testimony, as well as a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

In this case, based on Plaintiff's description of Mr. Warren, it does not appear that he is a percipient witness.  Further, it is not apparent that Mr. Warren would qualify as an expert witness or would agree to testify in that capacity.  Therefore, it is not clear that Mr. Warren would be able to provide relevant evidence.

Nonetheless, if Plaintiff still desires to pursue Mr. Warren's deposition testimony, then she should serve a subpoena on him pursuant to Rule 45 of the Federal Rules of Civil Procedure, and seek leave from the Court to conduct a deposition of a person confined in prison.  See Fed. R. Civ. P. 30(a)(2)(B).  The Clerk is directed to attach to this order a blank copy of the Central District of California's approved subpoena form.  Any subpoena must be approved by the Court before it is issued.  Plaintiff should therefore complete the blank subpoena in full, and re-submit it to the Court.  It should be accompanied by a request for an order granting leave to depose Mr. Warren in prison.  That request should (1) state in detail Mr. Warren's connection to Plaintiff's claims; (2) advise why Plaintiff believes that Mr. Warren has specific information relevant this action; (3) state whether Plaintiff has had any communications with Mr. Warren regarding his testimony in this action or otherwise; (4) state whether Mr. Warren has testified as an expert in other matters; (5) confirm Mr. Warren's location; and (6) provide suggested dates and times for the deposition that provide all parties adequate notice.  Presuming that the Court authorizes the deposition and issues a subpoena, Plaintiff will be responsible for properly serving Mr. Warren with necessary documents, as well as for applicable travel and deposition costs.

Alternatively, if Plaintiff seeks an order securing Mr. Warren's appearance at trial, then that request is DENIED without prejudice.  This action remains at the pleadings stage.  Hearings on motions to dismiss are scheduled for March 5, 2018, and a scheduling conference has been set for March 26, 2018.  (Dkts. 42, 43.)  No trial date has been set.  An order relating to Mr. Warren's appearance at trial would therefore be premature.  Plaintiff may renew her request by raising it with the District Judge once a trial date has been set following the March 26, 2018, scheduling conference.

Initials of Deputy Clerk JD