UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Billie Rene Frances Lillian Powers | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 8:17-cv-01386-DOC-KES |
| v. | |
| The Bank of New York Mellon, et al., | NOTICE OF CLERICAL ERROR |
| DEFENDANT(S) | |

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☒ docket entry   have/has been corrected as indicated below.

Title of scanned document: MINUTES (IN CHAMBERS)

Filed date: February 9, 2018   Document Number(s): 49

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are: _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are: _____ .

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are: _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order 14-03, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____.

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ Date ENTERED on CM/ECF   was stamped on the document. The correct date is _____ .

☐ Document is missing page number(s): _____

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☒ Other:   Minute order is missing attachment.  A complete document is attached hereto.

CLERK, U.S. DISTRICT COURT

Date: February 9, 2018    By: Jazmin Dorado
                              Deputy Clerk

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01386-DOC-KES                            Date: February 9, 2018

Title: Billie Rene Frances Lillian Powers v. The Bank of New York Mellon, et al.

PRESENT:

#### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        **Order DENYING Without Prejudice Motion to Produce Christopher Warren (Dkt. 47)**

On February 2, 2018, Plaintiff Billie René Frances Lillian Powers ("Plaintiff") filed a document entitled "Motion to Produce Christopher Warren" (the "Motion").[1] (Dkt. 47.) Plaintiff states that "[i]n preparation for trial of this issue," she is "requesting the Court to begin scheduling notice and arrangements" for the "production" of an individual named Christopher Warren as a "[w]itness for the Plaintiff." (Id. at 2.) According to Plaintiff, Mr. Warren is a "federal inmate" at Folsom State Prison. (Id.) Plaintiff asserts that Mr. Warren "operated his own mortgage loan servicing agency from 2002 through 2010," and "may be able to shed unique and valuable testimony to our jury and insight into the generally accepted and common pattern and practice of the mortgage loan servicing industry …." (Id. at 2-3.)

It is unclear from the Motion whether Plaintiff seeks to (1) obtain deposition testimony from Mr. Warren through the pre-trial discovery process; or (2) secure his appearance at trial.

If Plaintiff seeks pre-trial deposition testimony from Mr. Warren, then she is advised that such discovery is permissible only if it is relevant. See Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401. Generally, relevant testimony may be obtained from (1) percipient witnesses, i.e., persons who actually participated in the events described in the operative complaint; or (2) expert witnesses,

---

[1] Although Plaintiff addresses the Motion to District Judge David O. Carter, discovery-related matters have been referred to the Magistrate Judge. (See Dkt. 4 (citing General Order No. 05-07).)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01386-DOC-KES                                                                   Date: February 9, 2018
                                                                                                                      Page 2

i.e., persons qualified by knowledge, skill, experience, training, or education to opine on the facts at issue. See Fed. R. Evid. 702. If a party intends to offer expert testimony at trial, then the identity of the expert must be timely disclosed. Fed. R. Civ. P. 26(a)(2)(A). Where an expert witness is (1) "retained or specially employed to provide expert testimony;" or (2) employed by a party and regularly gives expert testimony, the expert disclosure must be accompanied by a written report containing, among other things, a complete statement of all opinions the expert witness will express and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B); see Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (a treating physician testifying beyond the scope of treatment rendered must comply with Rule 26(a)(2)(B)'s expert witness written report requirement). Moreover, even as to unretained experts, parties have an obligation to disclose the subject matter of their expected testimony, as well as a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

In this case, based on Plaintiff's description of Mr. Warren, it does not appear that he is a percipient witness. Further, it is not apparent that Mr. Warren would qualify as an expert witness or would agree to testify in that capacity. Therefore, it is not clear that Mr. Warren would be able to provide relevant evidence.

Nonetheless, if Plaintiff still desires to pursue Mr. Warren's deposition testimony, then she should serve a subpoena on him pursuant to Rule 45 of the Federal Rules of Civil Procedure, and seek leave from the Court to conduct a deposition of a person confined in prison. See Fed. R. Civ. P. 30(a)(2)(B). The Clerk is directed to attach to this order a blank copy of the Central District of California's approved subpoena form. Any subpoena must be approved by the Court before it is issued. Plaintiff should therefore complete the blank subpoena in full, and re-submit it to the Court. It should be accompanied by a request for an order granting leave to depose Mr. Warren in prison. That request should (1) state in detail Mr. Warren's connection to Plaintiff's claims; (2) advise why Plaintiff believes that Mr. Warren has specific information relevant this action; (3) state whether Plaintiff has had any communications with Mr. Warren regarding his testimony in this action or otherwise; (4) state whether Mr. Warren has testified as an expert in other matters; (5) confirm Mr. Warren's location; and (6) provide suggested dates and times for the deposition that provide all parties adequate notice. Presuming that the Court authorizes the deposition and issues a subpoena, Plaintiff will be responsible for properly serving Mr. Warren with necessary documents, as well as for applicable travel and deposition costs.

Alternatively, if Plaintiff seeks an order securing Mr. Warren's appearance at trial, then that request is DENIED without prejudice. This action remains at the pleadings stage. Hearings on motions to dismiss are scheduled for March 5, 2018, and a scheduling conference has been set for March 26, 2018. (Dkts. 42, 43.) No trial date has been set. An order relating to Mr. Warren's appearance at trial would therefore be premature. Plaintiff may renew her request by raising it with the District Judge once a trial date has been set following the March 26, 2018, scheduling conference.

                                                                                                    Initials of Deputy Clerk JD

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____

|  |  |  |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _Defendant_ | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

_(Name of person to whom this subpoena is directed)_

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

_____

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).