**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KESx)                    Date: February 9, 2018

Title: BILLIE RENE FRANCES LILLIAN POWERS V. THE BANK OF NEW YORK MELLON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION TO DISMISS [48]**

On February 2, 2018, pro se Plaintiff Billie Rene Frances Lillian Powers ("Plaintiff") filed a Motion to Dismiss With Prejudice ("Motion") (Dkt. 48). In the Motion, Plaintiff asks the Court to dismiss the action in Plaintiff's favor "for Defendants [sic] failure to answer the amended complaint caused to be filed on December 14, 2017." Mot. at 2.

Plaintiff's Motion is improper for several reasons. First, if a defendant fails to timely respond to service of a complaint, the proper procedure for a plaintiff to follow is to seek entry of default and move for a default judgment pursuant to Federal Rule of Civil Procedure 55—not to file a motion to dismiss. *See* Fed. R. Civ. P. 55(a)–(b). Next, pursuant to Federal Rule of Civil Procedure 12, in response to being served with a complaint, a defendant may file a motion to dismiss—instead of an answer—within the deadline for serving a responsive pleading. *See* Fed. R. Civ. P. 12(a)–(b). If the court denies a defendant's motion to dismiss, the defendant must then serve a responsive pleading (i.e. an answer) within fourteen days of notice of the court's order denying the motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 17-1386-DOC (KESx) | Date: February 9, 2018 |
| | Page 2 |

     In this case, Plaintiff filed her Second Amended Complaint on December 14, 2017 (Dkt. 32). On December 28, 2017, well within the required time to serve a response to the Second Amended Complaint, Defendants filed Motions to Dismiss (Dkts. 35, 38) and a Motion to Strike (Dkt. 36). *See* Fed. R. Civ. P. 12. Accordingly, Defendants are not required to serve an answer or other responsive pleading until fourteen days after the Court rules on Defendants' Motions to Dismiss and Motion to Strike. *See* Fed. R. Civ. P. 12(a)(4)(A). Thus, Defendants have not failed to timely serve an answer to the Second Amended Complaint, as Plaintiff claims they have. *See* Mot. at 2. Accordingly, because Plaintiff's Motion is neither procedurally proper nor substantively meritorious, the Court DENIES Plaintiff's Motion.

     The Court once again warns Plaintiff that her deadline to oppose Defendants' Motions to Dismiss and Motion to Strike is **February 15, 2018**. *See* Order Resetting Dates for Defendants' Motions to Dismiss ("Order") (Dkt. 43). Plaintiff's opposition was originally due on or before January 15, 2018, but in the interest of resolving the claims on their merits, the Court already granted Plaintiff a one-month extension after Plaintiff failed to meet the original deadline. *See id.* The Court again warns Plaintiff that failure to timely file an opposition **could result in dismissal of her case in favor of Defendants** pursuant to Local Rule 7-12.

     The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djl |