# EXHIBIT A



**WEST COAST ESCROW**

6841 Quail Hill Parkway
Irvine, CA 92603
Phone (949) 854-7353 · Fax (949) 854-7152
Sheila.Knight@westcoastescrow.com

## ADDITIONAL ESCROW INSTRUCTIONS

**ESCROW OFFICER: SHEILA KNIGHT**          **BUYER'S COPY**          **ESCROW NO.: IR-15391-SK**
**DATE:  APRIL 17, 2007**

We the undersigned hand you a signed copy of California Residential Purchase Agreement and Joint Escrow Instructions, dated April 13, 2007.  Your duties as Escrow Holder are as set forth in Paragraph 28 of the Agreement.

**FOR CLARIFICATION PURPOSES, THE FOLLOWING SHALL APPLY:**

| | |
|---|---|
| **CASH DOWN PAYMENT:** (of which the sum of $20,000.00 has been deposited into escrow) | **$20,000.00** |
| New **FIRST TRUST DEED (CONVENTIONAL) LOAN:** | **$1,680,000.00** |
| **TOTAL PURCHASE PRICE:** | **$1,700,000.00** |

Subject property is located in the City of San Juan Capistrano, County of Orange, State of California, and is described as follows:

  See Exhibit "A" attached hereto and made a part hereof for complete legal description.

**PROPERTY ADDRESS:  40701 Ortega Highway, San Juan Capistrano, CA 92530**

**CLOSE OF ESCROW WILL BE ON:  June 14, 2007 or sooner by mutual agreement**

**TITLE IS TO BE VESTED IN:  Billie Rene Powers**

Escrow holder is instructed to correct the Grant Deed being delivered in the above numbered escrow to reflect the vesting designated by Buyer, over the signed, notarized signatures of Seller herein.

A.  **FINANCING:**  Buyer to apply, qualify for and obtain a **NEW CONVENTIONAL LOAN** in the amount of $1,680,000.00.  Buyer agrees to comply with the requirements of the lender for the new 1st Trust Deed loan.  Buyer's execution of lender's documents will signify Buyer's approval of all terms and conditions contained therein and Escrow Holder's authority to comply with lender's requirements.

Buyer understands it is Lenders responsibility to provide Buyer with copies of loan documents. In the event copies of all loan documents are not furnished by Lender, Escrow Holder is authorized to charge Buyer $50.00 to provide copies.

In the event loan documents are transmitted to Escrow Holder via email, it is understood that Escrow Holder will not be responsible for the correctness and/or contents of such loan documents.  Buyer agrees to pay a separate fee of $50.00 for this printing service, per set of documents, in addition to the copying charge as outlined above.

B.  **SATISFACTION OF CONTINGENCIES:**  Buyer will sign C.A.R. Form CR (Contingency Removal) outside of escrow that all contingencies have been removed and requires no action of the Escrow Holder.

C.  **EQUITY LINE OF CREDIT:**  In the event there is a Home Equity Line of Credit being paid off through this escrow, in addition to the payoff amount, the title company may require a hold up to the

SELLER INITIALS: _____  _____          BUYER INITIALS: _____  _____

51

# EXHIBIT B

52

RECORDING REQUESTED BY
EQUITY TITLE COMPANY

Recording Requested By:
D. PEREZ

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

75.00

**2007000417171 12:51pm 07/02/07**
105 27 D11 24

0.00 0.00 0.00 0.00 0.00 69.00 0.00 0.00 0.00 0 00

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
ELIZABETH SANTILLAN

125-120-27 _____ [Space Above This Line For Recording Data] _____

IR-15391-SK
[Escrow/Closing #]

00017102637806007
[Doc ID #]

# DEED OF TRUST

MIN 1001337-0002241128-7

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

**(A) "Security Instrument"** means this document, which is dated   JUNE 27, 2007        , together
with all Riders to this document.
**(B) "Borrower"** is
BILLIE RENE POWERS, AN UNMARRIED WOMAN, AND LOUIS J HANSON, AND JACQUELINE
M HANSON, HUSBAND AND WIFE AS JOINT TENANTS

**CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**
Page 1 of 16

-6A(CA) (0207)   CHL (08/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291
CONV/VA

**Form 3005  1/01**



* 2 3 9 9 1 *

* 1 7 1 0 2 6 3 7 8 0 0 0 0 0 1 0 0 6 A *

53

DOC ID #: 00017102637806007

Borrower's address is
40701 ORTEGA HWY, SAN JUAN CAPISTRANO, CA 92530
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
Countrywide Bank, FSB.
Lender is a FED SVGS BANK
organized and existing under the laws of THE UNITED STATES
Lender's address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
(D) "Trustee" is
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRIVE, MSN:TO-02, THOUSAND OAKS, CA 91360
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this
Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated   JUNE 27, 2007               . The
Note states that Borrower owes Lender
ONE MILLION ONE HUNDRED NINETY THOUSAND and 00/100

Dollars (U.S. $ 1,190,000.00      ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than   JULY 01, 2037           .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners association
or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage
to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

VMP -6A(CA) (0207)        CHL (08/05)           Page 2 of 16                              Form 3005  1/01

54

DOC ID #: 00017102637806007

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of ORANGE :

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 125-120-27                               which currently has the address of
          40701 ORTEGA HIGHWAY, SAN JUAN CAPISTRANO                    ,
                                    [Street/City]

California    92530     ("Property Address"):
           [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

-6A(CA) (0207)      CHL (08/05)        Page 3 of 16                    Form 3005 1/01

55

DOC ID #: 00017102637806007

but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

-6A(CA) (0207)        CHL (08/05)              Page 4 of 16                          Form 3005  1/01

5 6

DOC ID #: 0001710263780600

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

-6A(CA) (0207)         CHL (08/05)              Page 5 of 16                    Form 3005  1/01

57

DOC ID #: 00017102637806007

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

58

DOC ID #: 00017102637806007

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

-6A(CA) (0207)          CHL (08/05)          Page 7 of 16          Form 3005 1/01

59

DOC ID #: 00017102637806007

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

-6A(CA) (0207)        CHL (08/05)                Page 8 of 16                              Form 3005 1/01



DOC ID #: 00017102637806007

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

-6A(CA) (0207)          CHL (08/05)              Page 9 of 18                          Form 3005 1/01

6 \ 1

Branch : [illegible]

DOC ID #: 00017102637906007

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

-6A(CA) (0207)         CHL (08/05)              Page 10 of 16                        Form 3005  1/01

62

DOC ID #: 00017102637806007

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

-6A(CA) (0207)          CHL (08/05)              Page 11 of 16                              Form 3005  1/01

63

DOC ID #: 00017102637896007

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

64

DOC ID #: 0001710263730600?

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

 -6A(CA) (0207)        CHL (08/05)              Page 13 of 16                        Form 3005 1/01



DOC ID #: 00017102637806007

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.





-6A(CA) (0207)          CHL (08/05)          Page 14 of 16          Form 3005  1/01

DOC ID #: 0001710263780600?

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
BILLIE RENE POWERS                          -Borrower

_____ (Seal)
LOUIS J. HANSON                             -Borrower

_____ (Seal)
JACQUELINE M. HANSON                        -Borrower

_____ (Seal)
                                            -Borrower

-6A(CA) (0207)        CHL (08/05)        Page 15 of 16        Form 3005  1/01

67

State of California

County of Orange

DOC ID #: 00017102637806007

} ss.

On June 27, 2007 before me, Sheila Knight, Notary Public personally appeared

Billie Rene Frazier

_____ , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)

SHEILA KNIGHT
Commission # 1446233
Notary Public - California
San Diego County
My Comm. Expires Oct 20, 2007

-6A(CA) (0207)      CHL (08/05)        Page 16 of 16                    Form 3005  1/01

LOAN #: 171026378

# FIXED/ADJUSTABLE RATE RIDER

(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this TWENTY-SEVENTH   day of
JUNE, 2007            , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
Countrywide Bank, FSB.

("Lender") of the same date and covering the property described in the Security Instrument and located at:
40701 ORTEGA HIGHWAY
SAN JUAN CAPISTRANO, CA 92530-_____
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE
TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT
BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A.   ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of            7.000 %. The Note also
provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of
JULY, 2012        , and the adjustable interest rate I will pay may change on that day every
12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate,
and each date on which my adjustable interest rate could change, is called a "Change Date."

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)(d)                    Page 1 of 5





---

69

LOAN #: 171026378

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO & ONE-QUART percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.000 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 12.000 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 2 of 5

70

LOAN #: 171026378

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B.1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 3 of 5

71

LOAN #: 171026378

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 4 of 5

72

LOAN #: 171026378

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_Billie Rene Powers_ _____ (Seal)
BILLIE RENE POWERS                                    -Borrower

_Louis J. Hanson, attorney in fact_ _____ (Seal)
LOUIS J. HANSON                                      -Borrower

_Jacqueline M. Hanson, attorney in fact_ _____ (Seal)
JACQUELINE M. HANSON                                 -Borrower

_____ (Seal)
                                                     -Borrower

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 5 of 5

73



**Equity Title Company**

2112 E. 4th Street, Suite 100
Santa Ana, CA 92705
(714) 972-4200  Phone
(714) 972-4254  Fax

## *Government Code 27361.7*

**I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:**

Name of Notary: *Sheila Knight*

Commission Number: *1446233*

County Where Bond is Filed: *Orange*

Date Commission Expires: *10-20-07*

Vendor Number: *NNA1*

Place of Execution: SANTA ANA, CA

Date: *7-2-07*

Signature:

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE ILLEGIBLE PORTION OF THIS DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

PLACE OF EXECUTION:   SANTA ANA, CA                    DATE

EQUITY TITLE COMPANY SIGNATURE

74

Prepared by: ELIZABETH SANTILLAN

**Countrywide Bank, FSB.**

Branch #: 0000100
2500 E IMPERIAL HWY , STE 198
DATE:         06/27/2007                    BREA, CA 92821
CASE #:                                     Phone: (714)255-8300
DOC ID #:    00017102637806007             Br Fax No.: (714)255-8495
BORROWER: BILLIE RENE POWERS
PROPERTY ADDRESS: 40701 ORTEGA HIGHWAY
                    SAN JUAN CAPISTRANO, CA 92530-_____

## LEGAL DESCRIPTION EXHIBIT A

**FHA/VA/CONV**
• Legal Description Exhibit A
1C404-XX (04/03)(d)





75

EXHIBIT "A"

BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION
17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE
RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS
OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33° 22' EAST, ALONG SAID BOUNDARY
LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING
AT THE SOUTHEASTERLY CORNER OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN
BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0° 03' 19"
WEST, TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17,
BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND
MALVINA CRISTIN; THENCE SOUTH 88° 50' EAST, ALONG THE NORTH LINE OF SAID EAST
ONE-HALF OF SAID SECTION 17, A DISTANCE OF 487.03 FEET; THENCE SOUTH 0° 03' 09"
EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY
LINE; THENCE SOUTH 33° 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03
FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

# EXHIBIT C

RECORDING REQUESTED BY:
EQUITY TITLE COMPANY

AND WHEN RECORDED MAIL TO:

Billie Rene Powers et al.
40701 Ortega Highway
San Juan Capistrano, CA 925302

Order No.: OR0750981
Escrow  No.: IR-15391-SK
A.P.N.: 125-120-27

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## POWER OF ATTORNEY
### SPECIAL

KNOW ALL MEN BY THESE PRESENTS:  That I, Jacqueline M. Hanson, the undersigned (jointly and severally if more than one, hereinafter collectively "principal"), hereby make, constitute and appoint Billie Rene Powers principal's true and lawful attorney to act for principal and in principal's name, place and stead and for principal's use and benefit:
TO CONTRACT FOR, PURCHASE, BUY, MORTGAGE, HYPOTHECATE OR OTHERWISE ENCUMBER, ASSIGN AND TRANSFER, EXECUTE ANY AND ALL DOCUMENTS, TO SECURE PAYMENT OF A NEGOTIABLE OR NON-NEGOTIABLE NOTE, OR PERFORMANCE OF ANY OBGLIGATIONS OR AGREEMENT THEREWITH NECESSARY REGARDING THE PURCHASE OF PROPERTY LOCATED AT: 40701 ORTEGA HIGHWAY, SAN JUAN CAPISTRANO, CA 92530
IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

See Exhibit "A" attached hereto and made a part hereof for complete legal description.
Principal hereby grants to said attorney in fact full power and authority to do and perform each and every act and thing which may be necessary, or convenient, in connection with any of the foregoing, as fully, to all intents and purposes, as principal might or could do if personally present, hereby ratifying and confirming all that our said attorney in fact shall lawfully do or cause to be done by authority hereof.

