Angela Swan, #213793
THE LAW OFFICES OF ANGELA SWAN,
A PROFESSIONAL CORPORATION
21151 South Western Avenue, Suite 177
Torrance, CA  90501
Office Telephone:  (310)755-2515
Facsimile:          (310)878-0349
Email:              aswan@angelaswanlaw.com
Attorney for Plaintiff Billie Rene Frances Lillian Powers

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Billie Rene Frances Lillian Powers )<br>Plaintiff, )<br>vs. )<br> )<br> )<br> )<br>BANK OF AMERICA, N.A.; THE )<br>BANK OF NEW YORK MELLON )<br>F/K/A THE BANK OF NEW YORK, )<br>AS TRUSTEE, ON BEHALF OF )<br>THE HOLDERS OF THE )<br>ALTERNATIVE LOAN TRUST )<br>2007-HY9, MORTGAGE PASS- )<br>THROUGH CERTIFICATES )<br>SERIES 2007-HY9; SELECT )<br>PORTFOLIO SERVICING, INC.; )<br>QUALITY LOAN SERVICE )<br>CORPORATION; MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS, INC.; )<br>COMMONWEALTH LAND TITLE )<br>COMPANY; JON SECRIST; )<br>NICHOLE CLAVADETSCHER; and )<br>DOES 1 to 10, inclusive, )<br>Defendants. )<br>_____ ) | Case No. 8:17-cv-01386-DOC-KES<br><br>**PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANTS THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; AND, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF Billie Rene Frances Lillian Powers IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

Plaintiff Billie Rene Frances Lillian Powers ("Plaintiff"), hereby submits her Opposition to Defendants THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; AND, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S (cumulatively referred to hereinafter as "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint ('Motion").

Plaintiff opposes any and all Motions to Dismiss as her evidence.  Witness testimony will prove to any reasonable man and jury that her case has merit and upon hearing and seeing it would most certainly rule in her favor. Firsthand knowledge must be presented and hearsay ignored, as this compensable case proves void Assignments of Deed of Trust, Fraud On The Court, as well as, other fraud that discovery is sure to reveal.

The eleven (11) years of Plaintiff's accumulated evidence will prove that the Defendants intentionally carried out threats of harm against Plaintiff and her heirs to achieve the theft of Plaintiff's property, estate, and quality of life through conspiring and consorted actions for unjust enrichment.  Federal, State, and financial laws, codes, and rules of banking are specific and Defendants cannot write their own laws, or pick and choose which ones to ignore, but must stand under the laws set in place for centuries.

This Opposition to Defendants' Motion is based on the grounds that Plaintiff has stated all facts sufficient to support allegations against Defendants, as demonstrated in her Third Amended Complaint ("TAC").  In addition, this

Opposition is based on the pleadings, papers and records on file herein, the Memorandum of Points and Authorities served and filed herewith, Declaration of Billie Rene Frances Lillian Powers herein, and on such oral and documentary evidence and argument as may be presented at the hearing on this Motion to Dismiss.

DATED:  April 30, 2018

THE LAW OFFICES OF ANGELA
SWAN, APC

By: _____
    Angela Swan,
    Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

About April 13, 2007, Plaintiff opened escrow to purchase her home located at 40701 Ortega Highway, San Juan Capistrano, California 92530; Orange County ("Property"). [TAC page 5].

July 2, 2007, Plaintiff closed escrow with purportedly clean title, and took possession of her Property. [TAC page 5, paragraph 20; page 6, paragraphs 25-27].

Plaintiff's Deed of Trust ("DOT") names COUNTRYWIDE, FSB ("COUNTRYWIDE") as original lender. [RJN "B"].  COUNTRYWIDE changed its name to BAC HOME LOANS SERVICING, LP ("BAC").  BAC was acquired by Co-Defendant BOA. [TAC page 6, paragraph 28; page 7, paragraph 29; page 23 ].

From the commencement of Plaintiff's purchase of her Property, fraud began.  Plaintiff's Grant Deed was materially altered. [RJN Exhibit "A"; TAC page 6, paragraph 24; page 11, paragraph 50-51].

Plaintiff was forced by Co-Defendant BOA's employees to sign fraudulent loan documents in violation of 15 U.S. Code § 1692d - Harassment or abuse… (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person…" See Co-Defendant BOA's employee declarations. [Exhibit "1"; TAC page 7, paragraph 31].  Another fraudulent document associated with Plaintiff's Property title.  Plaintiff's health began to deteriorate, causing her inability to work.

Fraudulent activity against Plaintiff's title continues.  November 5, 2008, a Substitution of Trustee was recorded in the wrong county, Riverside County, California.  [RJN "E"].  Pursuant to 2934(a)(1) ARTICLE 1. Mortgages in General, provides:  "The trustee under a trust deed upon real property... may be substituted by the recording in the county in which the property is located..."

May 6, 2010, an invalid Notice of Default ("NOD") stating to contact THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9 ("BONYM"), C/O of BAC to stop foreclosure.  Executed by Recontrust Company, as MERS' agent.  [RJN "H"].

