Steven M. Dailey (SBN 163857)
Rebecca L. Wilson (SBN 257613)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA  92614-8595
Telephone: (949) 417-0999
Facsimile:  (949) 417-5394
Email:      steven.dailey@kutakrock.com
Email:      Rebecca.wilson@kutakrock.com

Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 [erroneously sued as "THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9" and "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS TRHOUGH CERTIFICATES, SERIES 2007-HY9"]; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| BILLIE RENE FRANCES LILIAN POWERS,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; COMMONWEALTH LAND TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS"; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A. ; BAC HOME LOANS SERVICING, LP; QUALITY LOAN SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF | CASE NO. 8:17-CV-01386-DOC-KES<br><br>*Assigned to the Honorable David O. Carter, Courtroom 9D*<br><br>Assigned Discovery Magistrate Judge: Hon. Karen E. Scott<br><br>**OBJECTION TO PLAINTIFF'S DECLARATION**<br><br>Date:   May 21, 2018<br>Time:   8:30 a.m.<br>Ctrm.:   9D<br><br>Complaint Filed:   August 11, 2017 |

| | |
|---|---|
| 1 | NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF |
| 2 | THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE |
| 3 | PASS-THROUGH CERTIFICATES SERIES 2007-HY9; THE BANK |
| 4 | OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS |
| 5 | TRUSTEE, FOR THE CERTIFICATE HOLDERS, |
| 6 | ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS |
| 7 | TRHOUGH CERTIFICATES, SERIES 2007-HY9; JON SECRIST; |
| 8 | and DOES 1 to 10, |
| 9 | Defendants. |

Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [collectively "Loan Defendants"] hereby submit their Objection to Plaintiff's Declaration filed by Plaintiff on May 8, 2018.

## 1. PLAINTIFF'S LATE FILING OF A DECLARATION IN SUPPORT OF HER OPPOSITION TO LOAN DEFENDANTS' MOTION TO DISMISS SHOULD BE DISREGARDED

Plaintiff is not *in pro per*. There is no legitimate excuse for the improper maneuvers being made by her counsel. Plaintiff improperly filed this Declaration **after** Loan Defendant's Reply was filed, and even if Plaintiff had filed it with her Opposition brief, it would have been an improper filing because this Court should not consider new "facts" in Exhibits submitted for the first time with an Opposition brief. [*Schneider v. California Dept. of Corrections* (9th Cir. 1998) 151 F.3d 1194, 1197.] It should have been filed, if at all, with Plaintiff's Third Amended Complaint.

## 2. THE DECLARATION IS INADMISSIBLE

Plaintiff's Declaration is comprised of inadmissible hearsay, opinion, speculation, lacks foundation, and attempts to introduce unauthenticated material not based on personal knowledge, as set forth in the table below.

| | |
|---|---|
| **Page 2:6-7** | **Objections** |
| "…until I was wrongfully evicted September 21, 2017, as a result of fraudulent activity…" | Opinion not based on personal knowledge; lacks foundation |
| **Page 2:10-14** | **Objections** |
| "…excessive show of force … and including multiple divisions of the department … and no return calls were made to my attorney…" | Opinion not based on personal knowledge; lacks foundation; hearsay; lacks relevance |
| **Page 2:16-20** | **Objections** |
| "The overwhelming fraud involved with the purchase of my Property, started with the Original Grant Deed being materially altered…and the fraud continues." | Opinion not based on personal knowledge; lacks foundation; hearsay |
| **Page 2:16-20** | **Objections** |
| "Please see attached Affidavit of Pamela K. Zander, which states even more fraud….." | Not based on Plaintiff's personal knowledge; lacks relevance; hearsay; lacks foundation. |
| **Page 3:8-13**: | **Objections** |
| "Through my claim, I alleged fraud and that the signature of Nichole | Not based on personal knowledge, hearsay; lacks foundation; lacks |

