ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
STEPHEN D. BRITT (State Bar No. 279793)
sxb@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP); JON SECRIST; and NICHOLE THOMAS (fka Nichole Clavadetscher)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION

| | |
|---|---|
| Billie Rene' Frances Lillian Powers,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; and DOES 1 TO 10,<br><br>Defendants. | Case No. 8:17-cv-01386-DOC-KES<br>Hon. David O. Carter<br>Ctrm. 9D<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S OBJECTIONS TO PLAINTIFF'S UNTIMELY FILED DECLARATION IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:   May 28, 2018<br>Time:   8:30 a.m.<br>Crtrm.: 9D<br><br>Action Filed:   September 20, 2017<br>Trial Date:   None Set |

Defendant BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP) ("BANA") hereby submits its Objections to Plaintiff's Declaration (the "Declaration") filed in Opposition to its Motion to Dismiss (the "Motion") the Third Amended Complaint ("TAC").

## I. PLAINTIFF'S DECLARATION IS BOTH UNTIMELY AND IMPROPER

The hearing on the instant Motion was originally scheduled for May 28, 2018.[1] Pursuant to Local Rule 7-9, Plaintiff's was required to file any papers in opposition to the Motion twenty-one days before the hearing: April 30, 2018. See, Local Rule 7-9. Plaintiff instead waited until May 8, 2018—after defendants filed their Reply Briefs—to file the instant Declaration. As a result, it is untimely, and should be stricken, or alternatively, disregarded in its entirety.

Even were not the case, Plaintiff's Declaration filing would still be procedurally improper, since the Court may not consider material other than the facts alleged in the TAC when ruling on a Rule 12(b)(6) motion. FED. R. CIV. P. 12(d); *Anderson v. Angelone*, 86 F.3d 932, 934, (9th Cir. 1996); *Carins v. Franklin Mint Co*., 24 F.Supp.2d 1013, 1023 (C.D.Cal. 1998). Since Plaintiff's Declaration is neither a document "incorporated by reference in the [TAC], nor are they facts of which the [C]ourt may take judicial notice," the Court "cannot consider such evidence 'without converting the motion to dismiss into a motion for summary judgment'." *Int'l Union of Operating Engineers, Local 3 v. Zurich N. Am.*, 2006 WL 2791156, at *2 (E.D.Cal.2006) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003)); see also, *Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998). Plaintiff here has provided the Court with absolutely no compelling reason to do so.

---

[1] It should be noted that this hearing date was vacated by the Court's Minute Order issued on May 8, 2018, taking the matter under submission. (See, ECF No. 100.)

The Court should thus either strike Plaintiff's Declaration and accompanying exhibits, or alternatively, disregard the Declaration in its entirety.

## II. THE DECLARATION AND ACCOMPANYING EXHIBITS ARE INADMISSIBLE FOR ADDITIONAL REASONS

In addition to being procedurally improper, most of Plaintiff's Declaration and accompanying exhibits are inadmissible for myriad other reasons set forth below.

| | |
|---|---|
| **Page 2:6-8** <br> "…until I was wrongfully evicted September 21, 2017, as a result of fraudulent activity associated with my Property title…" | **Objections:** <br> Inadmissible opinion not based on personal knowledge; lacks foundation; lacks relevance as to BANA since it was admittedly not involved in the alleged eviction proceedings. (See, TAC, ¶¶64-78.) |
| **Page 2:9-16** <br> "We were locked out of our home and belongings with threats of arrest for trespass if we returned by an excessive show of force by the Orange County Sheriff's Department using a helicopter and pointing guns at our home from multiple locations and including multiple divisions of the department. i (sic) did not receive any notice from Defendants of where or how to retrieve our belongings and no return calls were made to my attorney at the time, Richard | **Objections:** <br> Inadmissible opinion not based on personal knowledge; lacks foundation; inadmissible hearsay; lacks relevance as to BANA, as BANA was admittedly not involved in the alleged eviction proceedings. (See, TAC, ¶¶64-78.) |

