Angela Swan, #213793
THE LAW OFFICES OF ANGELA SWAN, APC
21151 South Western Avenue, Suite 177
Torrance, CA 90501
Office Telephone: (310)755-2515
Email:         aswan@angelaswanlaw.com
Attorney for Plaintiff Billie Rene Frances Lillian Powers

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Billie Rene' Frances Lillian Powers<br>Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; and DOES 1 to 10, inclusive,<br>Defendants. | Case No. 8:17-cv-01386-DOC-KES<br>District Judge: Hon. David O. Carter<br>Courtroom: 9D<br><br>**DECLARATION OF Billie Rene' Frances Lillian Powers IN SUPPORT OF MOTION FOR JOINDER OF BANKING FRAUD VIOLATIONS OF 18 U.S. CODE §1005, BANK ENTRIES, REPORTS AND TRANSACTIONS; 18 U.S. CODE §1006, FEDERAL CREDIT INSTITUTION ENTRIES, REPORTS AND TRANSACTIONS; 18 U.S. CODE § 1341, FRAUDS AND SWINDLES; 18 U.S. CODE § 880, RECEIVING THE PROCEEDS OF EXTORTION; 18 U.S. CODE § 1957, ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY, RICO**<br><br>Hearing Date: July 30, 2018<br>Hearing Time: 8:30am |

DECLARATION OF
Billie Rene' Frances Lillian Powers
1

## DECLARATION OF Billie Rene' Frances Lillian Powers

1. i, Billie Rene' Frances Lillian Powers, am the woman known as the Plaintiff herein. i also come as an owner of private residential real property and as the registered whistle blower against the Defendants, their assigns, colleagues and representatives. i bring these facts, and as need be, inculpatory evidence, submitted by third parties not limited to firsthand knowledge, or possession of required forms, in support of the legal findings and they are ready to testify, or submit evidence, to these facts requiring permission of joinder.

2. i have personal knowledge of the facts set forth herein and if called as a witness to testify thereto i could and would do so.

3. On November 2, 2017 i brought a motion for TRO in front of the court that was not well plead and did not give clear communication of intent that i sought for my home to be returned pending the outcome of this Federal Case. During this hearing Judge Carter said he was confused as to what we were asking for and could not grant the TRO that day, but gave leave to bring the motion back at a later time. He then said that the charges of fraud were serious.

4. At the same hearing on November 2, 2017, Judge Carter said this case is compensable (Exhibit 1, page 14, lines 17-18, 23-24), nothing a settlement could not remedy and strongly urged this case not need come back in front of him. But, if this case did come before him without settlement he was prepared to make sure Defendants would be held liable to fraud proven and take it up to the U.S. Attorney's office. (Exhibit 1,page 12, lines 14-17)

5. Judge Carter named himself the "Sledgehammer" and promised to recommend criminal indictments as i prove any of the fraud i have claimed against Defendants. (Exhibit 1, page 11, line 10, 12-15)   i thank Judge Carter for his willingness to do what is right in these matters, and upon the evidence presented to the jury, demanding the criminals be indicted.

6. The crimes are so horrific, with all forethought and malice, crimes against humanity, they speak for themselves. In light of these crimes, the jury must be presented with firsthand knowledge of the specific depths of depravity assailed against the American people.

7. This declaration supports reason for joinder with the civil case. Congressional Intent will prove these financial crimes have been committed

DECLARATION OF
Billie Rene' Frances Lillian Powers
3

against millions of other Americans too. It is my duty to bring these facts to Judge

Carter's attention and that of the authorities entrusted with the job of protecting the

public at large from the massive fraud.

