# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KESx)            Date: July 31, 2018

Title: BILLIE RENE FRANCES LILLIAN POWERS V. THE BANK OF NEW YORK MELLON ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER [117]**

On June 22, 2018, Plaintiff Billie Rene Frances Lillian Powers ("Plaintiff") filed what is styled as a Motion for Joinder in Amended Complaint/Petition ("Motion") (Dkt. 117). In her Motion, Plaintiff moves for:

> Joinder of Banking Fraud Violations of 18 U.S. Code § 1005, Bank Entries, Reports and Transactions; 18 U.S. Code § 1006, .Federal Credit Institution Entries, Reports and Transactions; 18 U.S. Code § 1341, Frauds and Swindles; 18 U.S. Code § 880, Receiving The Proceeds of Extortion; 18 U.S. Code § 1957, Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity, and RICO ("Motion for Joinder of Banking Fraud Violations") to Plaintiff's Third Amended Complaint.

Mot. at 2. The majority of the Motion is spent quoting federal laws and regulations, apparently to show "legislative and Congressional intent" to support Plaintiff's Motion. *See generally* Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-1386-DOC (KESx)                                       Date: July 31, 2018
                                                                                                                          Page 2

       The various Defendants filed Oppositions (Dkts. 172–174, 180) to Plaintiff's Motion, arguing, among other things, that: (1) the Motion is effectively a motion to amend and should have been brought under Federal Rule of Civil Procedure 15; (2) the Motion does not satisfy Federal Rule of Civil Procedure 7(b)(1)(B), Federal Rule of Civil Procedure 15(a)(2), and Local Rules 15-1, 7-6 and 7-7; (3) the Motion provides no factual or legal basis for the requested relief; (4) Plaintiff seeks to pursue claims arising under statutes that afford no private right of action, so granting the Motion would be futile; (5) Plaintiff does not articulate how any Defendant has violated the one statute listed that does offer a private right of action; and (6) to the extent that Plaintiff's Motion requests that criminal charges be filed against Defendants, any such requests are improper and should be summarily denied.

       On July 16, 2018, Plaintiff filed a Reply (Dkt. 191), in which Plaintiff broadly claims that she is requesting joinder of claims, not leave to amend, and that "Plaintiff's Motion for Joinder clearly sheds light on Congressional intent when the laws were created to govern banks, which Defendants failed to oppose." Reply at 2. In addition, Plaintiff claims that she has a private right of action because:

> On July 21, 2010, The Dodd Frank Wall Street Reform Bill amended Title 12, Section 25b of Subsection J under the Title Enforcement Actions and it says, "The ability of the Comptroller of the Currency to bring an enforcement action under Title 62 of the Revised Statutes (The National Bank Act, codified to Chapter 6, Foreign Banking), does not preclude any private party from enforcing rights granted under Federal or State law in the courts."

Reply at 3. Finally, Plaintiff argues that her Motion satisfies Federal Rule of Civil Procedure 7(b) because it "states with particularity, Congressional intent, regulations created to govern banks, and it sheds light on the 'Banking Fraud', clearly demonstrating that these financial institutions are operating outside of the law, causing mass destruction." *Id.*

       On July 30, 2018, the Court heard oral argument and discussed the Motion with the parties extensively. As explained at the hearing, the Court agrees with Defendants that the Motion suffers from several deficiencies. First, the Motion effectively seeks amendment and thus must comply with the applicable standard for amending the pleadings. *See* Fed. R. Civ. P. 15. However, as Defendants point out, Plaintiff has not alleged any specific facts about how each Defendant violated the various statutes Plaintiff cites in her Motion. *See generally* Mot. In fact, the Motion only names and makes allegations about specific Defendants on pages 4 and 16 of the Motion, and those

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-1386-DOC (KESx)                              Date: July 31, 2018
                                                                                                                          Page 3

allegations do not provide sufficient factual support to establish that any Defendant violated the cited criminal statutes. *See id.* at 4, 16. Finally, Plaintiff has not established that she has a private right of action to bring claims under any of the statutes she cites in her Motion—in other words, Plaintiff has not shown that a private citizen, as opposed to the government, may bring a suit to enforce those statutes. *See generally* Mot. Moreover, the provision Plaintiff cites in her Reply does not appear to create such a private right of action, but instead makes clear that the ability of the Comptroller of the Currency to bring certain enforcement actions does not preclude private parties from enforcing rights (such as private rights of action and related substantive rights) that *already exist* under federal or state law. *See* 12 U.S.C. § 25(b). Plaintiff does not cite any authority showing that the statute actually *creates* a private right of action, rather than simply providing that it does not preempt existing rights. *See generally* Mot.; Reply.

        For the foregoing reasons, Plaintiff fails to establish that amendment would not be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify denial of a motion for leave to amend."); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ( noting that a proposed amended pleading is futile if it would not meet the Federal Rule of Civil Procedure 12(b)(6) standard for ascertaining the legal sufficiency of a pleading).

        Accordingly, the Court DENIES Plaintiff's Motion. In addition, per the parties' proposal, the Court will delay ruling on the pending Motions to Dismiss filed by the various Defendants until the latest filed motion, Commonwealth Land Title Company's Motion to Dismiss (Dkt. 133), has been fully briefed, so that the Court can issue one comprehensive order that addresses the Third Amended Complaint as to all Defendants at once. At that time, the Court will also address Plaintiff's newly filed Motion to Amend (Dkt. 194). Thus, Defendants need not file oppositions to that motion unless they believe that, in the event that the Court decides to allow Plaintiff to file a Fourth Amended Complaint after the Court rules on the pending motions to dismiss, the Court should not allow Plaintiff to correct Defendant Commonwealth Land Title Company's name.

        The Clerk shall serve this minute order on the parties.