1          **UNITED STATES DISTRICT COURT**

2          **CENTRAL DISTRICT OF CALIFORNIA**

3      **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4              - - - - - - -

5   BILLIE RENE FRANCES LILLIAN        )
    POWERS,                            )
6                                      )        **CERTIFIED**
            Plaintiff,                 )
7                                      )
        vs.                            ) No. 8:17-CV-1386-DOC
8                                      )      Item 8, Volume I
    THE BANK OF NEW YORK MELLON, et    )
9   al.,                               )
                                       )
10          Defendants.                )
    _____)

11

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15               Hearing on Motions

16            Santa Ana, California

17           Monday, July 30, 2018

18

19

20

21

22  Debbie Gale, CSR 9472, RPR, CCRR
    Federal Official Court Reporter
23  United States District Court
    411 West 4th Street, Room 1-053
24  Santa Ana, California 92701
    (714) 558-8141

25

1    **APPEARANCES OF COUNSEL:**

2

     FOR PLAINTIFF BILLIE RENE FRANCES LILLIAN POWERS:
3

         Angela Rena Swan
4        LAW OFFICE OF ANGELA R. SWAN
         21151 South Western Avenue
5        Suite 177
         Torrance, California 90501
6        310-365-9434
         aswanlegal@gmail.com
7

8    FOR DEFENDANT BANK OF AMERICA:

9        Stephen Douglas Britt
         SEVERSON AND WERSON APC
10       The Atrium
         19100 Von Karman Avenue
11       Suite 700
         Irvine, California 92612
12       949-442-7110
         sxb@severson.com
13

14   FOR DEFENDANT QUALITY LOAN SERVICING CORPORATION:

15       Lakshmi Jagannath
         MCCARTHY AND HOLTHUS LLP
16       8502 East Via De Ventura
         Suite 200
17       Scottsdale, Arizona 85258
         480-302-4115
18       ljagannath@mccarthyholthus.com

19   FOR DEFENDANT SELECT PORTFOLIO SERVICING, INC., BANK OF NEW
     YORK MELLON, AS TRUSTEE, AND MORTGAGE ELECTRONIC
20   REGISTRATION SYSTEMS, INC.:

21

         Steven M. Dailey
22       KUTAK ROCK LLP
         5 Park Plaza
23       Suite 1500
         Irvine, CA 92614
24       949-417-0999
         steven.dailey@kutakrock.com

25

1   **APPEARANCES (Continued):**

2   FOR DEFENDANT COMMONWEALTH LAND TITLE COMPANY:

3

4       Baber A Khan
        EARLY SULLIVAN WRIGHT GIZER AND MCRAE LLP
        6420 Wilshire Boulevard
5       17th Floor
        Los Angeles, California 90048
6       323-301-4660
        bkhan@earlysullivan.com
7

8

9

10  ALSO PRESENT:

11      Billie Rene Frances Lillian Powers, plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                            **I N D E X**

