**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Title: BILLIE RENE FRANCES LILLIAN POWERS V. THE BANK OF NEW YORK
       MELLON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
        PLAINTIFF:                          DEFENDANT:
      None Present                         None Present

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING
                              DEFENDANTS' MOTIONS TO
                              DISMISS AND DENYING MERS'
                              MOTION TO STRIKE AND
                              COMMONWEALTH'S MOTION
                              FOR SANCTIONS [72] [74] [75] [106]
                              [116] [133] [196]

        Before the Court are Defendants Mortgage Electronic Registration System, Inc.
("MERS"), Select Portfolio Servicing, Inc. ("SPS"), and Bank of New York Mellon's
("BONY") (collectively, "MERS Defendants") Motion to Dismiss ("MERS Motion")
(Dkt. 74); Bank of America, N.A. ("Bank of America"), Countrywide Home Loans, Inc.
("Countrywide Home"), and Countrywide Bank's (collectively, "BOA Defendants")
Motion to Dismiss ("BOA Motion") (Dkt. 72); Nichole Clavadetscher and Jon Secrist's
(collectively "Employees") Motion to Dismiss ("Employees Motion") (Dkt. 106);
Quality Loan Service's ("QLS") Motion to Dismiss ("QLS Motion") (Dkt. 116); and
Commonwealth Title Company's ("Commonwealth") Motion to Dismiss or in the
Alternative, for a More Definite Statement ("Commonwealth Motion") (Dkt. 133).[1]

---

[1] The Court will use "Defendants" to refer to the defendants collectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 2

MERS Defendants also filed a separate Motion to Strike portions of Plaintiff's Third Amended Complaint ("Motion to Strike") (Dkt. 75) and Commonwealth filed a motion for sanctions under Rule 11 ("Rule 11 Motion") (Dkt. 196). The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Defendants' motions to dismiss. The Court DENIES MERS' Motion to Strike and Commonwealth's Rule 11 Motion.

I.      Background

        A.      Facts

        These facts are taken from the Third Amended Complaint ("TAC") (Dkt. 69) and judicially noticeable material. *See, e.g.*, Bank of America Request for Judicial Notice ("BOA RJN") (Dkt. 73); MERS Request for Judicial Notice ("MERS RJN") (Dkt. 76). The TAC is, quite often, difficult to follow. The Court summarizes the facts as it understands them.

        In April 2007, Plaintiff Billie Rene Frances Lillian Powers ("Plaintiff" or "Powers") purchased a home located at 40701 Ortega Highway, San Juan Capistrano, California ("the Property") for $1.7 million. TAC ¶¶ 4, 16. Title in the Property was vested in the Plaintiff only. *Id.* ¶ 17. To purchase the Property, Plaintiff obtained a $1,190,000 loan ("Loan") from Countrywide Bank, which was secured by a Deed of Trust ("DOT") recorded against the Property. *Id.* ¶ 21, Ex. B. Countrywide required Plaintiff to obtain co-signers—Jacqueline and Louis Hanson—to sign for the Loan. *Id.* ¶¶ 20–21. The Hansons remained on the Property's title until they requested their names be removed on July 10, 2007. *Id.* ¶ 26. On this date, Powers and the Hansons transferred the Property to Rancho Sonata, LLC (a corporation Powers created) through a "Grant Deed." *Id.*, Ex. E. Powers took sole possession of and began living on the Property on July 2, 2007, until she was evicted on September 21, 2017. *Id.* ¶ 25.

        According to Powers, after she obtained the Loan to purchase the Property, the Grant Deed was forged by an unspecified party, and fraudulently notarized using Nancy Gazon's identity. *Id.* ¶ 24. Gazon acknowledges that her signature was forged. *Id.* ¶ 51, Ex. L. Powers' allegations of wrongdoing seem to be based on one of the Defendants altering the name "Louis Hanson" on the deed to "Louise Hanson."  *See id.* ¶ 51, Ex. L.

        Six months after taking residence at the Property, Plaintiff contacted Countrywide to seek mortgage assistance. *Id.* ¶ 28. But Countrywide's employee would only speak

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 3

with Powers if she was three months delinquent on her mortgage payments. *Id.* Thus, the Countrywide employee advised Powers to stop making her mortgage payment. *Id.* ¶¶ 28, 29. Because of this advice, Powers stopped making payments so she could be eligible for mortgage assistance. *Id.* ¶ 29. In fact, Plaintiff apparently has not made a mortgage payment since at least January 2010. *See* MERS RJN, Exs. D, H, L, M, N (showing amount in default on the Property continuing to rise). Between 2008 and 2010, Plaintiff modified the Loan twice. TAC ¶ 31. Plaintiff completed this loan modification with Bank of America. *See id.* Powers told Bank of America's employees that the modification of the Loan was illegal because it did not contain all of the borrowers' information. *Id.* In January 2009, MERS recorded a Notice of Recision of Declaration of Default against the Property. MERS RJN, Ex. G. MERS also recorded an assignment of the DOT reflecting that the DOT was assigned to BONY. BOA RJN, Ex. A.

On October 15, 2009, the Trustee's Deed upon sale was recorded reflecting that the Property was sold to Thomas Peppers in a foreclosure sale. MERS RJN, Ex. NN. After the foreclosure, Peppers filed an unlawful detainer suit against Rancho Sonata, LLC, Powers' company and the legal owner of the Property. *Id.*, Ex. II; TAC ¶ 32. Plaintiff claims that she prevailed in that lawsuit and that Peppers subsequently conveyed the Property to her. TAC ¶ 32.[2]

During this time, Plaintiff was apparently in financial distress, as she had initiated personal chapter 7 bankruptcy proceedings. MERS RJN, Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, JJ, KK.

Plaintiff defaulted on the modified Loan, and Bank of America notified her of an acceleration on the Loan on May 4, 2010. TAC ¶ 34. Notices of defaults continued to be recorded against the Property. *See* MERS RJN, Exs. L, M, N. In October 2010, Plaintiff alleges that BONY fraudulently recorded a DOT against the Property. TAC ¶ 36. Plaintiff notes that Clavadetscher, MERS' certifying officer, robo-signed the DOT. *Id.* ¶ 37. That is, Clavadetscher allegedly signed the DOT without thoroughly reading the document. *Id.* In 2012, Plaintiff filed numerous complaints with law enforcement to "stop the trespassing and theft against [the Property]." *Id.* ¶ 40.

In February 2014, Quality Loan Service Corporation ("QLS") became the new trustee of record. *Id.* ¶ 48. And in September 2014, QLS recorded a notice of default on behalf of BONY and SPS, reflecting that approximately $350,000 was owed on the Loan.

---

[2] The Court need not accept this allegation as true because it is contradicted by judicially noticeable material. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); MERS Mot. at 2 n.1 (citing MERS RJN, Exh. II).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                      Date: September 19, 2018

Page 4

*Id.* ¶ 52. On September 30, 2015, QLS recorded a Notice of Trustee's Sale against the Property, reflecting an unpaid balance of nearly $1.7 million on the Loan. *Id.* ¶ 57. The Property was sold at a trustee's sale on August 8, 2016 to BONY. *Id.* ¶ 63; MERS RJN, Ex. P. After the sale, BONY obtained an unlawful detainer judgment and writ of execution against Plaintiff. TAC ¶¶ 69–77. Powers was evicted from the Property soon after. *Id.* ¶ 76.

Although Powers' theory of this case is unclear, she seems to make two grand points. First, she contends that the Grant Deed was falsified because the name "Louise Hanson"—rather than "Louis Hanson"—was signed on the document. Because the Grant Deed was falsified, Powers argues future actions relating to the Property are void. In other words, the multiple notices of default had no effect. Second, Powers apparently argues that the DOT was improperly and fraudulently assigned.[3]

### B.    Procedural History

Plaintiff filed this case on August 11, 2017. *See generally* Complaint (Dkt. 1). On September 20, 2017, Plaintiff filed her First Amended Complaint (Dkt. 12), and on December 14, 2017, Plaintiff filed her Second Amended Complaint ("SAC") (Dkt. 32). The Court dismissed Plaintiff's SAC on March 5, 2018 because Plaintiff failed to substantively oppose Defendants' motions to dismiss the SAC. Order Dismissing SAC (Dkt. 67). In its Order Dismissing SAC, the Court warned Plaintiff that it would give her an opportunity to file a Third Amended Complaint ("TAC") and that failure to substantively oppose any motion to dismiss the TAC would lead to dismissal of her case with prejudice. *See* Order Dismissing SAC at 2. Plaintiff filed the TAC, the operative complaint, on March 19, 2018. In the TAC, Plaintiff brings sixteen claims:

(1) violation of Housing and Urban Development (HUD) Department regulations pursuant to 24 C.F.R. §§ 203.500 *et seq.*;

(2) violation of the California Homeowner's Bill of Rights (HBOR), California Civil Code §§ 2923.55 and 2923.7;

(3) violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1640(a)(1)-(2), 1641(g);

---

[3] Defendants object to Powers' introduction of several exhibits in her Oppositions. The Court did not rely on these exhibits in considering Defendants' motions. Therefore, Defendants objections are OVERRULED as MOOT. Nevertheless, the Court reminds Powers to comply with all applicable federal and local rules.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                          Date: September 19, 2018

                                                                      Page 5

(4) violation of California Commercial Code § 3118;

(5) Promissory Estoppel;

(6) Wrongful Foreclosure;

(7) Wrongful Eviction, California Civil Code § 1161(a), (b)(3);

(8) Breach of Contract;

(9) Fraud;

(10) Declaratory Relief;

(11) Quiet Title;

(12) Defamation;

(13) Intentional Infliction of Emotional Distress (IIED);

(14) Negligent Infliction of Emotional Distress (NIED);

(15) Unfair Competition; and

(16) Conspiracy.

TAC ¶¶ 108–241.

On April 3, 2018, Bank of America and MERS filed their motions to dismiss. That same day, MERS also filed its Motion to Strike. The Employees filed the Employees Motion on May 14, 2018. On June 20, 2018, QLS filed the QLS Motion. Commonwealth filed the Commonwealth Motion on July 3, 2018 and its Rule 11 Motion on July 30, 2018.

