Angela Swan, #213793
THE LAW OFFICES OF ANGELA SWAN,
A PROFESSIONAL CORPORATION
21151 South Western Avenue, Suite 177
Torrance, CA 90501
Office Telephone: (310)755-2515
Facsimile: (310)878-0349
Email: aswan@angelaswanlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

Billie Rene` Frances Lillian Powers
    Plaintiff,
vs.

BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; and DOES 1 to 10, inclusive,
    Defendants.

Case No. 8:17-cv-01386-DOC-KES

District Judge: Hon. David O. Carter
Courtroom: 9D

**NOTICE OF ATTORNEY'S CHARGING LIEN**

Third Amended Complaint Filed: 3/19/2018

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

---

NOTICE OF ATTORNEY'S CHARGING LIEN

1

**PLEASE TAKE NOTICE** that Angela Swan ("Swan"), solely in her capacity as counsel to Billie Rene` Frances Lillian Powers ("Plaintiff"), asserts an attorney's charging lien based upon legal services performed and costs incurred by Plaintiff in connection with the representation of Plaintiff in this action. Such lien attaches under this jurisdiction's rule that a charging lien arises when "there exist[s] between the client and his attorney an agreement from which the conclusion may reasonably be reached that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered." See *Fletcher v. Davis*, 33 Cal. 4th 61, 66 (2004). The charging lien arises for the following reasons:

1. Angela Swan acted as counsel of record for Plaintiff in this action from March 2018 until September 19, 2018 the date on which Swan's motion to withdraw was granted by this Court.

2. In this action, Plaintiff asserts that Defendants conspired from the commencement of purchasing her Property, fraud against her title in support of a Mortgage Scheme to extort and ultimately conduct an unlawful foreclosure sale, committing property theft. Plaintiff filed numerous complaints to governing departments of finance regarding forgeries, identity theft, validation of debt… and to her title insurance company that failed to investigate and/or denied her claims.

3. Plaintiff and Swan entered into written Retainer Agreement pursuant to which Swan agreed to vigorously pursue all viable claims on behalf of the Plaintiff. In the Retainer Agreement, Plaintiff agreed that Swan would recover reasonable fees and expenses, as approved by this


Court, out of any settlement or judgment obtained by the Plaintiff in this case. An Attorney's lien is not automatically created upon the lawyer's provision of legal services to a client, but requires a contract for its creation. *Carroll v. Interstate Brands Corp.*, 99 Cal. App. 4th 1172. A lien may also be implied where the Retainer Agreement requires the attorney to look to the proceeds of the litigation for payment. See *Cetenko v. United California Bank*, 30 Cal. 3d 528, 531 (1982).

4. Relying upon the Retainer Agreement, Swan invested significant time and resources into pursuing Plaintiff's claims in this litigation.

5. As part of Swan's duties, August 22, 2018, she filed a motion seeking to withdraw from representing the Plaintiff in this litigation. At all relevant times, Swan has continued to represent the Plaintiff in this litigation.

6. Despite Swan's withdrawal, pursuant to the Retainer Agreement, Swan maintains a substantial interest in any recovery that might ultimately be obtained by the Plaintiff. Swan therefore asserts this attorney's charging lien against any recovery that might be obtained by the Plaintiff, and demands that Swan's interests be recognized in conjunction with the distribution of any recovery to Plaintiff or her counsel in this litigation.

7. Swan files this notice of charging lien solely to protect her rights with respect to the Retainer Agreement, and in so doing is not waiving

NOTICE OF ATTORNEY'S CHARGING LIEN

3

Swan's rights to bring other such claims against any party to this litigation including, but not limited to, any counsel that may hereafter appear on behalf of Plaintiff.

WHEREFORE, notice is hereby given to all interested or affected parties and persons of the attorney's charging lien against any recovery or proceeds obtained by Plaintiff as described herein.

DATED: 9/21/18

Respectfully submitted,

**THE LAW OFFICES OF ANGELA SWAN, APC**

BY: _____
Angela Swan,
Attorney for Billie Rene` Frances Lillian Powers

NOTICE OF ATTORNEY'S CHARGING LIEN

4