Name Billie Rene' Frances Lillian Powers
Address P.O. Box 1501
City, State, Zip Newport Beach, California 92659
Phone (949) 374-4052
Fax
E-Mail powersbillie@yahoo.com

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

FILED

2018 DEC 27  PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____ LAW

FEE NOT
Paid

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Billie Rene' Frances Lillian Powers

PLAINTIFF(S),

v.

The Bank of New York Mellon as Trustee...
SEE ATTACHED

DEFENDANT(S).

CASE NUMBER:

8:17-cv-01386-DOC-(KES)

### NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that _____ Billie Rene' Frances Lillian Powers _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):

    final order entered on 11-26-2018

☒ Judgment (specify):

    final judgment order entered on 11-26-2018

☒ Other (specify):
All other Orders entered in this matter and
review of all wrongful actions and non-action
of the Hon David O. Carter, on
Motions, hearings, notices, evidence, etc.

Imposed or Filed on ___November 26, 2018___. Entered on the docket in this action on November 26, 2018 ___.

A copy of said judgment or order is attached hereto.

___December 27, 2018___
Date

_____
Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk
Pro-Per

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

Attachment for Notice of Appeal/ with addresses for service
Re: named Defendants
Case: #8:17-cv-01386-DOC-KES
Plaintiff: Billie Rene' Frances Lillian Powers in Propria Persona
December 27, 2018
Judgment from chambers entered November 29, 2018

Powers v.:
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN
TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-
HY9; SELECT PORTFOLIO SERVICING, INC.; BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
COMMONWEALTH LAND TITLE INSURANCE COMPANY; JON SECRIST;
NICHOLE CLAVADETSCHER; THOMAS PEPPERS; and DOES 1 to 10, inclusive,
                                                        Defendants.


Stephen D. Britt and Robert J. Gandy
Severson & Werson, A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
**Attorneys for Bank of America; Jon Secrist; and, Nichole Clavadetscher**

Steven M. Dailey and Rebecca L. Wilson
Kutak Rock, LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
**Attorneys for The Bank of New York Mellon F/K/A the Bank of New York, as Trustee, on Behalf of the
Holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9;
Select Portfolio Servicing, Inc.; and, Mortgage Electronic Registration Systems, Inc.**


Lakshmi Jagannath McCarthy Holthus, LLP
1770 4th Avenue
San Diego, CA 92101
**Attorney for Quality Loan Service Corporation** (removed by order of Carter)

Kevin S. Sinclair, Partner
Early Sullivan Wright Gizer & McRae, LLC
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048
**Attorney for Commonwealth Land Title Company**

Thomas Peppers
503 36th Street
Newport Beach, California 92663
**Defendant**

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

## CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KESx)          Date: November 26, 2018

Title: BILLIE RENE FRANCES LILLIAN POWERS V. THE BANK OF NEW YORK MELLON ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [244], [246], [249]**

Before the Court are Defendants Commonwealth Title Company's ("Commonwealth") Motion to Dismiss ("Commonwealth Mot.") (Dkt. 244); Bank of America, N.A. ("BOA"), Nichole Clavadetscher, and Jon Secrist's (collectively, "BOA Defendants") Motion to Dismiss ("BOA Mot.") (Dkt. 246); and Mortgage Electronic Registration System, Inc. ("MERS"), Select Portfolio Servicing, Inc. ("SPS"), and Bank of New York Mellon's ("BONY") (collectively, "MERS Defendants") Motion to Dismiss ("MERS Mot.") (Dkt. 249). The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS the motions to dismiss.

## I.      Background

### A.      Facts

The Court assumes familiarity with the facts of this case. The following facts are taken from the Fourth Amended Complaint ("4AC") (Dkt. 238) and judicially noticeable material. *See* September 19, 2018 Order (Dkt. 212) (granting Defendants' requests for judicial notice of 52 documents).

