Steven M. Dailey #163857
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA  92614-8595
Telephone: (949) 417-0999
Facsimile:  (949) 417-5394
Email:        steven.dailey@kutakrock.com

Attorneys for Defendants SELECT PORTFOLIO SERVICING,
INC.; THE BANK OF NEW YORK MELLON, F/K/A THE BANK
OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9,
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-
HY9 [erroneously sued as "THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF
OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST
2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-HY9" and "THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE
CERTIFICATE HOLDERS, ALTERNATIVE LOAN TRUST 2007-
HY9 MORTGAGE PASS THROUGH CERTIFICATES, SERIES
2007-HY9"]: MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BILLIE RENE FRANCES LILIAN POWERS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9, et al,<br><br>        Defendants. | Case No. 8:17-CV-01386-DOC-KES<br>Assigned to:  Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION AND FOR ATTORNEY'S FEES AGAINST PLAINTIFF IN THE AMOUNT OF $2,560.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN M. DAILEY IN SUPPORT OF MOTION TO EXPUNGE; DECLARATION OF STEVEN DAILEY RE ATTEMPTS TO MEET AND CONFER; [PROPOSED] ORDER**<br><br>Date:        June 3, 2019<br>Time:        8:30 a.m.<br>Ctrm.:       9D<br><br>Date Filed:  August 11, 2017 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2019 at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D, of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [*collectively* "Loan Defendants"] will and hereby do move this Court to expunge the Amended Notice of Pendency of Action (Lis Pendens) recorded on May 16, 2018 in the County Recorder's Office for Orange County, California, as Document Number 2018000178666, pertaining to the real property located at 40701 Ortega Highway, San Juan Capistrano, California, 92675, and further described as APN 125-120-27, with the following legal description:

> BEGINNING AT THE INTERSECTION OF THE WEST LINE OF THE EAST ONE-HALF OF SECTION 17, TOWNSHIP 6 SOUTH, RANGE 5 WEST, SAN BERNARDINO BASE AND MERIDIAN, AND THE RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE, AS PER F.B. 113, PAGE 114, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, THENCE NORTH 33° 22' EAST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 1533.47 FEET, MORE OR LESS, TO TRUE POINT OF BEGINNING, BEING AT THE SOUTHEASTERLY CORNER, OF LAND CONVEYED TO MARCEL AND MALVINA CRISTIN BY DEED ON FILE IN BOOK 2089 PAGE 99 OF OFFICIAL RECORDS; THENCE NORTH 0° 03' 19" WEST, TO A POINT ON THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, BEING AT THE NORTHEAST CORNER OF SAID LAND CONVEYED TO SAID PARCEL AND MALVINA CRISTIN; THENCE SOUTH 88° 50' EAST, ALONG THE NORTH LINE OF SAID EAST ONE-HALF OF SAID SECTION 17, A DISTANCE OF 487.03 FEET; THENCE SOUTH 0° 03' 09" EAST, TO THE INTERSECTION WITH THE SAID RIVERSIDE AND ORANGE COUNTY BOUNDARY LINE; THENCE SOUTH 33° 22' WEST, ALONG SAID BOUNDARY LINE, A DISTANCE OF 884.03 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION

a copy of which is attached to the Declaration of Steven M. Dailey as Exhibit "A",
and for an order awarding these moving parties their reasonable attorney's fees
against Plaintiff in the amount of $2,560.00, pursuant to California Code of Civil
Procedure Section 405.38.

This Motion will be made on the ground that Plaintiff's Complaint does not
state a real property claim and is therefore subject to expungement under Code of
Civil Procedure section 405.31. The Motion will also be made on the ground that
Plaintiff "has not established by a preponderance of the evidence the probable
validity of the real property claim," and is therefore subject to expungement under
Code of Civil Procedure section 405.32.   In fact, where a judgment has been
entered against a claimant on the underlying real property claim, and the claimant
has filed an appeal, the Motion to Expunge must be granted unless the court finds
that it is more likely than not that the appellate court will reverse the judgment.
[*See, Amalgamated Bank v. Sup. Ct.* (2007) 149 Cal.App.4th 1003, 1015].  In this
case, Loan Defendants respectfully submit the Motion to Expunge must be granted
as Court's decision is not likely to be reversed.

Pursuant to Code of Civil Procedure section 405.38, the Court "shall direct
that the party prevailing on any motion [to expunge] be awarded the reasonable
attorney's fees and costs of making … the motion unless the court finds that the
other party acted with substantial justification or that other circumstances make the
imposition of attorney's fees and costs unjust."   No substantial justification or
unjust circumstances exist here.  Loan Defendants submit the Declaration of Steven
M. Dailey supports an award of fees totaling $2,560.00.

Pursuant to Local Rule 7-3, I attempted to meet and confer with Plaintiff.
See attached Declaration of Steven M. Dailey filed concurrently herewith.

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1    This Motion is based on this Notice of Motion, the attached Memorandum of

2  Points and Authorities, the Declaration of Steven M. Dailey, the pleadings and

3  records on file herein, and upon such oral and documentary evidence as may be

4  presented by the parties at the hearing.

