**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1386-DOC (KEWx)					Date: June 3, 2019

Title: BILLIE RENE FRANCES LILLIAN POWERS V. THE BANK OF NEW YORK MELLON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING IN PART MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION [266]**

Before the Court is Loan Defendants'[1] Motion to Expunge Notice of Pendency of Action (Dkt. 246). Plaintiff did not file a response. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Having reviewed the moving papers and considered the arguments, the Court GRANTS the motion in part and EXPUNGES lis pendens. The Court DENIES the request for attorney's fees and costs.

On August 11, 2017, Plaintiff Billie Rene Frances Lillian Powers filed the Complaint relating to property she formerly owned located at 40701 Ortega Highway, San Juan Capistrano. Dkt. 1. Plaintiff recorded the Amended Notice of Pendency of Action (Lis Pendens) on May 16, 2018. This Court subsequently granted multiple Motions to Dismiss filed by Defendants, the last order being with prejudice. Dkt. 260. The matter is now on appeal. Dkt. 262.

Federal courts look to state law on whether the recording of a lis pendens provides constructive notice to interested parties of actions pending in the court that concern real property within the state. *See* 28 U.S.C. § 1964. District courts within the Ninth Circuit

---

[1] As defined in Dkt. 266.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1386-DOC (KEWx)                                                          Date: June 3, 2019
                                                                                                              Page 2

routinely use the California lis pendens statutes in analyzing expungement motions. *See Farrant v. Friend*, No. CV 18-3425-GW(FFMX), 2018 WL 2186982, at *2 (C.D. Cal. May 11, 2018); *cf. Orange Cnty. v. Hongkong & Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 823–24 (9th Cir. 1995) (concluding that district court's order expunging lis pendens under California law was not an appealable order). Moreover, the California legislature has indicated that California's lis pendens legislation should apply in federal trial courts. *See* Cal. Code Civ. Proc. § 405.5 ("This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state.").

A court "shall order" expungement "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Proc. § 405.32. Plaintiff bears the burden of proof. *See* Cal. Code Civ. Proc. § 405.30; *see also Farrant*, 2018 WL 2186982 at *2. Thus, Plaintiff must show that it is more likely than not that she would obtain a judgment against Defendants on any real property claim. *Id*. If the claimant loses at trial, the lis pendens must be expunged unless the trial court is willing to find that the probabilities are that its own decision will be reversed on appeal *Mix v. Superior Court*, 124 Cal. App. 4th 987, 996 (2004). A motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment. *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1015 (2007).

Plaintiff has not filed a response to the motion and cannot otherwise establish by a preponderance of the evidence validity of her claim. The Court must order the lis pendens expunged. However, the Court declines to award attorney's fees and costs. Loan Defendants request attorney's fees pursuant to California Code of Civil Procedure § 405.38, which provides for a mandatory award of reasonable attorney's fees and costs for any party prevailing on an expungement motion "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." The Court finds Plaintiff acted with substantial justification in recording the lis pendens.

The Clerk shall serve the minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                                        Initials of Deputy Clerk: djl