Wherever the context so requires, the singular number includes the plural.
WITNESS my hand this ___15___ day of ___JUNE___, 20_07_.

Dated:  June 15, 2007

STATE OF CALIFORNIA
COUNTY OF ___ORANGE___                              } SS.     _Jacqueline M. Hanson_
                                                                           Jacqueline M. Hanson
On ___June 15, 2007___ before me
___DANIEL F. PERRY___
Notary Public, personally appeared
___Jacqueline M. Hanson___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
                   Signature of Notary

DANIEL E. PERRY
Commission # 1659056
Notary Public - California
Orange County
My Comm. Expires Apr 13, 2010

(This area for official notarial seal)

78

## POWER OF ATTORNEY

June 15, 2007

I, Louis J. Hanson and Jacqueline M. Hanosn  give power of attorney to
Bille Rene Powers to act on our behalf of the property at 40701 Ortega Highway,
San Juan Capistrano,Ca., 925302  to Quick Claim Deed this property to
 Billie Rene from Louis J. and Jacqueline M.

_____

Louis J. Hanson

_____

Jacqueline M. Hanson

79

RECORDING REQUESTED BY:
**EQUITY TITLE COMPANY**

**AND WHEN RECORDED MAIL TO:**

Billie Rene Powers et al.
40701 Ortega Highway
San Juan Capistrano , CA 925302

Order No.: OR0750961
Escrow  No.: IR-15391-SK
A.P.N.: 125-120-27

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# POWER OF ATTORNEY
## SPECIAL

KNOW ALL MEN BY THESE PRESENTS:  That I, Louis J. Hanson, the undersigned (jointly and severally if more than one, hereinafter collectively "principal"), hereby make, constitute and appoint Billie Rene Powers principal's true and lawful attorney to act for principal and in principal's name, place and stead and for principal's use and benefit:
**TO CONTRACT FOR, PURCHASE, BUY, MORTGAGE, HYPOTHECATE OR OTHERWISE ENCUMBER, ASSIGN AND TRANSFER, EXECUTE ANY AND ALL DOCUMENTS, TO SECURE PAYMENT OF A NEGOTIABLE OR NON-NEGOTIABLE NOTE, OR PERFORMANCE OF ANY OBGLIGATIONS OR AGREEMENT THEREWITH NECESSARY REGARDING THE PURCHASE OF PROPERTY LOCATED AT: 40701 ORTEGA HIGHWAY, SAN JUAN CAPISTRANO, CA 92530**
IN THE COUNTY OF **ORANGE**, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

See Exhibit "A" attached hereto and made a part hereof for complete legal description.
Principal hereby grants to said attorney in fact full power and authority to do and perform each and every act and thing which may be necessary, or convenient, in connection with any of the foregoing, as fully, to all intents and purposes, as principal might or could do if personally present, hereby ratifying and confirming all that our said attorney in fact shall lawfully do or cause to be done by authority hereof.

Wherever the context so requires, the singular number includes the plural.
WITNESS my hand this 15th day of June, 2007.
Dated: June 15, 2007

STATE OF CALIFORNIA
COUNTY OF  Orange                              ) ss.

On  June 15, 2007  before me
Sheila Knight                                              _Louis J. Hanson_
Notary Public, personally appeared              Louis J. Hanson
Louis J. Hanson

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) (is)are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Sheila Knight_
                Signature of Notary

SHEILA KNIGHT
Commission # 1446233
Notary Public - California
San Diego County
My Comm. Expires Oct 20, 2007

(This area for official notarial seal)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ORANGE ⎰⎱

On June 15, 2007 before me, DANIEL E. PERRY
_____Date_____                    _____Name and Title of Officer (e.g., "Jane Doe, Notary Public")_____

personally appeared Louis J Hanson and
                                _____Name(s) of Signer(s)_____

Jacqueline M. Hanson

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

DANIEL E. PERRY
Commission # 1658056
Notary Public - California
Orange County
My Comm. Expires Apr 13, 2010

Place Notary Seal Above

Signature _____
                    Signature of Notary Public

——————————— **OPTIONAL** ———————————
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: Power of Attorney

Document Date: June 15, 2007          Number of Pages: 1

Signer(s) Other Than Named Above: none

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402     Item No. 5907 v609     Reorder: Call Toll-Free 1-800-876-6827

81

# EXHIBIT D

82

RECORDING REQUESTED BY:
**EQUITY TITLE COMPANY**

AND WHEN RECORDED MAIL TO:
Billie Rene Powers
40701 Ortega Highway
Area of Lake Elsinore , CA 92530

Order No.: OR750981
Escrow No.: IR-15391-SK
A.P.N.: 125-120-27

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||||||    **32.00**

**2007000417170 12:51pm 07/02/07**

105 27 G02 3

935.00 935.00 20.00 0.00 6.00 0.00 0.00 0.00.

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $1,870.00          CITY TRANSFER TAX IS $.00
[ X ]      computed on full value of property conveyed, or
[   ]      computed on full value less value of liens or encumbrances remaining at time of sale.
[   ]      unincorporated area      [ X ] City of San Juan Capistrano AND          ← not City —

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Roger Lee Delong, a single man**

hereby GRANT(S) to   **Billie Rene Powers, An Unmarried Woman, and Louise J. Hanson, and
Jacqueline M. Hanson, Husband and Wife as joint tenants**

the following described real property in the County of **Orange**, State of California:
  See Exhibit "A" attached hereto and made a part hereof for complete legal description.

Dated:  April 24, 2007

STATE OF CALIFORNIA
COUNTY OF ___RIVERSIDE___          } ss.

On APRIL 26, 2007 _____before me
___NANCY FRYE GANZON   NOTARY PUBLIC___
Notary Public, personally appeared
___ROGER LEE DELONG___
_____

personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies) and that
by his/her/their signature(s) on the instrument the
person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____, NOTARY PUBLIC
                Signature of Notary
Commission Expiration Date: _____11/5/2010_____

_Roger Lee Delong_
**Roger Lee Delong**

NANCY FRYE GANZON
COMM. #1703328
NOTARY PUBLIC • CALIFORNIA
RIVERSIDE COUNTY
Comm. Exp. NOV. 5, 2010

(This area for official notarial seal)

MAIL TAX STATEMENTS TO:  Billie Rene Powers, 40701 Ortega Highway , Area of Lake Elsinore , CA 92530

83

# EXHIBIT E

RECORDING REQUESTED BY
Billie Rene Powers
40701 Ortega Highway
San Juan Capistrano CA 92530

AND WHEN RECORDED MAIL TO
Ms Billie Rene Powers

40701 Ortega Highway

San Juan Capistrano. CA 92530

APN: 125-120-27

Recorded in Official Records. Orange County
Tom Daly, Clerk-Recorder

32.00

2007000431113 12:13pm 07/10/07

111 200 G02 3
0.00  0.00  20.00  0.00  6.00  0.00  0.00  0.00

# GRANT DEED

Documentary transfer tax is None. "This conveyance transfers the grantors'
interest to a California limited liability company formed by one of the grantors"

Unincorporated area of Orange County X incorporated area of City of San
Juan Capistrano, Orange County, California.

Mail tax statements to:  same address as above.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
GRANTORS Billie Rene Powers, Louis J. Hanson and Jacqueline M. Hanson,
Husband and Wife hereby GRANT TO Rancho Sonata, LLC as to that real property
located in the City of San Juan Capistrano, County of Orange, State of California,
located at 40701 Ortega Highway, San Juan Capistrano, California 92530, and
more fully described in Exhibit A, attached hereto and incorporated by reference.

Dated: _____

_____
Billie Rene Powers

_____
Louis J. Hanson

_____
Jacqueline M. Hanson

85

ss

**County of Orange**

On 7/10/07 before me, Matthew Martinez, a notary public in and for the State of California, personally appeared Billie Rene Powers proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and by her signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)

**State of California**

ss

**County of Orange**

On 7/10/07 before me, Tiffany M. Johnson a notary public in and for the State of California, personally appeared Louis J. Hanson proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)



**State of California**

ss

**County of Orange**

On 7/10/07 before me, Matthew Martinez, a notary public in and for the State of California, personally appeared Jacqueline J. Hanson proven to be on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and by her signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

Signature _____ (Seal)



86

# EXHIBIT F

THIS IS THE ASSIGNMENT OF DEED OF TRUST RECORDED INTO COUNTY RECORDERS OF ORANGE COUNTY, SIDE BY SIDE IT DOES NOT MATCH THE ONE SENT BY SELECT PORTFOLIO SERVICING, INC. AS PROOF OF THEIR SERVICING RIGHTS. SPS HAS BEEN MADE AWARE OF THE FRAUDULENT DOCUMENTS BEING SENT AND HAS CONTINUALLY SENT THE ALTERED ONE. THIS ONE HAS A BAR CODE FOR THE RECORDATION INTO THE COUNTY RECORD, THE ALTERED ONE SPS SENDS HAS THE BAR CODE IN A DIFFERENT PLACEMENT ON THE DOCUMENT, HAS A SEPARATE BAR CODE AND THE NUMBER HAND WRITTEN UNDER THE APN NUMBER DOES NOT MATCH THE HAND WRITING USED ON THE ALTERED ONE. THE ALTERATION OF THIS DOCUMENT, ITS LATE ASSIGNMENT DATE TO THE TRUST ARE BOTH REASONS THIS DOCUMENT IS VOID. FRAUD = VOID, and why the notary bond was awarded to me. *On September 2, 2016 i found new evidence of this counterfeit document not known to me before. The Depositor, Countrywide Home Loans, Inc., was not referenced in the assignment and would of had to been referenced, the depositor is omitted. Also, done as an accommodation only.