BONYM is a banking holding company that is not legally permitted to do business with the public, pursuant to 12 U.S. Code Section 1843(c)(14)(F)(iii); COUNTRYWIDE as current mortgagee, changed its name to BAC.  January 2008, BAC was purchased by Co-Defendant BOA; MERS as current beneficiary, disqualified to do business in the State of California due to a Franchise Tax Board suspension.  [Exhibit "2"]

May 19, 2010, a fraudulently executed Corporate Assignment of Deed of Trust ("Corporate Assignment") was recorded, naming MERS' Certifying Officer, T.Sevillano, as Assistant Secretary, misrepresenting her position, causing the Corporate Assignment void.  [RJN Exhibit "I"; Exhibit "3", Findings section, paragraph 2; also, see RJN "H", upper left].  Glaski adopted from the federal decisions and a California treatise the view that "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the

assignment" not merely render it voidable. *Glaski v. Bank of America Nat'l Ass'n*, 218 Cal.App.4th, 1095.

October 26, 2010, another fraudulently executed document titled "Corporate Assignment of Deed of Trust" ("Assignment of DOT") was recorded, granting BONYM all beneficial interest under the DOT. [RJN "K"]. MERS' Certifying Officer, Defendant NICHOLE CLAVADETSCHER signature is forged, and Defendant JON SECRIST falsely stated she was present before him, <u>causing this Assignment of DOT void</u>. [TAC page 8, paragraph 36-37; page 9, paragraph 41]. The Assignment of DOT is void. *Yvanova v. New Century Mortgage Corp., 62 Cal.4th 919 (2016)*.

Civil Code section 1185 provides that a notary must not take an acknowledgment of an instrument unless he knows, or has satisfactory evidence, that the "person making such acknowledgment is the individual who is described in and who executed the instrument; . . ." This requirement makes the certificate upon personal knowledge a guaranty of the genuineness of the instrument. *Anderson v. Aronsohn*, (1919) 181 Cal. 294, 297 [184 P. 12]; *Joost v. Craig* (1901) 131 Cal. 504, 509 [63 P. 840].

As a result of Defendants NICHOLE CLAVADETSCHER and JON SECRIST unlawful business practices, after a 3-month investigation, Plaintiff received damages of $15,000.00. [TAC page 9, paragraph 42]. The notary and his surety are liable for ...making a false certificate of acknowledgment. *Joost v. Craig*, 131 Cal. 504 [63 P. 840, 82 Am. St. Rep. 374]; *Anderson v. Aronsohn*, 181 Cal. 294 [184 P. 12, 10 A. L. R. 866].

Notary Public Code of Professional Responsibility, Standard I-A-2 makes clear that a paramount function of the Notary is to deter fraud. The Illustration of

Standard I-A-2 applies the Standard to an impostor-signer situation. *Tutelman v. Agricultural Ins. Co.*, 25 Cal.App.3d 914 (1972).

Plaintiff relied on her purchase being a lawful conveyance and when the fraud affecting the title of Plaintiff's Property was discovered and made known, she was consistently ignored and laws disregarded. July 13, 2015, Plaintiff caused to be recorded a NOD against parties, including the Defendants; parties failed to respond. [TAC Exhibit N; TAC page 8, paragraph 38-39; page 9, paragraph 43; page 10, paragraph 47; page 12, paragraph 54-56, and 59].

October 31, 2013, an invalid NOD was recorded, executed by Defendant QUALITY LOAN SERVICE CORPORATION ("Defendant Quality"), fraudulently named as Trustee, with an attached California Declaration of Compliance stating CCP section 2923.55(c), does not apply, because the Property is not owner occupied as defined by California Civil Code section 2924.15. [RJN "L"]. Plaintiff has resided in her residence until she was wrongfully evicted September 21, 2017. [RJN "M"; TAC page 12, paragraph 58; page 15, paragraph 76].

Defendant QUALITY repeatedly harassed Plaintiff in violation of 15 U.S. Code § 1692d - Harassment or abuse... [TAC page 9, paragraph 44; page 10, paragraph 45; page 11, paragraph 52; page 13, paragraph 64; page 14, lines 1-20].

December 6, 2013, another invalid NOD was recorded and fraudulently executed. Again, with attached declaration stating CCP section 2923.55(c) does not apply to Plaintiff. [RJN "M"].

January 10, 2014, Plaintiff contacted Defendant SPS's Consumer Ombudsmen, and was assigned Karla Richards, who took an interest in resolving

Plaintiffs' claims against Defendants. [Exhibit "4"]. Soon thereafter Plaintiff's email, Karla no longer was employed there.

February 28, 2014, an invalid Substitution of Trustee was recorded, listing Defendant BONY as present beneficiary, substituting Defendant QUALITY as Trustee; notwithstanding, the void Assignment of DOT, recorded October 26, 2010, listing BONYM as beneficiary. [RJN "K"]. In addition, the Substitution of Trustee <u>was not recorded in the correct County Recorder's Office</u> pursuant to 2934(a)(1). [TAC Exhibit K].