| | |
|---|---|
| Clavadetscher was not genuine and therefore, Secrists' representation on the notary acknowledgement, made under penalty of perjury was false." | relevance |
| **Page 3:18-22**<br>"Nancy F. Garzon … executed an affidavit … testifying that the Grant Deed was fraudulent, bearing her signature … which is not the document that she notarized, but instead is an altered version of the one she notarized." | **Objections**<br>Not based on personal knowledge, hearsay; lacks foundation; lacks relevance |
| **Page 4:1-2**<br>"our animals turning up dead from suspicious actions and severe force shown by Sheriffs …" | **Objections**<br>Speculation; Not based on personal knowledge, hearsay; lacks foundation; lacks relevance |
| **Page 4:10-11**<br>"The Defendants have exceeded the six year statute of limitations to collect on the purported Promissory Note." | **Objections**<br>Legal conclusion not based on personal knowledge. |
| **Page 4:18-19**<br>"The void assignment……." | **Objections**<br>Speculation; not based on personal knowledge, hearsay; lacks foundation; lacks relevance |

| **Page 4:22-23** | **Objections** |
|---|---|
| "…the name on the current stolen title reflects a fictitious Trustee name that never took any assignment, void or otherwise." | Speculation; not based on personal knowledge, hearsay; lacks foundation; |
| **Page 5:1-6** | **Objections** |
| "I gave, and continue to give, legal and constructive notice of all the fraud for several years that I had knowledge of. …proved no original exist…." | Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 5:8-9** | **Objections** |
| "This NOD was never rebuted and stands as fact" | Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 5:9-12** | **Objections** |
| "Since recording the NOD the Defendants have continued to utter fraud upon the Courts." | Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 5:11-12** | **Objections** |
| "…uttered them further and intentionally with intent to steal my title and belongings." | Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 5:12-14** | **Objections** |
| "We continue to find more fraud uttered, yet the Vice President of BONYM, Gavin Tsang, tells me they | Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |

| | |
|---|---|
| don't own the property title or the loan." | |
| **Page 5:14-19** <br> "(SPS) continues to leave the purported account open and continuing debt collection per the Pay Off Statement I received ….Investor statements reveal the property paid in January 2009 and a false account opened as a new loan in February 2009" | **Objections** <br> Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 5:20-25** <br> "I have many expert witnesses, those who have assisted me as third parties authorized, and whistle blowers who have firsthand knowledge of the fraud and have testified in federal cases, as well as our Jane Doe 1 who we ask to have her identity sealed." | **Objections** <br> Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |
| **Page 6:1-6** <br> "…irrefutable evidence that any jury would find to be extremely relevant and proof of fraud upon the court that supports any indictments the court deems proper as stated to us in court against the Defendants. Title cannot pass by fraud and the court | **Objections** <br> Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |

| | | |
|---|---|---|
| | has already called this case compensable, which I pray is enough to get us to jury and past the thousands of pages in the motions to dismiss filed by Defendants. This I say is true and reason for the return of our possessions and damages to be awarded…." | |
| | **Page 6:8-14:**<br>"…I now have good counsel who knows criminal law and contract law and believes in this court to see through the false claims of the Defendants. I remove any presumption of standing that the Defendants may have as they are merely debt collectors, not a lender or party of secured interest, with unclean hands having stolen my title bearing my name … in violation of all the FDCPA laws, among many others." | **Objections**<br>Lacks relevance; legal opinion not based on personal knowledge, hearsay; lacks foundation |

///

///

///

///

Loan Defendants respectfully request the Court disregard and/or strike Plaintiff's Declaration.

Dated: May 9, 2018     KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
    Steven M. Dailey
    Attorneys for Defendants
    SELECT PORTFOLIO SERVICING, INC., THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4845-1954-0581.1     - 8 -     17-cv-01386-DOC-KES
OBJECTIONS TO PLAINTIFF'S DECLARATION