| | | |
|---|---|---|
| 1 | Snyder." | |
| 2 | **Page 2:17-19** | **Objections:** |
| 3 | "The overwhelming fraud involved with the purchase of my Property, started with the Original Grant Deed being materially altered and recorded, and the fraud continues." | Inadmissible opinion not based on personal knowledge; lacks foundation; based on inadmissible hearsay; lacks relevance regarding the allegations of the original Grant Deed being altered. See, *Lee v. Lee*, 175 Cal.App.4th 1553, 1557-58 (2009), |
| 10 | **Page 2:19-3:6** | **Objections:** |
| 11 | "Please see attached Affidavit of Pamela K. Zander, which states even more fraud supporting the scheme involving my Property […] constituting a void Deed of Trust […] my title never being transferred by the original lender to any other entity (constituting void assignments), VOID assignment of trustee […] the foreclosing trustee not holding license registered with the California Real Estate and Financial services […] Countrywide and/or Bank of America having responsibility for settlement payments, validating the two companies are the same." | Lacks personal knowledge; inadmissible opinions; lacks foundation; hearsay; lacks relevance; misstates contents of Plaintiff's own TAC exhibits. |
| 26 | **Page 3:7-13** | **Objections:** |
| 27 | "About November 16, 2012, i (sic) | Inadmissible hearsay; lacks foundation; |

| | | |
|---|---|---|
| 1 | initiated a claim […] with Bond Co […] | inadmissible opinion not based on |
| 2 | i (sic) alleged fraud and that the | personal knowledge; lacks relevance. |
| 3 | signature of Nichole Clavadetscher on | |
| 4 | the purported lender's second Corporate | |
| 5 | Assignment of Deed of Trust was not | |
| 6 | genuine, and therefore, Secrist's | |
| 7 | representation on the notary | |
| 8 | acknowledgement, made under penalty | |
| 9 | of perjury, was false." | |
| 10 | **Page 3:14** | **Objections:** |
| 11 | "…after a thorough investigation, Bond | Lacks personal knowledge regarding |
| 12 | Co paid me the full policy limit of | nature of the "investigation"; lacks |
| 13 | $15,000 in settlement of my claim | foundation; inadmissible opinion |
| 14 | against Notary Public, Jon Secrist." | regarding nature of the "investigation; |
| 15 | | speculation; lacks relevance; |
| 16 | | compromise purportedly made by Notary |
| 17 | | Bonding Co. inadmissible to prove the |
| 18 | | validity of Plaintiff's claims, pursuant to |
| 19 | | Federal Rule of Evidence 408. |
| 20 | **Page 3:17-22** | **Objections:** |
| 21 | "Nancy F. Garzon […] executed an | Inadmissible hearsay; lacks personal |
| 22 | affidavit […] testifying that the Grant | knowledge; lacks foundation; |
| 23 | Deed was fraudulent, bearing her | inadmissible opinion not based on |
| 24 | signature […] which is not the | personal knowledge; lacks relevance. |
| 25 | document that she notarized, but | |
| 26 | instead is an altered version of the | |
| 27 | one she notarized." | |
| 28 | | |

| | | |
|---|---|---|
| 1 | **Page 4:1-2** | **Objections:** |
| 2 | "…our animals turning up dead from | Speculation; lacks personal knowledge; |
| 3 | suspicious actions and severe force | lacks foundation; lacks relevance |
| 4 | shown by Sheriffs …" | (particularly as to BANA). |
| 5 | **Page 4:5-9** | **Objections:** |
| 6 | "…even begged Defendants to stop the | Inadmissible opinion; lacks relevance; |
| 7 | fraud and work with me, literally begged | inadmissible hearsay. |
| 8 | saying i (sic) did not want to bring a | |
| 9 | lawsuit and should not be forced to. But, | |
| 10 | ultimately i (sic) was left to believe the | |
| 11 | only option i had left to protect my | |
| 12 | family's rights and safety was to file this | |
| 13 | complaint, in an effort to obtain relief." | |
| 14 | **Page 4:10-11** | **Objection:** |
| 15 | "The Defendants have exceeded the | Inadmissible opinion not based on |
| 16 | six year statute of limitations to | personal knowledge; lacks foundation. |
| 17 | collect on the purported Promissory | |
| 18 | Note." | |
| 19 | **Page 4:11-16** | **Objections:** |
| 20 | About June 5, 2008, Recontrust | Inadmissible hearsay; lacks relevance. |
| 21 | Company sent me a letter demanding the | |
| 22 | balance due […] No mention of the Bank | |
| 23 | of New York Mellon […] were disclosed | |
| 24 | on that 2008 document." | |
| 25 | **Page 4:18-19** | **Objections:** |
| 26 | "The void assignment……." | Speculation; not based on personal |
| 27 | | knowledge; hearsay; lacks |
| 28 | | |