8. The Civil Case #8:17-cv-01386-DOC-KES i filed pro per on August 11,

2017 contains the evidence and facts that prove: **BANKING FRAUD**

**VIOLATIONS OF 18 U.S. CODE §1005, BANK ENTRIES, REPORTS AND**

**TRANSACTIONS; 18 U.S. CODE §1006, FEDERAL CREDIT**

**INSTITUTION ENTRIES, REPORTS AND TRANSACTIONS; 18 U.S.**

**CODE § 1341, FRAUDS AND SWINDLES; 18 U.S. CODE § 880,**

**RECEIVING THE PROCEEDS OF EXTORTION; 18 U.S. CODE § 1957,**

**ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED**

**FROM SPECIFIED UNLAWFUL ACTIVITY,  RICO**

9. The last face to face with an agency was 5 months ago. My representative,

Dave McCrae, met with the DOJ, FBI in the Austin Texas field office and

presented our civil case to the duty agent. Dave presented them with the CD

containing our 200 plus documents of evidence and discussed the crimes. We

asked for investigations to be opened for the crimes. We believe indictments must

be brought against Defendants for committing crimes we know, and that are
unknown to us. This same duty agent discussed criminal witnesses and he directed
us in what to do to produce an expert witness from prison to testify. *(who better to
testify than a criminal who has been convicted of committing financial crimes and
who understands that all these crimes do land you in jail)*

10. i prove in this joinder the massive financial crimes of the highest order
have, and continue, to be acted out by the Defendants and financial parties.
Congress was very specific in providing the numerous financial penalties including
imprisonment and forfeiture of franchise. Congress was also very specific in that
they would not be able to protect the banks when the truth got out, the truth we
bring in the information. Congress has known the truth of the actions, none is a
secret, but a well-orchestrated fraud that cannot be ignored any longer.

11. On June 10, 1932 Congressman Louis T. McFadden stood on the
congressional floor and gave a well thought out and stern speech directed at
Congress regarding the Banks and Financial Institutions.....He began the speech
with a quote from Henry Ford in his opening dialog: " It is well enough that the
people of the nation do not understand our banking and monetary system, for if

they did, I believe there would be a revolution before tomorrow morning. -- Henry Ford"...

Congressman McFadden continued:

*"Mr. Chairman, at the present session of Congress we have been dealing with emergency situations. We have been dealing with the effect of things rather than with the cause of things. In this particular discussion I shall deal with some of the causes that lead up to these proposals. There are underlying principles which are responsible for conditions such as we have at the present time and I shall deal with one of these in particular which is tremendously important in the consideration that you are now giving to this bill...*

Congressman ends his speech with the following words:

*"Mr. Chairman, a serious situation confronts the House of Representatives to-day. We are Trustees of the people and the rights of the people are being taken away from them. Through the Federal Reserve Board and the Federal Reserve banks, the people are losing the rights guaranteed to them by the Constitution. Their property has been taken from them without due process of law. Mr. Chairman, common decency requires us to examine the*

*public accounts of the Government and see what crimes against the public*

*welfare have and are being committed...Unless this is done by us, I predict that*

*the American people, outraged, robbed, pillaged, insulted, and betrayed as they*

*are in their own land, will rise in their wrath and send a President here who will*

*sweep the money changers out of the temple."* Source:

*http://www.afn.org/~govern/mcfadden_speech_1932.html* (Opening statement on

page 1 and the final statement at the end of his speech on page 13)  In addition,

Presidential Executive Order signed December 21, 2017 by President Trump

addresses crimes against humanity.

12. i further declare as a matter of "fact" The violations of "banking" laws,

and the proper redress listed in this joinder, bespeak the role of Congress, reposed

with the authority, to punish the listed violations, inclusive of private right of

actions, 12 U.S.C . §503. and are enforceable by the several courts. Buttressed by

no less than Title 12 U.S.C. § 631,refusal on the part of the general government to

indemnify, any corporation for any violation of law on their part, with applicable

fines up to $10,000 and by imprisonment for not more than five years.

13. If you look at the Public Law cited in the motion for joinder Congress stated that 'entities", like BOA, Countrywide, Wells Fargo, The Bank of New York Mellon, Citibank et al, operating under section 25 of the Federal Reserve Act, are not "banks", they cannot take deposits, and they cannot transact banking in the several states, case closed! There are no cases, that oppose that Public Law, in fact all the regulations we cited in the motion are exactly what the Federal Reserve Board published. They cannot operate in the states, mortgage banking is limited to foreign transactions, a "home-owner" is a member bank, and ALL TRANSACTIONS, have to be PREPAID, by a deposit of matching funds of 100% in cash.