2    **PROCEEDINGS**                                      **PAGE**

3    Appearances                                          4

4    Initial remarks by the Court                         6

5    Argument by Ms. Swan                                 23

6    (Switch to CourtSmart for Volume II.)                25

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

|       |    |                                                                  |
|-------|----|------------------------------------------------------------------|
|       | 1  | **SANTA ANA, CALIFORNIA, MONDAY, JULY 30, 2018**                 |
|       | 2  | **Item 8, Volume I**                                             |
|       | 3  | (11:04 a.m.)                                                     |
| 11:04 | 4  | THE COURT:  Matter of Billie Rene Frances Lillian               |
|       | 5  | Powers v. the Bank of New York Mellon, et al., et al.,          |
|       | 6  | et al.                                                           |
| 11:05 | 7  | **APPEARANCES**                                                  |
| 11:05 | 8  | MR. BRITT:  Good morning, Your Honor.  Steven                   |
|       | 9  | Britt for Bank of America.                                       |
| 11:05 | 10 | THE COURT:  Okay.  Bank of America.  Why don't you             |
|       | 11 | have a seat.                                                     |
| 11:05 | 12 | How many banks do I have here?  The whole banking              |
|       | 13 | system?  Who do I have here?  I have four banks?  Four          |
|       | 14 | entities?  Four separate ones?                                   |
| 11:05 | 15 | UNIDENTIFIED SPEAKER:  I represent three related               |
|       | 16 | entities.                                                        |
| 11:05 | 17 | THE COURT:  Would you do me a favor.  Take the                 |
|       | 18 | chair closest to me for a moment, and slide this all the way    |
|       | 19 | down.  Good morning.                                             |
| 11:05 | 20 | MS. JAGANNATH:  Good morning, Your Honor.  Lakshmi            |
|       | 21 | Jagannath for Defendant Quality Loan Service *(sic)*            |
|       | 22 | Corporation.                                                     |
| 11:05 | 23 | MR. DAILEY:  Good morning, Your Honor.  Steve                  |
|       | 24 | Dailey, Kutak Rock, Your Honor, on behalf defendants Select    |
|       | 25 | Portfolio Servicing Inc., uh, Bank of New York Mellon, as      |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | trustee, and Mortgage Electronic Registration Systems, Inc.  |
| 11:05 | 2  | THE COURT:  How do you talk three banks into one             |
|       | 3  | counsel?  Have a seat here.                                   |
| 11:06 | 4  | MS. JAGANNATH:  Good morning, Your Honor.  Baber             |
|       | 5  | Khan on behalf of defendant Commonwealth Land Title Company. |
| 11:06 | 6  | THE COURT:  Okay.                                            |
| 11:06 | 7  | PLAINITFF POWERS:  Hello, Your Honor.  Billy Rene           |
|       | 8  | Francis Lillian Powers, your plaintiff, present.             |
| 11:06 | 9  | THE COURT:  Okay.  Great.  Have a seat.                      |
| 11:06 | 10 | Let me try to set a background and then ask you a            |
|       | 11 | few questions.                                               |
| 11:06 | 12 | (Court and clerk confer.)                                    |
| 11:06 | 13 | THE COURT:  Where's my counsel?                             |
| 11:06 | 14 | PLAINITFF POWERS:  That's a good question.  I'm             |
|       | 15 | shocked as you are that she's not here.                      |
| 11:06 | 16 | THE COURT:  We'll talk about that in a moment.              |
|       | 17 | You're welcome to represent yourself, pro se, but you really |
|       | 18 | find yourself at a disadvantage.  Okay?  Let me go over my   |
|       | 19 | script so I have a record, and then ask you some questions.  |
|       | 20 | Fair enough?                                                 |
| 11:06 | 21 | PLAINITFF POWERS:  Fair enough.                             |
| 11:06 | 22 | THE COURT:  'cause we did this before.                      |
| 11:06 | 23 | And then I'll ask you the obvious question why.              |
|       | 24 | But not yet.  Not yet.                                       |
| 11:06 | 25 | So by way of background on September 20, 2017,               |

Certified for the U.S. District Court CM/ECF☐
DEBBIE GALE, CSR 9472, RPR, CCRR☐
Federal Official Court Reporter☐
☐

1    plaintiff Billie Rene Frances Lillian Powers filed a First

2    Amended Complaint.  And you and filed that as a pro se on

3    your own.

11:07    4            PLAINITFF POWERS:  Correct.

11:07    5                **INITIAL REMARKS BY THE COURT**

11:07    6            THE COURT:  This case arises out of Plaintiff

7    Billie Rene Frances Lillian Powers's purchase of 2007 -- in

8    2007 -- of real property located at 40701 Ortega Highway,

9    San Juan Capistrano.  And plaintiff claims that from the

10    time she opened the purchase escrow to the time she filed

11    the First Amended Complaint in this action, she's been the

12    victim of numerous fraud schemes respecting the title to the

13    property.

11:07    14            On October 10, 2017, defendants filed a motion to

15    dismiss.  And we're gonna correct this record.  That's why

16    I'm going through it:  To make sure that we have all of our

17    dates and times correct procedurally.

11:07    18            You filed a motion to dismiss and a motion to

19    strike, which were Dockets Number 14 and 15.  And on

20    October 30th, 2017, plaintiff filed her opposition in which

21    newly retained counsel conceded that the First Amended

22    Complaint is poorly pled.  It is missing required facts.  It

23    is by and large not pled with particularity required.  It is

24    difficult to determine exactly the merits or demerits of the

25    causes of action and, at times, remedies are pled as causes

|       |    |                                                               |
|-------|----|---------------------------------------------------------------|
|       | 1  | of action.                                                    |
| 11:08 | 2  | Now let me stop there.  You're representing                   |
|       | 3  | yourself as a citizen.  Okay?  But you can see the initial     |
|       | 4  | concern because that could've dismissed by the Court right     |
|       | 5  | then.                                                          |
| 11:08 | 6  | Thus, at the hearing concerning your application              |
|       | 7  | for a temporarily retraining order, on November 2nd of 2017,  |
|       | 8  | defendants, I think, graciously stipulated -- and thank you.  |
|       | 9  | You saved a lot of procedural time and got the plaintiff      |
|       | 10 | back in court as quickly as possible -- but you graciously    |
|       | 11 | stipulated, at my request, to allow plaintiff's counsel to    |
|       | 12 | filial Second Amended Complaint.  And that mooted             |
|       | 13 | defendant's Motion to Dismiss in order to save the Court's    |
|       | 14 | resources.                                                    |
| 11:09 | 15 | Because, I think, it was rather obvious that the              |
|       | 16 | Court would've been in a position on the "First" to grant --  |
|       | 17 | to grant your motions.  Wanted to get you into court, have a  |
|       | 18 | fair hearing, have you have access to justice, but you were   |
|       | 19 | pretty much out of court on that first one.                   |
| 11:09 | 20 | PLAINITFF POWERS:  I agree.                                   |
| 11:09 | 21 | THE COURT:  Okay.  Well, don't agree with anything            |
|       | 22 | right now.  You're an advocate.  So are they.  But I wanna    |
|       | 23 | thank you.  I think we've gotten here as quickly as possible  |
|       | 24 | for all parties.                                              |
| 11:09 | 25 | And on December 14, 2017, plaintiff's counsel                |