On April 30, 2018, Powers filed her oppositions to Bank of America's and MERS's motions to dismiss. Opposition to Bank of America's Motion to Dismiss ("BOA Opp'n") (Dkt. 92); Opposition to MERS Motion to Dismiss ("MERS Opp'n") (Dkt. 90); Opposition to MERS Motion to Strike ("Opp'n Motion to Strike") (Dkt. 91). On May 29, 2018, Powers filed her Opposition to the Employees Motion ("Employee's Opp'n") (Dkt. 109). On May 9, 2018, Powers filed her Opposition to the QLS Motion ("QLS Opp'n") (Dkt. 175). On August 6, 2018 Powers filed her Opposition to the Commonwealth

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 6

Motion ("Commonwealth Opp'n") (Dkt. 201). On August 7, 2018, Powers filed her
Opposition to the Rule 11 Motion ("Rule 11 Opp'n") (Dkt. 202).

      Bank of America replied on May 4, 2018 ("BOA Reply") (Dkt. 93). MERS replied
in support of its motions on May 7, 2018. MERS Reply in Support of Motion to Dismiss
("MERS Reply") (Dkt. 97); MERS Reply in Support of Motion to Strike ("Reply Motion
to Strike") (Dkt. 96). The Employees replied on June 4, 2018 ("Employees Reply") (Dkt.
113). On July 16, 2018, QLS replied ("QLS Reply") (Dkt. 188). On August 7, 2018,
Powers opposed the Sanctions Motion ("Rule 11 Opp'n") (Dkt. 202). On August 13,
2018, Commonwealth filed its reply. ("Commonwealth Reply") (Dkt. 203).
Commonwealth replied on August 13, 2018 ("Rule 11 Reply") (Dkt. 204).

      Powers also filed a temporary restraining order to prevent the Defendants from
taking possession or selling the Property on October 30, 2017. TRO (Dkt. 25). The Court
denied the TRO. Order Denying TRO (Dkt. 29). What's more, approximately two dozen
people filed notices of interested parties between late June 2018 and July 2018 to join this
matter. Interested Parties (Dkts. 123–71). After a hearing, the Court denied Plaintiff's
motion of joinder. Order Mot. for Joinder (Dkt. 198).

## II.    Legal Standard

### A.    Motion to Dismiss for Failure to State a Claim

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed
when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the
complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond
the speculative level; a plaintiff must provide "more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.
at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss,
courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual
inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire &
Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept
as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.  In
evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the
complaint and materials properly submitted with the complaint. *Van Buskirk v. Cable
News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v.
Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 7

An allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). This heightened pleading standard ensures "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

**B.      Failure to Join an Indispensable Party**

A party may move to dismiss a case for failure to join a necessary and indispensable party, as defined by Rule 19. *See* Fed. R. Civ. P. 12(b)(7). "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002). The moving party bears the burden of persuasion in arguing for dismissal. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

The Ninth Circuit has set forth a three-step inquiry to determine whether a case should be dismissed pursuant to Rule 12(b)(7). *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005). First, the Court determines "whether an absent party is necessary to the action." *Dawavendewa*, 276 F.3d at 1154–55. Under Rule 19(a), a party is necessary if, among other reasons:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so s ituated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                Date: September 19, 2018

Page 8

Fed. R. Civ. P. 19(a)(1).

Second, if an absentee is a necessary party under Rule 19(a), the Court must determine whether the absent necessary party feasibly can be joined. *Peabody Western Coal Co*, 400 F.3d at 779.

Third, if joinder of the absentee is necessary, but not feasible, the Court must consider several factors in determining whether the case should proceed:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). In balancing Rule 19(b)'s factors, the Court must determine "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*, 400 F.3d at 779.

### C.     Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."). The Ninth Circuit has defined "immaterial"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 9

matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" matter as "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *overruled on other grounds*, 510 U.S. 517 (1994). A motion to strike cannot be used to strike a claim for damages on the grounds that the damages sought are precluded as a matter of law. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).

**D.     Motion for More Definitive Statement**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for [a] more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

**E.     Rule 11 Sanctions**

Rule 11 allows a court to sanction an attorney or unrepresented party who submits a paper to the court when the court determines that the paper was submitted for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or if "the claims, defenses, and other legal contentions" in the paper were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b). The Ninth Circuit holds that an "objective-objective" test governs whether a party has violated Rule 11. *In re Keegan Mgmt. Co., Secs. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996). Under this test, a court should consider both whether the paper at issue is objectively frivolous and also whether a reasonable attorney, rather than the actual person submitting the paper, would have believed it to be frivolous at the time it was filed. *Id.*

**III.   Request for Judicial Notice**

Bank of America, MERS, the Employees, and QLS ask the Court to take judicial notice of a total of 52 exhibits in support of their Motions. *See* BOA RJN; MERS RJN; Employees' Request for Judicial Notice ("Employees RJN") (Dkt. 107); QLS Request for Judicial Notice ("QLS RJN") (Dkt. 116-2). The Court may take judicial notice of court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 10

filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). It is improper, however, for a court to take judicial notice of the veracity and validity of a public document's contents when the parties dispute the meaning and truth of the contents. *Lee*, 250 F.3d at 689–90 (reversing a district court's grant of a motion to dismiss where the court not only took judicial notice of undisputed matters of public record but also took judicial notice of "disputed facts stated in public records" and relied on the validity of those facts in deciding the motion to dismiss). Bank of America, MERS, the Employees, and QLS request judicial notice of the following documents, attached as Exhibits A through C; A through NN; A through C; and A through F to their respective RJNs:

### A.    Bank of America's RJN

A. Assignment of deed of trust recorded in the Official Records of the Orange County Recorder's Officer on May 19, 2010 as Instrument No. 2010-000234975.

B. Notice of trustee's sale recorded in the Official Records of the Orange County Recorder's Office on September 30, 2015 as Instrument No. 2015-000499008.

C. Notice of trustee's sale recorded in the Official Records of the Orange County Recorder's Office on September 30, 2015 as Instrument No. 2015-000499008.

*See* BOA RJN.

### B.    MERS' RJN

A. Grant deed recorded on July 2, 2007 in the Official Records of the Orange County Recorder's Office as document number 2007000417170.

B. Deed of trust recorded on July 2, 2007 in the Official Records of the Orange County Recorder's Office as document number 2007000417171.

C. Grant deed recorded on July 10, 2007 in the Official Records of the Orange County Recorder's Office as document number 2007000431113.

D. Notice of default recorded on June 5, 2008 in the Official Records of the Orange County Recorder's Office as document number 2008000268379.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 11

E. Substitution of trustee recorded on November 5, 2008 in the Official Records of
the Orange County Recorder's Office as document number 2008000505648.

F. Deed of trust recorded on July 2, 2007 in the Official Records of the Orange
County Recorder's Office as document number 2007000417171.

G. Notice of recession of declaration of default recorded on January 15, 2009 in
the Official Records of the Orange County Recorder's Office as document number
200900017396.

H. Notice of default recorded on May 6, 2010 in the Official Records of the
Orange County Recorder's Office as document number 2010000213610.

I. Corporation assignment of deed of trust recorded on May 6, 2010 in the Official
Records of the Orange County Recorder's Office as document number
2010000234975.

J. Notice of recession of declaration of default recorded on June 2, 2010 in the
Official Records of the Orange County Recorder's Office as document number
2010000256892.

K. A corporation assignment of deed of trust recorded on October 26, 2010 in the
Official Records of the Orange County Recorder's Office as document number
2010000564031.

L. Notice of default recorded on October 31, 2013 recorded in the Official
Records of the Orange County Recorder's Office as document number
2013000609851.

M. Notice of default recorded on December 6, 2013 in the Official Records of the
Orange County Recorder's Office as document number 2013000661629.

N. Notice of default recorded on September 25, 2014 in the Official Records of the
Orange County Recorder's Office as document number 2014000390481.

O. Notice of default recorded on May 6, 2010 in the Official Records of the
Orange County Recorder's Office as document number 2010000213610.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                  Date: September 19, 2018

P. Notice of trustee's sale recorded on September 30, 2015, recorded in the Official Records of the Orange County Recorder's Office as document number 2016000386939.

Q. Docket *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk11245-RK.

R. Petition and Schedules filed February 17, 2009 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK.

S. Discharge of Debtor filed June 23, 2009 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-11245-RK.

T. Docket regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk22500-RK.

U. Petition and Schedules filed November 11, 2009 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-22500-RK.

V. Docket regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK.

W. Petition and Schedules filed December 28, 2009 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:09-bk-24448-RK.

X. Docket regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.

Y. Petition and Schedules filed February 10, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.

Z. Amended Schedules filed February 24, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 13

AA. Notice of Motion and Motion to Dismiss filed May 3, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.

BB. Order of Dismissing Case entered June 16, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-11637-RK.

CC. Docket regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk19648-RK.

DD. Petition and Schedules filed July 14, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK.

EE. Order Dismissing Case filed November 4, 2010 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:10-bk-19648-RK.

FF. Docket regarding *Powers v. Val-Chris Invs., Inc.*, Superior Court of California, County of Orange, Case No. 30-2012-00538867.

GG. Verified Complaint filed January 20, 2012 regarding *Powers v. Val-Chris Invs., Inc.*, Superior Court of California, County of Orange, Case No. 30- 2012-00538867.

HH. Minute Order dated November 26, 2012 regarding *Powers, v. Val-Chris Invs., Inc.*, Superior Court of California, County of Orange, Case No. 30- 2012-00538867.

II. Docket regarding *Peppers v. Rancho Sonata LLC*, Superior Court of California, County of Orange, Case No. 30-2011-00519650.

JJ. Docket regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB.

KK. Petition filed August 4, 2017 regarding *In Re Billie Rene Powers*, United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-13112-CB.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 14

LL. Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued filed October 30, 2017 regarding *Powers v. Countrywide Home Loans, Inc.,* United States District Court, Central District of California, Case No. SACV17-01386-DOC-KES.

MM. Exhibits filed October 30, 2017 regarding *Powers v. Countrywide Home Loans, Inc.*, United States District Court, Central District of California, Santa Ana Division, Case No. SACV17-01386-DOC-KES.