As a preliminary matter, the Court notes that the 4AC remains difficult to follow. In April 2007, Plaintiff Billie Powers ("Plaintiff") purchased the real property located at 40701 Ortega Highway, San Juan Capistrano, CA 92530 ("Property") from Defendant Roger Lee Delong ("Delong") for $1,700,000. 4AC ¶¶ 19, 104. To purchase the Property, Plaintiff obtained a $1,190,000 loan ("Loan") from Countrywide Bank, FSB ("Countrywide"), secured by a Deed of Trust ("DOT") recorded against the Property on July 2, 2007. *Id.* ¶¶ 30, 104, Ex. B. The beneficiary listed in the DOT was MERS, and the trustee was ReconTrust Company, N.A. ("ReconTrust"). *Id.* ¶ 132. Because Plaintiff did not independently qualify for this Loan, Louis J. Hanson and Jacqueline M. Hanson (collectively, "Co-Borrowers") cosigned on her behalf. *Id.* ¶ 25. The Hansons remained on the Property's title until they requested their names be removed on July 10, 2007. *Id.* ¶ 27. On this date, Powers and the Hansons transferred the Property to Rancho Sonata, LLC (a corporation Powers created) through a "Grant Deed." *Id.* Powers took sole possession of and began living on the Property on July 2, 2007, until she was evicted on September 21, 2017. *Id.* ¶¶ 19, 75.

According to Powers, after she obtained the Loan to purchase the Property, the Grant Deed was forged by an unspecified party. *Id.* ¶ 26. The Grant Deed was altered to remove the Plaintiff's name and to include the names Billie Rene Powers, Louise J. Hanson, and Jacqueline M. Hanson. *Id.*

Six months after taking residence at the Property, Plaintiff contacted Countrywide to seek mortgage assistance. *Id.* ¶ 32. But Countrywide's employee would only speak with Powers if she was three months delinquent on her mortgage payments. *Id.* Thus, the Countrywide employee advised Powers to stop making her mortgage payment. *Id.* Plaintiff apparently has not made a mortgage payment since at least January 2010. *See* MERS RJN (Dkt. 76), Exs. D, H, L, M, N (showing amount in default on the Property continuing to rise). On May 19, 2010, MERS recorded an assignment of the DOT ("ADOT"), reflecting the assignment of the beneficial interest in the DOT to BONY.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KESx)                    Date: November 26, 2018

Page 3

4AC ¶ 37. Plaintiff claims that the ADOT was "robo-signed" by Defendant
Clavadetscher and improperly notarized by Defendant Secrist. *See* 4AC ¶¶ 17, 39.

On October 15, 2009, the Trustee's Deed upon sale was recorded reflecting that
the Property was sold to Thomas Peppers in a foreclosure sale. MERS RJN, Ex. NN.
After the foreclosure, Peppers filed an unlawful detainer suit against Rancho Sonata,
LLC, Powers' company and the legal owner of the Property. *Id.*, Ex. II. During this time,
Plaintiff was apparently in financial distress, as she had initiated personal chapter 7
bankruptcy proceedings. MERS RJN, Exs. Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC,
DD, JJ, KK. Notices of defaults continued to be recorded against the Property. *See* MERS
RJN, Exs. L, M, N.

In February 2014, Quality Loan Service Corporation ("QLS") became the new
trustee of record. 4AC ¶ 48. On September 25, 2014, QLS recorded a Notice of Default
on behalf of BONY and SPS (the "Foreclosing Defendants"), reflecting that the Loan was
approximately $356,429.14 in arrears. *Id.* ¶ 50; MERS RJN, Ex. N. On September 30,
2015, QLS caused a Notice of Trustee's Sale to be recorded against the Property,
reflecting an unpaid balance of approximately $1,719,511.24. MERS RJN, Ex. O; 4AC ¶
54. On August 8, 2016, the Property was sold at a trustee's sale, wherein it reverted to
BONY. MERS RJN, Ex. P; 4AC ¶ 63. BONY recorded a Trustee's Deed Upon Sale
reflecting these results on August 16, 2016. *Id.*

**B.     Procedural History**

Plaintiff filed this case on August 11, 2017. *See generally* Complaint (Dkt. 1). On
September 20, 2017, Plaintiff filed her First Amended Complaint (Dkt. 12), and on
December 14, 2017, Plaintiff filed her Second Amended Complaint ("SAC") (Dkt. 32).
The Court dismissed Plaintiff's SAC on March 5, 2018, because Plaintiff failed to
substantively oppose Defendants' motions to dismiss the SAC. Order Dismissing SAC
(Dkt. 67). In its Order Dismissing the SAC, the Court warned Plaintiff that it would give
her an opportunity to file a Third Amended Complaint ("TAC") and that failure to
substantively oppose any motion to dismiss the TAC would lead to dismissal of her case
with prejudice. *See* Order Dismissing SAC at 2. Plaintiff filed the TAC on March 19,
2018. The Court dismissed Plaintiff's TAC on September 19, 2018, with leave to amend.
Plaintiff filed the 4AC on October 12, 2018. Defendants moved to dismiss, and on
November 1, 2018, Plaintiff filed the Opposition to Motion to Dismiss ("Opp'n") (Dkt.
255).