5  Dated:  April 8, 2019                    KUTAK ROCK LLP

6

7                                           By:  /s/ *Steven M. Dailey*
                                            Steven M. Dailey
8                                           Attorneys for Defendants
                                            SELECT PORTFOLIO SERVICING,
9                                           INC., THE BANK OF NEW YORK
                                            MELLON, F/K/A THE BANK OF NEW
10                                          YORK, AS TRUSTEE, ON BEHALF OF
                                            THE HOLDERS OF THE
11                                          ALTERNATIVE LOAN TRUST 2007-
                                            HY9, MORTGAGE PASS-THROUGH
12                                          CERTIFICATES SERIES 2007-HY9 and
                                            MORTGAGE ELECTRONIC
13                                          REGISTRATION SYSTEMS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

Page

1. INTRODUCTION. ...................................................................................... 1

2. FACTUAL BACKGROUND ....................................................................... 1

3. PROCEDURAL BACKGROUND .............................................................. 4

4. FEDERAL COURTS APPLY STATE LAW RELATING TO EXPUNGING LIS PENDENS, AND THIS MOTION TO EXPUNGE MUST BE GRANTED AS COURT'S DECISION IS NOT LIKELY TO BE REVERSED ........................................ 6

   A. This Court's Decision Is Unlikely to Be Reversed as Plaintiff Failed to Join Indispensable Parties ................................................................................ 8

   B. This Court's Decision Is Unlikely to Be Reversed as Plaintiff Has Not, and Cannot, Rebut the Presumption of the Validity of the Trustee's Sale ................. 8

   C. THIS COURT'S DECISION IS UNLIKELY TO BE REVERSED AS PLAINTIFFS' CLAIMS ATTACKING FORECLOSURE FAIL ABSENT TENDER. ........................................................................................................ 9

   D. THIS COURT'S DECISION IS UNLIKELY TO BE REVERSED AS PLAINTIFF LACKED STANDING TO BRING HER REAL PROPERTY CLAIM DUE TO HER BANKRUPTCY DISCHARGE. .................................... 10

   E. THIS COURT'S DECISION IS UNLIKELY TO BE REVERSED AS PLAINTIFF IS UNABLE TO ESTABLISH A REAL PROPERTY CLAIM DUE TO JUDICIAL ESTOPPEL. ........................................................................ 10

   F. This Court's Decision Is Unlikely to Be Reversed as Plaintiff Did Not Own the Property at the Time of the Foreclosure Sale .................................... 11

   G. Plaintiff's Claims of Post-Execution Alteration of the Grant Deed Does Not Suggest a Void Transfer of Title .................................................... 11

   H. This Court's Decision Is Unlikely to Be Reversed as Plaintiff's Claims Attacking the Assignment Failed .................................................... 12

   I. A Lender Is Not Required to "Possess the Note" to Foreclose. ........................ 14

   J. This Court's Decision Dismissing Each of Plaintiff's Individual Causes of Action Is No Likely to Be Reversed .................................................... 15

5. PLAINTIFF IS RESPONSIBLE FOR FEES FOR IMPROPERLY RECORDING A LIS PENDENS ........................................................................................ 15

6. CONCLUSION. ........................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdallah v. United Sav. Bank*,
 43 Cal.App.4th 1001 (1996) ................................................................... 9

*Amalgamated Bank v. Sup. Ct.*
 (2007) 149 Cal.App.4th 1003 .................................................... 7, 14, 15

*An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)*
 308 B.R. 448 (9th Cir. BAP 2004) ........................................................ 10

*Arnold Mgmt. Corp. v. Eischen*,
 158 Cal.App.3d 575 (1985) ..................................................................... 9

*Biagro W. Sales Inc. v. Helena Chem. Co.*,
 160 F.Supp.2d 1136 (E.D. Cal. 2001) ................................................... 8

*In re Bronner*,
 135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) ........................................ 10

*Campbell v. Superior Court*
 (2005) 132 Cal.App.4th 904 ........................................................... 7, 16

*Cerecedes v. U.S. Bankcorp*,
 2011 WL 2711071 (C.D. Cal. July 11, 2011) ...................................... 14

*Debrunner v. Deutsche Bank Nat. Trust Co.*,
 204 Cal.App.4th 433 (2012) ................................................................. 14

*Doyle v. Sup.Ct. (Jacinth Develop., Inc.)*,
 226 Cal.App.3d 1355 (1991) ................................................................. 16

*Estrada v. Servis One, Inc.*,
 2016 WL 1450719 (S.D. Cal. Apr. 13, 2016) ...................................... 11

*Fontenot v. Wells Fargo Bank, N.A.*,
 198 Cal.App.4th 256 (2011) ........................................................... 12, 14

*Gil v. Wells Fargo Bank*,
 2016 WL 3742372 (N.D. Cal. July 13, 2016) ...................................... 10

*Gomes v. Countrywide Home Loans, Inc.*,
 192 Cal.App.4th 1149 (2011) ............................................................... 12

*Hamilton v. State Farm Fire & Cas. Co.*,
 270 F.3d 778 (9th Cir. 2001) ................................................................ 10

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION

*Hatch v. Collins*
(1990) 225 Cal.App.3d 1104 ................................................................. 8

*Haynes v. EMC Mortg. Corp.*,
205 Cal.App.4th 329 (2012) .............................................................. 12

*Javaheri v. JPMorgan Chase Bank, N.A.*,
2012 WL 3426278 (C.D. Cal. Aug. 13, 2012) ................................... 14

*Karlsen v. Gibralter Sav. & Loan Assn.*,
15 Cal.App.3d 112 (1974) ................................................................... 9

*Lee v. Lee*,
175 Cal.App. 4th 1553 (2009) ..................................................... 11, 12

*Lewis v. Superior Court*
(1994) 30 Cal.App.4th 1850 ................................................................ 7

*Mendoza v. JPMorgan Chase Bank, N.A*,
6 Cal.App.5th 802, 2016 WL 7217199 (Cal. Ct. App. Dec. 13,
2016) ................................................................................................... 13

*Mix v. Sup.Ct. (Behniwal)*,
124 Cal.App.4th 987 (2004) .................................................. 7, 9, 14, 15