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY
Recording Requested by:
MORTGAGE ELECTRONIS REGISTRATION SYSTEMS, INC. (MERS)

AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:

BAC HOME LOANS SERVICING, LP (CWF)
400 NATIONAL WAY, MS SV-46
SIMI VALLEY, CA 93065

10-03190
APN: 125-120-27

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||| |||||||| ||||| |||||          9.00

2010000564031 04:30pm 10/26/10
37 482 A32 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

4693821

SPACE ABOVE THIS LINE FOR RECORDER USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFERS TO:

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/27/2007, EXECUTED BY: BILLIE RENE POWERS AND LOUIS J. HANSON AND JACQUELINE M. HANSON, TRUSTOR, TO RECONTRUST COMPANY, N.A., TRUSTEE AND RECORDED ON 07/02/2007 UNDER INSTRUMENT NO. 2007000417171, OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF ORANGE COUNTY, IN THE STATE OF CALIFORNIA. APN: 125-120-27

DESCRIBING THE LAND THEREIN:  AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST/MORTGAGE

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED:  OCT 1 9 2010

MORTGAGE ELECTRONIS REGISTRATION SYSTEMS, INC. (MERS)

State of:  California                    )

County of:  Ventura                     )

BY: _____

Nichole Clavadetscher
Certifying Officer

On  OCT 1 9 2010  before me,  Jon Secrist _____, notary public, personally appeared  Nichole Clavadetscher
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of _____ California _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

JON SECRIST
Commission # 1893947
Notary Public - California
Ventura County
My Comm. Expires Jul 24, 2014

88

# EXHIBIT G

89

# IVICKI HANTS
## BONDING COMPANY™

2100 FLEUR DRIVE
(515) 243-8171
FAX (515) 243-3854

## PROOF OF CLAIM - NON-CONSTRUCTION

The filing of this form does not constitute acceptance of the claim or waiver of any defenses by Merchants Bonding Company (Mutual).

State of _California_

County of _ORANGE_

The undersigned, being duly sworn, deposes and says: I _BILLIE POWERS_ _____ (print name) hold the position shown below, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

### ALL ITEMS BELOW MUST BE LEGIBLY COMPLETED. IF NONE, OR NOT APPLICABLE, SO STATE.

| Name and Address of Claimant (include phone & fax) | Name and Address of Surety's Principal on Bond |
|---|---|
| _BILLIE POWERS_ _40701 Ortega Hwy._ _San Juan Capistrano Ca._ _92675_ _949-648-3655  main LAKE ELSIORE Ca 92530_ | _Jon Secrist_ _unknown_ |

| Legal Status of Claimant | Surety's Bond Number |
|---|---|
| ☐ Corporation   ☐ Partnership   ☑ Individual | _CAI 138847_ |

**Description of Claim**

_Jon Secrist NOTARIZED a forgery of a corporate assignment of DEED of TRUST. With a robo signer signature. That was a second such document filed during a foreclosure period. THE DOCUMENT was recorded illegally creating damages to me Signer were many company we are THESI_

| Previous Notice Given | | | Computation of Claim |
|---|---|---|---|
| To | Date | How | _we are notice to FBI and authorities too._ |
| Surety | | | |
| Principal | | • | |

| Has this claim been assigned by claimant? | If Yes, To Whom (including address & phone) |
|---|---|
| ☐ YES   ☐ NO | |

| Liens or Encumbrances on claim filed by claimant? | If Yes, Date Filed |
|---|---|
| ☐ YES   ☐ NO | |

**Other relevant information**

_I know that the U.S. vs. Bank of America lawsuit Records this very issue as Criminal and at SUSSEX County Ma. The Recorders office has been voiding all illegally filed documents like this. Documents indicated already sent for proof also. emails._

A copy of each document which you feel is relevant to the claim is attached and made a part of this affidavit.
A copy of each written notice alleged to have been given is attached and made a part of this affidavit.
THIS AFFIDAVIT IS MADE TO INDUCE MERCHANTS BONDING COMPANY (MUTUAL) AS SURETY, ON THE ABOVE BOND, TO SETTLE THE CLAIM HEREIN SET FORTH.

_Billie Powers_
(Signature of Person making affidavit)

_SELF- Homeowner_
(Title or Position)

Signed and sworn to before me on _12/6_ _____, 20 _12_, said subscriber being known to me and known by me to be the person described in the above instrument.

_Vickie Hunt_
Notary Public

SUP 0116 (1/12)

VICKIE HUNT
Commission # 1944232
Notary Public - California
Orange County

90

# EXHIBIT H

91



# MERCHANTS
# BONDING COMPANY™
COMMON SENSE SURETY SINCE 1933

*Claims Office*

November 29, 2012

Ms. Billie Powers
40701 Ortega Highway
Lake Elsinore, CA  92530

RE:    Jon Secrist
        Notary Bond No, CA1 138847
        Claim No. D595

Dear Ms. Powers:

We acknowledge receipt of your November 16, 2012 e-mail and  attached documentation asserting a claim against the captioned notary.  Please be advised that our office investigates claims pursuant to the California Fair Claims Settlement Practices Regulations (California Code of Regulations Title 10, Section 2695.1-2695.14), as applicable. In accordance with those Regulations, attached is a summary of the applicable benefits, coverage, time limits, statutes and regulations which may or may not affect the outcome of this claim, upon which Merchants will reply in processing this claim.



For your information, a notary and his/her bond may only be held liable for actual damages sustained as a result of official misconduct or negligence in the performance of notarial service while acting in the official capacity of a notary public.   A notary cannot be held liable for damages if the alleged notarial misconduct and/or negligence did not result in a monetary loss to you nor can a notary be held liable for damages if the alleged damages stemmed from any reason other than official misconduct or negligence in the performance of notarial duties.  In other words, the notarization in question must be the proximate cause of the alleged damages in order for the notary bond to be held liable.  For example, IF your alleged damages were caused by your failure to pay the loan you procured, even if the notarization in question was somehow technically deficient, there would be no right of recovery on the notary bond. Another example would be IF you were to prove that you were mislead regarding the loan you procured, even if the notarization in question was somehow technically deficient, there would be no right of recovery on the notary bond..

As you may know, the main duty of the notary is to verify the identity of the signer of the document in question. When the validity of the signature is not in dispute, the purpose of the notarization is served and no damages can be proximately caused by any technical violation of the notary statute.   In this connection, please provide me with documentation to support that the signature of Nicole Clavendetschen as it appears on the document in question, is not her genuine signature.



As I indicated above, a notary and his/her bond may be held liable for actual damages sustained as a result of official misconduct or negligence in the performance of notarial service.  In this connection, enclosed is our Proof of Claim form which needs to be completed and returned to me, together with document to support the actual amount of damages you are claiming as a result of the alleged notarial misconduct.

Direct line: (623) 444-6958 -- E-Mail:  kmcpart@merchantsbonding.com -- Fax: (515) 243-3854

Merchants Bonding Company (Mutual), Merchants National Bonding, Inc. and affiliated companies.
2100 Fleur Drive, Des Moines, IA 50321 1-800-678-8171 www.merchantsbonding.com



Ms. Billie Powers
November 29, 2012
Page 2

The notarized document that you provided is a form called Corporate Assignment of Deed of Trust. Based on our review of the information you provided, it appears that the bank is apparently alleging that you became delinquent on your mortgage loan making it necessary for the bank to take foreclosure action on its security. In this connection, please provide me with a copy of your loan agreement with the bank and all correspondence you have had with the bank regarding the loan. In addition, if any legal proceedings have been commenced regarding the loan, either by you or the bank, please provide me with all pleadings filed in such legal proceedings.

Upon receipt of all of the requested information/documentation, we will be in a better position to proceed with our investigation of your claim.   In the meantime, if you have any questions, please do not hesitate to contact me. Otherwise, I look forward to receiving the requested information/documentation at your earliest convenience.

Merchants reserves all rights, defenses and remedies that may be available to our Principal and/or Merchants Bonding Company under the bond, any and all applicable law and equity, excluding, but not limited to, any applicable suit limitation period.   Nothing herein shall be construed as an admission of liability on the part of Merchants or our Principal.

Very truly yours,

Kim McPartland
Claims Examiner

Enclosures

93



*Claims Department*

## California Fair Claims Settlement Practices Regulations

Pursuant to Subchapter 7.5 of the California Code of Regulations, known as the California Fair Claims Settlement Practices Regulations, Merchants has adopted and implemented reasonable standards and guidelines aimed at ensuring a prompt and expedient investigation and, if appropriate, processing of your bond claim. This summary will serve to advise you of the applicable benefits, coverage, time limits, statutes and regulations which may or may not affect the outcome of your claim and upon which Merchants Bonding Company will rely in processing your claim.

## TIME LIMITS FOR CLAIM PROCESSING

In accordance with the California Code of Regulations sections 2695.10(b) and (c), and to the extent it has adequate information, Merchants Bonding Company will respond to your claim within 40 calendar days after receiving your claim documentation. To that end, Merchants Bonding Company will either (1) accept or reject your claim, in whole or in part, and either affirm or deny liability or (2) inform you that Merchants is unable to make a determination regarding the validity of your claim. If the latter scenario applies, Merchants will notify you with the reasons for the inability to make a determination regarding your claim within the initial 40-day time period. If Merchants cannot accept or deny your claim within the 40-day time period, it can have additional 30-day increments to continue its investigation, or if the determination cannot be made until some event, process, or third party determination is made, then Merchants Bonding Company shall comply with this requirement by advising you of the situation and provide an estimate as to when the determination can be made.

## THE NOTARY PUBLIC BOND

### A    COVERAGES AND BENEFITS UNDER THE BOND

The penal sum of the notary bond is $15,000.00. The Bond language, the law of suretyship, set forth in California Civil Code section 2787 through 2856, the law of notaries public, set forth in California Government Code sections 8200 through 8230, the law of bonds and undertakings set forth in California Code of Civil Procedure section 995.010 through 996.560, and with the judicial decisions interpreting them, define the coverage and benefits under the Bond. Under California law, and under the Bond's terms, Merchants Bonding Company cannot be held liable beyond the express terms of its obligations. Therefore, Merchants' liability for breaches of the condition of the bond cannot exceed $15,000.00.

*2100 Fleur Drive*
Des Moines, IA 50321

94

Summary
Page two

Please be advised that certain actions may exonerate Merchants Bonding Company's obligations. California Civil Code section 2819 provides:

> A surety is exonerated, except so far as he or she may be indemnified by the Principal, if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended.

B.    APPLICABLE STATUTE OF LIMTIATIONS

California Code of Civil Procedure section 338 is the statute of limitations applicable to claims on California Notary Public Bonds.