September 25, 2014, Plaintiff's Credit Report reflects that Defendant BOA's debt was satisfied. Thereafter, Defendant SELECT PORTFOLIO SERVICING, INC. ("Defendant SPS") opened an account as Plaintiff's lender. [Exhibit "5"].

February 29, 2016, Defendant SELECT, purported loan servicer, set up a meeting to resolve the Property dispute. [TAC page 13, paragraph 60-62] Defendant SPS failed to complete resolution; instead, proceeded with the foreclosure, August 16, 2016, without Plaintiff knowledge, utilizing all fraudulent documents. [TAC page 13, paragraph 62].

The Notice of Trustee's Sale recorded, September 30, 2015, [RJN "O"] is invalid, as direct evidence demonstrates that both the Substitution of Trustee [TAC Exhibit K] and the Assignment of DOT [RJN "K"] were fraudulently executed.

Notwithstanding, the fraudulently executed Assignment of DOT recorded, listing BONYM, as beneficiary [RJN "K"], the Trustee's Deed Upon Sale, lists Defendant BONY, as beneficiary, granting Plaintiff's Property to Defendant BONY, naming Defendant QUALITY, as Trustee. [RJN "P"].

Bank Statements, including the payoff amount for said Property, and Property tax Bill continues to come in Plaintiff's name. [Exhibit "6"; TAC Exhibit M; TAC page 14, paragraph 66].

September 28, 2017 and September 28, 2017, Plaintiff received emails from Defendant BONY's Vice President, who stated that Plaintiff should reach out to her Master Servicer, Defendant BOA, and he stated the Defendant BONY "is acting as a Trustee, and therefore we do not own the loan or the property. ...BNY Mellon is not involved in servicing of the loans or the foreclosure process." [Exhibit "7", page 2]. Defendant BONY has committed fraud on the court as it claims as foreclosing beneficiary and owner of Plaintiff's Property. *Aoud v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

## II.   DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

Under Federal Rules of Evidence, Rule 201, Defendants filed Request for Judicial Notice. "...notice of their existence and contents, though not of disputed or disputable facts stated therein. *Glaski v. Bank of America*, (2013) 218 Cal.App.4th 1079, 1102 [160 Cal. Rptr. 3d 449].

Pursuant to Rule 12(b)(6) Plaintiff's "factual allegations" demonstrate irrefutable evidence to her right to relief. Direct evidence proving an unlawful grant deed, unlawful loan modification documents, unlawful corporate assignment constituting a void assignment, forgery, fraud, including fraud on the court, reckless disregard for state and federal laws, and so on. Plaintiff's TAC, not only meets, but exceeds the standards governing the form of a complaint as required by Federal Rule of Civil Procedure, Rule 8(a). Specifically, this Court has personal jurisdiction over the Defendants, and the complaint sufficiently alleges causation and harm.

To the extent that there are factual issues in dispute, the court must assume the truth not only of all facts properly pled, but also of those facts that may be implied or inferred from those expressly alleged in the complaint. *White v. Davis*, (1975) 13 Cal.3d 757, 765; *Dunn & Crutcher*, (1995) 37 Cal.App.4th 1397, 1403; *Rose v. Royal Ins. Co.*, (1991) 2 Cal.App.4th 709, 716).

## III.   ARGUMENT

### A. Legal Standard

1. Under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of demonstrating that the Plaintiff has not stated a claim upon which relief can be granted. Fed. R. CIV. P. 12(b)(6); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* At 234; *Twombly*, 550 U.S. at 555. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Id*; *Twombly*, 550 U.S. at 556.

Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the Plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the Plaintiff. *Id.*; *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

When reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (citations omitted).

**B. Standing**

A foreclosed-upon borrower clearly meets the general standard for standing to sue by showing an invasion of his or her legally protected interests. *Angelucci v. Century Supper Club*, (2007) 41 Cal.4th 160, 175 [59 Cal. Rptr. 3d 142, 158 P.3d 718].

In *Yvanova v. New Century Mortgage Corp.*, (2016) 62 Cal.4th 919 [199 Cal. Rptr. 3d 66, 365 P.3d 845] the California Supreme Court held that in a case such as this, where a homeowner alleges a nonjudicial foreclosure sale was wrongful because of a void assignment—the homeowner has standing to sue for wrongful foreclosure. (Id. at pp. 942–943.)

A homeowner who has been foreclosed on by one with no right to do so has suffered an injurious invasion of his or her legal rights at the foreclosing entity's hands. No more is required for standing to sue. *Angelucci v. Century Supper Club*, supra, 41 Cal.4th at p. 175.

In reviewing a motion to dismiss, all factual allegations must be accepted as true, and the complaint must be construed in Plaintiff's favor to determine whether, under any reasonable reading of the complaint, Plaintiff may be entitled to relief. *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., 579 F.3d 304, 307 (3rd Cir. 2009)*

Defendants argue that all of Plaintiff's causes of action are all part of the February 17, 2009, Chapter 7 bankruptcy case, and they may only be brought by the Chapter 7 Trustee. A cause of action belongs to the debtor at the time of the bankruptcy filing and thus is transferred into the bankruptcy estate if the cause of action had "accrued" at the time of filing. *State Farm Life Ins. Co. v. Swift*, 129 F.3d 792, 795 (5th Cir. 1997). Under California law, "[a] cause of action accrues 'when [it] is complete with all of its elements'- those elements being wrongdoing, harm, and causation." *Pooshs v. Philip Morris USA, Inc.*, 51 Cal.4th 788, 797 (2011).