70000.3212/11209618.1     5     Case No. 8:17-cv-01386-DOC-KES
Objections to Plaintiff's Untimely Declaration in Opposition to Motion to Dismiss

| | | |
|---|---|---|
| 1 | | foundation; lacks relevance. |
| 2 | **Page 4:22-23** | **Objections:** |
| 3 | "…the name on the current stolen title reflects a fictitious Trustee name that never took any assignment, void or otherwise." | Speculation; not based on personal knowledge; hearsay; lacks foundation. |
| 7 | **Page 5:1-6** | **Objections:** |
| 8 | "I gave, and continue to give, legal and constructive notice of all the fraud for several years that I had knowledge of. …proved no original exist…." | Lacks relevance; inadmissible opinion not based on personal knowledge; hearsay; lacks foundation. |
| 13 | **Page 5:8-9** | **Objections:** |
| 14 | "This NOD was never rebuted and stands as fact" | Lacks relevance; inadmissible opinion not based on personal knowledge; hearsay; lacks foundation. |
| 17 | **Page 5:9-12** | **Objections:** |
| 18 | "Since recording the NOD the Defendants have continued to utter fraud upon the Courts […] and uttered them further and intentionally with intent to steal my title and belongings." | Lacks relevance; inadmissible opinion not based on personal knowledge; hearsay; speculation; lacks foundation. |
| 23 | **Page 5:12-14** | **Objections:** |
| 24 | "We continue to find more fraud uttered, yet the Vice President of BONYM, Gavin Tsang, tells me they don't own the property title or the | Lacks foundation; inadmissible hearsay; lacks relevance; inadmissible opinion not based on personal knowledge. . |

| | | |
|---|---|---|
| 1 | loan." | |
| 2 | **Page 5:14-19** | **Objections:** |
| 3 | "(SPS) continues to leave the | Lacks relevance; based on inadmissible |
| 4 | purported account open and | hearsay; legal opinion not |
| 5 | continuing debt collection per the | based on personal knowledge; lacks |
| 6 | Pay Off Statement i (sic) received | foundation. |
| 7 | […] Investor statements reveal the | |
| 8 | property paid in January 2009 and a | |
| 9 | false account opened as a new loan | |
| 10 | in February 2009." | |
| 11 | **Page 5:20-25** | **Objections:** |
| 12 | "i (sic) have many expert witnesses, | Lacks relevance; inadmissible opinion |
| 13 | those who have assisted me as third | not based on personal knowledge; |
| 14 | parties authorized, and whistle blowers | inadmissible hearsay; lacks foundation. |
| 15 | who have firsthand knowledge of the | |
| 16 | fraud and have testified in federal | |
| 17 | cases, as well as our Jane Doe 1 who | |
| 18 | we ask to have her identity sealed." | |
| 19 | **Page 6:1-6** | **Objections:** |
| 20 | "i (sic) have irrefutable evidence that any | Inadmissible opinion not based on |
| 21 | jury would find to be extremely relevant | personal knowledge; lacks foundation; |
| 22 | and proof of fraud upon the court | lacks relevance; inadmissible hearsay. |
| 23 | that supports any indictments the | |
| 24 | court deems proper as stated to us in | |
| 25 | court against the Defendants. Title | |
| 26 | cannot pass by fraud and the court has | |
| 27 | already called this case | |
| 28 | | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | compensable, which I pray is enough to get us to jury and past the thousands of pages in the motions to dismiss filed by Defendants. This I say is true and reason for the return of our possessions and damages to be awarded…." | |
| 8<br>9<br>10<br>11<br>12<br>13 | **Page 6:8-9:**<br>"…I now have good counsel who knows criminal law and contract law and believes in this court to see through the false claims of the Defendants." | **Objections:**<br>Lacks relevance; inadmissible opinion not based on personal knowledge; hearsay; lacks foundation. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | **Page 6:9-14**<br>"i (sic) remove any presumption of standing that the Defendants may have as they are merely debt collectors, not a lender or party of secured interest, with unclean hands having stolen my title bearing my name […] in violation of all the FDCPA laws, among many others." | **Objections:**<br>Lacks relevance; inadmissible opinion not based on personal knowledge; hearsay; lacks foundation. |
| 24<br>25<br>26<br>27 | **Pages 7-10** | **Objections:**<br>This document lacks authentication; lacks foundation; contains inadmissible hearsay; lacks relevance. |
| 28 | | |