14. Congressional intent could not be any clearer, than what was stated in Public Law 89-485, organizations or corporations operating under section 25 or 25(a) of the Federal Reserve Act, are not banks, cannot receive deposits, and do not do business within the United States.

15. The evidence this case brings proves to the court that the Financial and Banking Crimes against my estate and property are not an anomaly,

16. This i say is true and reason for the return of our possession and damages

to be awarded, i have suffered greatly, as have my heirs and all interested parties also harmed.

17. i pray that the fraud stops with this case and that the Sledgehammer of justice is brought down as Judge Carter promised us he would bring for these crimes. i pray that the law enforcement arms of the U.S. Inc are brought into this case to stop these crimes and that the public servants who colluded with the Defendants et al are held liable and accountable as remedy is given to all (wo)men who have been victims of this massive scheme to take all our equity. i also pray i am given the remedy that has eluded mine and my heirs lives for far too long in these matters as we return home with the compensable remedy for the damages.

18. Finally, i'm in prayer that Judge Carter on his own motion" (Suo moto) orders all foreclosures to cease, and direct our house and our property to be returned as we bring these matters to the jury.

*The only prayer i believe the Defendants have in this case is:*

*1. if they want to claim this financial transaction is applicable in the several STATES they must admit the transaction was paid at closing.*

*2. admit that it is all international banking and has no application in the*

DECLARATION OF
Billie Rene' Frances Lillian Powers
9

*STATES and again nothing owed as there is no contract.*

*3. if Defendants decide to continue this charade of defense their only prayer left will be for the jury and DOJ to be lenient on fines and jail time. Continuing to utter fraud is intentional at this juncture.*

19. Law of Voids means property returned and damages paid, these things i pray and seek as God is my main counsel and we stand under His promises first.

20. i am bringing an offering of "preemption" with, and through, the fines penalties, and jail time. These matters require by law that they must be presented to the jury, for exemplary damages, and restitution.

21. This Declaration i say is true and factual and given to the best of my facts, knowledge and belief. This Declaration and facts are reason for the return of possession of title and property for which damages are to be awarded.  i have suffered greatly, as have my heirs.

I declare under penalty of perjury as a Californian and American under Gods laws, the laws of the State of California, California State and the United States, that the foregoing is true and correct, Executed at Costa Mesa, California on June 19, 2018.

Billie Rene' Frances Lillian Powers, Declarant

DECLARATION OF
Billie Rene' Frances Lillian Powers
11

# EXHIBIT "1"

1

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    HONORABLE DAVID O. CARTER, JUDGE PRESIDING

4    - - - - - - -

5    BILLIE RENE FRANCES LILLIAN
     POWERS,                          )
6                                     )        CERTIFIED
                                      )
7              Plaintiff,             )
                                      )
8          vs.                        )  No. 8:17-CV-1397-DOC
                                      )      Item No. 3
9    THE BANK OF NEW YORK MELLON, et  )
     al,                              )
10                                    )
               Defendants.            )
11                                    )

12

13

14              REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                 Hearing on Application for TRO

16                   Santa Ana, California

17                 Thursday, November 2, 2017

18

19

20

21

22    Debbie Gale, CSR 9472, RPR, CCRR
      Federal Official Court Reporter
23    United States District Court
      411 West 4th Street, Room 1-053
24    Santa Ana, California 92701
      (714) 558-8141
25

1    **APPEARANCES OF COUNSEL:**

2

3    FOR PLAINTIFF BILLIE RENE FRANCES LILLIAN POWERS:

4         Richard William Snyder
          LAW OFFICE OF RICHARD W. SNYDER
          131 North Tustin Avenue
5         Suite 200
          Tustin, California 92780
6         714-505-7585
          rwsatty@yahoo.com
7

8

9    FOR DEFENDANT THE BANK OF NEW YORK MELLON, ET AL.:

10        Steven M. Dailey
          KUTAK ROCK LLP
11        5 Park Plaza
          Suite 1500
12        Irvine, California 92614
          949-417-0999
13        steven.dailey@kutakrock.com