Certified for the U.S. District Court CM/ECF□
DEBBIE GALE, CSR 9472, RPR, CCRR□
Federal Official Court Reporter□
□

|       |     |                                                                                   |
|-------|-----|-----------------------------------------------------------------------------------|
|       | 1   | filed the Second Amended Complaint.  Now, stop.  Just for my                       |
|       | 2   | record, who was your --                                                            |
| 11:09 | 3   | *(Clerk and court confer.)*                                                        |
| 11:09 | 4   | THE COURT:  Are you counsel?                                                       |
| 11:09 | 5   | PLAINITFF POWERS:  Yes, Your Honor.                                                |
| 11:09 | 6   | MS. SWAN:  Yes, Your Honor.  Good morning, Your                                    |
|       | 7   | Honor.  May I state my appearance?                                                 |
| 11:09 | 8   | THE COURT:  A miracle:  You're here.  You may not                                  |
|       | 9   | only state your appearance, but welcome.  Why don't you step                       |
|       | 10  | over to the thing called a microphone.                                             |
| 11:10 | 11  | MS. SWAN:  Yes, Your Honor.                                                        |
| 11:10 | 12  | Angela Swan on behalf of Ms. Powers.                                               |
| 11:10 | 13  | THE COURT:  How do I spell your last name.                                         |
| 11:10 | 14  | MS. SWAN:  S-W-A-N.                                                                |
| 11:10 | 15  | THE COURT:  I'm going to start again, just by way                                  |
|       | 16  | of background.  Have a seat.  We'll start again 'cause                             |
|       | 17  | you're present.                                                                    |
| 11:10 | 18  | So by way of background on September 20th, 2017,                                   |
|       | 19  | Billie Rene Frances Lillian Powers filed the First Amended                         |
|       | 20  | Complaint as a pro se in my court.  This case arises out of                        |
|       | 21  | Mr. Power's purchase in 2007 of real property located at                           |
|       | 22  | 40701 Ortega Highway, San Juan Capistrano.  And she claimed                        |
|       | 23  | from the time -- well, plaintiff claims that from the time                         |
|       | 24  | she opened the purchase escrow to the time she filed in the                        |
|       | 25  | First Amended Complaint in this action, she's been a victim                        |

Case 8:17-cv-01386-DOC-KES   Document 205   Filed 08/15/18   Page 10 of 27   Page ID
#:4501
8:17-CV-1386-DOC -- 7/30/2018 - Item 8, Volume I

10

|       |    |                                                                        |
|-------|----|------------------------------------------------------------------------|
|       | 1  | of numerous fraud schemes respecting title to that property.           |
| 11:11 | 2  | On October 10, 2017, defendants filed a motion to                      |
|       | 3  | dismiss and a motion to strike from Dockets 14 and 15.  And            |
|       | 4  | on October 30th, plaintiff filed her opposition, which newly           |
|       | 5  | retained counsel -- which I believe was you, at that time --           |
|       | 6  | conceded that the fact is -- the First Amended Complaint is            |
|       | 7  | poorly pled; it's missing required facts; it's by and large            |
|       | 8  | not pled with particularity required, and it's difficult to            |
|       | 9  | determine the merits or demerits of the causes of action and          |
|       | 10 | at times remedies are pled as causes of action.                       |
| 11:11 | 11 | Now, I'd already made that statement on the                           |
|       | 12 | record.  And, thus, at that hearing, concerning plaintiff's            |
|       | 13 | application for Temporary Restraining Order on November 2nd,           |
|       | 14 | I think, counsel for the defendant took the Court's strong             |
|       | 15 | advice to them; and that is, they graciously stipulated to             |
|       | 16 | allow plaintiff's counsel to filed a Second Amended                    |
|       | 17 | Complaint.  'Cause this came from your client.  She -- she             |
|       | 18 | desperately needed counsel.  And I didn't wanna see her out            |
|       | 19 | of court, quite frankly, as a pro se, on a very poorly pled            |
|       | 20 | document that was just not understandable.  So I wanna thank           |
|       | 21 | you for coming in as counsel at that time.                            |
| 11:12 | 22 | And what that'll Second Amended Complaint did is                      |
|       | 23 | it mooted defendant's motion to dismiss and I think it saved           |
|       | 24 | all of your resources I think we're back here as quickly as            |
|       | 25 | can be.                                                                |