NN. Trustee's Deed Upon Sale recorded October 15, 2009 in Official Records, Orange County as Document Number 2009000561314.

*See* MERS RJN.

### C.      Employees RJN

A. Assignment of deed of trust recorded in the Official Records of the Orange County Recorder's Office on May 19, 2010 as Instrument No. 2010-000234975.

B. Notice of trustee's sale recorded in the Official Records of the Orange County Recorder's Office on September 30, 2015 as Instrument No. 2015-000499008.

C. Trustee's deed upon sale recorded in the Official Records of the Orange County Recorder's Office on August 16, 2016 as Instrument No. 2016-000386939.

*See* Employees RJN.

### D.      QLS RJN

A. Deed of Trust recorded with the Orange County Recorder's Office on July 2, 2007 as Instrument Number 2007000417171.

B. Corporate Assignment of Deed of Trust recorded with the Orange County Recorder's Office on May 19, 2010 as Instrument Number 2010000234975.

C. Substitution of Trustee recorded with the Orange County Recorder's Office on February 2, 2014 as Instrument Number 2014000078632.

D. Notice of Default and Election to Sell recorded with the Orange County Recorder's Office on September 25, 2014 as Instrument Number 2014000390481.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 15

    E. Notice of Trustee's Sale recorded with the Orange County Recorder's Office on September 30, 2015 as Instrument Number 2015000499008.

    F. Trustee's Deed Upon Sale recorded with the Orange County Recorder's Office on August 16, 2016 as Instrument Number 2016000386939.

*See* QLS RJN.

    The Court may "judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Courts may take judicial notice of registration documents recorded at the Orange County Recorder's Office. *See Lee*, 250 F.3d at 688–89 ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); *Hsu v. Puma Biotech., Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016). Courts may also take judicial notice of court documents from other matters. *See Van Dusen v. Swift Transp. Co. Inc.*, 830 F.3d 893, 899 n.4 (9th Cir. 2016). The Court concludes that the existence of Defendants' documents is not subject to reasonable dispute because they are all either court filings or public records. Thus, the Court GRANTS Defendants' requests for judicial notice of the 52 documents. However, the Court does not take judicial notice of the facts within these exhibits to the extent they are subject to reasonable dispute. *See Lee*, 250 F.3d at 689–90.

## IV.    Discussion

    In their motions to dismiss, Defendants raise several theories why this case should be dismissed before reaching whether Plaintiff has adequately pleaded her claims for relief. The Court will first consider these general arguments before addressing whether Powers has sufficiently stated each of her claims for relief. After considering the motions to dismiss, the Court will consider MERS' Motion to Strike, Commonwealth's Motion for a More Definite Statement, and Commonwealth's Motion for Sanctions.

### A.    Defendants' General Arguments[4]

    The Defendants present several general arguments about this suit fails: (1) Powers has failed to name an indispensable party; (2) the Chapter 7 trustee is the only person

---

[4] MERS' argument that Plaintiff's claims attacking the DOT fail because she did not restore the loan proceeds appears to be intertwined with its argument that Powers cannot maintain her wrongful foreclosure claim because she does not allege that she tendered payment. *Compare* MERS Mot. at 10–11, *with* MERS Reply at 4 ("[I]f Plaintiff seeks rescission of the [DOT], she must restore the Loan proceeds. [ ] Plaintiff's failure to allege tender is fatal to her claims challenging the foreclosure." (citations omitted)). Moreover, MERS' arguments that Plaintiff's claim that the Assignment was invalid, that MERS did not need possession of the proper assignment for the DOT, and that it

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 16

who has standing to pursue this suit; (3) whether there are allegations about the Assignment being properly signed; (4) that Powers did not receive permission under Rule 15(a)(2) to add an additional claim; (5) Powers does not have standing to challenge the Assignment as void; and (6) QLS is protected by the litigation privilege. The Court considers these general arguments in turn.

### 1.    Failure to Add an Indispensable Party

First, MERS asserts that Plaintiff's case must be dismissed under Rule 12(b)(7) because Powers failed to add the current owner of the Property, Thomas Peppers, as a defendant in this matter. MERS Mot. at 7. Powers responds that she did not need to add Peppers as a defendant because he is not an indispensable party. MERS Opp'n at 12.

A case may be dismissed for failure to join an indispensable party under Rule 19. Fed. R. Civ. P. 12(b)(7). "A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion." *Biagro W. Sales Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001). As is relevant here, "[i]n a suit to quiet title, all persons interested in the title are indispensable parties." *United States v. Wood*, 466 F.2d 1385, 1388 (9th Cir. 1972).

Under Rule 19's first inquiry, the Court must determine whether Peppers is necessary to the action. *Dawavendewa*, 276 F.3d at 1154–55. Peppers purchased the Property at the foreclosure sale. *See* MERS RJN Exs. II, NN. As a result, the Court would be unable to grant Powers relief without affecting Peppers' interest in the Property. *See Friends of Amador Cty. v. Salazar*, 554 Fed. App'x 562, 563–64 (9th Cir. 2014); *Wood*, 466 F.3d at 1388. After all, Powers asks the Court to declare that she is the fee simple owner of the Property. TAC, Prayer for Relief ¶ 1. Thus, Peppers is a necessary party under Rule 19(a).

Having concluded Peppers is a necessary party, the Court must determine whether it is feasible to join Peppers. *Peabody Western Coal Co*, 400 F.3d at 779. Here, it would be feasible to join Peppers. No party suggests that venue is improper, that Peppers is not subject to personal jurisdiction here, or that joinder would destroy subject matter jurisdiction. *See Peabody*, 400 F.3d at 780 (listing grounds under which it would be unfeasible to join a party).

---

had authority to assign the DOT are wrapped up in Plaintiff's wrongful foreclosure claim. MERS Mot. at 11–13. Thus, the Court considers these arguments as part of MERS' Motion to Dismiss Powers' wrongful foreclosure claims, which is discussed in Section B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 17

Because the Court concludes that Peppers can be joined, the Court need not consider the third inquiry: whether the case can proceed without Peppers or whether the case must be dismissed. *See* Fed. R. Civ. P. 19(b).

Because joinder of Peppers is feasible, the Court DENIES MERS' Motion to Dismiss based on Rule 12(b)(7).  However, if Powers elects to file an amended complaint to the extent allowed by this Order, Powers must include Peppers as a defendant in the Fourth Amended Complaint; failure to add Peppers will lead to the dismissal of this suit.

## 2.      Whether the Bankruptcy Estate Owns Powers' Claims

Next, MERS contends that *some* of Powers' claims belong to the chapter 7 trustee of her bankruptcy estate. MERS Mot. at 8. Therefore, MERS argues that only the chapter 7 trustee has standing to pursue Powers' claims. *Id.* MERS, however, does not identify which claims belong to Powers, and which claims belong to the bankruptcy estate.[5] *Id.* Powers responds that her bankruptcy estate does not own any of her claims because none of them accrued until 2016—well after when she filed for chapter 7 bankruptcy in 2009. MERS Opp'n at 11. Because all the claims did not accrue until after 2016, Powers maintains that none of the claims belong to the estate. *Id.*

A debtor's interest in her accrued legal claims automatically transfers to her bankruptcy estate when she files for bankruptcy. *See* 11 U.S.C. § 541(a); *In re Bronner*, 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992); *In re Porrett*, 564 B.R. 57, 69 (D. Idaho 2016). To determine when a cause of action accrues, courts look to state law. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). Under California law, a claim accrues when all the elements for a claim occur. *Pooshs v. Phillip Morris USA, Inc.*, 51 Cal. 4th 788, 797 (2011).

Here, many of Plaintiff's claims center on her September 2017 eviction. *See* TAC ¶¶ 76, 146–69. For instance, Plaintiff's wrongful eviction claim plainly did not accrue until 2017 because she was not removed from her home until that time. *Id.* ¶¶ 76, 157–69. On the other hand, it is unclear when Plaintiff's TILA claim accrued. *See id.* ¶¶ 137–41. The Court cannot determine which claims Powers may assert and which claims must be asserted by the bankruptcy estate because it is unclear when her claims accrued. *See In re Porrett*, 564 B.R. at 69 ("[A] cause of action that only accrues post-petition is neither property of the bankruptcy estate under § 541(a)(1), nor the property of the bankruptcy

---

[5] Powers filed for bankruptcy in 2009, 2010, and 2017. MERS' RJN Exs. R, Z, JJ.  However, MERS is arguing only that the bankruptcy estate from the 2009 filing owns some of the claims. *See* MERS Mot. at 8. Thus, the Court does not consider whether the trustee from the 2010 or 2017 bankruptcy estate own any claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 18

estate as 'proceeds' of or from the property of the bankruptcy estate under § 541(a)(6).").
Neither MERS nor Powers meaningfully identify the claims, and the Court will not guess
at which claims MERS wants the Court to dismiss. *Cf. In re Tracht Gut, LLC*, 836 F.3d
1146, 1155 (9th Cir. 2016) (holding that bankruptcy court did not abuse its discretion in
denying a motion for reconsideration when the moving party did not adequately explain
the basis for its motion).

Because it was MERS' responsibility to identify the claims it moves to dismiss,
the Court DENIES without prejudice MERS' Motion to Dismiss Plaintiff's claims on the
basis that Powers' bankruptcy estate owns these claims.[6] MERS may renew this
argument should Powers file a Fourth Amended Complaint.

### 3.    Whether Plaintiff Adequately Alleges that an Assignment Was Improperly Signed

MERS contends that Plaintiff's claim that the Assignment was forged does not
state a claim because she does not set out a basis for her knowledge about the forgery.
MERS Motion at 10–11. In other words, MERS maintains that Powers' allegations are
not specific enough to survive a motion to dismiss. *Id.* at 10. A plaintiff's allegations are
not entitled to any weight if the plaintiff does not show she has personal knowledge. *Bank
Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995).