Powers also filed a temporary restraining order to prevent the Defendants from taking possession or selling the Property on October 30, 2017. TRO (Dkt. 25). The Court denied the TRO. Order Denying TRO (Dkt. 29). Approximately two dozen people filed notices of interested parties between late June 2018 and July 2018 to join this matter. Interested Parties (Dkts. 123–71). After a hearing, the Court denied Plaintiff's motion of joinder. Order Mot. for Joinder (Dkt. 198). On September 14, 2018, Plaintiff filed yet another motion for a preliminary injunction regarding any marketing or sale of the property and to return possession of the property to Plaintiff (Dkt. 216).

Plaintiff has also filed a series of subsequent notices, including the Notice of Platiniff's Reminder (Dkt. 229) and most recently the Notice of Plaintiff's Affidavit of Prepared Statement (Dkt. 258), which are largely difficult to follow.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and materials properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

An allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). This

heightened pleading standard ensures "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

## III.   Discussion

As a preliminary matter, the Court notes that it has afforded Plaintiff, acting pro se, four opportunities to amend her Complaint and has warned Plaintiff to cease frivolous pleadings. Most recently, in a forty-one-page order granting motions to dismiss without prejudice, the Court held that "Powers is straddling the line of filing a frivolous pleading" but denied a motion for sanctions. Dkt. 212 at 39.  Despite this guidance, Plaintiff has continued to flood the Court with filings, some of which are difficult to follow and do not give rise to any claims. *See, e.g.,* Notice of Plaintiffs Affidavit of Prepared Statement for the Court (Dkt. 258). Although the federal pleadings standards are flexible, and especially so with respect to pro se pleadings, filings must still give fair notice to Defendants. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). In the forty-one-page opinion, the Court detailed at length the flaws in Plaintiff's Third Amended Complaint. The fourth complaint fails to cure these defects. In the Opposition, Plaintiff focuses on the parties' failure to reach a settlement during meet and confers. Opp'n at 4–11. Plaintiff then appears to state criminal claims against Defendants' attorneys for "acting in dishonor bringing a groundless defense." *Id.* at 12. The Court now turns to each claim asserted in the 4AC.

### A.   Promissory Estoppel Claim

The Court previously held that the statute of limitations has run on Plaintiff's promissory estoppel claim against all Defendants. *See* September 19, 2018 Order at 28. Plaintiff has not cured this defect.

The elements for promissory estoppel in California are: (1) a clear and unambiguous promise in its terms; (2) reliance by the party to whom the promise is made; (3) reliance is reasonable and foreseeable; and (4) the party asserting estoppel must be injured by reliance. *Grandino v. Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411, 416 (2015). The statute of limitations for a promissory estoppel claim based on an oral promise is two years. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KESx)                    Date: November 26, 2018

Page 6

Plaintiff does not allege that any Defendants made any promise to her after August 2015, two years before this suit was filed. Moreover, the 4AC fails to identify the nature of the alleged promise made to her, who made the promise, or what the terms of the promise were. *See* 4AC ¶¶ 137–47. With regards to Commonwealth, it appears to the Court that the promise at issue may have been made eleven years ago. *Id*. at ¶ 140 ("For the past eleven (11) years, Plaintiff has been in a fragmented state of mind . . . due to the on-going high level of stress in her life, inflicted by Commonwealth Land Title Insurance Companies failure to perform under the terms of the Title Insurance Contract owned by Plaintiff."). Elsewhere in the Complaint, Plaintiff references title insurer claims dating back to 2012. *See id*. ¶ 41. With regards to the remaining Defendants, Plaintiff reiterates that for "eleven years" she has been affected by "Defendants failure to be transparent and not having a meeting of the minds." *Id*. ¶ 146. Plaintiff has failed to cure the time-bar defects and fails to state a claim for promissory estoppel against any Defendant. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's promissory estoppel claim.