*Morgan v. Aurora Loan Services, LLC*,
646 Fed.Appx. 546 (9th Cir. 2016) ................................................... 13

*Orange County v. Hongkong and Shanghai Banking Corp. Lts.*,
52 F.3d 81 (9th Cir. 1995) ................................................................... 6

*Peery v. Sup.Ct. (Beneficial Standard Properties)*,
29 Cal.3d 837 (1981) ........................................................................... 7

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
2010 WL 2618729 (S.D. Cal. June 25, 2010) ................................... 14

*Raedkle v. Gibralter Sav. & Loan Assn.*,
10 Cal.3d 665 (1975) ........................................................................... 9

*Saterbak v. JPMorgan Chase Bank, N.A.*,
245 Cal.App.4th 808 (2016) .............................................................. 13

*Taliaferro v. Crola*
(1957) 152 Cal.App.2d 448 ................................................................. 8

*Trapasso v. Sup.Ct. (Majdali)*,
73 Cal.App.3d 561 (1997) ................................................................. 15

*In re Turner*,
859 F.3d 1145, 1149 (9th Cir. 2017) ................................................... 5

*Urez Corp. v. Sup. Ct. (Keefer)*
(1987) 190 Cal.App.3d 1141 ................................................................ 6

*Uzoebo v. Ocwen Loan Servicing LLC*,
2013 WL 6018067 (C.D. Cal. Nov. 12, 2013) ............................... 8, 12

*Whitman v. Transtate Title Co.*,
165 Cal.App.3d 312 (1985) .................................................................. 9

*Wolfe v. Lipsy*,
163 Cal.App.3d 633 (1985) .................................................................. 8

*Yhudai v. Impac Funding Corp.*,
1 Cal.App.5th 1252, 1256-60 (2016) ................................................. 13

*Yvanova v. New Century Mortgage Corp.*,
62 Cal.4th 919 (2016) ........................................................................ 13

*Ziello v. Superior Court*
(1995) 36 Cal.App.4th 321 .................................................................. 7

*Zinnel v. CitiMortgage, Inc.*,
2010 WL 3715079 (E.D. Sept. 16, 2010) .......................................... 14

**Statutes**

11 U.S.C. § 541(a) ..................................................................................... 10

28 U.S.C. § 1964 ........................................................................................... 6

Civil Code
§ 2924 ....................................................................................................... 8
§ 2924(a)(1) ........................................................................................... 15

Code of Civil Procedure
§ 405.3 ....................................................................................................... 6
§ 405.4 ................................................................................................... 6, 7
§ 405.31 ........................................................................................... 1, 6, 15
§ 405.32 ........................................................................................... 1, 6, 15
§ 405.38 ............................................................................................... 1, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION.

Plaintiff BILLIE RENE FRANCIS LILLIAN POWERS ["Plaintiff"] filed this unsuccessful action attacking the foreclosure of certain real property.  Soon after the filing of the Complaint, Plaintiff recorded the Amended Notice of Pendency of Action (Lis Pendens) on May 16, 2018.  This Court subsequently granted multiple Motions to Dismiss filed by Defendants SELECT PORTFOLIO SERVICING, INC. ["SPS"], THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 ["BNYM"], and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ["MERS"], [*collectively* "Loan Defendants"], the latest order being with prejudice.  Based on this Court's rulings, the pleading upon which the Lis Pendens is premised does not contain a real property claim, and Plaintiff is unable to demonstrate the probable validity of the real property claim.  The matter is on appeal, but absent a finding that this Court's decision will be reversed, this Court must order the lis pendens expunged.  Thus, this Court "shall order that the notice be expunged," pursuant to Code of Civil Procedure sections 405.31 and 405.32.  Loan Defendants further submit the Declaration of Steven M. Dailey as an award of fees is appropriate pursuant to section 405.38.

### 2.   FACTUAL BACKGROUND.

Plaintiff filed this case on August 11, 2017 relating to property she formerly owned located at 40701 Ortega Highway, San Juan Capistrano ["Property"]. [Dkt. 1].  Plaintiff alleged the original escrow instructions stated title was to be vested solely in her name.  [Dkt. 238[1], Fourth Amended Complaint ("4AC"), par. 21.]  She

---

[1] For purposes of this Motion, the factual background is taken from Plaintiff's Fourth Amended Complaint [Dktr. 238], and judicially noticeable materials [Dkt 251].

states the seller initially executed a Grant Deed naming only Plaintiff as a grantee. [Dkt. 238, par. 22.]  In June 2007, however, the lender represented she "no longer qualified for the prospective loans and that a co-signor was necessary."  [Dkt. 238, par. 25.]  Plaintiff's sister and brother-in-law, Jacqueline M. Hanson and Louis K. Hanson, agreed to cosign.  [Dkt. 238, par. 25.]  Plaintiff alleged the July 2, 2007 recorded Grant Deed was the one she initially executed, but it was altered post-notarization, by the addition of the others' names.  [Dkt. 238, par. 26.]  Also on July 2, 2007, a Deed of Trust was recorded reflecting Plaintiff, Louise J. Hanson, and Jacqueline M. Hanson obtained the $1,190,000.00 secured loan from Countrywide Bank, FSB, ["Deed of Trust"].  [Dkt. 251, Ex. "B".]  MERS was the original beneficiary and the trustee was Recontrust Company, N.A.  [Dkt. 251, Ex. "B".] On July 10, 2007, a Grant Deed was recorded reflecting transfer of title of the Property to Rancho Sonata, LLC.  [Dkt. 251, Ex. "C"; Dkt. 238, par. 27.]