C.    REVIEW BY CALIFORNIA DEPARTMENT OF INSURANCE

In accordance with Section 2695.10(B) of the CA Code of Regulations, claimants are entitled to have claim matters reviewed by the California Department of Insurance, Claims Services Bureau. Their address is 300 S. Spring Street, 11th Floor, Los Angeles CA 90013; telephone #1-800-927-4357

**************************************************************************************************

All prior or subsequent communications are not, nor should you construe them as, a waiver of Merchants Bonding Company's rights and/or defenses with respect to the claim asserted. Furthermore, this communication and all prior or subsequent communications are not, nor should you construe them as an admission of liability by Merchants Bonding Company. The foregoing is merely Merchants Bonding Company's attempt to inform you of the benefits, coverage, time limits and other provisions of the Bond and the pertinent statutes and regulations that Merchants may rely upon to process the claim asserted.

# EXHIBIT I

94

MERCHANTS BONDING COMPANY (MUTUAL)
2100 FLEUR DRIVE
DES MOINES, IA 5032.

Red Wing, MN

February 27, 2013

PAY TO THE ORDER OF  Billie Powers                                                $ 15,000.00

Fifteen Thousand  Dollars And No Cents                                                DOLLARS

VOID AFTER 120 DAYS

IN PAYMENT OF   Settlement

MEMO   D595        Jon Secrist            0          50001

AUTHORIZED SIGNATURE

⑈⑈030841⑈  ⑆091900465⑆01201447 12⑈

---

**MERCHANTS BONDING COMPANY (MUTUAL)**                                    030841

Billie Powers                              15,000.00        2/27/2013

D595        Jon Secrist            0          50001

IN PAYMENT OF   Settlement

97

# EXHIBIT J

98

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

*$ R 0 0 0 6 3 6 8 5 8 0 $*

2013000661629 12:21 pm 12/06/13
19 405 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

TS No.: CA-13-548432-VF
Order No.: 130074861-CA-MAI
APN No.: 125-120-27

Space above this line for Recorder's use

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is **$304,305.74** as of **12/5/2013** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in

99

TS No.: **CA-13-548432-VF**

**that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dated: *12-5-2013*                  **Quality Loan Service Corp., Trustee**

By: **Dorian Bradley, Assistant Secretary**

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

*$R00069915893*

2014000390481 4:10 pm 09/25/14
105 409 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

TS No.: CA-14-615928-HL
Order No.: 140052960-CA-APt
APN No.: 125-120-27

Space above this line for Recorder's use

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is $356,429.14 as of 9/23/2014 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the

101

time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9**
**C/O Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711**

if you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 6/27/2007, executed by **BILLIE RENE POWERS , AN UNMARRIED WOMAN, AND LOUIS J HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB.,** as beneficiary, recorded 7/2/2007, as Instrument No. 2007000417171, of Official Records in the Office of the Recorder of **ORANGE** County, California describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of **$1,190,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 11/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security,**

## CALIFORNIA DECLARATION OF COMPLIANCE
## (CAL.CIV.CODE § 2923.55(c))

Loan Number:      0013002803      *Fraudulent #*

Borrower Name:    BILLIE POWERS

Address:          40701 ORTEGA, LAKE ELSINORE, CA 92530      *← Fraudulent Address*

Beneficiary:      The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9      *— VOID — NO Assignment*

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

1) [ ]   On _____ contact was made with the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2).

2) [ ]   On _____ the due diligence efforts were satisfied. No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code § 2923.55(f).

3) [ ]   The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee pursuant to California Civil Code §2920.5(c).

4) [ ]   The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit; there is no order on the court's docket closing or dismissing the bankruptcy case pursuant to California Civil Code §2920.5(c).

5) [X]   The provisions of California Civil Code §2923.55 do not apply because the property is not owner occupied as defined by California Civil Code §2924.15.      *NOT TRUE! Family home has been all along!*

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code §2923.5.

Dated:      **APR 0 3 2013**

By: _____      Denise Weston, Document Control Officer

Select Portfolio Servicing, Inc. as authorized agent of Beneficiary

*Dated April 2013 = 17 months earlier!*

*103*

all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: 9/23/14

Quality Loan Service Corp., Trustee

By: Ellene Barnett, Assistant Secretary

104

# EXHIBIT K

105

DOC # 2013-0193594
04/24/2013 02:38 PM Fees: $28.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: AGONZALEZ

Recording requested by:

When recorded mail to:

Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101
619-645-7711

TS No.: CA-13-548432-VF                                    Space above this line for recorders use
Order No.: 130074861-CA-MAI
APN. No.: 125-120-27
MERS MIN No.: 1001337-0002241128-7MERS Telephone No. 1-888-679-6377

# Substitution of Trustee

WHEREAS, BILLIE RENE POWERS , AN UNMARRIED WOMAN, AND LOUIS J HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS was the original Trustor, RECONTRUST COMPANY, N.A. was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB. was the original Beneficiary under that certain Deed of Trust dated 6/27/2007 and recorded on 7/2/2007 as instrument No. 2007000417171,    of Official Records of ORANGE County, CA; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust,

NOW, THEREFORE, the undersigned hereby substitutes QUALITY LOAN SERVICE CORPORATION as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

104

TS No.: CA-13-548432-VF
Page 2

Select Portfolio Servicing, Inc. as Attorney in Fact
for
The Bank of New York Mellon, f/k/a The
Bank of New York, as trustee, on behalf of
the holders of the Alternative Loan Trust
2007-HY9, Mortgage Pass-Through
Certificates Series 2007-HY9

By: Jim Paulford, Document Control Officer   4/16/2013

State of: __Utah__

County of: __Salt Lake__

On this __11/16/13__ before me __L.C. Birkinshaw__ a notary public personally appeared __Jim Mulford__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies); and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of __Utah__ that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____ (NOTARY SEAL)
Signature

L. C. BIRKINSHAW
Notary Public  State of Utah
My Commission Expires on:
August 3, 2016
Comm. Number: 657569

DOC #2013-0193594  Page 2 of 2 04/24/2013 02:38 PM

107

# EXHIBIT L

108

August 27, 2014

RE: 2007000417170

To Whom It May Concern

My name is Nancy F. Ganzon and this is my affidavit to the act of fraud that was perpetuated against my Notary Public commission #1703328.

On April 26, 2007 I notarized a grant deed for Roger Lee Delong where he granted Billie Rene Powers his real property located in the City of Orange. This notary took place in our place of business, MailStop, etc. located in Lake Elsinore, California. This business was closed in April of 2013.

A few days ago, as I was attempting to clear up space on my laptop, I came across some messages in my Facebook account. I don't normally access Facebook on my laptop. I work primarily off of my smart phone. I discovered that there were two in-boxes and was shocked to see messages from earlier this year. My smart phone Facebook app does not allow me to see this secondary messaging inbox.

One of these messages was from Billie Rene Powers explaining her situation and her attempts to locate me. She was trying to avoid having to file a claim against my notary bond. I immediately got in touch with her. She was requesting the page from the date and year of the grant deed that had been notarized. I gladly provided this information to her as is my duty to do so under the laws of my commission.

She in turn provided me with a copy of the Grant Deed in question. As evidenced in my journal, I did in fact notarize a Grant Deed for Roger Lee Delong. The fraud committed against me and Roger Lee Delong occurred after I did the original notary.

This copy of the Grant Deed clearly shows that the document had been fraudulently manipulated and was committed by Equity Title Company, West Coast Escrow and or Countrywide. When and where in the process the fraud occurred is not known to any of us.

The clearest point of fraud is evident in the area where Roger Delong is granting real property. That font is a typewriter font as evidenced in the strike marks specific to typewriters. This font does not match any of the original fonts that are commonly used in preparing these Grant Deeds. The second point of fraud points to the area next the acknowledgment. It is easily missed but it is a copy of a Whiteout mark. This is clear evidence that someone had tried to cut and paste the lower part of the acknowledgement to a new Grant Deed and attempted to clean up the copy marks. The last area that stands out to me is the area where I have written in the specifics of the notary including my signature. My signature specifically because it has been significantly lightened up and this would occur if a copy of my original signature had been done and repeated copies taken in the cut and paste process.

As a Notary Public for the State of California, I have to take continued education classes to keep up to date on current laws pertaining to my position. I also as a condition of my commission, have to be sworn in and swear that I will uphold my duties to the best of my abilities and with fiduciary duty to both the State and the general public. I am required to require a Bond and or additional insurance. This means that I can incur both criminal and monetary damages for errors committed in the process of my doing my job.

I have always taken my position very seriously. I am astounded at the criminality of this act against myself and my commission. This is an attack against my integrity and my livelihood. Billie Rene Powers, in her attempt to locate me first went to our former place of business not knowing we had closed up shop last year. Her first instinct upon seeing that we were gone and because I had not immediately responded to her message on Facebook, was to think the worse of me and first thought that I might have been in cahoots with these criminals.

I have provided Billie Rene Powers with copies of my journal page as per her request.

I take this personal as my integrity is something I have always stood for and has made me a stand out amongst my competitors. Knowing that I could be held liable for damages if I had done this criminal act, I would like to know what is going to be done by those responsible for this act of fraud committed against myself and Billie Rene Powers.

I would like a response to this question as soon as possible as I believe this act to be as scandalous as the recent discovery of robo-signers. The continued criminality committed against homeowners has to end now.

If there are any further questions pertaining to this affidavit I can be contacted at 951-907-8563. If my voicemail is reached, please be sure to leave a message and I will return your call as soon as possible.

Sincerely,

Nancy Ganzon

110

## ACKNOWLEDGMENT

State of California
County of _Riverside_ )

On _11/18/2014_ before me, _Teresa M. Rivera, Notary Public_
(insert name and title of the officer)

personally appeared _Nancy Ganzon_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**TERESA M. RIVERA**
Comm. #1961372
Notary Public-California
Riverside County
My Commission Expires
November 21, 2015

Signature _____ (Seal)

111

# EXHIBIT M

112

This Document was electronically recorded by
CR South County D

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

When Recorded Return To:
Billie Rene' Frances Lillian Powers
c/o General Postal Delivery 31103 Rancho Viejo Rd
San Juan Capistrano, California, [92675]

||||||||||||||||||||||||  35.00
2014000497266 04:07pm 11/18/14
276 405 G02 F13 3
0.00 0.00 20.00 0.00 6.00 0.00 0.00 0.00

Prepared by:
Common Law Office Of America
P.O. Box 31285
Honolulu, Hawaii [96820]

# THIS SPACE ABOVE PROVIDED FOR RECORDER'S USE ONLY:

## GRANT DEED

The undersigned Grantor declares that this transfer is exempt from the documentary transfer tax and that the tax owed is $0.00.

Grantor further declares this is a bona fide gift and Grantor receives nothing in exchange. (R&T Code 11911).

THE GRANTOR(S),
- Rancho Sonata, LLC, BILLIE RENE POWERS, managing member,
for and in consideration of: One Dollar ($1.00) and other good and valuable consideration grants

to the GRANTEE(S):
- Billie Rene' Frances Lillian Powers, 40701 ortega hwy, San Juan Capistrano, California, [92675],
the following described real estate, situated in the County of Orange, State of California:

(LEGAL DESCRIPTION): SEE EXHIBIT A

Not Subject to existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record the grantor hereby covenants with the Grantee(s) that Grantor is lawfully seized in fee simple of the above granted premises and has good right to sell and convey the same.