In this case, the wrongful foreclosure, which is the gravamen of the Plaintiff's TAC did not occur until August 8, 2016, long after the bankruptcy filings and therefore did not accrue pre-petition.

Defendant's Motion to Dismiss under Rule 12 (b)(6) must be denied if the TAC contains sufficient factual matter to state a claim that is plausible on its face. *Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3rd Cir. 2009) citing Ashcroft v. Iqbal, U.S. , 129 S. Ct. 1937, 1949 (2009).*

## C. **Plaintiff Named All Indispensable Parties**

Defendants argue that "Plaintiff fails to name…Louise J. Hanson, and Jacqueline J. Hanson, who co-signed the Note… and, she fails to name Thomas F. Peppers..." [Motion, page 7, lines 14-19].

Louise J. Hanson was forged on the fraudulent Grant Deed, his correct name is Louis J. Hanson. [RJN "A", "B"]. Louis J. Hanson is deceased and has been since May 6, 2014.

Jacqueline M. Hanson was an alleged co-obligor on the Note and was identified on the fraudulent Grant Deed and the DOT. She was subsequently

removed from title via a Grant Deed recorded July 10, 2007.  Jacqueline M. Hanson is not an indispensable party.  [RJN "C"].

Defendants allege that Thomas F. Peppers was the rightful owner of said Property, when foreclosure sale occurred, a "Mutual Agreement for the Recession of Trustee's Deed and Reconveyance of Deed of Trust was recorded.  This document was recorded; document #2013000372246.  Thomas F. Peppers is not an indispensable party.

If the court decides that other Defendant(s) should be joined, Plaintiff will add them accordingly.

## D. <u>Judicial Estopple Is An Inadequate Defense</u>

Plaintiff filed her federal complaint, August 11, 2017, after her bankruptcy filings.  [RJN Exhibits "Q", "R", "U", "W", "X", "Y", "Z", "CC", "DD", "JJ", "KK"].  Plaintiff's complaint, at the time of her bankruptcy filings, was not pending or considered as "soon to be filed."  In addition, eight years prior to Plaintiff filing her federal complaint, Plaintiff's chapter 7 bankruptcy case, filed February 17, 2009, received a discharge (or a confirmed plan).  [RJN Exhibit "S"].  All other bankruptcy filings were dismissed.  [RJN "T", "V", "AA", "BB", "EE", "KK"].

The Purpose of Judicial Estopple "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to exigencies of the moment." *M. Ah Quin v. County of Kauai Department of Transportation, 733 F. 3d 270 (9th Cir. 2013).* Intent to conceal is absent in this case. *In M. Ah Qyuin, supra at 276-277.*

Here, Plaintiff had no idea of the fraudulent Grant Deed.  Having no knowledge of the fraud, Plaintiff had no obligation to list the cause of action in her Schedule B.  Plaintiff did, in fact, disclose what she was aware of.

The Plaintiff's lack of knowledge of the fraud perpetrated on her by a third party renders Judicial Estopple inapplicable as a matter of law.

**E.  Plaintiff Owned Her Property At The Time Of The August 8, 2016 Foreclosure Sale**

The Second Trust Deed held by Thomas Peppers was settled as agreed and a reconveyance of the DOT.  This case is irrelevant.

**F.  Count I Of Plaintiff's TAC Properly Alleges "CONSPIRACY"**

In moving to dismiss Count I, Defendants mischaracterize Plaintiff's TAC and attack claims that are not actually made, and ignore decades of governing case law concerning Defendants' capacity of liability.

Collectively, each Defendant jointly subjected Plaintiff to a group of events.  Each Defendant played a role in the furtherance of the scheme to wrongfully foreclose upon Plaintiff's Property.  Therefore, all Causes of Action apply to all Defendants. *Kidron v. Movie Acquisition Corp.*, (1995) 40 Cal.App.4th 1571, 1582 [47 Cal.Rptr.2d 752].

Plaintiff's current life situation is a proximate cause of a Conspiracy.  First, the Defendants mischaracterize the substance of Count I, by arguing that it concerns ""unfair" loan origination, and that there were 'misstatements and omissions in the mortgage loan transfer." [Motion, Page 13, lines 1-2].  Defendant then argues that Plaintiff has no standing to assert such a claim because "Plaintiff's "conspiracy" claim fails, as Plaintiff has not alleged any wrongdoing on the part of Loan Defendants to state a claim." [Motion, page 13, lines 17-18].

After reviewing all the evidence collectively, the following is a reality of what is to be a conspiracy comprised of a group of people, with individual roles to perform, consisting of diversified professions, working together to achieve a desired goal for "economic gain, despite the unlawful nature of the acts and the rights of others that had to be violated.