| **Pages 11-22** | **Objections:** This document lacks foundation; is a collection of inadmissible hearsay statements; contains improper opinion not based on personal knowledge; lacks relevance. |
|---|---|
| **Pages 24-40** | **Objections:** This document lacks authentication; lacks foundation; contains inadmissible hearsay statements; lacks relevance. |
| **Pages 41-42** | **Objections:** This document lacks authentication; contains inadmissible hearsay; and lacks relevance, since it references a company named "Mortgage Electronic Regristration System, Inc.," having nothing to do with Plaintiff's Deed of Trust. *See*, TAC, Ex. B; *Merscorp Holdings, Inc. v. Mers, Inc.*, 2016 WL 5109969 (N.D.Cal. 2016) (the entity known as "Mortgage Electronic Registration System, Inc." was suspended from conducting business in California as a result of a court's preliminary injunction order barring it from operating with a confusingly similar name to MERS). |

As a result of the foregoing, BANA respectfully requests the Court strike Plaintiff's Declaration and its attached exhibits, or alternatively, entirely disregard this untimely and improperly filed document for purposes of the Motion.

DATED: May 9, 2018           SEVERSON & WERSON
                             A Professional Corporation


                             By:    /s/ Stephen D. Britt
                                    Stephen D. Britt

                             Attorneys for Defendant
                             BANK OF AMERICA, N.A., successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, LP); JON SECRIST; and NICHOLE THOMAS (fka Nichole Clavadetscher)

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On May 9, 2018, I served true copies of the following document(s):

**DEFENDANT BANK OF AMERICA, N.A.'S OBJECTIONS TO PLAINTIFF'S UNTIMELY FILED DECLARATION IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2018, at Irvine, California.

_____
Tavlor P. Hankins

# SERVICE LIST
*Bille René Francis Lillian Powers v. Countrywide Home Loans, Inc., et al.*
USDC – Central District of CA Case No. 8:17-cv-01386-DOC-KES

| | |
|---|---|
| Angela Rena Swan, Esq.<br>LAW OFFICE OF ANGELA R SWAN, APC<br>21151 South Western Ave., Suite 177<br>Torrance, CA 90501<br><br>Telephone:  (310) 755-2515<br>Facsimile:  (310) 878-0349<br>E-Mail:  aswanlegal@gmail.com | Attorneys for Plaintiff<br>BILLIE RENÉ FRANCIS LILLIAN POWERS |
| Steven M Dailey, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 92614<br><br>Telephone:  (949) 417-0999<br>Facsimile:  (949) 417-5394<br>E-Mail:  steven.dailey@kutakrock.com | Attorneys for Defendant<br>THE BANK OF NEW YORK MELLON AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9 MORTGAGE PASS THROUGH CERTIFCATES SERIES 2007-HY9 FORMERLY KNOWN AS THE BANK OF NEW YORK; SELECT PORTFOLIO SERVICING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS"; |