14

15

16   ALSO PRESENT:

17      Billie Rene Frances Lillian Powers, plaintiff

18

19

20

21

22

23

24

25

3

1                               I N D E X

2      PROCEEDINGS                                         PAGE

3      Appearances                                           4

4      Argument by Mr. Dailey                                5

5      Inquiry by the Court                                  6

6      Ruling of the Court                                  14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 8:17-cv-01386-DOC-KES   Document 117-2   Filed 06/22/18   Page 16 of 28   Page ID #:3516
8:17-CV-1397-DOC 11/2/2017 - Item No. 3

4

| | | |
|---|---|---|
| | 1 | SANTA ANA, CALIFORNIA, THURSDAY, NOVEMBER 2, 2017 |
| | 2 | Item No. 3 |
| | 3 | (9:01 a.m.) |
| | 4 | THE COURT:  Billie Powers v. The Bank of New York |
| | 5 | Mellon. |
| 09:01 | 6 | **APPEARANCES** |
| 09:01 | 7 | MR. SNYDER:  Good morning, Your Honor.  Richard |
| | 8 | Snyder on behalf of the plaintiff. |
| 09:01 | 9 | PLAINTIFF POWERS:  Good morning, Your Honor. |
| | 10 | Billie Rene Frances Lillian Powers.  Thank you for your |
| | 11 | time. |
| 09:01 | 12 | THE COURT:  You're the plaintiff. |
| 09:01 | 13 | PLAINTIFF POWERS:  Yes, Your Honor. |
| 09:01 | 14 | THE COURT:  Okay.  Thank you. |
| 09:01 | 15 | And the Bank? |
| 09:01 | 16 | MR. DAILEY:  Good morning, Your Honor.  Steve |
| | 17 | Dailey of Kutak Rock, here on behalf of Defendant Select |
| | 18 | Portfolio -- |
| 09:02 | 19 | THE COURT:  All right.  Thank you. |
| 09:02 | 20 | How would you like to proceed today, Counsel? |
| | 21 | Would you like to call a witness?  Present any additional |
| | 22 | evidence?  I've read the documentation.  I'm at your |
| | 23 | disposal. |
| 09:02 | 24 | MR. SNYDER:  Well, Your Honor, um, the -- I think |
| | 25 | everything's pretty well detailed in the -- in the moving |

Case 8:17-cv-01386-DOC-KES  Document 117-2  Filed 06/22/18  Page 17 of 28  Page ID
#:3517
8:17-CV-1397-DOC  11/2/2017 - Item No. 3