Certified for the U.S. District Court CM/ECF□
DEBBIE GALE, CSR 9472, RPR, CCRR□
Federal Official Court Reporter□
□

| | | |
|---|---|---|
| 11:12 | 1 | On December 14th, plaintiff's counsel filed the |
| | 2 | Second Amended Complaint. |
| 11:12 | 3 | Now, on December 28, 2017, defendant filed the |
| | 4 | motions to dismiss and a motion to strike, which are Dockets |
| | 5 | 35, 36 and 38. |
| 11:12 | 6 | And on January 8, 2018, plaintiff substituted |
| | 7 | herself in as a pro se counsel, having released her previous |
| | 8 | counsel. |
| 11:12 | 9 | Now, I want to make certain:  Is the previous |
| | 10 | counsel you, Ms. Swan? |
| 11:13 | 11 | MS. SWAN:  No, Your Honor. |
| 11:13 | 12 | THE COURT:  Who is that previous, Counsel?  Do you |
| | 13 | remember the name? |
| 11:13 | 14 | PLAINITFF POWERS:  Richard Snyder. |
| 11:13 | 15 | THE COURT:  Richard Snyder.  Okay. |
| 11:13 | 16 | And then plaintiff, representing herself once |
| | 17 | again, missed the January 15th, 2018, deadline for filing an |
| | 18 | opposition to defendant's motion. |
| 11:13 | 19 | And then I think that I had you in Court and I |
| | 20 | advised you, as the plaintiff, that failure to file an |
| | 21 | opposition constitutes grounds under Local Rule 7-12 to |
| | 22 | grant a motion as unopposed.  But I don't think you lay |
| | 23 | awake at night reading our Local Rule 7-12, representing |
| | 24 | yourself.  So, once again, I thought you were being denied |
| | 25 | access to justice because, as a citizen, I don't think |

                    1    you're aware of some of our procedural rules.  Okay?

11:13          2           Nevertheless, in the interest of resolving the

                    3    claims on their merits, I extended the deadline for you

                    4    opposition and February 15th, 2018.  And I had warned you

                    5    numerous times that failure to file in a timely -- file a

                    6    timely opposition could result in dismissal of your case.

                    7    And I also counseled, I think, about the time, "Go get

                    8    counsel if you can."

11:14          9           So I'm pleased see you here, Counsel.

11:14         10           On February 15, plaintiff filed a request for

                   11    permission to file a Third Amended Complaint, which is

                   12    Docket 55.  And plaintiff also filed replies opposing the

                   13    defendants' motion to dismiss and motions to strike.  But

                   14    they failed to substantively oppose the defendants'

                   15    arguments.  And, as a result, after a hearing on March 5th,

                   16    2018, this Court dismissed your Second Amended Complaint,

                   17    but gave you another chance.  I wanted you to be able to

                   18    file a Third Amended Complaint.  So back, we're now on the

                   19    Third Amended Complaint, once you obtained new counsel.

11:14         20           So Ms. Swan was not counsel at that time.  And I

                   21    think here's where you enter, Counsel, after a prolonged

                   22    period of time.

11:15         23           So on March 20, 2018, Ms. Swan filed the Third

                   24    Amended Complaint, which brings 26 claims against eight

                   25    defendants.  And on April 3rd, 2018, Defendants Bank of

|       |    |                                                                    |
|-------|----|--------------------------------------------------------------------|
|       | 1  | America, Bank of America North -- NA, Countywide Bank --           |
| 11:15 | 2  | Are they still in existence?                                       |
| 11:15 | 3  | MR. BRITT:  *(Inaudible.)*                                          |
| 11:15 | 4  | *(Court reporter requests clarification for the*                   |
|       | 5  | *record.)*                                                          |
| 11:15 | 6  | THE COURT:  We can't hear you.                                      |
| 11:15 | 7  | MR. BRITT:  They were 'quired by Bank of America,                   |
|       | 8  | Your Honor.                                                         |
| 11:15 | 9  | THE COURT:  Acquired by who?                                        |
| 11:15 | 10 | MR. BRITT:  Bank of America.                                        |
| 11:15 | 11 | THE COURT:  Could you say that louder for me.                       |
| 11:15 | 12 | MR. BRITT:  They were acquired by Bank of America.                  |
| 11:15 | 13 | THE COURT:  Excellent.                                              |
| 11:15 | 14 | -- and Countywide Home Loans filed a motion to                      |
|       | 15 | Dismiss, which is Docket 72.                                        |
| 11:15 | 16 | On the same day, Defendant Mortgage Electronics                     |
|       | 17 | Systems -- who represents them?                                     |
| 11:15 | 18 | MR. DAILEY:  *(Raises hand.)*                                       |
| 11:15 | 19 | THE COURT:  -- select Portfolio Servicing, Inc.?                    |
| 11:15 | 20 | MR. DAILEY:  *(Raises hand.)*                                       |
| 11:16 | 21 | THE COURT:  -- and the Bank of New York Mellon?                     |
| 11:16 | 22 | MR. DAILEY:  *(Raises hand.)*                                       |
| 11:16 | 23 | THE COURT:  -- as trustee on behalf of the holders                  |
|       | 24 | of the Alternative Loan Trust 2007-HYS *(sic)* Mortgage            |
|       | 25 | Passthrough Certificate Series 2007-HY9, filed a motion to          |