Here, Plaintiff appears to base her allegations on the fact that MERS is a known
robo-signer; thus, it is plausible that MERS (and the Employees) forged several
documents relating to the Property. *See* TAC ¶¶ 37, 42. To substantiate that claim,
Plaintiff also alleges that the Merchant Bonding Company found that the Assignment of
the DOT was fraudulent, and provided documentation substantiating these allegations. *Id.*
¶ 42, Ex. I (alleged check showing Merchant Bonding Company paying money over
allegations that the DOT is fraudulent). Plaintiff also alleges that the Grant Deed was
forged. *See id.* ¶¶ 50–51. Specifically, the TAC incorporates a declaration from Nancy
Gazon, who alleges that someone forged her signature onto the Grant Deed. *Id.* ¶ 51, Ex.
L. Because some documents relating to the Property are allegedly forged, it is plausible
that other documents, including the Assignment, associated with the Property were also
forged. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly*
plausibility standard does not prevent a plaintiff from pleading facts alleged upon
information and belief where the facts are peculiarly within the possession and control of
the defendant or where the belief is based on factual information that makes the inference

---

[6] For the same reasons explained in this section, Plaintiff is not judicially estopped from asserting these claims
because she did not list these causes of actions on her bankruptcy schedule. *See* MERS Mot. at 8–9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 19

of culpability plausible." (ellipses and citation omitted)). Powers' knowledge about the relationship of these documents to the Property gives her personal knowledge to allege the Assignment of the DOT is forged.

Accordingly, the Court DENIES MERS' Motion to Dismiss to the extent that it is based on Plaintiff's purported failure to adequately assert that the Assignment was forged.

### 4.        Rule 15(a)(2)

Bank of America and the Employees contend that Plaintiff violated Rule 15(a)(2) by adding claims in its TAC that neither it consented to nor the Court allowed. BOA Mot. at 3–4; Employees Mot. at 3–4. Powers responds that it may allege new claims in its TAC because the Court granted her leave to amend, and that the TAC must be considered without reference to the original complaint. BOA Opp'n at 9.[7] In reply, Bank of America acknowledges that the TAC must be considered without reference to the SAC. BOA Reply at 1. Nevertheless, it argues that Rule 15(a)(2) requires Plaintiff to obtain consent from Defendants or approval from the Court before adding a claim after an initial complaint is partially dismissed. *Id.*

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even when a court dismisses a complaint and provides plaintiff leave to amend, the plaintiff must receive consent from defendants or the court to add claims not asserted in a previous complaint. *See, e.g.*, *Schauf v. Airlines*, Case No. 1:15-cv-01172-SKO, 2016 WL 3407661, at *8 (E.D. Cal. June 21, 2016); *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14–cv–07241–RSWL (MRW), 2015 WL 2085523, at *3 (C.D. Cal. May 5, 2015); *Brown v. U.S. Bancorp*, No. CV 11–6125 CAS (PJWx), 2012 WL 665900, at *6–7 (C.D. Cal. Feb. 27, 2012); *see also Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988).  If a plaintiff fails to comply, a court may dismiss those claims brought in violation of Rule 15(a)(2). *See Schauf*, 2016 WL 3407661, at *8. Rule 15(a)(2), however,  is not a jurisdictional bar. *See id.* (noting that plaintiff's claims were insufficiently pleaded after concluding that plaintiff did not satisfy Rule 15(a)(2)'s requirements); *U.S. Bancorp*, 2012 WL 665900, at *7 (same).

---

[7] Plaintiff did not address Employees' Rule 15(a)(2) argument in her MERS Opposition. Nevertheless, the Court will not consider this argument waived because Powers addressed this argument in her Opposition to the Bank of America Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 20

Here, Powers acknowledges that she neither received consent from any of the Defendants nor did she request leave from the Court to add sixteen additional claims. *See* BOA Opp'n at 9. Thus, the Court could dismiss Powers' additional claims on this basis alone. *See U.S. Bancorp*, 2012 WL 665900, at *7. Nevertheless, the Court will consider the merits of Plaintiff's additional claims. First, the Court prefers to address claims on their merits rather than dismissing them on procedural grounds. Second, Rule 15(a)(2) supports a liberal policy of allowing amendment and adding claims when it would further the interest of justice. *See Benhoff v. Wigand*, No. CV 07–07922 DDP (JWJx), 2009 WL 2566730, at *1 (C.D. Cal. Aug. 18, 2009). If Powers had sought leave to add additional claims, the Court would have likely granted this request because Powers had been proceeding pro se for much of this lawsuit and because the TAC is the first complaint her current attorney, Angela Swan, filed on her behalf. Third, neither Bank of America nor the Employees have shown that they have been prejudiced by Powers adding these additional claims. Indeed, Bank of America and the Employees filed competent motions to dismiss here.

Accordingly, the Court DENIES Bank of America's and the Employees' motions to dismiss to the extent that it seeks dismissal of Plaintiff's additional claims for failure to comply with Rule 15(a)(2).

As will be explained below, Powers will have a chance to amend her TAC. The Court warns Powers and her counsel not to add claims that are not in the TAC without consent from the opposing party or leave from this Court. Granting leave to amend is not tantamount to allowing new claims to be added. *See U.S. Bancorp*, 2012 WL 665900, at *7. Any further claims added not in conformity with Rule 15(a)(2) will be summarily dismissed and will result in sanctions.

### 5.   Standing to Challenge the Assignments Here as Void

Next, Bank of America and MERS contend that Powers lacks standing to bring this suit. BOA Mot. at 6; MERS Mot. at 9. Bank of America argues that Powers does not have standing because her claims are entirely based on assertions that the DOT was improperly assigned. BOA Mot. at 6. MERS argues that Powers does not have standing because she does not have legal title to the Property. MERS Mot. at 9 (citing *Estrada v. Servis One, Inc.*, No. 16–cv–853–BEN (BGS), 2016 WL 1450719, at *2–3 (S.D. Cal. Apr. 13, 2016)). Powers responds that she has standing because she has been injured by the wrongful non-judicial foreclosure of the Property that was carried out through a void assignment. BOA Opp'n at 11–12; MERS Opp'n at 10–11; *see also* TAC ¶ 52 (alleging that the notice of default based on the DOT was void).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 21

Following the national trend, California courts allow borrowers to challenge assignments as void. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 939–40 (2016) (citing cases). Borrowers, however, do not have standing to challenge assignments that are *voidable*. *Id.* at 936. The chief distinction is that a void transaction cannot be ratified, even if the parties so desire. *Id.* On the other hand, a voidable assignment is not ineffective unless the parties affirmatively make it so. *Id.* As is relevant here, a wrongful assignment of a deed of trust is voidable. *See In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017). But a material alteration to a deed will render it void. *See Lee v. Lee*, 175 Cal. App. 4th 1553, 1557 (2009).

Because this matter is before the Court on a motion to dismiss, the Court takes the allegations as true and views the facts in the light most favorable to the non-moving party, Powers. *See Manzarek*, 519 F.3d at 1031. As Bank of America notes, much of Powers' claims are based on the assertion that the DOT was improperly assigned. BOA Mot. at 6 (citing TAC ¶¶ 85–98, 102–107). However, as summarized above, Powers' claims are based on the allegation that someone forged her signature onto the Grant Deed, a form of fraud. *See People v. Martinez*, 161 Cal. App. 4th 754, 759 (2008). The Court could not find, and parties do not cite, any cases that establishes as a matter of law whether forgery is material as to void a contract. Therefore, the Court will not decide whether the Grant Deed is void or voidable at this preliminary stage.

As will be elaborated on below, Plaintiff will have an opportunity to amend the TAC. If Plaintiff chooses to file an amended complaint, she should clarify the basis for her complaint. If her claims are based on an improper assignment of the DOT, she does not have standing to sue because the DOT would merely be voidable. *See In re Turner*, 859 F.3d at 1149. But if her claims are based on how the fraudulent notary stamp voids subsequent actions regarding the Property, she should also clarify this point.

Because the TAC's underlying legal theory is ambiguous, the Court does not consider Bank of America and the Employees' remaining arguments: (1) that Plaintiff's allegations of robo-signing cannot support a claim and (2) that her "holder of the note" theory fails. BOA Mot. at 4–6; Employees Mot. at 4–6. Bank of America's preliminary arguments also demonstrate that the TAC is unclear. Indeed, much of the TAC does not comply with Rule 8. The Court DISMISSES Plaintiff's TAC. If Plaintiff chooses to file a Fourth Amended Complaint, Bank of America may reassert the robo-signature and "holder of note" theories as grounds to dismiss. Thus, Powers should pay careful attention to these arguments in constructing her Fourth Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 22

### 6.      Whether QLS is Protected by the Litigation Privilege

QLS contends that because all of Plaintiff's claim against it relate to its work as
the trustee of the DOT, the litigation privilege protects it from liability. QLS Mot. at 4–5.
Although Powers' argument is unclear, she seems to be arguing that QLS was not the
trustee. QLS Opp'n at 10–11.

The litigation privilege provides that "the trustee shall incur no liability for any
good faith effort resulting from reliance on information provided in good faith by the
beneficiary regarding the nature and the amount of the default under the secured
obligation, *deed of trust*, or mortgage." Cal. Civ. Code § 2924(b) (emphasis added).

Powers' contentions are puzzling. At times, she contends that QLS was never the
trustee of the DOT. *See* TAC ¶¶ 44–45, 52. But at other times, she seemingly
acknowledges that QLS was the trustee. *See id.* ¶¶ 48, 63–64. Whatever Powers'
allegations are, QLS has introduced judicially noticeable material that it was the trustee.
QLS RJN, Ex. F. Because QLS was the trustee of the DOT, it is immune from liability
based on its activities relating to the Property. Cal. Civ. Code § 2924(b). Because the
litigation privilege shields QLS from all liability, QLS is DISMISSED WITH
PREJUDICE from this matter.

### B.      Plaintiff's Claim for Relief

Along with moving to dismiss based on general arguments, Defendants also move
to dismiss all of Powers' cause of actions for failure to state a claim. The Court will
consider the merits of each argument in turn.[8]

### 1.      HUD Regulations

Defendants argue that Plaintiff does not have standing to allege violations of HUD
regulations. BOA Mot. at 8; MERS Mot. at 13–14; Employees Mot. at 10;
Commonwealth Mot. at 10. As MERS observes, "HUD regulations do not give the
borrower a private cause of action unless the regulations are expressly incorporated into
the lender-borrower agreement." MERS Mot. at 13. In response to these arguments,
Powers argues that the Secretary of HUD did not authorize Defendants to foreclose on
the Property. *See* MERS Opp'n at 17. Therefore, Plaintiff contends that Defendants'
notices of default were not in compliance with 24 C.F.R. § 203.500. *Id.*

---

[8] Because the Court is dismissing QLS from this action with prejudice, it does not consider QLS's arguments
regarding Plaintiff's individual claims.