## B.    UCL

The Court previously held that Plaintiff failed to allege any *specific* unlawful, unfair, or fraudulent conduct by Defendants. *See* September 19, 2018 Order at 36–37. "To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc*., 340 F.3d 1033 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc*., 14 Cal. App. 4th 612, 619 (1993). Indeed, the viability of a UCL claim "depends on the viability of an underlying claim of unlawful conduct." *Nool v. NoeQ Servicing*, 653 F. Supp. 2d 1047, 1056 (E.D. Cal. 2009). The statute of limitations for a UCL claim is four years. Cal. Bus. & Prof. Code § 17208.

Plaintiff has not cured the defects pointed out by the Court in its previous Order. Plaintiff claims that Defendants engaged in unlawful conduct by "uttering false claims and documents, recording documents with known forgeries, not removing falsely recorded documents all constitute an unfair business act or practice [sic]." 4AC ¶ 174. This is not sufficient notice to the Defendants and fails to allege any specific unlawful, unfair, or fraudulent conduct. Moreover, Plaintiff's claim as pled is time-barred. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's UCL claim.

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KESx)          Date: November 26, 2018

### C.     Homeowner Bill of Rights

The Court previously held that HBOR does not apply retroactively and Plaintiff must have been an active borrower on January 1, 2013 for HBOR's protections to cover her. September 19, 2018 Order at 23–26; *see Lucioni v. Bank of America, N.A.*, 3 Cal. App. 5th 150, 157 (2016).

California courts do not apply statutes retroactively unless there is an express retroactivity provision or it is very clear from extrinsic sources that the Legislature wanted a retroactive application. *Meyers v. Phillip Morris Cos., Inc.*, 28 Cal. 4th 828, 841 (2002). HBOR took effect on January 1, 2013. *Parker v. U.S. Bancorp*, No. ED CV 16–70–DMG (SPx), 2016 WL 7495824, at *4–5 (C.D. Cal. Sep. 13, 2016); *Sanchez v. Aurora Loan Servs., LLC*, No. CV 13–08846 MMM (RZx), 2014 WL 12589659, at *6 (C.D. Cal. Mar. 11, 2014). HBOR neither contains an express retroactivity provision nor is there well-documented extrinsic evidence that the Legislature wanted HBOR to apply retroactively. *See Parker*, 2016 WL 7495824, at *4–5.

Powers has not had title to the property since 2009. MERS RJN, Ex. NN (conveying deed on the Property to Peppers). Thus, she does not have standing to assert a HBOR claim against MERS for actions it took on the Property in 2015 because she did not have title to the Property at that time.  Plaintiff has not alleged that title has actually transferred back to her through the recording of a new Grant Deed. Plaintiff has failed to cure the fatal defects regarding standing. Moreover, Plaintiff continues to fail to allege specific facts connected to the violations sufficient to state a claim or provide notice to Defendants. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's HBOR claim.

### D.     Breach of Contract

The Court previously dismissed the Breach of Contract claim, specifically directing to Plaintiff that any "amendment should include specific factual allegations about how the remaining Defendants breached its contract with Plaintiff and how Plaintiff performed." September 19, 2018 Order at 32–31.

The elements for a common law breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The statute of limitations for a contract claim is four years.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KESx)                    Date: November 26, 2018

                                                                              Page 8

Cal. Civ. Proc. Code § 337; *Gilkyson v. Disney Enters., Inc.*, 244 Cal. App. 4th 1336, 1341 (2016).

Plaintiff's claim for breach of contract is particularly difficult to follow and is at times incoherent. Plaintiff has failed to cure the defects and has pled no allegations that she performed her obligations under the DOT, nor allegations about how Defendants breached their obligations. Plaintiff fails to satisfy any of the critical elements for a breach of contract claim. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's breach of contract claim.

### E. Conspiracy

The Court previously held that civil conspiracy is not an independent tort. September 19, 2018 Order at 37 (citing *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995)). Rather, it is a legal doctrine that imposes liability on a person who, although not committing the tort themselves, shares with the tortfeasor a common plan in perpetrating it. *Id.* Plaintiff's conspiracy claim must be dismissed because she has no remaining viable claims against Defendants. *See Kidron*, 40 Cal. App. 4th at 1581. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's conspiracy claim.

## IV. Disposition

For the foregoing reasons, the Court GRANTS the motions to dismiss and DISMISSES WITH PREJUDICE the 4AC.