In January 2008 Plaintiff sought mortgage assistance from COUNTRYWIDE who allegedly informed her it would discuss assistance if she were delinquent. [Dkt. 238, par. 32.]  On June 5, 2008, a Notice of Default was recorded due to borrowers' default under the loan secured by the Deed of Trust.  [Dkt. 251, Ex. "D"; Dkt. 238, par. 33.]  Plaintiff stated between 2008 and 2010 there were two modifications of the loan.  [Dkt. 238, par. 36.]

On October 15, 2009, a Trustee's Deed Upon Sale was recorded reflecting the Property sold to Thomas Peppers at a foreclosure sale due to Plaintiff's default on a loan secured by a lien junior to the Deed of Trust[2].  [Dkt. 251, Ex. "NN"; Dkt. 238, pars. 34-35.]  Plaintiff alleged after "January 1, 2010, the Plaintiff has made no payments on the Note to anyone." [Dkt. 32, par. 25.]  Another Notice of Default was recorded on May 6, 2010.  [Dkt. 251, Ex. "H"; Dkt. 238, par. 33.]

---

[2] Plaintiff alleges in Paragraphs 34, 36 that Mr. Peppers reconveyed title back to Plaintiff; however, Loan Defendants have been unable to locate any recorded deed reflecting this.

On May 19, 2010 a Corporation Assignment of Deed of Trust was recorded reflecting assignment of the Deed of Trust to BNYM.  [Dkt. 251, Ex. "I".]  On June 2, 2010 a Notice of Rescission of Declaration of Default was recorded rescinding the May 6, 2010 Notice of Default.  [Dkt. 251, Ex. "J".]  On October 26, 2010, another Corporation Assignment of Deed of Trust was recorded reflecting assignment to BNYM.  [Dkt. 251, Ex. "K"; 4AC, par. 37.]  Plaintiff alleged the Assignment was improperly notarized. [Dkt. 238, par. 37.]

In 2012 Plaintiff made title insurance claims to "help with the Forged Grant Deed" and "stop the theft of title," but the claims were denied.  [Dkt. 238, par. 41.] Plaintiff claims she submitted a claim relating to the notarization of the Assignment, and that was resolved by settlement with the Bond Company.  [Dkt. 238, pars. 39-40.]

Plaintiff states SPS began servicing the loan in April 2012.  [Dkt. 238, par. 42.]  Further Notices of Default were recorded on October 31, 2013, December 6, 2013 and September 25, 2014.  [Dkt. 251, Exs. "L", "M", "N".]  The September 25, 2014 Notice of Default reflects borrowers were in default $356,429.14.  [Dkt. 251, Ex. "N".]  On November 18, 2014, a Grant Deed was recorded in which Rancho Sonata, LLC transferred its interest to Plaintiff. On September 30, 2015 a Notice of Trustee's Sale was recorded.  [Dkt. 238, par. 54; Dkt. 251, Ex. "O".]  Plaintiff claimed on October 7, 2015, the Property "Was attacked at gun point by the Orange County Swat/helicopter without any warrant, done under the guise of keeping the peace, to escort a cell tower employee onto" the Property."  [Dkt. 238, par. 57.]

Plaintiff alleged that February 29, 2016, she had a meeting with SPS, seeking review of original loan documents, and she complains she was only able to review "digital/alleged copies".  [Dkt. 238, par. 61.]  She alleged she "opened escrow" to negotiate a possible settlement with SPS, but no resolution was reached.  [Dkt. 238, par. 62.]

On August 16, 2016, a Trustee's Deed Upon Sale was recorded reflecting the Property sold on August 6, 2016 to BNYM.  [Dkt. 251, Ex. "P"; Dkt. 238, pars. 63, 65.]  Forcible detainer proceedings commenced and a judgment was eventually entered against her.  [Dkt. 238, pars. 68, 74.]

## 3.    <u>PROCEDURAL BACKGROUND.</u>

Plaintiff filed her scattershot Complaint on August 11, 2017, making sweeping allegations attacking documents, the foreclosure, eviction proceeding, and includes nonsensical confusing allegations as to various defendants.  On September 20, 2017, she filed her First Amended Complaint. [Dkt. 12]. Plaintiff filed a temporary restraining order to prevent the Defendants from taking possession or selling the Property on October 30, 2017, which the Court denied.  [Dkt. 25, 29.]  In December 14, 2017, Plaintiff filed her Second Amended Complaint ("SAC"). [Dkt. 32]. The Court dismissed the SAC on March 5, 2018, because Plaintiff failed to substantively oppose Defendants' motions to dismiss the SAC. Order Dismissing SAC. [Dkt. 67].  In its Order Dismissing the SAC, the Court warned Plaintiff that it would give her an opportunity to file a Third Amended Complaint ("TAC") and that failure to substantively oppose any motion to dismiss the TAC would lead to dismissal of her case with prejudice. [Dkt. 67].

On May 16, 2018, Plaintiff caused to be recorded the Amended Notice of Pendency of Action (Lis Pendens) in the County Recorder's Office for Orange County, California, as Document Number 2018000178666, pertaining to the Property.  A true and correct copy is attached to the Declaration of Steven M. Dailey as Exhibit "A".