Tax Parcel Number: 125-120-27

113

**Grantor Signatures:**

DATED: _11/17/2014_

_Billie Rene Powers as managing member for Rancho Sonata LLC_

BILLIE RENE POWERS, managing member, on behalf of
Rancho Sonata, LLC
40701 ortega hwy
san juan capistrano, California, [92675]

Documentary transfer tax owed is $0.00 .

STATE OF CALIFORNIA
COUNTY OF ORANGE

On ___11/17/2014___ before me, _Vickie Hunt_____, personally
appeared BILLIE RENE POWERS, managing member, on behalf of Rancho Sonata, LLC,
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Vin Hnt_____ (Notary Seal)
Signature of Notary Public

```
VICKIE HUNT
Commission # 1944232
Notary Public - California
Orange County
My Comm. Expires Jul 15, 2015
```

114

## EXHIBIT A

Beginning at the intersection of the West Line of the
East one-half of Section 17, township 6 South, Range 5
West, San Bernardino Base and meridian, and the Riverside
and Orange County boundary line, as per F.B. 113, Page
114, Records of Riverside County, California, thence
North 33 degrees 22' East, along said boundary line a
distance of 1,533.47 feet, more or less, to true point of
beginning, being at the Southeasterly corner of land
conveyed to Marcel and Malvina Cristin by deed on file in
Book 2089 page 99 of official records; thence North 0°
03' 19" West, to a point on the North line of said East
one-half of said section 17, being at the Northeast
corner of said land conveyed to said parcel and Malvina
Cristin; thence South 88° 50' East, along the north line
of said East one-half of said section 17, a distance of
487.03 feet; thence South 0° 03'09" East to the
intersection with the said Riverside and Orange County
boundary line; thence South 33° 22" West, along said
boundary line, a distance of 884.03 feet, more or less,
to the true point of beginning.

# EXHIBIT N

116

Recording Requested by Beneficiary
and after recording return to:

Billie-Rene'-Frances-Lillian: Powers

P.O. Box 1501

Newport Beach, California [zip exempt]

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

72.00

\* S R O 0 0 7 6 9 2 4 0 3 S \*

2015000373167 11:14 am 07/17/15

105 415 N15 F13   22

0.00 0.00 0.00 0.00 63.00 0.00 0.00 0.00

_____Space Above For Recorders Use Only_____

State of California

## NOTICE OF DEFAULT (NOD)

"Indeed, no more than (affidavits) is necessary to make the prima facie case."
United States v. Kis, 658 F.2nd, 526, 536 (7$^t$ Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct.
March 22, 1982

[In Fact] You are in Default in Dishonor and non response for 3 matters relating to Affidavits of facts within a notice/complaint *attached as "A" and further attachments "B" to "F" as part of this document: **Special Notice is made to the Deed of Trust #2014-000511460, recorded on November 26, 2014, in the County of Orange, state of California where in the "Secured Party" and "Beneficiary" is Billie-Rene'-Frances-Lillian: Powers, "Trustee" is FEDERAL MORTGAGE AMERICAN TRUST, "Lender" is MORTGAGE ENTERPRISE INVESTMENTS, "Borrower" is BILLIE RENE POWERS**, This Deed of Trust was authenticated with the Secretary of State of California and this same document rescinded all documents executed in relation to Deed of Trust #2007-000417171 that was recorded on July 2, 2007 in the County of Orange, state of California.

You are seriously in default and as of July 16, 2015 and are being noticed of amounts that are due and referenced in the attached Waiver of Tort. Dispute may be settled within 10 days of receipt. Supporting documents are included in this Notice of Default and further detail this matter. In the event you choose not to cure this default the Waiver of Tort offers further information on actions to collect. You have been given sufficient notice of your trespasses, unlawful conduct and indiscretions in relation to this Notice of Default and opportunity to settle this matter prior to this action and you chose not to offer lawful affidavits in rebuttal, or offer to acceptable cure. You may take steps to cure this default by mail, contacting the "Beneficiary" "Secured Party" below:

Beneficiary/Billie-Rene'-Frances-Lillian: Powers
c/o P.O. Box 1501
Newport Beach, California [zip exempt]

117

Proof in facts in support of Notice of Default (NOD)

[In Fact] You, "parties" are in Default in Dishonor and Non Response for 3 matters relating to Affidavits of facts within a notice/complaint "attached as "A" to "F" and part of this document; Notice is made to the Deed of Trust #2014-000511460, recorded on November 26, 2014, in the County of Orange, state of California where in the "Secured Party" and "Beneficiary" is Billie-Rene'-Frances-Lillian: Powers, "Trustee" is FEDERAL MORTGAGE AMERICAN TRUST, "Lender" is MORTGAGE ENTERPRISE INVESTMENTS, "Borrower" is BILLIE RENE POWERS, This Deed of Trust was authenticated with the Secretary of State of California and this same document rescinded all documents executed in relation to Deed of Trust #2007-000417171 that was recorded on July 2, 2007 in the County of Orange, state of California. This document reflects the property is private property held by Billie-Rene'-Frances-Lillian: Powers, the living woman, nonresident, not a legal person. [ "parties" in Default in Dishonor and Non Response are The Orange County Tax Assessors, associates and representatives (herein known as "parties") are in default for non response of a Complaint/Notice dated December 4, 2014 "attached as "A"], including affidavits and notices to reflect the information inclusive, but not limited to, this document, between Billie-Rene'-Frances-Lillian: Powers as" administrator" and secured party for the Corporate Entity and Legal Person BILLIE RENE POWERS, with a mailing address of P.O. Box 1501 Newport Beach California [zip exempt], and your "parties" offices with an email address of AccessOC@ocgov.com and with a mailing address of Orange County Tax Assessor, P.O. Box 1438.Santa Ana, CA 92702-1438, physical address: 11 Civic Center Plaza, 625 N Ross St #142 Santa Ana, California. "parties" are in default and must recognize the property in said deed of trust as Private Property for failure to deny affidavits and demand for such description the order issued in December 2014 by "administrator" is attached and included as part of this Notice "see document "A", and as accepted with Change of Mailing Address stamped and accepted into records by "parties" on July 13, 2015 "attached as "B". "Parties" continue to use a wrong identifier as "Rural", [when in fact property was zoned as "agriculture" prior to "rural" and changed without notice by Tax Assessor], this private property no longer has address or zip code affiliation. "administrator" has made repeated attempts to settle these matters with the "parties", having been told by agents of the "parties" office on July 13, 2015 "see attached "D", that her property is private but they will not update the system or change the zone to reflect such though address change as private property referenced "see attached "B" was accepted. The "parties" are also noticed of default in dishonor for having taken 1.63 acres of land, without a variance, a 20 foot wide strip down the private owners full property (lending to a perfect utility easement, alley) in 2009 by way of a survey done by the county for county line descriptions, "administrator" discovered the deceptive adjustment in October 2013, gave notice to "parties" upon discovery and later met with Ron Tippets, employee of the county and representatives of the Orange County Survey and mapping departments in October and November of 2013 regarding these matters, where all "parties" and employees mentioned herein have stated it was not an adjustment that included a variance, which was agreed unlawful, and was questionable in intent "see attached "C" [evidence of one of many emails regarding taking of land]. The lot line change went directly over the property water source/well, and it was understood by Ron Tippets, county employee that had "administrator" not caught the taking of land she would have lost it to prescriptive easement for not addressing the taking. Ron Tippets, The "parties", Orange County Sheriff Hutchens, Governor of California, USPS General of the United States, The United States Treasury, FBI, SEC and other public servants have been given notice and witness to these facts without rebuttal.

1. The wrong zone identifier, 2. damages relating to Document # 2014000461861 that appeared without notice of recording in 2014 and void by way of Deed of Trust #2014-000511460 (referenced above), 3. default regarding the taking of 1.63 acres without a variance given, [the Tax Assessors book has been changed since notice by "administrator" of her finding land taken by "parties" and said book is now misstating the actual acreage as being over 25 acres when such "actual" size of 26.68 acres is fact, of lot 27 of page 120 of book 127 in the assessors department] as required by law before a land owners property may be taken or adjusted for easement or use by the county, are all causes for rise to this action. "*if a person prepares and/or offers a forged document, and presents it as genuine, he/she may face charges under Penal Code Section 132- California's Offering False Evidence Law or Penal Code section 470(a) – California's Forgery Law, these do not exclude further crimes in association.* Administrator has become aware of trickery and hidden facts that have produced a lack of meeting of the minds and unjust enrichment for possible private financial gains for parties known and unknown through use of her private property through the Tax Assessors office, Mapping division, Survey division, employees known and unknown.

Dispute may be settled within 10 days of receipt of this Notice by executing the Waiver of Tort being offered for this matter as remedy. Further Non Response to settlement offer will have further consequences to "parties" in both their PUBLIC and Private capacities. See WAIVER OF TORT attached and part of this NOD. [in fact] time has lapsed for rebuttal. Legal Publication was completed and first ran on April 21, 2015 for 3 weeks "attached "E".

"Assessor's office actions in demanding and unconstitutionally enforcing property tax code against a living wo-man upon the land, a non resident, owned as private property without zip code or address and void of Assessors jurisdiction, is in violation of rights, including international human rights governed by the Hague, and is in violation of the Racketeering (RICO) laws"

UCC 1-308

by: Billie-Rene'-Frances-Lillian: Powers as Beneficiary

BILLIE RENE POWERS

NOTARY ATTACHED

118

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Orange_

On _7/16/15_ before me, _Suketu R. Bhatt, Notary Public_
         Date                    Here Insert Name and Title of the Officer

personally appeared _Billie Rene Powers_
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SUKETU R. BHATT
Commission # 2108758
Notary Public - California
Orange County
My Comm. Expires May 23, 2019

Signature: _Suketu R. Bhatt_
                    Signature of Notary Public

Place Notary Seal Above
_____ OPTIONAL _____
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document
Title or Type of Document: _Notice of Default_   Document Date: _7/16/15_
Number of Pages: _____ Signer(s) Other Than Named Above: _____

Capacity(ies) Claimed by Signer(s)
Signer's Name: _____            Signer's Name: _____
☐ Corporate Officer — Title(s): _____   ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General          ☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact      ☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator ☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____                  ☐ Other: _____
Signer Is Representing: _____    Signer Is Representing: _____

119

From: BILLIE RENE POWERS, Legal Person
c/o Billie-Rene'-Frances-Lillian: Powers as executor/administrator
c/o P.O. Box 1501
Newport Beach, California [zip exempt]
Libellant

From: Billie-Rene'-Frances-Lillian: Powers, Living woman
c/o P.O. Box 1501
Newport Beach, California [zip exempt]
Libellant

To: The Orange County Tax Assessor
P.O. Box 1438
Santa Ana, California [92702-1438]