"'[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.' " *Applied Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, (1994) 7 Cal.4th 510-514, 28 Cal. Rptr.2d 475, 869 P.2d 454.

This clever attack on Plaintiff's TAC might have some merit if <u>Count I</u> was limited merely to the Defendants interpretation, which is stated in its motion.  However, <u>Count I</u> alleges much more than that.  In fact, it asserts, inter alia:

Plaintiff's true allegations against Defendants relates to Defendants' involvement in a conspiracy of events orchestrated to force Plaintiff to move out of her home involuntarily, while violating her rights pursuant to 18 USC section 242, states "Definition and penalty for deprivation of Citizen's rights under color of law.  Where two or more conspire to act under color of law to deprive American Citizen of Constitutional rights, all parties are subject to prosecution for conspiracy (extortion)."

This conspiracy did not emphasize a managing agent; therefore, the conspiracy's managing agent must have authority to set company-wide policy, i.e., "formal policies that affect a substantial portion of the company

and that are the type likely to come to the attention of corporate leadership. It is this sort of broad authority that justifies punishing an entire company for an otherwise isolated act of oppression, fraud, or malice." *Major v. Western Home Ins. Co.*, (2009) 169 Cal. App. 4th 1197.

Co-Defendant BOA, as Master Servicer, "covert act", hid its head underneath the sand and had no intentions in being visible until Plaintiff filed her Civil Complaint **August 11, 2017**. Defendant BOA determined the levels of pressure Plaintiff would receive to force her to move involuntarily and it stood back and allowed the following to occur.

Defendant BONY "overt act" carried out all orders to disturb Plaintiff's quiet enjoyment, showing up unannounced, and posing as beneficiary, ultimately achieving the goal of Property Theft, committing "criminal fraud" to obtain possession of Plaintiff Property by tricks and lies.

Defendant SPS "covert act" as the purported loan servicer participated in initiating the unlawful foreclosure upon Plaintiff's Property.

Defendant QUALITY "overt act", of harassment. Repeatedly recorded fraudulently executed NOD'S to torment, affecting Plaintiff's psychological strength, and ultimately conducted an unlawful foreclosure.

Defendant MERS "covert act" purportedly as beneficiary, while on a Franchise Tax Board suspension from doing business in the State of California.

Defendant COMMONWEALTH LAND TITLE COMPANY "overt act" as Plaintiff's title insurance company, refused to render services pursuant to Plaintiff's coverage and hid its head in the sand as Plaintiff's title issues escalated.

Defendant JON SECRIST "covert act" as Notary Public and Defendant NICHOLE CLAVADETSCHER "covert act" as MERS Certifying Officer ensured that the void Assignment of DOT appeared lawful to record.

"Of course, the agreement between conspirators need not be proved by direct evidence, but may be shown by circumstantial evidence that tends to show a common intent. In fact, in the absence of a confession by one of the conspirators, it is usually very difficult to secure direct evidence of a conspiracy, so that in the usual case the ultimate fact of a conspiracy must be determined from those inferences naturally and properly to be drawn from those matters directly proved." *Peterson v. Cruickshank*, (1956) 144 Cal.App.2d 148, 163 [300 P.2d 915] (internal citations omitted).

Plaintiff's allegations of the crimes show special circumstances.  The willfulness, along with various other roles and factors of their actions are not justified.  Groups; not isolated individuals, illegal aims, not ones that would benefit society as a whole, orchestrated acts, ones of secret planning.

Defendants mischaracterize what is necessary to support a finding of a civil conspiracy.  As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damage on all of them, regardless of whether they actually commit the tort themselves. *Unruh v. Truck Insurance Exchange*, (1972) 7 Cal. 3d 616, 631 [102 Cal. Rptr. 815, 498 P.2d 1063].

In conclusion, Plaintiff's case is a civil conspiracy.  *Mosier v. Southern California Physicians Insurance Exchange*, (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550].

G. **Count II Violation of Department of Housing and Urban Development ("HUD") and Count III Violation of Homeowner's Bill of Rights (HBOR) Properly Alleges that Defendants Violated "HUD" and "HBOR"**

In moving to dismiss Count II and III Defendants again mischaracterizes Plaintiff's TAC, attacking claims that are not actually made.

Defendant argues that Count II, "HUD does not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement." [Motion, page 13, lines 23-25].

Defendants were not authorized by the Secretary of HUD pursuant to HUD regulations to conduct the foreclosure sale upon Plaintiff Property, inter alia. Defendants' Notices of Default were not ever in compliance with CFR Section 203.602, as per the ruling in *Federal National Mortgage Association v. Moore 609 F. Supp. 194 (N.D.Ill 1985)*.

The Defendants then set forth five pages of argument supporting the irrelevant and undisputed notion that Plaintiff's HBOR claim fails due to Plaintiff failing to tender and "plaintiff does not appear to have been eligible for any federal, state, or propriety foreclosure prevention alternative program…she did not have title to the property." [Motion, pages 14-18, paragraphs 19A.-E; page 15, lines 14-16]. Plaintiff was the legal owner of her Property and held the title to her Property, [Motion, Page 3, paragraph 5]. "Plaintiff was not deprived of the opportunity to apply for loan modification." [Motion, Page 17, lines 6-7].