5

|       |    |                                                                 |
|-------|----|-----------------------------------------------------------------|
|       | 1  | papers.                                                         |
| 09:02 | 2  |            THE COURT:  All right.                               |
| 09:02 | 3  |            MR. SNYDER:  You know, the --                        |
| 09:02 | 4  |            THE COURT:  Well, I'm asking you now:  How would     |
|       | 5  | you like to proceed?  I've read the documents, but I'm         |
|       | 6  | not -- there's no chilling effect if you'd like to present     |
|       | 7  | evidence today on either party's part.                         |
| 09:02 | 8  |            If you would like to -- you'd like to submit on      |
|       | 9  | the papers, I just need to know that.                          |
| 09:02 | 10 |            MR. SNYDER:  Um, I think we'd like to submit on      |
|       | 11 | the papers, Your Honor.                                        |
| 09:02 | 12 |            THE COURT:  Okay.                                    |
| 09:02 | 13 |            Counsel, how would you like to proceed today?       |
| 09:02 | 14 |            MR. DAILEY:  I'd like to be heard, Your Honor.       |
| 09:02 | 15 |            THE COURT:  Okay.  Please.                           |
| 09:02 | 16 |            Now, Counsel, we're gonna move quickly now.  I      |
|       | 17 | wanna hear your argument.                                      |
| 09:02 | 18 |                  **ARGUMENT BY MR. DAILEY**                     |
| 09:02 | 19 |            MR. DAILEY:  So, Your Honor, the first thing I      |
|       | 20 | wanna say is there's no basis for exigent relief.  There's    |
|       | 21 | no emergency.  We only received a day's notice or couple      |
|       | 22 | day's notice of this, and we really didn't have time to put   |
|       | 23 | together a comprehensive opposition.                          |
| 09:03 | 24 |            THE COURT:  Well, the most concerning thing are     |
|       | 25 | the allegations of fraud, of course.  That strikes to the     |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | heart of the process, and I don't know if those are true or  |
|       | 2  | not.                                                         |
| 09:03 | 3  | But what ramifications do we have?  They're here             |
|       | 4  | on a TRO to stop, I believe, a sale?                         |
| 09:03 | 5  | MR. DAILEY:  Well, that's the thing.  I couldn't             |
|       | 6  | tell.  I looked at their paperwork and they asked for --     |
| 09:03 | 7  | THE COURT:  Well, why don't you ask them.                    |
| 09:03 | 8  | MR. DAILEY:  The sale's already occurred.                    |
| 09:03 | 9  | THE COURT:  Okay.                                            |
| 09:03 | 10 | MR. DAILEY:  So their TRO asked for, um -- a TRO             |
|       | 11 | to prevent eviction, prevent sale of the property, but they  |
|       | 12 | don't --                                                     |
| 09:03 | 13 | THE COURT:  Just a moment.                                   |
| 09:03 | 14 | **INQUIRY BY THE COURT**                                     |
| 09:03 | 15 | THE COURT:  Is your client still in the house,               |
|       | 16 | Counsel?                                                      |
| 09:03 | 17 | MR. SNYDER:  No, she's not in the house,                     |
|       | 18 | Your Honor.                                                  |
| 09:03 | 19 | THE COURT:  So counsel raises a good point.  You             |
|       | 20 | may have merit concerning the damages that you may have      |
|       | 21 | accruing -- I don't know yet -- especially if there's fraud  |
|       | 22 | here.  But if she's not in the house and the sale's          |
|       | 23 | occurred, I have a hard time understanding why you're here   |
|       | 24 | on a temporary restraining order.                            |
| 09:04 | 25 | I can understand the merits of this eventually, if           |

Case 8:17-cv-01386-DOC-KES   Document 117-2   Filed 06/22/18   Page 19 of 28   Page ID #:3519
8:17-CV-1397-DOC  11/2/2017 - Item No. 3

7

|        | 1  | we get to the merits.  I have a hard time understanding a |
|        | 2  | TRO. |
| 09:04  | 3  | MR. SNYDER:  Well, the reason why she's not in the |
|        | 4  | house, Your Honor -- there was a, um -- there was a -- what |
|        | 5  | we considered an unlawful foreclosure sale. |
| 09:04  | 6  | THE COURT:  No.  I understand that. |
| 09:04  | 7  | Has the house been sold, though? |
| 09:04  | 8  | MR. SNYDER:  It was sold -- it was taken back by |
|        | 9  | the foreclosing party. |
| 09:04  | 10 | THE COURT:  Okay. |
| 09:04  | 11 | MR. SNYDER:  So it has been sold -- |
| 09:04  | 12 | *(Court reporter requests clarification for the* |
|        | 13 | *record.)* |
| 09:04  | 14 | MR. SNYDER:  Has not been sold to a third party. |
| 09:04  | 15 | We're concerned that the plaintiff -- excuse me -- |
|        | 16 | the defendant is going to run out and sell it to a third |
|        | 17 | party to try and interject a bona fide purchaser. |
| 09:04  | 18 | My client has been in this property for -- since |
|        | 19 | 2007.  That was her home.  Her belongings are there.  She |
|        | 20 | was forced out of the property and has been -- is required |
|        | 21 | to live, um, on the generosity of friends, um, putting her |
|        | 22 | up, and her -- and her minor child, a 13-year-old girl. |
| 09:05  | 23 | It -- the exigent circumstances is that -- that |
|        | 24 | she doesn't have a house.  And this house is sitting empty |
|        | 25 | and, um, so the -- um, the harm -- the relative harm weighs |