8:17-CV-1386-DOC - 7/30/2018 - Item 8, Volume I

14

| | |
|---|---|
| | 1 |
| 11:16 | 2 |
| | 3 |
| | 4 |
| 11:16 | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| 11:17 | 11 |
| | 12 |
| 11:17 | 13 |
| | 14 |
| | 15 |
| | 16 |
| | 17 |
| | 18 |
| | 19 |
| 11:17 | 20 |
| | 21 |
| | 22 |
| | 23 |
| | 24 |
| | 25 |

1  dismiss and a motion to strike, which are Dockets 74 and 75.

2      Okay.  We're going through this laborious process

3  so that I know that I'm not making mistakes.  So check my

4  docket numbers on both sides.

5      On May 4th, Defendants Nichole Clavadetscher and

6  Joan Secrist filed a Motion to Dismiss, Docket Number 106.

7  On June 20th, defendant Quality Loan Servicing Corporation

8  filed a Motion to Dismiss, Docket 116.  And on July 3rd

9  Defendant Commonwealth Land Title Company filed a Motion to

10  Dismiss and notice for a hearing on August 27th, 2018.

11      On June 28th plaintiff also filed what is styled

12  as a Motion for Joinder in Amended Complaint/Petition.

13      So, concerning what's happened, in addition,

14  nearly 60 people -- who I assume are most of you folks out

15  in that audience, or a good portion -- then -- who are not

16  parties to this case -- you've attempted to file a

17  certificate and notice of interested parties in which your

18  claim is that you are parties interested in criminal

19  joinder.

20      However, because you folks are not parties to the

21  case, the intake clerk has had to reject all of your

22  filings.  So let me give you the bad news right up front.

23  And given the number of filings and the similar content, it

24  may appear that plaintiff or counsel -- and I'm guessing and

25  I don't really care -- have directed these filings.

11:18    1            So please note that these dismissals -- it doesn't

         2    matter.  It doesn't matter.  No blame/fault.  Here's what

         3    I'm saying to you:

11:18    4            That, pursuant to Local Rule 7.1-1, these Notices

         5    of Interested Parties are only to be filed by counsel of

         6    parties to the litigation.  And that the Courts aren't gonna

         7    budge on, for the following purpose -- so let me explain --

         8    it's to available the Court to evaluate possible

         9    disqualification or recusal.

11:18   10            Counsel for all non-governmental parties shall

        11    file with their first appearance a Notice of Interested

        12    Parties, which shall list all persons, associations of

        13    persons, firms, partnerships and corporations, including

        14    parent corporations, clearly identified as such, that may

        15    have a pecuniary interest in the outcome of the case,

        16    including any insurance carrier that may be liable in whole

        17    or in part, directly or indirectly, in a judgment in the

        18    action or for the cost of defense.

11:19   19            Counsel, shall be under a continuing obligation to

        20    file an amended notice if any material change occurs in the

        21    status of interested parties, as through merger acquisition

        22    or change in carrier that maybe liable for any part of a

        23    judgment.

11:19   24            Thus, a Notice of Interested Parties is only

        25    intended to notify the Court of party whose had a pecuniary

|       |    |                                                               |
|-------|----|---------------------------------------------------------------|
|       | 1  | interest in the outcome of the case, and they can only be     |
|       | 2  | filed by someone who is already a party to the case.          |
| 11:19 | 3  | So, unless these 60 "peoples" are -- you know,                |
|       | 4  | kind've like all owners of your property -- and I don't know  |
|       | 5  | if it's horse property or a house or whatever -- in           |
|       | 6  | addition, this form is not an appropriate method by which to  |
|       | 7  | seek criminal joinder.                                        |
| 11:19 | 8  | Now, I -- not fault-finding again.  You're a                  |
|       | 9  | citizen; you're doing your best as a pro se.  I get that.     |
|       | 10 | But I want to give you an explanation that that's not gonna   |
|       | 11 | fly -- and give folks a chance, if they wanna get in, to      |
|       | 12 | understand what they have to do.  But they're not making      |
|       | 13 | linkage with you unless you've got 60 owners.                 |
| 11:20 | 14 | *(To audience member:)* Comfortable?                          |
| 11:20 | 15 | AUDIENCE MEMBER:  Not really.  Okay.                          |
| 11:20 | 16 | THE COURT:  Okay?                                             |
| 11:20 | 17 | AUDIENCE MEMBER:  Yes.                                        |
| 11:20 | 18 | THE COURT:  Good.                                            |
| 11:20 | 19 | So I want to tell you they're going to continue to            |
|       | 20 | be rejected.  And I wanna tell all you folks, unless you      |
|       | 21 | follow that procedure, you know, through counsel or your      |
|       | 22 | part owner'a this property they're gonna continue to be       |
|       | 23 | rejected.  And I might as well say that now to save you a     |
|       | 24 | lot of time and effort or, you know, to do it according to    |
|       | 25 | our rules, through counsel, or you may be interested parties  |

```
            1    'cause you have a part ownership.

11:20       2           You wanna divide your property out 60 ways?  I'm

            3    just kidding you.

11:20       4           PLAINITFF POWERS:  I think they already have.

11:20       5           THE COURT:  Yeah.  Well, they may have.  We'll

            6    talk about that with them in just a moment.  But the point

            7    is, you can file all I want --

11:21       8           PLAINITFF POWERS:  And I agree with you --

11:21       9        (Simultaneous speaking.)

11:21      10           THE COURT:  -- as far as the clerk's office, it's

           11    gonna be gone.  Okay?  And I might as well say that here so

           12    we're not wasting time.

11:21      13           Now, Motion for Joinder.  Next, on June 22, 2018,

           14    you filed a Motion for Joinder in which you moved as

           15    follows:

11:21      16             "Joinder of Banking Fraud Violations

           17             of 18 U.S.C., Section 1005, Bank

           18             Entries, Reports and Transactions;

           19             18 U.S.C., Code 1006, Federal Credit

           20             Institution Entries, Reports and

           21             Transactions; 18 U.S.C., Code 1341;

           22             Frauds and Swindles; 18 U.S. Code

           23             Section 880, Receiving The Proceeds of

           24             Extortion; 18 U.S.C. -- or 18 U.S. Code

           25             1957, Engaging in Money Transactions in
```