22

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 23

HUD regulations are not private right of actions against lenders. *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1269 (2012); *Mondragon v. Bank of America, N.A.*, NO. CV 16-2462-R, 2017 WL 4653021, at *2 (C.D. Cal. June 21, 2017). These "regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." *Pfeifer*, 211 Cal. App. 4th at 1269–70 (citation omitted). However, if the regulation is expressly incorporated into a lender-borrower agreement, a HUD regulation may serve as the basis for a breach of contract claim. *Hernandez v. Home Sav. Ass'n of Dallas Cty.*, 606 F.2d 596, 601 (5th Cir. 1979).

Here, Powers does not allege that her lender-borrower agreement with Defendants incorporates the HUD regulations. *See generally* TAC. As a result, Powers does not have standing to assert HUD regulations as a private claim. *See Pfeifer*, 211 Cal. App. 4th at 1269. The Court DISMISSES WITH PREJUDICE Powers' HUD claim against Defendants. As is explained below, the Court will dismiss Powers' breach of contract claim as well. To the extent Powers is given leave to amend her breach of contract claim, she may discuss any contract that incorporates HUD regulations.

2.     **Homeowner Bill of Rights**

Each Defendant makes distinct arguments about why Powers' HBOR claim under California Civil Code §§ 2923.55, 2923.7, 2924.17, and 2924.18,[9] fails. Therefore, the Court will consider separately Powers' HBOR claim as it relates to each remaining Defendant.

a.     **Bank of America**

Bank of America makes three arguments as to why Plaintiff's HBOR claim fails: (1) the statutes Plaintiff cites were enacted on January 1, 2013, and do not apply retroactively to any of Bank of America's conduct; (2) Bank of America has not been involved with the Loan since April 2012, and thus any HBOR claim is time-barred by the three year statute of limitations; and (3) Plaintiff did not claim that Bank of America's representations were material, a necessary element of a HBOR claim. BOA Mot. at 9. Moreover, the Employees argue that HBOR applies only to mortgage servicers—not individual employees. *Id.* at 10–11. In response, Plaintiff argues that Bank of America is misleading the Court and that Bank of America "continues its role as the Master Servicer." BOA Opp'n at 16. In reply, Bank of America notes that all of Plaintiff's

---

[9] Cal. Civ. Code §§ 2923.55 and 2924.18 were repealed on January 1, 2018. However, this repeal does not affect the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                          Date: September 19, 2018

Page 24

allegations show that SPS and BONY acted as the servicer and DOT beneficiary—not Bank of America. BOA Reply at 5. What is more, there is no allegation in the TAC that Plaintiff has pleaded a material violation of HBOR. *Id.*

California courts do not apply statutes retroactively unless there is an express retroactivity provision or it is very clear from extrinsic sources that the Legislature wanted a retroactive application. *Meyers v. Phillip Morris Cos., Inc.*, 28 Cal. 4th 828, 841 (2002). HBOR took effect on January 1, 2013. *Parker v. U.S. Bancorp*, No. ED CV 16–70–DMG (SPx), 2016 WL 7495824, at *4–5 (C.D. Cal. Sep. 13, 2016); *Sanchez v. Aurora Loan Servs., LLC*, No. CV 13–08846 MMM (RZx), 2014 WL 12589659, at *6 (C.D. Cal. Mar. 11, 2014). HBOR neither contains an express retroactivity provision nor is there well-documented extrinsic evidence that the Legislature wanted HBOR to apply retroactively. *See Parker*, 2016 WL 7495824, at *4–5.

Powers admits that Bank of America has not been her loan servicer or DOT beneficiary since April 2012. *See* TAC ¶¶ 36, 40. Because all of Bank of America's alleged wrongdoing occurred before HBOR's effective date, HBOR does not apply retroactively against it. *See Parker*, 2016 WL 7495824, at *4–5. Thus, Powers cannot state a HBOR claim against Bank of America, and the Court need not consider Bank of America's remaining arguments.

Accordingly, because amendment would be futile, the Court DISMISSES WITH PREJUDICE Powers' HBOR claim against Bank of America.

### b.    MERS

MERS argues that Powers does not allege that she tendered any payment for the Property since at least January 1, 2010. MERS Mot. at 14. Without making a tender, MERS argues that Plaintiff cannot maintain a suit challenging a foreclosure. *Id.* MERS also contends that Plaintiff is not covered by HBOR because she did not possess the Property when HBOR went into effect. *Id.* at 15. In response, Plaintiff concedes that she has not tendered payment, but notes that the tender is not required because the foreclosure sale was void. MERS Opp'n at 17–18. Alternatively, Powers argues that the tender rule is not mandatory, and that the Court should not follow it here. *Id.* at 18 (citing *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1093 (N.D. Cal. 2013); *Barriounevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012)).

HBOR defines a borrower as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 25

alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5(c)(1). As discussed above, HBOR does not apply retroactively. *See Parker*, 2016 WL 7495824, at *4–5. Because HBOR does not apply retroactively, Powers must have been an active borrower on January 1, 2013 for HBOR's protections to cover her. *See Lucioni v. Bank of America, N.A.*, 3 Cal. App. 5th 150, 157 (2016). However, Powers has not had title to the property since 2009.[10] MERS RJN Ex. NN (conveying deed on the Property to Peppers). Thus, she does not have standing to assert a HBOR claim against MERS for actions it took on the Property in 2015 because she did not have title to the Property at that time.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's HBOR claim against MERS. Courts will not apply the tender rule if it would be inequitable to do so. *Barriounevo*, 885 F. Supp. 2d at 969. However, there is no allegation here showing that tender would be inequitable. Powers should keep this deficiency in mind should she file an amended complaint.

### c.    Employees and Commonwealth

Employees argue that the statute of limitations for Plaintiff's HBOR claim against it has run. Employees Mot. at 8. Moreover, the Employees and Commonwealth argue that HBOR applies only to mortgage servicers—not individual employees or title management companies. *Id.* at 10–11; Commonwealth Mot. at 10–11. Plaintiff responds that HBOR applies to the Employees because they "committed fraud effecting real property." Employees Opp'n at 16

The statute of limitations to bring a HBOR claim is three years.  Cal. Code Civ. Pro. § 338(a). Moreover, HBOR applies only against mortgage services, mortgagee, trustee, beneficiaries, or an authorized agent. Cal. Civ. Code § 2924.12(c). It does not apply against individual employees of a loan servicer. *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2017 WL 3499295, at *1 (N.D. Cal. Jan. 25, 2017).

Here, Power fails to state a HBOR claim against the Employees or Commonwealth. HBOR applies only against mortgage services, mortgage trustees, beneficiaries, or an authorized agent. Cal. Civ. Code § 2924.12(c). It is simply inapplicable against Employees and Commonwealth. Even if HBOR created a cause of action against employees of loan servicers, the statute of limitations has run as to the

---

[10] As discussed above, Powers alleges that Peppers conveyed the Property to her. TAC ¶ 32. But the Court need not accept Powers' allegation because it is contradicted by MERS RJN. *Sprewell*, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 26

Employees because they had not handled the DOT since 2010. *See* TAC, Ex. F. The
HBOR claim against the Employees and Commonwealth is DISMISSED WITH
PREJUDICE.

### 3.      Truth in Lending Act

Next, Bank of America and MERS maintain that Plaintiff's TILA claim is time-
barred because that claim began to run in 2010 and no tolling rule applies that would save
her claim. BOA Mot. at 9–10; MERS Mot. at 18. The Employees and Commonwealth
contend that TILA is inapplicable to them. Employees Mot. at 11; Commonwealth Mot.
at 12. Plaintiff does not respond to Defendants TILA arguments. *See generally* BOA
Opp'n; MERS Opp'n; Employees Opp'n; Commonwealth Opp'n. In its last order, the
Court warned "that another failure to substantively oppose Defendants' Motion to
Dismiss will result in dismissal of Plaintiff's claims *with prejudice*." March 5, 2018
Order at 2. Because Plaintiff does not substantively oppose Defendants' motions to
dismiss this claim, the Court DISMISSES WITH PREJUDICE Plaintiff's TILA claim.

### 4.      Six-Year Statute of Limitations to Foreclose on the Property

In the TAC, Plaintiff contends that the trustee's sale of the Property is void
because California Commercial Code § 3118 requires an action to enforce the obligation
of a party to pay a note be commenced within six years after the due date or dates stated
in the notes. *See* TAC ¶¶ 143–45. Because a sale of Property did not occur within six
years of the last acceleration on money owed on the Property, Plaintiff alleges that the
trustee's sale is void. *Id.* Bank of America and MERS argue that Commercial Code §
3118 does not apply because the Property was sold in a non-judicial foreclosure. BOA
Mot. at 10; MERS Mot. at 19. They add that California Civil Code §§ 2991 and 882.020
governs the statute of limitations for non-judicial foreclosures. BOA Mot. at 10; MERS
Mot. at 19. According to Bank of America and MERS, the Civil Code provisions allow a
non-judicial foreclosure sale to occur up to ten years after the maturity date of the
obligation as recorded in the deed of trust. BOA Mot. at 10; MERS Mot. at 19. In this
case, that means that Defendants had until July 2047 to foreclose on the Property because
the maturity date of the obligation was in July 2037. BOA Mot. at 11 (citing TAC, Exh.
B, ¶ 64). The Employees and Commonwealth contend that they had nothing to do with
the foreclosure of the Property. Employees Mot. at 11–12; Commonwealth Mot. at 12.
However, Powers argues that the TAC only describes negotiable instruments, and that
thus the Commercial Code and its six-year statute of limitations apply. BOA Opp'n at 17;
MERS Opp'n at 19; Employees Opp'n at 16; Commonwealth Opp'n at 17. Specifically in
response to the Employees, Powers contends that they participated in the foreclosure and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

                                                                          Page 27

the six-year statute of limitations applies. Employees Opp'n at 16. As a result, Plaintiff contends that the statute of limitations to foreclose the Property ran on May 4, 2016. *See* TAC ¶ 145. In reply, Bank of America, MERS, and the Employees reiterate that this case involves a non-judicial foreclosure, and that the Commercial Code does not apply to suits involving real property. BOA Reply at 5–6; MERS Reply at 8; Employees Reply at 5.