The Clerk shall serve the minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk: djl

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

Re: Federal Case # 8:17-cv-01386-DOC-KES, Judge Carter presiding
Billie Rene' Frances Lillian Powers v. THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK,
AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING,
INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; THOMAS
PEPPERS; and DOES 1 to 10, inclusive,

        I am employed and/or live in the aforesaid County; I am over the age of 18 years and not a party
to the above-titled action:

On December 27, 2018 i served the documents, **Plaintiffs Notice of Appeal and** PLAINTIFFS
MOTION FOR FEDERAL RULE 60 MOTION; PLAINTIFFS DECLARATION IN SUPPORT OF NOTICE
OF APPEAL and RULE 60 MOTION

Thomas Peppers
503 36th Street
Newport Beach, California 92663

[X] (By Mail) I caused each such envelope, with postage therein fully pre-paid, to be placed in
the United States mail in Costa Mesa, California.
[X] (State) I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct

Executed on 12-27-2018, at Costa Mesa, California

                                        John Cleveland

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

Re: Federal Case # 8:17-cv-01386-DOC-KES, Judge Carter presiding
Billie Rene' Frances Lillian Powers v. THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; THOMAS PEPPERS; and DOES 1 to 10, inclusive,

        I am employed and/or live in the aforesaid County; I am over the age of 18 years and not a party to the above-titled action:

On December 27, 2018 i served the documents, **Plaintiffs Notice of Appeal and** PLAINTIFFS MOTION FOR FEDERAL RULE 60 MOTION; PLAINTIFFS DECLARATION IN SUPPORT OF NOTICE OF APPEAL and RULE 60 MOTION

   **to all defendants named herein separately:**

Steven M. Dailey and Rebecca L. Wilson
Kutak Rock, LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
*Attorneys for The Bank of New York Mellon F/K/A the Bank of New York, as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9; Select Portfolio Servicing, Inc.; and, Mortgage Electronic Registration Systems, Inc.*

[X] (By Mail) I caused each such envelope, with postage therein fully pre-paid, to be placed in the United States mail in Costa Mesa, California.
[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on 12-27-2018, at Costa Mesa, California

John Cleveland

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

Re: Federal Case # 8:17-cv-01386-DOC-KES, Judge Carter presiding
Billie Rene' Frances Lillian Powers v. THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; THOMAS PEPPERS; and DOES 1 to 10, inclusive,

I am employed and/or live in the aforesaid County; I am over the age of 18 years and not a party to the above-titled action:

On December 27, 2018 i served the documents, Plaintiffs **Notice of Appeal and** PLAINTIFFS MOTION FOR FEDERAL RULE 60 MOTION; PLAINTIFFS DECLARATION IN SUPPORT OF NOTICE OF APPEAL and RULE 60 MOTION

Kevin S. Sinclair, Partner
Early Sullivan Wright Gizer & McRae, LLC
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048
***Attorney for Commonwealth Land Title Insurance Company***

[X] (By Mail) I caused each such envelope, with postage therein fully pre-paid, to be placed in the United States mail in Costa Mesa, California.
[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on 12-27-2018, at Costa Mesa, California

John Cleveland

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

Re: Federal Case # 8:17-cv-01386-DOC-KES, Judge Carter presiding
Billie Rene' Frances Lillian Powers v. THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK,
AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9; SELECT PORTFOLIO SERVICING,
INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
COMMONWEALTH LAND TITLE COMPANY; JON SECRIST; NICHOLE CLAVADETSCHER; THOMAS
PEPPERS; and DOES 1 to 10, inclusive,

      I am employed and/or live in the aforesaid County; I am over the age of 18 years and not a party
to the above-titled action:

On December 27, 2018 i served the documents, **Plaintiffs Notice of Appeal and** PLAINTIFFS
MOTION FOR FEDERAL RULE 60 MOTION; PLAINTIFFS DECLARATION IN SUPPORT OF NOTICE
OF APPEAL and RULE 60 MOTION

## to all defendants named herein separately:

C/O Stephen D. Britt and Robert J. Gandy
Severson & Werson, A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA  926
***Attorneys for Bank of America, N.A.; Jon Secrist; and, Nichole Clavadetscher***

[X] (By Mail) I caused each such envelope, with postage therein fully pre-paid, to be placed in
the United States mail in Costa Mesa, California.
[X] (State) I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct

Executed on 12-27-2018, at Costa Mesa, California

John Cleveland