The Court dismissed Plaintiff's TAC on September 19, 2018, with leave to amend. [Dkt. 212.] The Court found Thomas Peppers, the individual who purchased the Property at a foreclosure sale, is a necessary party under Rule 19(a), and it ordered any future pleading by Plaintiff must include him as a party.  [Dkt. 212.]  The Court found MERS may be able to argue that Plaintiff is judicially

1   estopped to assert some of her claims due to her failure to raise them in her
2   bankruptcy actions, and that MERS should particularly identify the claims it seeks
3   to attack in a future motion to dismiss.  As to Plaintiff's attack on assignment of the
4   Deed of Trust, the Court found Plaintiff's "underlying legal theory is ambiguous,"
5   and "if her claims are based on an improper assignment of the DOT, she does not
6   have standing to sue because the DOT would merely be voidable."  [*Citing In re
7   Turner,* 859 F.3d 1145, 1149 (9th Cir. 2017).]  [Dkt. 212.]  The attack on
8   foreclosure failed as Plaintiff did not allege tender.  [Dkt. 212, pp. 29-30.]

9        The Court dismissed, without leave to amend, Plaintiff's claims for violations
10  of HUD Regulations, violations of the Truth in Lending Act, claims relating to the
11  statute of limitations to foreclose, wrongful foreclosure, wrongful eviction, fraud
12  and deceit, quiet title, defamation, emotional distress, declaratory relief.  On the
13  eviction-related claims, the Court found *Rooker-Feldman* was a jurisdictional bar to
14  consider issues adjudicated in the state unlawful detainer action.  The Court gave
15  leave to amend the claims for violations of the Homeowner Bill of Rights,
16  promissory estoppel, breach of contract, unfair competition, and conspiracy.  [Dkt.
17  212.]

18       Plaintiff filed her 4AC on October 12, 2018, and Loan Defendants filed a
19  Motion to Dismiss.  [Dkt. 238.]  The Court granted the Motion to Dismiss on
20  November 26, 2018, with prejudice.  [Dkt. 260.]  The Court found "The fourth
21  complaint fails to cure" the defects it had found in the prior pleading.  [Dkt. 260, p.
22  5.]  Plaintiff filed her Notice of Appeal on December 27, 2018 [Dkt.262.], and the
23  matter is pending in the United States Court of Appeal for the Ninth Circuit as Case
24  No. 19-55013.
25  ///
26  ///
27  ///
28  ///

**4.    FEDERAL COURTS APPLY STATE LAW RELATING TO EXPUNGING LIS PENDENS, AND THIS MOTION TO EXPUNGE MUST BE GRANTED AS COURT'S DECISION IS NOT LIKELY TO BE REVERSED.**

In *Orange County v. Hongkong and Shanghai Banking Corp. Lts.*, 52 F.3d 81 (9th Cir. 1995), the district court entered an order expunging a lis pendens. The trial court applied California law relating to the procedure. The Ninth Circuit held that the order granting the expungement was not appealable. 28 U.S.C. Section 1964 provides:

> Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, **those requirements of the State law must be complied with** in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State. [emphasis added].

In California, a lis pendens is only available if the claimant, here Plaintiff, can establish the probable validity of obtaining a judgment on a real property claim against the defendants. [Code Civ. Proc., §§ 405.3, 405.4, 405.31, 405.32.] Expungement of an improper lis pendens is mandatory, not discretionary. Thus, if the Court finds the underlying claim is not a "real property claim" or that its "probable validity" has not been established "by a preponderance of the evidence," it must order the lis pendens expunged. [Code Civ. Proc., §§ 405.31, 405.32.] Unlike most other motions, the burden of proof is on the party opposing the motion to expunge. The lis pendens claimants (plaintiffs) bear the burden of establishing the existence of a "real property claim" and that it is "probably valid." (Emphasis added.) [Code Civ. Proc., § 405.32.] The allegations of the complaint determine whether a "real property claim" is involved; no independent evidence is required. [*Urez Corp. v. Sup. Ct. (Keefer)* (1987) 190 Cal.App.3d 1141, 1149.] Lis pendens

recorded in an action that does not involve title has no effect; the complaint must set forth some cause of action affecting title or right of possession of specific real property described in the lis pendens.   [*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850.]  Code of Civil Procedure section 405.4 defines a "real property" claim as follows:

> "Real property claim" means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property, or (b) the use of the an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated utility."

Further, "[a] claim that seeks an interest in real property merely for the purpose of securing a money damage judgment does not support the recording of a lis pendens." [*Campbell v. Superior Court* (2005) 132 Cal.App.4th 904.] Additionally, the Court in *Ziello v. Superior Court* (1995) 36 Cal.App.4th 321, 332, held an "[a]ction for money only, even if it relates in some way to specific real property, will not support a lis pendens."

If grounds for expungement exist, the motion may be made in the trial court even while an appeal is pending. [*Peery v. Sup.Ct. (Beneficial Standard Properties),* 29 Cal.3d 837, 842 (1981).]  If the claimant lost in the trial court, the lis pendens must be expunged unless the trial court is willing to find its own decision will probably be reversed on appeal.  [*Mix v. Sup.Ct. (Behniwal)*, 124 Cal.App.4th 987, 996 (2004).]   Where a judgment has been entered against a claimant on the underlying real property claim, and the claimant has filed an appeal, the Motion to Expunge must be granted unless the court finds that it is more likely than not that the appellate court will reverse the judgment.  [*See, Amalgamated Bank v. Sup. Ct.* (2007) 149 Cal.App.4th 1003, 1015].  In this case, Plaintiff cannot establish by a preponderance of evidence validity of her claim based on the face of

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION

the Complaint and judicially noticeable documents.   Absent a finding that this Court's decision will be reversed, this Court must order the lis pendens expunged.