To: Risk Management (CEO)
600 W. Santa Ana Blvd.
Santa Ana, California
CLAIMS

## WAIVER OF TORT

<u>Waiver of tort:</u> *"the election, by an injured party, for purposes of redress, to treat the facts as establishing an implied contract, which he may enforce, instead of an injury by fraud or wrong, for the committing of which he may demand, compensatory or exemplary damages." Definition in Blacks Law dictionary, 6th edition, pg. 1581.*

I, BILLIE RENE POWERS, legal person, and Billie-Rene'-Frances-Lillian: Powers, the living woman and administrator/executor for the legal person BILLIE RENE POWERS, hereinafter "Libellants", having first-hand knowledge of the facts, having caused this Waiver of Tort to be filed as part of the Notice of Default (NOD) it is attached to,  and being competent to make the following statements which constitute the undisputed facts underlying this waiver of tort, do solemnly declare, say and state;

- Whereas, Libellee has proceed to enforcement action without acceptance and consent confirming Libellee's intent to acquire personal liability;
- Whereas, Libellants waives remedies heretofore available;
- Therefore, Libellants sets and establishes the following TERMS AND CONDITIONS OF CONTRACT "WAIVER OF TORT";
  a. Liquidated damage amount of; $5,300,000.00
  b. Compensate Affiants $10,000 for cost of each civil action or penalty resulting from the acts of Libellee;
  c. Provide payment in certified funds within 10 days;

- Provide evidence of cancellation of all documents caused to be recorded by Libellee for back taxes regarding Libellants and private property now held by Billie-Rene'-Frances-Lillian: Powers with APN 125-120-27.
- Provide evidence that the property is  private property, held in title by the living woman, Billie-Rene'-Frances-Lillian: Powers, without address or zip code affiliation and property tax exempt.
- This waiver of tort is enforceable by all lawful means, within and without court, and Libellee agrees that an immediate consensual lien is placed against all of assets, wages, income, professional bond, personal and real property of Libellees, et al. *(See California Civil Code, § 2884)*
- ALL Assigns' of Libellee are hereby given timely notice sufficient to warn any reasonable and prudent person not to injure or trespass on these Libellants.
- Your further action(s) after this notice evidences your acceptance of the terms and conditions of this waiver contract and your  intention to knowingly accept and consent to the liquidated damage that is the subject of this waiver;

120

- In the event Libellee withdraws by written notice to Libellants at the above mailing location, together with evidence that property tax collection actions have ceased and pertinent records and accounts have been cleared and closed, with all payments made by and on behalf of Libellants refunded, retroactive to July 2, 2007, within 3 days of receipt of this waiver of tort then this contract waiver will become void and unenforceable;

## PERFORMANCE IS ACCEPTANCE

It has been said, so it is done.

Signed and sealed this 16th day of July, A.D. 2015

*UCC 1-308*

By: _____
**BILLIE RENE POWERS**
Libellant

By: _____
**Billie-Rene'-Frances-Lillian: Powers**
Libellant
Known as "Beneficiary" in attached NOD

121

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____Orange_____

On ____7/16/15____ before me, ____Suketu R. Bhatt, Notary Public____

Date          Here Insert Name and Title of the Officer

personally appeared ____Billie. Rene Powers____

Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**SUKETU R. BHATT**
Commission # 2106758
Notary Public - California
Orange County
My Comm. Expires May 23, 2019

Signature _____

Signature of Notary Public

Place Notary Seal Above

_____ OPTIONAL _____

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**

Title or Type of Document: ___waiver of Tort___ Document Date: __7/16/15__

Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee        ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee        ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

©2014 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)   Item #5907

122

12/4/2014

County of Orange: Submit Request

*TAX ASSESSOR*



Home  |  Submit Request  |  FAQs  |  Check Status of Request  |  **Billie Powers**  |  My Profile  |  Logout

ADA/508 friendly site

# Thank You

Your Complaint has been sent to a staff member. **Your case number is 41026**
Please visit the Case Status page to view updates on your request.

123)

This was sent to the Tax Assessors office of orange county # 41026 is attached

There was no choice for "giving notice". I am giving notice to your department, as directed by counsel, to ORANGE COUNTY TAX ASSESSOR of some important points, that my property has been removed from the zip codes. Federal Zone Improvement Program (ZIP) Code Program. [92530] and [92675] for my private home. I am an American National and this is my private property, not a residence.  My property affiliation was 40701 Ortega Hwy. San Juan Capistrano, California [92675], with mailing address going through 40701 Ortega Hwy. Lake Elsinore California [92530], This previous address allowed numerous entities to fraudulently record and attach fraudulent documents to my property in multiple jurisdictions. The APN you have of record is 125-120-27. I am not the surety for BILLIE RENE POWERS, my name is Billie Rene' Frances Lillian Powers, American National, non-domestic. There is an open criminal complaint with the OCSD # DR 14-222674 regarding the forged grant deed, fraudulent NOD, identity theft and criminal acts committed by entities attempting to fraudulently foreclose on my home. The true and lawful Deed of Trust # 2014000511460 voids the document # 2007000417171. Be noticed that any attempts by any entity to foreclose on my property is unlawful as I am the secured party and beneficiary of the property and have given lawful notice in county records, with the United States Postmaster General, OC Chief of Police, Postmasters in [92530] and [92675], OC Sheriff Sandra Hutchens, Governor Brown, California Secretary of State. My property must be recognized for notice of non-domestic and no affiliation with any zip code. My property is tax exempt.  I may be reached at 949-374-4052.

**Subject:** Your request has been received – County of Orange

**From:** County of Orange (AccessOC@ocgov.com)

**To:** ~~████████████████~~

**Date:** Thursday, December 4, 2014 1:41 PM

Dear Billie Powers,

Thank you for your request received on 12/04/2014 concerning Taxes>Property Records. It has been assigned ID# 41026. You will receive a response to your request within four business days. If you should have any further questions please feel free to contact us again and refer to the identification number above.

Sincerely,

County of Orange
http://www.ocgov.com

## AFFIDAVIT OF TRUTH

### By: Billie Rene' Frances Lillian Powers

### Dated: November 17, 2015

I, Billie Rene' Frances Lillian Powers, on this day, November 17, 2014 do solemnly swear or affirm the following:

1. I am the common law woman, administrator, secured party for the Corporate Entity, Legal Person, BILLIE RENE POWERS.    I will not accept any reference, variation or inclusion of any other form or derivative of my lawful name Billie Rene' Frances Lillian Powers.

2. This is a request and demand to be removed from the Federal Zone Improvement Program (ZIP) Code program.

3. This document is to remove the presumption of Federal and State Jurisdiction.

4. There is Fraud upon the land records in both the 92530 and 92675 zip codes, which has created the need to do this. Due to the situation of said property being on the border of Orange County California and Riverside California the inclusion in either zip code creates confusion and conflict.

5. Affiant further corrects the record to notify postal service of the correct address for the location. The correct address for this location would be:

Billie Rene' Frances Lillian Powers
non-domestic
care of:
General Postal Delivery
31103 Rancho Viejo Rd.
San Juan Capistrano, California. (zip exempt)



6. No variation of Billie Rene' Frances Lillian Powers name is to be accepted by the postal service at this address.

7. Affiant declares and states that she is a non-tax payer and not subject to the Internal Revenue Codes as an American National, a non-resident alien and a stateless person.

Signed: *Billie Rene' Frances Lillian Powers*

Billie Rene' Frances Lillian Powers

Dated: 11-17-2014     State of California, County of Orange

In the County of ORANGE, State of California on 11-17-2014 before me Vickie Hunt, personally appeared Billie Rene Frances Lillian Powers, proved to me on the basis of Satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person executed the instrument.

I certify under Penalty of Perjury under the laws of the State of California that the foregoing paragraph is true and correct. Vickie Hunt
Notary Public

*A*

To: U.S. Postmaster
32124 Paseo Adelanto
San Juan Capistrano California [92675]

Re: 40701 Ortega Highway, San Juan Capistrano California [92675]
     Removal from Zip Code [92675]
     Notice of of Mail Fraud and Identity Theft


Dear Postmaster [92675]

Enclosed you will find the affidavit for removal from the Federal Zone Improvement Program (ZIP) Code Program. This information was also recorded with the lawful Deed of Trust (# 2014000511460. This Deed of Trust replaces and makes null and void the Deed of Trust Instrument No 2007000417171 : recorded July 2, 2007, in the State of California, Office of the Assistant Registrar and any other instrument preceding this document.) The lawful deed of trust to my property at 40701 Ortega Hwy. San Juan Capistrano, California [92675] is #2014000511460. This address is to be removed from the ZIP code.
I have also included a copy of my title for your reference with recordation #20140000497266.

The following affidavits are included in the Deed of Trust and available upon request:
Affidavit of Notary Nancy Gaznon declaring the Grant Deed # 2007000417170 as a forgery
Affidavit of Defective Title
Affidavit of continued Ratification, Notice of Discrepancies, Demand for Reconciliation, Audit of Records
Affidavit of Removal from Zip Code
Affidavit of Social Security Fraud

Criminal Complaint #DR 14-222674 is being investigated by the Orange County Sheriffs regarding the Forged Grant Deed, fraudulent NOD, identity theft and criminal acts committed by entities here-in. Affidavit of facts regarding forgeries and felonious acts presented as proof of complaint.

Companies are sending documents of fraudulent collections via USPS mail to the legal fiction estate of BILLIE RENE POWERS, I am not the surety for the entity. They have used the USPS, Land Records of Riverside and Orange County and Internet cyberspace to commit these crimes. This is verification of the crimes being committed against me and documentation of the Truth within my claims and affidavits here-in, recorded in county records and given to authorities. Enclosed you will also find the FTC document of report # 56441718 regarding crimes by these entities and copy of the IRS identity theft report.

Quality Loan Servicing
411 Ivy Street
San Diego, California [92101]

Select Portfolio Servicing Inc.
3815 SW Temple
Salt Lake City, Utah [84115]

Claiming to be attorney in fact, and acting on behalf of:
The Bank Of New York Mellon
New York, New York

127

Thank you,

*Billie Rene' Frances Lillian Powers*   12·4·14

Billie Rene' Frances Lillian Powers

Cc: Common Law Offices of America
Cc: Orange County Sheriff Hutchins
Cc: Governor Brown
Cc: City of Orange Chief of Police Robert Gustafson
CC: Orange County Tax Assessor

I can be contacted via
email: ~~████~~@yahoo.com
cell: ~~████████~~

128

To: U.S. Postmaster
    500 W Graham Ave
    Lake Elsinore, CA [92530]

Re: MAILING ADDRESS:
    40701 Ortega Highway, Lake Elsinore California [92530]
    Removal from Zip Code [92530]
    Notice of:of Mail Fraud and Identity Theft


Dear Postmaster [92530]

Enclosed you will find the affidavit for removal from the Federal Zone Improvement Program (ZIP) Code Program. This information was also recorded with the lawful Deed of Trust (# 2014000511460. This Deed of Trust replaces and makes null and void the Deed of Trust Instrument No 2007000417171 : recorded July 2, 2007, in the State of California, Office of the Assistant Registrar and any other instrument preceding this document.) The lawful deed of trust to my property at 40701 Ortega Hwy. San Juan Capistrano, California [92675] is #2014000511460. This address is to be removed from the [92530] ZIP code.
I have also included a copy of my title for your reference with recordation #20140000497266.