Defendants continue on to state, Plaintiff obtained loan modifications (eight (8) years ago), which establishes compliance. [Motion, Page 17, lines 14-15]. Defendants fail to state that the last <u>loan modification Plaintiff received was invalid</u>.

In further support of a borrower's standing to challenge the foreclosing party's authority, plaintiff points to provisions of the recent legislation known as the California Homeowner Bill of Rights, enacted in 2012 and effective only after the trustee's sale in this case. *Lueras v. BAC Home Loans Servicing, LP*, (2013) 221 Cal.App.4th 49, 86, fn. 14 [163 Cal.Rptr.3d 804].

## H. <u>Tender Is Not Required</u>

Tender has been excused when, among other circumstances, the plaintiff alleges the foreclosure deed is facially void, as arguably is the case when the entity that initiated the sale lacked authority to do so. *Lester v. J.P. Morgan Chase Bank*, (N.D.Cal. 2013) 926 F. Supp. 2d 1081, 1093; *Barrionuevo v. Chase Bank, N.A.*, supra, 885 F. Supp. 2d 964, 969–970.

Defendants argues that the plaintiff has failed to allege the ability to comply with the tender rule. The tender rule is applicable in equitable actions to set aside a trustee's sale. To the extent this Plaintiff's wrongful foreclosure case is founded on the fact that the Assignment of DOT is void, this action in <u>not</u> an equitable action to set aside a foreclosure sale, rather it is an action at law to declare the foreclosure sale void. Tender is not required, when the trustor is not required to rely on equity to attach the deed as void. *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 112-113 (2011).

**I.** **Count V Properly Alleges that Defendants Foreclosure Sale was performed after the Six-Year Statute of Limitations Expired**

Defendants have committed fraud on the court by arguing that "the Commercial Code does not apply to transactions involving real property... The applicable statute of limitations relating to the enforcement of deeds of trust is Civil Code section 882.020." [Motion page 19, paragraph 21., lines 8-9 and 13-14]. Plaintiff TAC only describes a negotiable instrument. See Cal. U. Com. Code, § 1201, subd. (b)(10); *Dorman v. International Harvester Co.*, (1975) 46 Cal.App.3d 11, 18-19, 120 Cal. Rptr. 516, the trial court found the promissory notes were negotiable instruments governed by the six-year statute of limitations.

The acceleration of the balance due commenced its accrual of the six year statute of limitations, May 6, 2010, as provided by Uniform Commercial Code – Article 3, Negotiable Instruments (2002), Part 1. General Provisions and Definitions, section 3-118(a). As a result of the statute of limitations the Note became unenforceable.

**J.** **Count VI Properly Alleges "PROMISSORY ESTOPPEL"**

In moving to dismiss <u>Count VI</u>, Defendants again mischaracterizes Plaintiff's TAC by arguing that "the loan origination is barred … it is unclear what 'promise' Plaintiff alleges she relied upon... promissory estoppel cannot be stated where there is a valid, enforceable contract between the parties." [Motion, page 19, paragraph 22A. and B.].

On one hand, Defendants state "there is a valid, enforceable contract between the parties." [Motion, page 20, lines 1-2]. On the other hand, Defendants, state Plaintiff is not the real party in interest. [Motion, page 9, paragraph 10].

In addition, throughout Plaintiff's entire TAC, she demonstrates in detail, a clear and unambiguous picture as to what she relied upon. Plaintiff relied upon her investment being a lawful conveyance, with duly perfected title. *Gruen Indus. Inc. v. Biller*, 608 F.2d 274 (7th. Cir. 1979); *Wright v. U.S. Rubber Co.*, 280 F. Supp 616 (D. Or. 1967) (applying Oregon law); *Bender v. The Design Store*, 404 A.2d 194 (D.C. 1979). In these cases, reliance is often reasonable in the sense that a reasonable person would rely.

### K. Count VII Properly Alleges "WRONGFUL FORECLOSURE"

In moving to dismiss Plaintiff's entire TAC, Defendants fail to argue Count VII.

The foreclosure laws in California must be strictly followed or the foreclosure sale is void. In *Miller v. Cote*, 179 Rptr. 753 (Ct. of App. Fourth Dist. Div. 2 1982) the court in calling the Notice of Default fatally defective; stated: See civil code 2925, et. seq.e statutory requirements complied with, and a trustee's sale based on a statutorily deficient Notice of Default is invalid.

While it is the trustee who formally initiates the nonjudicial foreclosure, by recording first a notice of default and then a notice of sale, the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust—the original beneficiary or its assignee—or that entity's agent. § 2924, subd. (a)(1), notice of default may be filed for record only by the trustee, mortgagee, or beneficiary; *Kachlon v. Markowitz*, (2008) 168 Cal.App.4th 316, 334 [85 Cal. Rptr. 3d 532].