8:17-CV-1397-DOC - 11/2/2017 - Item No. 3

8

| | 1 | dramatically in my client's favor. |
|---|---|---|
| 09:05 | 2 | The bank has the house -- |
| 09:05 | 3 | THE COURT:  I don't know what you're asking for. |
| | 4 | So let me just ask you a couple questions.  Okay? |
| 09:05 | 5 | On October 10th, defendants filed a Motion to |
| | 6 | Dismiss and a Motion to Strike, which are Dockets 14 and 15. |
| 09:05 | 7 | And on October 30th, plaintiff, you filed |
| | 8 | opposition in which you concede that many of the claims in |
| | 9 | the First Amended Complaint failed to meet the pleading |
| | 10 | standard for stating a claim.  And I think we both agree |
| | 11 | about that. |
| 09:05 | 12 | Thus, my first question would be, on what |
| | 13 | remaining theory of relief are you seeking this TRO?  And |
| | 14 | we're going around that issue, apparently. |
| 09:06 | 15 | Second, you're claiming that because the |
| | 16 | fraudulent conveyances occurred, neither plaintiff nor the |
| | 17 | lender has any interest in the property. |
| 09:06 | 18 | Well, if that's the case, how do you have standing |
| | 19 | to bring claims that require your client to be the owner of |
| | 20 | the property?  And have you produced a true Grant Deed -- |
| | 21 | which I've never received -- or delivered in any of your |
| | 22 | papers? |
| 09:06 | 23 | For the defendants, I have a very practical |
| | 24 | concern; and that is, since plaintiff filed the First |
| | 25 | Amended Complaint, *pro se,* before she retained counsel, it |

Transcript certified for Billie Rene Frances Lillian Powers
Debbie Gale, CSR, RPR, CCRR
Federal Official Court Reporter

Case 8:17-cv-01386-DOC-KES  Document 117-2  Filed 06/22/18  Page 21 of 28  Page ID
#:3521
8:17-CV-1397-DOC  11/2/2017 - Item No. 3

9

1    put her in a difficult position.  And even if plaintiff's

2    counsel has conceded that the First Amended Complaint is

3    very poorly pled, it is missing required facts.  It is, by

4    and large, not pled with the particularity that's required.

5    So it's difficult to determine exactly the merits or

6    demerits of the causes of action.  And at times remedies are

7    pled as causes of action.

09:07   8    So one thing that you might consider, just to save

9    your client a lot of time, is potentially stipulating to

10   allow plaintiff's counsel to file a Second Amended

11   Complaint, mooting the instant Motion to Dismiss, in order

12   to save your resources -- on both parties -- and the Court's

13   resources.

09:07  14    Otherwise, what I would have to do is I'd have to

15   wade through the First Amended Complaint and attempt to

16   parse plaintiff's claims in order to rule on defendant's

17   motion.  Yet, at the end of this rather time-consuming

18   process, and a costly process for both of you, if I decided

19   that dismissal was warranted, I would almost certainly give

20   plaintiff's counsel and plaintiff leave to amend anyway.  In

21   other words, you're coming right back here.

09:07  22    So, thus stipulating to a Second Amended Complaint

23   would save everyone time.  I mean, it would save a lot of

24   resources.  So I'm kind of somewhat encouraging that to

25   speed this along.  Right now this TRO does not seem

          1    appropriate.  This seems to be compensable, quite frankly.

          2    This seems to be something that could be recovered,

          3    especially in terms of fraud.  And this would give you a

          4    time to look into this affidavit signed by this person.

09:08     5              So why don't you two talk for just a moment.

          6    Sometimes wisdom prevails and sometimes it doesn't.  And if

          7    it doesn't, I'll resolve this matter quickly.  That means,

          8    Counsel, get up out of your seat.

09:08     9              Counsel, talk to your other counsel.  That's an

          10   order.  That's not a request now.

09:08     11             MR. SNYDER:  Yes, Your Honor.

09:08     12             MR. DAILEY:  Would you like us to go in the hall

          13   now, Your Honor?

09:08     14             THE COURT:  Yeah.  Go talk quickly now.

09:08     15             Trying to save your client some money, frankly --

          16   both of you.

09:08     17             PLAINTIFF POWERS:  Thank you so much.

09:08     18        (Pause in the proceedings at 9:08 a.m.)

09:10     19        (Proceedings resumed at 9:10 a.m.)