1           Property Derived from Specified Unlawful

2           Activity, and a RICO Motion for Joinder

3           of Banking Fraud Violations to

4           Plaintiff's Third Amended Complaint."

5           *(As read.)*

11:21   6           Now, in that motion you claim, based on Federal

7    Rule of Civil Procedure 18 -- which addresses joinder of

8    claims -- okay?  Because, according to you, the claims

9    result from the same dispute and involve the same parties as

10   the claims in the Third Amended Complaint.

11:22   11          MS. SWAN:  Yes.

11:22   12          THE COURT:  I'm looking over the top of your head.

13   You're okay.  That didn't require any comment yet.

11:22   14          MS. SWAN:  Okay.

11:22   15          THE COURT:  I'm looking at counsel who just came

16   in now.  You don't have eyes in the back of your head so you

17   can't see what happened.

11:22   18          Okay.  The majority of the motion is spent quoting

19   federal laws and regulations apparently to show the

20   legislative and Congressional intent to support your motion.

21   So, therefore, that -- numerous defendants filed oppositions

22   to your motion.

11:22   23          And, first, the Bank of New York Mellon defendants

24   assert that the motion should be denied because it does not

25   satisfy Federal Rule of Civil Procedure 7(b)(1)(B), Federal

| | |
|---|---|
| 1 | Rule of Civil Procedure 15(a)(2), and Local Rules 15-1, 7-6 |
| 2 | and 7-7.  And because plaintiff has no private right of |
| 3 | action to bring the claims that you want to add to the |
| 4 | underlying actions, so granting a motion to be futile. |
| 11:23  5 | They further've asserted to this Court that the |
| 6 | motion's intended to delay a ruling on the merits of the |
| 7 | pending motions to dismiss the Third Amended Complaint and |
| 8 | is effectively a motion to file a Fourth Amended Complaint. |
| 11:23  9 | Now, let me stop there for both parties.  I'm |
| 10 | feeling pretty healthy; but in my lifetime, I'm gonna |
| 11 | eventually decide this case.  And the way this is going, it |
| 12 | may outlive me and that's not gonna happen.  So we're going |
| 13 | to get wheels under this thing now. |
| 11:23  14 | So, similarly, Bank of America defendants then |
| 15 | point out to the Court that plaintiff's motion provides no |
| 16 | factual or legal basis for requested relief and thus fails |
| 17 | to meet the requirements of Federal Rule Of Civil Procedure |
| 18 | 7(b)(1).  They claim that plaintiff's motion and the litany |
| 19 | of certificates and notices of interested parties from your |
| 20 | folks appear to be nothing more than attempts for plaintiff |
| 21 | and third parties to assert personal attacks and air |
| 22 | personnel grievances against defendant, with only limited |
| 23 | substance, coming dangerously close to frivolous filing. |
| 11:24  24 | In addition, Bank of America defendants argue |
| 25 | that, to the extent your motion requests that criminal |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | charges be filed against defendants, any such requests are           |
|       | 2  | improper, should be summarily denied.                                |
| 11:24 | 3  | You're not going to get threatened with a                            |
|       | 4  | frivolous finding -- uh, filing.  Okay?  I'ma take that off           |
|       | 5  | the table.  I recognize you're pro se; you're struggling             |
|       | 6  | with this.  This is not a sanction.  Nor's there gonna be            |
|       | 7  | impliedly sanction, up to this point.  Fair enough?                  |
| 11:25 | 8  | PLAINITFF POWERS:  Fair enough.                                      |
| 11:25 | 9  | THE COURT:  But next, then, Quality Loan Service                     |
|       | 10 | Corporation notes that, in addition to other deficiencies,           |
|       | 11 | that plaintiff's motion was filed without the requisite              |
|       | 12 | conference of counsel pursuant to 7-3, as to Quality, even           |
|       | 13 | though plaintiff's motion certifies that it is following the         |
|       | 14 | conference of opposing counsel pursuant to Local Rule 7-3.           |
|       | 15 | And Quality claims that plaintiff's counsel in fact made no          |
|       | 16 | attempt to discuss her motion with Quality's counsel until           |
|       | 17 | June 26, 2018, after plaintiff's motion was filed.                   |
| 11:25 | 18 | So let's stop the blame for a moment.  It doesn't                    |
|       | 19 | matter to me.  7-3 is a local rule.  We intend to abide by           |
|       | 20 | it.  I'll abide by it.  But we can have the conference in            |
|       | 21 | the hallway and have you come back -- you know, don't wanna          |
|       | 22 | do that.                                                             |
| 11:25 | 23 | Now, if you're severely prejudiced by it, tell me.                  |
|       | 24 | But I know that you're not.  They didn't follow the rule.  I         |
|       | 25 | get it.  They should be obeyed.  But I'm in and out of               |