        California courts have held that non-judicial foreclosures are governed by California Civil Code §§ 2911 and 882.020. *Ung v. Koehler*, 135 Cal. App. 4th 186, 190 (2005); *see also Gaitan v. Mortg. Elec. Registration Sys.*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). Civil Code §§ 2991 and 882.020 provide a sixty year statute of limitations to enforce a deed of trust and applies a 10-year statute of limitations to initiate a foreclosure after the maturity date of the obligation specified in the deed of trust. *See also Ung*, 135 Cal. App. 4th at 197.

        This case involves a non-judicial foreclosure. *See* MERS RJN Ex. NN (selling Property to Peppers in a non-judicial foreclosure sale). As a result, California Civil Code §§ 2911 and 882.020 govern the statute of limitations, not the Commercial Code. *See Gaitan*, 2009 WL 3244729, at *10. Thus, Plaintiff's argument that the trustee's sale of the Property violates Commercial Code § 3118 fails because that statute does not apply. Plaintiff's reliance on *Dorman v. International Harvester Co.*, 46 Cal. App. 3d 11 (1975), is unavailing because that case involved the sale of tangible property, a tractor, and not real property. *See Dorman*, 46 Cal. App. 3d at 13. Amendment would be futile given the statute of limitations to foreclose plainly has not run.

        Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's statute of limitations claim under the Commercial Code.[11]

### 5.    Promissory Estoppel Claim

        Bank of America contends that Plaintiff's promissory estoppel claim fails because the statute of limitations has run for that claim. BOA Mot. at 11. According to Bank of America, the two-year statute of limitations for promissory estoppel claims has run because it has not made any promise to Powers since at least 2007. *Id.* (citing *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016)). In any case, Bank of America notes that Powers did not allege that Bank of America made a "clear promise" to her, a necessary element of a promissory estoppel claim. BOA Mot. at 11. MERS, the Employees, and Commonwealth argue that Powers

---

[11] To be sure, Defendants did foreclose on the Property before the six-year statute of limitations expired by recording several notices of default. *See* MERS RJN, Exs. L, M, N.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 28

had not pleaded that she reasonably relied on any promise from any of them. MERS Mot. at 20; Employees Mot. at 12; Commonwealth Mot. at 12–13. Powers responds that she adequately pleaded her promissory estoppel claim against Defendants. BOA Opp'n at 17; MERS Opp'n at 19–20; Employees Opp'n at 17; Commonwealth Opp'n at 17–18.

The elements for promissory estoppel in California are: (1) a clear and unambiguous promise in its terms; (2) reliance by the party to whom the promise is made; (3) reliance is reasonable and foreseeable; and (4) the party asserting estoppel must be injured by reliance. *Grandino v. Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411, 416 (2015). The statute of limitations for a promissory estoppel claim based on an oral promise is two years. *Newport Harbor Ventures, LLC*, 6 Cal. App. 5th at 1224.

Here, the statute of limitations has run on Plaintiff's promissory estoppel claim against all Defendants. She does not allege that any Defendants made any promise to her after August 2015, two years before this suit was filed. *See* TAC ¶¶ 57–84 (detailing events since August 2015). What is more, Powers' promissory estoppel claim is based on her home purchase, which occurred eleven years ago. *Id.* ¶ 149. Therefore, the statute of limitations for this claim ran nine years ago. *See Newport Harbor Ventures, LLC*, 6 Cal. App. 5th at 1224.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Powers' promissory estoppel claim. Plaintiff may amend her promissory estoppel claim if she can plead facts showing that Defendants made a promise to her about the Property within the applicable statute of limitations, *i.e.* the action must have occurred no later than October 27, 2015—two years before the Complaint was filed. The Court notes to Powers that she should not amend for the sake of amending. Any frivolous amendment may result in sanctions. *See* Fed. R. Civ. P. 11(c).

Because the Court is granting Plaintiff leave to amend, it briefly notes that Plaintiff does not plead any facts to support her promissory estoppel claim. Rather, she merely cites the promissory estoppel elements and states that Defendants are liable. *Id.* ¶ 148. Legal conclusions and rote recitation of the elements of a claim are insufficient. *Iqbal*, 556 U.S. at 678. This is a separate ground to dismiss Plaintiff's promissory estoppel claim. *Twombly*, 550 U.S. at 555.

### 6.      Wrongful Foreclosure

Because Defendants advance unique arguments why Plaintiff's wrongful foreclosure claim fails, the Court will consider each party's argument separately.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 29

### a.    Bank of America

Bank of America argues that Plaintiff cannot show that it wrongfully evicted her from the Property because it had not involved with the Loan or DOT since October 2010—nearly four years before the Notice of Trustee's sale was recorded. BOA Mot. at 12; TAC ¶¶ 36, 57. Powers nevertheless suggests that Bank of America directed the trustee to foreclose the Property. BOA Opp'n at 18. In reply, Bank of America reiterates that it did not participate in the foreclosure sale of the Property, and that Plaintiff acknowledges this fact in the TAC. BOA Reply at 7 (citing TAC ¶¶ 36, 40, 57).

The elements for wrongful foreclosure are: (1) the trustee or mortgagee caused an illegal or fraudulent sale of real property, (2) the party attacking the sale was prejudiced or harmed, and (3) in cases in which the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtednesss, or was excused from tender. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 103 (2011).

Here, Plaintiff does not allege that Bank of America was involved with the sale of the Property. *See generally* TAC. Indeed, Powers alleges that Bank of America had not been involved with the Loan or DOT for nearly four years before the trustee sold the Property. *See* TAC ¶¶ 36, 40 (noting that the DOT was transferred to BONY and that SPS became the Loan servicer in October 2010 and April 2012 respectively). Therefore, Powers' suggestion in her opposition that Bank of America directed the trustee to foreclose on the Property is untenable because it is contradicted by the TAC. *See* BOA Opp'n at 18. Because Powers concedes that Bank of America could not have sold the Property, she cannot show that Bank of America is liable for wrongful foreclosure.

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's wrongful foreclosure claim against Bank of America.

### b.    MERS

MERS argues that Plaintiff's wrongful foreclosure claim against it must be dismissed because Powers does not allege tender, *i.e.* Powers has not made a payment on the Loan since at least January 2010. MERS Mot. at 14. Powers does not respond to this argument, incorrectly noting that MERS did not move to dismiss this claim. MERS Opp'n at 20. Powers does, however, explain generally that this claim should not be dismissed because MERS did not have authority to foreclose the Property. *Id.*

It is textbook law that any claim challenging a foreclosure must include an allegation of tender. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 30

(1996) ("[A]ppellants are required to allege tender of the amount of [defendant's] secured
indebtedness in order to maintain any cause of action for irregularity in the sale
procedure."); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971) ("A
valid and viable tender of payment of the indebtedness owing is essential to an action to
cancel a voidable sale under a deed of trust."). A tender is "an unconditional offer of
money or performance to satisfy a debt or obligation." Black's Law Dictionary (10th ed.
2014). A wrongful foreclosure claim that does not allege tender fails. *See Karlsen*, 15
Cal. App. 3d at 117.

Here, Powers does not allege that she tendered the money on the Loan. *See
generally* TAC. In fact, Plaintiff was in default for $356,429.14 as of September 2014.
MERS RJN, Ex. N. Because Plaintiff did not tender the amount she owed on the
Property, she cannot maintain a wrongful foreclosure claim against MERS. *See Karlsen*,
15 Cal. App. 3d at 117.

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Plaintiff's
wrongful foreclosure claim against MERS.

### c.      Employees and Commonwealth

The Employees and Commonwealth maintain that the TAC has no allegation that
they foreclosed on the Property. Employees Mot. at 12–13; Commonwealth Mot. at 13.
Powers responds that the Employees furthered the fraud that led to the foreclosure by
signing the DOT. Employees Opp'n at 17–18. Although unclear, she seems to suggest
that Commonwealth improperly recorded some documents leading to the foreclosure.

Reviewing the TAC, there is no allegation tying the Employees and
Commonwealth's conduct to the wrongful foreclosure. Thus, the Court DISMISSES
WITH PREJUDICE Plaintiff's wrongful foreclosure claim against Employees and
Commonwealth.

### 7.      Wrongful Eviction

MERS contends that Plaintiff's wrongful eviction claim is barred by the *Rooker-
Feldman* doctrine. MERS Mot. at 20. Because Plaintiff claims that she was evicted
through an unlawful detainer proceeding—which is a state court proceeding—the
Supreme Court is the only federal court with jurisdiction to review her claim. *Id.* Bank of
America adds that it should be dismissed from Plaintiff's wrongful eviction claim
because BONY—not Bank of America—evicted Plaintiff from the Property. BOA Mot.
at 12–13. The Employees and Commonwealth each note that the wrongful eviction claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                                    Date: September 19, 2018

Page 31

does contain any allegations against it. Employees Mot. at 13; Commonwealth Mot. at
13. In response, Powers contends that the *Rooker-Feldman* doctrine does not apply
because there is no state court judgment relating to her wrongful eviction claim. MERS
Opp'n at 21. Powers also contends that Bank of America was the "Master Servicer" at
every stage of the "Mortgage Scheme" against Plaintiff, and is thus liable for wrongful
eviction. BOA Opp'n at 19. Against the Employees, Plaintiff notes that her wrongful
eviction claim against them is based on her wrongful foreclosure claim. Employees
Opp'n at 18–19. Finally, Powers notes that she stated a wrongful eviction claim against
Commonwealth because it must prove that the Property was sold in accordance to Cal.
Civil Code § 2924. Commonwealth Opp'n at 20.