### A.     This Court's Decision Is Unlikely to Be Reversed as Plaintiff Failed to Join Indispensable Parties.

The Ninth Circuit held a court should grant a 12(b)(7) motion to dismiss "if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable." [*Biagro W. Sales Inc. v. Helena Chem. Co*., 160 F.Supp.2d 1136, 1141 (E.D. Cal. 2001).]   The court in *Uzoebo v. Ocwen Loan Servicing LLC,* 2013 WL 6018067, *6 (C.D. Cal. Nov. 12, 2013) determined a "current owner of the property in dispute, is required to be joined in [] litigation because the Court could not accord complete relief without its intervention." Plaintiff failed to name the co-borrowers on the loan, Louise J. Hanson, and Jacqueline M. Hanson, who co-signed the Note and Deed of Trust. [Dkt. 251, Ex. "A"; TAC.]   They share the rights and obligations under the loan.   And, she failed to name Thomas F. Peppers, the individual who purchased the Property at a foreclosure sale in 2009 under a junior lien. [Dkt. 251, Exs. "II", "NN".]   Their interests are necessarily implicated. Failure to join them demonstrates an inability to establish any real property claim.

### B.     This Court's Decision Is Unlikely to Be Reversed as Plaintiff Has Not, and Cannot, Rebut the Presumption of the Validity of the Trustee's Sale.

As a general rule of common law, there is presumption that a trustee's sale has been conducted regularly and fairly.   [*Wolfe v. Lipsy*,163 Cal.App.3d 633, 639 (1985).]   To overcome this presumption, facts indicating the sale was invalidly conducted must be pled and proved.   [*Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1113.]   In addition to this common law presumption, a statutory presumption arises from a recital in a trustee's deed that statutory requirements for notices of default and sale have been satisfied. This presumption is prima facie evidence of compliance.   [Civ. Code, § 2924; *Taliaferro v. Crola* (1957) 152 Cal.App.2d 448,

449.]  The fact that the Property sold to BNYM at a trustee's sale, coupled with the necessary recitals in the Trustee's Deed, establish a presumption of validity.  [Dkt. 251, Ex. "P"; Dkt. 238, pars. 63, 65.]  This Court's decision is thus unlikely to be reversed as Plaintiff has not, and cannot, rebut the presumption of validity of the trustee's sale.

### C.   This Court's Decision Is Unlikely to Be Reversed as Plaintiffs' Claims Attacking Foreclosure Fail Absent Tender.

This Court previously found Plaintiff's attack on foreclosure failed absent tender, and Loan Defendnats submit it is unlikely that the finding would be reversed on appeal.   An action attacking a trustee sale is an action in equity. [*Raedkle v. Gibralter Sav. & Loan Assn.*, 10 Cal.3d 665, 671 (1975).]  Therefore, as a condition precedent to any action challenging a foreclosure, a plaintiff must pay or offer to pay the secured debt and ***before an action is commenced or in the complaint.***  [*Whitman v. Transtate Title Co.*, 165 Cal.App.3d 312, 322-323 (1985).] Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action.  [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).] The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit. [*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996) (affirming sustaining of demurrer without leave to amend.)]   "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage." [*Arnold Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1985).]  The tender requirement applies to any claim "implicitly integrated" with the foreclosure process.  [*Id*. at 579.]

This Court found Plaintiff's attack on foreclosure failed absent tender.  [Dkt. 212, pp. 29-30.]  The lis pendens must be expunged unless this Court is willing to find its own decision as to the real property claims will probably be reversed on appeal.  [*Mix, supra,* 124 Cal.App.4th at 996.]  Loan Defendants submit the Court

1   was correct in this determination, and the lack of tender is fatal to any attack on
2   foreclosure.

3      **D.      This Court's Decision Is Unlikely to Be Reversed as Plaintiff
               Lacked Standing to Bring Her Real Property Claim Due to Her
4              Bankruptcy Discharge.**

5          Upon the commencement of the Debtor/Plaintiff's bankruptcy case, a
6   bankruptcy estate was created that is a new and distinct entity from the Debtor.
7   [11 U.S.C. § 541(a).]  The bankruptcy estate includes all legal and equitable
8   interests of the Debtor in property as of the commencement of the case.  [*Id.*]  The
9   scope of § 541 is broad and includes as property of the estate lawsuits or causes of
10  actions that accrued to the debtor prior to the Petition Date.  [*See, e.g., In re
11  Bronner*, 135 B.R. 645 (1992) (B.A.P. 9th Cir. 1992) (debtor's bad-faith lawsuit
12  became property of the estate at the time the petition was filed).]  Plaintiff's claims
13  that existed at Plaintiff's first bankruptcy, in which she obtained a discharge in
14  2009, could only be brought, if at all, by the chapter 7 trustee of Plaintiff's
15  bankruptcy estate.

16     **E.      This Court's Decision Is Unlikely to Be Reversed as Plaintiff Is
               Unable to Establish a Real Property Claim Due to Judicial
17             Estoppel.**

18         "The Bankruptcy Code and Rules impose upon the bankruptcy debtors an
19  express, affirmative duty to disclose all assets, including contingent and liquidated
20  claims. The debtors' duty to disclose potential claims as assets does not end when
21  the debtor files schedules, but instead continues for the duration of the bankruptcy
22  proceeding." [*Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir.
23  2001).]  A discharge may qualify as acceptance of the accuracy of schedules for
24  judicial estoppel purposes.  [*See An-Tze Cheng v. K & S Diversified Invs., Inc. (In
25  re An-Tze Cheng)* 308 B.R. 448, 453-54 (9th Cir. BAP 2004).]  Also, a debtor
26  receives a benefit from the automatic stay in a bankruptcy proceeding, and
27  obtaining that stay is thus a bar to later asserting unidentified claims.  [*Gil v. Wells
28  Fargo Bank,* 2016 WL 3742372, *3 (N.D. Cal. July 13, 2016). Plaintiff was

required to disclose all potential claims in her bankruptcies, but she failed to disclose the claims raised here.  [*See* Dkt. 251, Exs. "R", "U", "W", "Y", "Z", "EE", "KK".]  Plaintiff took advantage of the protections and benefits afforded by bankruptcy law and the proceedings, obtained the benefit of a discharge, and the automatic stay on several occasions, including as recently as 2017.