The following affidavits are included in the Deed of Trust and available upon request:
Affidavit of Notary Nancy Gaznon declaring the Grant Deed # 2007000417170 as a forgery
Affidavit of Defective Title
Affidavit of continued Ratification, Notice of Discrepancies, Demand for Reconciliation, Audit of Records
Affidavit of Removal from Zip Code
Affidavit of Social Security Fraud

Criminal Complaint #DR 14-222674 is being investigated by the Orange County Sheriffs regarding the Forged Grant Deed, fraudulent NOD, identity theft and criminal acts committed by entities here-in. Affidavit of facts regarding forgeries and felonious acts presented as proof of complaint.

Companies are sending documents of fraudulent collections via USPS mail to the legal fiction estate of BILLIE RENE POWERS, I am not the surety for the entity. They have used the USPS, Land Records of Riverside and Orange County and internet cyberspace to commit these crimes. This is verification of the crimes being committed against me and documentation of the Truth within my claims and affidavits here-in, recorded in county records and given to authorities. Enclosed you will also find the FTC document of report # 56441718 regarding crimes by these entities and copy of the IRS identity theft report.

Quality Loan Servicing
411 Ivy Street
San Diego, California [92101]

Select Portfolio Servicing Inc.
3815 SW Temple
Salt Lake City, Utah [84115]

Claiming to be attorney in fact, and acting on behalf of:
The Bank Of New York Mellon
New York, New York

129

Thank you,

Billie Rene' Frances Lillian Powers   12-4-14

Cc: Common Law Offices of America
Cc: Orange County Sheriff Hutchins
Cc: Governor Brown
Cc: City of Orange Chief of Police Robert Gustafson
CC: Orange County Tax Assessor
Cc: CFPB

Cell: 949-

130

When Recorded Return To:
Billie Rene' Frances Lillian Powers
c/o General Postal Delivery 31103 Rancho Viejo Rd
San Juan Capistrano, California, [92675]

35.00
2014000497266 04:07pm 11/18/14
2/6 405 G02 P13 3
0.00 0.00 20.00 0.00 6.00 0.00 0.00 0.00

Prepared by:
Common Law Office Of America
P.O. Box 31285
Honolulu, Hawaii [96820]

## THIS SPACE ABOVE PROVIDED FOR RECORDER'S USE ONLY:

## GRANT DEED

The undersigned Grantor declares that this transfer is exempt from the documentary transfer tax and that the tax owed is $0.00.

Grantor further declares this is a bona fide gift and Grantor receives nothing in exchange. (R&T Code 11911).

THE GRANTOR(S),
- Rancho Sonata, LLC, BILLIE RENE POWERS, managing member,
for and in consideration of: One Dollar ($1.00) and other good and valuable consideration grants

to the GRANTEE(S):
- Billie Rene' Frances Lillian Powers, 40701 ortega hwy, San Juan Capistrano, California,
  [92675],
the following described real estate, situated in the County of Orange, State of California:

(LEGAL DESCRIPTION): SEE EXHIBIT A

Not Subject to existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record the grantor hereby covenants with the Grantee(s) that Grantor is lawfully seized in fee simple of the above granted premises and has good right to sell and convey the same.

Tax Parcel Number: 125-120-27

**EXHIBIT A "**

Beginning at the intersection of the West Line of the East one-half of Section 17, township 6 South, Range 5 West, San Bernardino Base and meridian, and the Riverside and Orange County boundary line, as per F.B. 113, Page 114, Records of Riverside County, California, thence North 33 degrees 22' East, along said boundary line a distance of 1,533.47 feet, more or less, to true point of beginning, being at the Southeasterly corner of land conveyed to Marcel and Malvina Cristin by deed on file in Book 2089 page 99 of official records; thence North 0° 03' 19" West, to a point on the North line of said East one-half of said section 17, being at the Northeast corner of said land conveyed to said parcel and Malvina Cristin; thence South 88° 50' East, along the north line of said East one-half of said section 17, a distance of 487.03 feet; thence South 0° 03'09" East to the intersection with the said Riverside and Orange County boundary line; thence South 33° 22" West, along said boundary line, a distance of 884.03 feet, more or less, to the true point of beginning.

> been forced on me in 2016 had it not been found and an
> easement could have run straight down the side of my home
> for the development utilities without a darn thing I could
> do about it. The development we are told is scheduled to be
> out to 2017, past the 7 years needed to take my land by such
> action.
> 11. There is misconduct and the legal process was not
> followed.
> 12. This all occurred during a time when I had been
> illegally foreclosed on. I went in to record the judgement
> giving my title back and only found this due to giving
> copies to the assessors office as to correct any contact
> over my property.
> 13. Answers given by the Assessors office included but not
> limited to; property moves, back in the old days they did
> surveys by horseback and were very inaccurate, no variance
> was needed, your property changes do not create a need to
> "fix" other lot acreage, we will fix your layer only, it was
> a typo as 2 numbers were transposed, your property
> description does not account for width, and more.
> 14. I was asked, "Why are you so worried about 2 acres, you
> have so many?"
> 15. One final point made by Troy at Assessors office was he
> "wanted to make sure I did not think the office was trying
> to steal my property".
> 16. The community was led to believe our whole county line
> was legally changed and that the county did it with a
> survey. That is not the case.
> 17. The county GIS shows my property address to include 4
> parcels not just mine, and the two lots 40 and 41 that the
> developer has in his lower part of the project also folded
> in to mine per the GIS. How? The g-uts system is used within
> these systems.
> 18. I am being assessed for approx. 1 million dollars over
> value and the assessment change done was after these changes
> to my acreage, which would give the lot 4 on my north the
> land had I not found it. I was assessed on 1.7 million
> purchase, then after 2009 lot changes taken down to approx
> 1.2 million.  The zillow shows me at 288k in actual
> value.
> 19. The previous plans for this area changed due to the
> previous developer, Bill Phillips, bk and the current owner,
> his attorney of record at the time taking over the project.
> Mr. Phillips is now on the South side of the 74 highway with
> his planned development still going forward. These two
> projects add thousands of cars to the 74 Ortega. Our village
> has no plus side to the development in Orange County and
> maybe some positives from the South side development, but
> the negatives are huge and may collectively destroy our
> village infrastructures.
> These few points have drawn dots together and they are not
> the only points as I'm sure there is much more I do not yet
> know until a full investigation into the parties and actions
> are done. Attached you will find the points against the
> development going in. The watershed and groundwater issues
> directly affect me, as does this fake changes to property
> lines done in 2009. My concerns are warranted and I do
> believe that this was a purposeful act to take my property.
> Was it a combination of the private surveyor, developer and
> the TA office or just the TA office? Was the property owner
> next to me who now has 9.81 more acres than he bought
> involved? I do know the private surveyor slammed markers
> down my driveway in 2009, so I believe they are all involved
> in some fashion. BUT, the TA office made the actual changes
> and not one variance was done as required so the
> responsibility is with the TA office. I also have concerns
> over my safety due to having found these
> issues. I would like an appointment with you at your earliest
> convenience. This is an urgent matter.
> Thank you,
> Billie Powers
> 949.648-3655. APN: 125-120-27
> This is a private communication and does not allow for
> sharing with parties not addressed without the consent of
> sending party, Billie Powers.
Classification: UNCLASSIFIED
Caveats: NONE

133

July 15, 2015

D 11
1052

**County of Orange Mission Statement**

Making Orange County a safe, healthy, and
fulfilling place to live, work, and play, today and
for generations to come, by providing outstanding,
cost-effective regional public services.

**OC: Our Community, Our Commitment.**

GRANT DEED AFFIDAVIT OF TRUTH
ARE TO PROPERTY ADDRESS
ADD TO ASSESSOR ONLINE NO. 12-4-14
GRANT DEED AFFIDAVIT OF TRUTH

GAVE
Copies of:
Grant Deed # 2014000497266
AFFIDAVIT of Facts dated Nov 17, 2014 (also was
given in Santa
3 pgs of online Notice to Tax Assessor 12-4-14    Criminal Complaint
These were entered in records                      Nov, 2014)

---

OFFICE OF THE TREASURER-TAX COLLECTOR
COUNTY OF ORANGE



**ANGIE MORALES**
ACCOUNTING ASSISTANT II
TAX COLLECTION SERVICES UNIT

625 N. Ross St., Bldg 11, Room G-58
P.O. Box 1438
Santa Ana, CA 92702-1438
Tel (714) 834-3417, Fax (714) 834-4342
www.ttc.ocgov.com
E-Mail Amorales@ttc.ocgov.com

**SHARI L. FREIDENRICH, CPA,**
**TREASURER-TAX COLLECTOR**

---

was told by Bill Nguyen of Mapping to Notice payment
department of private property status not being updat
So update would be done. They entered notes and were
told any over payments should be returned to title
holder not payee, since payee is not lawful mortgagee
as Select Portfolio Serving Inc. (SPS)

Also met with Patricia Hutt and gave all this
information and told her of money laundering by
"payee" (SPS)                         134

I gave change of address as private line(?) "D" 2of.
Olivia was supervises name. She refused last
name when asked as a public Servant for
full name. Said I had to have city of San Juan Capistra(?)
permission to remove address. She did not know about
laws for zip, address removal, could not help, would
not

∕ met with a man, Kurt/or Kirk, who said all
property is private property but computer(?) will not let
them use private as identifier, does not know
how to do it. he left to get further info, left me waiting

∕ michael P. Hannah. after @ 15and½ hrs this man came
out, Said he would not help, I told him department
had to and was in default(?) - he smiled and tossed
his back, left me standing.