Defendants were unauthorized to participant in the initiation, as well as, conduct a foreclosure sale upon Plaintiff's Property. The borrower is entitled to relief from foreclosure by an unauthorized party. *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 290 (1st Cir. 2013).

## L. Count VIII Properly Alleges "WRONGFUL EVICTION"

In moving to dismiss Count VIII, Defendants state "…federal review of state court judgements can be obtained only in the United States Supreme Court… A state court judgment will be res judicata on all claims..." [Motion, page 20, paragraphs A. and B].

Plaintiff has not requested a federal review of a state court judgment. Under section 1161a, a purchaser who has acquired the title at such Trustee's Sale must prove that the property was sold in accordance with section 2924 of the Civil Code and that title under the sale has been duly perfected. *Seidell v. Anglo-California Trust Co.,* (1942) 55 Cal.App.2d 913, 920, italics added.) A factual showing is lawfully required pursuant to the Fourth Amendment. *Franks V. Delaware*, 438 U.S. 154, 165-66 (1978)

A post-foreclosure unlawful detainer plaintiff must prove compliance pursuant to Civil Code section 2924. *Bank of New York Mellon v. Preciado,* (2013) 224 Cal. App.4th Supp. At p. 9. "Under a deed of trust, the power of sale upon the trustor's default vests in the trustee. (*Id.* At p.10). Therefore, in order t prove compliance with Civil Code section 2924, a plaintiff must necessarily prove the sale was conducted by the trustee authorized to conduct the trustee's sale. (*Ibid.*)

## M. Count IX Properly Alleges "BREACH OF CONTRACT"

In moving to dismiss Count IX, Defendants ignore decades of governing case law and regulations.

The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ.Code, § 1636; *Bank of the West v. Superior Court (1992)*, 2 Cal.4th 1254, 1264, 10 Cal.Rptr.2d 538, 833 P.2d 545; *Parsons v. Bristol Development*, Co. (1965) 62 Cal.2d 861, 865, 44 Cal.Rptr. 767, 402 P.2d 839.

Plaintiff purchased her Property with the intent that she and her lender would have a business relationship, where her lender would protect the interest of both parties.

Defendants mischaracterize Plaintiff's TAC by arguing that "To base a claim on a contract, a party must either attach the agreement or allege the substance of all of its relevant terms." [Motion, page 21, paragraph 24A]. ""...constituting the defendant's breach should be stated with certainty." [Motion, page 21, paragraph 24A]. "...a plaintiff must allege facts indicating he performed all conditions under the contract." [Motion, page 21, paragraph 24C].

Plaintiff's TAC outlines in detail much of the relevant terms of the contract, i.e. notice of default requirements, HUD regulations, and so forth. In addition, terms are detailed in the attachment to Plaintiff's DOT. [RJN "B"].

In actions arising from contracts for construction financing, trustee's sale of property was set aside because lender did not comply with notice of default requirements, and guarantor was not in default of loan where lender

breached contract. *System Inv. Corp v. Union Bank*, (1971) Cal App. 3d. 137, 152-153, 95 Cal. Rptr. 735. <u>Defendants in this case did not comply with the notice of default requirements.</u>

<u>Count IX</u> seeks to hold Defendants accountable for its deliberate failure to stop the chain of fraudulent real Property documents from being recorded and filed.

**N. <u>Count X Properly Alleges "FRAUD AND DECEIT"</u>**

In moving to dismiss <u>Count X</u>, Defendants mischaracterize the substance of Plaintiff's TAC by arguing "...the attack on foreclosure fails... Plaintiff fails to allege ...ill intent." [Motion, page 21, line 25; Motion, page 22, line 1].

From the start of Plaintiff's purchase of her Property, fraud commenced and followed. Once Plaintiff signed all relevant loan documents, including the Promissory Note, and the original lender obtained Plaintiff's down payment, Plaintiff was added to the many homeowners whom would inevitably face foreclosure due to fraud and deceit. It is the element of intent which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might owe to the other. *Lacher v. Superior Court*, (1991) 230 Cal.App.3d 1038, 1046-1047, 281 Cal.Rptr. 640.

Fraud and Deceit is demonstrated throughout Plaintiff's TAC with particularity, including, in fact, all Defendants were knowledgeable of the misrepresentation that Plaintiff relied upon.

It must appear, however, not only that the plaintiff acted in reliance on the misrepresentation, but that she was justified in his reliance..." *Seeger v. Odell*, (1941) 18 Cal.2d 415.

O. **Count XI "Declaratory Relief" and Count XII "Quiet Title" Properly Alleges**

In moving to dismiss Counts XI and XII, Defendant argues that "...cloud upon [Plaintiff's] title persists until the debt is paid...To state a quiet title, a plaintiff must state establish she has superior title to the property in dispute...  To seek quieted title, a plaintiff must allege "[t]he adverse claims to the title"….. Plaintiff fails to state an actual controversy." [Motion paragraphs A.-D.]

Upon Plaintiff's purchase of her Property, she has held superior title. [RJN Exhibit "B"].  Plaintiff is the rightful owner of her Property, which has superior right in an action to Quiet title.