09:10     20             THE COURT:  Counsel, your thoughts and wisdom?

09:10     21             MR. DAILEY:  Your Honor, we're amenable to

          22   stipulating to a Second Amended Complaint.

09:10     23             THE COURT:  I think that would be wise.  It'll

          24   save a lot of time and effort and expense on both of your

          25   parts.  Let's -- I'm going to note that a stipulation is

Case 8:17-cv-01386-DOC-KES   Document 117-2   Filed 06/22/18   Page 23 of 28   Page ID
#:3523
8:17-CV-1397-DOC   11/2/2017 - Item No. 3

11

|       | 1  | entered as to a Second Amended Complaint.  And we're going |
|       | 2  | to get rid of this Motion to Dismiss at the time. |
| 09:10 | 3  | It's very poorly written, frankly.  I'm glad |
|       | 4  | you've got a lawyer.  This would've been kicked out -- |
| 09:10 | 5  | PLAINTIFF POWERS:  Yes, I'm -- |
| 09:10 | 6  | THE COURT:  I'm not speaking to you now.  I'm |
|       | 7  | speaking to counsel, and you're listening. |
| 09:11 | 8  | What disturbs me the most is, if these allegations |
|       | 9  | of fraud are not appropriate, be careful with this Court. |
|       | 10 | But if they are, you've just met a sledgehammer. |
| 09:11 | 11 | MR. DAILEY:  Your Honor -- |
| 09:11 | 12 | THE COURT:  No, no.  I'm speaking.  You're |
|       | 13 | listening now.  You're listening to me.  You've met a |
|       | 14 | sledgehammer.  I will come down on these parties like you |
|       | 15 | haven't seen, including recommending a criminal indictment. |
| 09:11 | 16 | That will give you two time to talk this through. |
|       | 17 | It'll give you time to look at this see if this has any |
|       | 18 | substance.  If it's meritless, maybe you can work out a |
|       | 19 | resolution quickly and avoid me.  If it does have merit, |
|       | 20 | then I'm encouraging you to proceed forward.  Okay? |
| 09:11 | 21 | So I look forward to your Second Amended |
|       | 22 | Complaint.  When would that be filed, counsel? |
| 09:11 | 23 | MR. SNYDER:  May I? |
| 09:11 | 24 | THE COURT:  Give time -- give yourself enough time |
|       | 25 | also to just discuss the matter of whether this alleged |

```
 1    fraud is meritorious.  In other words, it doesn't have to be
 2    filed within two weeks.  I want to give you time to sort
 3    this out before I do.  Okay?
 4         So give me a time on your schedule.  That means
 5    talk to your opposing counsel.  He's right over there.
 6         MR. DAILEY:  Yeah.  Whenever you can file it, it's
 7    fine with me.
 8         MR. SNYDER:  Four weeks?
 9         MR. DAILEY:  Four weeks is fine.
10         THE COURT:  Well, you need time also, don't you,
11    to look at these documents?  In other words, before he files
12    this, this may get easily resolved between the two of you
13    very quickly.
14         But let me repeat:  If these are fraudulent
15    documents, watch out.  Because this will go far beyond a
16    civil matter.  I'll refer it over to the U.S. Attorney's
17    Office.  Okay?
18         Just give me a date.  Quit looking at me and give
19    me a date now, something convenient for you.  Normally,
20    courts tell you a date.  I'm being courteous and asking you
21    two to agree on a date.  That requires you to talk to him.
22    Thank you.
23         MR. SNYDER:  Four weeks, Your Honor.
24         THE COURT:  Four weeks.  Okay.
25         Then let's take the date of --
```