11:26   1  counsel over here.  I've got pro se.  I've got counsel,
        2  et cetera.  So do you wanna come back in a couple weeks?
11:26   3           MS. JAGANNATH:  *(No response.)*
11:26   4           THE COURT:  It requires a response, like your lips
        5  move.
11:26   6           MR. BRITT:  This is the representative
        7  *(inaudible)* --
11:26   8           MS. JAGANNATH:  Your Honor, I represent Quality.
11:26   9           No, Your Honor.
11:26  10           THE COURT:  No.  I don't think you do either.
       11  Okay?  You're right.  Get it.  Hold up my hand.  I'm right.
       12  Good for you.  But the end result is it's a waste of your
       13  time.  It's a waste of their time.  So 7-3 has not been
       14  complied with.  We'll stop the fault-finding and get on with
       15  the merits of the lawsuit.
11:26  16           Now Defendant Commonwealth Land Title provide
       17  ample case law suggesting that there's no private right of
       18  action under most of the criminal statutes that plaintiff
       19  cites in her -- in your Motion for Joinder.  Further,
       20  Commonwealth Land Title Company argues that because
       21  plaintiff did not provide a proposed amended pleading, the
       22  Court should not assume the plaintiff will be able to
       23  circumvent various hurdles; for instance, that she hopes to
       24  pursue claims arising under statutes and that she cannot
       25  articulate how any defendant has violated that one statute

| | |
|---|---|
| | 1 |
| | 2 |
| 11:27 | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| 11:27 | 11 |
| | 12 |
| | 13 |
| | 14 |
| 11:27 | 15 |
| 11:27 | 16 |
| 11:27 | 17 |
| | 18 |
| | 19 |
| | 20 |
| | 21 |
| 11:28 | 22 |
| | 23 |
| | 24 |
| | 25 |

1  listed that does offer a private right of action, and that

2  granting leave to amend would be anything other than futile.

3  Finally Commonwealth Land Title Company asserts

4  that no Local Rule 7-3 conference took place involving its

5  counsel and plaintiff's counsel and that plaintiff's counsel

6  had no explanation for this failure when she was confirmed

7  *(sic)* about it.  Thus, defendant argues that this Court

8  should consider setting an Order to Show Cause why

9  plaintiff's counsel should not be sanctioned pursuant to

10  Federal Rule of Civil Procedure 11.

11  Now, I can go through all that dog, cat, and pony

12  show, and we're back here in a month.  But if Defendant

13  Commonwealth Land Title feels it's prejudiced by this and

14  you don't wanna go forward, just tell me.

15  Where are you?

16  MR. KHAN:  We're not prejudiced.

17  THE COURT:  Okay.  Now, you're right.  Under our,

18  what I call local rules, but -- local rules, you're right.

19  And if these were two counsel, you know -- and it may've

20  been.  I just can't sort out who's directing the lawsuit:

21  The pro se here or counsel so...

22  Okay.  Then, in response, plaintiff broadly claims

23  that she's requesting a joinder of claims, not leave to

24  amend, and that plaintiff's motion for joinder clearly sheds

25  light on Congressional intent when the laws were created to

|   |   |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| 11:28 | 7 |
| | 8 |
| 11:28 | 9 |
| 11:28 | 10 |
| | 11 |
| 11:28 | 12 |

1  govern banks, which defendants failed to oppose.  As to

2  Local Rule 7-3, plaintiff's counsel declares that she had

3  inadvertently failed to meet and confer with counsel

4  defendant Quality Loan Service Corporation, but her

5  intentions were to meet and confer with all parties who

6  answered Plaintiff's Third Amended Complaint.