        "Under the *Rooker-Feldman* doctrine, review of state court decisions may only be
conducted in the United States Supreme Court. Lower federal courts may not review such
decisions." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). The *Rooker-Feldman*
doctrine considers state court judgments in unlawful detainer actions—including
subsequent enforcement—as barred in subsequent federal court proceedings. *Busch v.
Torres*, 905 F. Supp. 766, 771–72 (C.D. Cal. 1995). *Rooker-Feldman* is a jurisdictional
rule that cannot be waived. *Hachamvitch v. DeBuono*, 159 F.3d 687, 696 (2d Cir. 1998).

        *Busch* is instructive here. In that case, a plaintiff sued several government
defendants for removing her from her house. *Busch*, 905 F. Supp. at 769. Records
showed that a buyer bought the plaintiff's house in a foreclosure sale. *Id.* That buyer then
brought an unlawful detainer action against the plaintiff, obtained a judgment against her,
and received a writ of possession of the plaintiff's house. *Id.* The plaintiff asked the state
municipal court to stay the execution of the writ of possession, which the municipal court
denied. *Id.* In the subsequent federal lawsuit, the district court held that most of the
plaintiff's lawsuit was barred by *Rooker-Feldman* because most of her claims required
the court to review the execution of the state court writ of possession issued in the
unlawful detainer action. *Id.* at 771–72.

        Here, Plaintiff's wrongful eviction claim is based on a matter already addressed in
state court. *See* TAC ¶¶ 160, 167 (acknowledging that MERS had brought an unlawful
detainer action and arguing that "Plaintiff was heard in an Ex Parte Hearing, where fraud
against her Property was ignored"). Like the Plaintiff in *Busch*, Plaintiff cannot bring a
wrongful eviction claim here because that claim is identical to the unlawful detainer
action filed against her in state court. *See* TAC ¶ 160; *Busch*, 905 F. Supp. at 771.
Powers' recourse was to appeal her wrongful eviction claim through state court; this
Court lacks jurisdiction to review this claim. *Hachamvitch*, 159 F.3d at 696.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 32

Because *Rooker-Feldman* is a jurisdictional bar, the Court DISMISSES WITH PREJUDICE Plaintiff's wrongful eviction claim against Defendants. Having found that the Court does not have jurisdiction over Plaintiff's wrongful eviction claim, the Court does not consider Defendants other arguments relating to this claim.

### 8.      Breach of Contract

Bank of America contends that Plaintiff's breach of contract claim against it is time-barred because it has not been involved with either the Loan or DOT since 2012. BOA Mot. at 13. MERS maintains that Plaintiff's breach of contract claim fails, even assuming the DOT is a valid contract, because: (1) Powers does not allege that MERS actually breached the contract and (2) she did not plead that she performed the contract. MERS Mot. at 21. The Employees argue that Powers does not allege that they are parties to the DOT, and even if they were parties, the TAC does not allege a breach. Employees Mot. at 14. Commonwealth similarly notes that Powers does not allege that it is a party to the DOT. Commonwealth Mot. at 13. Powers responds that she has adequately stated a breach of contract claim. BOA Opp'n at 19–20; MERS Opp'n at 22–23; Employees Opp'n at 19–20; Commonwealth Opp'n at 19–20.

The elements for a common law breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The statute of limitations for a contract claim is four years. Cal. Civ. Proc. Code § 337; *Gilkyson v. Disney Enters., Inc.*, 244 Cal. App. 4th 1336, 1341 (2016).

Here, the statute of limitations on Plaintiff's breach of contract claim against Bank of America has run. The alleged breach of contract occurred no later than 2012, and Plaintiff filed her lawsuit more than four years later in August 2017. *See* TAC ¶ 39; Cal Civ. Proc. Code § 337. Thus, Plaintiff cannot cure these deficiencies. The Court DISMISSES WITH PREJUDICE Plaintiff's breach of contract claim against Bank of America.

As to the remaining defendants, the TAC has no allegations that Plaintiff performed its obligations under the DOT, about how MERS or the Employees breached its obligations, or how the Employees or Commonwealth are parties to the contract— critical elements for this claim. *See generally* TAC ¶¶ 170–78. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's breach of contract claim against MERS, the Employees, and Commonwealth. Any amendment should include specific

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 33

factual allegations about how the remaining Defendants breached its contract with Plaintiff and how Plaintiff performed the contract or was excused from doing so. Powers should also clarify whether the DOT is the basis for her breach of contract claim.

### 9.      Fraud and Deceit Claim

Next, Defendants argue that Plaintiff's common law fraud claim must be dismissed because: (1) the claim is time-barred, (2) there are no facts showing misrepresentation, (3) Plaintiff did not plead that she was harmed by the misrepresentation, and (4) she did not plead damages. BOA Mot. at 14–15; MERS Mot. at 21–22; Employees Mot. at 15–16; *see also* Commonwealth Mot. at 14 (focusing on failure to satisfy Rule 9(b) pleading standard). Plaintiff responds that "[f]raud and deceit is demonstrated throughout the Plaintiff's TAC with particularity, including, [the allegation that] all Defendants were knowledgeable of the misrepresentation that Plaintiff relied upon." BOA Opp'n at 20–21; MERS Opp'n at 23; *see also* Employees Opp'n at 20–21; Commonwealth Opp'n at 20.

In California, the common law elements of fraud are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). "[F]raud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990) (quotation marks and citations omitted). Specificity requires the plaintiff plead facts showing the "how, when, where, to whom, and by what means the representations were tendered." *Id.* (citation and quotation marks omitted). A fraud claim must be commenced within three years. *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001). But the clock for this claim does not begin to run until the aggrieved party discovers the fraudulent conduct. *Id.* at 1373–74.

As an initial mater, Plaintiff's TAC does not describe which Defendant is responsible for what conduct. *See generally* TAC ¶¶ 180–90. Nor does Powers allege that Defendants acted with knowledge of falsity or intent to defraud. *See id.* Therefore, Plaintiff has neither pleaded the basic elements of fraud nor satisfied Rule 9(b)'s heightened pleading standard for fraud claims. *See Engalla*, 15 Cal. 4th at 974; Fed. R. Civ. P. 9(b). More importantly, the statute of limitations on Plaintiff's claim against Bank of America and MERS ran by the time she filed suit in 2017. By 2012, Plaintiff had discovered the alleged fraud regarding Louis Hanson's alleged forged signature. *See* TAC ¶ 38. That year, Plaintiff filed numerous complaints alleging "forgeries, identity theft, counterfeit securities, misrepresentations of facts, and questions of validation of debt"

33

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                          Date: September 19, 2018

                                                                                    Page 34

against Bank of America *and* its co-defendants here. *Id.* Thus, the statute of limitations began running in 2012. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003) (discussing tolling under the "discovery rule"). Powers, however, did not file this claim until 2017—well after the three-year statute of limitations had run. *See Kline*, 87 Cal. App. 4th at 1373.

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's fraud claim.

## 10.    Quieting of Title

Bank of America, MERS, and the Employees maintain that Powers may not quiet title in her favor because she did not make a tender before the trustee's sale. BOA Mot. at 16; MERS Mot. at 22; Employees Mot. at 18. Commonwealth argues the TAC has no allegations tying it to the Property. Commonwealth Mot. at 15. Plaintiff responds that she has superior title, and thus has superior right to the Property. BOA Opp'n at 21; MERS Opp'n at 24; Employees Opp'n at 21; *see also* Commonwealth Opp'n at 21.

In order to quiet title, the plaintiff must tender money that is owed on the property. *See Abdallah*, 43 Cal. App. 4th at 1109; *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) ("[T]he mortgagee cannot maintain an action for ejectment and the mortgagor can defend against an action for possession without paying or offering to pay the debt."). As discussed above, Plaintiff admits that she has not tendered any money she owed. *See* TAC ¶ 29. There is no indication that Powers plans on tendering the money she owes.

The Court DISMISSES WITH PREJUDICE Plaintiff's claim to quiet title. Plaintiff has failed to make specific allegations that she has tendered money owed on the Property or that she is excused from making a tender.

## 11.    Defamation

Defendants assert that Plaintiff's defamation claim should be dismissed because the statute of limitations has run on this claim and because any negative credit reporting it made is true. BOA Mot. at 16–17; MERS Mot. at 23; Employees Mot. at 18–19; Commonwealth Mot. at 15–16. Plaintiff does not respond to Defendants' motions to dismiss her defamation claim. As discussed above, the Court warned Plaintiff in its last order that any claim not substantively opposed would be dismissed with prejudice. March 5, 2018 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 35

Because Plaintiff does not substantively oppose Defendants' motions to dismiss her defamation claim, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for defamation.

### 12.    Emotional Distress Claims

Defendants argue that Powers has not pleaded an intentional infliction of emotional distress ("IIED") claim because she has not alleged any outrageous conduct. BOA Mot. at 17; MERS Mot. at 24; Employees Mot. at 20. Moreover, BOA and MERS note that they do not share a relationship with Powers for which a negligent infliction of emotional distress ("NIED") claim is typically brought. BOA Mot. at 17–18; MERS Mot. at 24; Employees Mot. at 20. Employees separately argue that Powers' allegations are insufficient to create liability for an IIED claim. Employees Mot. at 19. Commonwealth also argues that Powers' NIED claim against it should be dismissed because it is not a basis for recovery in California. Commonwealth Mot. at 17. In her oppositions, Plaintiff does not readily distinguish her IIED and NIED claims. *See* BOA Opp'n at 22. Powers acknowledges that financial institutions generally owe no duty of care to a borrower. *Id.* Nevertheless, Powers suggests that Defendants are subject to liability under the emotional distress torts because their conduct was especially egregious. *Id.*

The elements of an IIED claim are: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing emotional distress, (2) plaintiff's suffering severe or extreme emotional distress, and (3) actual and proximate causation of the distress. *KOVR-TV v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995). For conduct to be outrageous, it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1028. "[R]ecitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Restatement 2d § 46, comment d.

In California, NIED is not an independent tort; a plaintiff need only show the normal elements of a negligence action. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). To recover for NIED, a plaintiff must show that: (1) there is a duty, (2) defendants breached that duty, (3) defendants' conduct caused plaintiff's emotional distress, and (4) plaintiff suffered damage. *Bohnert v. Roman Catholic Archbishop of S.F.*, 136 F. Supp. 3d 1094, 1124 (N.D. Cal. 2015).