**F.     This Court's Decision Is Unlikely to Be Reversed as Plaintiff Did Not Own the Property at the Time of the Foreclosure Sale.**

This Court found Plaintiff was not the real party in interest to assert certain claims, including HBOR claims, because she did not own the Property at the time of the alleged violations.  [Dkt. 260, p. 7.]  In *Estrada v. Servis One, Inc.,* 2016 WL 1450719, *2 (S.D. Cal. Apr. 13, 2016), the court found a plaintiff lacked standing to pursue injunctive relief as to a foreclosure sale based on promissory estoppel, contract, and other claims, where she did not have title to the property.  The court stated, "[a]s Plaintiff has not shown that she is the trustee or that she has legal title to the property, it appears that she lacks standing and is not the real party in interest." [*Estrada*, 2016 WL 1450719, at *2-*3.] In this case, Plaintiff attacked the foreclosure sale of the Property; however, she did not have title of the Property when it sold.  Thomas F. Peppers had title of the Property as he purchased it at a foreclosure sale in 2009 under a junior lien.  [Dkt. 251, Ex. "II"; Trustee's Deed Upon Sale, Dkt. 251, Ex. "NN".]  If reversed, Plaintiff would not regain title to the Property. This Court's Decision Is Unlikely to Be Reversed and Plaintiff thus cannot establish the probability of a valid real property claim.

**G.     Plaintiff's Claims of Post-Execution Alteration of the Grant Deed Does Not Suggest a Void Transfer of Title.**

Plaintiff claimed the July 2, 2007 Grant Deed was improperly altered; however, even if true, would not invalidate the transfer of title.  The case of *Lee v. Lee*, 175 Cal.App. 4th 1553 (2009) demonstrates the Grant Deed, even though allegedly altered after executed, remained effective in its transfer of title. In *Lee,* plaintiffs executed a grant deed and delivered it to the grantee.  [175 Cal.App. 4th at

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1557.] Appellants sent the grant deed for recording, but prior to it being recorded, "Someone other than [plaintiffs] or [grantee] added two additional grantees to the deed." [*Id*.] The trial court struck the additional grantees, but "held that the deed nevertheless validly transferred appellants' property interest to [the grantee]." [*Id*.] Plaintiffs appealed, arguing the trial court "should have stricken the entire deed as void." [*Id*.] The court affirmed the trial court, finding "the deed of trust was executed and delivered to [grant deed] and thus vested title in [grantee] before a third party altered the deed." [*Id*. at 1558.] The court stated, "the alteration does not divest the original grantee of title." [*Id*.] Plaintiff's claims of post-execution alternation do not invalidate the transfer to Plaintiff.

### H. This Court's Decision Is Unlikely to Be Reversed as Plaintiff's Claims Attacking the Assignment Failed.

This Court found Plaintiff failed to plead any basis to suggest any void document, or any lack of authority to foreclose. [Dkt. 212, pp. 20-21; Dkt. 260.] This Court's finding was sound, and is unlikely to be reversed. Given the presumption of regularity, if a plaintiff contends a sale is invalid because of a lack of authority to conduct a sale, the burden rests with plaintiff affirmatively to plead facts demonstrating the impropriety. [*Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 270 (2011).] To bring an action challenging whether foreclosure was authorized by the owner of the note, a plaintiff must allege a "factual basis" for the claim, and must go further than a mere "speculative suit." [*Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1156 (2011).]

Any effort on the part of Plaintiff to challenge an assignment would fail as recordation of assignments of deeds of trust is not required under California law. [*Haynes v. EMC Mortg. Corp.,* 205 Cal.App.4th 329, 336-337 (2012).] Instead, Plaintiff would have to allege that the party authorizing foreclosure, either itself or working through agents, never received an interest in the underlying *loan* "in any manner." [*Fontenot*, 198 Cal.App.4th at 271-72 ("assignments of debt, as opposed to

assignments of the security interest incident to the debt, are commonly not recorded").] Plaintiff alleges no such facts.

The court in *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919 (2016) made a self-declared narrow holding that, in a post-foreclosure action for the wrongful, nonjudicial foreclosure of a deed of trust securing a home loan, a borrower has standing to challenge an assignment of a deed of trust based on defects allegedly rendering the assignment *void*.   [*Id.* at 924.]   The Court in *Yvanova*, however, did not describe allegations that would constitute a void assignment.   [*See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 815 (2016).]   The California Court of Appeal has since determined an attack on the timing of the assignment, as being subsequent to a trust closing date, fails to state a claim.   [*Yhudai v. Impac Funding Corp.,* 1 Cal.App.5th 1252, 1256-60 (2016); *see also Saterbak*, 245 Cal.App.4th at 815 ("such an assignment is merely voidable" and "Saterbak lacks standing to challenge alleged defects in the…assignment of the DOT to the [securitized] trust."); *Morgan v. Aurora Loan Services, LLC*,  646 Fed.Appx. 546, 550 (9th Cir. 2016) (rejecting an attack on an assignment based on being recorded after a trust's closing date and stating "an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue").]   Plaintiff did not allege facts that assignment to BNYM was void, as opposed to voidable. [*Mendoza v. JPMorgan Chase Bank, N.A,* 6 Cal.App.5th 802, 2016 WL 7217199, *8-*10 (Cal. Ct. App. Dec. 13, 2016) ("plaintiff lacks standing to challenge the validity of the assignment because her allegations at best suggest it is voidable.").]   Thus, Plaintiff lacks standing to attack the Assignment, and did not carry her burden to plead an attack on foreclosure.