_____

This is a handwritten note by
employee of tax assessor 7-13-15

125 - 120 - 27

1. tax exempt

2. no social

3. no zip no situs

4. Privat Property

## LEGAL NOTICE

[The Bank of New York Mellon (BONY), Select Portfolio Servicing, Inc. (SPS), Quality Loan Servicing Corporation, Bank of America, Countywide Home Loans, BAC Home Loan Servicing LP, Recontrust Company, Assurant Insurance, Crown Castle Communications, Crown Castle International Corp., Orange County California Tax Assessor, Equifax, Transunion, Experian] are now in default pursuant to UCC 1-201(17) whereby they have failed to provide proof in the form of an affidavit to substantiate their claim against property address 40701 Ortega Highway, San Juan Capistrano, California [92675] (zip exempt removed from zip code), alleged loan #171026378, Escrow # IR-15391-SK/ORO750981, TS # 130074861-CA-MAI, APN#125-120-27, alleged loan #0013002803, alleged property tax lien # 2014000481861] Failure to cure the default and provide an affidavit on the record under penalty of perjury within 30 days of this first listing is automatic estoppel to challenge later and [The Bank of New York Mellon (BONY), Select Portfolio Servicing, Inc. (SPS), Quality Loan Servicing Corporation, Bank of America, Countywide Home Loans, BAC Home Loan Servicing LP, Recontrust Company, Assurant Insurance, Crown Castle Communications, Crown Castle International Corp., Orange County California Tax Assessor, Equifax, Transunion, Experian will incur treble damages and authorize secured party Billie-Rene'-Frances-Lillian: Powers to have a lien placed on and/or take possession of the assets as collateral until the treble damages are paid in full pursuant to UCC 9-601, UCC 9-607, UCC 9-620, UCC 9-625(a)(b)(e) and UCC 9-626(a)(1)(2). All other provisions are in accordance with the common law and UCC 2-508 and 2-612, and any implied or unimplied previous contract is hereby cancelled pursuant to UCC 2-711(1), including but not limited to newly discovered violations involving California Penal Code section 530.5 which indicates Billie-Rene'-Frances-Lillian: Powers is a victim of identity theft, forged documents filed by said entities on her home [forged grant deed #2007000417170 with affidavit from notary Nancy Gaznon Calif. Notary #1703328 ], crimes noted in all notices given,  which are recorded with [Federal Trade Commission Ref. No. 56441718, Internal Revenue Service Ref. No. 0833795495 and Orange County Sheriff's Department Report Case No. DR14-222674], Deed of Trust #20014000511460 was recorded on 11-26-2014 giving secured party status to Billie-Rene'-Frances-Lillian: Powers, said deed of trust is authenticated by the California Secretary of State. Notice was given to all parties that in 2009 the Orange County Tax Assessors office had taken 1.63 acres without a variance, they have not provided insurance contact for damages, no bonds/oaths have been provided as requested for damages on behalf of BILLIE RENE POWERS by public servants noted within this legal notice. Further, this legal notice recognizes the American National Status of Billie-Rene'-Frances-Lillian: Powers who claimed her Indico Age of Majority and Domicile Status by Affidavit and  notice to the California Secretary of State and Vital Statistics in California state which was received on March 9, 2015 and March 18, 2015 by certified mail. She is the executor and administrator for the legal fiction BILLIE RENE POWERS. Let this stand as legal notice to all public servants in accordance of status and actions, California Secretary of State, Governor Brown, the US Post Master General, Orange County Sheriff Hutchens, Newport Beach Chief of Police, California State Bar, FBI, OIG, SEC, DOJ, Orange County Homeland Security Division, Huntington Beach Police, were given notice of status. Notice to agent is notice to principal, notice to principal is notice to agent.

136

EF-FC01-F01-0413-30004001-1
CAA-FC01-REV.01(04-13)

ORANGE COUNTY ASSESSOR
CLAUDE PARISH

15 JUL 13 AM 10: 20



**Claude Parish**

**Orange County Assessor**
Civic Center Plaza, Building 11
Attn: Address Control
P.O. Box 628
Santa Ana, CA 92702-0628
(714) 834-2939
(714) 834-2565 (FAX)
www.ocgov.com/assessor

# CHANGE OF MAILING ADDRESS

Property assessment information and property tax bills are mailed to the current address of record on file with the County Assessor. Property owners are responsible for notifying the Assessor promptly whenever their mailing address has changed.

**Assessor Parcel Number(s):** 125-120-27

**Assessment Number(s):** _____

_Private_ **Property Owner:** (Please Print)

by: Billie-René-Frances-Lillian: Powers

**Property Address:** Zip Exempt / NON ADDRESS
property description in meets & bounds
Street Address
Land of Orange        California State        Zip exempt
City                  State                  Zip

**New Mailing Address** as of Nov. 2014 (Date)

P.O. Box 1501
Address 1

Address 2
Newport Beach, California State [Zip exempt]
City                  State                  Zip

→ Has this property been sold or rented? .... NON-Residence    Yes ☐    No ☐
→ Was this your principal place of residence? APPIDAVIT OF Domicile   Yes ☒    No ☐
→ I/we vacated the property on (date): ........................    _____

_Private_ **Property Owner or Agent:** (Please Print)

:Powers    by: Billie-René-Frances-Lillian:
Last Name                First Name              Middle

by: Billie René Frances Lillian Powers UCC 1-308    July 13, 201_
Signature                                          Date

brflpAmericanNational@yahoo.com (949) 374-4052
Email Address                    Daytime Phone Number

| ASSESSOR USE ONLY | Add ☐  Change ☐  Delete ☐ |
|---|---|
| Initials: _____  Date: _____ | Add HOX ☐  Remove HOX ☐ |

137

—— Original Message ——
From: rene powers [mailto:gpanda26@yahoo.com]
Sent: Sunday, October 27, 2013 11:30 AM
To: helpwithmybank.faq@occ.treas.gov <helpwithmybank.faq@occ.treas.gov>; info@consumerfinance.gov <info@consumerfinance.gov>; greener@se
c.gov <greener@sec.gov>; foispa@sec.gov <foispa@sec.gov>; Stephen.Lybarger@occ.treas.gov <Stephen.Lybarger@occ.treas.gov>; thomas rietz
<Thomas.Reitz@ic.fbi.gov>
Cc: PatBates@occgov.com <PatBates@occgov.com >; Hutton, Anne
Subject: [EXTERNAL] COMPLAINT: CONFIDENTIAL and URGENT:serious manipulation of assessors map in OC
Hello,
This complaint is being submitted to your agencies as proof of fraud within the Orange County Tax Assessors office.
Those involved are acting in a private capacity against the people and land records withing the judiciaries and municipalities. The proof confirms
research that links this systematic pattern across the nation. Through forensic research done within a research team I'm working with we have tied this
pattern to land records nationally. This is a horrific time in our nation and we want those of integrity who are not involved to come forward and stop the
crimes being committed. I am concerned for our safety. We find this to be treason on our country and know that this is urgent and serious. The
manipulation of the land records was admitted.
Thank you,
Billie
—— On Sun, 10/27/13, rene powers <gpanda26@yahoo.com> wrote:
> From: rene powers <gpanda26@yahoo.com>
> Subject: CONFIDENTIAL and URGENT: request meeting over serious manipulation of assessors map in OC
> To: PatBates@occgov.com
> Date: Sunday, October 27, 2013, 6:11 AM
> Hello,
> First, thank you for taking the time to read and assist me.
> Within the last 2 weeks it came to my attention that I had
> missing acreage on the Tax Assessors map in the OC records.
> I have 26.68 acres, but the map changed it to 25.05 acres. I
> made the office aware of it, had quick meetings standing in
> the office with the clerks and head of mapping on 2
> different days, plus phone conversations. They "put it back"
> after I took several considerations of what and why it
> happened. I was left with more questions than answers. I was
> told by the TA office that they could not give me copies of
> the survey used that the surveyors office would need to be
> contacted.
> I went to the county surveyors office to meet with Ron
> Tippets over the Preserve at San Juan project and also
> discussed the concerns over the lot line changes with him,
> then met on Friday with the Surveying department too. I
> showed the changes made in the boundaries and lot lines and
> relayed the information that I was given by the TA office.
> After meeting with the Surveyors on Friday it was suggested
> I meet with you to discuss the infractions of the changes as
> something was not right, obvious infractions are noted, and
> their office did not make the changes, the TA office did.
> What I do know:
> 1 I was told that in 2009 a survey from 1996 was used to
> move property boundaries
> 2.No variance was issued to property owners/homeowners of
> changes to property lines and boundaries
> 3.Mark Briddle, "spelling may be off, left the job after
> making these changes
> 4.The property taken from my land would have gone directly
> down my north side of my property line and over my well
> 5.The development "Preserve at San Juan" disturbs the water
> shed and groundwater, directly affecting my well
> 6.The land owner next to me on the North side now has 9.81
> MORE acres and other lots were also disturbed.
> 7.This was done in the Tax Assessors office
> 8.a 1996 survey would over look the Clean Water Act and
> other required Acts in place since 1996 that would bypass
> any 2009 requirements. Thus "getting what is wanted" in the
> development that would not be allowed with a current
> survey.  I stand to lose my water completely and being
> on well that will destroy our ability to get water, we could
> be shut off and in the very least, our water quality is at
> question.
> 9.Surveyor's office finds confusion as to which actual
> surveys were used in 1996 as it appears there was nothing
> other than a private survey that "o pinioned" that was done
> before 1996 and an agricultural survey previously done in
> prior years, both recorded in 1996, and an unrecorded cal
> trans survey done was for county lines and should not have
> changed the actual acreage of the lots in the area. The
> private surveyor had possible connection to the changes due
> to moving hard marker points, as noted by the surveyors
> department.
> 10. prescriptive easements, adverse possession could have

138

# EXHIBIT O

139

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||| 15.00

* S R 0 0 0 8 6 0 9 8 5 0 5 *

2016000386939 3:31 pm 08/16/16

47 NC-5 T09 P13   3

0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

Recording requested by:

And when recorded mail to:

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

Forward tax statements to the address given above

TS No.: CA-14-615928-HL
Order No.: 140052960-CA-VOI

Space above this line for recorders use

## Trustee's Deed Upon Sale

A.P.N.: 125-120-37

Exempt pursuant to Cal Rev and Tax Code §11926

*This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title*

NOT FACT

THE UNDERSIGNED GRANTOR DECLARES:

The Grantee Herein IS the Foreclosing Beneficiary

The amount of the unpaid debt together with costs was:                                $1,785,001.79

The amount paid by the grantee at the trustee sale was:                               $1,784,069.68

The documentary transfer tax is:                                                              NONE

Said property is in the City of: SAN JUAN CAPISTRANO, County of ORANGE

QUALITY LOAN SERVICE CORPORATION , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of ORANGE, State of California, described as follows:

BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION 17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33 22' EAST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING AT THE SOUTHEASTERLY CORNER OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0 03' 19" WEST,

140

TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND MALVINA CRISTIN; THENCE SOUTH 88 50' EAST, ALONG THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, A DISTANCE OF 497.03 FEET; THENCE SOUTH 0 03' 09" EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE; THENCE SOUTH 33 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by  BILLIE RENE  POWERS , AN UNMARRIED WOMAN, AND LOUIS J  HANSON , AND JACQUELINE M HANSON , HUSBAND AND WIFE AS JOINT TENANTS, as trustor, dated 6/27/2007,  and recorded on 7/2/2007 as instrument number 2007000417171     of Official Records in the office of the Recorder of ORANGE, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 9/25/2014, instrument no 2014000390481, Book xx, Page xx, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 8/8/2016 at the place named in the Notice of Sale, in the County of ORANGE, California, in which the property is situated. The foreclosing beneficiary, being the highest at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $1,784,069.68 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee.

141

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: CA-14-615928-HL

*√ Debt Collector!*

Date: 8|5|2016

**QUALITY LOAN SERVICE CORPORATION**

By: Nicole Fuentes, Assistant Vice President

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**

County of: **San Diego**

On _____ AUG 1 5 2016 _____ before me, _____ Brenda A. Gonzalez _____ a notary public, personally appeared _____ Nicole Fuentes _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____

**Brenda A. Gonzalez**

**BRENDA A. GONZALEZ**
Commission No. 2118627
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 21, 2019

---

**Document Number: 2016000386939 Page: 3 of 3**

142