Plaintiff have demonstrated throughout her TAC that she is "the rightful owner of the property, See *Hafiz v. Greenpoint Mortgage, Inc.*, 652 F. Supp. 2d 1039, 1049-1050 (N.D. Cal. 2009); *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Gaitan v. Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 97117, 2009 WL 3244729 at *12 (C.D. Cal. Oct.5, 2009).

Plaintiff's TAC outlines in great detail Defendants adverse claims to Plaintiff's title, including the wrongful eviction where Defendant BONY now has taken possession of Plaintiff's Property.

P. **Count XIV Properly Alleges "Intentional Infliction of Emotional Distress "IIED"" and Count XV Properly Alleges "Negligent Infliction of Emotional Distress "NIED""**

In moving to dismiss <u>Counts XIV and XV</u>, Defendants argue "This tort claim is barred by the litigation privilege of Civil Code section 47... ...defendant's conduct must be so outrageous... Plaintiff's claim fails for lack of intent...", and argues that the NIED claim is pled as an independent tort, fails for lack of a duty, and Plaintiff fails to plead facts of breach or an injury caused by Defendants. [Motion, page 24, paragraph 28A.-D.].

The judicial proceeding relating to the unlawful foreclosure upon Plaintiff's Property is not protected under the "litigation privilege." Defendants were not authorized by law, as Plaintiff's TAC demonstrates, to imitate or conduct a foreclosure sale upon Plaintiff's Property. *Wise v. Thrifty Payless, Inc.*, (2000) 83 Cal.App.4th 1296, 1303 [100 Cal. Rptr. 2d 437].

As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (Ct. App. 1991).

As Plaintiff's TAC demonstrates, Defendants scope exceeded the "conventional role as a mere lender of money."

Defendants and Co-Defendants collectively participated in this growing problem of fraud. COUNTRYWIDE, Defendants, and Co-Defendant BOA engaged in many different types of businesses, such as: Mortgage Loans and Servicing Mortgage Loans, Securities, Underwriter...

## Q. **Count XVI Properly Alleges "Unfair Competition"**

In moving to dismiss Count XVI, Defendants mischaracterize the substance of Plaintiff's TAC by arguing that "Plaintiff here fails to allege particular facts of unlawful or unfair business practices…" Also, Defendants argue that Plaintiff's claim fails viability of unlawful conduct… Plaintiff has not alleged lost money or property due to Loan Defendants." [Motion, page 25, paragraphs 29A., B., and C].

Plaintiff's TAC details Defendants' viable unlawful and unfair business practices, with direct evidence.  In addition to Plaintiff's monetary investment, which she lost as a result of this Mortgage scheme, which Defendants played a role and concealed.

Through the scheme, Defendants (1) directly and indirectly employed a scheme, device and artifice to defraud and mislead borrowers and fraud any person; (2) directly and indirectly engaged in an unfair and deceptive act toward a person; (3) directly and indirectly obtained property by fraud and misrepresentation; and (4) knowingly made published and disseminated false, deceptive and misleading information.

"[A] UCL action based on a contract is not appropriate where the public in general is not harmed by the defendant's alleged unlawful practices." *ILWU-PMA Welfare Plan Bd. of Trs. v. Conn. Gen. Life Ins. Co.*, No. C-02965-WHA, 2015 U.S. Dist. LEXIS 170832, 2015 WL 9300519, at *12 (N.D. Cal. Dec. 22, 2015).

COUNTRYWIDE became the largest home mortgage lender in the United States, having originated over $850 billion in loans throughout the United States and as a result of its fraud, many homeowners lost their homes

due to disregarded guidelines, and federal and state laws, which drove COUNTRYWIDE to the brink of bankruptcy, survived by the acquisition of Co-Defendant BOA.  Fraud against the American people was collectively committed by Defendants in furtherance of the scheme.

The "central issue . . . is whether the public at large or consumers generally, are affected by the alleged unlawful business practice of defendants. The relative size of the plaintiff companies and whether or not there is a contract for the plaintiffs to rely upon is secondary to the analysis of whether, as a result of the alleged unfair or fraudulent business practice, consumers are adversely affected." In re *Webkinz Antitrust Litigation*, 695 F. Supp. 2d 987, 998-99 (N.D. Cal. 2010).

## IV.   <u>CONCLUSION</u>

The Third Amended Complaint more than adequately alleges that Defendants are liable for bringing harm to Plaintiff.  For the foregoing reasons and all the others discussed in Plaintiff's Third Amended Complaint, the present Motion to Dismiss should be denied.

DATED:  April 30, 2018                         THE LAW OFFICES OF ANGELA
                                               SWAN, APC

                                               By: _____
                                               Angela Swan,
                                               Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven M. Dailey:  steven.dailey@kutakrock.com

Rebecca L. Wilson:  Rebecca.wilson@kutakrock.com

DATED:  April 30, 2018                    THE LAW OFFICES OF ANGELA
                                          SWAN, APC

                                          By: _____
                                               Angela Swan,
                                               Attorney for Plaintiff