| 09:12 | 1 | (To the clerk:) Deb, four weeks? |
| 09:12 | 2 | THE CLERK:  November 30th. |
| 09:12 | 3 | THE COURT:  November 30th, Counsel. |
| 09:12 | 4 | Well, that catches you right after the holiday. |
| | 5 | Give 'em another week. |
| 09:13 | 6 | THE CLERK:  December 7th. |
| 09:13 | 7 | THE COURT:  December 7th.  That way you've got |
| | 8 | more time.  It gives you more time to talk to each other and |
| | 9 | see if there's any merit concerning these fraud allegations |
| | 10 | or not, independently.  If there's not, then you should |
| | 11 | proceed, of course.  If there is, maybe you can resolve it |
| | 12 | quickly between the two of you and avoid me. |
| 09:13 | 13 | MR. DAILEY:  Your Honor, actually, could we do it |
| | 14 | December 14th? |
| 09:13 | 15 | THE COURT:  Absolutely.  December 14th. |
| 09:13 | 16 | MR. DAILEY:  We have -- we're gone. |
| 09:13 | 17 | THE COURT:  That's okay.  If you've got a vacation |
| | 18 | or another matter, there's no rush. |
| 09:13 | 19 | I just want some settlement discussions quietly |
| | 20 | between the two of you to see if you can reach a resolution. |
| | 21 | If you can't, that's fine. |
| 09:13 | 22 | But when these kinds of allegations are made, this |
| | 23 | isn't something that's just going to pass through the civil |
| | 24 | side.  Trust me. |
| 09:13 | 25 | Okay.  Thank you very much. |

| | | |
|---|---|---|
| 09:13 | 1 | MR. DAILEY:  Appreciate your time, Your Honor. |
| 09:13 | 2 | THE COURT:  My pleasure. |
| 09:13 | 3 | Sorry I'm so abrupt today, but I'm not gonna waste |
| | 4 | time with it.  We've got other matters now. |
| 09:13 | 5 | MR. DAILEY:  And just to be clear, the TRO is |
| | 6 | denied? |
| 09:13 | 7 | THE COURT:  Well, the TRO is withdrawn at this |
| | 8 | point, Counsel.  He's going to file. |
| 09:14 | 9 | Is that correct? |
| 09:14 | 10 | MR. SNYDER:  I'm going to file a Second Amended |
| | 11 | Complaint. |
| 09:14 | 12 | THE COURT:  Yeah.  You're going to withdraw the |
| | 13 | TRO on today's date; is that correct? |
| 09:14 | 14 | MR. SNYDER:  I would like to have my client |
| | 15 | restored the possession of the property. |
| 09:14 | 16 | **RULING OF THE COURT** |
| 09:14 | 17 | THE COURT:  I'm gonna deny that at the present |
| | 18 | time.  This is compensable. |
| 09:14 | 19 | MR. SNYDER:  Yes, Your Honor. |
| 09:14 | 20 | THE COURT:  The property isn't in her possession |
| | 21 | right now.  There's no further harm.  I'm going to deny your |
| | 22 | TRO.  Now, you can bring that back to me.  Okay?  The door's |
| | 23 | not closed.  But at this time, I don't see anything here |
| | 24 | that isn't compensable by money. |
| 09:14 | 25 | Thank you very much, Counsel. |



09:14  1          MR. DAILEY:  Thank you for your time, Your Honor.

09:14  2          THE COURT:  Thank you.

09:14  3      (Proceedings adjourned at 9:14 a.m.)

09:14  4                      -oOo-

09:14  5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Transcript certified for Billie Rene Frances Lillian Powers
Debbie Gale, CSR, RPR, CCRR
Federal Official Court Reporter

Case 8:17-cv-01386-DOC-KES   Document 117-2   Filed 06/22/18   Page 28 of 28   Page ID #:3528
8:17-CV-1397-DOC 11/2/2017 - Item No. 3

16

```
09:14    1                          -oOo-

09:14    2


09:14    3                       CERTIFICATE

09:14    4


09:14    5          I hereby certify that pursuant to Section 753,

         6    Title 28, United States Code, the foregoing is a true and

         7    correct transcript of the stenographically reported

         8    proceedings held in the above-entitled matter and that the

         9    transcript page format is in conformance with the

        10    regulations of the Judicial Conference of the United States.

09:14   11

09:14   12    Date:   November 18, 2017

09:14   13

09:14   14
09:14
09:14   15                        /s/ Debbie Gale
09:14                             _____
09:14   16                        DEBBIE GALE, U.S. COURT REPORTER
                                  CSR NO. 9472, RPR, CCRR
09:14   17

        18

        19

        20

        21

        22

        23

        24

        25
```