7        Counsel, let's get past that.  No concern.  Fair

8  enough?

9        MS. SWAN:  Yes, Your Honor.

10        THE COURT:  Okay.  Let's get to the merits of

11  this.

12        So let me turn to you, as counsel.  What do you

13  believe is the legal basis for this motion; and what basis

14  do you think you have, as a private right of action, to

15  bring criminal claims?  'Cause I can't find it under the

16  law.

17        MS. SWAN:  Uh-huh.

18        THE COURT:  And, number two, are there any

19  particular issues regarding this motion that you'd like do

20  raise?  So I'm gonna give you *carte blanche*.

21        Now, I know you've got a client who's really

22  involved.

23        MS. SWAN:  Absolutely, Your Honor.

24        THE COURT:  Okay.  So let's do the unheard of

25  thing.  Let's -- don't tell anybody we're doing this --

Case 8:17-cv-01386-DOC-KES   Document 205   Filed 08/15/18   Page 24 of 27   Page ID #:4515
8:17-CV-1386-DOC - 7/30/2018 - Item 8, Volume I

24

|   |   |   |
|---|---|---|
|   | 1 | let's have you talk.  And then let's have you talk, but only |
|   | 2 | with consent of your counsel.  'Cause you make all of the |
|   | 3 | appearances.  You govern my -- all the rules, how the case |
|   | 4 | is conducted.  You speak first.  And then speak to your |
|   | 5 | client.  Because I think she's been trying to represent |
|   | 6 | herself.  And if there's a contradiction there, I want you |
|   | 7 | to sort that out privately.  I don't know what's going on |
|   | 8 | with the relationship.  But if you give consent, I've done |
|   | 9 | that before with folks who've been so be intimately |
|   | 10 | involved. |

11:29    11        MS. SWAN:  Yes, Your Honor.  Well --

11:29    12        THE COURT:  So you -- why don't you start off.

11:29    13        MS. SWAN:  Okay, Your Honor.

11:29    14                    **ARGUMENT BY MS. SWAN**

11:29    15        MS. SWAN:  Well, first of all, I do appreciate

16    that my client has been representing herself, pro per, for

17    sometime.  However, I have stepped in on the case.  So as --

18    in terms of this motion, Your Honor, I am gonna have to

19    submit the motion mainly to the Court --

11:30    20        THE COURT:  That's fine.

11:30    21        MS. SWAN:  -- based on what's already contained in

22    the document.  We did quote some factual basis for what my

23    client believes is the basis for the Court being able to

24    grant the motion.  And that's contained in 12 U.S.C.

25    Section 371, um, 12 U.S.C. Section 343, where my client

```
    1   points out that, um, the banks are required to make a

    2   hundred percent cash collateral deposit into an account

    3   prior to receiving the credit from that exchange of the

    4   promissory note at an international banking facility.  And

    5   that is to be filled out on form FR-2900, which establishes

    6   that such banks are required to account for such mandatory

    7   deposits, um --

11:31  8           And, Your Honor, with that being said, that --

    9   that's as far as I can take the motion, other than

   10   indicating to the Court that we submit -- or I submit on

   11   what's already been presented.  And if my client wants to

   12   add in additional facts for the Court to consider, I would

   13   ask the Court that she be --

11:31 14           THE COURT:  That be okay with you?

11:31 15           MS. SWAN:  Yeah.

11:31 16           THE COURT:  Is that okay with you as counsel?

11:31 17           MS. SWAN:  Absolutely.

11:31 18           THE COURT:  Yeah.  First of all, let me just

   19   extend my appreciation for you being here and your

   20   appearance today.  I think it gave a little bit more clarity

   21   a little bit more focus.  You're not in trouble with 7-3.

   22   Don't worry about the conferences.  I'd rather get to the

   23   merits of it.

11:31 24           So let me turn to your client for a moment.

11:31 25           PLAINITFF POWERS:  Thank you, Your Honor.
```

8:17-CV-1386-DOC - 7/30/2018 - Item 8, Volume I

26

| | | |
|---|---|---|
| 11:31 | 1 | THE COURT:  Pleasure. |
| 11:33 | 2 | *(Further proceedings recorded using CourtSmart,* |
| | 3 | *contained in Volume II.)* |
| 04:24 | 4 | -oOo- |
| | 5 | |
| | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

```
 1                              -oOo-

 2

 3                           CERTIFICATE

 4

 5          I hereby certify that pursuant to Section 753,

 6   Title 28, United States Code, the foregoing is a true and

 7   correct transcript of the stenographically reported

 8   proceedings held in the above-entitled matter and that the

 9   transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:  August 2, 2018

13

14

15                         /s/ Debbie Gale
                           _____
16                         DEBBIE GALE, U.S. COURT REPORTER
                           CSR NO. 9472, RPR, CCRR

17

18

19

20

21

22

23

24

25
```