Here, Powers' IIED and NIED claims merely repeat the elements consistent with the cause of action. *See* TAC ¶¶ 215–33. For instance, she alleges Defendants owe her a duty of care, but does not elaborate on what that duty is. *See id.* ¶ 233. What is more,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                          Date: September 19, 2018

Page 36

Plaintiff has not approached alleging any outrageous conduct from Defendants. *See
generally* TAC. There is no allegation that Defendants took any step that is "outside all
bounds of that usually tolerated in a civilized society." *KOVR-TV*, 31 Cal. App. 4th at
1028.

The Court DISMISSES WITH PREJUDICE Plaintiff's IIED and NIED claims.
Plaintiff has failed to include specific facts supporting each element. *See Twombly*, 550
U.S. at 555.

### 13.    UCL

Bank of America contends that Plaintiff's UCL claim fails because the statute of
limitations has run against it. BOA Mot. at 18. After all, Bank of America points out that
it has not been involved with the Loan or DOT since 2012. *Id.* MERS and the Employees
argue that Plaintiff's UCL claim fails because she does not allege any unfair business
practice. MERS Mot. at 25; Employees Mot. at 22. Employees also argue that Powers
lacks standing to bring a UCL claim because she does not allege that she lost the Property
because of unfair competition. Employees Mot. at 21. Commonwealth argues that
Powers' UCL Claim fails for the same reasons that her HUD and TILA claims fail.
Commonwealth Mot. at 17. She seems to argue that because Bank of America acquired
Countrywide Mortgage, the Defendants collectively committed fraud against the public.
BOA Opp'n at 23.

"To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or
fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading
advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033 (9th Cir. 2003)
(quoting Cal. Bus. & Prof. Code § 17200). "A plaintiff alleging unfair business practices
under these statutes must state with reasonable particularity the facts supporting the
statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612,
619 (1993). Indeed, the viability of an UCL claim "depends on the viability of an
underlying claim of unlawful conduct." *Nool v. NoeQ Servicing*, 653 F. Supp. 2d 1047,
1056 (E.D. Cal. 2009). The statute of limitations for a UCL claim is four years. Cal. Bus.
& Prof. Code § 17208.

Here, Powers does not allege any *specific* unlawful, unfair, or fraudulent conduct
by Defendants. For instance, she alleges that "Defendants' conduct constituted an unfair
business act or practice under [the UCL], violating numerous Federal laws pertaining to
real property." TAC ¶ 240. However, this allegation does not identify which laws

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 37

Defendants purportedly violated. *See id.* Without underlying unlawful, unfair, or fraudulent conduct, Powers cannot maintain a UCL claim.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's UCL claim against MERS, the Employees, and Commonwealth. Any amended complaint should allege that MERS, the Employees, and Commonwealth engaged in unlawful, unfair, or fraudulent conduct.

As to Powers' UCL claim against Bank of America, the statute of limitations has run because it has not been involved with the Loan or DOT since 2012. *See* TAC ¶ 36; 40 (assigning DOT showing Loan had a new servicer by 2012); Cal. Bus. & Prof. Code § 17208. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's UCL claim against Bank of America.

### 14.    Conspiracy

Finally, Defendants argue that Plaintiff's conspiracy claim fails because all her other claims fail. BOA Mot. at 7; MERS Mot. at 13; Employees Mot. at 9–10; Commonwealth Mot. at 9. Plaintiff contends that her conspiracy claim is viable because she alleges that Defendants worked together to deprive her of her rights. *See, e.g.*, BOA Opp'n at 15.

Civil conspiracy is not an independent tort. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995). Rather, it is a legal doctrine that imposes liability on a person who, although not committing the tort themselves, share with the tortfeasor a common plan in perpetrating it. *Id.* The elements for civil conspiracy are: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Id.*

Powers does not allege that any of the Defendants worked in concert to deprive her of her rights. *See generally* TAC. Nor does she allege that the Defendants worked in concert to deprive her of the Property. What is more, Plaintiff's conspiracy claim must be dismissed because she no remaining viable claims against Defendants. *See Kidron*, 40 Cal. App. 4th at 1581. However, because the Court has granted Plaintiff leave to amend several of her claims, there is still a chance that Plaintiff can plead a sufficient conspiracy claim.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's conspiracy claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                        Date: September 19, 2018

Page 38

### 15.    Declaratory Relief

Bank of America argues that Powers' claim for declaratory relief must be dismissed because: (1) the request is moot as the trustee's sale of the Property has occurred, and (2) declaratory relief must be based on an underlying claim. BOA Mot. at 15. MERS contends that the Court should dismiss Powers' declaratory relief claim because declaratory relief is inappropriate when aimed only at redressing past wrongs. MERS Mot. at 23. The Employees and Commonwealth argue that there is no justiciable controversy warranting declaratory relief. Employees Mot. at 16–17; Commonwealth Mot. at 14. Powers does not respond to Defendants' argument regarding declaratory relief. *See generally* BOA Opp'n; MERS Opp'n.

The Declaratory Judgment Act gives district courts discretion to issue declaratory relief. 28 U.S.C. § 2201; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–90 (1995); *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). The purpose of the Declaratory Judgment Act is to "relieve potential defendants from the threat of impending litigation." *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091–92 (9th Cir. 1992) (quoting *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990)). However, declaratory judgment is a remedy, not an independent claim. *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). Because declaratory judgment is only a remedy derivative of underlying claims, a request for declaratory relief can only withstand a motion to dismiss if there is a live substantive causes of action. *See Avirez Ltd. v. Resolution Trust Co.*, 876 F. Supp. 1135, 1143 (C.D. Cal. 1995).

As discussed above, none of Plaintiff's underlying claims survive Defendants' motions to dismiss. Thus, Powers cannot maintain her claim for declaratory relief. *Avierz*, 876 F. Supp. at 1143. As explained above, the Court previously warned Plaintiff to address every argument raised in a motion to dismiss, but Plaintiff here did not do so. *See* March 5, 2018 Order; BOA Opp'n; MERS Opp'n. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for declaratory relief.

Because the Court has dismissed all of Plaintiff's claims, the Court also DENIES MERS Motion to Strike as MOOT without prejudice.  MERS may refile its Motion to Strike should Plaintiff file a Fourth Amended Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                              Date: September 19, 2018

Page 39

### C.     Motion for Sanctions

Commonwealth contends that it should be awarded sanctions under Rule 11(c) because Powers' suit has no facts about its activities and because she sued the "wrong" Commonwealth. Rule 11 Mot. at 6–8. Most of Commonwealth's briefing focuses on how Powers unreasonably sued it for conspiracy. *Id.* at 10–12. Powers responds that her loan would not have been approved but for Commonwealth's title insurance. Rule 11 Opp'n at 4. Although it is unclear, Powers is apparently arguing that Commonwealth Insurance concealed evidence that led to the foreclosure of her Property. *Id.* at 4–5.

An attorney may be subject to Rule 11 sanctions if she presents the court with "claims, defense, and other legal contentions not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)) (brackets and ellipses omitted). When the complaint is largely the basis of the Rule 11 motion, the court conducts a two-part inquiry: (1) whether the complaint is legally or factually objectively baseless and (2) whether the attorney conducted a reasonable and competent inquiry before signing the complaint. *Id.* at 676.

Based on the pleadings, Powers ties Commonwealth's involvement with the loan to the rest of the alleged conspiracy. Yet, as explained above, Powers inadequately alleges a conspiracy. Despite this shortcoming, the Court will not sanction Powers or Swan *at this time*. Much of Commonwealth's briefing focuses on why Powers has not adequately pleaded a conspiracy claim as a matter of law. *See* Sanctions Reply at 5–7. Although the allegations are insufficient, this is not a basis to award sanctions. *See* Sanctions Opp'n at 4. If this rule were otherwise, litigants would be dissuaded from using courts to seek relief—thus have their First Amendment rights chilled. *See Scheer v. Kelly*, 817 F.3d 1183, 1189 (9th Cir. 2016). Moreover, the Court is disinclined to award sanctions here because Powers has tried to correct her pleading to reflect the proper entity she is trying to sue—even though she falls outside the safe harbor provision. Mot. to Amend Complaint (Dkt. 194).

The Court notes that Powers is straddling the line of filing a frivolous pleading. Because this is the Court's first written order in this matter, it is providing her with more leeway.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 40

## VI.  DISPOSITION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss. The Court DISMISSES WITH PREJUDICE QLS from this matter

The Court DISMISSES WITH PREJUDICE the following claims brought by Plaintiff in her TAC:

(1) HUD claim

(2) HBOR claim against Bank of America, the Employees, and Commonwealth;

(3) TILA claim;

(4) six-year statute of limitations claim;

(5) wrongful eviction claim;

(6) breach of contract claim against Bank of America;

(7) fraud and deceit claim;

(8) defamation claim;

(9) quieting of title claim

(10) wrongful foreclosure claim;

(11) IIED and NIED claim;

(12) UCL claim against Bank of America; and

(13) declaratory relief claim.

Claims dismissed with prejudice means that the Plaintiff shall not re-allege these claims.

In addition, the Court DISMISSES WITHOUT PREJUDICE the following claims:

(1) UCL claim against MERS, the Employees, and Commonwealth;

(2) breach of contract claim against MERS, the Employees, and Commonwealth;

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)                    Date: September 19, 2018

Page 41

(3) promissory estoppel claim; and

(4) HBOR claim against MERS; and

(5) conspiracy.

Additionally, the Court DENIES MERS's Motion to Strike, and Commonwealth's Motion for a More Definite Statement and Motion for Sanctions. The Court reminds Powers to include Thomas Peppers as a defendant should she file a Fourth Amended Complaint.

The Court reminds Powers to follow all the directions it has laid out if she chooses to amend. Most of the TAC was difficult to follow. Much of the Powers' opposition filings did not have substantive legal analysis. Far too often, she couched legal conclusions as factual allegations. This should be addressed in any future filings. Finally, the Court reminds Powers that it has serious concerns about whether she has standing. If she chooses to file a Fourth Amended Complaint, it is imperative that she address these standing issues. Plaintiff may not allege claims other than those dismissed without prejudice.

Plaintiff may file an amended complaint, if desired, **on or before October 2, 2018**.

The Clerk shall serve the minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk gga
CIVIL-GEN