Plaintiff also claimed the Assignment was forged or otherwise defective because it was improperly notarized. Allegations regarding improperly or fraudulently signed documents must be based on some factual allegations made by

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

Plaintiff based on personal knowledge of the events. [*See Zinnel v. CitiMortgage, Inc.*, 2010 WL 3715079, *4 (E.D. Sept. 16, 2010); *see also Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL 2618729, *8-*9 (S.D. Cal. June 25, 2010) (dismissing the claim with prejudice finding, "Plaintiffs' allegations that the foreclosure was wrongful because Mr. Roger Stotts (who signed the assignment) did not have the authority to bind MERS are conclusory and not supported by any facts."] Plaintiff did not allege any personal knowledge as to her belief regarding the authority of the signers of the documents. Further, Plaintiff did not alleged facts disputing the Assignment and has not alleged what statute was purportedly violated or how she was prejudiced by it. [*See Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071 at *5 (C.D. Cal. July 11, 2011).] Plaintiff does not identify how the alleged execution of the Assignment injured her, such as causing the foreclosure or preventing her from curing the default. [*See Javaheri v. JPMorgan Chase Bank, N.A.,* 2012 WL 3426278 at *6 (C.D. Cal. Aug. 13, 2012) ("the only injury [Plaintiff] alleges is the [] foreclosure on [her] home, which is the result of [her] default on [her] mortgage. The foreclosure would occur regardless of what entity was named as trustee").] This Court found no void document was implicated to support Plaintiff's claims. This matter is on appeal, but absent a finding that this Court's decision will be reversed, this Court *must* order the lis pendens expunged. [*Mix,* 124 Cal.App.4th at 996; *Amalgamated Bank,* 149 Cal.App.4th at 1015].

## I.    A Lender Is Not Required to "Possess the Note" to Foreclose.

In her pleadings, Plaintiff suggested that to foreclose an entity "must prove they have received all conveyances of title by the Trust, through Assignments by hand delivery of the said wet ink signature note for deposit." [Dkt. 238, par. 105.] Plaintiff attacked Loan Defendants "did not have the standing to take Plaintiffs Property." [Dkt. 238, par. 106.] The court in *Fontenot, supra,* rejected a challenge to foreclosure based on the foreclosing party not having a "possessory interest in the note." [*See also Debrunner v. Deutsche Bank Nat. Trust Co.,* 204 Cal.App.4th

433 (2012).]   There are several entities that may participate in a nonjudicial foreclosure. Civil Code section 2924(a)(1) provides "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence a non-judicial foreclosure by recording and serving a notice of default.  [Civil Code § 2924(a)(1).] There is no requirement the note be produced before foreclosing.

### J.      This Court's Decision Dismissing Each of Plaintiff's Individual Causes of Action Is No Likely to Be Reversed.

In granting Loan Defendants' Motions to Dismiss the Third and Fourth Amended Complaints, this Court thoroughly examined the arguments of the Parties, and it issued lengthy decisions with analysis of the issues.  [*See* Dkt. 212, 260.] This Court granted Loan Defendants' motions, and dismissed all of Plaintiff's claims, with prejudice.  As stated above, if the claimant lost in the trial court, the lis pendens must be expunged unless the trial court is willing to find its own decision will probably be reversed on appeal.  [*Mix, supra*, 124 Cal.App.4th at 996.]  In this case, Plaintiff could not and cannot establish by a preponderance of evidence validity of her claim based on the face of the pleadings and judicially noticeable documents.  Absent a finding that this Court's decision will be reversed, this Court <u>must</u> order the lis pendens expunged.  [*Mix,* 124 Cal.App.4th at 996; *Amalgamated Bank,* 149 Cal.App.4th at 1015].

### 5.      PLAINTIFF IS RESPONSIBLE FOR FEES FOR IMPROPERLY RECORDING A LIS PENDENS.

"The Court is required to 'direct' an award to the prevailing party of the attorney fees and costs of making or opposing the motion…."  [Code Civ. Proc., § 405.38.]  A motion to expunge under Code of Civil Procedure sections 405.31 and 405.32 places in issue whether the lis pendens was proper.  The court's ruling on this issue automatically decides who the "prevailing party" is for purposes of fees and costs.  [*Trapasso v. Sup.Ct. (Majdali)*, 73 Cal.App.3d 561, 570 (1997).]  The prevailing party on a motion to expunge is entitled to an award against only the

losing party.  There is no provision for an award against the losing party's attorneys as sanctions or otherwise.   [*Doyle v. Sup.Ct. (Jacinth Develop., Inc.*), 226 Cal.App.3d 1355, 1359 (1991).]  Here, Plaintiff cannot establish probable validity as to a real property claim in the Complaint.  Attempts to use a parcel of property in an attempt to recover money damages, make the recording of a lis pendens improper.  [*Campbell v. Sup. Court*, *supra,* 132 Cal.App.4th 904.]  As such, Loan Defendants are entitled to an award of attorney fees as the prevailing party.  [*See* Declaration of Steven M. Dailey ("Dailey Decl."), par. 3.]

## 6.   __CONCLUSION.__

Based on the foregoing facts, cases and statutory law, Plaintiff's recording of the lis pendens on the Property was improper and should be expunged. Accordingly, Loan Defendants respectfully request that the Court grant the Motion to Expunge Notice of Pendency of Action and for Attorney's Fees Against Plaintiffs in the Amount of $2,560.00.

Dated:  April 8, 2019                         KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
_____
Steven M. Dailey
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY9, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY9 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.